IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED

JUL 2 6 2022

CLERK, U S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
                    DEPUTY CLERK

JOHN HARVEY SCHNEIDER,            §
INDIVIDUALLY AND ON BEHALF OF     §
ALL OTHERS SIMILARLY SITUATED,    §
                    PLAINTIFF,    §
                                  §
V.                                §    CAUSE NO. 1:22-CV-00398-LY
                                  §
NATERA, INC., STEVE CHAPMAN,      §
MICHAEL BROPHY, MATTHEW           §
RABINOWITZ, AND                   §
RAMESH HARIHARAN,                 §
                    DEFENDANTS.   §

## ORDER ON MOTIONS FOR APPOINTMENT AS LEAD PLAINTIFF

Before the court are Movant Teamsters Local 639 – Employers Pension Trust's ("Pension Trust") Motion for Appointment as Lead Plaintiff and Approval of Selection of Counsel filed June 27, 2022 (Doc. #15), Movant British Airways Pension Trustees Limited's ("British Airways") Motion for Appointment as Lead Plaintiff and Approval of Selection of Counsel filed June 27, 2022 (Doc. #19), and all responses and replies.[1]

Having considered the motions, related briefing, and applicable law, the court will grant British Airways's motion, deny Pension Trust's motion, and appoint British Airways as lead plaintiff in this cause of action. The court will also approve British Airways's selection of counsel.

---

[1] Five other movants filed timely motions for appointment as lead plaintiff but have since withdrawn their motions or submitted Notices of Non-Opposition to the appointment of a lead plaintiff with a larger financial interest. (Docs. #21, 22, 23, 24, 32). The court will dismiss these motions and consider only the motions of British Airways and Pension Trust.

## I. BACKGROUND

On April 27, 2022, Plaintiff John Harvey Schneider filed a class-action complaint on behalf of all those who purchased or otherwise acquired common stock in Defendant Natera, Inc. ("Natera") between February 26, 2020, and April 19, 2022, inclusive (the "Class Period"). *See* FED. R. CIV. P. 23. Plaintiff brings claims on behalf of the class for violations of certain sections of the Securities Exchange Act of 1934 (the "1934 Act"). *See* 15 U.S.C. §§ 78j(b), 78t(a); 17 C.F.R. § 240.10B-5 (2021).

That same day, Schneider's attorneys published notice of the pendency of this action in compliance with the Private Securities Litigation Reform Act of 1995 ("the Act"). *See* 15 U.S.C. § 78u-4. The Act, which amended the 1934 Act and the Securities Act of 1933 (the "1933 Act"), governs the appointment of a lead plaintiff in a securities class action. *See* 15 U.S.C. § 78u-4(a)(3). The published notice alerted Natera investors of the action and of the June 27, 2022 deadline to seek appointment as lead plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(A)(i). British Airways and Pension Trust both move for appointment as lead plaintiff. After reviewing British Airways's competing motion, Pension Trust filed a response recognizing British Airways as the presumptive lead plaintiff but requesting that the court appoint Pension Trust as co-lead plaintiff. British Airways asserts that it should be the sole lead plaintiff in the case.

## II. ANALYSIS

### A. Legal Standard

The Act instructs the court to "appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be the most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i). In making this determination, the Act instructs the court to "adopt a presumption that the most adequate plaintiff is the person or group of persons that": (1) filed the complaint or a timely motion to be appointed as lead plaintiff;

(2) "in the determination of the court, has the largest financial interest in the relief sought by the class," and (3) "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  A member of the purported plaintiff class may rebut this presumption "only upon proof" that the presumptive lead plaintiff "will not fairly and adequately protect the interests of the class," or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

A primary goal of the Act is "to have the plaintiff class, represented by a member with a substantial financial interest in the recovery as incentive, monitor the litigation to prevent its being 'lawyer-driven.'"  *Strong v. AthroCare Corp.*, 2008 WL 11334942, at *3 (W.D. Tex. Dec. 10, 2008) (quoting *In re Waste Mgmt., Inc. Sec. Litig.*, 128 F. Supp. 2d 401, 411–12 (S.D. Tex. 2000)).

**B. The Most Adequate Plaintiff**

### (1) Timely Filed Motion

The Act requires that putative class members move for appointment as lead plaintiff within 60 days of the publication of notice regarding the action.  *See* 15 U.S.C. § 78(u)(3)(A)(i)(II).  As Schneider's attorneys published notice of this action on April 27, 2022, British Airways and Pension Trust complied with this requirement by filing their motions on June 27, 2022.

### (2) Largest Financial Interest

The Act does not define "largest financial interest" or provide instruction on how such a determination should be made.  However, courts consistently consider "approximate losses suffered" to be the "most determinative [factor] to identify the plaintiff with the largest financial loss." *See Giovagnoli v. GlobalSCAPE, Inc.*, 2017 WL 11220692, at *3 (W.D. Tex. Nov. 6, 2017). Across jurisdictions, "[t]he majority view seems to be that approximate losses should be calculated using the last-in, first-out method," under which the stocks which were acquired most recently are

assumed to be the first sold. *AthroCare*, 2008 WL 11334942, at *6 (cleaned up); *Plymouth Cnty. Retirement Sys. v. Apache Corp.*, 566 F. Supp. 3d 712, 717 (S.D. Tex. 2021) (citing *Kaplan v. Gelfond*, 240 F.R.D. 88, 94 n.6 (S.D.N.Y. 2007)). The court will compare Movants' approximate losses using the last in-first out method.

British Airways asserts that, during the Class Period, it purchased 297,845 shares of Natera common stock, expending a total of $28,792,968.63. Allegedly due to Defendants' misleading statements or omissions, Natera stock dropped significantly, and British Airways sold its shares for a total of $10,808,777.63, resulting in a reported loss of $17,984,191. In contrast, Pension Trust acquired 27,228 shares of Natera common stock during the Class Period, expending a total of $2,554,438.41 and suffering a reported loss of $1,113,855.16.

British Airways's reported loss is "multiples larger than the loss incurred by [competing movants]," demonstrating that British Airways "has the greatest financial interest in the litigation." *See Bremer v. Solarwinds Corp.*, 2021 WL 2668827, at *2 (W.D. Tex. Mar. 11, 2021).

### (3) Rule 23 Requirements

As British Airways holds the largest financial interest in the litigation, it is the presumptive lead plaintiff; the court must next evaluate whether British Airways satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). Rule 23 provides that a party may serve as class representative if:

(1) the class is so numerous that joinder of all members is impracticable;

(2) there are questions of law or fact common to the class;

(3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and

(4) the representative parties will fairly and adequately protect the interests of the class.

4

FED. R. CIV. P. 23(a).  For purposes of selecting a lead plaintiff in securities class actions, the typicality and adequacy requirements of Rule 23 "are the only relevant provisions" the court must examine.  *See Abouzied v. Applied Optoelecs., Inc.*, 2018 WL 539362, at *2 (S.D. Tex., Jan. 22, 2018); *see also In re Enron Corp. Sec. Litig.*, 206 F.R.D. 427, 441 (S.D. Tex. 2002) (explaining that court's analysis is "not as searching" at this stage as that required by motion for class certification).  The presumptive lead plaintiff "must at least make a preliminary showing that the plaintiff has claims typical of those of the putative class and the capacity to provide adequate representation for those class members." *See Giovagnoli*, 2017 WL 11220692, at *3 (citing *In re Waste Mgmt.*, 128 F. Supp. 2d at 411).

*Typicality*

The typicality consideration "focuses on the similarity between the named plaintiffs' legal and remedial theories and the theories of those whom they purport to represent." *Mullen v. Treasure Chest Casino, LLC*, 186 F.3d 620, 625 (5th Cir. 1999) (quoting *Lightbourn v. County of El Paso, Tex.*, 118 F.3d 421, 426 (5th Cir. 1997)).  There is no requirement that a lead plaintiff's claims be identical to the claims of other class members; "[r]ather, the critical inquiry is whether the class representative's claims have the same essential characteristics as those of the putative class. If the claims arise from a similar course of conduct and share the same legal theory, factual differences will not defeat typicality." *Stirman v. Exxon Corp.*, 280 F.3d 554, 562 (5th Cir. 2002) (citing *James v. City of Dallas*, 254 F.3d 551, 571 (5th Cir. 2001)).

British Airways claims that it, like all other proposed class members, (1) purchased Natera common stock during the Class Period; (2) purchased the stock at prices artificially inflated by Defendants' materially false and misleading statements and omissions; and (3) suffered damages thereby.  Having reviewed the pleadings and all supporting evidence in this case, and looking

beyond the pleadings to understand the claims, relevant facts, and applicable law, the court finds that British Airways has properly asserted typicality for purposes of selecting a lead plaintiff.

*Adequacy*

Rule 23(a)'s adequacy requirement "mandates an inquiry into the zeal and competence of the representative's counsel and the willingness and ability of the representatives to take an active role in and control the litigation to protect the interests of absentees." *Horton v. Goose Creek ISD*, 690 F.2d 470, 484 (5th Cir. 1982). Additionally, "the class representatives [must] possess a sufficient level of knowledge and understanding to be capable of 'controlling' or 'prosecuting' the litigation." *Feder v. Electronic Data Sys. Corp.*, 429 F.3d 125, 129–30 (5th Cir. 2005) (quoting *Berger v. Compaq Computer Corp.*, 257 F.3d 475, 482–83 (5th Cir. 2001)).

British Airways is "well suited to adequately represent the purported class" because it has "a significant financial interest in the litigation," has retained "competent counsel" and "as an institutional investor, it is accustomed to acting in the role of a fiduciary, and its experience with investing and financial matters will only benefit the class." *See Gluck v. Cellstar Corp.*, 976 F. Supp. 542, 546 (N.D. Tex. 1997). British Airways asserts that, as its injury resulted from the same wrongful conduct as the class, its interests are directly aligned with those of all class members, and that it is "fully committed to vigorously pursuing the claims on behalf of the class."

British Airways argues that it has further demonstrated its adequacy as lead plaintiff by retaining Kessler Topaz Meltzer & Check as lead counsel. The Act states that the lead plaintiff "shall, subject to the approval of the court, select and retain counsel to represent the class." 15 U.S.C. § 78u-4(a)(3)(B)(v). British Airways argues that Kessler Topaz, as an experienced law firm that specializes in prosecuting complex class-action litigation, and Nix Patterson, British Airways's selection of liaison counsel, will zealously advocate for the class.

Having reviewed the relevant documents submitted by British Airways and its counsel, the court finds that British Airways has satisfied the adequacy requirement of Rule 23 for the purposes of choosing a lead plaintiff under the Act.

**C. Pension Trust's Request to be Added as Co-Plaintiff**

Pension Trust does not dispute that British Airways is the presumptive lead plaintiff for the claims brought in the complaint filed April 27, 2022. Rather, it asserts that British Airways lacks Article III standing to bring an additional—though currently unpled—claim for violations of the 1933 Act. Pension Trust claims that the Defendants' misleading statements specifically "damag[ed] those who purchased Natera stock in the Company's secondary stock offering conducted on or around July 22, 2021." Though the claims at issue are not pled in the original complaint, Pension Trust provides an email exchange in which counsel for British Airways indicates its intention to amend the complaint to add these claims if appointed lead plaintiff. Pension Trust argues that, if these claims are added, the group of plaintiffs adversely impacted by purchasing stock in Natera's secondary offering will not be adequately represented by British Airways, who did not purchase stock at this offering. Pension Trust argues that appointing Pension Trust as co-lead plaintiff will avoid standing issues related to claims under the 1933 Act.

At this stage of the proceedings, the court "must only consider the pleadings before it." *In re Comverse Tech., Inc. Sec. Litig.*, 2007 WL 680779, at *6 (E.D.N.Y. Mar. 2, 2007), *adhered to on reconsideration*, 2008 WL 820015 (E.D.N.Y. Mar. 25, 2008). Assuming without deciding that British Airways lacks standing to bring claims related to the secondary offering, these claims are currently unpled, making Pension Trust's argument too speculative to warrant the court's consideration at this time. Additionally, if British Airways later chooses to amend the complaint to include claims under the 1933 Act, "[n]othing in the [Act] indicates that district courts must

choose a lead plaintiff with standing to sue on every available cause of action." *See Hevesi v. Citigroup, Inc.*, 366 F.3d 70, 82 (2d. Cir. 2004).   Appointing a separate lead plaintiff "to bring every available claim would contravene the main purpose of having a lead plaintiff—namely, to empower one or several investors with a major stake in the litigation to exercise control over the litigation as a whole." *Id.* at 82 n.13.

British Airways filed a timely motion for appointment as lead plaintiff, possesses the largest financial interest in the litigation, and satisfies the Rule 23 requirements of typicality and adequacy, entitling British Airways to the presumption of lead plaintiff in this action. *See* 15 U.S.C. § 78u-4(a)(3)(B)(i).   No competing movant rebuts this assumption with respect to the claims as they currently stand.   The court concludes that British Airways is the most adequate candidate to serve as lead plaintiff in this action.   The court will appoint British Airways as lead plaintiff in this action.   The court will also approve British Airways's selected counsel.

## III. CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff British Airways Pension Trustees Limited's Motion for Appointment as Lead Plaintiff and Approval of Selection of Counsel filed June 27, 2022 (Doc. #19) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff British Airways Pension Trustees Limited is **APPOINTED** to serve as Lead Plaintiff in the above-captioned action.

**IT IS FURTHER ORDERED** that Plaintiff British Airways Pension Trustees Limited's selection of Kessler Topaz Meltzer & Check, LLP as Lead Counsel for the class and Nix Patterson, LLP as Liaison Counsel for the class is **APPROVED**. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v).

**IT IS FURTHER ORDERED** that Plaintiff Teamsters Local 639 – Employers Pension Trust's Motion for Appointment as Lead Plaintiff and Approval of Selection of Counsel filed June 27, 2022 (Doc. #15) is **DENIED.**

**IT IS FURTHER ORDERED** that all other pending motions for appointment as lead plaintiff in this action (Docs. #9, 11, 14, 17, 18) are dismissed.

SIGNED this _____ day of July, 2022.


_____
LEE YEAKEL
UNITED STATES DISTRICT JUDGE