# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| JOHN HARVEY SCHNEIDER, Individually and on Behalf of All Others Similarly Situated,<br><br>     Plaintiff,<br><br>  v.<br><br>NATERA, INC., STEVE CHAPMAN, MICHAEL BROPHY, MATTHEW RABINOWITZ, and RAMESH HARIHARAN,<br><br>     Defendants. | Case No. 1:22-cv-00398-LY |

## DEFENDANTS' REQUEST FOR JUDICIAL NOTICE AND CONSIDERATION OF DOCUMENTS INCORPORATED BY REFERENCE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE AMENDED COMPLAINT

**TABLE OF CONTENTS**

**I.   INTRODUCTION**................................................................................................ 1
**II.  LEGAL STANDARDS** ....................................................................................... 3
**III. EXHIBITS 1-22 ARE THE PROPER SUBJECT OF INCORPORATION BY
REFERENCE AND JUDICIAL NOTICE** ................................................................. 5
**IV.  CONCLUSION** ................................................................................................. 11

Defendants Natera, Inc. ("Natera" or the "Company"), Steve Chapman, Michael Brophy, Matthew Rabinowitz, Paul Billings, Roy Baynes, Monica Bertagnolli, Roelof F. Botha, Rowan Chapman, Todd Cozzens, James I. Healy, Gail Marcus, Herm Rosenman, and Jonathan Sheena (collectively, "Defendants") respectfully request that the Court consider certain documents, which are incorporated by reference in the Amended Class Action Complaint for Violations of the Federal Securities Laws ("Complaint" or "¶") (Dkt. No. 60) filed by lead plaintiff British Airways Pension Trustees Limited and additional plaintiff Key West Police & Fire Pension Fund (collectively, "Plaintiffs") or are subject to judicial notice, in connection with Defendants' Motion to Dismiss the Amended Class Action Complaint for Violations of the Federal Securities Laws ("Motion to Dismiss" or "Mot.").

## I.    INTRODUCTION

The Supreme Court instructs that courts deciding motions to dismiss in securities class actions:

> **[M]ust consider the complaint in its entirety**, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, **documents incorporated into the complaint by reference, and matters of which a court may take judicial notice**.

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) (emphasis added); *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) (quoting *Tellabs*, 551 U.S. at 322); *see also Alaska Elec. Pension Fund v. Asar*, 768 F. App'x 175, 180 n.25 (5th Cir. 2019) ("[A] court *must* consider documents incorporated by reference into a securities fraud complaint." (emphasis in original)).

The Supreme Court instructs courts to consider these documents because when "determin[ing] whether the plaintiff has alleged facts that give rise to the requisite 'strong inference' of scienter, a court **must consider plausible, nonculpable explanations for the defendant's conduct**, as well as inferences favoring the plaintiff." *Tellabs*, 551 U.S. at 323-24 (emphasis added) ("The strength of an inference cannot be decided in a vacuum. The inquiry is inherently comparative:  How likely is it that one conclusion, as compared to others, follows from

1

the underlying facts?").  As this Court has previously recognized, "the appropriate scienter analysis is whether all the facts taken together—***including those facts that tend to negate fraudulent intent***—sufficiently raise the requisite strong inference of scienter. *McNulty v. Kanode*, 2013 WL 12077503, at \*5 (W.D. Tex. Nov. 6, 2013) (Yeakel, J.) (citing *Tellabs*, 551 U.S. at 323).[1]

Similarly, when evaluating whether plaintiffs have pled falsity in a securities class action, courts must consider documents incorporated by reference and matters subject to judicial notice to determine whether "the relevant context undermines plaintiff's allegations of falsity." *In re Intel Corp. Sec. Litig.*, 2019 WL 1427660, at \*11 (N.D. Cal. Mar. 29, 2019); *see also McNulty*, 2013 WL 12077503, at \*6 ("To determine whether a statement constitutes a misrepresentation, this court must view the statement in the context in which it was made.").  Courts "need not draw inferences from a plaintiff's complaint that contradict 'documents attached to or incorporated in the complaint and matters of which judicial notice may be taken.'" *Dingle v. Halliburton Co.*, 2006 WL 2729268, at \*1 (S.D. Tex. Sept. 25, 2006) (quoting *U.S. ex rel. Willard v. Humana Health Plan of Texas Inc.*, 336 F.3d 375, 379 (5th Cir. 2003)).

Defendants request that the Court consider specific portions of the following documents attached as Exhibits 1 through 22 to the Declaration of Christina L. Costley ("Ex." or "Exs.") because they are incorporated by reference or are properly subject to judicial notice under Federal Rule of Evidence 201.  All these documents should be considered because they fall within categories that are routinely accepted by courts as incorporated by reference or judicially noticeable in securities class actions.

For the Court's convenience, a chart tracking the documents subject to this request and the reasons that the Court may consider them is attached as "**Appendix A**."  The Exhibits have also been marked to identify which specific portions Defendants ask the Court to consider.

---

[1] The Supreme Court requires this because "[p]rivate securities fraud actions [], if not adequately contained, can be employed abusively to impose substantial costs on companies and individuals whose conduct conforms to the law." *Tellabs*, 551 U.S. at 313.

## II.    LEGAL STANDARDS

When ruling on a motion to dismiss in a securities class action, "courts must consider the complaint in its entirety," including: (1) documents incorporated by reference, and (2) matters subject to judicial notice. *Tellabs*, 551 U.S. at 322.  "These are each distinct concepts" and should be analyzed separately. *See City of Roseville Emps.' Ret. Sys. v. Sterling Fin. Corp.*, 963 F. Supp. 2d 1092, 1106 (E.D. Wash. 2013).

**Incorporation by Reference.**  When deciding a motion to dismiss, courts may "consider documents integral to and explicitly relied on in the complaint, that the defendant appends to his motion to dismiss, as well as the full text of documents that are partially quoted or referred to in the complaint." *In re Sec. Litig. BMC Software, Inc*., 183 F. Supp. 2d 860, 882 (S.D. Tex. 2001) (internal punctuation omitted); *see also Brand Coupon Network, L.L.C. v. Catalina Mktg. Corp.*, 748 F.3d 631, 635 (5th Cir. 2014).

"Once a document is deemed incorporated by reference, the entire document is assumed to be true for purposes of a motion to dismiss, and both parties—and the Court—are free to refer to any of its contents."  *In re NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046, 1058 n.10 (9th Cir. 2014); *See also BMC Software*, 183 F. Supp. 2d at 883 (noting need for courts to "fulfill their gatekeeping role" by reviewing documents referenced in the complaint to ensure that plaintiffs have not taken them "out of context"). Therefore, when a document referenced in the complaint contradicts conclusory allegations or deductions in the complaint, the document controls.  *See Carter v. Target Corp.*, 541 F. App'x 413, 418 (5th Cir. 2013) (

**Judicial Notice.** Even if a document is not referenced in the complaint, courts may take judicial notice of matters "not subject to reasonable dispute" that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). *Basic Capital Mgmt., Inc. v. Dynex Capital Inc.*, 976 F. 3d 585, 589 (5th Cir. 2020) (taking judicial notice of Form 10-K because "the existence of the document[], and the contents therein, cannot reasonably be questioned").  Courts in this Circuit—including this Court—routinely take judicial notice of "public disclosure documents that were filed with the SEC" and "documents of public

3

record." *See McNulty*, 2013 WL 12077503, at *5 & n.4 (taking judicial notice of ten documents filed with the SEC); *BMC Software*, 183 F. Supp. 2d at 882. "The court may consider these matters of public record without converting the motion into one seeking summary judgment." *In re Plains All Am. Pipeline, L.P. Sec. Litig.*, 307 F. Supp. 3d 583, 613 (S.D. Tex. 2018), *aff'd sub nom.* 777 F. App'x 726 (5th Cir. 2019).

Courts routinely take judicial notice of publicly available documents in securities class actions for the "purpose of determining what representations [defendants] made to the market," *Collins v. Morgan Stanley Dean Witter*, 224 F. 3d 496, 498-99 (5th Cir. 2000), and to identify "what statements [the disclosure documents] contain." *McNulty*, 2013 WL 12077503, at *5 (taking judicial notice of conference call transcripts and public disclosure documents filed with the SEC). Doing so does not require the Court to determine whether what was said in these documents was true; it merely requires the Court to determine that it was said, and the fact that a statement was made is not subject to reasonable dispute. *See Lovelace v. Software Spectrum, Inc.*, 78 F.3d 1015, 1017-18 (5th Cir. 1996). Courts also take judicial notice of documents for background context and to inform the "chronology of events" relevant to the lawsuit. *See Crawford v. Pitts*, 2022 WL 479959, at *2-3 (N.D. Tex. Feb. 16, 2022) ("when a plaintiffs chronology of events is incomplete, courts can rely on documents incorporated into the complaint by reference, and matters of which a court may take judicial notice") (internal punctuation omitted).

Moreover, courts "need not 'accept as true allegations that contradict matters properly subject to judicial notice;' a party may not avoid dismissal by raising an unreasonable factual dispute." *Golub v. Gigamon Inc.*, 2019 WL 4168948, at *9 (N.D. Cal. Sept. 3, 2019) (quoting *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001)).

**III. EXHIBITS 1-22 ARE THE PROPER SUBJECT OF INCORPORATION BY REFERENCE AND JUDICIAL NOTICE**

The exhibits below have all been incorporated by reference in the Complaint[2] *and* are the proper subject of judicial notice because their contents are readily determinable from sources whose accuracy cannot be questioned.[3]

**1. Analyst and Short Reports**

- **Ex. 1**, a Piper Sandler analyst report published March 21, 2022, titled "Natera: Stock Trading Worst Case, Checks Suggest Modest Impacts." Plaintiffs quote Ex. 1 to support allegations that the Hindenburg Report "made several accusations that had a meaningful impact on the stock." *See* ¶¶ 112, 114, 174, 176. In addition, this document is also a proper subject of judicial notice. *See e.g., Firefighters Pension & Relief Fund of the City of New Orleans v. Bulmahn*, 53 F. Supp. 3d 882, 901-02 (E.D. La. 2014) (collecting cases).

- **Ex. 10,** excerpts from a report published by Hindenburg Research on March 9, 2022 titled, "Natera: Pioneers in Deceptive Medical Billing." The Hindenburg Report is the primary basis for Plaintiffs' allegations about Panorama; therefore, it is central to the allegations in the Complaint. *See* ¶¶ 18, 127, 130-132, 135, 139, 142, 144, 172-176. The short report is also a proper subject of judicial notice.

- **Ex. 11**, excerpts from a Capitol Forum report published Dec. 14, 2020, titled "Natera: Charity Apparently Established to Process Insurance Prior Authorizations has Close Ties to Former Senior VP of Natera." Defendants seek judicial notice of this document

---

[2] Plaintiffs admit in the second (unnumbered) paragraph of the Complaint that their claims are "*based upon* . . . (i) a review of SEC filings; (ii) wire and press releases . . . (iv) analyst reports and advisories and media reports about the Company; (v) judicial filings and opinions concerning Natera; and (vi) other publicly available information." Complaint at 1 (emphasis added). *Every single document* that Defendants request the Court to consider as incorporated by reference falls into these aforementioned categories that Plaintiffs admit their allegations are "based upon."

[3] To aid in the Court's analysis, Defendants have marked Exhibits 1 through 22 to identify the specific portions that Defendants ask the Court to take judicial notice of.

for the limited purpose of demonstrating that the information therein was publicly available as of that date. *See* Mot. at 7.

- **Ex. 12,** an analyst report published by Canaccord Genuity on March 9, 2022, titled "Taking some air out of Hindenburg short report; share weakness appears overdone; reiterate BUY." Plaintiffs quote Ex. 12 to support their allegations about the market's reaction to the Hindenburg Report (¶¶ 174, 182), but fail to note that, in the underlying report, Canaccord disagreed with those statements.

2. **Trial Transcripts**

- **Ex**. **2**, excerpts of the trial transcript from *CareDx, Inc. v. Natera, Inc.*, No. 1:19-cv-00662 (D. Del.) ("*CareDx*"). Plaintiffs repeatedly paraphrase testimony and documents from this trial to support nearly every element of their Prospera claims. *See* ¶¶ 3, 19, 70, 89, 177-182 (alleging that the case record establishes falsity, scienter, and loss causation Prospera claims); ¶ 5, 42, 58, 65, 70, 80-81 (paraphrasing trial transcripts); ¶¶ 71-78 (paraphrasing trial exhibits).  The trial transcript is also a proper subject of judicial notice because it is a "matter of public record." *See Joseph v. Bach & Wasserman, L.L.C.*, 487 F. App'x 173, 178 n.2.

3. **Government Records**.

- **Ex. 5** is the determinations of the Medicare administrator (MolDx) with respect to Natera's application for Medicare approval for Panorama and CareDx's application for Medicare approval for AlloSure.  Plaintiffs repeatedly refer to Natera's statements about Medicare approval, and Medicare's strength of evidence ranking in the coverage determination, in the Complaint.  *See* ¶¶ 48, 51, 55, 90 and 94.  Therefore, the coverage determination has been incorporated by reference.  In addition, the MolDx determination is the proper subject of judicial notice because it is a public government record.  *See e.g., KB Partners I, L.P. v. Pain Therapeutics, Inc.*, 2015 WL 7760201, at *3 (W.D. Tex. Dec. 1, 2015) (taking "judicial notice of the FDA's published explanation of discipline review letters"); *Funk*, 631 F.3d at 783 (taking judicial notice

6

of "letter from the FDA . . . granting PMA [premarket approval] to [defendant's medical device]"); *Morgan v. Medtronic, Inc.*, 172 F. Supp. 3d 959, 965 n.4 (S.D. Tex. 2016) (taking judicial notice of FDA websites). Therefore, at a minimum, the Court can consider the MolDx determinations for the purpose of showing that the respective strength of evidence determinations were publicly available to the market. *See* Mot. at 5, 11.

**4.    Natera's SEC Filings, Press Releases and Earnings Call Transcripts**

- **Ex. 3 and Ex. 16**, excerpts from Natera's Form 10-K for the fiscal years 2020 (filed February 26, 2021) and 2021 (filed February 25, 2022), respectively. The Form 10-Ks include the alleged misstatement on which the Prospera claim is based and are, therefore, integral to the Complaint. *See* ¶¶ 98, 104, 125, 178, 187, 270, 272; *see also Asar*, 768 Fed. App'x at 182 (5th Cir. 2019) ("[W]e may look to publically filed SEC documents implicitly incorporated into a complaint.").

- **Ex. 13**, a Form 10-Q filed with the SEC on behalf of Natera on November 9, 2022. "SEC filings are routinely subject to judicial notice." *See Intel*, 2019 WL 142766, at *7 (taking judicial notice of Form 10-K predating the putative class period that was "not mentioned in the [Complaint], nor do plaintiff's claims necessarily depend on it"). Judicial notice of such documents is proper even when filed "before or after the Class Period" and not "referenced in the [complaint]." *BMC Software*, 183 F. Supp. 2d at 882-84; *Basic Capital Mgmt.*, 2019 WL 5578510, at *3 (taking judicial notice of Form 10-K not referenced in the complaint);

- **Ex. 8**, a March 15, 2022 Natera press release about the CareDx trial. Plaintiffs have put the public record regarding the CareDx trial directly at issue in the Complaint by attempting to attribute the stock price decline that week to the verdict. *See* ¶¶ 19, 89 178-182. The Court can properly take judicial notice of this press release for purposes of ascertaining what it disclosed about trial. *See* Mot. at 7.

7

- **Ex. 17**, a published transcript of a Natera earnings call held on November 4, 2021. Plaintiffs rely on Ex. 17 to allege Defendants made false and misleading statements about Panorama. *See* ¶¶ 162, 189. Defendants offer Ex. 17 so that the Court can consider the full context of the statements. *See* Mot. at 18; *BMC Software*, 183 F. Supp. 2d at 884 ("The transcripts are also incorporated by reference in select statements from each conference call included in the amended complaint."). It is also a proper subject of judicial notice. *See BMC Software*, 183 F. Supp. 2d at 883-84 (taking judicial notice of earnings call transcripts); *Waterford Twp. Police v. Mattel, Inc.*, 321 F. Supp. 3d 1133, 1143 (C.D. Cal. 2018), *aff'd sub nom. Castro v. Mattel, Inc.*, 794 F. App'x 669 (9th Cir. 2020) ("it is appropriate for the Court to take judicial notice of" earnings call transcripts).

- Form 4s for Chapman (**Ex. 18**), Brophy (**Ex. 19**), and Rabinowitz (**Ex. 20**) and Natera's Proxy Statements for fiscal years 2017, 2018, 2019, 2020, and 2021, filed on April 4, 2018, April 4, 2019, April 16, 2020, April 13, 2021, and April 13, 2022, respectively. (**Ex. 21**). Although Plaintiffs do not "specifically" cite these documents in the Complaint, courts have repeatedly held that SEC Form 4s and other documents reflecting corporate officers' trading history are incorporated by reference where, as here, Plaintiffs allege that Defendants' stock sales during the putative class period support an inference of scienter. *See* ¶¶ 164-67, 234-36; *see also Asar*, 768 Fed. App'x at 182 ("Looking to Forms 4 also seems congruent with the requirement that we consider plausible nonculpable explanations for the defendants' conduct."); *BMC Software*, 183 F. Supp. 2d at 884 (since the only conceivable basis for plaintiffs' stock sale allegations are the "Forms 3, 4, and 5," those documents are "integral to" the complaint and therefore incorporated by reference). These documents are also the proper subject of judicial notice. *See Asar*, 768 F. App'x at 181-82 (taking judicial notice of Form 4s to consider whether

8

insider trading allegations raise strong inference of scienter); *BMC Software*, 183 F. Supp. 2d at 884 (same).

- **Ex. 22,** Natera's Form 10-Q filed August 9, 2019, which Natera offers solely for the purpose of showing what information was publicly available, not for the truth. *See BMC Software,* 183 F. Supp. 2d at 882-84; *Basic Capital Mgmt*., 2019 WL 5578510, at *3.

5.  **Scientific Journals**

- **Ex. 4**, "Optimizing Detection of Kidney Transplant Injury by Assessment of Donor-Derived Cell-Free DNA via Massively Multiplex PCR," published online in the *Journal of Clinical Medicine* at: https://www.ncbi.nlm.nih.gov/pmc/articles/PMC6352163/. Defendants offer Ex. 4 to demonstrate that the study was publicly available online as of December 23, 2018. *See* Mot. at 4. Plaintiffs have incorporated Ex. 4 (Sigdel) into the Complaint because they repeatedly reference it and refer to it as the factual basis for their Prospera claims. *See* ¶¶ 3-8, 43-104. 178, 183, 185, 273; Mot. at 4-6, 10-11.  Judicial notice of Sigdel is also proper because it is a publicly available peer-reviewed medical journal article. *Hileman v. Rouse Props., Inc.*, 2017 WL 2989200 at *5 (E.D. Tex. May 30, 2017) (taking judicial notice of a peer-reviewed medical journal article posted online); *Palmetto Pharm. LLC v. AstraZeneca Pharm. LP*, 2014 WL 1334215, at *11 nn. 9-10 (D.S.D. Apr. 2, 2014) (taking judicial notice of peer-reviewed medical journal articles as "reliable authorit[ies]"); *Hirtenstein v. Cempra, Inc.*, 348 F. Supp. 3d 530, 550-51 (M.D.N.C. 2018) (taking judicial notice of peer-reviewed medical journals).

- **Ex. 6,** an online version of the scientific publication titled, "Early Clinical Experience Using Donor-Derived Cell-Free DNA to Detect Rejection in Kidney Transplant Recipients" (the "Huang study") available at: https://onlinelibrary.wiley.com/doi/full/10.1111/ajt.15289.  The Complaint includes images of two advertisements that expressly reference Huang as the basis for their

claims (*see* ¶¶ 50, 62, 100); therefore, the study has been incorporated by reference into the Complaint. In addition, judicial notice of this document – in particular, the date of its publication – is also proper under FRE 201(b).

**Ex. 14**, a "Cell-free DNA Screening for Prenatal Detection of 22q11.2 Deletion Syndrome," published in the *American Journal of Obstetrics & Gynecology* (the "Dar study"). Judicial notice of this document is proper for the purpose of establishing the information publicly available and known to Defendants when the statements at issue were made.

- **Ex. 15**, "Cell-Free DNA and Active Rejection in Kidney Allografts," published in the *Journal of the American Society of Nephrology* (the "Bloom study"). Plaintiffs repeatedly cite to Bloom to support allegations that Natera purportedly misrepresented or concealed difference between the Sigdel and Bloom study. *See* ¶¶ 3-8, 43-104, 183, 185, 273. In addition, Bloom is also a proper subject of judicial notice because it is a publicly available, peer-reviewed article.

6.   **Natera's historical stock trading prices**

- Ex. 9 is a chart of the daily historical trading prices of Natera's common stock from February 26, 2020 through March 18, 2022 as reported by Yahoo! Finance. *See* Mot. at 7, 25. Throughout the Complaint, Plaintiffs cite Natera's historical stock prices for various purposes in support of their allegations (*see* ¶¶ 15, 16, 20, 164, 173, 174, 176, 180, 182, 201-210, 234-36, 238-39, 251, 269, 300), and the prices are therefore deemed incorporated by reference into the Complaint. *See In re PetroChina Co. Ltd. Sec. Litig.*, 120 F. Supp. 3d 340, 354 (S.D.N.Y. 2015) (historical stock price data incorporated by reference). In addition, the court "can, of course, take judicial notice of stock prices." *Catogas v. Cyberonics*, 292 Fed. App'x 311, 316 (5th Cir. 2008).

## IV.    CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court consider Exhibits 1-22 under the incorporation by reference doctrine and/or judicial notice under Federal Rule of Evidence 201.  *See also* Appendix A.  Defendants have identified the specific portions of the documents they are requesting the Court to consider by marking such portions in the versions of the documents attached to the Declaration of Christina L. Costley.

Dated:  December 16, 2022

KATTEN MUCHIN ROSENMAN LLP

/s/ *Christina L. Costley*

Christina L. Costley (admitted *pro hac vice*)
Bruce G. Vanyo (admitted *pro hac vice*)
Paul S. Yong (*pro hac vice* motion pending)
2029 Century Park East, Suite 2600
Los Angeles, CA 90067
Tel: (310) 788-4400
Fax: (310) 788-4471
christina.costley@katten.com
bruce@katten.com
paul.yong@katten.com

Kelly D. Hine
Texas State Bar No. 24002290
Megan C. McKennon
Texas State Bar No. 24102184
2121 N. Pearl Street, Suite 1100
Dallas, TX 75201
Tel: (214) 765-3600
Fax: (214) 765-3602
kelly.hine@katten.com
megan.mckennon@katten.com

Sarah L. Eichenberger (*pro hac vice* motion pending)
50 Rockefeller Plaza
New York, NY 10020
Tel: (212) 940-8800
Fax: (212) 940-8776
sarah.eichenberger@katten.com

Counsel for Defendants Natera, Inc., Steve
Chapman, Michael Brophy, Matthew Rabinowitz,
Paul Billings, Roy Baynes, Monica Bertagnolli,
Roelof F. Botha, Rowan Chapman, Todd Cozzens,
James I. Healy, Gail Marcus, Herm Rosenman, and
Jonathan Sheena

12

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing document was filed with the Court's electronic case filing (ECF) system on December 16, 2022 which caused an electronic copy of that document to be served on all counsel of record who have appeared in this matter.

/s/ <i>Christina L. Costley</i>
Christina L. Costley

**APPENDIX A TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE AND CONSIDERATION OF DOCUMENTS INCORPORATED BY REFERENCE**

| Ex. | Description | Basis[1] | ¶¶[2] |
|---|---|---|---|
| 1 | Piper Sandler analyst report, dated March 21, 2022 | IBR JN | 176 |
| 2 | Excerpts from CareDx Trial Transcript | IBR, JN | 3, 5, 19, 52, 58, 65 70, 71-78, 80-81, 89, 177-82 |
| 3 | Natera FY 2019 Form 10-K | IBR, JN | 98, 104, 125, 178, 187, 270, 272 |
| 4 | Sigdel Study (online ver.) | IBR, JN | |
| 5 | MolDx LCDs for Prospera and AlloSure | JN | |
| 6 | Huang Study (online ver.) | JN | |
| 7 | Huang Study (AJT ver.) | JN | |
| 8 | Natera press release, dated March 15, 2022 | JN | |
| 9 | Natera historical stock price from Yahoo! Finance | IBR JN | 15-16, 20, 164, 173, 180, 201-210, 234-36, 238-39, 251, 269, 300 |
| 10 | Excerpts from Hindenburg Report | IBR, JN | 18, 127, 130-32, 135, 139, 142, 144, 172-76 |
| 11 | Excerpts from Capitol Forum, dated Dec. 14, 2020 | JN | |
| 12 | Canaccord Genuity analyst report, dated March 9, 2022 | IBR, JN | 174 |
| 13 | Excerpts from Natera Q3 2022 Form 10-Q | JN | |
| 14 | Dar Study | JN | |
| 15 | Bloom Study | IBR, JN | 3-8, 34-104, 183, 185, 273 |
| 16 | Natera FY 2020 Form 10-K | IBR, JN | 98, 104, 125, 178, 187, 270, 272 |
| 17 | Natera Nov. 4, 2021 earnings call transcript | IBR, JN | 162 |
| 18 | Chapman Compiled Form 4s | IBR, JN | 164-67, 234 |
| 19 | Brophy Compiled Form 4s | IBR, JN | 164-67, 235 |
| 20 | Rabinowitz Compiled Form 4s | IBR, JN | 164-67, 236 |
| 21 | Excerpts from Natera proxy statements | JN | |
| 22 | Excerpts from Natera Q2 2019 Form 10-Q | JN | |

---

[1] "**IBR**" refers to documents incorporated by reference. "**JN**" refers to documents subject to judicial notice.

[2] "**¶¶**" refers to the paragraphs in the Complaint (Dkt. No. 60).

155424805