# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| JOHN HARVEY SCHNEIDER, Individually and on Behalf of All Others Similarly Situated,<br><br>          Plaintiff,<br><br>   v.<br><br>NATERA, INC., STEVE CHAPMAN, MICHAEL BROPHY, MATTHEW RABINOWITZ, and RAMESH HARIHARAN,<br><br>          Defendants. | Case No. 1:22-cv-00398-LY |

**DEFENDANTS' REPLY IN FURTHER SUPPORT OF THEIR REQUEST FOR JUDICIAL NOTICE AND CONSIDERATION OF DOCUMENTS INCORPORATED BY REFERENCE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE AMENDED COMPLAINT**

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ..................................................................................................... ii

I.     INTRODUCTION ................................................................................................... 1

II.    PLAINTIFFS' OPPOSITION DISREGARDS THE CONTROLLING AUTHORITY ON
       INCORPORATION BY REFERENCE AND JUDICIAL NOTICE IN SECURITIES
       CASES.................................................................................................................... 2

III.   ALL OF THE EXHIBITS SUBMITTED WITH DEFENDANTS' MOTION TO
       DISMISS MAY PROPERLY BE CONSIDERED BY THE COURT ............................... 4

       A.     Analyst Reports................................................................................................ 4

              1.     Piper Sandler (Ex. 1) and Canaccord Genuity (Ex. 12) Analyst Reports .... 4

              2.     The Capitol Forum Report (Ex. 11) ................................................... 5

       B.     Natera's SEC Filings........................................................................................ 6

              1.     Natera's Form 10-Q for Q3 2022 (Ex. 13) ......................................... 6

              2.     Natera's FY 2019 Form 10-K (Ex. 3) and FY 2020 Form 10-K (Ex. 16) ... 7

       C.     CareDx Trial Transcript (Ex. 2)........................................................................ 7

       D.     November 4, 2021 Earnings Call Transcript (Ex. 17) ........................................... 8

       E.     Hindenburg Report (Ex. 10) .............................................................................. 8

       F.     MolDx Medicare Determinations (Ex. 5) ........................................................... 9

       G.     March 15, 2022 Press Release (Ex. 8) ............................................................... 10

       H.     Huang Study (Exs. 6 & 7)................................................................................. 10

IV.    CONCLUSION ...................................................................................................... 10

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Alaska Elec. Pension Fund v. Asar,*
768 F. App'x 175 (5th Cir. 2019) ..................................................................................3

*Benak ex rel. All. Premier Growth Fund v. All. Cap. Mgmt. L.P.,*
435 F.3d 396 (3d Cir. 2006)..........................................................................................6

*Bergesen v. Manhattanville Coll.,*
No. 2021 WL 3115170 (S.D.N.Y. July 20, 2021) ........................................................3

*Callinan v. Lexicon Pharms., Inc.,*
479 F. Supp. 3d 379 (S.D. Tex. 2020), *aff'd*, 858 F. App'x 162 (5th Cir. 2021) ......................4

*Crawford v. Pitts,*
No. 20-cv-3689, 2022 WL 479959 (N.D. Tex. Feb. 16, 2022) ....................................6

*Fin. Acquisition Partners LP v. Blackwell,*
440 F.3d 278 (5th Cir. 2006) ........................................................................................3

*Funk v. Stryker Corp.,*
631 F.3d 777 (5th Cir. 2011) ........................................................................................9

*Genesee Cnty. Employees' Ret. Sys. v. FirstCash Holdings Inc.,*
--- F. Supp. 3d ---,
No. 22-cv-33, 2023 WL 2752846 (N.D. Tex. Mar. 31, 2023)......................................8

*Grill v. Lincoln Nat'l Life Ins. Co.,*
No. 14-cv-51, 2014 WL 12588652 (C.D. Cal. June 3, 2014)......................................5

*In re Capstead Mortg. Corp. Sec. Litig.,*
258 F. Supp. 2d 533 (N.D. Tex. 2003) ..........................................................................3

*In re Eventbrite, Inc. Sec. Litig.,*
No. 18-cv-2019, 2020 WL 2042078 (N.D. Cal. Apr. 28, 2020)..............................3, 7

*In re Fleming Cos. Inc. Sec. & Derivative Litig.,*
No. 503-cv-1530, 2004 WL 5278716 (E.D. Tex. June 16, 2004) ...............................6

*In re Hansen Nat. Corp. Sec. Litig.,*
527 F. Supp. 2d 1142 (C.D. Cal. 2007) ........................................................................6

*In re KLX, Inc. Sec. Litig.,*
232 F. Supp. 3d 1269 (S.D. Fla. 2017) .........................................................................7

ii

*In re NVIDIA Corp. Sec. Litig.*,
  768 F.3d 1046 (9th Cir. 2014) ..................................................................................4

*In re Philip Morris Int'l Inc. Sec. Litig.*,
  No. 18-cv-8409, 2021 WL 4135059 (S.D.N.Y. Sept. 10, 2021) ........................................9, 10

*In re Sec. Litig. BMC Software, Inc.*,
  183 F. Supp. 2d 860 (S.D. Tex. 2001) ..................................................................1, 4, 6, 8

*Indiana Elec. Workers' Pension Tr. Fund IBEW v. Shaw Grp., Inc.*,
  537 F.3d 527 (5th Cir. 2008) ...............................................................................3, 10

*Kaye v. Lone Star Fund V (U.S.) L.P.*,
  453 B.R. 645 (N.D. Tex. 2011).................................................................................3

*Khoja v. Orexigen Therapeutics, Inc.*,
  899 F.3d 988 (9th Cir. 2018) .................................................................................3

*Lane v. Page*,
  649 F. Supp. 2d 1256 (D.N.M. 2009) ..........................................................................5

*Loc. 731 I.B. of T. Excavators & Pavers Pension Tr. Fund v. Diodes, Inc.*,
  810 F.3d 951 (5th Cir. 2016) .................................................................................3

*McNulty v. Kanode*,
  No. 13-cv-26, 2013 WL 12077503 (W.D. Tex. Nov. 6, 2013).......................................1, 9, 10

*Mendoza v. HF Foods Grp. Inc.*,
  No. 20-cv-2929, 2021 WL 3772850 (C.D. Cal. Aug. 25, 2021) ............................................8

*Morris v. City of Fort Worth*,
  No. 19-cv-638, 2020 WL 870228 (N.D. Tex. Feb. 21, 2020) ..............................................8

*Mulquin v. Nektar Therapeutics*,
  510 F. Supp. 3d 854 (N.D. Cal. 2020),
  *aff'd sub nom.* 34 F.4th 828 (9th Cir. 2022) ...............................................................9

*Olagues v. Musk*,
  No. 18-cv-7110, 2019 WL 3457831 (N.D. Cal. July 31, 2019) ............................................6

*Robinson v. Purcell Const. Corp.*,
  No. 14-cv-969, 2015 WL 5603022 (N.D.N.Y. Sept. 22, 2015),
  *aff'd*, 647 F. App'x 29 (2d Cir. 2016)....................................................................7, 8

*Red Rock Analytics, LLC v. Apple Inc.*,
  2021 WL 5828368 (W.D. Tex. Dec. 8, 2021) ..............................................................7

*Ryan v. Salisbury*,
  2019 WL 5269092 (D. Haw. Oct. 17, 2019) ........................................................10

*Sanchez v. IXYS Corp.*,
  No. 18-cv-406, 2018 WL 4787070 (N.D. Cal. Oct. 2, 2018) ...................................5

*Scanlan v. Texas A&M Univ.*,
  343 F.3d 533 (5th Cir. 2003) ...................................................................................3

*Simmonns v. Tex.*,
  No. 09-cv-785, 2010 WL 11601167 (W.D. Tex. May 14, 2010) .............................4

*Staehr v. Hartford Fin. Servs. Grp., Inc.*,
  547 F.3d 406 (2d Cir. 2008).....................................................................................5

*Tellabs, Inc. v. Makor Issues & Rts., Ltd.*,
  551 U.S. 308 (2007).............................................................................................1, 3

*Thomas v. Waste Pro USA, Inc.*,
  No. 17-cv-2254, 2019 WL 3835255 (M.D. Fla. Aug. 15, 2019)...........................10

*Truk Int'l Fund LP v. Wehlmann*,
  737 F. Supp. 2d 611 (N.D. Tex. 2009), *aff'd*, 389 F. App'x 354 (5th Cir. 2010).....................4

*United States v. Allstate Ins. Co.*,
  --- F. Supp. 3d ---,
  No. 19-cv-11615, 2022 WL 3213529 (E.D. Mich. Aug. 9, 2022)...........................5

*Williams v. Time Warner Inc.*,
  440 F. App'x 7 (2d Cir. 2011) ..................................................................................4

*Wooden v. Missouri Pac. R. Co.*,
  862 F.2d 560 (5th Cir. 1989) ...................................................................................2

*Yoshikawa v. Exxon Mobil Corp.*,
  No. 21-cv-194, 2022 WL 4677621 (N.D. Tex. Sept. 29, 2022) ..............................6

iv

Defendants Natera, Inc. ("Natera"), Steve Chapman, Michael Brophy, Matthew Rabinowitz, Paul Billings, Roy Baynes, Monica Bertagnolli, Roelof F. Botha, Rowan Chapman, Todd Cozzens, James I. Healy, Gail Marcus, Herm Rosenman, and Jonathan Sheena (collectively, "Defendants") submit this reply in further support of their request that the Court consider certain documents, submitted in connection with their Motion to Dismiss, as incorporated into the Complaint and/or subject to judicial notice (Dkt. No. 80).[1]

## I.    INTRODUCTION

Plaintiffs' 15-page Opposition, while long on words, cites only a handful of securities cases while ignoring the Supreme Court's express mandate that, in securities class actions (like this one), courts "***must consider***" documents subject to incorporation by reference and judicial notice when deciding motions to dismiss. *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007); *see* RJN at 1-2. This rule exists because "the strength of an inference cannot be decided in a vacuum." *Tellabs*, 552 U.S. at 323.

Plaintiffs' Opposition asks this Court to do precisely what *Tellabs* prohibits and decide Defendants' Motion to Dismiss in a vacuum. Plaintiffs argue that the Court must accept the narrative they have crafted using out-of-context snippets cherry-picked from the CareDx advertising case record and the Hindenburg shortseller report, without regard for what the documents actually say.

It is well-established, however, that defendants can properly contest plaintiffs' allegations through documents incorporated by reference and/or subject to judicial notice. *See In re Sec. Litig. BMC Software, Inc.*, 183 F. Supp. 2d 860, 882 (S.D. Tex. 2001) (rejecting plaintiffs' argument that "Defendants improperly attempt to use [the documents] to contest Plaintiffs' pleading allegations . . . for the truth of the matter asserted in them"); *McNulty v. Kanode*, 2013 WL 12077503, at *5 & n.4 (W.D. Tex. Nov. 6, 2013) (considering fourteen (14) extrinsic documents in dismissing

---

[1] Capitalized terms not defined herein have the same meanings as in Defendants' Motion to Dismiss (Dkt. No. 78) ("MTD") and Request for Judicial Notice (Dkt. No. 80) ("RJN"). All exhibit references ("Exhibits" or "Exs.") are to the Costley Declaration (Dkt. No. 81).

securities class action because "[t]o determine whether a statement constitutes a misrepresentation, [courts] must view the statement in the context in which it was made") (Yeakel, J.); *see also* RJN at 3-4.

As explained in the RJN, and as described further below, all of the Exhibits are properly subject to incorporation by reference and/or judicial notice.[2]  It is non-controversial for the Court to consider these materials when evaluating the sufficiency of the Complaint in connection with Defendants' Motion to Dismiss.[3]

## II.    PLAINTIFFS' OPPOSITION DISREGARDS THE CONTROLLING AUTHORITY ON INCORPORATION BY REFERENCE AND JUDICIAL NOTICE IN SECURITIES CASES

Plaintiffs' Opposition rests on the novel (and legally unsupported) assertion that Defendants' Motion to Dismiss must be decided in a vacuum, without consideration of the documents usually considered by a court when deciding a pleading motion.  *See* RJN Opp. at 1. First, Plaintiffs argue that this Court may only consider Plaintiffs' characterizations of the documents referenced in the Complaint and must ignore any other part of the document not referenced in the Complaint.  *See* RJN Opp. at 8, 9.  Second, Plaintiffs argue that this Court may not take judicial notice of publicly-available documents of undisputed accuracy if those documents are inconsistent with the Complaint's allegations.  *Id.* at 1.  And finally, Plaintiffs argue that any consideration by this Court of documents incorporated by reference in the Complaint or judicially noticeable will convert the Motion to Dismiss into a motion for summary judgment.  *Id.* at 2.

In arguing for this "legal standard" (RJN Opp. at 2-3), Plaintiffs rely almost exclusively on non-securities cases[4] while ignoring the Supreme Court's express admonition that, when ruling on

---

[2] Plaintiffs do not seriously object to Defendants' request with respect to Exhibits 4, 9, 16, 18, 19, 20, 21, and 22.  *See* RJN Opp. at 3 n.3.

[3] While consideration of the Exhibits is not necessary to the success of the MTD, the Exhibits provide important context when assessing the sufficiency of the Complaint's allegations.  *See also* MTD Reply at 15.

[4] RJN Opp. at 2-3 (citing *Ambler v. Williamson Cnty., Texas*, 2021 WL 769667, at *3 (W.D. Tex. Feb. 25, 2021) (police excessive force case); *Wooden v. Missouri Pac. R. Co.*, 862 F.2d 560, 563 (5th Cir. 1989) (railroad worker negligence case); *Scanlan v. Texas A&M Univ.*, 343 F.3d 533,

a motion to dismiss in a securities class action, a court "***must consider*** the complaint in its entirety, as well as other . . . documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs*, 551 U.S. at 322 (emphasis added); *see also Alaska Elec. Pension Fund v. Asar*, 768 F. App'x 175, 180 n.25 (5th Cir. 2019) ("a court ***must*** consider documents incorporated by reference into a securities fraud complaint") (citing *Tellabs*, 551 U.S. at 322) (emphasis in original)); *Loc. 731 I.B. of T. Excavators & Pavers Pension Tr. Fund v. Diodes, Inc.*, 810 F.3d 951, 957 (5th Cir. 2016) (same); *Indiana Elec. Workers' Pension Tr. Fund IBEW v. Shaw Grp., Inc.*, 537 F.3d 527, 533 (5th Cir. 2008) (same).  Standing alone, this is fatal to Plaintiffs' Opposition.[5]

Plaintiffs' last-ditch argument that the Motion to Dismiss should be converted into a motion for summary judgment is both unprecedented and prejudicial.  It is well-settled that "in securities actions, the court may . . . rely on public disclosure documents . . . filed with the SEC and documents that the plaintiffs either possessed or knew about and upon which they relied in bringing the suit, without, pursuant to Rule 12(b), converting the motion into one for summary judgment." *Fin. Acquisition Partners LP v. Blackwell*, 440 F.3d 278, 286 (5th Cir. 2006) (internal alterations omitted); *see In re Capstead Mortg. Corp. Sec. Litig.*, 258 F. Supp. 2d 533, 543 n.2 (N.D. Tex. 2003) (courts may consider "documents incorporated by reference in the Complaint, matters subject to judicial notice (such as filings with the SEC), stock prices, and matters of public record . . . without converting the motion into one for summary judgment").  Defendants are not aware of

---

536 (5th Cir. 2003) (Section 1983 negligence case); *Bergesen v. Manhattanville Coll.*, 2021 WL 3115170, at \*2 (S.D.N.Y. July 20, 2021) (employment discrimination case); *Kaye v. Lone Star Fund V (U.S.) L.P.*, 453 B.R. 645, 662 (N.D. Tex. 2011) (bankruptcy proceeding)).

[5] Plaintiffs suggest in a single footnote that the "application of judicial notice is not relaxed" in securities cases.  Opp. at 2 n.2.  But Plaintiffs' cited case, *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018), does not stand for this proposition.  Instead, *Khoja* simply cautions parties against liberal overuse of judicial notice in securities cases.  Courts in the Ninth Circuit have subsequently clarified that "*Khoja* does not prevent a defendant from using the doctrines of judicial notice or incorporation by reference to create factual disputes with plaintiff's *conclusory* allegations," and does not "prevent[] this Court from analyzing a false statement in context."  *See, e.g.*, *In re Eventbrite, Inc. Sec. Litig.*, 2020 WL 2042078, at \*7 (N.D. Cal. Apr. 28, 2020) (emphasis in original);

a *single* Fifth Circuit decision converting a motion to dismiss in a securities class action into a motion for summary judgment on similar grounds.[6]

### III. ALL OF THE EXHIBITS SUBMITTED WITH DEFENDANTS' MOTION TO DISMISS MAY PROPERLY BE CONSIDERED BY THE COURT

#### A. Analyst Reports

##### 1. Piper Sandler (Ex. 1) and Canaccord Genuity (Ex. 12) Analyst Reports

Although Plaintiffs concede that the Complaint directly quotes from and relies on both analyst reports to support a key element of their claim (RJN Opp. at 5; ¶¶ 174, 176), Plaintiffs nonetheless argue that the Court cannot consider the full text of these reports because they purportedly referred to the two reports in "passing."

It is well settled, however, that courts may "consider . . . the ***full text*** of documents partially quoted in the complaint." *Truk Int'l Fund LP v. Wehlmann*, 737 F. Supp. 2d 611, 616 (N.D. Tex. 2009) (emphasis added), *aff'd*, 389 F. App'x 354 (5th Cir. 2010); *BMC*, 183 F. Supp. 2d at 882 (same); *Callinan v. Lexicon Pharms., Inc.*, 479 F. Supp. 3d 379, 410 n.84 (S.D. Tex. 2020), *aff'd*, 858 F. App'x 162 (5th Cir. 2021) (same); *see also In re NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046, 1068 n.10 (9th Cir. 2014) ("Once a document is deemed incorporated by reference, the ***entire document*** is assumed to be true for purposes of a motion to dismiss, and both parties – and the Court – are free to refer to any of its contents." (emphasis added)).[7]

Plaintiffs also argue – again, without support – that the Court cannot consider the analyst reports because they are more important to Defendants' Motion than to Plaintiffs' claims. *But see* Opp. at 5 (relying on cases that merely note, in dicta, that the exhibits were important to defendant's arguments, but not relying on their importance as a basis for exclusion). While it is

---

[6] Plaintiffs rely solely on this Court's decision in a non-analogous discrimination case, *Simmonns v. Tex.*, 2010 WL 11601167, at *2 (W.D. Tex. May 14, 2010). In addition to being a non-securities case, there, the defendant attached non-public documents "produced during the discovery phase," none of which were included in "any live pleading or either of [the] two previously filed complaints." *Id.* at *2 & nn. 2-3.

[7] Plaintiffs' reliance on *Williams v. Time Warner Inc.*, 440 F. App'x 7, 9 (2d Cir. 2011), an out-of-circuit employment discrimination case, is misplaced. There, the *plaintiff* attempted to incorporate by reference a document that she intentionally chose not to attach to her own complaint. *See id*.

certainly significant that the analyst reports quoted by Plaintiffs expressly debunked the shortseller report on which their Panorama claims exclusively rely, Defendants do not agree that the analyst reports are more important to Defendants than Plaintiffs. Indeed, the analyst reports are only relevant to one of the multiple grounds that Defendants have for dismissing the Panorama claims, while Plaintiffs use them to support their sole basis for pleading loss causation as to Panorama. *See* MTD Opp. at 7. Even if that were not so, Plaintiffs should have conducted this analysis *prior to* filing the Complaint, not after they availed themselves of the snippets they deemed helpful.

### 2.    The Capitol Forum Report (Ex. 11)

Plaintiffs object to taking judicial notice of the Capitol Forum Report – an undisputedly authentic document that Plaintiffs expressly reference in the Complaint (¶ 127) – because it is available through a paywall. RJN Opp. at 5-6; *see also* MTD Opp. at 29 (no dispute over authenticity). But courts regularly take judicial notice of reports and publications available via paid subscriptions. *See Sanchez v. IXYS Corp.*, 2018 WL 4787070, at *4 (N.D. Cal. Oct. 2, 2018) (rejecting argument that a report available only on Bloomberg "should not constitute publicly available information because it is a subscription service"); *see also Grill v. Lincoln Nat'l Life Ins. Co.*, 2014 WL 12588652, at *3 (C.D. Cal. June 3, 2014) (taking judicial notice of "ten news publications from The Wall Street Journal, The New York Times, The Chicago Tribune, The L.A. Times, The Washington Post, Newsday, and The San Diego Tribune"); *United States v. Allstate Ins. Co.*, 2022 WL 3213529, at *7 (E.D. Mich. Aug. 9, 2022) ("no Sixth Circuit authority has ever held that subscription-based news media cannot produce 'readily available' information").

Plaintiffs further argue that it is improper and premature to consider the Capitol Forum Report to determine whether Plaintiffs were on inquiry notice of the allegations therein. (RJN Opp. at 6.) But it is "consistent with the practice of nearly every court – including every court of appeals – to have considered this issue" for a court to take judicial notice of publicly available documents to determine "when inquiry notice arose." *Lane v. Page*, 649 F. Supp. 2d 1256, 1299-3001 (D.N.M. 2009); *see also Staehr v. Hartford Fin. Servs. Grp., Inc.*, 547 F.3d 406, 425 (2d Cir. 2008) (proper to take judicial notice of "the fact that press coverage . . . contained certain information,

without regard to the truth of their contents, in deciding whether so-called 'storm warnings' were adequate to trigger inquiry notice"); *Benak ex rel. All. Premier Growth Fund v. All. Cap. Mgmt. L.P.*, 435 F.3d 396, 401 n.15 (3d Cir. 2006) (affirming "judicial notice of newspaper articles" to determine "what was in the public realm at the time, not whether the contents of those articles were in fact true"); *cf. In re Fleming Cos. Inc. Sec. & Derivative Litig.*, 2004 WL 5278716, at *46 (E.D. Tex. June 16, 2004) (Wall Street Journal article put plaintiffs on inquiry notice). The Court may properly take judicial notice of the Capital Forum Report for this limited purpose.

### B.     Natera's SEC Filings

#### 1.     Natera's Form 10-Q for Q3 2022 (Ex. 13)

Defendants seek judicial notice of Natera's quarterly filing with the SEC solely as background, to provide the Court with the complete chronology of events following release of the Hindenburg Report. *See* Opp. at 7 (citing MTD at 8; RJN at 7); *see also* Ex. 13 at 3. Courts regularly take judicial notice of public documents for this purpose. *See, e.g.*, *Olagues v. Musk*, 2019 WL 3457831, at *4 (N.D. Cal. July 31, 2019) (judicial notice of five SEC filings "for the purpose of informing the Court of the chronology of events" since "[t]hose events are undisputed and can be accurately and readily determined from the publicly filed SEC documents"); *Crawford v. Pitts*, 2022 WL 479959, at *2-3 (N.D. Tex. Feb. 16, 2022) ("when a plaintiffs' chronology of events is incomplete, courts can rely on . . . matters of which a court may take judicial notice"); *cf. Yoshikawa v. Exxon Mobil Corp.*, 2022 WL 4677621, at *4 (N.D. Tex. Sept. 29, 2022) (it "is somewhat relevant . . . that the [internal] investigation has since been closed").

Plaintiffs also argue that Natera filed the Form 10-Q after Plaintiffs filed their Complaint (Opp. at 7), but courts frequently take judicial notice of such documents. *In re Hansen Nat. Corp. Sec. Litig.*, 527 F. Supp. 2d 1142, 1150 (C.D. Cal. 2007) (taking judicial notice of "SEC filings that were filed after the date on which Plaintiff filed his Complaint"); *BMC*, 183 F. Supp. 2d at 882-84 (taking judicial notice of numerous SEC filings, "most of which were filed either before or after the Class Period" and "none [were] referenced in the [] Complaint"); *see also* RJN at 7.

The Court, however, need not take judicial notice of Natera's Form 10-Q to grant

Defendants' Motion to Dismiss.  Plaintiffs argue that Defendants offer this document as "proof the Hindenburg Report's findings are 'unfounded'" (RJN Opp. at 7), but the Court only needs to look at the four corners of the Complaint to determine that Plaintiffs failed to meet their initial burden of: (a) independently substantiating the Hindenburg allegations; and (b) explaining how the shortseller allegations (even if true) rendered Natera's affirmative statements false or misleading.  *See* MTD Reply at 15.  Consequently, while Natera's Form 10-Q is offered for context, the Court is free to disregard it when deciding the underlying Motion.

### 2.    Natera's FY 2019 Form 10-K (Ex. 3) and FY 2020 Form 10-K (Ex. 16)

Plaintiffs do not seriously contest that the Complaint incorporates by reference both Form 10-Ks (Opp. at 8), which include the alleged misstatements at issue in this case.  *See* ¶¶ 98, 104, 125, 178, 187, 270, 272.  Instead, Plaintiffs argue that the Court cannot consider the Form 10-Ks in connection with the *Panorama* claims because Plaintiffs only rely on them in connection with the *Prospera* claims.  This is nonsense.  It is well settled that "the Court may consider the full text of securities filings alleged to contain misstatements."  *See In re KLX, Inc. Sec. Litig.*, 232 F. Supp. 3d 1269, 1275 (S.D. Fla. 2017); *supra* at 4.  "Once a document is deemed incorporated by reference, the entire document is assumed to be true for purposes of a motion to dismiss, and both parties—and the Court—are free to refer to any of its contents."  *Eventbrite*, 2020 WL 2042078, at *7 (quoting *NVIDIA*, 768 F.3d at 1058 n.10).  Plaintiffs cite no authority to the contrary.[8]

### C.    CareDx Trial Transcript (Ex. 2)

Plaintiffs similarly argue that this Court cannot consider those portions of the CareDx trial transcript that are "inconsistent" with their allegations *even though* the Complaint cites and quotes the transcript *over fifteen times*.  *See* ¶¶ 5, 19, 42, 58, 65, 70, 71-77, 80, 89, 177-79 (alleging the trial transcript establishes falsity, scienter, and loss causation).  That is not how incorporation by reference works.  *See Robinson v. Purcell Const. Corp.*, 2015 WL 5603022, at *7 (N.D.N.Y. Sept.

---

[8] Plaintiffs' reliance *Red Rock Analytics, LLC v. Apple Inc.*, 2021 WL 5828368, at *5 (W.D. Tex. Dec. 8, 2021), a non-securities case, is inapposite.  There, the court was deciding a narrow issue unique to patent litigation (the *Kessler* doctrine) and declined to assume that "a statement made in infringement contentions, in another case, is true."  *Id.*  That narrow issue is not at play here.

22, 2015) (witness testimony from trial transcript was properly subject to incorporation by reference to show inconsistency with plaintiff's claims), *aff'd*, 647 F. App'x 29 (2d Cir. 2016); *see also BMC*, 183 F. Supp. 2d at 882 (rejecting argument that "Defendants cannot use [documents incorporated by reference] to test Plaintiffs' allegations").[9]  Plaintiffs cannot quote the transcript as a basis for nearly every element of their claim (including falsity) and then object to the portion of the *same transcript* in which an Article III judge proclaimed he did not "see the real falsity" and viewed the claims overall as "very, very weak."  *See* Ex. 2 at 3; *see Robinson*, 2015 WL 5603022, at *7 ("Because Plaintiff expressly bases [her] allegation on the testimony adduced at the trial . . . , the trial transcript in that action is incorporated by reference in, or is integral to, her Complaint.").

### D.    November 4, 2021 Earnings Call Transcript (Ex. 17)

Plaintiffs seemingly do not dispute that the Complaint incorporates by reference the earnings call transcript.  RJN Opp. at 10 (objecting only on the grounds of judicial notice); *see* RJN at 8 (requesting consideration under both incorporation by reference *and* judicial notice); ¶¶ 162, 189 (quoting earnings call transcript).  Plaintiffs have thus waived any argument that the transcript is not incorporated by reference, and the Court may consider the transcript on that basis. *See Morris v. City of Fort Worth*, 2020 WL 870228, at *3 & n.3 (N.D. Tex. Feb. 21, 2020) ("Failure to respond to arguments made in a motion to dismiss results in waiver of opposition."); *BMC*, 183 F. Supp. 2d at 884 ("The transcripts are [] incorporated by reference").

### E.    Hindenburg Report (Ex. 10)

Plaintiffs also do not seriously contest that the Hindenburg Report – which the Complaint quotes and/or paraphrases from *14 times* and cites as the primary basis for their Plaintiffs' causation allegations – has been incorporated by reference.  *See* RJN Opp. at 11; ¶¶ 18, 127, 130-32, 135, 139, 142, 144, 172-176.  The Court, thus, may properly consider the entire Hindenburg

---

[9] When as here, the Complaint "alleges an omission," courts must consider documents incorporated by reference and publicly available documents because "[c]ourt[s] do[] not view these statements in a vacuum, but in the context of the total mix of information available to a reasonable investor." *Genesee Cnty. Employees' Ret. Sys. v. FirstCash Holdings Inc.*, --- F. Supp. 3d ---, 2023 WL 2752846, at *11 (N.D. Tex. Mar. 31, 2023); *see also* MTD Reply at 7.

Report, including the section in which it disclaimed the "accuracy" and "completeness" of its reporting. *See Mendoza v. HF Foods Grp. Inc.*, 2021 WL 3772850, at *2 (C.D. Cal. Aug. 25, 2021) (Hindenburg report was incorporated by reference where "Plaintiffs quote the Hindenburg Report extensively and repeatedly" and "allege the report revealed the truth about [the company] and caused its stock price to drop"); *Mulquin v. Nektar Therapeutics*, 510 F. Supp. 3d 854, 862, 872-23 (N.D. Cal. 2020), *aff'd sub nom.* 34 F.4th 828 (9th Cir. 2022) (shortseller report was incorporated by reference and considering language disclaiming "any representation, express or implied, as to the accuracy, timeliness, or completeness of any such information or with regard to the results obtained from its use").

### F.    MolDx Medicare Determinations (Ex. 5)

MolDx's "strength of evidence" Medicare determinations – which Plaintiffs expressly reference in the Complaint (¶ 94) – are precisely the type of publicly-available facts properly subject to judicial notice. *See Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) (taking judicial notice of FDA determination granting premarket approval for company's medical device); *In re Philip Morris Int'l Inc. Sec. Litig.*, 2021 WL 4135059, at *7 (S.D.N.Y. Sept. 10, 2021) ("FDA approvals [and] the scientific reviews . . . that accompan[y] those approvals" are subject to judicial notice because they are "publicly available and whose accuracy cannot reasonable be questioned").

Contrary to Plaintiffs' contention, Defendants do not rely on the determinations for the truth of the matter – *i.e.*, to establish that Prospera actually *had* stronger evidence than its competitor – but, rather, to provide context showing that, when the statements at issue were made, an independent government agency had already made a favorable determination about the strength of evidence supporting Natera's claim. *See McNulty*, 2013 WL 12077503, at *5 (taking judicial notice of 14 documents and holding that "Plaintiffs have failed to plead any facts that demonstrate the falsity of [Defendant's] representation" when "view[ed] . . . against this backdrop"); *Philip Morris*, 2021 WL 4135059, at *7 & 12 n.3 (taking judicial notice of an FDA "scientific review" that "described a reduction in [harmful chemicals] of 54-99.9% and 38.2%-99.8%, as compared to cigarettes" to reject plaintiffs' allegations that defendants' statements about clinical trials for its

9

new vaping device were "literally false" or "lacked sufficient support in the available data").

### G. March 15, 2022 Press Release (Ex. 8)

Plaintiffs' Complaint fails to note that CareDx was also found liable for deceptive advertising at trial. Defendants request consideration of this press release for the limited purpose of providing the Court with the full context and chronology concerning the jury's full verdict. (MTD at 6-7; *supra* at 6); *see also Thomas v. Waste Pro USA, Inc.*, 2019 WL 3835255, at \*1 (M.D. Fla. Aug. 15, 2019) (taking judicial notice of jury verdict).

### H. Huang Study (Exs. 6 & 7)

Plaintiffs mischaracterize Defendants' request for judicial notice of the Huang Study (which, again, Plaintiffs expressly reference in the Complaint). RJN Opp. at 14-15; ¶¶ 50, 62, 100. Defendants do not seek judicial notice to demonstrate that the study's findings were scientifically true or valid. Rather, Defendants only request that the Court consider that the study's findings were *publicly-available* as of the date of publication. *See* RJN at 9-10. Contrary to Plaintiffs' assertions, Defendants are not prohibited from making arguments based on these judicially-noticeable facts that lend "context" to the statements at issue. *See McNulty*, 2013 WL 12077503, at \*5 (considering falsity "against [the] backdrop" of judicially noticeable documents); *Indiana Elec.*, 537 F.3d at 533 ("facts must be evaluated collectively, not in isolation"); *Phillip Morris*, 2021 WL 4135059, at \*7 & 12 n.3 (taking judicial notice of statistics about reduction in harmful chemicals to reject plaintiffs' allegations that statements "lacked sufficient support in the available data").[10]

## IV. CONCLUSION

For the foregoing reasons, and as set forth in the RJN, Defendants respectfully request that the Court consider Exhibits 1-22 under the doctrines of incorporation by reference and/or the judicial notice pursuant Federal Rule of Evidence 201.

---

[10] The Huang Study is also incorporated by reference. Although Plaintiffs oppose incorporation by reference because the study appears in three footnotes (¶¶ 50, 62, 100), a single citation in just "one footnote in one paragraph" can be sufficient. *See Ryan v. Salisbury*, 2019 WL 5269092, at \*9-10 (D. Haw. Oct. 17, 2019).

Dated:  April 17, 2023

**KATTEN MUCHIN ROSENMAN LLP**

*/s/ Paul S. Yong*
Paul S. Yong (admitted *pro hac vice*)
Bruce G. Vanyo (admitted *pro hac vice*)
Christina L. Costley (admitted *pro hac vice*)
2029 Century Park East, Suite 2600
Los Angeles, CA 90067
Tel: (310) 788-4400
Fax: (310) 788-4471
paul.yong@katten.com
bruce@katten.com
christina.costley@katten.com

Kelly D. Hine
Texas State Bar No. 24002290
Megan C. McKennon
Texas State Bar No. 24102184
2121 N. Pearl Street, Suite 1100
Dallas, TX 75201
Tel: (214) 765-3600
Fax: (214) 765-3602
kelly.hine@katten.com
megan.mckennon@katten.com

Sarah L. Eichenberger (admitted *pro hac vice*)
50 Rockefeller Plaza
New York, NY 10020
Tel: (212) 940-8800
Fax: (212) 940-8776
sarah.eichenberger@katten.com

*Counsel for Defendants Natera, Inc., Steve Chapman, Michael Brophy, Matthew Rabinowitz, Paul Billings, Roy Baynes, Monica Bertagnolli, Roelof F. Botha, Rowan Chapman, Todd Cozzens, James I. Healy, Gail Marcus, Herm Rosenman, and Jonathan Sheena*

11

## CERTIFICATE OF SERVICE

I hereby certify that copy of the foregoing document was filed with the Court's electronic case filing (ECF) filing system on April 17, 2023 which caused an electronic copy of that document to be served on all counsel of record who have appeared in this matter.

*/s/ Paul S. Yong*
Paul S. Yong

12