**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF TEXAS**

| | |
|---|---|
| JOHN HARVEY SCHNEIDER, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> NATERA, INC., STEVE CHAPMAN, MICHAEL BROPHY, MATTHEW RABINOWITZ, and RAMESH HARIHARAN, <br><br> Defendants. | Case No. 1:22-cv-00398-DAE |

**DEFENDANTS' OMNIBUS RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE AN OMNIBUS SURREPLY**

Defendants Natera, Inc., Steve Chapman, Michael Brophy, Matthew Rabinowitz, Paul Billings, Roy Baynes, Monica Bertagnolli, Roelof F. Botha, Rowan Chapman, Todd Cozzens, James I. Healy, Gail Marcus, Herm Rosenman, and Jonathan Sheena (the "Natera Defendants"), Morgan Stanley & Co. LLC, Goldman Sachs & Co. LLC, Cowen and Company, LLC, SVB Leerink LLC, Robert W. Baird & Co., BTIG, LLC, and Craig-Hallum Capital Group LLC (the "Underwriter Defendants") (collectively, with the Natera Defendants, the "Defendants") respectfully submit the following omnibus response in opposition to Plaintiffs' Motion for Leave to File an Omnibus Surreply (Dkt. No. 97) ("Motion").

## I.      **INTRODUCTION**

To state a claim for securities fraud, Plaintiffs must allege specifically both that: (1) the statement was false or misleading ("falsity"); and (2) the person who made, or directed the making of, the statement knew it was false when made ("scienter").  *See Ind. Elec. Workers' Pension Tr. Fund IBEW v. Shaw Grp., Inc.*, 537 F.3d 527, 532-34 (5th Cir. 2008).[1]  In their Opposition, Plaintiffs made a strategic decision to argue falsity based on only *two* alleged misstatements, presumably because they thought those two statements represented their best shot at pleading falsity, and therefore, surviving a motion to dismiss.  They attempted to plead scienter, however, based on *thirteen statements*.  *See* Motion, Ex. A at 3 (citing Opp. at 18); *DeMarco v. DepoTech Corp.*, 149 F. Supp. 2d 1212, 1232 (S.D. Cal. 2001) (when plaintiffs fail to demonstrate falsity, "scienter entails the illogical inquiry into whether the defendant intended to deceive when, in fact, there was no deception"); *see also In re Okta, Inc. Sec. Litig.*, 2023 WL 2749193, at *10 (N.D. Cal. Mar. 31, 2023) ("The Supreme Court's decisions . . . dictate that courts not co-mingle the inquiries of falsity and scienter.").  As Defendants pointed out in their Reply, by pursuing this strategy, Plaintiffs waived any claims based on the eleven Abandoned Statements.[2]  Plaintiffs are

---

[1] Plaintiffs also must plausibly allege a third element, loss causation, *i.e.*, that the allegedly false statements caused Natera's stock price to decline.  *See* MtD at 25.

[2] The Abandoned Statements are ¶¶ 90-96, 98, 100-102.  *Compare* Opp. at 18 (citing ¶¶ 90-98, 100-103 for scienter), *with* Opp. at 8-9 (quoting only ¶¶ 97 & 103 for falsity).

now asking for a do-over.  This is improper for several reasons.

First, as this Court previously has held, sur-replies "are heavily disfavored" and "often amount to little more than a strategic effort by the nonmovant to have the last word on a matter." *Flores v. United Rd. Services Midwest, Inc.*, No. 5:19-cv-1066-DAE, 2021 WL 9908546, at *5 (W.D. Tex. July 22, 2021) (Ezra, J.); *see also* Fact Sheet for Senior Judge David Alan Ezra, Civil Cases, Question 31 (stating that briefing is limited to an opening brief, opposition, and reply).[3]

Second, Plaintiffs do not cite, and Defendants are not aware of, any case in which a court has granted leave to file a sur-reply to address a waiver argument.  *See Windsor v. Olson*, 2019 WL 2075584, at *6-7 (N.D. Tex. May 10, 2019) (reply brief addressing waiver for the first time "is not an 'exceptional or extraordinary' circumstance warranting a sur-reply"); *see also Guilbeau v. Schlumberger Tech. Corp.*, 2022 WL 199271, at *2 (W.D. Tex. Jan. 21, 2022).  This is because waiver falls "within the scope of the matters [Plaintiffs] raised in opposition" and is therefore "well within the bounds of a proper reply brief."  *Banner Health v. Sebelius*, 905 F. Supp. 2d 174, 188 (D.D.C. 2012).

Third, the substance of the proposed sur-reply is improper.  Plaintiffs were required to separately address every statement at issue and explain why that statement was false or misleading; they failed to do so; therefore, those statements are abandoned.  Plaintiffs cannot un-abandon them by arguing that the Opposition says something that it plainly did not.  Similarly, Plaintiffs cannot undo the admission in their Opposition that the event on which they rely to plead loss causation (the CareDx verdict) did not establish that the statements at issue were false.

For these reasons, and as further discussed below, Plaintiffs' Motion should be denied.

II.    **ANALYSIS**

    A.    **Plaintiffs Improperly Attempt to Revive the Abandoned Statements by Rewriting the Opposition.**

Plaintiffs cannot use a sur-reply to un-abandon an argument left out of an opposition.  *See*

---

[3] *Available at* https://www.txwd.uscourts.gov/wp-content/uploads/2023/01/Court-Fact-Sheet-for-Senior-US-District-Judge-Ezra.pdf.

*Myzk v. North East Independent Sch. Dist.*, 2009 WL 10669308, at *20 (W.D. Tex. Oct. 27, 2009); *Windsor*, 2019 WL 2075584, at *6-7; *Banner Health*, 905 F. Supp. 2d at 188.  Abandonment occurs when an opposition brief fails to separately address each statement and explain why it is false or misleading.  *See* Reply at 2, 9 n.7 (citing cases); *see also* Motion, Ex. A at 3-4, n.4.[4] A party is not permitted to retroactively un-abandon arguments because doing so puts an unfair burden on the court and the opposing party, forcing them to guess at which statements Plaintiffs intend to preserve and their basis for claiming they are false.  *See Rossbach v. VASCO Data Sec., Int'l Inc.*, 2018 WL 4699796, at *6 (N.D. Ill. Sept. 30, 2018) ("It is of the utmost importance for Plaintiff to properly pinpoint what Defendants said that Plaintiff believes to have been unlawful. . . .  There should not be any guesswork in identifying what statements are at issue in this case.  Rule 9(b) and the PSLRA require more."); *Primo v. Pac. Biosciences of Cal., Inc.*, 940 F. Supp. 2d 1105, 1112 (N.D. Cal. 2013) ("Defendants are not required to guess at the basis of Plaintiffs' claims.").

Plaintiffs spend much of their proposed sur-reply rewriting and otherwise mischaracterizing their Opposition to "un-abandon" their claims.  First, Plaintiffs argue that they were simply being "efficient" and that it was sufficient to "identify and directly quote several such alleged misstatements as representative examples" because they subsequently "explain[ed] how" those statements were "substantially alike (if not identical)" to the Abandoned Statements. Motion, Ex. A at 1-2.  This never occurred.  The Opposition quotes just *two* statements (neither identified as "representative"): (1) an unattributed graphic comparing one metric (NPV) reported by Natera and its competitor (¶ 103); and (2) Chapman's oral statement at a September 14, 2020 conference that "Prospera generated performance data that was better than what was on the market from competitors (¶ 97).  Opp. at 8-9.  At no point do Plaintiffs explain how those two statements

---

[4] *Kusnier v. Virgin Galactic Holdings, Inc.*, 2022 WL 16745512, at *8 (E.D.N.Y. Nov. 7, 2022), on which Plaintiffs rely (Motion, Ex. A at 4) merely holds that statements are not waived "*solely* because plaintiffs addressed them via footnote" (emphasis added).  Plaintiffs did not address these abandoned statements solely via footnote – they did not address them at all.

were "identical," "substantially alike" or even "similar" to the Abandoned Statements,[5] which were made by three different people, at eleven different times, and to different audiences. Indeed, most of the Abandoned Statements address subject matter different from the statements in Paragraphs 97 and 103. *See, e.g.*, ¶ 90 (February 26, 2020 conference call statement about Medicare's decision to award Natera a more favorable "strength of evidence" ranking); ¶¶ 93, 98 (Natera's Form 10-Ks filed February 28, 2020 and February 25, 2021, stating that "published studies . . . report higher sensitivity and higher AUC"); ¶¶ 94, 96 (oral statements from mid-2020 about Natera's superior performance when detecting t-cell mediated rejection [TCMR]).

Plaintiffs similarly argue that the *Opposition* "explained why . . . each of the alleged Prospera misstatements was materially false and misleading" in the following two sentences:

> Internal emails from high-level Natera employees reveal that by late 2018, it was well known within Natera that comparisons of Bloom and Sigdel did not support representations claiming Prospera's superiority. . . . Thus, **Defendants' statements** were materially false and misleading.

Motion, Ex. A at 2-3 & n.2 (quoting Opp. at 9) (emphasis in Ex. A). But this paragraph does not even mention the Abandoned Statements, let alone, explain how they could have been rendered false or misleading by two-year-old emails that discussed different subjects.

Plaintiffs similarly argue that they did not abandon the other statements because Plaintiffs referred in certain parts of their Opposition to "statements" (plural), instead of a "statement" (singular), and because they cited generally to paragraphs of the complaint that included these statements. *See* Motion, Ex. A at 2-3. But these are exactly the sort of generalized references that other courts have held constitute abandonment. *See Talarico v. Johnson*, 2023 WL 2618255, at *14-15 (S.D. Tex. Feb. 7, 2023), *report and recommendation adopted* 2023 WL 2616104 (S.D. Tex. Mar. 21, 2023) (abandonment where plaintiff addresses three statements in a single paragraph

---

[5] Plaintiffs appear to argue that they explained how the statements were alike in this sentence on page 9 of the Opposition: "Defendants made similar statements [to those quoted in ¶¶ 97 and 103] throughout the Class Period. ¶¶90-96, 98." *See* Motion, Ex. A at 1-2 (citing Opp. at 8-9). This is an *ipse dixit* representation made without analysis or support, not an explanation of how the statements were identical. *See Gross v. AT&T Inc.*, 2021 WL 9803956, at *8 (S.D.N.Y. Sept. 27, 2021) (rejecting *ipse dixit* argument).

without explaining "how the statements are misrepresented"); *see also Black v. N. Panola School Dist.*, 461 F.3d 584, 588 n.1 (5th Cir. 2006) (abandonment where opposition fails to pursue claim).

Finally, Plaintiffs argue that they specifically mentioned certain Abandoned Statements in the Opposition (Motion, Ex. A at 3, 5), but they fail to note that they did *not* discuss these statements in the falsity section of their brief, nor did they otherwise explain how the statements were false or misleading. *See* Motion, Ex. A at 3 (quoting Opp. at 18 (scienter)); 5 (quoting Opp. at 4-5 (statement of facts), 17, n.13 (scienter), and 22 (scienter)). In many instances, the Opposition did not even describe the Abandoned Statements as false or misleading at all.

### B.    Plaintiffs Cannot Supplement Their Loss Causation Arguments Through Sur-Reply.

Plaintiffs' proposed sur-reply improperly seeks to supplement the loss causation arguments raised in the Opposition and the Complaint. To plead loss causation, Plaintiffs must point to a corrective disclosure, *i.e.*, a public statement that reveals the falsity of prior statements. *See* MtD at 25; Opp. at 22-23. In both the Opposition and the Complaint, Plaintiffs attempted to do this by pointing to the stock price decline that followed release of the jury verdict. *See* Opp. at 23. But, as Defendants explained in their Reply, this theory fails because Plaintiffs acknowledged in the Opposition that their "falsity allegations are *not* based on the jury verdict" but on the *emails* that Plaintiffs now argue were publicly disclosed *during* (not after) the trial. Opp. at 13 (emphasis added); *see also Parker v. Hyperdynamics Corp.*, 126 F. Supp. 3d 830, 841-42, 854 (S.D. Tex. 2015) (disclosure that is merely consistent with alleged fraud is not a corrective disclosure). Here, since Plaintiffs do not allege that the stock price fell immediately after public disclosure of the emails, Plaintiffs cannot rely on them to plead loss causation.

Plaintiffs complain that Defendants raised this argument for the first time on Reply, but Defendants *could not* have raised it earlier because Plaintiffs did not disclaim the verdict until their Opposition. *Compare* ¶ 104 (alleging that "the jury verdict . . . is further evidence that Defendants' statements were materially false or misleading when made"), *with* Opp. at 13 (arguing that they were not using the verdict to plead falsity). As Plaintiffs concede, the entire "point of a reply brief

5

is to reply to" the arguments in an opposition. *See* Motion, Ex. A at 6; *see also Banner Health*, 905 F. Supp. 2d at 188 (any argument that falls "within the scope of matters [Plaintiffs'] raised in opposition" is "well within the bounds of a proper reply brief").[6]

## III.    CONCLUSION

For the foregoing reasons, this Court should deny Plaintiffs' Motion and strike Exhibit A.

Dated: May 17, 2023

**KATTEN MUCHIN ROSENMAN LLP**

*/s/    Bruce G. Vanyo*
Bruce G. Vanyo (admitted *pro hac vice*)
Christina L. Costley (admitted *pro hac vice*)
Paul S. Yong (admitted *pro hac vice*)
2029 Century Park East, Suite 2600
Los Angeles, CA 90067
Tel: (310) 788-4400
Fax: (310) 788-4471
bruce@katten.com
christina.costley@katten.com
paul.yong@katten.com

Kelly D. Hine
Texas State Bar No. 24002290
Megan C. McKennon
Texas State Bar No. 24102184
2121 N. Pearl Street, Suite 1100
Dallas, TX 75201
Tel: (214) 765-3600
Fax: (214) 765-3602
kelly.hine@katten.com

---

[6] Defendants must also address Plaintiffs' claim that, by arguing in a footnote of the Reply that the market was already aware that Natera used a third party vendor, Defendants "directly contradicted" their assertion in the Motion to Dismiss that Plaintiffs had not identified "any statements in which Natera discussed MGML at all." Motion, Ex. A at 7. But Defendants are not arguing that *Natera* disclosed use of MGML, they are arguing (as they did in the Motion to Dismiss) that *Capitol Forum* did. *See* MtD at 7, 29 (arguing that Capitol Forum publicized the Hindenburg allegations in December 2020).

megan.mckennon@katten.com

*Counsel for Defendants Natera, Inc., Steve Chapman, Michael Brophy, Matthew Rabinowitz, Paul Billings, Roy Baynes, Monica Bertagnolli, Roelof F. Botha, Rowan Chapman, Todd Cozzens, James I. Healy, Gail Marcus, Herm Rosenman, and Jonathan Sheena*

– and –

**O'MELVENY & MYERS LLP**

/s/     Danny S. Ashby
Danny S. Ashby
Texas State Bar No. 01370960
dashby@omm.com
2501 N. Harwood Street, Suite 1700
Dallas, Texas 75201
Tel:  (972) 360-1900
Fax:  (972) 360-1901

Jonathan Rosenberg (admitted *pro hac vice*)
jrosenberg@omm.com
Times Square Tower, 7 Times Square
New York, New York 10036
Tel:  (212) 326-2000
Fax:  (212) 326-2061

*Counsel for Defendants Morgan Stanley & Co. LLC, Goldman Sachs & Co. LLC, Cowen and Company, LLC, SVB Leerink LLC, Robert W. Baird & Co., BTIG, LLC, and Craig-Hallum Capital Group LLC*

7

## CERTIFICATE OF SERVICE

I hereby certify that copy of the foregoing document was filed with the Court's electronic case filing (ECF) filing system on May 17, 2023 which caused an electronic copy of that document to be served on all counsel of record who have appeared in this matter.

/s/      *Bruce G. Vanyo*
Bruce G. Vanyo