**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF TEXAS**

| | |
|---|---|
| JOHN HARVEY SCHNEIDER, Individually and on Behalf of All Others Similarly Situated,<br><br>     Plaintiff,<br><br> v.<br><br>NATERA, INC., STEVE CHAPMAN, MICHAEL BROPHY, MATTHEW RABINOWITZ, and RAMESH HARIHARAN,<br><br>     Defendants. | Case No. 1:22-cv-00398-DAE |

### PLAINTIFFS' REPLY IN FURTHER SUPPORT OF THEIR
### OPPOSED MOTION FOR LEAVE TO FILE AN OMNIBUS SURREPLY

Plaintiffs' Motion[1] establishes that this case presents the "exceptional or extraordinary circumstances" warranting a surreply to Defendants' Replies. *See Donnelly v. Nissan Motor Co., Ltd.*, 2019 WL 6340153, at *2 (W.D. Tex. Nov. 26, 2019). Defendants' opposition ("Opp. to Mot. for Surreply," ECF No. 98) provides no ground to deny Plaintiffs' Motion. Rather, Defendants' arguments confirm that their claims on reply that Plaintiffs have "abandoned" the bulk of the false and misleading statements asserted in the Amended Complaint are simply wrong, and premised on a lack of fidelity to the plain text of Plaintiffs' Opposition.

As a threshold matter, Defendants barely grapple with the only question that matters for purposes of determining whether to grant Plaintiffs leave here—did Defendants' Replies raise new arguments, supporting a surreply under Fifth Circuit law? Courts permit surreplies to enable non-

---

[1]   Capitalized terms have the meanings ascribed to them in Plaintiffs' Motion (ECF No. 97).

movants to respond to new arguments and to correct inaccuracies raised in a reply brief, ***including***

***claims of waiver***. *See Manuel v. Merchants and Prof'l Bureau, Inc.*, Case No. 19-50814, ECF Nos.

48-1 at 3 (5th Cir. Jan. 21, 2020) & 53-2 (5th Cir. Mar. 2, 2020) (allowing surreply where

appellants' reply brief argued appellee waived "one of [its] principal arguments" and appellee

"request[ed] permission to file a sur-reply in order to direct the [c]ourt to the portions of the record,

as well as caselaw, which demonstrate that there has been no waiver"); *see also Donnelly*, 2019

WL 6340153, at *1-2 (allowing surreply where plaintiffs argued reply "contain[ed] matters that

require correction and response" and that they "did not previously have the opportunity to

address"); Motion 2.[2] Defendants do not dispute that their Replies raised new arguments about

waiver, loss causation, and materiality. Opp. to Mot. for Surreply 5 (acknowledging, for example,

"that Defendants raised [loss causation] argument for the first time on Reply"). Due to Defendants'

new arguments alone, the Court should grant Plaintiffs' Motion.[3]

Going further, Defendants' strained explanations for their contention that Plaintiffs have

"abandoned" claims based on all but two alleged Prospera misstatements cannot withstand

scrutiny. Several of Defendants' assertions make no sense. For example, Defendants claim

Plaintiffs "abandoned" 11 of the 13 alleged Prospera misstatements, yet they concede that

---

[2]     Defendants' authorities are easily distinguishable. Opp. to Mot. for Surreply 1-2. In *Windsor v. Olson*, defendants' reply addressed points plaintiffs made in their responsive brief "without raising new grounds for relief." 2019 WL 2075584, at *7 (N.D. Tex. May 10, 2019). In *Guilbeau v. Schlumberger Tech. Corp.*, the court did not permit a surreply to address a single case because the court "neither relied upon [it] nor found a need to address [it]." 2022 WL 199271, at *2 (W.D. Tex. Jan. 21, 2022). In *Banner Health v. Sebelius*, the court found defendants' wavier argument permissible on reply due to "[p]laintiffs' repeated, unambiguous denials of any intent to challenge the Secretary's reopening determinations." 905 F. Supp. 2d 174, 188 (D.D.C. 2012).

[3]     By contrast, in *Flores v. United Road Servs. Midwest, Inc.*, the Court did not permit a surreply to address arguments made in a reply brief where plaintiff "d[id] *not* assert that [d]efendant raised th[o]se arguments for the first time in its [r]eply" and "already had an opportunity to respond to them." 2021 WL 9908546, at *6 (W.D. Tex. July 22, 2021) (Ezra, J.) (emphasis in original).

Plaintiffs explicated and defended their scienter allegations as to *all 13* of those alleged misstatements. Opp. to Mot. for Surreply 1. Defendants are silent about why Plaintiffs would continue to defend elements of claims they had abandoned.[4] Equally faulty is Defendants' assertion that Plaintiffs did not address in the falsity section of the Opposition certain statements Defendants claim Plaintiffs have abandoned. Opp. to Mot. for Surreply 5. That section in fact dedicated considerable space to directly rebutting Defendants' arguments that *all* the alleged Prospera misstatements were not actionable, including the supposedly abandoned ones. *See, e.g.*, Proposed Surreply (ECF No. 97-1) 3, 4-5 (citing Opp. 10-11 (arguing "Natera's website statements" are actionable); *id.* 11 n.6 (arguing statements made in the investor presentation and 8-K actionable); *id.* 11-12 (arguing the existence of the Huang Study did not render alleged Prospera misstatements inactionable, and citing "¶¶91, 95, 100-03"); *id.* 12-13 (rebutting argument that Defendants' "oral statements" regarding Prospera were inactionable)).

Defendants' remaining arguments—which are irrelevant to whether the Court should grant Plaintiffs leave to file their Proposed Surreply—fare no better. For example, in their Motion and Proposed Surreply, Plaintiffs established how, contrary to Defendants' "abandonment" premise, the Opposition properly identified the bases for falsity, and how those bases applied to all of the highly-similar Prospera misstatements. *See* Motion 2-3; Proposed Surreply 2-3. Defendants disagree, arguing that the Opposition does not actually explain how the supposedly abandoned statements are, in fact, similar to the statements Defendants say were not abandoned. Opp. to Mot. for Surreply 3-4. They are demonstrably incorrect: in fact, quoting ¶97 (one of the two statements

---

[4]    Even if Defendants' threadbare assertion were correct, their manufactured "abandonment" argument would still not warrant dismissal, as the Fifth Circuit encourages district courts to construe procedural rules with a "preference toward resolving the case on the merits and avoiding any dismissal based on a technicality." *Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 337 (5th Cir. 2017).

Defendants claim remains in the case), Plaintiffs explained that "***Defendants made similar statements throughout the Class Period***" and cited ¶¶90-96, 98. Opp. 9. Likewise, after quoting ¶103 (the Prospera website statement Defendants claim is left in the case), the Opposition cited to the paragraphs ("¶¶100-02") in which all other alleged Prospera website misstatements were alleged. Opp. 8-9. And on page 18 of the Opposition, Plaintiffs argued that "[d]uring the Class Period, Defendants made 13 detailed statements . . . ***claiming Prospera's purported clinical superiority over AlloSure***[.]" Plaintiffs amply allege and argue the similarity of these statements.

Finally, Defendants argue that a single paragraph on page 9 of the Opposition wherein Plaintiffs articulated ***why*** Defendants' Prospera statements were false and misleading "does not even mention the Abandoned Statements, let alone explain how they could have been rendered false or misleading." Opp. to Mot. for Surreply 4 (citing portion of first full paragraph of Opp. 9). But that paragraph does not cite or quote from ***any*** of the alleged misstatements, and understandably so—***it directly follows a paragraph that quotes and/or cites all of the alleged Prospera misstatements***, and then goes on to explain why those statements were false and misleading.[5]

As these examples make clear, Defendants have failed to establish a basis to deny Plaintiffs leave to file their Proposed Surreply. Plaintiffs thus respectfully request that their Motion be granted.

Dated: May 24, 2023                          Respectfully submitted,

                                             **NIX PATTERSON, LLP**

                                             *S/ Jessica Underwood*
                                             Jessica Underwood (Bar No. 24093291)
                                             8701 Bee Cave Road

---

[5]     In addition, and as explained in the Proposed Surreply, Defendants' new loss causation argument (Opp. to Mot. for Surreply 4-5) fails, including because it is based upon the incorrect premise that Plaintiffs abandoned all reliance on the CareDx Trial verdict. Proposed Surreply 6-7.

Austin, TX 78746
Telephone: (512) 328-5333
Facsimile: (512) 495-1534
junderwood@nixlaw.com

*Liaison Counsel for Lead Plaintiff British
Airways Pension Trustees Limited*

**KESSLER TOPAZ
 MELTZER & CHECK, LLP**

Gregory M. Castaldo (admitted *pro hac vice*)
Joshua E. D'Ancona (admitted *pro hac vice*)
Joshua A. Materese (admitted *pro hac vice*)
Evan R. Hoey (admitted *pro hac vice*)
280 King of Prussia Road
Radnor, PA 19087
Telephone: (610) 667-7706
Facsimile: (610) 667-7056
gcastaldo@ktmc.com
jdancona@ktmc.com
jmaterese@ktmc.com
ehoey@ktmc.com

*Lead Counsel for Lead Plaintiff British Airways
Pension Trustees Limited*

**BERNSTEIN LITOWITZ BERGER &
GROSSMANN LLP**

Lauren McMillen Ormsbee
(*admitted pro hac vice*)
1251 Avenue of the Americas, 44th Floor
New York, NY 10020
(212) 554-1400
lauren@blbglaw.com

*Counsel for Additional Named Plaintiff Key West
Police & Fire Pension Fund*

5

## **CERTIFICATE OF SERVICE**

I certify that on May 24, 2023, I caused a true and correct copy of the foregoing to be electrically filed with the Clerk of the Court using the CM/ECF system. Notice of this filing will be sent to counsel of record by operation of the Court's electronic filing system.

*S/ Jessica Underwood*
Jessica Underwood