## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| JOHN HARVEY SCHNEIDER, Individually and on Behalf of All Others Similarly Situated, *et al.* | § § § § | |
| Plaintiff | § § | |
| v. | § § | Case No. 1:22-CV-398-DAE |
| NATERA, INC., *et al.*, | § § | |
| Defendants. | § § | |

## THE UNDERWRITER DEFENDANTS' ANSWER TO THE AMENDED CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

Defendants Morgan Stanley & Co. LLC, Goldman Sachs & Co. LLC, Cowen and Company, LLC, SVB Leerink LLC, Robert W. Baird & Co., BTIG, LLC, and Craig-Hallum Capital Group LLC (collectively, the "Underwriter Defendants") by and through their undersigned counsel, hereby answer and assert defenses to the Amended Class Action Complaint for Violations of the Federal Securities Laws (the "Complaint") filed by Lead Plaintiff British Airways Pension Trusteed Limited and additional Plaintiff Key West Police & Fire Pension Fund (collectively, the "Plaintiffs").

## RESPONSES TO NUMBERED PARAGRAPHS

In collectively responding to the Complaint's allegations, the Underwriter Defendants: (i) incorporate into each such response a denial of all allegations in the Complaint (including those outside the Underwriter Defendants' knowledge or information) to the extent they assert or suggest that Natera's July 2021 secondary public offering (the "SPO") materials (i.e., the July 20, 2021 Registration Statement and the July 22, 2021 Prospectus, together, the "Offering Documents") were false or misleading in any respect, or to the extent they assert any factual

allegations that are inconsistent with or contrary to the Offering Documents, to which the Underwriter Defendants refer for a complete and accurate statement of their contents; (ii) deny any allegations in the headings and subheadings of the Complaint; and (iii) in all events, intend to respond only as to allegations directed at each of them individually, and none of them should be deemed to be responding to allegations that are directed solely to other defendants (including without limitation other Underwriter Defendants), or responding to claims based on Natera's non-invasive kidney transplant rejection test, Prospera, which the Court has dismissed. *See* ECF No. 104.

Numbered paragraphs below correspond to the like-numbered paragraphs in the Complaint. The Underwriter Defendants respond to these specific allegations as follows:

1.       Paragraph 1 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Count IV of the Complaint, which expressly incorporates only Paragraphs 245–284 and 293–304, and expressly excludes Paragraphs 1–244. *See* Complaint ¶ 293. Additionally, no response to Paragraph 1 is required to the extent it contains allegations relating to Plaintiffs' Prospera-based claims, which the Court has dismissed. *See* ECF No. 104. To the extent a response is required, the Underwriter Defendants deny Paragraph 1 completely and accurately describes Natera's business, except admit that Natera's 2020 Form 10-K states that Natera is a diagnostics company with proprietary molecular and bioinformatics technology that offers a range of blood tests that measure cell-free DNA to screen for, among other things, cancer, fetal abnormalities, and organ transplant rejections; that Natera's business focuses on women's health, oncology, and organ health is a clinical testing company that offers a range of blood tests that measure cell-free DNA to screen for, among other things, cancer, fetal

abnormalities, and organ transplant rejections; and that Panorama, Natera's NIPT product, was launched in 2013, as more fully described in Natera's 2020 Form 10-K, to which the Underwriter Defendants respectfully the Court.

2.       Paragraph 2 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Count IV of the Complaint, which expressly incorporates only Paragraphs 245–284 and 293–304, and expressly excludes Paragraphs 1–244.  *See* Complaint ¶ 293.  Additionally, no response to Paragraph 2 is required to the extent it contains allegations relating to Plaintiffs' Prospera-based claims, which the Court has dismissed.  *See* ECF No. 104.  To the extent a response is required, the Underwriter Defendants deny Paragraph 2 completely and accurately describes Natera's business, except admit that Natera's 2020 Form 10-K states Panorama, along with its non-NIPT product Horizon, accounted for a significant part of Natera's revenues in 2020, as more fully described in Natera's 2020 Form 10-K.

3.       Paragraph 3 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Count IV of the Complaint, which expressly incorporates only Paragraphs 245–284 and 293–304, and expressly excludes Paragraphs 1–244.  *See* Complaint ¶ 293.  Additionally, no response to Paragraph 3 is required because it only contains allegations relating to Plaintiffs' Prospera-based claims, which the Court has dismissed.  *See* ECF No. 104.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 3, and respectfully refer to this Court's September 11, 2023 decision regarding Prospera, Natera's statements of the Prospera clinical study data, and the clinical data related to AlloSure.

4. Paragraph 4 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Count IV of the Complaint, which expressly incorporates only Paragraphs 245–284 and 293–304, and expressly excludes Paragraphs 1–244. *See* Complaint ¶ 293. Additionally, no response to Paragraph 4 is required because it only contains allegations relating to Plaintiffs' Prospera-based claims, which the Court has dismissed. *See* ECF No. 104. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 4, and respectfully refer to this Court's September 11, 2023 decision regarding Prospera, Natera's statements of the Prospera clinical study data, and the clinical data related to AlloSure.

5. Paragraph 5 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Count IV of the Complaint, which expressly incorporates only Paragraphs 245–284 and 293–304, and expressly excludes Paragraphs 1–244. *See* Complaint ¶ 293. Additionally, no response to Paragraph 5 is required because it only contains allegations relating to Plaintiffs' Prospera-based claims, which the Court has dismissed. *See* ECF No. 104. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 5, and respectfully refer to this Court's September 11, 2023 decision regarding Prospera, Natera's statements of the Prospera clinical study data, and the clinical data related to AlloSure.

6. Paragraph 6 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Count IV of the Complaint, which expressly incorporates only Paragraphs 245–284 and 293–304, and expressly excludes Paragraphs 1–244. *See* Complaint ¶ 293. Additionally, no response to Paragraph 6 is required because it only contains allegations relating to Plaintiffs' Prospera-

based claims, which the Court has dismissed. *See* ECF No. 104. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 6, and respectfully refer to this Court's September 11, 2023 decision regarding Prospera, Natera's statements of the Prospera clinical study data, and the clinical data related to AlloSure.

7.    Paragraph 7 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Count IV of the Complaint, which expressly incorporates only Paragraphs 245–284 and 293–304, and expressly excludes Paragraphs 1–244. *See* Complaint ¶ 293. Additionally, no response to Paragraph 7 is required because it only contains allegations relating to Plaintiffs' Prospera-based claims, which the Court has dismissed. *See* ECF No. 104. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 7, and respectfully refer to this Court's September 11, 2023 decision regarding Prospera, Natera's statements of the Prospera clinical study data, and the clinical data related to AlloSure.

8.    Paragraph 8 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Count IV of the Complaint, which expressly incorporates only Paragraphs 245–284 and 293–304, and expressly excludes Paragraphs 1–244. *See* Complaint ¶ 293. Additionally, no response to Paragraph 8 is required because it only contains allegations relating to Plaintiffs' Prospera-based claims, which the Court has dismissed. *See* ECF No. 104. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 8, and respectfully refer to this Court's September 11, 2023 decision regarding Prospera, Natera's statements of the Prospera clinical study data, and the clinical data related to AlloSure.

9.      Paragraph 9 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Count IV of the Complaint, which expressly incorporates only Paragraphs 245–284 and 293–304, and expressly excludes Paragraphs 1–244. *See* Complaint ¶ 293.  Additionally, no response to Paragraph 9 is required to the extent it contains allegations relating to Plaintiffs' Prospera-based claims, which the Court has dismissed. *See* ECF No. 104.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 9, except admit that Natera's Offering Documents state that Panorama is an NIPT that utilizes molecular and bioinformatics technology to screen for disorders caused by the presence of an extra or missing full chromosome (aneuploidies), including Down syndrome, Patau syndrome, and Edward syndrome, as more fully described in the Offering Documents, to which the Underwriter Defendants respectfully refer the Court.

10.     Paragraph 10 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Count IV of the Complaint, which expressly incorporates only Paragraphs 245–284 and 293–304, and expressly excludes Paragraphs 1–244. *See* Complaint ¶ 293.  To the extent a response is required, the Underwriter Defendants (i) deny that Paragraph 10 completely and accurately describes Natera's business with respect to microdeletion screening, except admit that the Offering Documents state that Natera offers a cell-free DNA test that screens for microdeletions, i.e., disorders caused by missing pieces of DNA within a single chromosome, as more fully described in the Offering Documents, to which the Underwriter Defendants respectfully refer the Court; and (ii) deny knowledge or information sufficient to form a

6

belief as to the truth or falsity of whether "tests were uniformly covered by a patient's medical insurance" and "coverage is often rejected."

11.     Paragraph 11 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Count IV of the Complaint, which expressly incorporates only Paragraphs 245–284 and 293–304, and expressly excludes Paragraphs 1–244. *See* Complaint ¶ 293.  To the extent a response is required, the Underwriter Defendants deny that Paragraph 11 completely and accurately describes Natera's business and history with respect to Panorama, except admit that Paragraph 11 purports to quote a portion of an August 5, 2020 press release and a February 25, 2021 Natera earnings call, and respectfully refer the Court to Natera's August 5, 2020 press release and to a transcript of the February 25, 2021 earnings call for a complete and accurate statement of their respective contents.

12.     Paragraph 12 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Count IV of the Complaint, which expressly incorporates only Paragraphs 245–284 and 293–304, and expressly excludes Paragraphs 1–244. *See* Complaint ¶ 293.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 12.

13.     Paragraph 13 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Count IV of the Complaint, which expressly incorporates only Paragraphs 245–284 and 293–304, and expressly excludes Paragraphs 1–244. *See* Complaint ¶ 293.  To the extent a response is required, the Underwriter Defendants deny that Paragraph 13 completely and accurately describes Natera's business, and respectfully refer the Court to the Offering Documents and

Natera's public filings with the SEC for a description of Natera's third-party prior-authorization request practices, except admit at the time of the SPO, Natera worked with MGML to assist providers with submitting certain prior authorization requests for Panorama.

14.    Paragraph 14 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Count IV of the Complaint, which expressly incorporates only Paragraphs 245–284 and 293–304, and expressly excludes Paragraphs 1–244. *See* Complaint ¶ 293.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 14, except admit that Natera's 2020 Form 10-K states that (i) diseases caused by microdeletions are often not detected via common screening techniques, and that Panorama's microdeletions panel screens for five of the most common genetic diseases caused by microdeletions– 22q11.2 deletion syndrome (DiGeorge syndrome), 1p36 deletion, Angelman syndrome, Cri-du-chat syndrome, and Prader-Willi syndrome; (ii) Natera submits for reimbursement using CPT codes based on the guidance of coding experts and legal counsel; and (iii) there has been a significant increase in the number of commercial third-party payers that cover the use of Panorama in the average-risk population, as well as an increasing number of state Medicaid payers with a positive coverage determination for NIPT for average-risk pregnancies, as more fully described in Natera's 2020 Form 10-K, to which the Underwriter Defendants respectfully refer the Court.

15.    Paragraph 15 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Count IV of the Complaint, which expressly incorporates only Paragraphs 245–284 and 293–304, and expressly excludes Paragraphs 1–244. *See* Complaint ¶ 293.  Additionally, no response to

Paragraph 15 is required to the extent it contains allegations relating to Plaintiffs' Prospera-based claims, which the Court has dismissed. *See* ECF No. 104. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 15, except admit based on information and belief that the adjusted closing price for Natera stock on February 26, 2020 was $34.77, and respectfully refer the Court to public market sources for a true and accurate record of the closing prices in September 2021.

16. Paragraph 16 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Count IV of the Complaint, which expressly incorporates only Paragraphs 245–284 and 293–304, and expressly excludes Paragraphs 1–244. *See* Complaint ¶ 293. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 16, except admit that (i) in July 2021, Natera's board authorized the SPO, of 5.175 million shares of stock at $113 per share, generating approximately $551.2 million net of the underwriting discount (before offering expenses of $0.4 million); and (ii) Natera completed in September 2020 a public equity offering of Natera shares at $60 per share, generating $271 million net of the underwriting discount (before offering expenses of $0.3 million), as more fully described in Natera's 2021 Form 10-K, to which the Underwriter Defendants respectfully refer the Court.

17. Paragraph 17 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Count IV of the Complaint, which expressly incorporates only Paragraphs 245–284 and 293–304, and expressly excludes Paragraphs 1–244. *See* Complaint ¶ 293. Paragraph 17 also states a legal conclusion to which no response is required. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 17, except admit that Messrs.

Chapman, Brophy, and Rabinowitz were part of Natera's executive management at the time of the SPO.

18.    Paragraph 18 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Count IV of the Complaint, which expressly incorporates only Paragraphs 245–284 and 293–304, and expressly excludes Paragraphs 1–244.  *See* Complaint ¶ 293.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 18, except admit that Paragraph 18 purports to reference unproven allegations in a report by a short seller, Hindenburg, and respectfully refer the Court to that report for a complete statement of its contents.  To the extent Paragraph 18 purports to describe disclosures or filings by Natera in March of 2022, the Underwriter Defendants respectfully refer the Court to those filings.

19.    Paragraph 19 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Count IV of the Complaint, which expressly incorporates only Paragraphs 245–284 and 293–304, and expressly excludes Paragraphs 1–244.  *See* Complaint ¶ 293.  Additionally, no response to Paragraph 19 is required because it only contains allegations relating to Plaintiffs' Prospera-based claims, which the Court has dismissed.  *See* ECF No. 104.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 19, and respectfully refer to this Court's September 11, 2023 decision regarding Prospera, Natera's statements of the Prospera clinical study data, and the clinical data related to AlloSure.

20.    Paragraph 20 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Count IV of the Complaint, which expressly incorporates only Paragraphs 245–284 and 293–304, and

10

expressly excludes Paragraphs 1–244. *See* Complaint ¶ 293. Additionally, no response to Paragraph 20 is required to the extent it contains allegations relating to Plaintiffs' Prospera-based claims, which the Court has dismissed. *See* ECF No. 104. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 20, except respectfully refer the Court to public market sources for a true and accurate record of the closing stock price on the relevant days.

21.     Because Paragraph 21 contains no factual allegations, no response is required.

22.     Paragraph 22 states a legal conclusion to which no response is required. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 22, except admit that Plaintiffs purport to bring this action under the statutes cited therein.

23.     Paragraph 23 states a legal conclusion to which no response is required. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 23, except admit that Plaintiffs purport to base jurisdiction over this action on the statutes cited therein.

24.     Paragraph 24 states a legal conclusion to which no response is required. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 24, except admit that Plaintiffs purport to base venue over this action on the statutes cited therein.

25.     The Underwriter Defendants deny the allegations in Paragraph 25.

26.     Paragraph 26 states a legal conclusion to which no response is required. To the extent a response is required, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 26

regarding Plaintiff BAPTL's company affairs, except admit that Plaintiff BAPTL claims to have purchased Natera common stock.

27.    Paragraph 27 states a legal conclusion to which no response is required.  To the extent a response is required, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 27 regarding Plaintiff Key West P&F's company affairs, except admit that Plaintiff Key West P&F claims to have purchased Natera common stock.

28.    The Underwriter Defendants deny that Paragraph 28 completely and accurately describes Natera's business and operations, except admit that (i) Natera was formed as Gene Security Network, LLC in November 2003 and incorporated in the state of Delaware in January 2007; (ii) Natera's principal offices are located in Austin, Texas; (iii) Natera is a diagnostics company with proprietary molecular and bioinformatics technology that offers a range of blood tests that measure cell-free DNA to screen for, among other things, cancer, fetal abnormalities, and organ transplant rejections; (iv) Natera's business focuses on women's health, oncology, and organ health; (v) Natera's common stock trades on the NASDAQ under the ticker symbol "NTRA"; and (vi) Natera went public in 2015.

29.    The Underwriter Defendants admit that Mr. Chapman served as Natera's CEO at the time of the SPO, and otherwise respectfully refer the Court to the Offering Documents, Natera's 2020 Form 10-K, and Natera's other filings with the SEC for a complete and accurate description of Mr. Chapman's employment with, and positions held at, Natera.  To the extent Paragraph 29 purports to quote or describe information from Natera's website, the Underwriter Defendants respectfully refer the Court to those webpages.

30.     The Underwriter Defendants admit that Mr. Brophy served as Natera's CFO at the time of the SPO, and otherwise respectfully refer the Court to the Offering Documents, Natera's 2020 Form 10-K, and Natera's other filings with the SEC for a complete and accurate description of Mr. Brophy's employment with, and positions held at, Natera.  To the extent Paragraph 30 purports to quote or describe information from Natera's website, the Underwriter Defendants respectfully refer the Court to those webpages.

31.     The Underwriter Defendants admit that Mr. Rabinowitz served as Natera's Executive Chairman at the time of the SPO and otherwise respectfully refer the Court to Natera's filings with the SEC for a complete and accurate description of Mr. Chapman's employment with, and positions held at, Natera.  To the extent Paragraph 31 purports to quote or describe information from Natera's website, the Underwriter Defendants respectfully refer the Court to those webpages.

32.     The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 32 regarding Dr. Billings' resignation, but admit on information and belief that Dr. Paul Billings was appointed as Chief Medical Officer by Natera in April of 2018, and otherwise deny the allegations in Paragraph 32.

33.     Because Paragraph 33 contains no factual allegations, no response is required.

34.     Paragraph 34 states a legal conclusion to which no response is required.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 34, and respectfully refer the Court to the Offering Materials and Natera's 2020 Form 10-K for a description of the Executive Defendants' respective roles at Natera.

13

35.    Paragraph 35 states a legal conclusion to which no response is required.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 35.

36.    Because Paragraph 36 contains no factual allegations, no response is required.

37.    Paragraph 37 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Count IV of the Complaint, which expressly incorporates only Paragraphs 245–284 and 293–304, and expressly excludes Paragraphs 1–244.  *See* Complaint ¶ 293.  Additionally, no response to Paragraph 37 is required because it only contains allegations relating to Plaintiffs' Prospera-based claims, which the Court has dismissed.  *See* ECF No. 104.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 37, and respectfully refer to this Court's September 11, 2023 decision regarding Prospera, Natera's statements of the Prospera clinical study data, and the clinical data related to AlloSure.

38.    Paragraph 38 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Count IV of the Complaint, which expressly incorporates only Paragraphs 245–284 and 293–304, and expressly excludes Paragraphs 1–244.  *See* Complaint ¶ 293.  Additionally, no response to Paragraph 38 is required because it only contains allegations relating to Plaintiffs' Prospera-based claims, which the Court has dismissed.  *See* ECF No. 104.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 38, and respectfully refer to this Court's September 11, 2023 decision regarding Prospera, Natera's statements of the Prospera clinical study data, and the clinical data related to AlloSure.

39.     Paragraph 39 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Count IV of the Complaint, which expressly incorporates only Paragraphs 245–284 and 293–304, and expressly excludes Paragraphs 1–244. *See* Complaint ¶ 293. Additionally, no response to Paragraph 39 is required because it only contains allegations relating to Plaintiffs' Prospera-based claims, which the Court has dismissed. *See* ECF No. 104. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 39, and respectfully refer to this Court's September 11, 2023 decision regarding Prospera, Natera's statements of the Prospera clinical study data, and the clinical data related to AlloSure.

40.     Paragraph 40 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Count IV of the Complaint, which expressly incorporates only Paragraphs 245–284 and 293–304, and expressly excludes Paragraphs 1–244. *See* Complaint ¶ 293. Additionally, no response to Paragraph 40 is required because it only contains allegations relating to Plaintiffs' Prospera-based claims, which the Court has dismissed. *See* ECF No. 104. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 40, and respectfully refer to this Court's September 11, 2023 decision regarding Prospera, Natera's statements of the Prospera clinical study data, and the clinical data related to AlloSure.

41.     Paragraph 41 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Count IV of the Complaint, which expressly incorporates only Paragraphs 245–284 and 293–304, and expressly excludes Paragraphs 1–244. *See* Complaint ¶ 293. Additionally, no response to Paragraph 41 is required because it only contains allegations relating to Plaintiffs' Prospera-

based claims, which the Court has dismissed. *See* ECF No. 104. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 41, and respectfully refer to this Court's September 11, 2023 decision regarding Prospera, Natera's statements of the Prospera clinical study data, and the clinical data related to AlloSure.

42. Paragraph 42 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Count IV of the Complaint, which expressly incorporates only Paragraphs 245–284 and 293–304, and expressly excludes Paragraphs 1–244. *See* Complaint ¶ 293. Additionally, no response to Paragraph 42 is required because it only contains allegations relating to Plaintiffs' Prospera-based claims, which the Court has dismissed. *See* ECF No. 104. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 42, and respectfully refer to this Court's September 11, 2023 decision regarding Prospera, Natera's statements of the Prospera clinical study data, and the clinical data related to AlloSure.

43. Paragraph 43 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Count IV of the Complaint, which expressly incorporates only Paragraphs 245–284 and 293–304, and expressly excludes Paragraphs 1–244. *See* Complaint ¶ 293. Additionally, no response to Paragraph 43 is required because it only contains allegations relating to Plaintiffs' Prospera-based claims, which the Court has dismissed. *See* ECF No. 104. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 43, and respectfully refer to this Court's September 11, 2023 decision regarding Prospera, Natera's statements of the Prospera clinical study data, and the clinical data related to AlloSure.

44.     Paragraph 44 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Count IV of the Complaint, which expressly incorporates only Paragraphs 245–284 and 293–304, and expressly excludes Paragraphs 1–244. *See* Complaint ¶ 293. Additionally, no response to Paragraph 44 is required because it only contains allegations relating to Plaintiffs' Prospera-based claims, which the Court has dismissed. *See* ECF No. 104. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 44, and respectfully refer to this Court's September 11, 2023 decision regarding Prospera, Natera's statements of the Prospera clinical study data, and the clinical data related to AlloSure.

45.     Paragraph 45 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Count IV of the Complaint, which expressly incorporates only Paragraphs 245–284 and 293–304, and expressly excludes Paragraphs 1–244. *See* Complaint ¶ 293. Additionally, no response to Paragraph 45 is required because it only contains allegations relating to Plaintiffs' Prospera-based claims, which the Court has dismissed. *See* ECF No. 104. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 45, and respectfully refer to this Court's September 11, 2023 decision regarding Prospera, Natera's statements of the Prospera clinical study data, and the clinical data related to AlloSure.

46.     Paragraph 46 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Count IV of the Complaint, which expressly incorporates only Paragraphs 245–284 and 293–304, and expressly excludes Paragraphs 1–244. *See* Complaint ¶ 293. Additionally, no response to Paragraph 46 is required because it only contains allegations relating to Plaintiffs' Prospera-

based claims, which the Court has dismissed.  *See* ECF No. 104.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 46, and respectfully refer to this Court's September 11, 2023 decision regarding Prospera, Natera's statements of the Prospera clinical study data, and the clinical data related to AlloSure.

47.    Paragraph 47 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Count IV of the Complaint, which expressly incorporates only Paragraphs 245–284 and 293–304, and expressly excludes Paragraphs 1–244.  *See* Complaint ¶ 293.  Additionally, no response to Paragraph 47 is required because it only contains allegations relating to Plaintiffs' Prospera-based claims, which the Court has dismissed.  *See* ECF No. 104.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 47, and respectfully refer to this Court's September 11, 2023 decision regarding Prospera, Natera's statements of the Prospera clinical study data, and the clinical data related to AlloSure.

48.    Paragraph 48 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Count IV of the Complaint, which expressly incorporates only Paragraphs 245–284 and 293–304, and expressly excludes Paragraphs 1–244.  *See* Complaint ¶ 293.  Additionally, no response to Paragraph 48 is required because it only contains allegations relating to Plaintiffs' Prospera-based claims, which the Court has dismissed.  *See* ECF No. 104.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 48, and respectfully refer to this Court's September 11, 2023 decision regarding Prospera, Natera's statements of the Prospera clinical study data, and the clinical data related to AlloSure.

49.    Paragraph 49 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Count IV of the Complaint, which expressly incorporates only Paragraphs 245–284 and 293–304, and expressly excludes Paragraphs 1–244. *See* Complaint ¶ 293.  Additionally, no response to Paragraph 49 is required because it only contains allegations relating to Plaintiffs' Prospera-based claims, which the Court has dismissed.  *See* ECF No. 104.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 49, and respectfully refer to this Court's September 11, 2023 decision regarding Prospera, Natera's statements of the Prospera clinical study data, and the clinical data related to AlloSure.

50.    Paragraph 50 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Count IV of the Complaint, which expressly incorporates only Paragraphs 245–284 and 293–304, and expressly excludes Paragraphs 1–244. *See* Complaint ¶ 293.  Additionally, no response to Paragraph 50 is required because it only contains allegations relating to Plaintiffs' Prospera-based claims, which the Court has dismissed.  *See* ECF No. 104. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 50, and respectfully refer to this Court's September 11, 2023 decision regarding Prospera, Natera's statements of the Prospera clinical study data, and the clinical data related to AlloSure.

51.    Paragraph 51 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Count IV of the Complaint, which expressly incorporates only Paragraphs 245–284 and 293–304, and expressly excludes Paragraphs 1–244. *See* Complaint ¶ 293.  Additionally, no response to Paragraph 51 is required because it only contains allegations relating to Plaintiffs' Prospera-

19

based claims, which the Court has dismissed. *See* ECF No. 104. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 51, and respectfully refer to this Court's September 11, 2023 decision regarding Prospera, Natera's statements of the Prospera clinical study data, and the clinical data related to AlloSure.

52.     Paragraph 52 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Count IV of the Complaint, which expressly incorporates only Paragraphs 245–284 and 293–304, and expressly excludes Paragraphs 1–244. *See* Complaint ¶ 293. Additionally, no response to Paragraph 52 is required because it only contains allegations relating to Plaintiffs' Prospera-based claims, which the Court has dismissed. *See* ECF No. 104. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 52, and respectfully refer to this Court's September 11, 2023 decision regarding Prospera, Natera's statements of the Prospera clinical study data, and the clinical data related to AlloSure.

53.     Paragraph 53 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Count IV of the Complaint, which expressly incorporates only Paragraphs 245–284 and 293–304, and expressly excludes Paragraphs 1–244. *See* Complaint ¶ 293. Additionally, no response to Paragraph 53 is required because it only contains allegations relating to Plaintiffs' Prospera-based claims, which the Court has dismissed. *See* ECF No. 104. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 53, and respectfully refer to this Court's September 11, 2023 decision regarding Prospera, Natera's statements of the Prospera clinical study data, and the clinical data related to AlloSure.

54.     Paragraph 54 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Count IV of the Complaint, which expressly incorporates only Paragraphs 245–284 and 293–304, and expressly excludes Paragraphs 1–244. *See* Complaint ¶ 293.  Additionally, no response to Paragraph 54 is required because it only contains allegations relating to Plaintiffs' Prospera-based claims, which the Court has dismissed. *See* ECF No. 104.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 54, and respectfully refer to this Court's September 11, 2023 decision regarding Prospera, Natera's statements of the Prospera clinical study data, and the clinical data related to AlloSure.

55.     Paragraph 55 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Count IV of the Complaint, which expressly incorporates only Paragraphs 245–284 and 293–304, and expressly excludes Paragraphs 1–244. *See* Complaint ¶ 293.  Additionally, no response to Paragraph 55 is required because it only contains allegations relating to Plaintiffs' Prospera-based claims, which the Court has dismissed. *See* ECF No. 104.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 55, and respectfully refer to this Court's September 11, 2023 decision regarding Prospera, Natera's statements of the Prospera clinical study data, and the clinical data related to AlloSure.

56.     Paragraph 56 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Count IV of the Complaint, which expressly incorporates only Paragraphs 245–284 and 293–304, and expressly excludes Paragraphs 1–244. *See* Complaint ¶ 293.  Additionally, no response to Paragraph 56 is required because it only contains allegations relating to Plaintiffs' Prospera-

based claims, which the Court has dismissed. *See* ECF No. 104. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 56, and respectfully refer to this Court's September 11, 2023 decision regarding Prospera, Natera's statements of the Prospera clinical study data, and the clinical data related to AlloSure.

57.     Paragraph 57 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Count IV of the Complaint, which expressly incorporates only Paragraphs 245–284 and 293–304, and expressly excludes Paragraphs 1–244. *See* Complaint ¶ 293. Additionally, no response to Paragraph 57 is required because it only contains allegations relating to Plaintiffs' Prospera-based claims, which the Court has dismissed. *See* ECF No. 104. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 57, and respectfully refer to this Court's September 11, 2023 decision regarding Prospera, Natera's statements of the Prospera clinical study data, and the clinical data related to AlloSure.

58.     Paragraph 58 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Count IV of the Complaint, which expressly incorporates only Paragraphs 245–284 and 293–304, and expressly excludes Paragraphs 1–244. *See* Complaint ¶ 293. Additionally, no response to Paragraph 58 is required because it only contains allegations relating to Plaintiffs' Prospera-based claims, which the Court has dismissed. *See* ECF No. 104. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 58, and respectfully refer to this Court's September 11, 2023 decision regarding Prospera, Natera's statements of the Prospera clinical study data, and the clinical data related to AlloSure.

59.     Paragraph 59 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Count IV of the Complaint, which expressly incorporates only Paragraphs 245–284 and 293–304, and expressly excludes Paragraphs 1–244. *See* Complaint ¶ 293. Additionally, no response to Paragraph 59 is required because it only contains allegations relating to Plaintiffs' Prospera-based claims, which the Court has dismissed. *See* ECF No. 104. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 59, and respectfully refer to this Court's September 11, 2023 decision regarding Prospera, Natera's statements of the Prospera clinical study data, and the clinical data related to AlloSure.

60.     Paragraph 60 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Count IV of the Complaint, which expressly incorporates only Paragraphs 245–284 and 293–304, and expressly excludes Paragraphs 1–244. *See* Complaint ¶ 293. Additionally, no response to Paragraph 60 is required because it only contains allegations relating to Plaintiffs' Prospera-based claims, which the Court has dismissed. *See* ECF No. 104. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 60, and respectfully refer to this Court's September 11, 2023 decision regarding Prospera, Natera's statements of the Prospera clinical study data, and the clinical data related to AlloSure.

61.     Paragraph 61 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Count IV of the Complaint, which expressly incorporates only Paragraphs 245–284 and 293–304, and expressly excludes Paragraphs 1–244. *See* Complaint ¶ 293. Additionally, no response to Paragraph 61 is required because it only contains allegations relating to Plaintiffs' Prospera-

based claims, which the Court has dismissed. *See* ECF No. 104. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 61, and respectfully refer to this Court's September 11, 2023 decision regarding Prospera, Natera's statements of the Prospera clinical study data, and the clinical data related to AlloSure.

62.     Paragraph 62 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Count IV of the Complaint, which expressly incorporates only Paragraphs 245–284 and 293–304, and expressly excludes Paragraphs 1–244. *See* Complaint ¶ 293. Additionally, no response to Paragraph 62 is required because it only contains allegations relating to Plaintiffs' Prospera-based claims, which the Court has dismissed. *See* ECF No. 104. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 62, and respectfully refer to this Court's September 11, 2023 decision regarding Prospera, Natera's statements of the Prospera clinical study data, and the clinical data related to AlloSure.

63.     Paragraph 63 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Count IV of the Complaint, which expressly incorporates only Paragraphs 245–284 and 293–304, and expressly excludes Paragraphs 1–244. *See* Complaint ¶ 293. Additionally, no response to Paragraph 63 is required because it only contains allegations relating to Plaintiffs' Prospera-based claims, which the Court has dismissed. *See* ECF No. 104. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 63, and respectfully refer to this Court's September 11, 2023 decision regarding Prospera, Natera's statements of the Prospera clinical study data, and the clinical data related to AlloSure.

64. Paragraph 64 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Count IV of the Complaint, which expressly incorporates only Paragraphs 245–284 and 293–304, and expressly excludes Paragraphs 1–244. *See* Complaint ¶ 293. Additionally, no response to Paragraph 64 is required because it only contains allegations relating to Plaintiffs' Prospera-based claims, which the Court has dismissed. *See* ECF No. 104. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 64, and respectfully refer to this Court's September 11, 2023 decision regarding Prospera, Natera's statements of the Prospera clinical study data, and the clinical data related to AlloSure.

65. Paragraph 65 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Count IV of the Complaint, which expressly incorporates only Paragraphs 245–284 and 293–304, and expressly excludes Paragraphs 1–244. *See* Complaint ¶ 293. Additionally, no response to Paragraph 65 is required because it only contains allegations relating to Plaintiffs' Prospera-based claims, which the Court has dismissed. *See* ECF No. 104. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 65, and respectfully refer to this Court's September 11, 2023 decision regarding Prospera, Natera's statements of the Prospera clinical study data, and the clinical data related to AlloSure.

66. Paragraph 66 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Count IV of the Complaint, which expressly incorporates only Paragraphs 245–284 and 293–304, and expressly excludes Paragraphs 1–244. *See* Complaint ¶ 293. Additionally, no response to Paragraph 66 is required because it only contains allegations relating to Plaintiffs' Prospera-

based claims, which the Court has dismissed. *See* ECF No. 104. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 66, and respectfully refer to this Court's September 11, 2023 decision regarding Prospera, Natera's statements of the Prospera clinical study data, and the clinical data related to AlloSure.

67.     Paragraph 67 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Count IV of the Complaint, which expressly incorporates only Paragraphs 245–284 and 293–304, and expressly excludes Paragraphs 1–244. *See* Complaint ¶ 293. Additionally, no response to Paragraph 67 is required because it only contains allegations relating to Plaintiffs' Prospera-based claims, which the Court has dismissed. *See* ECF No. 104. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 67, and respectfully refer to this Court's September 11, 2023 decision regarding Prospera, Natera's statements of the Prospera clinical study data, and the clinical data related to AlloSure.

68.     Paragraph 68 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Count IV of the Complaint, which expressly incorporates only Paragraphs 245–284 and 293–304, and expressly excludes Paragraphs 1–244. *See* Complaint ¶ 293. Additionally, no response to Paragraph 68 is required because it only contains allegations relating to Plaintiffs' Prospera-based claims, which the Court has dismissed. *See* ECF No. 104. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 68, and respectfully refer to this Court's September 11, 2023 decision regarding Prospera, Natera's statements of the Prospera clinical study data, and the clinical data related to AlloSure.

69.     Paragraph 69 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Count IV of the Complaint, which expressly incorporates only Paragraphs 245–284 and 293–304, and expressly excludes Paragraphs 1–244. *See* Complaint ¶ 293.  Additionally, no response to Paragraph 69 is required because it only contains allegations relating to Plaintiffs' Prospera-based claims, which the Court has dismissed. *See* ECF No. 104.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 69, and respectfully refer to this Court's September 11, 2023 decision regarding Prospera, Natera's statements of the Prospera clinical study data, and the clinical data related to AlloSure.

70.     Paragraph 70 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Count IV of the Complaint, which expressly incorporates only Paragraphs 245–284 and 293–304, and expressly excludes Paragraphs 1–244. *See* Complaint ¶ 293.  Additionally, no response to Paragraph 70 is required because it only contains allegations relating to Plaintiffs' Prospera-based claims, which the Court has dismissed. *See* ECF No. 104.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 70, and respectfully refer to this Court's September 11, 2023 decision regarding Prospera, Natera's statements of the Prospera clinical study data, and the clinical data related to AlloSure.

71.     Paragraph 71 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Count IV of the Complaint, which expressly incorporates only Paragraphs 245–284 and 293–304, and expressly excludes Paragraphs 1–244. *See* Complaint ¶ 293.  Additionally, no response to Paragraph 71 is required because it only contains allegations relating to Plaintiffs' Prospera-

based claims, which the Court has dismissed. *See* ECF No. 104. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 71, and respectfully refer to this Court's September 11, 2023 decision regarding Prospera, Natera's statements of the Prospera clinical study data, and the clinical data related to AlloSure.

72. Paragraph 72 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Count IV of the Complaint, which expressly incorporates only Paragraphs 245–284 and 293–304, and expressly excludes Paragraphs 1–244. *See* Complaint ¶ 293. Additionally, no response to Paragraph 72 is required because it only contains allegations relating to Plaintiffs' Prospera-based claims, which the Court has dismissed. *See* ECF No. 104. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 72, and respectfully refer to this Court's September 11, 2023 decision regarding Prospera, Natera's statements of the Prospera clinical study data, and the clinical data related to AlloSure.

73. Paragraph 73 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Count IV of the Complaint, which expressly incorporates only Paragraphs 245–284 and 293–304, and expressly excludes Paragraphs 1–244. *See* Complaint ¶ 293. Additionally, no response to Paragraph 73 is required because it only contains allegations relating to Plaintiffs' Prospera-based claims, which the Court has dismissed. *See* ECF No. 104. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 73, and respectfully refer to this Court's September 11, 2023 decision regarding Prospera, Natera's statements of the Prospera clinical study data, and the clinical data related to AlloSure.

74.      Paragraph 74 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Count IV of the Complaint, which expressly incorporates only Paragraphs 245–284 and 293–304, and expressly excludes Paragraphs 1–244. *See* Complaint ¶ 293.  Additionally, no response to Paragraph 74 is required because it only contains allegations relating to Plaintiffs' Prospera-based claims, which the Court has dismissed. *See* ECF No. 104.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 74, and respectfully refer to this Court's September 11, 2023 decision regarding Prospera, Natera's statements of the Prospera clinical study data, and the clinical data related to AlloSure.

75.      Paragraph 75 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Count IV of the Complaint, which expressly incorporates only Paragraphs 245–284 and 293–304, and expressly excludes Paragraphs 1–244. *See* Complaint ¶ 293.  Additionally, no response to Paragraph 75 is required because it only contains allegations relating to Plaintiffs' Prospera-based claims, which the Court has dismissed. *See* ECF No. 104.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 75, and respectfully refer to this Court's September 11, 2023 decision regarding Prospera, Natera's statements of the Prospera clinical study data, and the clinical data related to AlloSure.

76.      Paragraph 76 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Count IV of the Complaint, which expressly incorporates only Paragraphs 245–284 and 293–304, and expressly excludes Paragraphs 1–244. *See* Complaint ¶ 293.  Additionally, no response to Paragraph 76 is required because it only contains allegations relating to Plaintiffs' Prospera-

based claims, which the Court has dismissed. *See* ECF No. 104. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 76, and respectfully refer to this Court's September 11, 2023 decision regarding Prospera, Natera's statements of the Prospera clinical study data, and the clinical data related to AlloSure.

77. Paragraph 77 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Count IV of the Complaint, which expressly incorporates only Paragraphs 245–284 and 293–304, and expressly excludes Paragraphs 1–244. *See* Complaint ¶ 293. Additionally, no response to Paragraph 77 is required because it only contains allegations relating to Plaintiffs' Prospera-based claims, which the Court has dismissed. *See* ECF No. 104. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 77, and respectfully refer to this Court's September 11, 2023 decision regarding Prospera, Natera's statements of the Prospera clinical study data, and the clinical data related to AlloSure.

78. Paragraph 78 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Count IV of the Complaint, which expressly incorporates only Paragraphs 245–284 and 293–304, and expressly excludes Paragraphs 1–244. *See* Complaint ¶ 293. Additionally, no response to Paragraph 78 is required because it only contains allegations relating to Plaintiffs' Prospera-based claims, which the Court has dismissed. *See* ECF No. 104. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 78, and respectfully refer to this Court's September 11, 2023 decision regarding Prospera, Natera's statements of the Prospera clinical study data, and the clinical data related to AlloSure.

79.      Paragraph 79 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Count IV of the Complaint, which expressly incorporates only Paragraphs 245–284 and 293–304, and expressly excludes Paragraphs 1–244. *See* Complaint ¶ 293. Additionally, no response to Paragraph 79 is required because it only contains allegations relating to Plaintiffs' Prospera-based claims, which the Court has dismissed. *See* ECF No. 104. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 79, and respectfully refer to this Court's September 11, 2023 decision regarding Prospera, Natera's statements of the Prospera clinical study data, and the clinical data related to AlloSure.

80.      Paragraph 80 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Count IV of the Complaint, which expressly incorporates only Paragraphs 245–284 and 293–304, and expressly excludes Paragraphs 1–244. *See* Complaint ¶ 293. Additionally, no response to Paragraph 80 is required because it only contains allegations relating to Plaintiffs' Prospera-based claims, which the Court has dismissed. *See* ECF No. 104. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 80, and respectfully refer to this Court's September 11, 2023 decision regarding Prospera, Natera's statements of the Prospera clinical study data, and the clinical data related to AlloSure.

81.      Paragraph 81 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Count IV of the Complaint, which expressly incorporates only Paragraphs 245–284 and 293–304, and expressly excludes Paragraphs 1–244. *See* Complaint ¶ 293. Additionally, no response to Paragraph 81 is required because it only contains allegations relating to Plaintiffs' Prospera-

based claims, which the Court has dismissed. *See* ECF No. 104. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 81, and respectfully refer to this Court's September 11, 2023 decision regarding Prospera, Natera's statements of the Prospera clinical study data, and the clinical data related to AlloSure.

82.     Paragraph 82 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Count IV of the Complaint, which expressly incorporates only Paragraphs 245–284 and 293–304, and expressly excludes Paragraphs 1–244. *See* Complaint ¶ 293. Additionally, no response to Paragraph 82 is required because it only contains allegations relating to Plaintiffs' Prospera-based claims, which the Court has dismissed. *See* ECF No. 104. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 82, and respectfully refer to this Court's September 11, 2023 decision regarding Prospera, Natera's statements of the Prospera clinical study data, and the clinical data related to AlloSure.

83.     Paragraph 83 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Count IV of the Complaint, which expressly incorporates only Paragraphs 245–284 and 293–304, and expressly excludes Paragraphs 1–244. *See* Complaint ¶ 293. Additionally, no response to Paragraph 83 is required because it only contains allegations relating to Plaintiffs' Prospera-based claims, which the Court has dismissed. *See* ECF No. 104. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 83, and respectfully refer to this Court's September 11, 2023 decision regarding Prospera, Natera's statements of the Prospera clinical study data, and the clinical data related to AlloSure.

84.    Paragraph 84 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Count IV of the Complaint, which expressly incorporates only Paragraphs 245–284 and 293–304, and expressly excludes Paragraphs 1–244. *See* Complaint ¶ 293. Additionally, no response to Paragraph 84 is required because it only contains allegations relating to Plaintiffs' Prospera-based claims, which the Court has dismissed. *See* ECF No. 104. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 84, and respectfully refer to this Court's September 11, 2023 decision regarding Prospera, Natera's statements of the Prospera clinical study data, and the clinical data related to AlloSure.

85.    Paragraph 85 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Count IV of the Complaint, which expressly incorporates only Paragraphs 245–284 and 293–304, and expressly excludes Paragraphs 1–244. *See* Complaint ¶ 293. Additionally, no response to Paragraph 85 is required because it only contains allegations relating to Plaintiffs' Prospera-based claims, which the Court has dismissed. *See* ECF No. 104. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 85, and respectfully refer to this Court's September 11, 2023 decision regarding Prospera, Natera's statements of the Prospera clinical study data, and the clinical data related to AlloSure.

86.    Paragraph 86 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Count IV of the Complaint, which expressly incorporates only Paragraphs 245–284 and 293–304, and expressly excludes Paragraphs 1–244. *See* Complaint ¶ 293. Additionally, no response to Paragraph 86 is required because it only contains allegations relating to Plaintiffs' Prospera-

based claims, which the Court has dismissed.  *See* ECF No. 104.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 86, and respectfully refer to this Court's September 11, 2023 decision regarding Prospera, Natera's statements of the Prospera clinical study data, and the clinical data related to AlloSure.

87.     Paragraph 87 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Count IV of the Complaint, which expressly incorporates only Paragraphs 245–284 and 293–304, and expressly excludes Paragraphs 1–244.  *See* Complaint ¶ 293.  Additionally, no response to Paragraph 87 is required because it only contains allegations relating to Plaintiffs' Prospera-based claims, which the Court has dismissed.  *See* ECF No. 104.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 87, and respectfully refer to this Court's September 11, 2023 decision regarding Prospera, Natera's statements of the Prospera clinical study data, and the clinical data related to AlloSure.

88.     Paragraph 88 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Count IV of the Complaint, which expressly incorporates only Paragraphs 245–284 and 293–304, and expressly excludes Paragraphs 1–244.  *See* Complaint ¶ 293.  Additionally, no response to Paragraph 88 is required because it only contains allegations relating to Plaintiffs' Prospera-based claims, which the Court has dismissed.  *See* ECF No. 104.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 88, and respectfully refer to this Court's September 11, 2023 decision regarding Prospera, Natera's statements of the Prospera clinical study data, and the clinical data related to AlloSure.

89.     Paragraph 89 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Count IV of the Complaint, which expressly incorporates only Paragraphs 245–284 and 293–304, and expressly excludes Paragraphs 1–244. *See* Complaint ¶ 293.  Additionally, no response to Paragraph 89 is required because it only contains allegations relating to Plaintiffs' Prospera-based claims, which the Court has dismissed. *See* ECF No. 104.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 89, and respectfully refer to this Court's September 11, 2023 decision regarding Prospera, Natera's statements of the Prospera clinical study data, and the clinical data related to AlloSure.

90.     Paragraph 90 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Count IV of the Complaint, which expressly incorporates only Paragraphs 245–284 and 293–304, and expressly excludes Paragraphs 1–244. *See* Complaint ¶ 293.  Additionally, no response to Paragraph 90 is required because it only contains allegations relating to Plaintiffs' Prospera-based claims, which the Court has dismissed. *See* ECF No. 104.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 90, and respectfully refer to this Court's September 11, 2023 decision regarding Prospera, Natera's statements of the Prospera clinical study data, and the clinical data related to AlloSure.

91.     Paragraph 91 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Count IV of the Complaint, which expressly incorporates only Paragraphs 245–284 and 293–304, and expressly excludes Paragraphs 1–244. *See* Complaint ¶ 293.  Additionally, no response to Paragraph 91 is required because it only contains allegations relating to Plaintiffs' Prospera-

based claims, which the Court has dismissed.  *See* ECF No. 104.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 91, and respectfully refer to this Court's September 11, 2023 decision regarding Prospera, Natera's statements of the Prospera clinical study data, and the clinical data related to AlloSure.

92.     Paragraph 92 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Count IV of the Complaint, which expressly incorporates only Paragraphs 245–284 and 293–304, and expressly excludes Paragraphs 1–244.  *See* Complaint ¶ 293.  Additionally, no response to Paragraph 92 is required because it only contains allegations relating to Plaintiffs' Prospera-based claims, which the Court has dismissed.  *See* ECF No. 104.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 92, and respectfully refer to this Court's September 11, 2023 decision regarding Prospera, Natera's statements of the Prospera clinical study data, and the clinical data related to AlloSure.

93.     Paragraph 93 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Count IV of the Complaint, which expressly incorporates only Paragraphs 245–284 and 293–304, and expressly excludes Paragraphs 1–244.  *See* Complaint ¶ 293.  Additionally, no response to Paragraph 93 is required because it only contains allegations relating to Plaintiffs' Prospera-based claims, which the Court has dismissed.  *See* ECF No. 104.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 93, and respectfully refer to this Court's September 11, 2023 decision regarding Prospera, Natera's statements of the Prospera clinical study data, and the clinical data related to AlloSure.

94.    Paragraph 94 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Count IV of the Complaint, which expressly incorporates only Paragraphs 245–284 and 293–304, and expressly excludes Paragraphs 1–244. *See* Complaint ¶ 293.  Additionally, no response to Paragraph 94 is required because it only contains allegations relating to Plaintiffs' Prospera-based claims, which the Court has dismissed. *See* ECF No. 104.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 94, and respectfully refer to this Court's September 11, 2023 decision regarding Prospera, Natera's statements of the Prospera clinical study data, and the clinical data related to AlloSure.

95.    Paragraph 95 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Count IV of the Complaint, which expressly incorporates only Paragraphs 245–284 and 293–304, and expressly excludes Paragraphs 1–244. *See* Complaint ¶ 293.  Additionally, no response to Paragraph 95 is required because it only contains allegations relating to Plaintiffs' Prospera-based claims, which the Court has dismissed. *See* ECF No. 104.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 95, and respectfully refer to this Court's September 11, 2023 decision regarding Prospera, Natera's statements of the Prospera clinical study data, and the clinical data related to AlloSure.

96.    Paragraph 96 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Count IV of the Complaint, which expressly incorporates only Paragraphs 245–284 and 293–304, and expressly excludes Paragraphs 1–244. *See* Complaint ¶ 293.  Additionally, no response to Paragraph 96 is required because it only contains allegations relating to Plaintiffs' Prospera-

based claims, which the Court has dismissed. *See* ECF No. 104. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 96, and respectfully refer to this Court's September 11, 2023 decision regarding Prospera, Natera's statements of the Prospera clinical study data, and the clinical data related to AlloSure.

97.    Paragraph 97 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Count IV of the Complaint, which expressly incorporates only Paragraphs 245–284 and 293–304, and expressly excludes Paragraphs 1–244. *See* Complaint ¶ 293. Additionally, no response to Paragraph 97 is required because it only contains allegations relating to Plaintiffs' Prospera-based claims, which the Court has dismissed. *See* ECF No. 104. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 97, and respectfully refer to this Court's September 11, 2023 decision regarding Prospera, Natera's statements of the Prospera clinical study data, and the clinical data related to AlloSure.

98.    Paragraph 98 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Count IV of the Complaint, which expressly incorporates only Paragraphs 245–284 and 293–304, and expressly excludes Paragraphs 1–244. *See* Complaint ¶ 293. Additionally, no response to Paragraph 98 is required because it only contains allegations relating to Plaintiffs' Prospera-based claims, which the Court has dismissed. *See* ECF No. 104. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 98, and respectfully refer to this Court's September 11, 2023 decision regarding Prospera, Natera's statements of the Prospera clinical study data, and the clinical data related to AlloSure.

99.    Paragraph 99 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Count IV of the Complaint, which expressly incorporates only Paragraphs 245–284 and 293–304, and expressly excludes Paragraphs 1–244. *See* Complaint ¶ 293.  Additionally, no response to Paragraph 99 is required because it only contains allegations relating to Plaintiffs' Prospera-based claims, which the Court has dismissed. *See* ECF No. 104.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 99, and respectfully refer to this Court's September 11, 2023 decision regarding Prospera, Natera's statements of the Prospera clinical study data, and the clinical data related to AlloSure.

100.    Paragraph 100 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Count IV of the Complaint, which expressly incorporates only Paragraphs 245–284 and 293–304, and expressly excludes Paragraphs 1–244. *See* Complaint ¶ 293.  Additionally, no response to Paragraph 100 is required because it only contains allegations relating to Plaintiffs' Prospera-based claims, which the Court has dismissed. *See* ECF No. 104.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 100, and respectfully refer to this Court's September 11, 2023 decision regarding Prospera, Natera's statements of the Prospera clinical study data, and the clinical data related to AlloSure.

101.    Paragraph 101 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Count IV of the Complaint, which expressly incorporates only Paragraphs 245–284 and 293–304, and expressly excludes Paragraphs 1–244. *See* Complaint ¶ 293.  Additionally, no response to Paragraph 101 is required because it only contains allegations relating to Plaintiffs' Prospera-

based claims, which the Court has dismissed. *See* ECF No. 104. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 101, and respectfully refer to this Court's September 11, 2023 decision regarding Prospera, Natera's statements of the Prospera clinical study data, and the clinical data related to AlloSure.

102. Paragraph 102 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Count IV of the Complaint, which expressly incorporates only Paragraphs 245–284 and 293–304, and expressly excludes Paragraphs 1–244. *See* Complaint ¶ 293. Additionally, no response to Paragraph 102 is required because it only contains allegations relating to Plaintiffs' Prospera-based claims, which the Court has dismissed. *See* ECF No. 104. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 102, and respectfully refer to this Court's September 11, 2023 decision regarding Prospera, Natera's statements of the Prospera clinical study data, and the clinical data related to AlloSure.

103. Paragraph 103 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Count IV of the Complaint, which expressly incorporates only Paragraphs 245–284 and 293–304, and expressly excludes Paragraphs 1–244. *See* Complaint ¶ 293. Additionally, no response to Paragraph 103 is required because it only contains allegations relating to Plaintiffs' Prospera-based claims, which the Court has dismissed. *See* ECF No. 104. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 103, and respectfully refer to this Court's September 11, 2023 decision regarding Prospera, Natera's statements of the Prospera clinical study data, and the clinical data related to AlloSure.

104.    Paragraph 104 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Count IV of the Complaint, which expressly incorporates only Paragraphs 245–284 and 293–304, and expressly excludes Paragraphs 1–244. *See* Complaint ¶ 293.  Additionally, no response to Paragraph 104 is required because it only contains allegations relating to Plaintiffs' Prospera-based claims, which the Court has dismissed. *See* ECF No. 104.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 104, and respectfully refer to this Court's September 11, 2023 decision regarding Prospera, Natera's statements of the Prospera clinical study data, and the clinical data related to AlloSure.

105.    Paragraph 105 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Count IV of the Complaint, which expressly incorporates only Paragraphs 245–284 and 293–304, and expressly excludes Paragraphs 1–244. *See* Complaint ¶ 293.  To the extent a response is required, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 105, except admit that Natera's 2020 Form 10-K states that its NIPT product, Panorama, was launched in March of 2013, as more fully described in Natera's 2020 Form 10-K, to which the Underwriter Defendants respectfully refer the Court.

106.    Paragraph 106 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Count IV of the Complaint, which expressly incorporates only Paragraphs 245–284 and 293–304, and expressly excludes Paragraphs 1–244. *See* Complaint ¶ 293.  To the extent a response is required, the Underwriter Defendants deny knowledge or information sufficient to form a

belief as to the truth or falsity of the allegations in Paragraph 106, except admit that Natera's 2020 Form 10-K states it is the NIPT market leader by volume, as more fully described in Natera's 2020 Form 10-K, to which the Underwriter Defendants respectfully refer the Court. Additionally, to the extent Paragraph 106 purports to quote an article, press release, or other public document, the Underwriter Defendants respectfully refer the Court to those documents for a complete and accurate statement of their contents.

107. Paragraph 107 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Count IV of the Complaint, which expressly incorporates only Paragraphs 245–284 and 293–304, and expressly excludes Paragraphs 1–244. *See* Complaint ¶ 293.  To the extent a response is required, the Underwriter Defendants deny that Paragraph 107 completely and accurately describes Natera's business and history with respect to Panorama, except admit that Natera's 2020 Form 10-K states that Panorama is a NIPT launched by Natera in March of 2013 that helps physicians assess the risk of fetal genetic abnormalities by non-invasively screening for fetal chromosomal abnormalities, including Down syndrome, Edwards syndrome, Patau syndrome, Turner syndrome and triploidy, and can also identify fetal sex for single birth pregnancies as well as of each fetus in twin pregnancies.  The Underwriter Defendants otherwise respectfully refer the Court to Natera's 2020 Form 10-K.

108. Paragraph 108 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Count IV of the Complaint, which expressly incorporates only Paragraphs 245–284 and 293–304, and expressly excludes Paragraphs 1–244. *See* Complaint ¶ 293.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 108, except admit

that Natera's Form 10-K states that Panorama, along with its non-NIPT product Horizon, accounted for a significant part of Natera's revenues in 2020, as more fully described in Natera's 2020 Form 10-K, to which the Underwriter Defendants respectfully refer the Court. To the extent Paragraph 108 purports to quote or describe other Natera SEC filings or press releases, the Underwriter Defendants respectfully refer the Court to those documents for a complete and accurate statement of their contents.

109.    Paragraph 109 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Count IV of the Complaint, which expressly incorporates only Paragraphs 245–284 and 293–304, and expressly excludes Paragraphs 1–244. *See* Complaint ¶ 293.  Paragraph 109 also states a legal conclusion to which no response is required.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 109.

110.    Paragraph 110 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Count IV of the Complaint, which expressly incorporates only Paragraphs 245–284 and 293–304, and expressly excludes Paragraphs 1–244. *See* Complaint ¶ 293.  To the extent a response is required, the Underwriter Defendants admit that Paragraph 110 purports to quote statements from a February 26, 2020 press release, and respectfully refer the Court to that press release for a complete and accurate statement of its contents.

111.    Paragraph 111 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Count IV of the Complaint, which expressly incorporates only Paragraphs 245–284 and 293–304, and expressly excludes Paragraphs 1–244. *See* Complaint ¶ 293.  To the extent a response is

required, the Underwriter Defendants admit that Paragraph 111 purports to quote a portion of a May 6, 2020 press release and respectfully refer the Court to that press release for a complete and accurate statement of its contents.

112.    Paragraph 112 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Count IV of the Complaint, which expressly incorporates only Paragraphs 245–284 and 293–304, and expressly excludes Paragraphs 1–244. *See* Complaint ¶ 293.  To the extent a response is required, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 112 that "[a]nalysts latched onto these statements," except admit that Paragraph 112 purports to quote a portion of a May 7, 2020 report by Piper Sandler, and respectfully refer the Court to that report for a complete and accurate statement of its contents.

113.    Paragraph 113 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Count IV of the Complaint, which expressly incorporates only Paragraphs 245–284 and 293–304, and expressly excludes Paragraphs 1–244. *See* Complaint ¶ 293.  To the extent a response is required, the Underwriter Defendants admit that Paragraph 113 purports to quote a portion of Natera's August 5, 2020 8-K and respectfully refer the Court to that filing for a complete and accurate statement of its contents.

114.    Paragraph 114 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Count IV of the Complaint, which expressly incorporates only Paragraphs 245–284 and 293–304, and expressly excludes Paragraphs 1–244. *See* Complaint ¶ 293.  To the extent a response is

44

required, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegation that "analysts again seized on Defendants' statements," and admit that Paragraph 114 purports to quote portions of an August 5, 2020 report by Piper Sandler and an August 6, 2020 report by Craig-Hallum Capital Group, and respectfully refer the Court to those reports for a complete and accurate statement of their respective contents.

115.    Paragraph 115 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Count IV of the Complaint, which expressly incorporates only Paragraphs 245–284 and 293–304, and expressly excludes Paragraphs 1–244. *See* Complaint ¶ 293.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 115, except admit that Paragraph 115 purports to quote a portion of a 2020 Natera earnings call, and respectfully refer the Court to a transcript of that earnings call for a complete and accurate statement of its contents.

116.    Paragraph 116 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Count IV of the Complaint, which expressly incorporates only Paragraphs 245–284 and 293–304, and expressly excludes Paragraphs 1–244. *See* Complaint ¶ 293.  To the extent a response is required, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 116.

117.    Paragraph 117 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Count IV of the Complaint, which expressly incorporates only Paragraphs 245–284 and 293–304, and

45

expressly excludes Paragraphs 1–244. *See* Complaint ¶ 293. To the extent a response is required, the Underwriter Defendants deny the allegation in Paragraph 117, except admit that Paragraph 117 purports to quote a portion of a January 14, 2021 SVB Leerink report, and respectfully refer the Court to that report for a complete and accurate statement of its contents.

118. Paragraph 118 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Count IV of the Complaint, which expressly incorporates only Paragraphs 245–284 and 293–304, and expressly excludes Paragraphs 1–244. *See* Complaint ¶ 293. To the extent a response is required, the Underwriter Defendants admit that Paragraph 118 purports to quote a portion of a January 14, 2021 report by Canaccord Genuity, and respectfully refer the Court to that report for a complete and accurate statement of its contents.

119. Paragraph 119 is not alleged against the Underwriter Defendants, and therefore no response from the Underwriter Defendants is required, because the Underwriter Defendants are only named in Count IV of the Complaint, which expressly incorporates only Paragraphs 245–284 and 293–304, and expressly excludes Paragraphs 1–244. *See* Complaint ¶ 293. To the extent a response is required, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 119.

120. Paragraph 120 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Count IV of the Complaint, which expressly incorporates only Paragraphs 245–284 and 293–304, and expressly excludes Paragraphs 1–244. *See* Complaint ¶ 293. To the extent a response is required, the Underwriter Defendants admit that Paragraph 120 purports to quote a portion of

an August 11, 2021 report by Canaccord Genuity, and respectfully refer the Court to that report for a complete and accurate statement of its contents.

121. Paragraph 121 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Count IV of the Complaint, which expressly incorporates only Paragraphs 245–284 and 293–304, and expressly excludes Paragraphs 1–244. *See* Complaint ¶ 293. To the extent a response is required, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 121.

122. Paragraph 122 is not alleged against the Underwriter Defendants, and therefore no response from the Underwriter Defendants is required, because the Underwriter Defendants are only named in Count IV of the Complaint, which expressly incorporates only Paragraphs 245–284 and 293–304, and expressly excludes Paragraphs 1–244. *See* Complaint ¶ 293. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 122.

123. Paragraph 123 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Count IV of the Complaint, which expressly incorporates only Paragraphs 245–284 and 293–304, and expressly excludes Paragraphs 1–244. *See* Complaint ¶ 293. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 123.

124. Paragraph 124 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Count IV of the Complaint, which expressly incorporates only Paragraphs 245–284 and 293–304, and expressly excludes Paragraphs 1–244. *See* Complaint ¶ 293. To the extent a response is

47

required, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 124, except admit that Natera's 2020 Form 10-K states that since 2017, third-party payers have increasingly required that prior authorization be obtained prior to conducting genetic testing as a condition to reimbursement, as more fully described in Natera's 2020 Form 10-K, to which the Underwriter Defendants respectfully refer the Court.

125.    Paragraph 125 is not alleged against the Underwriter Defendants, and therefore no response from the Underwriter Defendants is required, because the Underwriter Defendants are only named in Count IV of the Complaint, which expressly incorporates only Paragraphs 245–284 and 293–304, and expressly excludes Paragraphs 1–244. *See* Complaint ¶ 293. To the extent a response is required, the Underwriter Defendants admit Paragraph 125 purports to quote and describe portions of prior SEC filings by Natera, and respectfully refer the Court to Natera's August 2017 Form 10-Q, and 2019, 2020, and 2021 Form 10-K filings for a complete and accurate statement of their respective statements concerning prior authorizations. To the extent Paragraph 125 purports to describe other Natera filings or statements, the Underwriter Defendants respectfully refer the Court those documents or statements for a complete and accurate description of their contents.

126.    Paragraph 126 is not alleged against the Underwriter Defendants, and therefore no response from the Underwriter Defendants is required, because the Underwriter Defendants are only named in Count IV of the Complaint, which expressly incorporates only Paragraphs 245–284 and 293–304, and expressly excludes Paragraphs 1–244. *See* Complaint ¶ 293. To the extent a response is required, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 126, except

48

admit that Paragraph 126 purports to describe an August 2017 announcement by Natera, and respectfully refer the Court to that announcement for a complete and accurate statement of its contents.

127.    Paragraph 127 is not alleged against the Underwriter Defendants, and therefore no response from the Underwriter Defendants is required, because the Underwriter Defendants are only named in Count IV of the Complaint, which expressly incorporates only Paragraphs 245–284 and 293–304, and expressly excludes Paragraphs 1–244.  *See* Complaint ¶ 293.  To the extent a response is required, the Underwriter Defendants admit that Paragraph 127 purports to reference unproven allegations in a report by a short seller, Hindenburg, and respectfully refer the Court to that report for a complete statement of its contents.

128.    Paragraph 128 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Count IV of the Complaint, which expressly incorporates only Paragraphs 245–284 and 293–304, and expressly excludes Paragraphs 1–244.  *See* Complaint ¶ 293.  To the extent a response is required, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 128, except admit that Paragraph 128 purports to quote or describe a portion of an Application for Reservation of Entity Name for MGML, and respectfully refer the Court to that application for a complete and accurate statement of its contents.

129.    Paragraph 129 is not alleged against the Underwriter Defendants, and therefore no is required, because the Underwriter Defendants are only named in Count IV of the Complaint, which expressly incorporates only Paragraphs 245–284 and 293–304, and expressly excludes Paragraphs 1–244.  *See* Complaint ¶ 293.  To the extent a response is

required, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 129, except admit at the time of the SPO, Natera worked with MGML to assist providers with submitting certain prior authorization requests for Panorama.

130.    Paragraph 130 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Count IV of the Complaint, which expressly incorporates only Paragraphs 245–284 and 293–304, and expressly excludes Paragraphs 1–244.  *See* Complaint ¶ 293.  To the extent a response is required, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 130, except admit that Paragraph 130 purports to reference unproven allegations in a report by a short seller, Hindenburg, and respectfully refer the Court to that report for a complete statement its contents.

131.    Paragraph 131 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Count IV of the Complaint, which expressly incorporates only Paragraphs 245–284 and 293–304, and expressly excludes Paragraphs 1–244.  *See* Complaint ¶ 293. To the extent a response is required, the Underwriter Defendants admit that Paragraph 131 purports to reference unproven allegations in a report by a short seller, Hindenburg, and respectfully refer the Court to that report for a complete statement of its contents.

132.    Paragraph 132 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Count IV of the Complaint, which expressly incorporates only Paragraphs 245–284 and 293–304, and

expressly excludes Paragraphs 1–244. *See* Complaint ¶ 293. To the extent a response is required, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 132, except admit that (i) Natera had a business relationship with MGML in its capacity as a prior authorization vendor; (ii) Paragraph 132 purports to describe statements from a March 10, 2022 Natera investor call, and respectfully refer the Court to a transcript of that investor call; and (iii) Paragraph 132 purports to reference unproven allegations in a report by a short seller, Hindenburg, and respectfully refer the Court to that report for a complete statement of its contents.

133.     Paragraph 133 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Count IV of the Complaint, which expressly incorporates only Paragraphs 245–284 and 293–304, and expressly excludes Paragraphs 1–244. *See* Complaint ¶ 293. To the extent a response is required, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 133. To the extent Paragraph 133 purports to describe information from Natera's public filings or press releases, the Underwriter Defendants respectfully refer the Court to those documents for a complete and accurate statement of their contents.

134.     Paragraph 134 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Count IV of the Complaint, which expressly incorporates only Paragraphs 245–284 and 293–304, and expressly excludes Paragraphs 1–244. *See* Complaint ¶ 293. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 134 regarding Natera

51

tests and prior authorizations, except admit that (i) Paragraph 134 purports to describe a March 10, 2022 report by Canaccord Genuity, and respectfully refer the Court to that report for a complete and accurate description of its contents; and (ii) Paragraph 134 purports to reference unproven allegations in a report by a short seller, Hindenburg, and respectfully refer the Court to that report for a complete statement of its contents.

135.    Paragraph 135 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Count IV of the Complaint, which expressly incorporates only Paragraphs 245–284 and 293–304, and expressly excludes Paragraphs 1–244. *See* Complaint ¶ 293.  To the extent a response is required, the Underwriter Defendants admit that Paragraph 135 purports to reference unproven allegations in a report by a short seller, Hindenburg, and respectfully refer the Court to that report for a complete statement of its contents.

136.    Paragraph 136 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Count IV of the Complaint, which expressly incorporates only Paragraphs 245–284 and 293–304, and expressly excludes Paragraphs 1–244. *See* Complaint ¶ 293.  Paragraph 136 also states a legal conclusion to which no response is required.  To the extent a response is required, the Underwriter Defendants deny that the allegations in Paragraph 136 contain a fair, full, and complete description of the OIG and its function, except admit the OIG, from time to time, may issue advisory opinions.

137.    Paragraph 137 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Count IV of the Complaint, which expressly incorporates only Paragraphs 245–284 and 293–304, and

52

expressly excludes Paragraphs 1–244. *See* Complaint ¶ 293. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 137, except admit that Paragraph 137 purports to describe opinions from the OIG, and respectfully refer the Court to those opinions for a complete and accurate description of their contents.

138. Paragraph 138 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Count IV of the Complaint, which expressly incorporates only Paragraphs 245–284 and 293–304, and expressly excludes Paragraphs 1–244. *See* Complaint ¶ 293. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 138, except admit that Natera had a business relationship with MGML in its capacity as a prior authorization vendor, and otherwise fully incorporate their response to Paragraph 132.

139. Paragraph 139 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Count IV of the Complaint, which expressly incorporates only Paragraphs 245–284 and 293–304, and expressly excludes Paragraphs 1–244. *See* Complaint ¶ 293. To the extent a response is required, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 139, except admit that Paragraph 139 purports to reference unproven allegations in a report by a short seller, Hindenburg, and respectfully refer the Court to that report for a complete statement of its contents.

140. Paragraph 140 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Count IV of the Complaint, which expressly incorporates only Paragraphs 245–284 and 293–304, and

expressly excludes Paragraphs 1–244. *See* Complaint ¶ 293. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 140, except admit that Paragraph 140 purports to describe reporting from Compliance Today Magazine, and respectfully refer the Court to that reporting for a complete and accurate description of its contents.

141. Paragraph 141 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Count IV of the Complaint, which expressly incorporates only Paragraphs 245–284 and 293–304, and expressly excludes Paragraphs 1–244. *See* Complaint ¶ 293. To the extent a response is required, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 141, except admit that Paragraph 141 purports to quote and describe portions of blog posts from various law firms, and respectfully refer the Court to those blog posts for a complete and accurate description of their contents.

142. Paragraph 142 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Count IV of the Complaint, which expressly incorporates only Paragraphs 245–284 and 293–304, and expressly excludes Paragraphs 1–244. *See* Complaint ¶ 293. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 142, except admit that Paragraph 142 purports to reference unproven allegations in a report by a short seller, Hindenburg, and respectfully refer the Court to that report for a complete statement of its contents.

143.    Paragraph 143 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Count IV of the Complaint, which expressly incorporates only Paragraphs 245–284 and 293–304, and expressly excludes Paragraphs 1–244. *See* Complaint ¶ 293.  To the extent a response is required, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 143, except admit that Paragraph 143 purports to quote a portion of the same March 10, 2022 Natera investor call referenced in Paragraph 142, and the Underwriter Defendants respectfully refer the Court to a transcript of that investor call for a complete and accurate statement of its contents.

144.    Paragraph 144 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Count IV of the Complaint, which expressly incorporates only Paragraphs 245–284 and 293–304, and expressly excludes Paragraphs 1–244. *See* Complaint ¶ 293.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 144, except admit that Paragraph 144 purports to reference a report containing unproven allegations by a short seller, Hindenburg, and respectfully refer the Court to that report for a complete statement of its contents.  The Underwriter Defendants also respectfully refer the Court to public market sources for a true and accurate record of the closing prices on the relevant days.

145.    Paragraph 145 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Count IV of the Complaint, which expressly incorporates only Paragraphs 245–284 and 293–304, and expressly excludes Paragraphs 1–244. *See* Complaint ¶ 293. To the extent a response is required, the Underwriter Defendants deny that Paragraph 145 completely and accurately

describes Panorama's requisition form and practices, and respectfully refer the Court to

Natera's requisition form for a complete and accurate statement of its contents.

146.    Paragraph 146 is not alleged against the Underwriter Defendants, and therefore no

response is required, because the Underwriter Defendants are only named in Count IV of the

Complaint, which expressly incorporates only Paragraphs 245–284 and 293–304, and

expressly excludes Paragraphs 1–244. *See* Complaint ¶ 293.  To the extent a response is

required, the Underwriter Defendants deny the allegations in Paragraph 146, except admit

that Paragraph 146 purports to describe and quote guidance issued by SMFM, and

respectfully refer the Court to such guidance for a complete and accurate statement of the

guidance.

147.    Paragraph 147 is not alleged against the Underwriter Defendants, and therefore no

response is required, because the Underwriter Defendants are only named in Count IV of the

Complaint, which expressly incorporates only Paragraphs 245–284 and 293–304, and

expressly excludes Paragraphs 1–244. *See* Complaint ¶ 293.  Paragraph 147 also states a

legal conclusion to which no response is required.  To the extent a response is required, the

Underwriter Defendants deny the allegations in Paragraph 147.

148.    Paragraph 148 is not alleged against the Underwriter Defendants, and therefore no

response is required, because the Underwriter Defendants are only named in Count IV of the

Complaint, which expressly incorporates only Paragraphs 245–284 and 293–304, and

expressly excludes Paragraphs 1–244. *See* Complaint ¶ 293.  To the extent a response is

required, the Underwriter Defendants deny the allegations in Paragraph 148, except (i) deny

knowledge or information sufficient to form a belief as to the truth or falsity of the

allegations regarding what "health insurers often rely on;" and (ii) admit that Paragraph 148

purports to describe and quote guidance issued by ACOG and SMFM, and respectfully refer the Court to that guidance for a complete and accurate statement of the guidance.

149. Paragraph 149 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Count IV of the Complaint, which expressly incorporates only Paragraphs 245–284 and 293–304, and expressly excludes Paragraphs 1–244. *See* Complaint ¶ 293. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 149.

150. Paragraph 150 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Count IV of the Complaint, which expressly incorporates only Paragraphs 245–284 and 293–304, and expressly excludes Paragraphs 1–244. *See* Complaint ¶ 293. To the extent a response is required, the Underwriter Defendants admit that Paragraph 150 purports to quote a portion of Natera's February 26, 2020 Form 8-K, and respectfully refer the Court to that filing for a complete and accurate statement of its contents and signatories.

151. Paragraph 151 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Count IV of the Complaint, which expressly incorporates only Paragraphs 245–284 and 293–304, and expressly excludes Paragraphs 1–244. *See* Complaint ¶ 293. To the extent a response is required, the Underwriter Defendants admit that Paragraph 151 purports to quote a portion of Natera's May 6, 2020 Form 8-K, and respectfully refer the Court to that filing for a complete and accurate statement of its contents and signatories.

152. Paragraph 152 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Count IV of the

Complaint, which expressly incorporates only Paragraphs 245–284 and 293–304, and expressly excludes Paragraphs 1–244. *See* Complaint ¶ 293. To the extent a response is required, the Underwriter Defendants admit that Paragraph 152 purports to quote a portion of Natera's August 5, 2020 Form 8-K, and respectfully refer the Court to that filing for a complete and accurate statement of its contents and signatories.

153. Paragraph 153 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Count IV of the Complaint, which expressly incorporates only Paragraphs 245–284 and 293–304, and expressly excludes Paragraphs 1–244. *See* Complaint ¶ 293. To the extent a response is required, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 153.

154. Paragraph 154 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Count IV of the Complaint, which expressly incorporates only Paragraphs 245–284 and 293–304, and expressly excludes Paragraphs 1–244. *See* Complaint ¶ 293. To the extent a response is required, the Underwriter Defendants admit that Paragraph 154 purports to quote a portion of a February 25, 2021 Natera earnings call, and respectfully refer the Court to a transcript of that earnings call for a complete and accurate statement of its contents.

155. Paragraph 155 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Count IV of the Complaint, which expressly incorporates only Paragraphs 245–284 and 293–304, and expressly excludes Paragraphs 1–244. *See* Complaint ¶ 293. To the extent a response is required, the Underwriter Defendants admit that Paragraph 155 purports to quote the same

February 25, 2021 Natera earnings call referenced in Paragraph 154, and respectfully refer the Court to a transcript of that earnings call for a complete and accurate statement of its contents.

156.    Paragraph 156 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Count IV of the Complaint, which expressly incorporates only Paragraphs 245–284 and 293–304, and expressly excludes Paragraphs 1–244. *See* Complaint ¶ 293.  To the extent a response is required, the Underwriter Defendants admit that Paragraph 156 purports to quote a portion of a May 6, 2021 Natera earnings call, and respectfully refer the Court to the transcript of that earnings call for a complete and accurate statement of its contents.

157.    Paragraph 157 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Count IV of the Complaint, which expressly incorporates only Paragraphs 245–284 and 293–304, and expressly excludes Paragraphs 1–244. *See* Complaint ¶ 293.  To the extent a response is required, the Underwriter Defendants admit that Paragraph 157 purports to quote a portion of an August 5, 2021 Natera earnings call, and respectfully refer the Court to a transcript of that earnings call for a complete and accurate statement of its contents.

158.    Paragraph 158 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Count IV of the Complaint, which expressly incorporates only Paragraphs 245–284 and 293–304, and expressly excludes Paragraphs 1–244. *See* Complaint ¶ 293.  To the extent a response is required, the Underwriter Defendants admit that Paragraph 158 purports to quote a portion of the same August 5, 2021 Natera earnings call referenced in Paragraph 157, and respectfully

refer the Court to a transcript of that earnings call for a complete and accurate statement of its contents.

159.    Paragraph 159 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Count IV of the Complaint, which expressly incorporates only Paragraphs 245–284 and 293–304, and expressly excludes Paragraphs 1–244. *See* Complaint ¶ 293.  To the extent a response is required, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 159.

160.    Paragraph 160 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Count IV of the Complaint, which expressly incorporates only Paragraphs 245–284 and 293–304, and expressly excludes Paragraphs 1–244. *See* Complaint ¶ 293.  To the extent a response is required, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 160.

161.    Paragraph 161 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Count IV of the Complaint, which expressly incorporates only Paragraphs 245–284 and 293–304, and expressly excludes Paragraphs 1–244. *See* Complaint ¶ 293.  To the extent a response is required, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 161.

162.    Paragraph 162 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Count IV of the Complaint, which expressly incorporates only Paragraphs 245–284 and 293–304, and

expressly excludes Paragraphs 1–244. *See* Complaint ¶ 293. To the extent a response is required, the Underwriter Defendants admit that Paragraph 162 purports to quote a portion of a November 4, 2021 Natera earnings call, and respectfully refer the Court to a transcript of that earnings call for a complete and accurate statement of its contents.

163. Paragraph 163 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Count IV of the Complaint, which expressly incorporates only Paragraphs 245–284 and 293–304, and expressly excludes Paragraphs 1–244. *See* Complaint ¶ 293. Paragraph 163 also states a legal conclusion to which no response is required. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 163.

164. Paragraph 164 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Count IV of the Complaint, which expressly incorporates only Paragraphs 245–284 and 293–304, and expressly excludes Paragraphs 1–244. *See* Complaint ¶ 293. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 164, except admit on information and belief the adjusted closing price for Natera stock on February 26, 2020 was $34.77, and respectfully refer the Court to public market sources for a true and accurate record of the closing prices on the relevant days in September 2021.

165. Paragraph 165 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Count IV of the Complaint, which expressly incorporates only Paragraphs 245–284 and 293–304, and expressly excludes Paragraphs 1–244. *See* Complaint ¶ 293. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 165, and respectfully

refer the Court to Form 4s filed with the SEC by Messrs. Chapman, Brophy, and Rabinowitz for a complete and accurate statement of their contents.

166.    Paragraph 166 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Count IV of the Complaint, which expressly incorporates only Paragraphs 245–284 and 293–304, and expressly excludes Paragraphs 1–244. *See* Complaint ¶ 293. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 166, except respectfully refer the Court to Form 4s filed with the SEC by Messrs. Chapman, Brophy, and Rabinowitz for a complete and accurate statement of their contents.

167.    Paragraph 167 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Count IV of the Complaint, which expressly incorporates only Paragraphs 245–284 and 293–304, and expressly excludes Paragraphs 1–244. *See* Complaint ¶ 293. Paragraph 167 also states a legal conclusion to which no response is required. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 167, and incorporate by reference their responses to Paragraphs 168–170, 222–223, 227, and 231–241 below.

168.    Paragraph 168 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Count IV of the Complaint, which expressly incorporates only Paragraphs 245–284 and 293–304, and expressly excludes Paragraphs 1–244. *See* Complaint ¶ 293. Additionally, no response to Paragraph 168 is required to the extent it contains allegations relating to Plaintiffs' Prospera-based claims, which the Court has dismissed. *See* ECF No. 104. Paragraph 168 also states a

legal conclusion to which no response is required.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 168.

169.    Paragraph 169 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Count IV of the Complaint, which expressly incorporates only Paragraphs 245–284 and 293–304, and expressly excludes Paragraphs 1–244.  *See* Complaint ¶ 293.  Paragraph 169 also states a legal conclusion to which no response is required.  Additionally, no response to Paragraph 169 is required to the extent it contains allegations relating to Plaintiffs' Prospera-based claims, which the Court has dismissed.  *See* ECF No. 104.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 169, and respectfully refer the Court to public market sources for a true and accurate record of the closing prices on the relevant days.

170.    Paragraph 170 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Count IV of the Complaint, which expressly incorporates only Paragraphs 245–284 and 293–304, and expressly excludes Paragraphs 1–244.  *See* Complaint ¶ 293.  Paragraph 170 also states a legal conclusion to which no response is required.  Additionally, no response to Paragraph 170 is required to the extent it contains allegations relating to Plaintiffs' Prospera-based claims, which the Court has dismissed.  *See* ECF No. 104.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 170, and respectfully refer the Court to public market sources for a true and accurate record of the closing prices on the relevant days.

171.    Paragraph 171 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Count IV of the Complaint, which expressly incorporates only Paragraphs 245–284 and 293–304, and expressly excludes Paragraphs 1–244. *See* Complaint ¶ 293.  Paragraph 170 also states a legal conclusion to which no response is required.  Additionally, no response to Paragraph 171 is required to the extent it contains allegations relating to Plaintiffs' Prospera-based claims, which the Court has dismissed.  *See* ECF No. 104.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 171.

172.    Paragraph 172 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Count IV of the Complaint, which expressly incorporates only Paragraphs 245–284 and 293–304, and expressly excludes Paragraphs 1–244. *See* Complaint ¶ 293.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 172, except admit that Paragraph 172 purports to quote a portion of a report containing unproven allegations by a short seller, Hindenburg, and respectfully refer the Court to that report for a complete statement of its contents.

173.    Paragraph 173 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Count IV of the Complaint, which expressly incorporates only Paragraphs 245–284 and 293–304, and expressly excludes Paragraphs 1–244. *See* Complaint ¶ 293.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 173, except admit that (i) the adjusted closing price on March 8 and 9, 2022 was $54.75 and $36.80 per share, respectively; and (ii) Paragraph 173 purports to reference a report containing unproven

allegations by a short seller, Hindenburg, and respectfully refer the Court to that report for a complete statement of its contents.

174.    Paragraph 174 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Count IV of the Complaint, which expressly incorporates only Paragraphs 245–284 and 293–304, and expressly excludes Paragraphs 1–244. *See* Complaint ¶ 293. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 174, except admit that (i) Paragraph 174 purports to reference a report containing unproven allegations by a short seller, Hindenburg, and respectfully refer the Court to that report for a complete statement of its contents; and (ii) Paragraph 174 quotes or purports to describe portions of reports from SVB Leerink or Canaccord Genuity, to which the Underwriter Defendants respectfully refer the Court for a complete and accurate description of their contents. The Underwriter Defendants also respectfully refer the Court to public market sources for a true and accurate record of the closing prices on the relevant days.

175.    Paragraph 175 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Count IV of the Complaint, which expressly incorporates only Paragraphs 245–284 and 293–304, and expressly excludes Paragraphs 1–244. *See* Complaint ¶ 293. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 175, except admit that (i) Paragraph 175 purports to quote a portion of a March 10, 2022 Natera investor call and respectfully refer the Court to a transcript of that investor call for a true and accurate statement of its contents; and (ii) Paragraph 175 purports to reference unproven allegations in

a report by a short seller, Hindenburg, and respectfully refer the Court to that report for a complete statement of its contents.

176.    Paragraph 176 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Count IV of the Complaint, which expressly incorporates only Paragraphs 245–284 and 293–304, and expressly excludes Paragraphs 1–244.  *See* Complaint ¶ 293.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 176, except admit that Paragraph 176 purports to quote and describe portions of two March 2022 reports from BTIG and Piper Sandler, to which the Underwriter Defendants respectfully refer the Court for a complete and accurate statement of their contents.  The Underwriter Defendants also respectfully refer the Court to public market sources for a true and accurate record of the closing prices on the relevant days.

177.    Paragraph 177 is not alleged against the Underwriter Defendants, and therefore no response from the Underwriter Defendants is required, because the Underwriter Defendants are only named in Count IV of the Complaint, which expressly incorporates only Paragraphs 245–284 and 293–304, and expressly excludes Paragraphs 1–244.  *See* Complaint ¶ 293. Additionally, no response to Paragraph 177 is required because it only contains allegations relating to Plaintiffs' Prospera-based claims, which the Court has dismissed.  *See* ECF No. 104.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 177, and respectfully refer to this Court's September 11, 2023 decision regarding Prospera, Natera's statements of the Prospera clinical study data, and the clinical data related to AlloSure.

178.    Paragraph 178 is not alleged against the Underwriter Defendants, and therefore no response from the Underwriter Defendants is required, because the Underwriter Defendants are only named in Count IV of the Complaint, which expressly incorporates only Paragraphs 245–284 and 293–304, and expressly excludes Paragraphs 1–244.  *See* Complaint ¶ 293. Additionally, no response to Paragraph 178 is required because it only contains allegations relating to Plaintiffs' Prospera-based claims, which the Court has dismissed.  *See* ECF No. 104.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 178, and respectfully refer to this Court's September 11, 2023 decision regarding Prospera, Natera's statements of the Prospera clinical study data, and the clinical data related to AlloSure.

179.    Paragraph 179 is not alleged against the Underwriter Defendants, and therefore no response from the Underwriter Defendants is required, because the Underwriter Defendants are only named in Count IV of the Complaint, which expressly incorporates only Paragraphs 245–284 and 293–304, and expressly excludes Paragraphs 1–244.  *See* Complaint ¶ 293. Additionally, no response to Paragraph 179 is required because it only contains allegations relating to Plaintiffs' Prospera-based claims, which the Court has dismissed.  *See* ECF No. 104.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 179, and respectfully refer to this Court's September 11, 2023 decision regarding Prospera, Natera's statements of the Prospera clinical study data, and the clinical data related to AlloSure.

180.    Paragraph 180 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Count IV of the Complaint, which expressly incorporates only Paragraphs 245–284 and 293–304, and

expressly excludes Paragraphs 1–244.  *See* Complaint ¶ 293.  Additionally, no response to Paragraph 180 is required because it only contains allegations relating to Plaintiffs' Prospera-based claims, which the Court has dismissed.  *See* ECF No. 104.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 180, respectfully refer to this Court's September 11, 2023 decision regarding Prospera, Natera's statements of the Prospera clinical study data, and the clinical data related to AlloSure, and admit based on information and belief that the intra-day share price high on March 14, 2022 was $39.13, and that the adjusted closing share price on March 14 and 15, 2022—the latter date which falls outside of Plaintiffs' proposed Class Period—was $35.89 and $30.32, respectively.

181.    Paragraph 181 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Count IV of the Complaint, which expressly incorporates only Paragraphs 245–284 and 293–304, and expressly excludes Paragraphs 1–244.  *See* Complaint ¶ 293.  Additionally, no response to Paragraph 181 is required because it only contains allegations relating to Plaintiffs' Prospera-based claims, which the Court has dismissed.  *See* ECF No. 104.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 181, and respectfully refer to this Court's September 11, 2023 decision regarding Prospera, Natera's statements of the Prospera clinical study data, and the clinical data related to AlloSure.

182.    Paragraph 182 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Count IV of the Complaint, which expressly incorporates only Paragraphs 245–284 and 293–304, and expressly excludes Paragraphs 1–244.  *See* Complaint ¶ 293.  Additionally, no response to Paragraph 182 is required because it only contains allegations relating to Plaintiffs' Prospera-

68

based claims, which the Court has dismissed.  *See* ECF No. 104.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 182, and respectfully refer to this Court's September 11, 2023 decision regarding Prospera, Natera's statements of the Prospera clinical study data, and the clinical data related to AlloSure.

183.    Paragraph 183 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Count IV of the Complaint, which expressly incorporates only Paragraphs 245–284 and 293–304, and expressly excludes Paragraphs 1–244.  *See* Complaint ¶ 293.  Additionally, no response to Paragraph 183 is required because it only contains allegations relating to Plaintiffs' Prospera-based claims, which the Court has dismissed.  *See* ECF No. 104.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 183, and respectfully refer to this Court's September 11, 2023 decision regarding Prospera, Natera's statements of the Prospera clinical study data, and the clinical data related to AlloSure.

184.    Paragraph 184 is not alleged against the Underwriter Defendants, and therefore no response from the Underwriter Defendants is required, because the Underwriter Defendants are only named in Count IV of the Complaint, which expressly incorporates only Paragraphs 245–284 and 293–304, and expressly excludes Paragraphs 1–244.  *See* Complaint ¶ 293. Additionally, no response to Paragraph 184 is required because it only contains allegations relating to Plaintiffs' Prospera-based claims, which the Court has dismissed.  *See* ECF No. 104.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 184.

185.    Paragraph 185 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Count IV of the

Complaint, which expressly incorporates only Paragraphs 245–284 and 293–304, and expressly excludes Paragraphs 1–244. *See* Complaint ¶ 293. Additionally, no response to Paragraph 185 is required because it only contains allegations relating to Plaintiffs' Prospera-based claims, which the Court has dismissed. *See* ECF No. 104. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 185, and respectfully refer to this Court's September 11, 2023 decision regarding Prospera, Natera's statements of the Prospera clinical study data, and the clinical data related to AlloSure.

186. Paragraph 186 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Count IV of the Complaint, which expressly incorporates only Paragraphs 245–284 and 293–304, and expressly excludes Paragraphs 1–244. *See* Complaint ¶ 293. Additionally, no response to Paragraph 186 is required to the extent it contains allegations relating to Plaintiffs' Prospera-based claims, which the Court has dismissed. *See* ECF No. 104. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 186 and deny it completely and accurately describes Natera's business, except admit that Natera's 2020 Form 10-K states that Natera is a diagnostics company with proprietary molecular and bioinformatics technology that offers a range of blood tests that measure cell-free DNA to screen for, among other things, cancer, fetal abnormalities, and organ transplant rejections; that Natera's business focuses on women's health, oncology, and organ health is a clinical testing company that offers a range of blood tests that measure cell-free DNA to screen for, among other things, cancer, fetal abnormalities, and organ transplant rejections; and that Panorama, Natera's NIPT product, was launched in 2013, as more fully described in Natera's 2020 Form 10-K, to which the Underwriter Defendants respectfully the Court.

70

187.    Paragraph 187 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Count IV of the Complaint, which expressly incorporates only Paragraphs 245–284 and 293–304, and expressly excludes Paragraphs 1–244. *See* Complaint ¶ 293. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 187, except (i) admit that Paragraph 187 purports to quote portions of Natera's 2019, 2020, and 2021 Form 10-Ks, and respectfully refer the Court to those filings for complete and accurate descriptions of their contents; and (ii) deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegation concerning Mr. Brophy's alleged statements at the March 11, 2020 Barclays Global Healthcare Conference.

188.    Paragraph 188 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Count IV of the Complaint, which expressly incorporates only Paragraphs 245–284 and 293–304, and expressly excludes Paragraphs 1–244. *See* Complaint ¶ 293. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 188, and deny knowledge and information sufficient to form a belief as to the truth or falsity of the allegation regarding what "the market understood" about Panorama, except admit that Paragraph 188 purports to quote a portion of a March 19, 2020 report by Canaccord Genuity, and respectfully refer the Court to that report for a complete and accurate description of its contents.

189.    Paragraph 189 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Count IV of the Complaint, which expressly incorporates only Paragraphs 245–284 and 293–304, and

expressly excludes Paragraphs 1–244. *See* Complaint ¶ 293. Additionally, no response to Paragraph 189 is required because it only contains allegations relating to Plaintiffs' Prospera-based claims, which the Court has dismissed. *See* ECF No. 104. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 189, and respectfully refer to this Court's September 11, 2023 decision regarding Prospera, Natera's statements of the Prospera clinical study data, and the clinical data related to AlloSure.

190. Paragraph 190 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Count IV of the Complaint, which expressly incorporates only Paragraphs 245–284 and 293–304, and expressly excludes Paragraphs 1–244. *See* Complaint ¶ 293. Additionally, no response to Paragraph 190 is required because it only contains allegations relating to Plaintiffs' Prospera-based claims, which the Court has dismissed. *See* ECF No. 104. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 190, and respectfully refer to this Court's September 11, 2023 decision regarding Prospera, Natera's statements of the Prospera clinical study data, and the clinical data related to AlloSure.

191. Paragraph 191 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Count IV of the Complaint, which expressly incorporates only Paragraphs 245–284 and 293–304, and expressly excludes Paragraphs 1–244. *See* Complaint ¶ 293. Paragraph 191 also states a legal conclusion to which no response is required. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 191.

192. Paragraph 192 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Count IV of the

Complaint, which expressly incorporates only Paragraphs 245–284 and 293–304, and expressly excludes Paragraphs 1–244. *See* Complaint ¶ 293. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 192, except admit Paragraph 192 purports to describe a March 8, 2018 press release by the U.S. Attorney's Office for Western District of Kentucky, and the Underwriter Defendants respectfully refer the Court to that press release for a complete and accurate description of its contents.

193. Paragraph 193 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Count IV of the Complaint, which expressly incorporates only Paragraphs 245–284 and 293–304, and expressly excludes Paragraphs 1–244. *See* Complaint ¶ 293. To the extent a response is required, the Underwriter Defendants admit Paragraph 192 purports to describe the same March 8, 2018 press release by the U.S. Attorney's Office for Western District of Kentucky referenced in Paragraph 192, and the Underwriter Defendants respectfully refer the Court to that press release for a complete and accurate description of its contents.

194. Paragraph 194 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Count IV of the Complaint, which expressly incorporates only Paragraphs 245–284 and 293–304, and expressly excludes Paragraphs 1–244. *See* Complaint ¶ 293. To the extent a response is required, the Underwriter Defendants admit Paragraph 194 purports to describe the contents of the settlement referenced in Paragraphs 192–193, and respectfully refer the Court to that settlement for a complete and accurate statement of its contents.

195. Paragraph 195 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Count IV of the

Complaint, which expressly incorporates only Paragraphs 245–284 and 293–304, and expressly excludes Paragraphs 1–244. *See* Complaint ¶ 293. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 195, except admit that Paragraph 195 purports to describe the contents of the settlement referenced in Paragraphs 192–194, and respectfully refer the Court to that settlement for a complete and accurate statement of its contents.

196. Paragraph 196 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Count IV of the Complaint, which expressly incorporates only Paragraphs 245–284 and 293–304, and expressly excludes Paragraphs 1–244. *See* Complaint ¶ 293. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 196, except to the extent that Paragraph 196 references Natera's public filings with the SEC concerning its financial performance, the Underwriter Defendants respectfully refer the Court to those filings for a complete and accurate statement of their contents.

197. Paragraph 197 is not alleged against the Underwriter Defendants, and therefore no response from the Underwriter Defendants is required, because the Underwriter Defendants are only named in Count IV of the Complaint, which expressly incorporates only Paragraphs 245–284 and 293–304, and expressly excludes Paragraphs 1–244. *See* Complaint ¶ 293. To the extent a response is required, the Underwriter Defendants deny the allegations in paragraph 197, except admit that Natera's 2020 Form 10-K states that during the 2020 fiscal year, Natera reported revenues of $391.0 million, as more fully described in the Offering Documents and Natera's 2020 Form 10-K, to which the Underwriter Defendants respectfully

refer the Court, and otherwise respectfully refer the Court to those filings for information regarding Natera's executives' compensation.

198.    Paragraph 198 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Count IV of the Complaint, which expressly incorporates only Paragraphs 245–284 and 293–304, and expressly excludes Paragraphs 1–244. *See* Complaint ¶ 293.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 198, except admit that Natera's 2020 Form 10-K states during the 2021 fiscal year, Natera reported revenue of $625.5 million, as more fully described in the Offering Documents and Natera's 2020 Form 10-K, to which the Underwriter Defendants respectfully refer the Court, and otherwise respectfully refer the Court to those filings for information regarding Natera's executives' compensation.

199.    Paragraph 199 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Count IV of the Complaint, which expressly incorporates only Paragraphs 245–284 and 293–304, and expressly excludes Paragraphs 1–244. *See* Complaint ¶ 293.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 199, except respectfully refer the Court to Natera's public filings with the SEC for information regarding Natera's executives' compensation.

200.    Paragraph 200 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Count IV of the Complaint, which expressly incorporates only Paragraphs 245–284 and 293–304, and expressly excludes Paragraphs 1–244. *See* Complaint ¶ 293.  To the extent a response is

required, the Underwriter Defendants deny the allegations in Paragraph 200, except

respectfully refer the Court to Form 4s filed with the SEC by Messrs. Chapman, Brophy, and

Rabinowitz for a complete and accurate statement of their contents.

201.    Paragraph 201 is not alleged against the Underwriter Defendants, and therefore no

response is required, because the Underwriter Defendants are only named in Count IV of the

Complaint, which expressly incorporates only Paragraphs 245–284 and 293–304, and

expressly excludes Paragraphs 1–244. *See* Complaint ¶ 293.  To the extent a response is

required, the Underwriter Defendants deny the allegations in Paragraph 201, except

respectfully refer the Court to Form 4s filed with the SEC by Mr. Chapman for a complete

and accurate statement of their contents.

202.    Paragraph 202 is not alleged against the Underwriter Defendants, and therefore no

response is required, because the Underwriter Defendants are only named in Count IV of the

Complaint, which expressly incorporates only Paragraphs 245–284 and 293–304, and

expressly excludes Paragraphs 1–244. *See* Complaint ¶ 293.  To the extent a response is

required, the Underwriter Defendants deny the allegations in Paragraph 202, except

respectfully refer the Court to Form 4s filed with the SEC by Mr. Chapman for a complete

and accurate statement of their contents.

203.    Paragraph 203 is not alleged against the Underwriter Defendants, and therefore no

response is required, because the Underwriter Defendants are only named in Count IV of the

Complaint, which expressly incorporates only Paragraphs 245–284 and 293–304, and

expressly excludes Paragraphs 1–244. *See* Complaint ¶ 293.  To the extent a response is

required, the Underwriter Defendants deny the allegations in Paragraph 203, except

respectfully refer the Court to Form 4s filed with the SEC by Mr. Chapman for a complete and accurate statement of their contents.

204.    Paragraph 204 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Count IV of the Complaint, which expressly incorporates only Paragraphs 245–284 and 293–304, and expressly excludes Paragraphs 1–244. *See* Complaint ¶ 293.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 204, except respectfully refer the Court to Form 4s filed with the SEC by Mr. Chapman for a complete and accurate statement of their contents.

205.    Paragraph 205 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Count IV of the Complaint, which expressly incorporates only Paragraphs 245–284 and 293–304, and expressly excludes Paragraphs 1–244. *See* Complaint ¶ 293.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 205, except respectfully refer the Court to Form 4s filed with the SEC by Mr. Brophy for a complete and accurate statement of their contents.

206.    Paragraph 206 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Count IV of the Complaint, which expressly incorporates only Paragraphs 245–284 and 293–304, and expressly excludes Paragraphs 1–244. *See* Complaint ¶ 293.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 206, except except respectfully refer the Court to Form 4s filed with the SEC by Mr. Brophy for a complete and accurate statement of their contents.

207.     Paragraph 207 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Count IV of the Complaint, which expressly incorporates only Paragraphs 245–284 and 293–304, and expressly excludes Paragraphs 1–244. *See* Complaint ¶ 293.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 207, except respectfully refer the Court to Form 4s filed with the SEC by Mr. Brophy for a complete and accurate statement of their contents.

208.     Paragraph 208 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Count IV of the Complaint, which expressly incorporates only Paragraphs 245–284 and 293–304, and expressly excludes Paragraphs 1–244. *See* Complaint ¶ 293.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 208, except respectfully refer the Court to Form 4s filed with the SEC by Mr. Brophy for a complete and accurate statement of their contents.

209.     Paragraph 209 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Count IV of the Complaint, which expressly incorporates only Paragraphs 245–284 and 293–304, and expressly excludes Paragraphs 1–244. *See* Complaint ¶ 293.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 209, except respectfully refer the Court to Form 4s filed with the SEC by Mr. Rabinowitz for a complete and accurate statement of their contents.

210.     Paragraph 210 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Count IV of the

Complaint, which expressly incorporates only Paragraphs 245–284 and 293–304, and expressly excludes Paragraphs 1–244. *See* Complaint ¶ 293. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 210, except respectfully refer the Court to Form 4s filed with the SEC by Mr. Rabinowitz for a complete and accurate statement of their contents.

211. Paragraph 211 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Count IV of the Complaint, which expressly incorporates only Paragraphs 245–284 and 293–304, and expressly excludes Paragraphs 1–244. *See* Complaint ¶ 293. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 211 and deny it completely and accurately describes Natera's business, except admit that (i) Natera's stock met the requirements for listing, and was listed and traded on the NASDAQ; (ii) Natera is a public company that files reports with the SEC; (iii) securities analysts wrote reports about Natera; and (iv) Natera communicated with public investors.

212. Paragraph 212 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Count IV of the Complaint, which expressly incorporates only Paragraphs 245–284 and 293–304, and expressly excludes Paragraphs 1–244. *See* Complaint ¶ 293. Paragraph 212 also states a legal conclusion to which no response is required. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 212, except admit that information about Natera was available to the public through press releases, public filings, and earnings and investor calls.

213.     Paragraph 213 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Count IV of the Complaint, which expressly incorporates only Paragraphs 245–284 and 293–304, and expressly excludes Paragraphs 1–244. *See* Complaint ¶ 293. Paragraph 213 also states a legal conclusion to which no response is required. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 213.

214.     Paragraph 214 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Count IV of the Complaint, which expressly incorporates only Paragraphs 245–284 and 293–304, and expressly excludes Paragraphs 1–244. *See* Complaint ¶ 293. Paragraph 214 also states a legal conclusion to which no response is required. Additionally, no response to Paragraph 214 is required to the extent it contains allegations relating to Plaintiffs' Prospera-based claims, which the Court has dismissed. *See* ECF No. 104. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 214.

215.     Paragraph 215 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Count IV of the Complaint, which expressly incorporates only Paragraphs 245–284 and 293–304, and expressly excludes Paragraphs 1–244. *See* Complaint ¶ 293. Paragraph 215 also states a legal conclusion to which no response is required. Additionally, no response to Paragraph 215 is required to the extent it contains allegations relating to Plaintiffs' Prospera-based claims, which the Court has dismissed. *See* ECF No. 104. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 215.

216.    Paragraph 216 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Count IV of the Complaint, which expressly incorporates only Paragraphs 245–284 and 293–304, and expressly excludes Paragraphs 1–244. *See* Complaint ¶ 293.  Paragraph 216 also states a legal conclusion to which no response is required.  Additionally, no response to Paragraph 216 is required to the extent it contains allegations relating to Plaintiffs' Prospera-based claims, which the Court has dismissed.  *See* ECF No. 104.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 216.

217.    Paragraph 217 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Count IV of the Complaint, which expressly incorporates only Paragraphs 245–284 and 293–304, and expressly excludes Paragraphs 1–244. *See* Complaint ¶ 293.  Additionally, no response to Paragraph 217 is required to the extent it contains allegations relating to Plaintiffs' Prospera-based claims, which the Court has dismissed.  *See* ECF No. 104.  To the extent a response is required, the Underwriter Defendants incorporate by reference their responses to Paragraphs 1–216.

218.    Paragraph 218 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Count IV of the Complaint, which expressly incorporates only Paragraphs 245–284 and 293–304, and expressly excludes Paragraphs 1–244. *See* Complaint ¶ 293.  Paragraph 218 also states a legal conclusion to which no response is required.  Additionally, no response to Paragraph 218 is required to the extent it contains allegations relating to Plaintiffs' Prospera-based

claims, which the Court has dismissed. *See* ECF No. 104. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 218.

219. Paragraph 219 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Count IV of the Complaint, which expressly incorporates only Paragraphs 245–284 and 293–304, and expressly excludes Paragraphs 1–244. *See* Complaint ¶ 293. Paragraph 219 also states a legal conclusion to which no response is required. Additionally, no response to Paragraph 219 is required to the extent it contains allegations relating to Plaintiffs' Prospera-based claims, which the Court has dismissed. *See* ECF No. 104. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 219.

220. Paragraph 220 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Count IV of the Complaint, which expressly incorporates only Paragraphs 245–284 and 293–304, and expressly excludes Paragraphs 1–244. *See* Complaint ¶ 293. Paragraph 220 also states a legal conclusion to which no response is required. Additionally, no response to Paragraph 220 is required to the extent it contains allegations relating to Plaintiffs' Prospera-based claims, which the Court has dismissed. *See* ECF No. 104. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 220.

221. Paragraph 221 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Count IV of the Complaint, which expressly incorporates only Paragraphs 245–284 and 293–304, and expressly excludes Paragraphs 1–244. *See* Complaint ¶ 293. Paragraph 221 also states a legal conclusion to which no response is required. Additionally, no response to Paragraph

82

221 is required to the extent it contains allegations relating to Plaintiffs' Prospera-based claims, which the Court has dismissed. *See* ECF No. 104. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 221.

222. Paragraph 222 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Count IV of the Complaint, which expressly incorporates only Paragraphs 245–284 and 293–304, and expressly excludes Paragraphs 1–244. *See* Complaint ¶ 293. Paragraph 222 also states a legal conclusion to which no response is required. Additionally, no response to Paragraph 222 is required to the extent it contains allegations relating to Plaintiffs' Prospera-based claims, which the Court has dismissed. *See* ECF No. 104. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 222.

223. Paragraph 223 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Count IV of the Complaint, which expressly incorporates only Paragraphs 245–284 and 293–304, and expressly excludes Paragraphs 1–244. *See* Complaint ¶ 293. Paragraph 223 also states a legal conclusion to which no response is required. Additionally, no response to Paragraph 223 is required to the extent it contains allegations relating to Plaintiffs' Prospera-based claims, which the Court has dismissed. *See* ECF No. 104. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 223.

224. Paragraph 224 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Count IV of the Complaint, which expressly incorporates only Paragraphs 245–284 and 293–304, and expressly excludes Paragraphs 1–244. *See* Complaint ¶ 293. Additionally, no response to

Paragraph 224 is required to the extent it contains allegations relating to Plaintiffs' Prospera-based claims, which the Court has dismissed. *See* ECF No. 104. To the extent a response is required, the Underwriter Defendants incorporate by reference their responses to Paragraphs 1–223.

225. Paragraph 225 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Count IV of the Complaint, which expressly incorporates only Paragraphs 245–284 and 293–304, and expressly excludes Paragraphs 1–244. *See* Complaint ¶ 293. Paragraph 225 also states a legal conclusion to which no response is required. Additionally, no response to Paragraph 225 is required to the extent it contains allegations relating to Plaintiffs' Prospera-based claims, which the Court has dismissed. *See* ECF No. 104. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 225.

226. Paragraph 226 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Count IV of the Complaint, which expressly incorporates only Paragraphs 245–284 and 293–304, and expressly excludes Paragraphs 1–244. *See* Complaint ¶ 293. Paragraph 226 also states a legal conclusion to which no response is required. Additionally, no response to Paragraph 226 is required to the extent it contains allegations relating to Plaintiffs' Prospera-based claims, which the Court has dismissed. *See* ECF No. 104. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 226, and respectfully refer the Court to Natera's filings with the SEC for descriptions of the roles of the Executive Defendants in Natera's operations.

84

227.    Paragraph 227 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Count IV of the Complaint, which expressly incorporates only Paragraphs 245–284 and 293–304, and expressly excludes Paragraphs 1–244. *See* Complaint ¶ 293.  Paragraph 227 also states a legal conclusion to which no response is required.  Additionally, no response to Paragraph 227 is required to the extent it contains allegations relating to Plaintiffs' Prospera-based claims, which the Court has dismissed.  *See* ECF No. 104.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 227.

228.    Paragraph 228 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Count IV of the Complaint, which expressly incorporates only Paragraphs 245–284 and 293–304, and expressly excludes Paragraphs 1–244. *See* Complaint ¶ 293.  Additionally, no response to Paragraph 228 is required to the extent it contains allegations relating to Plaintiffs' Prospera-based claims, which the Court has dismissed.  *See* ECF No. 104.  To the extent a response is required, the Underwriter Defendants incorporate by reference their responses to Paragraphs 1–227.

229.    Paragraph 229 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Count IV of the Complaint, which expressly incorporates only Paragraphs 245–284 and 293–304, and expressly excludes Paragraphs 1–244. *See* Complaint ¶ 293.  Paragraph 229 also states a legal conclusion to which no response is required.  Additionally, no response to Paragraph 229 is required to the extent it contains allegations relating to Plaintiffs' Prospera-based

claims, which the Court has dismissed.  *See* ECF No. 104.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 229.

230.    Paragraph 230 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Count IV of the Complaint, which expressly incorporates only Paragraphs 245–284 and 293–304, and expressly excludes Paragraphs 1–244.  *See* Complaint ¶ 293.  Paragraph 230 also states a legal conclusion to which no response is required.  To the extent a response is required, the Underwriter Defendants admit Paragraph 230 purports to quote a portion of Section 20A of the Exchange Act, and respectfully refer the Court to the Act for its express provisions.

231.    Paragraph 231 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Count IV of the Complaint, which expressly incorporates only Paragraphs 245–284 and 293–304, and expressly excludes Paragraphs 1–244.  *See* Complaint ¶ 293.  Paragraph 231 also states a legal conclusion to which no response is required.  Additionally, no response to Paragraph 231 is required to the extent it contains allegations relating to Plaintiffs' Prospera-based claims, which the Court has dismissed.  *See* ECF No. 104.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 231.

232.    Paragraph 232 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Count IV of the Complaint, which expressly incorporates only Paragraphs 245–284 and 293–304, and expressly excludes Paragraphs 1–244.  *See* Complaint ¶ 293.  Paragraph 232 also states a legal conclusion to which no response is required.  Additionally, no response to Paragraph 232 is required to the extent it contains allegations relating to Plaintiffs' Prospera-based

claims, which the Court has dismissed.  *See* ECF No. 104.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 232.

233.    Paragraph 233 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Count IV of the Complaint, which expressly incorporates only Paragraphs 245–284 and 293–304, and expressly excludes Paragraphs 1–244.  *See* Complaint ¶ 293.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 233.

234.    Paragraph 234 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Count IV of the Complaint, which expressly incorporates only Paragraphs 245–284 and 293–304, and expressly excludes Paragraphs 1–244.  *See* Complaint ¶ 293.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 234, except respectfully refer the Court to Form 4s filed with the SEC by Mr. Chapman for a complete and accurate statement of their contents.

235.    Paragraph 235 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Count IV of the Complaint, which expressly incorporates only Paragraphs 245–284 and 293–304, and expressly excludes Paragraphs 1–244.  *See* Complaint ¶ 293.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 234, except respectfully refer the Court to Form 4s filed with the SEC by Mr. Brophy for a complete and accurate statement of their contents.

236.    Paragraph 236 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Count IV of the

87

Complaint, which expressly incorporates only Paragraphs 245–284 and 293–304, and expressly excludes Paragraphs 1–244. *See* Complaint ¶ 293. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 236, except respectfully refer the Court to Form 4s filed with the SEC by Mr. Rabinowitz for a complete and accurate statement of their contents.

237.    Paragraph 237 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Count IV of the Complaint, which expressly incorporates only Paragraphs 245–284 and 293–304, and expressly excludes Paragraphs 1–244. *See* Complaint ¶ 293. Paragraph 237 also states a legal conclusion to which no response is required. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 237, except admit Plaintiffs claim to have purchased Natera common stock.

238.    Paragraph 238 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Count IV of the Complaint, which expressly incorporates only Paragraphs 245–284 and 293–304, and expressly excludes Paragraphs 1–244. *See* Complaint ¶ 293. To the extent a response is required, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 238, except admit BAPTL claims to have purchased Natera common stock.

239.    Paragraph 239 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Count IV of the Complaint, which expressly incorporates only Paragraphs 245–284 and 293–304, and expressly excludes Paragraphs 1–244. *See* Complaint ¶ 293. To the extent a response is

required, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 239, except admit Key West P&F claims to have purchased Natera common stock.

240. Paragraph 240 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Count IV of the Complaint, which expressly incorporates only Paragraphs 245–284 and 293–304, and expressly excludes Paragraphs 1–244. *See* Complaint ¶ 293. Paragraph 240 also states a legal conclusion to which no response is required. Additionally, no response to Paragraph 240 is required to the extent it contains allegations relating to Plaintiffs' Prospera-based claims, which the Court has dismissed. *See* ECF No. 104. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 240, except admit putative class members claim to have purchased Natera common stock.

241. Paragraph 241 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Count IV of the Complaint, which expressly incorporates only Paragraphs 245–284 and 293–304, and expressly excludes Paragraphs 1–244. *See* Complaint ¶ 293. Paragraph 241 also states a legal conclusion to which no response is required. Additionally, no response to Paragraph 241 is required to the extent it contains allegations relating to Plaintiffs' Prospera-based claims, which the Court has dismissed. *See* ECF No. 104. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 241.

242. Paragraph 242 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Count IV of the Complaint, which expressly incorporates only Paragraphs 245–284 and 293–304, and

expressly excludes Paragraphs 1–244.  *See* Complaint ¶ 293.  Paragraph 242 also states a legal conclusion to which no response is required.  Additionally, no response to Paragraph 242 is required to the extent it contains allegations relating to Plaintiffs' Prospera-based claims, which the Court has dismissed.  *See* ECF No. 104.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 242.

243.    Paragraph 243 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Count IV of the Complaint, which expressly incorporates only Paragraphs 245–284 and 293–304, and expressly excludes Paragraphs 1–244.  *See* Complaint ¶ 293.  Paragraph 243 also states a legal conclusion to which no response is required.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 243 except admit that Plaintiffs purport to seek disgorgement for Count III.

244.    Paragraph 244 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Count IV of the Complaint, which expressly incorporates only Paragraphs 245–284 and 293–304, and expressly excludes Paragraphs 1–244.  *See* Complaint ¶ 293.  Paragraph 244 also states a legal conclusion to which no response is required.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 244.

245.    Paragraph 245 states a legal conclusion to which no response is required.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 245, except admit that Plaintiffs purport to bring this action under Sections 11 and 15 of the Securities Act.

246.     Paragraph 246 states a legal conclusion to which no response is required.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 246, except admit that Plaintiffs purport to base jurisdiction over this action on the statutes cited therein.

247.     Paragraph 247 states a legal conclusion to which no response is required.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 247, except admit that Plaintiffs purport to base venue over this action on the statutes cited therein.

248.     The Underwriter Defendants deny the allegations in Paragraph 248.

249.     Paragraph 249 states a legal conclusion to which no response is required. Additionally, no response to Paragraph 249 is required to the extent it contains allegations relating to Plaintiffs' Prospera-based claims, which the Court has dismissed.  *See* ECF No. 104.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 249.

250.     Paragraph 250 states a legal conclusion to which no response is required. Additionally, no response to Paragraph 250 is required to the extent it contains allegations relating to Plaintiffs' Prospera-based claims, which the Court has dismissed.  *See* ECF No. 104.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 250.

251.     The Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 251 regarding Plaintiff Key West P&F's company affairs, except admit that Plaintiff Key West P&F claims to have purchased Natera common stock.

252. Paragraph 252 states a legal conclusion to which no response is required. Additionally, no response to Paragraph 252 is required to the extent it contains allegations relating to Plaintiffs' Prospera-based claims, which the Court has dismissed. *See* ECF No. 104. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 252, except admit that Plaintiffs purport to bring these claims under the statutes cited therein.

253. Because Paragraph 253 contains no factual allegations, no response is required, except the Underwriter Defendants incorporate by reference their response to Paragraph 28.

254. The Underwriter Defendants admit that the individuals named in Paragraph 254 held the promulgated positions at the time of the SPO and signed the Registration Statement, and respectfully refer the Court to the Offering Documents for a complete and accurate statement of their contents.

255. The Underwriter Defendants admit that the Individual Defendants signed the Registration Statement and respectfully refer the Court to the Offering Documents for a complete and accurate statement of their contents.

256. Paragraph 256 states legal conclusions to which no response is required. Additionally, no response is required because Paragraph 256 is directed at other Defendants.

257. Paragraph 257 states legal conclusions to which no response is required. Additionally, no response is required because Paragraph 257 is directed at other Defendants. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 257.

258. Paragraph 258 states legal conclusions to which no response is required. Additionally, no response is required because Paragraph 258 is directed at other Defendants.

259.    The Underwriter Defendants admit that Morgan Stanley & Co. LLC was an underwriter in the SPO, and respectfully refer the Court to the Offering Documents for a complete and accurate description of Morgan Stanley & Co. LLC's role and allocation of shares in the SPO.

260.    The Underwriter Defendants admit that Goldman Sachs & Co. LLC was an underwriter in the SPO, and respectfully refer the Court to the Offering Documents for a complete and accurate description of Goldman Sachs & Co. LLC's role and allocation of shares in the SPO.

261.    The Underwriter Defendants admit that Cowen and Company, LLC was an underwriter in the SPO, and respectfully refer the Court to the Offering Documents for a complete and accurate description of Cowen and Company, LLC's role and allocation of shares in the SPO.

262.    The Underwriter Defendants admit that SVB Leerink LLC was an underwriter in the SPO, and respectfully refer the Court to the Offering Documents for a complete and accurate description of SVB Leerink LLC's role and allocation of shares in the SPO.

263.    The Underwriter Defendants admit that Robert W. Baird & Co. Incorporated was an underwriter in the SPO and respectfully refer the Court to the Offering Documents for a complete and accurate description of Robert W. Baird & Co. Incorporated's role and allocation of shares in the SPO.

264.    The Underwriter Defendants admit that BTIG, LLC was an underwriter in the SPO, and respectfully refer the Court to the Offering Documents for a complete and accurate description of BTIG, LLC's role and allocation of shares in the SPO.

265.    The Underwriter Defendants admit that Craig-Hallum Group LLC was an underwriter in the SPO, and respectfully refer the Court to the Offering Documents for a complete and accurate description of Craig-Hallum Group LLC's role and allocation of shares in the SPO.

266.    The Underwriter Defendants deny the allegations in Paragraph 266 completely and accurately describe the business of the Underwriter Defendants, except admit that the Underwriter Defendants are investment banks that underwrite public offerings of securities, and that the Underwriter Defendants collectively underwrote the SPO, and respectfully refer the Court to the Offering Documents for a complete and accurate statement of the Underwriter Defendants' roles in the SPO and the fees earned.

267.    Because Paragraph 267 contains no factual allegations, no response is required.

268.    The Underwriter Defendants admit on information and belief that Natera filed the Offering Documents roughly on the dates identified in Paragraph 268, and respectfully refer the Court to the Offering Documents for a complete and accurate description of their contents.

269.    The Underwriter Defendants deny that the allegations in Paragraph 269 accurately or completely describe the SPO and Natera's prior offering, except admit that (i) in July 2021, Natera's board authorized the SPO of 5.175 million shares of stock at $113 per share, generating approximately $551.2 million net of the underwriting discount (before offering expenses of $0.4 million); and (ii) Natera completed in September 2020 a public equity offering of Natera shares at $60 per share, generating $271 million net of the underwriting discount (before offering expenses of $0.3 million), as more fully described in Natera's 2021 Form 10-K, to which the Underwriter Defendants respectfully refer the Court.

94

270. The Underwriter Defen dants admit that the Registration Statement incorporated by reference Natera's 2020 Form 10-K. To the extent Paragraph 270 purports to describe that filing, the Underwriter Defendants respectfully refer the Court to Natera's 2020 10-K for an accurate and complete description of its contents.

271. No response to Paragraph 271 is required because it only contains allegations relating to Plaintiffs' Prospera-based claims, which the Court has dismissed. *See* ECF No. 104. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 271, and respectfully refer to this Court's September 11, 2023 decision regarding Prospera, Natera's statements of the Prospera clinical study data, and the clinical data related to AlloSure.

272. No response to Paragraph 272 is required because it only contains allegations relating to Plaintiffs' Prospera-based claims, which the Court has dismissed. *See* ECF No. 104. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 272, and respectfully refer to this Court's September 11, 2023 decision regarding Prospera, Natera's statements of the Prospera clinical study data, and the clinical data related to AlloSure.

273. No response to Paragraph 273 is required because it only contains allegations relating to Plaintiffs' Prospera-based claims, which the Court has dismissed. *See* ECF No. 104. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 273, and respectfully refer to this Court's September 11, 2023 decision regarding Prospera, Natera's statements of the Prospera clinical study data, and the clinical data related to AlloSure.

274. Paragraph 274 states a legal conclusion to which no response is required. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 274, and respectfully refer the Court to Item 105 for its express provisions.

275. No response to Paragraph 275 is required to the extent it contains allegations relating to Plaintiffs' Prospera-based claims, which the Court has dismissed. *See* ECF No. 104. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 275.

276. Paragraph 276 states a legal conclusion to which no response is required. Additionally, no response to Paragraph 276 is required to the extent it contains allegations relating to Plaintiffs' Prospera-based claims, which the Court has dismissed. *See* ECF No. 104. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 276.

277. Paragraph 277 states a legal conclusion to which no response is required. To the extent a response is required, the Underwriter Defendants deny the allegations to the extent they purport to suggest any failed duty to disclose with respect to the Offering Documents, except admit that Paragraph 277 quotes and purports to characterize Item 303, to which the Underwriter Defendants respectfully refer the Court for a complete and accurate description of its contents.

278. Paragraph 278 states a legal conclusion to which no response is required. To the extent a response is required, the Underwriter Defendants deny the allegations to the extent they purport to suggest any failed duty to disclose with respect to the Offering Documents, except admit that Paragraph 278 quotes and purports to characterize a portion of a 1989 SEC

release, to which the Underwriter Defendants respectfully refer the Court for a complete and accurate description of its contents.

279.    Paragraph 279 states a legal conclusion to which no response is required.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 279 to the extent they purport to suggest any failed duty to disclose with respect to the Offering Documents, except admit that Paragraph 279 quotes and purports to characterize a portion of the same 1989 SEC release referenced in Paragraph 278, to which the Underwriter Defendants respectfully refer the Court for a complete and accurate description of its contents.

280.    Paragraph 280 states a legal conclusion to which no response is required.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 280 to the extent they purport to suggest any failed duty to disclose with respect to the Offering Documents, except admit that Paragraph 280 quotes and purports to characterize a portion of an April 7, 2003 final rule, to which the Underwriter Defendants respectfully refer the Court for a complete and accurate description of its contents.

281.    Paragraph 281 states a legal conclusion to which no response is required.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 281 to the extent they purport to suggest any failed duty to disclose with respect to the Offering Documents, except admit that Paragraph 281 quotes and purports to characterize Item 303, to which the Underwriter Defendants respectfully refer the Court for a complete and accurate description of its contents.

282.    The Underwriter Defendants deny the allegations in Paragraph 282.

283.    The Underwriter Defendants deny the allegations in Paragraph 283.

284.    The Underwriter Defendants deny the allegations in Paragraph 284.

285.    Paragraph 285[1] is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Count IV of the Complaint, which expressly incorporates only Paragraphs 245–284 and 293–304, and expressly excludes Paragraphs 1–244. *See* Complaint ¶ 293. Additionally, no response to Paragraph 285 is required to the extent it contains allegations relating to Plaintiffs' Prospera-based claims, which the Court has dismissed. *See* ECF No. 104. To the extent a response is required, the Underwriter Defendants incorporate by reference their responses to Paragraphs 245–284.

286.    Paragraph 286 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Count IV of the Complaint, which expressly incorporates only Paragraphs 245–284 and 293–304, and expressly excludes Paragraphs 1–244. *See* Complaint ¶ 293. Paragraph 286 also states a legal conclusion to which no response is required. Additionally, no response to Paragraph 286 is required to the extent it contains allegations relating to Plaintiffs' Prospera-based claims, which the Court has dismissed. *See* ECF No. 104. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 286.

287.    Paragraph 287 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Count IV of the Complaint, which expressly incorporates only Paragraphs 245–284 and 293–304, and expressly excludes Paragraphs 1–244. *See* Complaint ¶ 293. Paragraph 287 also states a

---

[1] Although Count IV, which is alleged against the Underwriter Defendants, purports to incorporate by reference the entirety of Complaint Section III, Paragraphs 285 to 292 are not alleged against the Underwriter Defendants since Count III, by its express terms, is only alleged against Natera and the Securities Act Individual Defendants.

legal conclusion to which no response is required.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 287, except admit that Plaintiffs purport to base the claims in Count III on Section 11 of the Securities Act.

288.    Paragraph 288 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Count IV of the Complaint, which expressly incorporates only Paragraphs 245–284 and 293–304, and expressly excludes Paragraphs 1–244. *See* Complaint ¶ 293.  Paragraph 288 also states a legal conclusion to which no response is required.  Additionally, no response to Paragraph 288 is required to the extent it contains allegations relating to Plaintiffs' Prospera-based claims, which the Court has dismissed. *See* ECF No. 104.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 288.

289.    Paragraph 289 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Count IV of the Complaint, which expressly incorporates only Paragraphs 245–284 and 293–304, and expressly excludes Paragraphs 1–244. *See* Complaint ¶ 293.  Paragraph 289 also states a legal conclusion to which no response is required.  Additionally, no response to Paragraph 289 is required to the extent it contains allegations relating to Plaintiffs' Prospera-based claims, which the Court has dismissed. *See* ECF No. 104.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 289.

290.    Paragraph 290 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Count IV of the Complaint, which expressly incorporates only Paragraphs 245–284 and 293–304, and expressly excludes Paragraphs 1–244. *See* Complaint ¶ 293.  Paragraph 290 also states a

legal conclusion to which no response is required.  Additionally, no response to Paragraph 290 is required to the extent it contains allegations relating to Plaintiffs' Prospera-based claims, which the Court has dismissed.  *See* ECF No. 104.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 290.

291.   Paragraph 291 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Count IV of the Complaint, which expressly incorporates only Paragraphs 245–284 and 293–304, and expressly excludes Paragraphs 1–244.  *See* Complaint ¶ 293.  Paragraph 291 also states a legal conclusion to which no response is required.  Additionally, no response to Paragraph 291 is required to the extent it contains allegations relating to Plaintiffs' Prospera-based claims, which the Court has dismissed.  *See* ECF No. 104.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 291.

292.   Paragraph 292 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Count IV of the Complaint, which expressly incorporates only Paragraphs 245–284 and 293–304, and expressly excludes Paragraphs 1–244.  *See* Complaint ¶ 293.  Paragraph 292 also states a legal conclusion to which no response is required.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 292.

293.   The Underwriter Defendants incorporate by reference their responses to Paragraphs 245–284.

294.   Paragraph 294 states a legal conclusion to which no response is required. Additionally, no response to Paragraph 294 is required to the extent it contains allegations relating to Plaintiffs' Prospera-based claims, which the Court has dismissed.  *See* ECF No.

104. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 294.

295. Paragraph 295 states a legal conclusion to which no response is required. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 295, except admit that Plaintiffs purport to base the claims in Count IV on the statutes cited therein.

296. Paragraph 296 states a legal conclusion to which no response is required. Additionally, no response is required because the allegations of Paragraph 296 are directed at other Defendants. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 296 except admit that Natera participated in selecting the Underwriter Defendants, and assisted in preparing the Offering Documents for the SPO.

297. Paragraph 297 states a legal conclusion to which no response is required. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 297 except admit that they offered, solicited the purchase of, and sold Natera common stock in the SPO.

298. The Underwriter Defendants deny the allegations in Paragraph 298.

299. Paragraph 299 states a legal conclusion to which no response is required. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 299, except admit the Underwriter Defendants offered, solicited the purchase of, and sold Natera common stock in the SPO, and that members of the putative Class claim to have purchased Natera common stock in connection with the SPO.

300. The Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 300 except admit that Plaintiff

Key West P&F and other putative class members claim to have purchased Natera common stock in connection with the SPO.

301.    The Underwriter Defendants deny the allegations in Paragraph 301.

302.    The Underwriter Defendants deny the allegations in Paragraph 302.

303.    Paragraph 303 states a legal conclusion to which no response is required. Additionally, no response to Paragraph 303 is required to the extent it contains allegations relating to Plaintiffs' Prospera-based claims, which the Court has dismissed. *See* ECF No. 104. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 303.

304.    The Underwriter Defendants deny the allegations in Paragraph 304.

305.    Paragraph 305 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Count IV of the Complaint, which expressly incorporates only Paragraphs 245–284 and 293–304, and expressly excludes Paragraphs 1–244. *See* Complaint ¶ 293. Additionally, no response to Paragraph 305 is required to the extent it contains allegations relating to Plaintiffs' Prospera-based claims, which the Court has dismissed. *See* ECF No. 104. To the extent a response is required, the Underwriter Defendants incorporate by reference their responses to Paragraphs 245–284 of the Complaint.

306.    Paragraph 306 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Count IV of the Complaint, which expressly incorporates only Paragraphs 245–284 and 293–304, and expressly excludes Paragraphs 1–244. *See* Complaint ¶ 293. Paragraph 306 also states a legal conclusion to which no response is required. Additionally, no response to Paragraph

306 is required to the extent it contains allegations relating to Plaintiffs' Prospera-based claims, which the Court has dismissed. *See* ECF No. 104. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 306.

307. Paragraph 307 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Count IV of the Complaint, which expressly incorporates only Paragraphs 245–284 and 293–304, and expressly excludes Paragraphs 1–244. *See* Complaint ¶ 293. Paragraph 307 also states a legal conclusion to which no response is required. Additionally, no response to Paragraph 307 is required to the extent it contains allegations relating to Plaintiffs' Prospera-based claims, which the Court has dismissed. *See* ECF No. 104. To the extent a response is required, the Underwriter Defendants deny the allegations, except admit that Plaintiffs bring a claim for Section 15 violations against the Individual Defendants.

308. Paragraph 308 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Count IV of the Complaint, which expressly incorporates only Paragraphs 245–284 and 293–304, and expressly excludes Paragraphs 1–244. *See* Complaint ¶ 293. Paragraph 308 also states a legal conclusion to which no response is required. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 308.

309. Paragraph 309 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Count IV of the Complaint, which expressly incorporates only Paragraphs 245–284 and 293–304, and expressly excludes Paragraphs 1–244. *See* Complaint ¶ 293. Paragraph 309 also states a legal conclusion to which no response is required. Additionally, no response to Paragraph

309 is required to the extent it contains allegations relating to Plaintiffs' Prospera-based claims, which the Court has dismissed. *See* ECF No. 104. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 309.

310. Paragraph 310 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Count IV of the Complaint, which expressly incorporates only Paragraphs 245–284 and 293–304, and expressly excludes Paragraphs 1–244. *See* Complaint ¶ 293. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 310, except admit that the Individual Defendants signed the Registration Statement, and refer the Court to the Company's 2021 SEC filings for a description of the Individual Defendants' respective roles in the Company as of July 2021.

311. Paragraph 311 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Count IV of the Complaint, which expressly incorporates only Paragraphs 245–284 and 293–304, and expressly excludes Paragraphs 1–244. *See* Complaint ¶ 293. Paragraph 311 also states a legal conclusion to which no response is required. Additionally, no response to Paragraph 311 is required to the extent it contains allegations relating to Plaintiffs' Prospera-based claims, which the Court has dismissed. *See* ECF No. 104. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 311.

312. Paragraph 312 is not alleged against the Underwriter Defendants, and therefore no response is required, because the Underwriter Defendants are only named in Count IV of the Complaint, which expressly incorporates only Paragraphs 245–284 and 293–304, and expressly excludes Paragraphs 1–244. *See* Complaint ¶ 293. Paragraph 312 also states a

legal conclusion to which no response is required.  Additionally, no response to Paragraph 312 is required to the extent it contains allegations relating to Plaintiffs' Prospera-based claims, which the Court has dismissed.  *See* ECF No. 104.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 312.

313.    The Underwriter Defendants deny that this case is appropriate for class action treatment and deny all other allegations in Paragraph 313.

314.    The Underwriter Defendants deny that this case is appropriate for class action treatment and deny all other allegations in Paragraph 314, except admit that Natera's common stock was traded on the NASDAQ under the symbol "NTRA," and respectfully refer the Court to Natera's SEC filings for a complete and accurate description of the number of shares outstanding as of February 18, 2022.

315.    The Underwriter Defendants deny that this case is appropriate for class action treatment and deny all other allegations in Paragraph 315.

316.    The Underwriter Defendants deny that this case is appropriate for class action treatment and deny all other allegations in Paragraph 316.

317.    The Underwriter Defendants deny that this case is appropriate for class action treatment and deny all other allegations in Paragraph 317.

318.    The Underwriter Defendants deny that this case is appropriate for class action treatment and deny all other allegations in Paragraph 318.

## PRAYER FOR RELIEF

The Underwriter Defendants deny that Plaintiffs or the putative class are entitled to any relief against the Underwriter Defendants, and the Underwriter Defendants respectfully request

that the Court dismiss the claim against them with prejudice and order such further relief as the Court deems just and proper.

## JURY TRIAL DEMANDED

The Underwriter Defendants state that no response to Plaintiffs' demand for trial by jury is required.

## AFFIRMATIVE AND OTHER DEFENSES

### FIRST DEFENSE

The Section 12(a)(2) claim asserted against the Underwriter Defendants fails to allege facts sufficient to state a claim for which relief can be granted.

### SECOND DEFENSE

The Underwriter Defendants are not liable to Plaintiffs or the putative class because the Offering Documents did not contain any false or misleading statements of material fact or omissions of material fact, and the Underwriter Defendants are not responsible in law or fact for any alleged false or misleading statement or omission of material fact by others, or for any statement not contained in the Offering Documents and materials incorporated therein.

### THIRD DEFENSE

Plaintiffs' claims and/or the claims of any members of the class that Plaintiffs purport to represent are time-barred.

### FOURTH DEFENSE

Plaintiffs and the putative class are not entitled to any recovery from the Underwriter Defendants because the alleged omissions of material fact in the Offering Documents were not material to the investment decisions of a reasonable investor.

**FIFTH DEFENSE**

Plaintiffs and the putative class are not entitled to any recovery under the Securities Act because any allegedly material information allegedly omitted from the Offering Documents was already disclosed and/or publicly known.

**SIXTH DEFENSE**

Plaintiffs and the putative class are not entitled to any recovery under the Securities Act from the Underwriter Defendants because, at all relevant times, the Underwriter Defendants conducted a reasonable and diligent investigation and had reasonable grounds to believe, and did believe, at the time the Offering Documents became effective, that the statements in the Offering Documents were true and that there were no misstatements of material fact or omissions of material fact that were necessary to make the statements therein not misleading.

**SEVENTH DEFENSE**

Plaintiffs' and the putative class's claims are barred, in whole or in part, because at all relevant times, the Underwriter Defendants relied in good faith on the representations, reports, expert opinions, and advice of others.

**EIGHTH DEFENSE**

Any damages or injuries suffered by Plaintiffs or the putative class, if any, were not legally caused by any act or omission on the part of the Underwriter Defendants.

**NINTH DEFENSE**

Damages or injuries suffered by Plaintiffs or the putative class, if any, are the proximate result, either in whole or in part, of actions or omissions of persons or entities other than the Underwriter Defendants.

**TENTH DEFENSE**

To the extent the Offering Documents and materials incorporated therein are determined to have contained false or misleading statements or material omissions (which the Underwriter Defendants deny), Plaintiffs and the putative class either knew or should have known about the matters alleged in the Complaint, and their own negligence or other fault proximately contributed to the injuries allegedly suffered by Plaintiffs and the putative class from the purchase and sale of the offered securities, and bars any recovery to the extent thereof.

## ELEVENTH DEFENSE

Plaintiffs and the putative class are not entitled to any recovery from the Underwriter Defendants under the Securities Act because the damages alleged represent something other than the depreciation in value of the offered securities resulting from such part of the Offering Documents, with respect to which liability is asserted, not being true or omitting to state a material fact required to be stated therein or necessary to make the statements therein not misleading.

## TWELFTH DEFENSE

Any damages or injuries suffered by Plaintiffs, if any, were not legally caused by any act or omission on the part of the Underwriter Defendants, because any loss or diminution in value of Natera stock, or any alleged damages or injuries suffered by Plaintiffs, are not the result of any alleged misrepresentations or omissions in the Offering Documents, and instead are the result of a superseding, intervening, or independent cause unrelated to any act or omission on the part of the Underwriter Defendants, and are the proximate result, either in whole or in part, of actions or omissions of persons or entities other than the Underwriter Defendants.

## THIRTEENTH DEFENSE

Plaintiffs' and the putative class's claims against the Underwriter Defendants are barred

in whole or in part by laches, estoppel, waiver, unclean hands, Plaintiffs' inequitable conduct, Plaintiffs' actions, omissions, or negligence, or other equitable doctrine.

## FOURTEENTH DEFENSE

Plaintiffs' and the putative class's claims against the Underwriter Defendants are barred in whole or in part because the alleged damages or other injuries were caused solely by the acts or omissions of Plaintiffs, the putative class, or others over which the Underwriter Defendants had no control.

## FIFTEENTH DEFENSE

The Underwriter Defendants are entitled to recover contribution from others for any liability they incur as a result of any of the alleged misrepresentations, omissions, and conduct alleged in the Securities Act claims against the Underwriter Defendants.

## SIXTEENTH DEFENSE

Plaintiffs and the putative class are not entitled to any recovery from the Underwriter Defendants because Plaintiffs and the putative class purchased Natera securities with actual or constructive knowledge of the risks involved in an investment in Natera securities, and thus assumed the risk that the value of the securities would decline if such risks materialized.

## SEVENTEENTH DEFENSE

Plaintiffs and the putative class are not entitled to any recovery from the Underwriter Defendants because Plaintiffs and the putative class purchased Natera securities with actual or constructive knowledge of the facts that they now allege were misrepresented or omitted, and thus waived any claim related thereto.

## EIGHTEENTH DEFENSE

The putative class is not certifiable under Federal Rule of Civil Procedure 23.

## NINETEENTH DEFENSE

Plaintiffs do not meet the adequacy or typicality requirements of Federal Rule of Civil Procedure 23.

## TWENTIETH DEFENSE

Plaintiffs and the putative class are not entitled to recovery attorneys' fees, experts' fees, or other costs and disbursements.

## TWENTY-FIRST DEFENSE

Plaintiffs and the putative classes would be unjustly enriched if they were permitted to obtain any recovery in this action.

## TWENTY-SECOND DEFENSE

The Underwriter Defendants adopt by reference any applicable defense pleaded by any other Defendant not expressly set forth herein.

## TWENTY-THIRD DEFENSE

Any amounts to which Plaintiffs or the putative class may be entitled must be set off by any amounts received or benefits gained.

## TWENTY-FOURTH DEFENSE

The Underwriter Defendants reserve the right to raise any additional defenses, cross-claims, and third-party claims not asserted herein of which they may become aware through discovery or other investigation, as may be appropriate at a later time.

Dated:  December 12, 2023

**O'MELVENY & MYERS LLP**

By: */s/ Danny S. Ashby*

Danny S. Ashby
Texas Bar No. 01370960
dashby@omm.com
2501 N. Harwood Street, Suite 1700
Dallas, Texas 75201
T: (972) 360-1900
F: (972) 360-1901

Jonathan Rosenberg (*pro hac vice*)
jrosenberg@omm.com
Times Square Tower, 7 Times Square
New York, New York 10036
Telephone: (212) 326-2000
Facsimile: (212) 326-2061

*Attorneys for Defendants Morgan Stanley
& Co. LLC, Goldman Sachs & Co. LLC,
Cowen and Company, LLC, SVB Leerink
LLC, Robert W. Baird & Co., BTIG, LLC,
and Craig-Hallum Capital Group LLC*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system on December 12, 2023.

/s/ *Danny S. Ashby*
Danny S. Ashby
