# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
### AUSTIN DIVISION

|  |  |  |
|---|---|---|
| JOHN HARVEY SCHNEIDER, Individually and on Behalf of All Others Similarly Situated, | § § § § | Case No. 1:22-cv-00398-DAE |
|  | § § |  |
| Plaintiff, | § |  |
| v. | § § |  |
| NATERA, INC., STEVE CHAPMAN, MICHAEL BROPHY, MATTHEW RABINOWITZ, and RAMESH HARIHARAN, | § § § § § | |
|  | § § |  |
| Defendants. | § § | |

**THE NATERA DEFENDANTS' ANSWER TO THE AMENDED CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS**

## ANSWER

Defendants Natera, Inc. ("Natera"), Steve Chapman, Michael Brophy, Matthew Rabinowitz, Paul Billings, Roy Baynes, Monica Bertagnolli, Roelof F. Botha, Rowan Chapman, Todd Cozzens, James I. Healy, Gail Marcus, Herm Rosenman, and Jonathan Sheena (collectively, the "Natera Defendants") respectfully submit their Answer and Affirmative Defenses in response to the Amended Class Action Complaint for Violations of the Federal Securities Laws (the "Complaint"), dated October 7, 2022, filed by Lead Plaintiff British Airways Pension Trustees Limited ("Lead Plaintiff") and Additional Named Plaintiff Key West Police & Fire Pension Fund (together, with Lead Plaintiff, "Plaintiffs").[1]

On September 11, 2023, this Court entered an order granting in part and denying in part Defendants' motion to dismiss the Complaint (the "September 11, 2023 Order") (Dkt. No. 104). The Court dismissed all of Plaintiffs' Prospera-related claims and all claims against Billings, on the grounds that the Complaint failed to plead and any false or misleading misstatement or scienter. The Court, however, held that the following claims could proceed: Plaintiffs' Panorama-related claims under Section 10(b) of the Exchange Act and 17 CFR § 240.10b-5 against Natera, Chapman, Brophy, and Rabinowitz; Plaintiffs' Panorama-related claims under Section 20(a) and 20A of the Exchange Act against Chapman, Brophy, and Rabinowitz; and Plaintiffs' Panorama-related claims under Sections 11, 12(a)(2), and 15 of the Securities Act. The September 11, 2023 Order permitted Plaintiffs leave to file a second amended complaint, if they chose to, by no later than November 13, 2023.

On October, 31, 2023, Plaintiffs informed Defendants by email that they did not intend to

---

[1] The Complaint also names as defendants Morgan Stanley & Co. LLC, Goldman Sachs & Co. LLC, Cowen & Company, LLC, SVB Leerink LLC, Robert W. Baird & Co., BTIG, LLC, and Craig-Hallum Capital Group LLC (the "Underwriter Defendants") (together, with the Natera Defendants, "Defendants"). The Underwriter Defendants have currently filed their own separate answer to the Complaint.

file a second amended complaint.    Thus, all the Prospera-related claims set forth in the Complaint and all claims against Billings are no longer operative pursuant to the Court's September 11, 2023 Order.  On November 16, 2023, Defendants requested that, in light of the Court's September 11, 2023 Order, Plaintiffs file a further complaint removing all allegations relating to the dismissed Prospera-related allegations and Billings.  Plaintiffs refused this request. Accordingly, the Natera Defendants have provided responses to numerous paragraphs in the Complaint that are not related to the operative claims remaining in the case.  The Natera Defendants have provided responses to these allegations in the Complaint without conceding that any such allegations remain relevant to the claims remaining in the case.  To the extent the Natera Defendants do respond to any allegation that references or otherwise relates to the dismissed Prospera-related allegations or Billings allegations, such responses is made out of an abundance of caution and to avoid any implied admission regarding any related theories or allegations remaining in this case. The Natera Defendants' Answer is subject to and qualified by the Court's September 11, 2023 Order, including the Court's rejection of all of the Prospera-related allegations and all claims against Billings.

To the extent paragraphs in the Complaint are grouped under headings, the Natera Defendants respond generally that such headings and groupings are conclusions of law or fact and deny each and every such allegation made or implied by such headings or groupings.

The Complaint contains numerous allegations concerning all or some of the Defendants as a group.  Unless otherwise specifically indicated, the Natera Defendants lack knowledge or information sufficient to form a belief as to the truth of any of the allegations concerning the knowledge of others.  This Answer is submitted only on behalf of the Natera Defendants.  To the extent the Natera Defendants occasionally respond to allegations relating to the status, conduct,

or other affairs of other defendants, persons, or entities not answering herein, such responses are not binding on, and are not intended to impact the rights of, any other defendants, persons, or entities. Similarly, to the extent other defendants answer the allegations in the Complaint, such answers are not binding on the Natera Defendants.

Unless otherwise indicated, the answers and defenses contained in the Natera Defendants' Answer are on behalf of all of the Natera Defendants. By responding as to all Natera Defendants, no representation is made as to whether each individual Natera Defendant has sufficient knowledge to admit or deny a particular allegation. To the extent that any allegation in the Complaint is directed specifically at one or more of the individual Natera Defendants, those other individual Natera Defendants to whom the allegation is not directed (unless otherwise stated in this Answer) lack knowledge or information sufficient to admit or deny the allegation.

Furthermore, the Complaint contravenes the Federal Rules of Civil Procedure by improperly combining factual allegations with legal conclusions, characterizations, and argument. Many of the Complaint's allegations are overly broad, vague, conclusory, and/or contain terms that are undefined and susceptible to different meanings. Accordingly, by way of general response, all allegations in the Complaint are denied unless expressly and specifically admitted. Any factual allegation admitted below is admitted only as to the specific facts and not as to any conclusions, characterizations, implications, or speculation contained in the allegation or the Complaint as a whole.

To the extent the Natera Defendants use terms in this Answer defined in the Complaint, that use is not an acknowledgement or admission of any characterization Plaintiffs may ascribe to the defined terms.

4

Answering the first unnumbered preamble paragraph of the Complaint, the Natera Defendants admit that Plaintiffs purport to bring claims on behalf of a putative class. The Natera Defendants deny that the Complaint's claims have any merit and deny that the putative class should be certified pursuant to Rule 23 of the Federal Rules of Civil Procedure.

Answering the second unnumbered preamble paragraph of the Complaint, the Natera Defendants admit that the Complaint purports to make certain of its allegations on information and belief or based on a purported investigation conducted by Plaintiffs' counsel, but the Natera Defendants are without sufficient knowledge or information to admit or deny the allegations regarding the purported investigation conducted by Plaintiffs' counsel and on that ground deny those allegations. The Natera Defendants otherwise deny the allegations in the second unnumbered preamble paragraph of the Complaint.

Except as explicitly admitted herein, the Natera Defendants deny each and every allegation of the Complaint. The comments and objections in this introductory statement are incorporated into each numbered paragraph of this Answer. The Natera Defendants further answer the numbered paragraphs in the Complaint as follows:

1.     To the extent that paragraph 1 concerns Prospera, no response is required because the Court dismissed all the Prospera-related claims in the September 11, 2023 Order. To the extent a response is required regarding these allegations, the Natera Defendants deny the allegations in paragraph 1. In response to the first sentence in paragraph 1, the Natera Defendants admit that Natera is a clinical genetic testing company that develops, markets, and commercializes genetic tests in the areas of women's health, organ health, and oncology. The Natera Defendants state that the remaining allegations contained in paragraph 1 consist of legal conclusions and characterizations to which no response is required. To the extent a response is

required, the Natera Defendants deny the remaining allegations in paragraph 1.

2.     To the extent that paragraph 2 concerns Prospera, no response is required because the Court dismissed all the Prospera-related claims in the September 11, 2023 Order.  To the extent a response is required regarding these allegations, the Natera Defendants deny the allegations in paragraph 2.  Further, to the extent the allegations rely upon Natera's SEC filings concerning market sizing and revenue, the Natera Defendants respectfully refer the Court to these documents themselves for their complete and accurate contents, but deny any characterization thereof.  The Natera Defendants otherwise deny the allegations in paragraph 2.

3.     No response is required to paragraph 3 because the Court dismissed all the Prospera-related claims in the September 11, 2023 Order.  To the extent a response is required to these allegations, the Natera Defendants deny the allegations in paragraph 3 and respectfully refer to this Court's September 11, 2023 Order.

4.     No response is required to paragraph 4 because the Court dismissed all the Prospera-related claims in the September 11, 2023 Order.  To the extent a response is required to these allegations, the Natera Defendants deny the allegations in paragraph 4 and respectfully refer to this Court's September 11, 2023 Order.

5.     No response is required to paragraph 5 because the Court dismissed all the Prospera-related claims in the September 11, 2023 Order.  To the extent a response is required to these allegations, the Natera Defendants deny the allegations in paragraph 5 and respectfully refer to this Court's September 11, 2023 Order.

6.     No response is required to paragraph 6 because the Court dismissed all the Prospera-related claims in the September 11, 2023 Order.  To the extent a response is required to these allegations, the Natera Defendants deny the allegations in paragraph 6 and respectfully

refer to this Court's September 11, 2023 Order.

7. No response is required to paragraph 7 because the Court dismissed all the Prospera-related claims in the September 11, 2023 Order. To the extent a response is required to these allegations, the Natera Defendants deny the allegations in paragraph 7 and respectfully refer to this Court's September 11, 2023 Order.

8. No response is required to paragraph 8 because the Court dismissed all the Prospera-related claims in the September 11, 2023 Order. To the extent a response is required to these allegations, the Natera Defendants deny the allegations in paragraph 8 and respectfully refer to this Court's September 11, 2023 Order.

9. In response to the allegations in paragraph 9, the Natera Defendants admit that Panorama utilizes a blood draw from a pregnant woman to screen for genetic abnormalities called aneuploidies. The Natera Defendants admit that Panorama can provides important information about a pregnancy, such as indications of Down syndrome and can also identify the gender of the baby. The other allegations contained in paragraph 9 are legal conclusions and characterizations to which no response is required. To the extent that a response is required, the Natera Defendants deny the other allegations contained in paragraph 9.

10. In response to the allegations in paragraph 10, the Natera Defendants admit that Natera offers a screen for microdeletions. The Natera Defendants admit that microdeletion testing is not always covered by every single medical insurer. The Natera Defendants otherwise lack information and belief concerning the allegations in paragraph 10 and on that basis, deny the allegations contained in paragraph 10.

11. To the extent that the allegations contained in paragraph 11 rely upon public statements regarding Panorama, the Natera Defendants respectfully refer the Court to Natera's

SEC filings and publicly available earnings transcripts for their complete and accurate contents, and deny any characterization thereof.  The Natera Defendants otherwise deny the allegations in paragraph 11 to the extent any characterization is inconsistent with these documents.

12.    To the extent that the allegations contained in paragraph 12 rely upon public statements, the Natera Defendants respectfully refer the Court to Natera's SEC filings and publicly available earnings transcripts for their complete and accurate contents, and deny any characterization thereof.  The Natera Defendants otherwise deny the allegations in paragraph 12.

13.    In response to the allegations in paragraph 13, the Natera Defendants admit that Natera worked with a third-party company, My Genome My Life, Inc. ("MGML"), that assisted with the prior authorization process for Panorama.  The Natera Defendants otherwise lack information and belief concerning the allegations in paragraph 13 and on that basis, deny the allegations contained in paragraph 13.

14.    To the extent that the allegations in paragraph 14 rely upon Natera's Panorama requisition form, the Natera Defendants respectfully refer the Court to this publicly-available document, and deny any characterization thereof.  *See also* Complaint ¶ 145.  The Natera Defendants otherwise deny the allegations contained in paragraph 14.

15.    To the extent that paragraph 15 concerns Prospera, no response is required because the Court dismissed all the Prospera-related claims in the September 11, 2023 Order.  To the extent a response is required to these allegations, the Natera Defendants admit that, on February 26, 2020, Natera's stock closed at $34.77.  To the extent that the allegations in paragraph 15 rely on Natera's stock price on certain dates, the Natera Defendants respectfully refer the Court to Natera's publicly-available stock price, and deny any characterization thereof. The Natera Defendants otherwise deny the allegations in Paragraph 15, including as to any

allegations regarding causation of any stock price movement due to the Panorama-related allegations.

16.    To the extent that paragraph 16 concerns Prospera, no response is required because the Court dismissed all the Prospera-related claims in the September 11, 2023 Order.  To the extent a response is required to these allegations, the Natera Defendants admit that Natera sold 5.175 million shares of common stock in a secondary public offering in July 2021, at a price of $113 per share, but otherwise deny any characterization thereof.  The Natera Defendants admit that Natera completed an earlier secondary public offering in September 2020, but otherwise deny any characterization thereof.  To the extent that the allegations contained in paragraph 16 rely upon certain individual Natera Defendants' stock sales, the Natera Defendants respectfully refer the Court to the Form 4s reporting transactions in Natera securities ("Natera Form 4s") that were filed with the SEC on behalf of these individuals during the putative class period for their complete and accurate contents, and deny any characterization thereof.  The Natera Defendants otherwise deny the allegations contained in paragraph 16.

17.    To the extent that paragraph 17 concerns Prospera, no response is required because the Court dismissed all the Prospera-related claims in the September 11, 2023 Order.  To the extent a response is required to these allegations, the Natera Defendants deny the allegations in paragraph 17.  To the extent that the allegations contained in paragraph 17 rely upon certain individual Natera Defendants' stock sales, the Natera Defendants respectfully refer the Court to the Natera Form 4s that were filed with the SEC on behalf of these individuals during the putative class period for their complete and accurate contents, and deny any characterization thereof.  The Natera Defendants state that the other allegations contained in paragraph 17 are legal conclusions and characterizations to which no response is required.  To the extent that a

response is required, the Natera Defendants deny the allegations contained in paragraph 17.

18.    To the extent that paragraph 18 concerns Prospera, no response is required because the Court dismissed all the Prospera-related claims in the September 11, 2023 Order. To the extent that the allegations contained in paragraph 18 rely upon a report released by Hindenburg Research, dated March 9, 2022, the Natera Defendants respectfully refer the Court to the report itself, but deny any characterization thereof. The Natera Defendants further deny that the contents of the Hindenburg Report are reliable or accurate. To the extent that the allegations contained in paragraph 18 rely upon Natera's stock price, the Natera Defendants respectfully refer the court to the publicly-available stock price, but deny any characterization thereof, including as to any allegations regarding causation of any stock price movement due to the Panorama-related allegations. The other allegations contained in paragraph 18 are legal conclusions and characterizations to which no response is required. To the extent that a response is required, the Natera Defendants deny the allegations contained in paragraph 18.

19.    No response is required to paragraph 19 because the Court dismissed all the Prospera-related claims in the September 11, 2023 Order. To the extent a response is required to these allegations, the Natera Defendants deny the allegations in paragraph 19 and respectfully refer to this Court's September 11, 2023 Order.

20.    To the extent that paragraph 20 concerns Prospera, no response is required because the Court dismissed all the Prospera-related claims in the September 11, 2023 Order. To the extent a response is required, the Natera Defendants respectfully refer to this Court's September 11, 2023 Order. To the extent that the allegations in paragraph 20 rely on Natera's stock price on certain dates, the Natera Defendants respectfully refer the Court to Natera's publicly-available stock price, and deny any characterization thereof. The other allegations

10

contained in paragraph 20 are legal conclusions and characterizations to which no response is required.  To the extent that a response is required, the Natera Defendants deny the allegations contained in paragraph 20.

21.     The Natera Defendants state that the allegations contained in paragraph 21 are legal conclusions and/or contain no factual allegations to which no response is required.  To the extent a response is required, the Natera Defendants admit that Plaintiffs purport to bring claims on behalf of a putative class.  The Natera Defendants deny that the Complaint's claims have any merit and deny that the putative class should be certified pursuant to Rule 23 of the Federal Rules of Civil Procedure.

22.     The Natera Defendants state that the allegations contained in paragraph 22 are legal conclusions to which no response is required. To the extent that a response is required, the Natera Defendants admit that Plaintiffs purport to assert claims based on Sections 10(b), 20(a), and 20A of the Exchange Act and SEC Rule 10b-5, promulgated thereunder.  The Natera Defendants deny that the Complaint's claims have any merit.

23.     The Natera Defendants state that the allegations contained in paragraph 23 are legal conclusions to which no response is required. To the extent that a response is required, the Natera Defendants admit that Plaintiffs purport to base jurisdiction over the subject of this action on the statutes cited in paragraph 23.  The Natera Defendants otherwise deny the allegations in paragraph 23.

24.     The Natera Defendants state that the allegations contained in paragraph 24 are legal conclusions to which no response is required. To the extent that a response is required, the Natera Defendants admit that Plaintiffs purport to allege venue in this action on the allegations and statutes cited in paragraph 24.  The Natera Defendants otherwise deny the allegations in

paragraph 24.

25.   The Natera Defendants state that the allegations contained in paragraph 25 are legal conclusions to which no response is required. To the extent that a response is required, the Natera Defendants deny the allegations contained in paragraph 25.

26.   The Natera Defendants state that the allegations contained in paragraph 26 are legal conclusions to which no response is required. To the extent that a response is required, the Natera Defendants lack information and belief concerning the allegations in paragraph 26 and on that basis, lack knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph 26.

27.   The Natera Defendants state that the allegations contained in paragraph 27 are legal conclusions to which no response is required. To the extent that a response is required, the Natera Defendants lack information and belief concerning the allegations in paragraph 27 and on that basis, lack knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph 27.

28.   In response to the first sentence in paragraph 28, the Natera Defendants admit that Natera is incorporated in Delaware and maintains a corporate headquarters at 13011 McCallen Pass, Building A Suite 100, Austin, Texas 78753.  In response to the second and third sentences in paragraph 28, the Natera Defendants admit that Natera is a diagnostics company that specializes in cell-free DNA testing with business lines in oncology, women's health, and organ health.  In response to the fourth and fifth sentences in paragraph 28, the Natera Defendants admit that Natera was founded in California in 2004 as Gene Security Network, LLC, and Natera changed its name to Natera, Inc. in 2007.  The Natera Defendants admit that Natera's common stock trades on the NASDAQ under the ticker symbol "NTRA."  The Natera Defendants admit

12

that Natera became a publicly-traded company in July 2015. To the extent that the allegations in paragraph 29 purport to summarize or characterize the contents of a publicly-available document regarding Natera, the Natera Defendants respectfully refer the Court to that document, but deny any characterization thereof.

29. In response to the allegations in paragraph 29, the Natera Defendants admit that Chapman served as Natera's Chief Executive Officer and as a member of Natera's board of directors. To the extent that the allegations in paragraph 29 purport to summarize or characterize the contents of a publicly-available document regarding Chapman's positions at Natera, the Natera Defendants respectfully refer the Court to that document, but deny any characterization thereof.

30. In response to the allegations paragraph 30, the Natera Defendants admit that Brophy served as Natera's Chief Financial Officer. To the extent that the allegations in paragraph 30 purport to summarize or characterize the contents of a publicly-available document regarding Brophy's positions at Natera, the Natera Defendants respectfully refer the Court to that document, but deny any characterization thereof.

31. In response to the allegations in paragraph 31, the Natera Defendants admit that Rabinowitz served as Natera's Executive Chairman. To the extent that the allegations in paragraph 31 purport to summarize or characterize the contents of a publicly-available document regarding Rabinowitz's positions at Natera, the Natera Defendants respectfully refer the Court to that document, but deny any characterization thereof.

32. To the extent that paragraph 32 concerns Billings, no response is required because the Court dismissed all the claims against Billings in the September 11, 2023 Order.

33. The Natera Defendants state that the allegations contained in paragraph 33

contain no factual allegations and accordingly no response is required. To the extent that paragraph 33 includes Billings as an "Executive Defendant," the Court dismissed all the claims against Billings in the September 11, 2023 Order. To the extent a response is required to these allegations, the Natera Defendants deny the allegations in paragraph 33 on the basis that all claims against Billings have been dismissed by the Court and thus the use of "Executive Defendants" throughout the Complaint is improper.

34. The Natera Defendants state that the allegations contained in paragraph 34 are legal conclusions and characterizations to which no response is required. Furthermore, to the extent that paragraph 34 concerns Billings, no response is required because the Court dismissed all the claims against Billings in the September 11, 2023 Order. To the extent that a response is required, the Natera Defendants deny the allegations in paragraph 34.

35. The Natera Defendants state that the allegations contained in paragraph 35 are legal conclusions and characterizations to which no response is required. Furthermore, to the extent that paragraph 35 concerns Billings, no response is required because the Court dismissed all the claims against Billings in the September 11, 2023 Order. To the extent that a response is required, the Natera Defendants deny the allegations in paragraph 35.

36. The Natera Defendants state that the allegations contained in paragraph 36 contain no factual allegations and/or are legal conclusions to which no response is required. To the extent that paragraph 36 includes Billings as an "Executive Defendant," the Court dismissed all the claims against Billings in the September 11, 2023 Order. To the extent that a response is required, the Natera Defendants deny the allegations in paragraph 36 on the basis that all claims against Billings have been dismissed by the Court and thus the use of "Executive Defendants" and "Defendants" throughout the Complaint is improper.

37. No response is required to paragraph 37 because the Court dismissed all the Prospera-related claims in the September 11, 2023 Order. To the extent a response is required to these allegations, the Natera Defendants deny the allegations in paragraph 37 and respectfully refer to this Court's September 11, 2023 Order.

38. No response is required to paragraph 38 because the Court dismissed all the Prospera-related claims in the September 11, 2023 Order. To the extent a response is required to these allegations, the Natera Defendants deny the allegations in paragraph 38 and respectfully refer to this Court's September 11, 2023 Order.

39. No response is required to paragraph 39 because the Court dismissed all the Prospera-related claims in the September 11, 2023 Order. To the extent a response is required to these allegations, the Natera Defendants deny the allegations in paragraph 39 and respectfully refer to this Court's September 11, 2023 Order.

40. No response is required to paragraph 40 because the Court dismissed all the Prospera-related claims in the September 11, 2023 Order. To the extent a response is required to these allegations, the Natera Defendants deny the allegations in paragraph 40 and respectfully refer to this Court's September 11, 2023 Order.

41. No response is required to paragraph 41 because the Court dismissed all the Prospera-related claims in the September 11, 2023 Order. To the extent a response is required to these allegations, the Natera Defendants deny the allegations in paragraph 41 and respectfully refer to this Court's September 11, 2023 Order.

42. No response is required to paragraph 42 because the Court dismissed all the Prospera-related claims in the September 11, 2023 Order. To the extent a response is required to these allegations, the Natera Defendants deny the allegations in paragraph 42 and respectfully

refer to this Court's September 11, 2023 Order.

43. No response is required to paragraph 43 because the Court dismissed all the Prospera-related claims in the September 11, 2023 Order. To the extent a response is required to these allegations, the Natera Defendants deny the allegations in paragraph 43 and respectfully refer to this Court's September 11, 2023 Order.

44. No response is required to paragraph 44 because the Court dismissed all the Prospera-related claims in the September 11, 2023 Order. To the extent a response is required to these allegations, the Natera Defendants deny the allegations in paragraph 44 and respectfully refer to this Court's September 11, 2023 Order.

45. No response is required to paragraph 45 because the Court dismissed all the Prospera-related claims in the September 11, 2023 Order. To the extent a response is required to these allegations, the Natera Defendants deny the allegations in paragraph 45 and respectfully refer to this Court's September 11, 2023 Order.

46. No response is required to paragraph 46 because the Court dismissed all the Prospera-related claims in the September 11, 2023 Order. To the extent a response is required to these allegations, the Natera Defendants deny the allegations in paragraph 46 and respectfully refer to this Court's September 11, 2023 Order.

47. No response is required to paragraph 47 because the Court dismissed all the Prospera-related claims in the September 11, 2023 Order. To the extent a response is required to these allegations, the Natera Defendants deny the allegations in paragraph 47 and respectfully refer to this Court's September 11, 2023 Order.

48. No response is required to paragraph 48 because the Court dismissed all the Prospera-related claims in the September 11, 2023 Order. To the extent a response is required to

these allegations, the Natera Defendants deny the allegations in paragraph 48 and respectfully refer to this Court's September 11, 2023 Order.

49.    No response is required to paragraph 49 because the Court dismissed all the Prospera-related claims in the September 11, 2023 Order.  To the extent a response is required to these allegations, the Natera Defendants deny the allegations in paragraph 49 and respectfully refer to this Court's September 11, 2023 Order.

50.    No response is required to paragraph 50 because the Court dismissed all the Prospera-related claims in the September 11, 2023 Order.  To the extent a response is required to these allegations, the Natera Defendants deny the allegations in paragraph 50 and respectfully refer to this Court's September 11, 2023 Order.

51.    No response is required to paragraph 51 because the Court dismissed all the Prospera-related claims in the September 11, 2023 Order.  To the extent a response is required to these allegations, the Natera Defendants deny the allegations in paragraph 51 and respectfully refer to this Court's September 11, 2023 Order.

52.    No response is required to paragraph 52 because the Court dismissed all the Prospera-related claims in the September 11, 2023 Order.  To the extent a response is required to these allegations, the Natera Defendants deny the allegations in paragraph 52 and respectfully refer to this Court's September 11, 2023 Order.

53.    No response is required to paragraph 53 because the Court dismissed all the Prospera-related claims in the September 11, 2023 Order.  To the extent a response is required to these allegations, the Natera Defendants deny the allegations in paragraph 53 and respectfully refer to this Court's September 11, 2023 Order.

54.    No response is required to paragraph 54 because the Court dismissed all the

Prospera-related claims in the September 11, 2023 Order. To the extent a response is required to these allegations, the Natera Defendants deny the allegations in paragraph 54 and respectfully refer to this Court's September 11, 2023 Order.

55.     No response is required to paragraph 55 because the Court dismissed all the Prospera-related claims in the September 11, 2023 Order. To the extent a response is required to these allegations, the Natera Defendants deny the allegations in paragraph 55 and respectfully refer to this Court's September 11, 2023 Order.

56.     No response is required to paragraph 56 because the Court dismissed all the Prospera-related claims in the September 11, 2023 Order. To the extent a response is required to these allegations, the Natera Defendants deny the allegations in paragraph 56 and respectfully refer to this Court's September 11, 2023 Order.

57.     No response is required to paragraph 57 because the Court dismissed all the Prospera-related claims in the September 11, 2023 Order. To the extent a response is required to these allegations, the Natera Defendants deny the allegations in paragraph 57 and respectfully refer to this Court's September 11, 2023 Order.

58.     No response is required to paragraph 58 because the Court dismissed all the Prospera-related claims in the September 11, 2023 Order. To the extent a response is required to these allegations, the Natera Defendants deny the allegations in paragraph 58 and respectfully refer to this Court's September 11, 2023 Order.

59.     No response is required to paragraph 59 because the Court dismissed all the Prospera-related claims in the September 11, 2023 Order. To the extent a response is required to these allegations, the Natera Defendants deny the allegations in paragraph 59 and respectfully refer to this Court's September 11, 2023 Order.

60.     No response is required to paragraph 60 because the Court dismissed all the Prospera-related claims in the September 11, 2023 Order.  To the extent a response is required to these allegations, the Natera Defendants deny the allegations in paragraph 60 and respectfully refer to this Court's September 11, 2023 Order.

61.     No response is required to paragraph 61 because the Court dismissed all the Prospera-related claims in the September 11, 2023 Order.  To the extent a response is required to these allegations, the Natera Defendants deny the allegations in paragraph 61 and respectfully refer to this Court's September 11, 2023 Order.

62.     No response is required to paragraph 62 because the Court dismissed all the Prospera-related claims in the September 11, 2023 Order.  To the extent a response is required to these allegations, the Natera Defendants deny the allegations in paragraph 62 and respectfully refer to this Court's September 11, 2023 Order.

63.     No response is required to paragraph 63 because the Court dismissed all the Prospera-related claims in the September 11, 2023 Order.  To the extent a response is required to these allegations, the Natera Defendants deny the allegations in paragraph 63 and respectfully refer to this Court's September 11, 2023 Order.

64.     No response is required to paragraph 64 because the Court dismissed all the Prospera-related claims in the September 11, 2023 Order.  To the extent a response is required to these allegations, the Natera Defendants deny the allegations in paragraph 64 and respectfully refer to this Court's September 11, 2023 Order.

65.     No response is required to paragraph 65 because the Court dismissed all the Prospera-related claims in the September 11, 2023 Order.  To the extent a response is required to these allegations, the Natera Defendants deny the allegations in paragraph 65 and respectfully

refer to this Court's September 11, 2023 Order.

66.    No response is required to paragraph 66 because the Court dismissed all the Prospera-related claims in the September 11, 2023 Order.  To the extent a response is required to these allegations, the Natera Defendants deny the allegations in paragraph 66 and respectfully refer to this Court's September 11, 2023 Order.

67.    No response is required to paragraph 67 because the Court dismissed all the Prospera-related claims in the September 11, 2023 Order.  To the extent a response is required to these allegations, the Natera Defendants deny the allegations in paragraph 67 and respectfully refer to this Court's September 11, 2023 Order.

68.    No response is required to paragraph 68 because the Court dismissed all the Prospera-related claims in the September 11, 2023 Order.  To the extent a response is required to these allegations, the Natera Defendants deny the allegations in paragraph 68 and respectfully refer to this Court's September 11, 2023 Order.

69.    No response is required to paragraph 69 because the Court dismissed all the Prospera-related claims in the September 11, 2023 Order.  To the extent a response is required to these allegations, the Natera Defendants deny the allegations in paragraph 69 and respectfully refer to this Court's September 11, 2023 Order.

70.    No response is required to paragraph 70 because the Court dismissed all the Prospera-related claims in the September 11, 2023 Order.  To the extent a response is required to these allegations, the Natera Defendants deny the allegations in paragraph 70 and respectfully refer to this Court's September 11, 2023 Order.

71.    No response is required to paragraph 71 because the Court dismissed all the Prospera-related claims in the September 11, 2023 Order.  To the extent a response is required to

these allegations, the Natera Defendants deny the allegations in paragraph 71 and respectfully refer to this Court's September 11, 2023 Order.

72.     No response is required to paragraph 72 because the Court dismissed all the Prospera-related claims in the September 11, 2023 Order.  To the extent a response is required to these allegations, the Natera Defendants deny the allegations in paragraph 72 and respectfully refer to this Court's September 11, 2023 Order.

73.     No response is required to paragraph 73 because the Court dismissed all the Prospera-related claims in the September 11, 2023 Order.  To the extent a response is required to these allegations, the Natera Defendants deny the allegations in paragraph 73 and respectfully refer to this Court's September 11, 2023 Order.

74.     No response is required to paragraph 74 because the Court dismissed all the Prospera-related claims in the September 11, 2023 Order.  To the extent a response is required to these allegations, the Natera Defendants deny the allegations in paragraph 74 and respectfully refer to this Court's September 11, 2023 Order.

75.     No response is required to paragraph 75 because the Court dismissed all the Prospera-related claims in the September 11, 2023 Order.  To the extent a response is required to these allegations, the Natera Defendants deny the allegations in paragraph 75 and respectfully refer to this Court's September 11, 2023 Order.

76.     No response is required to paragraph 76 because the Court dismissed all the Prospera-related claims in the September 11, 2023 Order.  To the extent a response is required to these allegations, the Natera Defendants deny the allegations in paragraph 76 and respectfully refer to this Court's September 11, 2023 Order.

77.     No response is required to paragraph 77 because the Court dismissed all the

Prospera-related claims in the September 11, 2023 Order. To the extent a response is required to these allegations, the Natera Defendants deny the allegations in paragraph 77 and respectfully refer to this Court's September 11, 2023 Order.

78.    No response is required to paragraph 78 because the Court dismissed all the Prospera-related claims in the September 11, 2023 Order. To the extent a response is required to these allegations, the Natera Defendants deny the allegations in paragraph 78 and respectfully refer to this Court's September 11, 2023 Order.

79.    No response is required to paragraph 79 because the Court dismissed all the Prospera-related claims in the September 11, 2023 Order. To the extent a response is required to these allegations, the Natera Defendants deny the allegations in paragraph 79 and respectfully refer to this Court's September 11, 2023 Order.

80.    No response is required to paragraph 80 because the Court dismissed all the Prospera-related claims in the September 11, 2023 Order. To the extent a response is required to these allegations, the Natera Defendants deny the allegations in paragraph 80 and respectfully refer to this Court's September 11, 2023 Order.

81.    No response is required to paragraph 81 because the Court dismissed all the Prospera-related claims in the September 11, 2023 Order. To the extent a response is required to these allegations, the Natera Defendants deny the allegations in paragraph 81 and respectfully refer to this Court's September 11, 2023 Order.

82.    No response is required to paragraph 82 because the Court dismissed all the Prospera-related claims in the September 11, 2023 Order. To the extent a response is required to these allegations, the Natera Defendants deny the allegations in paragraph 82 and respectfully refer to this Court's September 11, 2023 Order.

83. No response is required to paragraph 83 because the Court dismissed all the Prospera-related claims in the September 11, 2023 Order. To the extent a response is required to these allegations, the Natera Defendants deny the allegations in paragraph 83 and respectfully refer to this Court's September 11, 2023 Order.

84. No response is required to paragraph 84 because the Court dismissed all the Prospera-related claims in the September 11, 2023 Order. To the extent a response is required to these allegations, the Natera Defendants deny the allegations in paragraph 84 and respectfully refer to this Court's September 11, 2023 Order.

85. No response is required to paragraph 85 because the Court dismissed all the Prospera-related claims in the September 11, 2023 Order. To the extent a response is required to these allegations, the Natera Defendants deny the allegations in paragraph 85 and respectfully refer to this Court's September 11, 2023 Order.

86. No response is required to paragraph 86 because the Court dismissed all the Prospera-related claims in the September 11, 2023 Order. To the extent a response is required to these allegations, the Natera Defendants deny the allegations in paragraph 86 and respectfully refer to this Court's September 11, 2023 Order.

87. No response is required to paragraph 87 because the Court dismissed all the Prospera-related claims in the September 11, 2023 Order. To the extent a response is required to these allegations, the Natera Defendants deny the allegations in paragraph 87 and respectfully refer to this Court's September 11, 2023 Order.

88. No response is required to paragraph 88 because the Court dismissed all the Prospera-related claims in the September 11, 2023 Order. To the extent a response is required to these allegations, the Natera Defendants deny the allegations in paragraph 88 and respectfully

refer to this Court's September 11, 2023 Order.

89.     No response is required to paragraph 89 because the Court dismissed all the Prospera-related claims in the September 11, 2023 Order.  To the extent a response is required to these allegations, the Natera Defendants deny the allegations in paragraph 89 and respectfully refer to this Court's September 11, 2023 Order.

90.     No response is required to paragraph 90 because the Court dismissed all the Prospera-related claims in the September 11, 2023 Order.  To the extent a response is required to these allegations, the Natera Defendants deny the allegations in paragraph 90 and respectfully refer to this Court's September 11, 2023 Order.

91.     No response is required to paragraph 91 because the Court dismissed all the Prospera-related claims in the September 11, 2023 Order.  To the extent a response is required to these allegations, the Natera Defendants deny the allegations in paragraph 91 and respectfully refer to this Court's September 11, 2023 Order.

92.     No response is required to paragraph 92 because the Court dismissed all the Prospera-related claims in the September 11, 2023 Order.  To the extent a response is required to these allegations, the Natera Defendants deny the allegations in paragraph 92 and respectfully refer to this Court's September 11, 2023 Order.

93.     No response is required to paragraph 93 because the Court dismissed all the Prospera-related claims in the September 11, 2023 Order.  To the extent a response is required to these allegations, the Natera Defendants deny the allegations in paragraph 93 and respectfully refer to this Court's September 11, 2023 Order.

94.     No response is required to paragraph 94 because the Court dismissed all the Prospera-related claims in the September 11, 2023 Order.  To the extent a response is required to

these allegations, the Natera Defendants deny the allegations in paragraph 94 and respectfully refer to this Court's September 11, 2023 Order.

95.     No response is required to paragraph 95 because the Court dismissed all the Prospera-related claims in the September 11, 2023 Order.  To the extent a response is required to these allegations, the Natera Defendants deny the allegations in paragraph 95 and respectfully refer to this Court's September 11, 2023 Order.

96.     No response is required to paragraph 96 because the Court dismissed all the Prospera-related claims in the September 11, 2023 Order.  To the extent a response is required to these allegations, the Natera Defendants deny the allegations in paragraph 96 and respectfully refer to this Court's September 11, 2023 Order.

97.     No response is required to paragraph 97 because the Court dismissed all the Prospera-related claims in the September 11, 2023 Order.  To the extent a response is required to these allegations, the Natera Defendants deny the allegations in paragraph 97 and respectfully refer to this Court's September 11, 2023 Order.

98.     No response is required to paragraph 98 because the Court dismissed all the Prospera-related claims in the September 11, 2023 Order.  To the extent a response is required to these allegations, the Natera Defendants deny the allegations in paragraph 98 and respectfully refer to this Court's September 11, 2023 Order.

99.     No response is required to paragraph 99 because the Court dismissed all the Prospera-related claims in the September 11, 2023 Order.  To the extent a response is required to these allegations, the Natera Defendants deny the allegations in paragraph 99 and respectfully refer to this Court's September 11, 2023 Order.

100.     No response is required to paragraph 100 because the Court dismissed all the

Prospera-related claims in the September 11, 2023 Order. To the extent a response is required to these allegations, the Natera Defendants deny the allegations in paragraph 100 and respectfully refer to this Court's September 11, 2023 Order.

101. No response is required to paragraph 101 because the Court dismissed all the Prospera-related claims in the September 11, 2023 Order. To the extent a response is required to these allegations, the Natera Defendants deny the allegations in paragraph 101 and respectfully refer to this Court's September 11, 2023 Order.

102. No response is required to paragraph 102 because the Court dismissed all the Prospera-related claims in the September 11, 2023 Order. To the extent a response is required to these allegations, the Natera Defendants deny the allegations in paragraph 102 and respectfully refer to this Court's September 11, 2023 Order.

103. No response is required to paragraph 103 because the Court dismissed all the Prospera-related claims in the September 11, 2023 Order. To the extent a response is required to these allegations, the Natera Defendants deny the allegations in paragraph 103 and respectfully refer to this Court's September 11, 2023 Order.

104. No response is required to paragraph 104 because the Court dismissed all the Prospera-related claims in the September 11, 2023 Order. To the extent a response is required to these allegations, the Natera Defendants deny the allegations in paragraph 104 and respectfully refer to this Court's September 11, 2023 Order.

105. To the extent the allegations in paragraph 105 rely upon publicly-available documents concerning market sizing and commercialization of NIPT tests, the Natera Defendants respectfully refer the Court to these documents themselves for their complete and accurate contents, but deny any characterization thereof. The Natera Defendants otherwise lack

information and belief concerning the allegations in paragraph 105 and on that basis, lack knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph 105.

106. To the extent that the allegations contained in paragraph 106 rely upon public statements about Natera's market positioning, the Natera Defendants respectfully refer the Court to Natera's SEC filings and publicly available earnings transcripts for their complete and accurate contents, and deny any characterization thereof. The Natera Defendants otherwise deny the allegations in paragraph 106 to the extent any characterization is inconsistent with these documents.

107. In response to the allegations in paragraph 107, the Natera Defendants admit that Panorama is used to test for fetal chromosomal abnormalities. The Natera Defendants admit that Panorama uses a blood sample from a pregnant woman to analyze for certain chromosome conditions that could impact a baby's health. The Natera Defendants admit that Panorama screens for several aneuploidies, including Down syndrome. The Natera Defendants admit that Panorama can test for certain microdeletion syndromes, including 22q11.2 deletion syndrome (also known as DiGeorge syndrome). The Natera Defendants admit that, in certain cases, Natera generated revenues from both aneuploidy and microdeletion testing. Except as expressly admitted herein, the Natera Defendants lack information and belief concerning the other allegations in paragraph 107 and on that basis, deny the allegations contained in paragraph 107.

108. To the extent that the allegations contained in paragraph 108 rely upon public statements, the Natera Defendants respectfully refer the Court to Natera's SEC filings and publicly available earnings transcripts for their complete and accurate contents, and deny any characterization thereof. The Natera Defendants otherwise deny the allegations in paragraph

27

108.

109.    The Natera Defendants state that the allegations contained in paragraph 109 are legal conclusions and characterizations to which no response is required. To the extent that a response is required, the Natera Defendants deny the allegations contained in paragraph 109.

110.    Paragraph 110 refers to a Natera press release, dated February 26, 2020.  The Natera Defendants respectfully refer the Court to this document for its complete and accurate contents, and deny any characterization thereof.  The Natera Defendants otherwise deny the allegations in paragraph 110 to the extent any characterization is inconsistent with this document.

111.    Paragraph 111 refers to a Natera press release, dated February 26, 2020.  The Natera Defendants respectfully refer the Court to this document for its complete and accurate contents, and deny any characterization thereof.  The Natera Defendants otherwise deny the allegations in paragraph 111 to the extent any characterization is inconsistent with this document.

112.    Paragraph 112 refers to a published report from Piper Sandler, dated February 26, 2020.  The Natera Defendants respectfully refer the Court to this document for its complete and accurate contents, and deny any characterization thereof.  The Natera Defendants otherwise deny the allegations in paragraph 112 to the extent any characterization is inconsistent with this document.  The Natera Defendants further lack information and belief concerning the allegations in paragraph 112 that "analysts latched onto" certain statements, and on that basis, denies these allegations.

113.    Paragraph 113 refers to Natera SEC filing(s), dated August 5, 2020.  The Natera Defendants respectfully refer the Court to these document(s) for the complete and accurate contents, and deny any characterization thereof.  The Natera Defendants otherwise deny the allegations in paragraph 113 to the extent any characterization is inconsistent with these

28

document(s).

114.    Paragraph 114 refers to a published report from Piper Sandler, dated August 5, 2020.  Paragraph 114 also refers to a published report from Craig-Hallum Capital Group, dated August 6, 2020.  The Natera Defendants respectfully refer the Court to these documents for their complete and accurate contents, and deny any characterization thereof.  The Natera Defendants otherwise deny the allegations in paragraph 114 to the extent any characterization is inconsistent with these documents.  The Natera Defendants further lack information and belief concerning the allegations in paragraph 114 that "analysts again seized on" certain statements, and on that basis, denies these allegations.

115.    Paragraph 115 refers to a publicly available Natera earnings call transcript for Q4 2020.  The Natera Defendants respectfully refer the Court to this document for its complete and accurate contents, and deny any characterization thereof.  The Natera Defendants otherwise deny the allegations in paragraph 115 to the extent any characterization is inconsistent with this document.

116.    Paragraph 116 refers to public statements made at a JP Morgan Healthcare Conference on January 12, 2021.  The Natera Defendants respectfully refer the Court to these statements for their complete and accurate contents, and deny any characterization thereof.  The Natera Defendants otherwise deny the allegations in paragraph 116 to the extent any characterization is inconsistent with the statements themselves.

117.    Paragraph 117 refers to a published report from SVB Leerink, dated January 14, 2021.  The Natera Defendants respectfully refer the Court to this document for its complete and accurate contents, and deny any characterization thereof.  The Natera Defendants otherwise deny the allegations in paragraph 117 to the extent any characterization is inconsistent with this

document.

118.    Paragraph 118 refers to a published report from Canaccord Genuity, dated January 14, 2021.  The Natera Defendants respectfully refer the Court to this document for its complete and accurate contents, and deny any characterization thereof.  The Natera Defendants otherwise deny the allegations in paragraph 118 to the extent any characterization is inconsistent with this document.

119.    Paragraph 119 refers to a public statements made at a Canaccord Genuity 41st Annual Growth Conference on August 11, 2021.  The Natera Defendants respectfully refer the Court to these statements for their complete and accurate contents, and deny any characterization thereof.  The Natera Defendants otherwise deny the allegations in paragraph 119 to the extent any characterization is inconsistent with the statements themselves.

120.    Paragraph 120 refers to a published report from Canaccord Genuity, dated August 11, 2021.  The Natera Defendants respectfully refer the Court to this document for its complete and accurate contents, and deny any characterization thereof.  The Natera Defendants otherwise deny the allegations in paragraph 120 to the extent any characterization is inconsistent with this document.

121.    Paragraph 121 refers to a public statements made at a Wells Fargo Virtual Healthcare Conference on September 10, 2021 on August 11, 2021.  The Natera Defendants respectfully refer the Court to these statements for their complete and accurate contents, and deny any characterization thereof.  The Natera Defendants otherwise deny the allegations in paragraph 121 to the extent any characterization is inconsistent with the statements themselves.

122.    The Natera Defendants state that the allegations contained in paragraph 122 are legal conclusions and characterizations to which no response is required. To the extent that a

response is required, the Natera Defendants deny the allegations contained in paragraph 122.

123.    The Natera Defendants state that the allegations contained in paragraph 123 are legal conclusions and/or statements of purported industry guidelines to which no response is required. To the extent that a response is required, the Natera Defendants deny the allegations contained in paragraph 123.

124.    The Natera Defendants state that the allegations contained in paragraph 124 are legal conclusions and/or statements of purported industry guidelines to which no response is required. To the extent that a response is required, the Natera Defendants deny the allegations contained in paragraph 124.

125.    Paragraph 125 refers to a Natera Form 10-Q for Q2 2017 filed with the SEC in August 2021.  Paragraph 125 also refers to Natera's risk disclosures in its FY 2019, 2020, and 2021 Form 10-Ks filed with the SEC.  The Natera Defendants respectfully refer the Court to these documents for their complete and accurate contents, and deny any characterization thereof. The Natera Defendants otherwise deny the allegations in paragraph 125 to the extent any characterization is inconsistent with these documents.  The Natera Defendants otherwise deny the allegations in paragraph 125.

126.    To the extent that the allegations contained in paragraph 126 rely upon a Natera announcement from August 2017, the Natera Defendants respectfully refer the Court to the document itself for its complete and accurate contents, and deny any characterization thereof. The Natera Defendants otherwise lack information and belief concerning the allegations in paragraph 126, and on that basis, lack knowledge or information sufficient to form a belief regarding the truth of the remaining allegations in paragraph 126.

127.    The Natera Defendants lack information and belief concerning the allegations in

paragraph 127, and on that basis, lack knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph 127. To the extent that the allegations contained in paragraph 127 rely upon a report released by Hindenburg Research, dated March 9, 2022, and/or a report released by The Capitol Forum, the Natera Defendants respectfully refer the court to the publicly-available reports themselves, but deny any characterization thereof. The Natera Defendants further deny that the contents of the Hindenburg Report and the Capitol Forum report are reliable or accurate.

128. The Natera Defendants lack information and belief concerning the allegations in paragraph 128, and on that basis, lack knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph 128.

129. In response to the second sentence of paragraph 129, the Natera Defendants admit that Kamath held the title of Vice President of Commercial Sales at Natera from October 2017 to May 2019, when he left Natera. Except as expressly admitted herein, the Natera Defendants lack information and belief concerning the remaining allegations in paragraph 129, and on that basis, lack knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph 129.

130. The Natera Defendants lack information and belief concerning the allegations in paragraph 130, and on that basis, lack knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph 130. To the extent that the allegations contained in paragraph 130 rely upon a report released by Hindenburg Research, dated March 9, 2022, the Natera Defendants respectfully refer the court to the publicly-available report itself, but deny any characterization thereof. The Natera Defendants further deny that the contents of the Hindenburg Report are reliable or accurate. Furthermore, the Natera Defendants are without

sufficient knowledge or information to admit or deny the allegations regarding the purported investigation conducted by Plaintiffs' counsel and on that ground deny those allegations.

131. The Natera Defendants lack information and belief concerning the allegations in paragraph 131, and on that basis, lack knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph 131. To the extent that the allegations contained in paragraph 131 rely upon a report released by Hindenburg Research, dated March 9, 2022, the Natera Defendants respectfully refer the court to the publicly-available report itself, but deny any characterization thereof, including the accuracy of any purported statement or characterization purportedly sourced from an unnamed individual. The Natera Defendants further deny that the contents of the Hindenburg Report are reliable or accurate. The Natera Defendants otherwise deny the allegations in paragraph 131 to the extent any characterization is inconsistent with these documents..

132. In response to the first sentence in paragraph 132, the Natera Defendants admit that Natera worked with MGML, who assisted with the prior authorization process for Panorama. To the extent that the allegations contained in paragraph 132 rely upon a report released by Hindenburg Research, dated March 9, 2022, and a publicly-available transcript from a Natera special investor call on March 10, 2022, the Natera Defendants respectfully refer the court to the documents themselves, but deny any characterization thereof. The Natera Defendants further deny that the contents of the Hindenburg Report are reliable or accurate. The Natera Defendants otherwise deny the allegations in paragraph 132 to the extent any characterization is inconsistent with these documents.

133. In response to the first sentence of paragraph 133, the Natera Defendants admit that historically a majority of Natera's Women's Health tests processed have been Panorama. To

the extent that the allegations contained in paragraph 133 rely upon Natera's SEC filings and publicly-available investor call transcripts, the Natera Defendants respectfully refer the court to the documents themselves, but deny any characterization thereof.  The Natera Defendants further deny that the contents of the Hindenburg Report are reliable or accurate.  The Natera Defendants otherwise deny the allegations in paragraph 133 to the extent any characterization is inconsistent with these documents.

134.    Paragraph 134 refers to a published report from Canaccord Genuity, dated March 10, 2022.  The Natera Defendants respectfully refer the Court to this document for its complete and accurate contents, and deny any characterization thereof.  The Natera Defendants otherwise deny the allegations in paragraph 134 to the extent any characterization is inconsistent with this document.

135.    The Natera Defendants lack information and belief concerning the allegations in paragraph 135, and on that basis, lack knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph 135.  To the extent that the allegations contained in paragraph 135 rely upon a report released by Hindenburg Research, dated March 9, 2022, the Natera Defendants respectfully refer the court to the publicly-available report itself, but deny any characterization thereof.  The Natera Defendants further deny that the contents of the Hindenburg Report are reliable or accurate, including the reliability and accuracy of any purported statement or characterization purportedly sourced from unnamed individuals.  The Natera Defendants otherwise deny the allegations in paragraph 135.

136.    In response to the first two sentences of paragraph 136, the Natera Defendants deny these allegations.  In response to the remaining sentences of paragraph 136, Natera Defendants lack information and belief concerning the allegations in paragraph 136, and on that

34

basis, lack knowledge or information sufficient to form a belief regarding the truth of these allegations.

137.    Paragraph 137 refers to four published opinions issued by the OIG on May 6, 2010, August 31, 2010, August 30, 2012, and an unidentified date in September 2010.  The Natera Defendants respectfully refer the Court to these documents for their complete and accurate contents, and deny any characterization thereof.  The Natera Defendants otherwise deny the allegations in paragraph 137.

138.    To the extent that the allegations contained in paragraph 138 rely upon a report released by Hindenburg Research, dated March 9, 2022, and a publicly-available transcript from a Natera special investor call on March 10, 2022, the Natera Defendants respectfully refer the court to the documents themselves, but deny any characterization thereof.   The Natera Defendants further deny that the contents of the Hindenburg Report are reliable or accurate.  The Natera Defendants otherwise deny the allegations in paragraph 138 to the extent any characterization is inconsistent with these documents.

139.    To the extent that the allegations contained in paragraph 139 rely upon a report released by Hindenburg Research, dated March 9, 2022, the Natera Defendants respectfully refer the court to the publicly-available report itself, but deny any characterization thereof.  The Natera Defendants further deny that the contents of the Hindenburg Report are reliable or accurate, including the reliability and accuracy of any purported statement or characterization purportedly sourced from unnamed individuals.  The Natera Defendants otherwise deny the allegations in paragraph 139.

140.    The Natera Defendants lack information and belief concerning the allegations in paragraph 140, and on that basis, deny the allegations in paragraph 140.  To the extent that the

allegations contained in paragraph 140 rely upon an April 2021 issue of *Compliance Today Magazine*, the Natera Defendants respectfully refer the court to this publicly-available document, but deny any characterization thereof.  The Natera Defendants otherwise deny the allegations in paragraph 140.

141.    To the extent that the allegations contained in paragraph 141 rely upon a September 2010 Health Care Bulletin from the law firm Benesch, Friedlander, Coplan & Arnoff LLP and a blog post from the law firm Hall Render, Killian, Heath & Lyman, P.C., the Natera Defendants respectfully refer the court to these publicly-available documents themselves, but deny any characterization thereof.  The Natera Defendants otherwise lack information and belief concerning the allegations in paragraph 141, and on that basis, deny the allegations.

142.    Paragraph 142 refers to a publicly available Natera special investor call transcript, dated March 10, 2022.  The Natera Defendants respectfully refer the Court to this document for its complete and accurate contents, and deny any characterization thereof.    The Natera Defendants otherwise deny the allegations in paragraph 142 to the extent any characterization is inconsistent with this document.

143.    Paragraph 143 refers to a publicly available Natera special investor call transcript, dated March 10, 2022.  The Natera Defendants respectfully refer the Court to this document for its complete and accurate contents, and deny any characterization thereof.    The Natera Defendants otherwise deny the allegations in paragraph 143 to the extent any characterization is inconsistent with this document.  The Natera Defendants deny that Chapman's public statements were a "tacit omission" of anything.

144.    To the extent that the allegations contained in paragraph 144 rely upon publicly available share price data, the Natera Defendants respectfully refer the Court to the share price

data for their complete and accurate contents, and deny any characterization thereof.  Defendants otherwise deny the allegations in paragraph 144.

145.    To the extent that the allegations in paragraph 145 rely upon Natera's Panorama requisition form, the Natera Defendants respectfully refer the Court to this publicly-available document, and deny any characterization thereof.

146.    To the extent that the allegations in paragraph 146 rely upon purported "guidance" from The Society for Maternal Fetal Screening ("SMFM") issued in 2014, the Natera Defendants respectfully refer the Court to this publicly-available document, and deny any characterization thereof.  The Natera Defendants otherwise deny the allegations in paragraph 146.

147.    The Natera Defendants state that the allegations contained in paragraph 147 are legal conclusions and characterizations to which no response is required. To the extent that a response is required, the Natera Defendants deny the allegations contained in paragraph 147.

148.    In response to the first two sentences of paragraph 148, to the extent the allegations contained in paragraph 148 rely upon purported "guidelines" from The American College of Obstetricians and Gynecologists and SMFM, the Natera Defendants respectfully refer the Court to these publicly-available documents themselves, but deny any characterization thereof.  The Natera Defendants otherwise lack information and belief concerning the allegations in the first two sentences in paragraph 148, and on that basis, deny the allegations.  In response to the remaining allegations in paragraph 148, to the extent the allegations rely on public statements made at a Wells Fargo Virtual Healthcare Conference on September 10, 2021, the Natera Defendants respectfully refer the Court to these statements for their complete and accurate contents, and deny any characterization thereof.  The Natera Defendants otherwise deny

the allegations in paragraph 148 to the extent any characterization is inconsistent with the statements themselves.

149.    The Natera Defendants deny the allegations contained in paragraph 149.

150.    To the extent that the allegations contained in paragraph 150 rely on a Natera Form 8-K, filed with the SEC on February 26, 2020, the Natera Defendants respectfully refer the Court to this document for its complete and accurate contents, and deny any characterization thereof.  The Natera Defendants otherwise deny the allegations in paragraph 150 to the extent any characterization is inconsistent with this document.

151.    To the extent that the allegations contained in paragraph 151 rely on a Natera Form 8-K, filed with the SEC on May 6, 2020, the Natera Defendants respectfully refer the Court to this document for its complete and accurate contents, and deny any characterization thereof.  The Natera Defendants otherwise deny the allegations in paragraph 151 to the extent any characterization is inconsistent with this document.

152.    To the extent that the allegations contained in paragraph 152 rely on a Natera Form 8-K, filed with the SEC on August 5, 2020, the Natera Defendants respectfully refer the Court to this document for its complete and accurate contents, and deny any characterization thereof.  The Natera Defendants otherwise deny the allegations in paragraph 152 to the extent any characterization is inconsistent with this document.

153.    In response to the first sentence of paragraph 153, the Natera Defendants admit that certain Natera representatives attended a JP Morgan Healthcare Conference on or around January 12, 2021.  To the extent that the remaining allegations contained in paragraph 153 rely on public statements made at the JP Morgan Healthcare Conference on or about January 12, 2021, the Natera Defendants respectfully refer the Court to these statements for their complete

and accurate contents, and deny any characterization thereof.  The Natera Defendants otherwise deny the allegations in paragraph 153 to the extent any characterization is inconsistent with the statements themselves.

154.    To the extent that the allegations contained in paragraph 154 rely on a publicly available transcript from Natera's earnings call on February 25, 2021, the Natera Defendants respectfully refer the Court to this document for its complete and accurate contents, and deny any characterization thereof.  The Natera Defendants otherwise deny the allegations in paragraph 154 to the extent any characterization is inconsistent with this document.

155.    To the extent that the allegations contained in paragraph 155 rely on a publicly available transcript from Natera's earnings call on February 25, 2021, the Natera Defendants respectfully refer the Court to this document for its complete and accurate contents, and deny any characterization thereof.  The Natera Defendants otherwise deny the allegations in paragraph 155 to the extent any characterization is inconsistent with this document.

156.    To the extent that the allegations contained in paragraph 156 rely on a publicly available transcript from Natera's earnings call on May 6, 2021, the Natera Defendants respectfully refer the Court to this document for its complete and accurate contents, and deny any characterization thereof.  The Natera Defendants otherwise deny the allegations in paragraph 156 to the extent any characterization is inconsistent with this document.

157.    To the extent that the allegations contained in paragraph 157 rely on a publicly available transcript from Natera's earnings call on August 5, 2021, the Natera Defendants respectfully refer the Court to this document for its complete and accurate contents, and deny any characterization thereof.  The Natera Defendants otherwise deny the allegations in paragraph 157 to the extent any characterization is inconsistent with this document.

158. To the extent that the allegations contained in paragraph 158 rely on a publicly available transcript from a Natera earnings call on August 5, 2021, the Natera Defendants respectfully refer the Court to this document for its complete and accurate contents, and deny any characterization thereof. The Natera Defendants otherwise deny the allegations in paragraph 158 to the extent any characterization is inconsistent with this document.

159. To the extent that the allegations contained in paragraph 159 rely on public statements made at a Canaccord Genuity 41st Annual Growth Conference on August 11, 2021, the Natera Defendants respectfully refer the Court to these statements for their complete and accurate contents, and deny any characterization thereof. The Natera Defendants otherwise deny the allegations in paragraph 159 to the extent any characterization is inconsistent with the statements themselves.

160. To the extent that the allegations contained in paragraph 160 rely on public statements made at a Wells Fargo Virtual Healthcare Conference on September 10, 2021, the Natera Defendants respectfully refer the Court to these statements for their complete and accurate contents, and deny any characterization thereof. The Natera Defendants otherwise deny the allegations in paragraph 160 to the extent any characterization is inconsistent with the statements themselves.

161. To the extent that the allegations contained in paragraph 161 rely on public statements made at a Morgan Stanley Global Healthcare virtual conference on September 13, 2021, the Natera Defendants respectfully refer the Court to this document for its complete and accurate contents, and deny any characterization thereof. The Natera Defendants otherwise deny the allegations in paragraph 161 to the extent any characterization is inconsistent with this document.

162.    To the extent that the allegations contained in paragraph 162 rely on a publicly available transcript from a Natera earnings call on November 4, 2021, the Natera Defendants respectfully refer the Court to this document for its complete and accurate contents, and deny any characterization thereof.  The Natera Defendants otherwise deny the allegations in paragraph 162 to the extent any characterization is inconsistent with this document.

163.    The Natera Defendants state that the allegations contained in paragraph 163 are legal conclusions and characterizations to which no response is required. To the extent that a response is required, the Natera Defendants deny the allegations contained in paragraph 163.

164.    The Natera Defendants admit that Natera's stock closed at $34.77 on February 26, 2020.  The Natera Defendants otherwise deny the allegations and characterizations in Paragraph 164, including as to any allegations regarding causation of any stock price movement due to the Panorama-related allegations. To the extent that paragraph 164 concerns Prospera-related allegations, no response is required because the Court dismissed all the Prospera-related claims in the September 11, 2023 Order.  To the extent a response is required to these allegations, the Natera Defendants deny the allegations in paragraph 164.

165.    The Natera Defendants state that the allegations contained in paragraph 165 are legal conclusions and characterizations to which no response is required. To the extent that the allegations contained in paragraph 165 rely upon the certain individual Natera Defendants' stock sales during the putative class period, the Natera Defendants respectfully refer the Court to the Natera Form 4s that were filed with the SEC on behalf of these individuals during the putative class period for their complete and accurate contents, and deny any characterization thereof.  The Natera Defendants, to the extent necessary, otherwise deny the allegations contained in paragraph 165.

166.    To the extent that the allegations contained in paragraph 166 rely upon the certain individual Natera Defendants' stock sales during the putative class period, the Natera Defendants respectfully refer the Court to the Natera Form 4s that were filed with the SEC on behalf of these individuals during the putative class period for their complete and accurate contents, and deny any characterization thereof.  The Natera Defendants, to the extent necessary, otherwise deny the allegations contained in paragraph 166 to the extent any characterization is inconsistent with these documents.

167.    The Natera Defendants state that the allegations contained in paragraph 167 are legal conclusions to which no response is required.  To the extent that a response is required, the Natera Defendants deny the allegations contained in paragraph 167.

168.    The Natera Defendants state that the allegations contained in paragraph 168 are legal conclusions to which no response is required. Furthermore, to the extent that paragraph 168 concerns Prospera-related allegations, no response is required because the Court dismissed all the Prospera-related claims in the September 11, 2023 Order.  To the extent that a response is required, the Natera Defendants lack information and belief concerning the allegations in paragraph 168 and on that basis, deny the allegations contained in paragraph 168.

169.    The Natera Defendants state that the allegations contained in paragraph 169 are legal conclusions to which no response is required.  Furthermore, to the extent that paragraph 169 concerns Prospera-related allegations, no response is required because the Court dismissed all the Prospera-related claims in the September 11, 2023 Order.  To the extent a response is required to these allegations, the Natera Defendants deny the allegations in paragraph 169.

170.    The Natera Defendants state that the allegations contained in paragraph 170 are legal conclusions to which no response is required. Furthermore, to the extent that paragraph 170

concerns Prospera-related allegations, no response is required because the Court dismissed all the Prospera-related claims in the September 11, 2023 Order. To the extent that a response is required, the Natera Defendants lack information and belief concerning the allegations in paragraph 170 and on that basis, deny the allegations contained in paragraph 170.

171. The Natera Defendants state that the allegations contained in paragraph 171 are legal conclusions to which no response is required. Furthermore, to the extent that paragraph 171 concerns Prospera-related allegations, no response is required because the Court dismissed all the Prospera-related claims in the September 11, 2023 Order. To the extent that a response is required, the Natera Defendants lack information and belief concerning the allegations in paragraph 171 and on that basis, deny the allegations contained in paragraph 171.

172. To the extent that the allegations contained in paragraph 172 rely upon a report released by Hindenburg Research, dated March 9, 2022, the Natera Defendants respectfully refer the Court to the publicly-available report itself, but deny any characterization thereof. The Natera Defendants further deny that the contents of the Hindenburg Report are reliable or accurate. The Natera Defendants otherwise deny the allegations in paragraph 172.

173. The Natera Defendants admit that Natera's stock closed at $54.75 on March 8, 2022. The Natera Defendants admit that Natera's stock closed at $36.80 on March 9, 2022. The Natera Defendants otherwise deny the allegations in paragraph 173, including as to any allegations regarding causation of any stock price movement due to the Panorama-related allegations. To the extent that the allegations contained in paragraph 173 rely upon a report released by Hindenburg Research, dated March 9, 2022, the Natera Defendants respectfully refer the Court to the publicly-available report itself, but deny any characterization thereof.

174. To the extent that the allegations contained in paragraph 174 rely upon a report

released by Hindenburg Research, dated March 9, 2022, the Natera Defendants respectfully refer the Court to the publicly-available report itself, but deny any characterization thereof. The Natera Defendants further deny that the contents of the Hindenburg Report are reliable or accurate. To the extent that the allegations contained in paragraph 174 rely on a SVB Leerink report, dated March 9, 2022 and Canaccord Genuity report, dated March 9, 2022, the Natera Defendants respectfully refer the Court to the publicly-available reports themselves for their complete and accurate contents, but deny any characterization thereof. The Natera Defendants otherwise deny the allegations in paragraph 174, including as to any allegations regarding causation of any stock price movement due to the Panorama-related allegations.

175.    To the extent that the allegations contained in paragraph 175 rely upon a report released by Hindenburg Research, dated March 9, 2022, or a Natera special investor call transcript on March 10, 2022, the Natera Defendants respectfully refer the Court to these publicly-available documents, but deny any characterization thereof. The Natera Defendants further deny that the contents of the Hindenburg Report are reliable or accurate. The Natera Defendants otherwise deny the allegations in paragraph 175.

176.    To the extent that the allegations contained in paragraph 176 rely on a BTIG report, dated March 10, 2022, and Piper Sandler report, dated March 21, 2022, the Natera Defendants respectfully refer the Court to the publicly-available reports themselves for their complete and accurate contents, but deny any characterization thereof. The Natera Defendants otherwise deny the allegations in paragraph 176, including as to any allegations regarding causation of any stock price movement due to the Panorama-related allegations.

177.    No response is required to paragraph 177 because the Court dismissed all the Prospera-related claims in the September 11, 2023 Order. To the extent a response is required to

these allegations, the Natera Defendants deny the allegations in paragraph 177 and respectfully refer to this Court's September 11, 2023 Order.

178. No response is required to paragraph 178 because the Court dismissed all the Prospera-related claims in the September 11, 2023 Order. To the extent a response is required to these allegations, the Natera Defendants respectfully refer to this Court's September 11, 2023 Order.

179. No response is required to paragraph 179 because the Court dismissed all the Prospera-related claims in the September 11, 2023 Order. To the extent a response is required to these allegations, the Natera Defendants deny the allegations in paragraph 179 and respectfully refer to this Court's September 11, 2023 Order.

180. No response is required to paragraph 180 because the Court dismissed all the Prospera-related claims in the September 11, 2023 Order. To the extent a response is required to these allegations, the Natera Defendants respectfully refer to this Court's September 11, 2023 Order.

181. No response is required to paragraph 181 because the Court dismissed all the Prospera-related claims in the September 11, 2023 Order. To the extent a response is required to these allegations, the Natera Defendants respectfully refer to this Court's September 11, 2023 Order.

182. No response is required to paragraph 182 because the Court dismissed all the Prospera-related claims in the September 11, 2023 Order. To the extent a response is required to these allegations, the Natera Defendants respectfully refer to this Court's September 11, 2023 Order.

183. No response is required to paragraph 183 because the Court dismissed all the

Prospera-related claims in the September 11, 2023 Order. To the extent a response is required to these allegations, the Natera Defendants deny the allegations in paragraph 183 and respectfully refer to this Court's September 11, 2023 Order.

184. No response is required to paragraph 184 because the Court dismissed all the Prospera-related claims in the September 11, 2023 Order. To the extent a response is required to these allegations, the Natera Defendants deny the allegations in paragraph 184 and respectfully refer to this Court's September 11, 2023 Order.

185. No response is required to paragraph 185 because the Court dismissed all the Prospera-related claims in the September 11, 2023 Order. To the extent a response is required to these allegations, the Natera Defendants deny the allegations in paragraph 185 and respectfully refer to this Court's September 11, 2023 Order.

186. To the extent that paragraph 186 concerns Prospera, no response is required because the Court dismissed all the Prospera-related claims in the September 11, 2023 Order. To the extent a response is required to these allegations, the Natera Defendants deny the allegations in paragraph 186. To the extent that the allegations in paragraph 186 purport to rely on Natera's SEC filings, the Natera Defendants respectfully refer the Court to the publicly-available documents themselves for their complete and accurate contents, but deny any characterization thereof. The Natera Defendants otherwise deny the allegations in paragraph 186.

187. To the extent that the allegations contained in paragraph 187 rely on Natera's FY 2018, 2019, and 2020 Form 10-Ks and public statements made at a Barclays Global Health Care Conference on March 11, 2020, the Natera Defendants respectfully refer the Court to the publicly-available documents and statements themselves for their complete and accurate contents, but deny any characterization thereof. The Natera Defendants otherwise deny the

allegations in paragraph 187.

188.    The Natera Defendants lack information and belief concerning the allegations in paragraph 188, and on that basis, lack knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph 188, in particular with respect to allegations of what the market "understood."  To the extent the allegations contained in paragraph 188 rely on a published report from Canaccord Genuity, dated March 19, 2020, the Natera Defendants respectfully refer the Court to the document itself for its complete and accurate contents, but deny any characterization thereof.

189.    No response is required to paragraph 189 because the Court dismissed all the Prospera-related claims in the September 11, 2023 Order.  To the extent a response is required to these allegations, the Natera Defendants deny the allegations in paragraph 189 and respectfully refer to this Court's September 11, 2023 Order.

190.    No response is required to paragraph 190 because the Court dismissed all the Prospera-related claims in the September 11, 2023 Order.  To the extent a response is required to these allegations, the Natera Defendants deny the allegations in paragraph 190 and respectfully refer to this Court's September 11, 2023 Order.

191.    The Natera Defendants state that the allegations contained in paragraph 191 are legal conclusions to which no response is required. To the extent that a response is required, the Natera Defendants deny the allegations contained in paragraph 191.

192.    To the extent that the allegations contained in paragraph 192 rely upon a March 8, 2018 announcement from U.S. Department of Justice, the Natera Defendants respectfully refer the Court to the referenced document itself for its complete and accurate contents, and deny any characterization thereof.  The Natera Defendants otherwise deny the allegations contained in

paragraph 192.

193.   To the extent that the allegations contained in paragraph 193 rely upon a March 8, 2018 announcement from U.S. Department of Justice, the Natera Defendants respectfully refer the Court to the referenced document itself for its complete and accurate contents, and deny any characterization thereof.   The Natera Defendants otherwise deny the allegations contained in paragraph 193.

194.   To the extent that the allegations contained in paragraph 194 rely upon a public settlement agreement between Natera and the DOJ, the Natera Defendants respectfully refer the Court to the referenced document itself for its complete and accurate contents, and deny any characterization thereof.   The Natera Defendants otherwise deny the allegations contained in paragraph 194.

195.   To the extent that the allegations contained in paragraph 195 rely upon a public settlement agreement between Natera and the DOJ, the Natera Defendants respectfully refer the Court to the document itself for its complete and accurate contents, and deny any characterization thereof.   To the extent the allegations in paragraph 195 refer to certain individual Natera Defendants' positions, the Natera Defendants respectfully refer the Court to Natera's SEC filings for a complete and accurate description, and deny any characterization thereof.  The Natera Defendants otherwise deny the allegations contained in paragraph 195.

196.   The Natera Defendants state that the allegations contained in paragraph 196 are legal conclusions and characterizations to which no response is required. To the extent that a response is required, the Natera Defendants deny the allegations contained in paragraph 196. Further, to the extent the allegations rely upon Natera's SEC filings, the Natera Defendants respectfully refer the Court to the documents themselves for their complete and accurate

contents, but deny any characterization thereof. The Natera Defendants otherwise deny the allegations in paragraph 196, including that these allegations support any inference of scienter or motive and opportunity.

197. To the extent the allegations in paragraph 197 rely upon Natera's 2020 SEC filings regarding revenues and executive compensation, the Natera Defendants respectfully refer the Court to the documents themselves for their complete and accurate contents, but deny any characterization thereof. The Natera Defendants otherwise deny the allegations in paragraph 197, including that these allegations support any inference of scienter or motive and opportunity.

198. To the extent the allegations in paragraph 198 rely upon Natera's 2021 SEC filings regarding revenues and executive compensation, the Natera Defendants respectfully refer the Court to the documents themselves for their complete and accurate contents, but deny any characterization thereof. The Natera Defendants otherwise deny the allegations in paragraph 198, including that these allegations support any inference of scienter or motive and opportunity.

199. To the extent the allegations in paragraph 199 rely upon Natera's 2020 and 2021 SEC filings regarding revenues and executive compensation, the Natera Defendants respectfully refer the Court to the documents themselves for their complete and accurate contents, but deny any characterization thereof. The Natera Defendants otherwise deny the allegations in paragraph 199, including that these allegations support any inference of scienter or motive and opportunity.

200. To the extent that the allegations contained in paragraph 200 rely upon certain individual Natera Defendants' stock sales during the putative class period, the Natera Defendants respectfully refer the Court to the Natera Form 4s that were filed with the SEC on behalf of these individuals during the putative class period for their complete and accurate contents, and deny any characterization thereof. The Natera Defendants otherwise deny the allegations contained in

paragraph 200, including that these allegations support any inference of scienter or motive and opportunity.

201. To the extent that the allegations contained in paragraph 201 rely upon certain of Chapman's stock sales during the putative class period, the Natera Defendants respectfully refer the Court to the Natera Form 4s that were filed with the SEC on behalf of Chapman during the putative class period for their complete and accurate contents, and deny any characterization thereof. The Natera Defendants otherwise deny the allegations contained in paragraph 201, including that these allegations support any inference of scienter or motive and opportunity.

202. To the extent that the allegations contained in paragraph 202 rely upon certain Chapman's stock sales during the putative class period, the Natera Defendants respectfully refer the Court to the Natera Form 4s that were filed with the SEC on behalf of Chapman during the putative class period for their complete and accurate contents, and deny any characterization thereof. The Natera Defendants otherwise deny the allegations contained in paragraph 202, including that these allegations support any inference of scienter or motive and opportunity.

203. To the extent that the allegations contained in paragraph 203 rely upon certain of Chapman's stock sales, the Natera Defendants respectfully refer the Court to the Natera Form 4s that were filed with the SEC on behalf of Chapman during those periods for their complete and accurate contents, and deny any characterization thereof. The Natera Defendants otherwise deny the allegations contained in paragraph 203, including that these allegations support any inference of scienter or motive and opportunity.

204. To the extent that the allegations contained in paragraph 204 rely upon certain of Chapman's stock sales, the Natera Defendants respectfully refer the Court to the Natera Form 4s that were filed with the SEC on behalf of Chapman those periods for their complete and accurate

contents, and deny any characterization thereof. The Natera Defendants otherwise deny the allegations contained in paragraph 204, including that these allegations support any inference of scienter or motive and opportunity.

205. To the extent that the allegations contained in paragraph 205 rely upon certain of Brophy's stock sales during the putative class period, the Natera Defendants respectfully refer the Court to the Natera Form 4s that were filed with the SEC on behalf of Brophy during the putative class period for their complete and accurate contents, and deny any characterization thereof. The Natera Defendants otherwise deny the allegations contained in paragraph 205, including that these allegations support any inference of scienter or motive and opportunity.

206. To the extent that the allegations contained in paragraph 206 rely upon certain of Brophy's stock sales during the putative class period, the Natera Defendants respectfully refer the Court to the Natera Form 4s that were filed with the SEC on behalf of Brophy during the putative class period for their complete and accurate contents, and deny any characterization thereof. The Natera Defendants otherwise deny the allegations contained in paragraph 206, including that these allegations support any inference of scienter or motive and opportunity.

207. To the extent that the allegations contained in paragraph 207 rely upon certain of Brophy's stock sales, the Natera Defendants respectfully refer the Court to the Natera Form 4s that were filed with the SEC on behalf of Brophy those periods for their complete and accurate contents, and deny any characterization thereof. The Natera Defendants otherwise deny the allegations contained in paragraph 207, including that these allegations support any inference of scienter or motive and opportunity.

208. To the extent that the allegations contained in paragraph 208 rely upon certain of Brophy's stock sales, the Natera Defendants respectfully refer the Court to the Natera Form 4s

that were filed with the SEC on behalf of Brophy those periods for their complete and accurate contents, and deny any characterization thereof. The Natera Defendants otherwise deny the allegations contained in paragraph 208, including that these allegations support any inference of scienter or motive and opportunity.

209.   To the extent that the allegations contained in paragraph 209 rely upon certain of Rabinowitz's stock sales during the putative class period, the Natera Defendants respectfully refer the Court to the Natera Form 4s that were filed with the SEC on behalf of Rabinowitz during the putative class period for their complete and accurate contents, and deny any characterization thereof. The Natera Defendants otherwise deny the allegations contained in paragraph 209, including that these allegations support any inference of scienter or motive and opportunity.

210.   To the extent that the allegations contained in paragraph 210 rely upon certain of Rabinowitz's stock sales, the Natera Defendants respectfully refer the Court to the Natera Form 4s that were filed with the SEC on behalf of Rabinowitz during those periods for their complete and accurate contents, and deny any characterization thereof. The Natera Defendants otherwise deny the allegations contained in paragraph 210, including that these allegations support any inference of scienter or motive and opportunity.

211.   The Natera Defendants admit that Natera's common stock met the requirements for listing on NASDAQ. The Natera Defendants admit that Natera is a public company that files periodic reports with the SEC. The Natera Defendants admit certain securities analysts have written reports about Natera. The Natera Defendants admit that Natera has communicated with public investors. The Natera Defendants otherwise deny the allegations in paragraph 211 and/or lack knowledge or information sufficient to form a belief regarding the truth of the allegations in

paragraph 211, and on that basis, deny the allegations in paragraph 211.

212.    The Natera Defendants state that the allegations contained in paragraph 212 are legal conclusions and characterizations to which no response is required. To the extent that a response is required, the Natera Defendants deny the allegations contained in paragraph 212.

213.     The Natera Defendants state that the allegations contained in paragraph 213 are legal conclusions and characterizations to which no response is required. To the extent that a response is required, the Natera Defendants deny the allegations contained in paragraph 213.

214.    The Natera Defendants state that the allegations contained in paragraph 214 are legal conclusions to which no response is required. To the extent that a response is required, the Natera Defendants deny the allegations contained in paragraph 214.  To the extent that paragraph 214 concerns Prospera, no response is required because the Court dismissed all the Prospera-related claims in the September 11, 2023 Order.  To the extent a response is required to these allegations, the Natera Defendants deny the allegations in paragraph 214.

215.    The Natera Defendants state that the allegations contained in paragraph 215 are legal conclusions to which no response is required. To the extent that a response is required, the Natera Defendants deny the allegations contained in paragraph 215.  To the extent that paragraph 215 concerns Prospera, no response is required because the Court dismissed all the Prospera-related claims in the September 11, 2023 Order.  To the extent a response is required to these allegations, the Natera Defendants deny the allegations in paragraph 215.

216.    The Natera Defendants state that the allegations contained in paragraph 216 are legal conclusions to which no response is required. To the extent that a response is required, the Natera Defendants deny the allegations contained in paragraph 216.  To the extent that paragraph 216 concerns Prospera, no response is required because the Court dismissed all the Prospera-

related claims in the September 11, 2023 Order.  To the extent a response is required to these allegations, the Natera Defendants deny the allegations in paragraph 216.

217.    In response to paragraph 217, the Natera Defendants incorporate and repeat their responses to paragraphs 1-216 above as if fully set forth herein.  To the extent that paragraph 217 concerns Prospera, no response is required because the Court dismissed all the Prospera-related claims in the September 11, 2023 Order.

218.    The Natera Defendants state that the allegations contained in paragraph 218 are legal conclusions to which no response is required. To the extent that a response is required, the Natera Defendants deny the allegations contained in paragraph 218.  To the extent that paragraph 218 concerns Prospera, no response is required because the Court dismissed all the Prospera-related claims in the September 11, 2023 Order.  To the extent a response is required to these allegations, the Natera Defendants deny the allegations in paragraph 218.

219.    The Natera Defendants state that the allegations contained in paragraph 219 are legal conclusions to which no response is required. To the extent that a response is required, the Natera Defendants deny the allegations contained in paragraph 219.  To the extent that paragraph 218 concerns Prospera, no response is required because the Court dismissed all the Prospera-related claims in the September 11, 2023 Order.  To the extent a response is required to these allegations, the Natera Defendants deny the allegations in paragraph 219.

220.    The Natera Defendants state that the allegations contained in paragraph 220 are legal conclusions to which no response is required. To the extent that a response is required, the Natera Defendants deny the allegations contained in paragraph 220.  To the extent that paragraph 218 concerns Prospera, no response is required because the Court dismissed all the Prospera-related claims in the September 11, 2023 Order.  To the extent a response is required to these

allegations, the Natera Defendants deny the allegations in paragraph 220.

221. The Natera Defendants state that the allegations contained in paragraph 221 are legal conclusions to which no response is required. To the extent that a response is required, the Natera Defendants deny the allegations contained in paragraph 221. To the extent that paragraph 221 concerns Prospera, no response is required because the Court dismissed all the Prospera-related claims in the September 11, 2023 Order. To the extent a response is required to these allegations, the Natera Defendants deny the allegations in paragraph 221.

222. The Natera Defendants state that the allegations contained in paragraph 222 are legal conclusions to which no response is required. To the extent that a response is required, the Natera Defendants deny the allegations contained in paragraph 222. To the extent that paragraph 222 concerns Prospera, no response is required because the Court dismissed all the Prospera-related claims in the September 11, 2023 Order. To the extent a response is required to these allegations, the Natera Defendants deny the allegations in paragraph 222.

223. The Natera Defendants state that the allegations contained in paragraph 223 are legal conclusions to which no response is required. To the extent that a response is required, the Natera Defendants deny the allegations contained in paragraph 223. To the extent that paragraph 223 concerns Prospera, no response is required because the Court dismissed all the Prospera-related claims in the September 11, 2023 Order. To the extent a response is required to these allegations, the Natera Defendants deny the allegations in paragraph 223.

224. In response to paragraph 224, the Natera Defendants incorporate and repeat their responses to paragraphs 1-224 above as if fully set forth herein. To the extent that paragraph 224 concerns Prospera, no response is required because the Court dismissed all the Prospera-related claims in the September 11, 2023 Order.

225.    The Natera Defendants state that the allegations contained in paragraph 225 are legal conclusions to which no response is required. To the extent that paragraph 225 concerns Prospera, no response is required because the Court dismissed all the Prospera-related claims in the September 11, 2023 Order.  To the extent that paragraph 225 includes Billings as an "Executive Defendant," the Court dismissed all the claims against Billings in the September 11, 2023 Order. To the extent a response is required to these allegations, the Natera Defendants deny the allegations in paragraph 225.

226.    The Natera Defendants state that the allegations contained in paragraph 226 are legal conclusions to which no response is required. To the extent that paragraph 226 concerns Prospera, no response is required because the Court dismissed all the Prospera-related claims in the September 11, 2023 Order.  To the extent that paragraph 226 includes Billings as an "Executive Defendant," the Court dismissed all the claims against Billings in the September 11, 2023 Order. To the extent a response is required to these allegations, the Natera Defendants deny the allegations in paragraph 226.

227.    The Natera Defendants state that the allegations contained in paragraph 227 are legal conclusions to which no response is required. To the extent that paragraph 227 concerns Prospera, no response is required because the Court dismissed all the Prospera-related claims in the September 11, 2023 Order.  To the extent that paragraph 227 includes Billings as an "Executive Defendant," the Court dismissed all the claims against Billings in the September 11, 2023 Order. To the extent a response is required to these allegations, the Natera Defendants deny the allegations in paragraph 227.

228.    In response to paragraph 228, the Natera Defendants incorporate and repeat their responses to paragraphs 1-227 above as if fully set forth herein. To the extent that paragraph 228

56

concerns Prospera, no response is required because the Court dismissed all the Prospera-related claims in the September 11, 2023 Order.

229. The Natera Defendants state that the allegations contained in paragraph 229 are legal conclusions to which no response is required. To the extent that paragraph 229 concerns Prospera, no response is required because the Court dismissed all the Prospera-related claims in the September 11, 2023 Order. To the extent a response is required to these allegations, the Natera Defendants deny the allegations in paragraph 229.

230. The Natera Defendants state that the allegations contained in paragraph 230 are legal conclusions to which no response is required. To the extent paragraph 230 refers to Section 20A of the Exchange Act, the Natera Defendants respectfully refer the Court to this section of the Exchange Act.

231. The Natera Defendants state that the allegations contained in paragraph 231 are legal conclusions to which no response is required. To the extent that paragraph 231 concerns Prospera, no response is required because the Court dismissed all the Prospera-related claims in the September 11, 2023 Order.  To the extent a response is required to these allegations, the Natera Defendants deny the allegations in paragraph 231.

232. The Natera Defendants state that the allegations contained in paragraph 232 are legal conclusions to which no response is required. To the extent that paragraph 232 concerns Prospera, no response is required because the Court dismissed all the Prospera-related claims in the September 11, 2023 Order.  To the extent a response is required to these allegations, the Natera Defendants deny the allegations in paragraph 232.

233. The Natera Defendants state that the allegations contained in paragraph 233 are legal conclusions to which no response is required. To the extent that paragraph 233 concerns

Prospera, no response is required because the Court dismissed all the Prospera-related claims in the September 11, 2023 Order. To the extent a response is required to these allegations, the Natera Defendants deny the allegations in paragraph 233.

234. To the extent that the allegations contained in paragraph 234 rely upon certain of Chapman's stock sales, the Natera Defendants respectfully refer the Court to the Natera Form 4s that were filed with the SEC on behalf of Chapman for their complete and accurate contents, and deny any characterization thereof. The Natera Defendants otherwise deny the allegations contained in paragraph 234.

235. To the extent that the allegations contained in paragraph 235 rely upon certain of Brophy's stock sales, the Natera Defendants respectfully refer the Court to the Natera Form 4s that were filed with the SEC on behalf of Brophy for their complete and accurate contents, and deny any characterization thereof. The Natera Defendants otherwise deny the allegations contained in paragraph 235.

236. To the extent that the allegations contained in paragraph 236 rely upon certain of Rabinowitz's stock sales, the Natera Defendants respectfully refer the Court to the Natera Form 4s that were filed with the SEC on behalf of Rabinowitz for their complete and accurate contents, and deny any characterization thereof. The Natera Defendants otherwise deny the allegations contained in paragraph 236.

237. The Natera Defendants state that the allegations contained in paragraph 237 are legal conclusions to which no response is required. To the extent that paragraph 237 concerns Plaintiffs' purchases of Natera stock, the Natera Defendants lack knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph 237. The Natera Defendants otherwise deny the allegations in paragraph 237.

238. To the extent that paragraph 238 concerns Lead Plaintiff's purchases of Natera stock, the Natera Defendants lack knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph 238.

239. To the extent that paragraph 239 concerns Additional Plaintiff's purchases of Natera stock, the Natera Defendants lack knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph 239.

240. The Natera Defendants state that the allegations contained in paragraph 240 are legal conclusions to which no response is required. To the extent that paragraph 240 concerns Prospera, no response is required because the Court dismissed all the Prospera-related claims in the September 11, 2023 Order.  To the extent a response is required to these allegations, the Natera Defendants deny the allegations in paragraph 240.

241. The Natera Defendants state that the allegations contained in paragraph 241 are legal conclusions to which no response is required. To the extent that paragraph 241 concerns Prospera, no response is required because the Court dismissed all the Prospera-related claims in the September 11, 2023 Order.  To the extent a response is required to these allegations, the Natera Defendants deny the allegations in paragraph 241.

242. The Natera Defendants state that the allegations contained in paragraph 242 are legal conclusions to which no response is required. To the extent that paragraph 242 concerns Prospera, no response is required because the Court dismissed all the Prospera-related claims in the September 11, 2023 Order.  To the extent a response is required to these allegations, the Natera Defendants deny the allegations in paragraph 242.

243. The Natera Defendants state that the allegations contained in paragraph 243 are legal conclusions to which no response is required. To the extent that paragraph 243 concerns

Prospera, no response is required because the Court dismissed all the Prospera-related claims in the September 11, 2023 Order. To the extent a response is required to these allegations, the Natera Defendants deny the allegations in paragraph 243.

244. The Natera Defendants state that the allegations contained in paragraph 244 are legal conclusions to which no response is required. To the extent that paragraph 244 concerns Prospera, no response is required because the Court dismissed all the Prospera-related claims in the September 11, 2023 Order. To the extent a response is required to these allegations, the Natera Defendants deny the allegations in paragraph 244.

245. The Natera Defendants state that the allegations contained in paragraph 245 are legal conclusions to which no response is required. To the extent that a response is required, the Natera Defendants admit that Plaintiffs purport to assert claims based on Sections 11, 12(a)(2), and 15 of the Securities Act. The Natera Defendants deny that the Complaint's claims have any merit.

246. The Natera Defendants state that the allegations contained in paragraph 246 are legal conclusions to which no response is required. To the extent that a response is required, the Natera Defendants admit that Plaintiffs purport to base jurisdiction over the subject of this action on the statutes cited in paragraph 246. The Natera Defendants otherwise deny the allegations in paragraph 246.

247. The Natera Defendants state that the allegations contained in paragraph 247 are legal conclusions to which no response is required. To the extent that a response is required, the Natera Defendants admit that Plaintiffs purport to allege venue in this action on the allegations and statutes cited in paragraph 247. The Natera Defendants otherwise deny the allegations in paragraph 247.

248. The Natera Defendants state that the allegations contained in paragraph 248 are legal conclusions to which no response is required. To the extent that a response is required, the Natera Defendants deny the allegations contained in paragraph 248.

249. The Natera Defendants state that the allegations contained in paragraph 249 are legal conclusions to which no response is required. To the extent that paragraph 249 concerns Prospera, no response is required because the Court dismissed all the Prospera-related claims in the September 11, 2023 Order. To the extent a response is required to these allegations, the Natera Defendants deny the allegations in paragraph 249.

250. The Natera Defendants state that the allegations contained in paragraph 250 are legal conclusions to which no response is required. To the extent that paragraph 250 concerns Prospera, no response is required because the Court dismissed all the Prospera-related claims in the September 11, 2023 Order. To the extent a response is required to these allegations, the Natera Defendants deny the allegations in paragraph 250.

251. The Natera Defendants lack information and belief concerning the allegations in paragraph 251 and on that basis, lack knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph 251.

252. The Natera Defendants state that the allegations contained in paragraph 252 are legal conclusions to which no response is required. To the extent that paragraph 252 concerns Prospera, no response is required because the Court dismissed all the Prospera-related claims in the September 11, 2023 Order. To the extent a response is required to these allegations, the Natera Defendants deny the allegations in paragraph 252.

253. In response to paragraph 253, the Natera Defendants incorporate and repeat their responses to paragraph 28 above as if fully set forth herein.

254.    In response to the allegations in paragraph 254, the Natera Defendants admit that the individuals who signed the Registration Statement (or authorized their signatures to be affixed thereto) held the positions indicated in the Registration Statement.  To the extent that the allegations in paragraph 254 relies on the Offering Documents, the Natera Defendants respectfully refer the Court to these documents themselves for their complete and accurate contents, and deny any characterization thereof.

255.    In response to the allegations in paragraph 255, the Natera Defendants admit that the identified individuals signed the Registration Statement (or authorized their signatures to be affixed thereto).  To the extent that the allegations in paragraph 255 relies on the Offering Documents, the Natera Defendants respectfully refer the Court to these documents themselves for their complete and accurate contents, and deny any characterization thereof.

256.    The Natera Defendants state that the allegations contained in paragraph 256 are legal conclusions to which no response is required.

257.    The Natera Defendants state that the allegations contained in paragraph 257 are legal conclusions to which no response is required. To the extent that a response is required, the Natera Defendants deny the allegations contained in paragraph 257.

258.    The Natera Defendants state that the allegations contained in paragraph 258 are legal conclusions to which no response is required.

259.    The Natera Defendants state that the allegations contained in paragraph 259 are directed to other defendants and are not relevant to Plaintiffs' claims against the Natera Defendants.  Accordingly, no response is required.  To the extent that a response is required, the Natera Defendants admit that Morgan Stanley & Co. LLC was an underwriter in the July 2021 SPO, and respectfully refer the Court to the Offering Documents themselves for their complete

and accurate contents regarding Morgan Stanley & Co. LLC's role and share allocation.

260.   The Natera Defendants state that the allegations contained in paragraph 260 are directed to other defendants and are not relevant to Plaintiffs' claims against the Natera Defendants.  Accordingly, no response is required.  To the extent that a response is required, the Natera Defendants admit that Goldman Sachs & Co. LLC was an underwriter in the July 2021 SPO, and respectfully refer the Court to the Offering Documents themselves for their complete and accurate contents regarding Goldman Sachs & Co. LLC's role and share allocation.

261.   The Natera Defendants state that the allegations contained in paragraph 261 are directed to other defendants and are not relevant to Plaintiffs' claims against the Natera Defendants.  Accordingly, no response is required.  To the extent that a response is required, the Natera Defendants admit that Cowen and Company, LLC was an underwriter in the July 2021 SPO, and respectfully refer the Court to the Offering Documents themselves for their complete and accurate contents regarding Cowen and Company, LLC's role and share allocation.

262.   The Natera Defendants state that the allegations contained in paragraph 262 are directed to other defendants and are not relevant to Plaintiffs' claims against the Natera Defendants.  Accordingly, no response is required.  To the extent that a response is required, the Natera Defendants admit that SVB Leerink LLC was an underwriter in the July 2021 SPO, and respectfully refer the Court to the Offering Documents themselves for their complete and accurate contents regarding SVB Leerink LLC's role and share allocation.

263.   The Natera Defendants state that the allegations contained in paragraph 263 are directed to other defendants and are not relevant to Plaintiffs' claims against the Natera Defendants.  Accordingly, no response is required.  To the extent that a response is required, the Natera Defendants admit that Robert W. Baird & Co. Incorporated was an underwriter in the

July 2021 SPO, and respectfully refer the Court to the Offering Documents themselves for their complete and accurate contents regarding Robert W. Baird & Co. Incorporated's role and share allocation.

264. The Natera Defendants state that the allegations contained in paragraph 264 are directed to other defendants and are not relevant to Plaintiffs' claims against the Natera Defendants. Accordingly, no response is required. To the extent that a response is required, the Natera Defendants admit that BTIG, LLC was an underwriter in the July 2021 SPO, and respectfully refer the Court to the Offering Documents themselves for their complete and accurate contents regarding BTIG, LLC's role and share allocation.

265. The Natera Defendants state that the allegations contained in paragraph 265 are directed to other defendants and are not relevant to Plaintiffs' claims against the Natera Defendants. Accordingly, no response is required. To the extent that a response is required, the Natera Defendants admit that Craig-Hallum Group LLC was an underwriter in the July 2021 SPO, and respectfully refer the Court to the Offering Documents themselves for their complete and accurate contents regarding Craig-Hallum Group LLC's role and share allocation.

266. The Natera Defendants state that the allegations contained in paragraph 266 are directed to other defendants and are not relevant to Plaintiffs' claims against the Natera Defendants. Accordingly, no response is required.

267. The Natera Defendants state that the allegations contained in paragraph 267 contain no factual allegations and accordingly no response is required.

268. The Natera Defendants admit that on or around July 20, 2021, Natera announced an SPO. To the extent that the allegations in paragraph 268 rely on the Offering Documents in connection with that SPO, the Natera Defendants respectfully refer the Court to these documents

themselves for their complete and accurate contents.

269. To the extent that the allegations in paragraph 269 rely on the Offering Documents in connection with a September 2020 SPO and a July 2021 SPO, the Natera Defendants respectfully refer the Court to these documents themselves for their complete and accurate contents, but deny any characterization thereof. The Natera Defendants otherwise deny the allegations in paragraph 269 to the extent they are inconsistent with these documents.

270. To the extent that that the allegations in paragraph 270 rely on the Offering Documents and Natera's FY 2020 Form 10-K, the Natera Defendants respectfully refer the Court to these documents themselves for their complete and accurate contents, but deny any characterization thereof.

271. No response is required to paragraph 271 because the Court dismissed all the Prospera-related claims in the September 11, 2023 Order. To the extent a response is required to these allegations, the Natera Defendants deny the allegations in paragraph 271 and respectfully refer to this Court's September 11, 2023 Order.

272. No response is required to paragraph 272 because the Court dismissed all the Prospera-related claims in the September 11, 2023 Order. To the extent a response is required to these allegations, the Natera Defendants deny the allegations in paragraph 272 and respectfully refer to this Court's September 11, 2023 Order.

273. No response is required to paragraph 273 because the Court dismissed all the Prospera-related claims in the September 11, 2023 Order. To the extent a response is required to these allegations, the Natera Defendants deny the allegations in paragraph 273 and respectfully refer to this Court's September 11, 2023 Order.

274. The Natera Defendants state that the allegations contained in paragraph 274 are

legal conclusions to which no response is required. To the extent that paragraph 274 relies on Item 105 of Regulation S-K, the Natera Defendants respectfully refer the Court to that regulation for its complete and accurate contents, but deny any characterization thereof.  To the extent a response is required to these allegations, the Natera Defendants deny the allegations in paragraph 274.

275.   The Natera Defendants state that the allegations contained in paragraph 275 are legal conclusions to which no response is required. To the extent that paragraph 275 concerns Prospera, no response is required because the Court dismissed all the Prospera-related claims in the September 11, 2023 Order.  To the extent a response is required to these allegations, the Natera Defendants deny the allegations in paragraph 275.

276.   The Natera Defendants state that the allegations contained in paragraph 276 are legal conclusions to which no response is required. To the extent that paragraph 276 concerns Prospera, no response is required because the Court dismissed all the Prospera-related claims in the September 11, 2023 Order.  To the extent a response is required to these allegations, the Natera Defendants deny the allegations in paragraph 276.

277.   The Natera Defendants state that the allegations contained in paragraph 277 are legal conclusions to which no response is required. To the extent that paragraph 277 relies on Item 303 of Regulation S-K, the Natera Defendants respectfully refer the Court to that regulation for its complete and accurate contents, but deny any characterization thereof.  To the extent a response is required to these allegations, the Natera Defendants deny the allegations in paragraph 277.

278.   The Natera Defendants state that the allegations contained in paragraph 278 are legal conclusions to which no response is required. To the extent that paragraph 278 relies on a

May 1989 interpretative release from the SEC, the Natera Defendants respectfully refer the Court to that release for its complete and accurate contents, but deny any characterization thereof. To the extent a response is required to these allegations, the Natera Defendants deny the allegations in paragraph 278.

279. The Natera Defendants state that the allegations contained in paragraph 279 are legal conclusions to which no response is required. To the extent that paragraph 279 relies on a May 1989 interpretative release from the SEC, the Natera Defendants respectfully refer the Court to that release for its complete and accurate contents, but deny any characterization thereof. To the extent a response is required to these allegations, the Natera Defendants deny the allegations in paragraph 279.

280. The Natera Defendants state that the allegations contained in paragraph 280 are legal conclusions to which no response is required. To the extent that paragraph 280 relies on a April 7, 2003 rule from the SEC, the Natera Defendants respectfully refer the Court to that rule for its complete and accurate contents, but deny any characterization thereof. To the extent a response is required to these allegations, the Natera Defendants deny the allegations in paragraph 280.

281. The Natera Defendants state that the allegations contained in paragraph 281 are legal conclusions to which no response is required. To the extent that paragraph 281 relies on Item 303 of Regulation S-K, the Natera Defendants respectfully refer the Court to that regulation for its complete and accurate contents, but deny any characterization thereof. To the extent a response is required to these allegations, the Natera Defendants deny the allegations in paragraph 281.

282. The Natera Defendants state that the allegations contained in paragraph 282 are

legal conclusions to which no response is required. To the extent a response is required to these allegations, the Natera Defendants deny the allegations in paragraph 282.

283.    The Natera Defendants state that the allegations contained in paragraph 283 are legal conclusions to which no response is required. To the extent a response is required to these allegations, the Natera Defendants deny the allegations in paragraph 283.

284.    The Natera Defendants state that the allegations contained in paragraph 284 are legal conclusions to which no response is required. To the extent a response is required to these allegations, the Natera Defendants deny the allegations in paragraph 284.

285.    In response to paragraph 285, the Natera Defendants incorporate and repeat their responses to paragraphs 245-84 above as if fully set forth herein. To the extent that paragraph 285 concerns Prospera, no response is required because the Court dismissed all the Prospera-related claims in the September 11, 2023 Order.

286.    The Natera Defendants state that the allegations contained in paragraph 286 are legal conclusions to which no response is required. To the extent that paragraph 286 concerns Prospera, no response is required because the Court dismissed all the Prospera-related claims in the September 11, 2023 Order.  To the extent a response is required to these allegations, the Natera Defendants deny the allegations in paragraph 286.

287.    The Natera Defendants state that the allegations contained in paragraph 287 are legal conclusions to which no response is required. To the extent that a response is required, the Natera Defendants admit that Plaintiffs purport to assert claims based on Section 11 of the Securities Act.  The Natera Defendants deny that the Complaint's claims have any merit.

288.    The Natera Defendants state that the allegations contained in paragraph 288 are legal conclusions to which no response is required. To the extent that paragraph 288 concerns

68

Prospera, no response is required because the Court dismissed all the Prospera-related claims in the September 11, 2023 Order. To the extent a response is required to these allegations, the Natera Defendants deny the allegations in paragraph 288.

289. The Natera Defendants state that the allegations contained in paragraph 289 are legal conclusions to which no response is required. To the extent that paragraph 289 concerns Prospera, no response is required because the Court dismissed all the Prospera-related claims in the September 11, 2023 Order. To the extent a response is required to these allegations, the Natera Defendants deny the allegations in paragraph 289.

290. The Natera Defendants state that the allegations contained in paragraph 290 are legal conclusions to which no response is required. To the extent that paragraph 290 concerns Prospera, no response is required because the Court dismissed all the Prospera-related claims in the September 11, 2023 Order. To the extent a response is required to these allegations, the Natera Defendants deny the allegations in paragraph 290.

291. The Natera Defendants state that the allegations contained in paragraph 291 are legal conclusions to which no response is required. To the extent a response is required to these allegations, the Natera Defendants deny the allegations in paragraph 291.

292. The Natera Defendants state that the allegations contained in paragraph 292 are legal conclusions to which no response is required. To the extent a response is required to these allegations, the Natera Defendants deny the allegations in paragraph 292.

293. In response to paragraph 293, the Natera Defendants incorporate and repeat their responses to paragraphs 245-292 above as if fully set forth herein. To the extent that the allegations in paragraph 293 concerns Prospera, no response is required because the Court dismissed all the Prospera-related claims in the September 11, 2023 Order.

294. The Natera Defendants state that the allegations contained in paragraph 294 are legal conclusions to which no response is required. To the extent that the allegations in paragraph 294 concerns Prospera, no response is required because the Court dismissed all the Prospera-related claims in the September 11, 2023 Order. To the extent a response is required to these allegations, the Natera Defendants deny the allegations in paragraph 294.

295. The Natera Defendants state that the allegations contained in paragraph 295 are legal conclusions to which no response is required. To the extent a response is required to these allegations, the Natera Defendants deny the allegations in paragraph 295.

296. The Natera Defendants state that the allegations contained in paragraph 296 are legal conclusions to which no response is required. To the extent a response is required to these allegations, the Natera Defendants admit that Natera participated in the pre-SPO process and respectfully refer the Court to the Offering Documents for a complete and accurate description, but deny any characterization thereof. The Natera Defendants otherwise deny the allegations in paragraph 296.

297. The Natera Defendants state that the allegations contained in paragraph 297 are directed to other defendants and are not relevant to Plaintiffs' claims against the Natera Defendants. Accordingly, no response is required.

298. The Natera Defendants state that the allegations contained in paragraph 298 are legal conclusions to which no response is required. To the extent that paragraph 298 concerns Prospera, no response is required because the Court dismissed all the Prospera-related claims in the September 11, 2023 Order. To the extent a response is required to these allegations, the Natera Defendants deny the allegations in paragraph 298. A

299. The Natera Defendants state that the allegations contained in paragraph 299 are

legal conclusions to which no response is required. To the extent that paragraph 299 concerns Prospera, no response is required because the Court dismissed all the Prospera-related claims in the September 11, 2023 Order.  To the extent a response is required to these allegations, the Natera Defendants admit that the Complaint purports to bring claims on behalf of a putative class that purportedly purchased Natera common stock in connection with the July 2021 SPO.  The Natera Defendants otherwise deny the allegations in paragraph 299, including denying that the Complaint's claims have any merit and denying that the putative class should be certified pursuant to Rule 23 of the Federal Rules of Civil Procedure.

300.    The Natera Defendants state that the allegations contained in paragraph 300 are directed to other defendants and are not relevant to Plaintiffs' claims against the Natera Defendants.  To the extent that a response is required, the Natera Defendants lack information and belief concerning the allegations in paragraph 300 and on that basis, lack knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph 300.

301.    The Natera Defendants state that the allegations contained in paragraph 301 are directed to other defendants and are not relevant to Plaintiffs' claims against the Natera Defendants and are legal conclusions to which no response is required.  To the extent that a response is required, Defendants deny the allegations contained in paragraph 301.

302.    The Natera Defendants state that the allegations contained in paragraph 302 are legal conclusions to which no response is required. To the extent a response is required to these allegations, the Natera Defendants deny the allegations in paragraph 302.

303.    The Natera Defendants state that the allegations contained in paragraph 303 are legal conclusions to which no response is required. To the extent that paragraph 303 concerns Prospera, no response is required because the Court dismissed all the Prospera-related claims in

71

the September 11, 2023 Order.  To the extent a response is required to these allegations, the Natera Defendants deny the allegations in paragraph 303.

304.    The Natera Defendants state that the allegations contained in paragraph 304 are legal conclusions to which no response is required. To the extent that paragraph 304 concerns Prospera, no response is required because the Court dismissed all the Prospera-related claims in the September 11, 2023 Order.  To the extent a response is required to these allegations, the Natera Defendants deny the allegations in paragraph 304.

305.    In response to paragraph 305, the Natera Defendants incorporate and repeat their responses to paragraphs 245-304 above as if fully set forth herein. To the extent that paragraph 305 concerns Prospera, no response is required because the Court dismissed all the Prospera-related claims in the September 11, 2023 Order.

306.    The Natera Defendants state that the allegations contained in paragraph 306 are legal conclusions to which no response is required. To the extent that paragraph 306 concerns Prospera, no response is required because the Court dismissed all the Prospera-related claims in the September 11, 2023 Order.  To the extent a response is required to these allegations, the Natera Defendants deny the allegations in paragraph 306.

307.    The Natera Defendants state that the allegations contained in paragraph 307 are legal conclusions to which no response is required. To the extent that a response is required, the Natera Defendants admit that Plaintiffs purport to assert claims based on Section 11 of the Securities Act.  The Natera Defendants deny that the Complaint's claims have any merit.

308.    Defendants state that the allegations contained in paragraph 308 are legal conclusions to which no response is required. To the extent that paragraph 308 concerns Prospera, no response is required because the Court dismissed all the Prospera-related claims in

72

the September 11, 2023 Order.  To the extent that a response is required, the Natera Defendants deny the allegations contained in paragraph 308.

309.   Defendants state that the allegations contained in paragraph 309 are legal conclusions to which no response is required. To the extent that paragraph 309 concerns Prospera, no response is required because the Court dismissed all the Prospera-related claims in the September 11, 2023 Order.  To the extent that a response is required, the Natera Defendants deny the allegations contained in paragraph 309.

310.   Defendants state that the allegations contained in paragraph 310 are legal conclusions to which no response is required. To the extent that paragraph 310 concerns Prospera, no response is required because the Court dismissed all the Prospera-related claims in the September 11, 2023 Order.  To the extent that a response is required, the Natera Defendants admit that the identified individuals signed the Registration Statement and had certain roles as set forth in Natera's SEC filings, and respectfully refer the Court to these documents for their complete and accurate contents and deny Plaintiffs' characterizations thereof.  The Natera Defendants otherwise deny the allegations contained in paragraph 310.

311.   Defendants state that the allegations contained in paragraph 311 are legal conclusions to which no response is required. To the extent that paragraph 311 concerns Prospera, no response is required because the Court dismissed all the Prospera-related claims in the September 11, 2023 Order.  To the extent that a response is required, Defendants deny the allegations contained in paragraph 311.

312.   Defendants state that the allegations contained in paragraph 312 are legal conclusions to which no response is required. To the extent that paragraph 312 concerns Prospera, no response is required because the Court dismissed all the Prospera-related claims in

the September 11, 2023 Order. To the extent that a response is required, Defendants deny the allegations contained in paragraph 312.

313. The Natera Defendants state that the allegations contained in paragraph 313 are legal conclusions to which no response is required. To the extent a response is required, the Natera Defendants admit that Plaintiffs purport to bring claims on behalf of a putative class. The Natera Defendants deny that the Complaint's claims have any merit and deny that the putative class should be certified pursuant to Rule 23 of the Federal Rules of Civil Procedure.

314. The Natera Defendants state that the allegations contained in paragraph 314 are legal conclusions to which no response is required. To the extent a response is required, the Natera Defendants admit that Natera's common stock was listed on NASDAQ under the symbol "NTRA." To the extent that the allegations in paragraph 314 rely on Natera's SEC filings, including the number of shares outstanding, the Natera Defendants respectfully refer the Court these documents for their complete and accurate contents, and deny any characterization thereof. The Natera Defendants otherwise deny the allegations in paragraph 314.

315. The Natera Defendants state that the allegations contained in paragraph 315 are legal conclusions to which no response is required. The Natera Defendants deny that the Complaint's claims have any merit and deny that the putative class should be certified pursuant to Rule 23 of the Federal Rules of Civil Procedure. The Natera Defendants otherwise deny the allegations in paragraph 315.

316. The Natera Defendants state that the allegations contained in paragraph 316 are legal conclusions to which no response is required. The Natera Defendants deny that the Complaint's claims have any merit and deny that the putative class should be certified pursuant to Rule 23 of the Federal Rules of Civil Procedure. The Natera Defendants otherwise deny the

allegations in paragraph 316.

317.    The Natera Defendants state that the allegations contained in paragraph 317 are legal conclusions to which no response is required.  The Natera Defendants deny that the Complaint's claims have any merit and deny that the putative class should be certified pursuant to Rule 23 of the Federal Rules of Civil Procedure.  The Natera Defendants otherwise deny the allegations in paragraph 317.

318.    The Natera Defendants state that the allegations contained in paragraph 318 are legal conclusions to which no response is required.  The Natera Defendants deny that the Complaint's claims have any merit and deny that the putative class should be certified pursuant to Rule 23 of the Federal Rules of Civil Procedure.  The Natera Defendants otherwise deny the allegations in paragraph 318.

## PRAYER FOR RELIEF

The Natera Defendants state that the allegations contained in the Prayer for Relief paragraphs (a) through (d) are legal conclusions and/or statements of Plaintiffs' legal position, none of which requires a response. To the extent that a response is required, the Natera Defendants deny that Plaintiffs and the putative class are entitled to the relief requested in the Prayer for Relief paragraphs (a) through (d).

## JURY DEMAND

The Natera Defendants state that Plaintiffs' purported demand for a jury trial contains no factual allegations and no response is required.  The Natera Defendants reserve the right to challenge this demand.

75

**AFFIRMATIVE DEFENSES**

The Natera Defendants' investigation of the facts alleged in the Complaint is ongoing, and, accordingly, the Natera Defendants reserve the right to assert additional affirmative defenses in the future. Notwithstanding the foregoing, and without assuming any burden of proof, persuasion, or production, the Natera Defendants state the following affirmative and other defenses:

**FIRST AFFIRMATIVE DEFENSE**
**(Failure to State a Claim)**

Plaintiffs' claims are barred, in whole or in part, because the causes of action alleged in the Complaint fail to state facts sufficient to constitute a valid cause of action against the Natera Defendants. Among other things, the Complaint fails to plead fraud with particularity as required by Rule 9(b) of the Federal Rules of Civil Procedure and/or the Private Securities Litigation Reform Act ("Reform Act") and fails to raise a strong inference of scienter as required by the Reform Act. Plaintiffs are required to sufficiently plead allegations of fraud or its predicate acts because some or all of their claims sound in fraud.

**SECOND AFFIRMATIVE DEFENSE**
**(Federal Rule of Civil Procedure 8)**

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have failed to plead its claims in a simple, concise, and direct manner as required under Rule 8 of the Federal Rules of Civil Procedure.

**THIRD AFFIRMATIVE DEFENSE**
**(No False or Misleading Statement)**

Plaintiffs' claims are barred, in whole or in part, because the Natera Defendants did not make a false or misleading statement of material fact or omission of material fact and are not responsible (in law or in fact) for any alleged false or misleading statements or omissions of

material fact.

## FOURTH AFFIRMATIVE DEFENSE
### (No Scienter)

Plaintiffs' claims are barred, in whole or in part, because the Natera Defendants did not have the requisite scienter.

## FIFTH AFFIRMATIVE DEFENSE
### (Lack of Causation)

Plaintiffs' claims are barred, in whole or in part, because the Natera Defendants did not directly or proximately cause or contribute to any damage, loss, or injury sustained by Plaintiffs. Plaintiffs' claims are also barred, in whole or in part, because Plaintiffs' recoverable amounts or damages, if any, results from depreciation other than depreciation in value from any alleged false or misleading statements that remain in the case with respect to which liability is asserted.

## SIXTH AFFIRMATIVE DEFENSE
### (Immateriality)

Plaintiffs' claims are barred, in whole or in part, because any alleged misrepresentations or omissions for which the Natera Defendants are allegedly responsible were not material.

## SEVENTH AFFIRMATIVE DEFENSE
### (Lack of Impact on Market Price)

Plaintiffs' claims are barred, in whole or in part, because the purported misstatements or omissions alleged in the Complaint did not affect the market price of Natera securities and/or an insufficient number of traders in Natera securities relied on the alleged false and misleading statements, acts, or omissions to affect the market price of those securities.

## EIGHTH AFFIRMATIVE DEFENSE
### (Other Factors Affecting Market Price)

Plaintiffs' claims are barred, in whole or in part, because any depreciation in the market price of Natera securities resulted from factors other than the conduct attributed to the Natera

Defendants.

## NINTH AFFIRMATIVE DEFENSE
### (Lack of Justifiable Reliance)

Plaintiffs' claims are barred, in whole or in part, due to Plaintiffs' lack of justifiable reliance in that Plaintiffs did not purchase or sell any securities in reasonable or justifiable reliance on any representation, act, or omission by the Natera Defendants.

## TENTH AFFIRMATIVE DEFENSE
### (Publicly Available Information)

Plaintiffs' claims are barred, in whole or in part, on the grounds that the matters alleged to be the subject of misrepresentations and/or omissions were publicly disclosed and/or were in the public domain, and, as such, were available to Plaintiffs and/or the securities market.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Failure to Use Due Care)

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs failed to use due care in determining whether to invest in Natera.

## TWELFTH AFFIRMATIVE DEFENSE
### (Assumption of Risk)

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs knew that the purchase of Natera securities involved risk and voluntarily assumed such risk.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (Reasonableness)

Plaintiffs' claims are barred, in whole or in part, because the Natera Defendants had reasonable grounds to believe at the time that Natera's statements were true and there was no omission of a material fact required therein or necessary to make the statements therein not misleading.

**FOURTEENTH AFFIRMATIVE DEFENSE**
**(Justification/Privilege)**

Plaintiffs' claims are barred, in whole or in part, because the alleged actions of the Natera Defendants, with respect to the matters alleged in the Complaint, were undertaken in good faith, with the absence of malicious intent to injure Plaintiffs, and constitute lawful, proper, and justified means to further the sole purpose of engaging in and continuing Natera's business.

**FIFTEENTH AFFIRMATIVE DEFENSE**
**(No Breach of Duty)**

Plaintiffs' claims are barred, in whole or in part, on the grounds that the Natera Defendants had no duty to disclose information allegedly omitted in Natera's public statements, the Natera Defendants had no duty to update information that was truthful and accurate when made, and/or the Natera Defendants had no duty to correct information that they reasonable believed was truthful and accurate when made.

**SIXTEENTH AFFIRMATIVE DEFENSE**
**(Reliance on Others)**

Plaintiffs' claims are barred, in whole or in part, because the Natera Defendants reasonably relied upon the information, opinions, reports, and statements presented by others whom the Natera Defendants believed to be reliable and competent in the matters presented.

**SEVENTEENTH AFFIRMATIVE DEFENSE**
**(Unclean Hands)**

Plaintiffs' claims are barred, in whole or in part, by the doctrine of unclean hands.

**EIGHTEENTH AFFIRMATIVE DEFENSE**
**(Estoppel)**

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs by acts, omissions, and/or conduct, is estopped, in whole or in part, from obtaining the relief sought in the Complaint.

## NINETEENTH AFFIRMATIVE DEFENSE
### (Laches)

Plaintiffs' claims are barred, in whole or in part, by the doctrine of laches.

## TWENTIETH AFFIRMATIVE DEFENSE
### (Waiver)

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs, by acts, omissions, and/or conduct, has waived, in whole or in part, its right to obtain the relief sought in the Complaint.

## TWENTY-FIRST AFFIRMATIVE DEFENSE
### (Ratification and Consent)

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs consented to, ratified, or acquiesced in the alleged conduct by the Natera Defendants of which Lead Plaintiff now complains.

## TWENTY-SECOND AFFIRMATIVE DEFENSE
### (Lack of Standing)

Plaintiffs' claims are barred, in whole or in part, because some or all of the named Plaintiffs lack standing to bring the claims asserted in the Complaint.

## TWENTY-THIRD AFFIRMATIVE DEFENSE
### (Class Action)

Plaintiffs' claims are barred because this action cannot be maintained as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE
### (Intervening or Superseding Events)

Plaintiffs' claims are barred, in whole or in part, because intervening or superseding events, not caused by the Natera Defendants, caused some or all of the alleged damages.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE
### (Comparative Fault)

Plaintiffs' claims are barred, in whole or in part, by Plaintiffs' comparative fault.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE
### (Offset of Damages)

Any recovery for damages allegedly incurred by Plaintiffs, if any, is subject to offset in

the amount of any tax benefit actually received by Plaintiffs through their investments.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate Damages)

Plaintiffs have failed to fulfill their duty to mitigate, reduce, or otherwise avoid the

alleged damages, and Plaintiffs are therefore barred from recovering such damages, if any.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE
### (No Entitlement to Costs of Litigation)

Plaintiffs are not entitled to recover their costs and expenses incurred in this action,

including, without limitation, attorneys' fees.

## TWENTY-NINTH AFFIRMATIVE DEFENSE
### (No Entitlement to Prejudgment Interest)

Plaintiffs are precluded from recovering prejudgment interest because such recovery is

not liquidated or ascertainable and is not otherwise statutorily prescribed.

## THIRTIETH AFFIRMATIVE DEFENSE
### (Lack of Tracing)

Plaintiffs' claims are barred, in whole or in part, because some or all of Plaintiffs or

members of the putative class cannot trace their shares of Natera stock to the SPO, which was

conducted as a firm commitment underwriting, and therefore lack standing to sue.

## THIRTY-FIRST AFFIRMATIVE DEFENSE
### (No Violation of Item 303)

To the extent Plaintiffs' claims are premised on one or more alleged violations of Item

81

303 of Regulation S-K, 17 C.F.R. § 229.303, they are barred on the grounds that the Offering Documents did not omit any trend, event, or uncertainty, or alternatively, if such trend, event, or uncertainty was omitted, the Natera Defendants could not have reasonably known of its existence or that it would have a material impact on Natera's sales, revenue, or other aspects of its operations.

## THIRTY-SECOND AFFIRMATIVE DEFENSE
### (Price of Offering)

In connection with any recovery for damages allegedly incurred by Plaintiffs or members of the putative class under the Securities Act, if any, Plaintiffs are not entitled to recover any amount in excess of the price at which Natera's shares were offered to the public.

## THIRTY-THIRD AFFIRMATIVE DEFENSE
### (Proportional Allocation of Fault)

Any damage, loss, or liability sustained by Plaintiffs must be reduced, diminished, and/or eliminated under the proportionate liability provisions of Section 21D(f)(2)(B) and 21(D)(f)(3) of the Securities Exchange Act of 1934 to reflect only the Natera Defendants' percentages of responsibility.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE
### (Nature and Extent of Damages)

The Natera Defendants deny that Plaintiffs were injured in the nature, and to the extent, claimed and contest damages.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE
### (Damages Sought Exceed Those Permitted)

The damages sought by Plaintiffs exceed those permitted under the Securities Exchange Act of 1934, the Reform Act, the Securities Act of 1933, common law, or any other applicable statute, rule, or regulation.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE
### (Speculative Damages)

Plaintiffs' claims are barred, in whole or in part, because the alleged damages, if any, are speculative and because ascertainment and allocation of the alleged damages is impossible.

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE
### (Claims Non-Actionable Under Reform Act and Bespeaks Caution Doctrine)

Plaintiffs' claims are barred, in whole or in part, to the extent that the alleged untrue statements of material fact, omissions of material fact, misleading statements, and/or other challenged statements made by the Natera Defendants fall within the safe harbor provisions of the Reform Act and/or the bespeaks caution doctrine.

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE
### (Lookback Provision)

In the event that a final judgment is rendered against the Natera Defendants, any damage loss, or liability sustained by Plaintiffs or putative members of the class must be reduced, diminished and/or eliminated under the 90-day lookback provisions set forth in 15 U.S.C. § 78u-4(e).

## THIRTY-NINTH AFFIRMATIVE DEFENSE
### (Incorporation of Other Defendants' Defenses)

Plaintiffs' claims are barred, in whole or in part, by each of the affirmative defenses asserted by each of the other defendants in this action to the extent such defense is available to the Natera Defendants, and each such defense is incorporated herein by reference.

## FORTIETH AFFIRMATIVE DEFENSE
### (Additional Affirmative Defenses)

The Natera Defendants expressly reserve the right to amend or supplement their Answer, defenses and all other pleadings, as permitted by law. The Natera Defendants further reserve the right to assert any and all additional defenses under any applicable law, in the event that

discovery indicates such defenses would be appropriate, and to assert any cross-claims, counterclaims and/or third party claims.

## PRAYER FOR RELIEF

WHEREFORE, the Natera Defendants seek judgment:

1.　　Dismissing with prejudice all claims against the Natera Defendants;

2.　　Awarding the costs of defending this action, including reasonable attorneys' fees, costs and disbursements; and

3.　Granting such other and further relief as this Court may deem just and proper.

Dated December 12, 2023

**KATTEN MUCHIN ROSENMAN LLP**

*/s/    Bruce G. Vanyo*
Bruce G. Vanyo (admitted *pro hac vice*)
Christina L. Costley (admitted *pro hac vice*)
Paul S. Yong (admitted *pro hac vice*)
2029 Century Park East, Suite 2600
Los Angeles, CA 90067
Tel: (310) 788-4400
Fax: (310) 788-4471
bruce@katten.com
christina.costley@katten.com
paul.yong@katten.com

Eric R. Hail
State Bar No. 24047579
Ted A. Huffman
State Bar No. 24089015
Megan C. McKennon
State Bar No. 24102184
2121 N. Pearl Street, Suite 1100
Dallas, TX 75201
Tel: (214) 765-3600

Fax: (214) 765-3602
eric.hail@katten.com
ted.huffman@katten.com
megan.mckennon@katten.com

Sarah L. Eichenberger (admitted *pro hac vice*)
50 Rockefeller Plaza
New York, New York 10020
Telephone: (212) 940-8800
Facsimile: (212) 940-8776
sarah.eichenberger@katten.com

*Counsel for Defendants Natera, Inc., Steve Chapman, Michael Brophy, Matthew Rabinowitz, Paul Billings, Roy Baynes, Monica Bertagnolli, Roelof F. Botha, Rowan Chapman, Todd Cozzens, James I. Healy, Gail Marcus, Herm Rosenman, and Jonathan Sheena*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that copy of the foregoing document was filed with the Court's electronic case filing (ECF) filing system on December 12, 2023 which caused an electronic copy of that document to be served on all counsel of record who have appeared in this matter.

*/s/     Bruce G. Vanyo*
Bruce G. Vanyo
