# EXHIBIT A

**Exhibit A to Plaintiffs' Position Statement**

Plaintiffs' Proposed Discovery and Pretrial Schedule

| Event | Plaintiffs' Proposal |
|---|---|
| **Completion of Rule 26(f) conference** | Started November 16, 2023 and completed December 21, 2023 |
| **Answer** | 12/12/2023 (Completed) |
| **Deadline to exchange Initial Disclosures** | 1/17/2024 |
| **Deadline for Substantial Completion of document production for any document requests delivered by <u>November 20, 2023</u>. The parties shall make rolling productions of documents in advance of this deadline that are relatively consistent in terms of volume and timing, *i.e.*, with no "document dump" at the end of the substantial completion period.** | 2/29/2024 |
| **Deadline to file report on Alternative Dispute Resolution** | 3/28/2024 |
| **Deadline for Plaintiffs' Motion for Class Certification** | 4/12/2024 (six weeks after Defendants substantially complete their document production) |
| **Deadline for Defendants' Opposition to Class Certification** | 5/21/2024 |
| **Deadline to submit written offer of Settlement** | 6/7/2024 |
| **Deadline to respond to offer of Settlement** | 6/21/2024 |
| **Deadline for Plaintiffs' Reply in support of Class Certification** | 6/28/2024 |
| **Deadline for Interrogatories** | 7/1/2024 |
| **Completion of Fact Discovery** | 8/14/2024 (5.5 months after Defendants substantially complete their document production) |
| **Deadline to Amend Pleadings and Add New Parties** | 8/14/2024 |

| Event | Plaintiffs' Proposal |
|---|---|
| **Plaintiffs' deadline to designate Opening Experts and serve materials required by FRCP 26(a)(2)(B)** | 9/20/2024 |
| **Defendants' deadline to designate Responsive Experts and serve materials required by FRCP 26(a)(2)(B)** | 10/23/2024 |
| **Plaintiffs' deadline to designate Rebuttal Experts and serve materials required by FRCP 26(a)(2)(B)** | 11/26/2024 |
| **Completion of Expert Discovery** | 12/20/2024 |
| **Dispositive and Daubert Motions** | 1/10/2025 |
| **Dispositive and Daubert Oppositions** | 2/21/2025 |
| **Dispositive and Daubert Replies** | 3/21/2025 |
| **Joint Pretrial Order and Motions *In Limine*** | At least 14 days before the scheduled date for trial, jury selection, docket call, or the final pretrial conference, whichever is first. *See* Local Rule CV-16. |
| **Jury Trial** | 60 days following decision on summary judgment |
| **Limits on Discovery** | Parties limited to 25 interrogatories and 25 depositions per side. |

## Josh Materese

| | |
|---|---|
| **From:** | Josh D'Ancona |
| **Sent:** | Thursday, December 21, 2023 5:34 PM |
| **To:** | Yong, Paul S.; Ashby, Danny S.; Costley, Christina L.; Wagner, Lauren M. |
| **Cc:** | Andrew Rocco; McKennon, Megan; Rosenberg, Jonathan; Eichenberger, Sarah; Huffman, Ted; Hail, Eric R.; Vanyo, Bruce G.; Josh Materese; Michelle Newcomer; Gregory Castaldo; Lauren Ormsbee (McMillen); Jessica Underwood |
| **Subject:** | RE: Rule 26(f) conference - Natera Securities Class Action (W.D. Tex.) |

Counsel,

Thank you for the proposal, however, as we've told you, we cannot accept a bifurcated discovery schedule, in which we obtain only a narrowly limited subset of the documents relevant to our claims prior to a ruling on class certification, while the rest of fact discovery remains on hold. Instead, Plaintiffs are entitled to full discovery, including documents, depositions and any written discovery that is properly propounded, without delay now that the PSLRA discovery stay is lifted and the litigation is moving past the pleading stage.

Accordingly, as discussed on our call today, the parties are at an impasse on discovery scheduling matters, and will submit competing positions to the Court in the Rule 26(f) report (the content of which is otherwise agreed). We agreed to exchange our respective, written position statements on the case schedule on January 3, 2024 (with argument from each side not to exceed 1 page at 12-point font and 1.5-line spacing). Plaintiffs will then append the statements to the 26(f) report and promptly file it with the Court. Plaintiffs will attach to their position a proposed pretrial case schedule, and expect Defendants may do so, as well (Note: certain of Plaintiffs' originally-proposed dates may be adjusted to accommodate the fact that it has taken us roughly two months to complete the 26(f) conference).

Let's plan to exchange the schedule inserts at 2pm CT / 3pm ET on January 3.

Thanks, and happy holidays.

Josh D'Ancona

---

**From:** Yong, Paul S. <paul.yong@katten.com>
**Sent:** Thursday, December 21, 2023 12:07 PM
**To:** Josh D'Ancona <jdancona@ktmc.com>
**Cc:** Costley, Christina L. <christina.costley@katten.com>; Andrew Rocco <arocco@ktmc.com>; McKennon, Megan <megan.mckennon@katten.com>; Ashby, Danny S. <dashby@omm.com>; Wagner, Lauren M. <lwagner@omm.com>; Rosenberg, Jonathan <jrosenberg@omm.com>; Eichenberger, Sarah <sarah.eichenberger@katten.com>; Huffman, Ted <ted.huffman@katten.com>; Hail, Eric R. <eric.hail@katten.com>; Vanyo, Bruce G. <bruce@katten.com>; Josh Materese <jmaterese@ktmc.com>; Michelle Newcomer <mnewcomer@ktmc.com>; Gregory Castaldo <gcastaldo@ktmc.com>; Lauren Ormsbee (McMillen) <Lauren@blbglaw.com>; Jessica Underwood <junderwood@nixlaw.com>
**Subject:** RE: Rule 26(f) conference - Natera Securities Class Action (W.D. Tex.)

All - Here is the proposal Christina is sharing now on the call.

******************************

As discussed during our last call, we are putting forth a counterproposal that we hope addresses your concern about getting all documents you deem relevant prior to the deadline to file your class certification reply. To be clear, we do

not believe that documents related to Natera's internal investigation are relevant to class certification, but we understand from our last call that these documents are important to you (either for purposes of class certification or otherwise) so we are amenable to producing them in advance of your class certification reply in exchange for an agreement that you will not seek documents other than those responsive to the categories below prior to class certification and will not attempt to take defendant depositions (except depositions of defendants' experts regarding class certification) prior to a final ruling on class certification.

Our offer to produce these documents is subject to all of our responses and objections to our RFPs, and other standing objections, except bifurcation.

3. All Documents concerning the Company's Policies for preparing, reviewing, editing, approving, modifying, and/or distributing Natera's press releases, SEC filings, public statements and opening statements, talking points, presentation materials (such as slide decks), questions and answers, or other remarks by the Company or its representatives prepared in connection with any call, conference, presentation or Meeting with analysts, investors or the media.

35. All Documents concerning the Hindenburg Research report titled "Natera: Pioneers In Deceptive Medical Billing" published on March 9, 2022 ("Hindenburg Report"), including any Documents related to calls with investors concerning the Hindenburg Report and any Documents relied on or referenced in any investigation by the Company in connection with the Hindenburg Report.

36. All Documents concerning the Company's internal discussions of, and responses to, industry reports, media articles, or investor media concerning Natera or Panorama, including, but not limited to the following: i. the New York Times article titled "When They Warn of Rare Disorders, These Prenatal Tests Are Usually Wrong" published on January 1, 2022; and ii. articles or reports from The Capitol Forum addressing Natera or Panorama.

40. All Documents concerning the Meetings, including committee Meetings, of the Board of Directors insofar as they relate to the Board's response to the Hindenburg Research report, the NYT article, and the special committee investigation.

41. All Documents concerning changes in the price of the Company's common stock during the Relevant Period including Documents concerning market, shareholder, analyst, media, or investor reactions.

42. All Documents concerning Plaintiffs.

**Paul S. Yong**
Associate (he | him)

**Katten**

Katten Muchin Rosenman LLP
2029 Century Park East, Suite 2600 | Los Angeles, CA 90067-3012
direct +1.310.788.4464
paul.yong@katten.com | katten.com

**From:** Josh D'Ancona <jdancona@ktmc.com>
**Sent:** Tuesday, December 19, 2023 3:29 PM
**To:** Yong, Paul S. <paul.yong@katten.com>
**Cc:** Costley, Christina L. <christina.costley@katten.com>; Andrew Rocco <arocco@ktmc.com>; McKennon, Megan <megan.mckennon@katten.com>; Ashby, Danny S. <dashby@omm.com>; Wagner, Lauren M. <lwagner@omm.com>; Rosenberg, Jonathan <jrosenberg@omm.com>; Eichenberger, Sarah <sarah.eichenberger@katten.com>; Huffman, Ted <ted.huffman@katten.com>; Hail, Eric R. <eric.hail@katten.com>; Vanyo, Bruce G. <bruce@katten.com>; Josh Materese

<jmaterese@ktmc.com>; Michelle Newcomer <mnewcomer@ktmc.com>; Gregory Castaldo <gcastaldo@ktmc.com>; Lauren Ormsbee (McMillen) <Lauren@blbglaw.com>; Jessica Underwood <junderwood@nixlaw.com>
**Subject:** Re: Rule 26(f) conference - Natera Securities Class Action (W.D. Tex.)

*EXTERNAL EMAIL – EXERCISE CAUTION*
Let's do it at 12ET Thursday.  We will send a dial in.

Sent from my iPhone


On Dec 19, 2023, at 5:29 PM, Yong, Paul S. <paul.yong@katten.com> wrote:


Hi Josh – Can we meet on Thursday morning PT?  We've been trying hard to find a time that works tomorrow, but counsel are in depos, court hearings, and meetings that cannot be moved (including at 12 ET).

Let us know if there's a time that works for your side on Thursday between 12pm – 2:30pm ET / 9:00 - 11:30am PT.

We're also close to sending over comments on the draft protective order, however, we're waiting on input from certain of our clients.  But regardless we will send our comments before the meeting, with time for you to review.

Thanks,
Paul


**Paul S. Yong**
Associate (he | him)

**Katten**
Katten Muchin Rosenman LLP
2029 Century Park East, Suite 2600 | Los Angeles, CA 90067-3012
direct +1.310.788.4464
paul.yong@katten.com | katten.com

---

**From:** Josh D'Ancona <jdancona@ktmc.com>
**Sent:** Tuesday, December 19, 2023 1:32 PM
**To:** Costley, Christina L. <christina.costley@katten.com>; Andrew Rocco <arocco@ktmc.com>; Yong, Paul S. <paul.yong@katten.com>; McKennon, Megan <megan.mckennon@katten.com>; Ashby, Danny S. <dashby@omm.com>; Wagner, Lauren M. <lwagner@omm.com>; Rosenberg, Jonathan <jrosenberg@omm.com>; Eichenberger, Sarah <sarah.eichenberger@katten.com>; Huffman, Ted <ted.huffman@katten.com>; Hail, Eric R. <eric.hail@katten.com>; Vanyo, Bruce G. <bruce@katten.com>
**Cc:** Josh Materese <jmaterese@ktmc.com>; Michelle Newcomer <mnewcomer@ktmc.com>; Gregory Castaldo <gcastaldo@ktmc.com>; Lauren Ormsbee (McMillen) <Lauren@blbglaw.com>; Jessica Underwood <junderwood@nixlaw.com>
**Subject:** Re: Rule 26(f) conference - Natera Securities Class Action (W.D. Tex.)

*EXTERNAL EMAIL – EXERCISE CAUTION*
All, to avoid any further delay here, we propose to hold the call tomorrow at 12 ET.  If that time does not work please propose alternative times.  Thanks.

Josh

On Dec 19, 2023, at 2:09 PM, Josh D'Ancona <jdancona@ktmc.com> wrote:

Christina & Counsel:  further to your email below, what time are you proposing to have the call tomorrow?

Please send us any proposal on the schedule beforehand so we can have a chance to consider.

Also, you still have not provided any edits on the draft protective order.  Please send those.

Thanks,
Josh D'Ancona

**From:** Costley, Christina L. <christina.costley@katten.com>
**Sent:** Thursday, December 14, 2023 10:52 PM
**To:** Andrew Rocco <arocco@ktmc.com>; Yong, Paul S. <paul.yong@katten.com>; McKennon, Megan <megan.mckennon@katten.com>; Ashby, Danny S. <dashby@omm.com>; Wagner, Lauren M. <lwagner@omm.com>; Rosenberg, Jonathan <jrosenberg@omm.com>; Eichenberger, Sarah <sarah.eichenberger@katten.com>; Huffman, Ted <ted.huffman@katten.com>; Hail, Eric R. <eric.hail@katten.com>; Vanyo, Bruce G. <bruce@katten.com>
**Cc:** Josh D'Ancona <jdancona@ktmc.com>; Josh Materese <jmaterese@ktmc.com>; Michelle Newcomer <mnewcomer@ktmc.com>; Gregory Castaldo <gcastaldo@ktmc.com>; Lauren Ormsbee (McMillen) <Lauren@blbglaw.com>; Jessica Underwood <junderwood@nixlaw.com>
**Subject:** RE: Rule 26(f) conference - Natera Securities Class Action (W.D. Tex.)

**\*External E-Mail\***

Counsel:

Thank you for your email.   In an attempt to resolve the parties' dispute over the timing over discovery without court intervention, we are attempting to put together a counterproposal that would involve a substantial production by defendants prior to class certification.   Unfortunately, we have not been able to get approval for this from all relevant parties and need a few more days to attempt to do so.   We would therefore ask that the call tentatively set for tomorrow be rescheduled for Wednesday, December 20.  You have my representation that we are working on this in good faith.

We anticipate providing comments on the protective order tomorrow.

Thank you,
Christina

**Christina L. Costley**
Partner

**Katten**

Katten Muchin Rosenman LLP
2029 Century Park East, Suite 2600 | Los Angeles, CA 90067-3012
direct +1.310.788.4485
christina.costley@katten.com | katten.com

**From:** Andrew Rocco <arocco@ktmc.com>
**Sent:** Thursday, December 14, 2023 8:01 AM
**To:** Yong, Paul S. <paul.yong@katten.com>; Costley, Christina L.
<christina.costley@katten.com>; McKennon, Megan <megan.mckennon@katten.com>;
Ashby, Danny S. <dashby@omm.com>; Wagner, Lauren M. <lwagner@omm.com>;
Rosenberg, Jonathan <jrosenberg@omm.com>; Eichenberger, Sarah
<sarah.eichenberger@katten.com>; Huffman, Ted <ted.huffman@katten.com>; Hail,
Eric R. <eric.hail@katten.com>; Vanyo, Bruce G. <bruce@katten.com>
**Cc:** Josh D'Ancona <jdancona@ktmc.com>; Josh Materese <jmaterese@ktmc.com>;
Michelle Newcomer <mnewcomer@ktmc.com>; Gregory Castaldo
<gcastaldo@ktmc.com>; Lauren Ormsbee (McMillen) <Lauren@blbglaw.com>; Jessica
Underwood <junderwood@nixlaw.com>
**Subject:** RE: Rule 26(f) conference - Natera Securities Class Action (W.D. Tex.)

*EXTERNAL EMAIL – EXERCISE CAUTION*
Counsel,

Please confirm whether tomorrow's 1:00 PM ET call is proceeding. As discussed on last
week's call, if Defendants are unwilling to negotiate a schedule in which they
substantially complete their document production at least 30 days before Plaintiffs'
class certification reply brief is due, we will cancel the call and the parties can submit
their competing positions on bifurcation in the joint 26(f) report. We attach an updated
draft of the 26(f) report in which all other entries are completed, consistent with the
parties' communications.

Further, please confirm that you will still provide comments to the protective order this
week.

Thanks,
Andrew

_____

Andrew Rocco
**Associate**
**<image003.png>**

Kessler Topaz Meltzer Check LLP
280 King of Prussia Road
Radnor, Pennsylvania 19087
General Firm Phone: 610-667-7706
General Firm Fax: 610-667-7056
e-mail: arocco@ktmc.com
Internet: www.ktmc.com

CONNECT WITH KTMC
<image010.jpg>
<image001.png>
<image002.jpg>

PRIVILEGED ATTORNEY/CLIENT, ATTORNEY WORK PRODUCT
The information in this transmittal may include privileged and confidential material and is intended for the recipient(s) listed above.  If you are neither the intended recipient(s) nor a person responsible for the delivery of this transmittal to the intended recipient(s), you are hereby notified that any distribution or copying of this transmittal is prohibited.  If you have received this transmittal in error, please notify the sender immediately at Kessler Topaz Meltzer & Check, LLP at (610) 667-7706 or via return e-mail.

**From:** Yong, Paul S. <paul.yong@katten.com>
**Sent:** Friday, December 8, 2023 12:13 PM
**To:** Josh D'Ancona <jdancona@ktmc.com>; Costley, Christina L. <christina.costley@katten.com>; McKennon, Megan <megan.mckennon@katten.com>; Ashby, Danny S. <dashby@omm.com>; Wagner, Lauren M. <lwagner@omm.com>; Rosenberg, Jonathan <jrosenberg@omm.com>; Eichenberger, Sarah <sarah.eichenberger@katten.com>; Huffman, Ted <ted.huffman@katten.com>; Hail, Eric R. <eric.hail@katten.com>; Vanyo, Bruce G. <bruce@katten.com>
**Cc:** Andrew Rocco <arocco@ktmc.com>; Lauren Ormsbee (McMillen) <Lauren@blbglaw.com>; Jessica Underwood <junderwood@nixlaw.com>; Josh Materese <jmaterese@ktmc.com>; Gregory Castaldo <gcastaldo@ktmc.com>; Michelle Newcomer <mnewcomer@ktmc.com>
**Subject:** RE: Rule 26(f) conference - Natera Securities Class Action (W.D. Tex.)

**\*External E-Mail\***

Hi Josh – We have some high-level questions on the drafts that we want to discuss on today's call.  We can provide comments after we have a chance to discuss these.

Thanks and talk soon.

**Paul S. Yong**
Associate (he | him)

# Katten

Katten Muchin Rosenman LLP
2029 Century Park East, Suite 2600 | Los Angeles, CA 90067-3012
direct +1.310.788.4464
paul.yong@katten.com | katten.com

**From:** Josh D'Ancona <jdancona@ktmc.com>
**Sent:** Friday, December 8, 2023 8:52 AM
**To:** Yong, Paul S. <paul.yong@katten.com>; Costley, Christina L. <christina.costley@katten.com>; McKennon, Megan <megan.mckennon@katten.com>; Ashby, Danny S. <dashby@omm.com>; Wagner, Lauren M. <lwagner@omm.com>; Rosenberg, Jonathan <jrosenberg@omm.com>; Eichenberger, Sarah <sarah.eichenberger@katten.com>; Huffman, Ted <ted.huffman@katten.com>; Hail, Eric R. <eric.hail@katten.com>; Vanyo, Bruce G. <bruce@katten.com>
**Cc:** Andrew Rocco <arocco@ktmc.com>; Lauren Ormsbee (McMillen) <Lauren@blbglaw.com>; Jessica Underwood <junderwood@nixlaw.com>; Josh Materese <jmaterese@ktmc.com>; Gregory Castaldo <gcastaldo@ktmc.com>; Michelle Newcomer <mnewcomer@ktmc.com>
**Subject:** RE: Rule 26(f) conference - Natera Securities Class Action (W.D. Tex.)

*EXTERNAL EMAIL – EXERCISE CAUTION*

Counsel,

We have not received comments back on either the draft protective order or the draft ESI stipulation that we sent to you over three weeks ago. Please let us know when you will provide those.

Thanks,

Josh D'Ancona

---

**From:** Josh D'Ancona
**Sent:** Monday, November 20, 2023 2:28 PM
**To:** Yong, Paul S. <paul.yong@katten.com>; Costley, Christina L. <christina.costley@katten.com>; McKennon, Megan <megan.mckennon@katten.com>; Ashby, Danny S. <dashby@omm.com>; Wagner, Lauren M. <lwagner@omm.com>; Rosenberg, Jonathan <jrosenberg@omm.com>; Eichenberger, Sarah <sarah.eichenberger@katten.com>; Huffman, Ted <ted.huffman@katten.com>; Hail, Eric R. <eric.hail@katten.com>; Vanyo, Bruce G. <bruce@katten.com>
**Cc:** Andrew Rocco <arocco@ktmc.com>; Lauren Ormsbee (McMillen) <Lauren@blbglaw.com>; Jessica Underwood <junderwood@nixlaw.com>; Josh Materese <jmaterese@ktmc.com>; Gregory Castaldo <gcastaldo@ktmc.com>; Michelle Newcomer <mnewcomer@ktmc.com>
**Subject:** RE: Rule 26(f) conference - Natera Securities Class Action (W.D. Tex.)

Paul,

Just a change to our signature block, as reflected in the attached. With that, fine to sign and file. Look forward to hearing from you later this week.

Happy Thanksgiving, all.

Regards,
Josh D'Ancona

---

**From:** Yong, Paul S. <paul.yong@katten.com>
**Sent:** Monday, November 20, 2023 1:13 PM
**To:** Josh D'Ancona <jdancona@ktmc.com>; Costley, Christina L. <christina.costley@katten.com>; McKennon, Megan <megan.mckennon@katten.com>; Ashby, Danny S. <dashby@omm.com>; Wagner, Lauren M. <lwagner@omm.com>; Rosenberg, Jonathan <jrosenberg@omm.com>; Eichenberger, Sarah <sarah.eichenberger@katten.com>; Huffman, Ted <ted.huffman@katten.com>; Hail, Eric R. <eric.hail@katten.com>; Vanyo, Bruce G. <bruce@katten.com>
**Cc:** Andrew Rocco <arocco@ktmc.com>; Lauren Ormsbee (McMillen) <Lauren@blbglaw.com>; Jessica Underwood <junderwood@nixlaw.com>; Josh Materese <jmaterese@ktmc.com>; Gregory Castaldo <gcastaldo@ktmc.com>; Michelle Newcomer <mnewcomer@ktmc.com>
**Subject:** RE: Rule 26(f) conference - Natera Securities Class Action (W.D. Tex.)

**\*External E-Mail\***

---

Hi Josh,

Attached are drafts of an agreed motion and proposed order re the answer extension. Let us know if you have any comments or if we can sign and file.

Defendants can consent to electronic service going forward.  We'll respond to your other items from Friday in a separate email, since we're still coordinating internally.

Thanks,
Paul

**Paul S. Yong**
Associate (he | him)

# Katten

Katten Muchin Rosenman LLP
2029 Century Park East, Suite 2600 | Los Angeles, CA 90067-3012
direct +1.310.788.4464
paul.yong@katten.com | katten.com

**From:** Josh D'Ancona <jdancona@ktmc.com>
**Sent:** Friday, November 17, 2023 9:18 AM
**To:** Yong, Paul S. <paul.yong@katten.com>; Costley, Christina L. <christina.costley@katten.com>; McKennon, Megan <megan.mckennon@katten.com>; Ashby, Danny S. <dashby@omm.com>; Wagner, Lauren M. <lwagner@omm.com>; Rosenberg, Jonathan <jrosenberg@omm.com>; Eichenberger, Sarah <sarah.eichenberger@katten.com>; Huffman, Ted <ted.huffman@katten.com>; Hail, Eric R. <eric.hail@katten.com>; Vanyo, Bruce G. <bruce@katten.com>
**Cc:** Andrew Rocco <arocco@ktmc.com>; Lauren Ormsbee (McMillen) <Lauren@blbglaw.com>; Jessica Underwood <junderwood@nixlaw.com>; Josh Materese <jmaterese@ktmc.com>; Gregory Castaldo <gcastaldo@ktmc.com>; Michelle Newcomer <mnewcomer@ktmc.com>
**Subject:** RE: Rule 26(f) conference - Natera Securities Class Action (W.D. Tex.)

*EXTERNAL EMAIL – EXERCISE CAUTION*
Counsel,

Thank you for the Rule 26(f) conference yesterday.  We addressed many of the required items, and now just a few key ones remain.  We believe the outstanding matters are:

1. Proposed case management and discovery order.  We sent you our proposal on Tuesday, 11/14.  You did not have a proposal or response yesterday.  Please send us your proposal or comments by 11/21.
2. Bifurcation.  Defendants want bifurcation of discovery to allow class discovery and a ruling on class certification to occur before the rest of fact discovery (Defendants emphasized that depositions should not occur before class cert was decided).  Plaintiffs oppose bifurcating discovery, both because of the delay inherent in Defendants' bifurcation proposal (which will negatively impact the ability to obtain fact discovery, due to, e.g., fading witness memories) and because it is black-letter law that, in evaluating class certification, the Court must assess evidence put forth by Plaintiffs and, if Defendants are raising price impact arguments, Defendants.  To have a fair and adequate opportunity to marshal evidence to present to the Court in support of class certification, Plaintiffs must have a reasonable opportunity to conduct discovery—including through reviewing Defendants' documents, and through fact depositions as appropriate—before filing their Rule 23 motion.  The parties had preliminary discussions on these points.  Defendants agreed to consider and come back with any more specific proposal (or none).  If the parties find themselves at impasse

on this point, they will present their positions to the Court in the R. 26(f) report.  Please let us know your position by 11/21.

3. <u>Defendants' time to answer</u>.  We agreed to Defendants' request for an additional two weeks on this date.  We believe this needs to be submitted to the Court.  Please confirm you will send us draft papers.
4. <u>Initial Disclosure date</u>:  Your edits to the draft 26(f) report indicate agreement on an initial disclosures exchange date of December 15.  However, one attorney on the call stated a need to confirm that date with a client.  Please confirm that this date is agreed.

Let's find a time in the next several business days to meet again.  It was not clear if you were saying that necessary folks from your side were not available at all next week due to Thanksgiving.  In any event, we have flexibility for a follow-up call in the following windows:
Monday, 11/20 (9am-11am, 4pm-6pm ET)
Tuesday, 11/21 (9am-11am, 230pm-6pm ET)
Monday, 11/27 (9am-1130am, 130pm-3pm, 4pm-6pm ET)
Tuesday, 11/28 (9am-12pm ET)

Please let us know what works.

Lastly, as Andrew's email yesterday suggests, we'd ask that both sides agree and consent to accept electronic service of papers in this case going forward.  Please let us know if Defendants consent.

We look forward to hearing from you.

Regards,

_____
**Joshua E. D'Ancona**
**Partner**

**<image016.png>**

Kessler Topaz Meltzer Check, LLP
280 King of Prussia Rd
Radnor, PA 19087
Direct Dial: (610) 822-0269
General Firm Phone: (610) 667-7706
Fax: (610) 667-7056
Email: jdancona@ktmc.com
Internet: www.ktmc.com

CONNECT WITH KTMC
<image010.jpg>
<image007.png>
<image008.jpg>

PRIVILEGED ATTORNEY/CLIENT, ATTORNEY WORK PRODUCT
The information in this transmittal may include privileged and confidential material and is intended for the recipient(s) listed above.  If you are neither the intended recipient(s) nor a person responsible for the delivery of this transmittal to the intended recipient(s), you are hereby notified that any distribution or copying of this transmittal is prohibited.  If you

have received this transmittal in error, please notify the sender immediately at Kessler Topaz Meltzer & Check, LLP at (610) 667-7706 or via return e-mail.

**From:** Yong, Paul S. <paul.yong@katten.com>
**Sent:** Wednesday, November 15, 2023 6:13 PM
**To:** Josh D'Ancona <jdancona@ktmc.com>; Costley, Christina L. <christina.costley@katten.com>; McKennon, Megan <megan.mckennon@katten.com>; Ashby, Danny S. <dashby@omm.com>; Wagner, Lauren M. <lwagner@omm.com>; Rosenberg, Jonathan <jrosenberg@omm.com>; Eichenberger, Sarah <sarah.eichenberger@katten.com>; Huffman, Ted <ted.huffman@katten.com>; Hail, Eric R. <eric.hail@katten.com>; Vanyo, Bruce G. <bruce@katten.com>
**Cc:** Andrew Rocco <arocco@ktmc.com>; Lauren Ormsbee (McMillen) <Lauren@blbglaw.com>; Jessica Underwood <junderwood@nixlaw.com>; Josh Materese <jmaterese@ktmc.com>; Gregory Castaldo <gcastaldo@ktmc.com>; Michelle Newcomer <mnewcomer@ktmc.com>
**Subject:** RE: Rule 26(f) conference - Natera Securities Class Action (W.D. Tex.)

**\*External E-Mail\***

Hi Josh – Please find attached Defendants' comments to your draft Rule 26(f) report—with the caveat that certain of our respective clients are still reviewing.

We also received your draft schedule, but given that it was sent over yesterday, we haven't had an opportunity to review with our clients.

We look forward to discussing more tomorrow.

Thanks,
Paul

**Paul S. Yong**
Associate (he | him)

# Katten

Katten Muchin Rosenman LLP
2029 Century Park East, Suite 2600 | Los Angeles, CA 90067-3012
direct +1.310.788.4464
paul.yong@katten.com | katten.com

**From:** Yong, Paul S.
**Sent:** Friday, November 10, 2023 11:49 AM
**To:** 'Josh D'Ancona <jdancona@ktmc.com>; Costley, Christina L. <christina.costley@katten.com>; McKennon, Megan <megan.mckennon@katten.com>; Ashby, Danny S. <dashby@omm.com>; Wagner, Lauren M. <lwagner@omm.com>; Rosenberg, Jonathan <jrosenberg@omm.com>; Eichenberger, Sarah <sarah.eichenberger@katten.com>; Huffman, Ted <ted.huffman@katten.com>; Hail, Eric R. <eric.hail@katten.com>; Vanyo, Bruce G. <bruce@katten.com>
**Cc:** Andrew Rocco <arocco@ktmc.com>; Lauren Ormsbee (McMillen) <Lauren@blbglaw.com>; Jessica Underwood <junderwood@nixlaw.com>; Josh Materese <jmaterese@ktmc.com>; Gregory Castaldo <gcastaldo@ktmc.com>; Michelle

Newcomer <[mnewcomer@ktmc.com](mailto:mnewcomer@ktmc.com)>
**Subject:** RE: Rule 26(f) conference - Natera Securities Class Action (W.D. Tex.)

Thanks, Josh.  We can do 1pm ET on Thursday.  I'll send around a Zoom invite to everyone on this email chain (though obviously, not everyone has to attend).


**Paul S. Yong**
Associate (he | him)

# Katten

Katten Muchin Rosenman LLP
2029 Century Park East, Suite 2600 | Los Angeles, CA 90067-3012
direct +1.310.788.4464
paul.yong@katten.com | katten.com

**From:** Josh D'Ancona <[jdancona@ktmc.com](mailto:jdancona@ktmc.com)>
**Sent:** Friday, November 10, 2023 7:15 AM
**To:** Yong, Paul S. <[paul.yong@katten.com](mailto:paul.yong@katten.com)>; Costley, Christina L. <[christina.costley@katten.com](mailto:christina.costley@katten.com)>; McKennon, Megan <[megan.mckennon@katten.com](mailto:megan.mckennon@katten.com)>; Ashby, Danny S. <[dashby@omm.com](mailto:dashby@omm.com)>; Wagner, Lauren M. <[lwagner@omm.com](mailto:lwagner@omm.com)>; Rosenberg, Jonathan <[jrosenberg@omm.com](mailto:jrosenberg@omm.com)>; Eichenberger, Sarah <[sarah.eichenberger@katten.com](mailto:sarah.eichenberger@katten.com)>; Huffman, Ted <[ted.huffman@katten.com](mailto:ted.huffman@katten.com)>; Hail, Eric R. <[eric.hail@katten.com](mailto:eric.hail@katten.com)>; Vanyo, Bruce G. <[bruce@katten.com](mailto:bruce@katten.com)>
**Cc:** Andrew Rocco <[arocco@ktmc.com](mailto:arocco@ktmc.com)>; Lauren Ormsbee (McMillen) <[Lauren@blbglaw.com](mailto:Lauren@blbglaw.com)>; Jessica Underwood <[junderwood@nixlaw.com](mailto:junderwood@nixlaw.com)>; Josh Materese <[jmaterese@ktmc.com](mailto:jmaterese@ktmc.com)>; Gregory Castaldo <[gcastaldo@ktmc.com](mailto:gcastaldo@ktmc.com)>; Michelle Newcomer <[mnewcomer@ktmc.com](mailto:mnewcomer@ktmc.com)>
**Subject:** RE: Rule 26(f) conference - Natera Securities Class Action (W.D. Tex.)

*EXTERNAL EMAIL – EXERCISE CAUTION*
Paul, we are available 12-3pm ET on Thursday, 11/16.  Let's block one hour for the call in that window.  I propose 1-2pm ET.  Let us know what works.

Regards,
Josh D'Ancona

**From:** Yong, Paul S. <[paul.yong@katten.com](mailto:paul.yong@katten.com)>
**Sent:** Thursday, November 9, 2023 4:57 PM
**To:** Josh D'Ancona <[jdancona@ktmc.com](mailto:jdancona@ktmc.com)>; Costley, Christina L. <[christina.costley@katten.com](mailto:christina.costley@katten.com)>; McKennon, Megan <[megan.mckennon@katten.com](mailto:megan.mckennon@katten.com)>; Ashby, Danny S. <[dashby@omm.com](mailto:dashby@omm.com)>; Wagner, Lauren M. <[lwagner@omm.com](mailto:lwagner@omm.com)>; Rosenberg, Jonathan <[jrosenberg@omm.com](mailto:jrosenberg@omm.com)>; Eichenberger, Sarah <[sarah.eichenberger@katten.com](mailto:sarah.eichenberger@katten.com)>; Huffman, Ted <[ted.huffman@katten.com](mailto:ted.huffman@katten.com)>; Hail, Eric R. <[eric.hail@katten.com](mailto:eric.hail@katten.com)>; Vanyo, Bruce G. <[bruce@katten.com](mailto:bruce@katten.com)>
**Cc:** Andrew Rocco <[arocco@ktmc.com](mailto:arocco@ktmc.com)>; Lauren Ormsbee (McMillen) <[Lauren@blbglaw.com](mailto:Lauren@blbglaw.com)>; Jessica Underwood <[junderwood@nixlaw.com](mailto:junderwood@nixlaw.com)>; Josh Materese <[jmaterese@ktmc.com](mailto:jmaterese@ktmc.com)>; Gregory Castaldo <[gcastaldo@ktmc.com](mailto:gcastaldo@ktmc.com)>
**Subject:** RE: Rule 26(f) conference - Natera Securities Class Action (W.D. Tex.)

**\*External E-Mail\***

Hi Josh,

Apologies for the delay in responding. We've been tied up on another very active matter, and underwriters' counsel has been tied up in a multi-week arbitration.

We can make ourselves available to meet and confer on Thursday, November 16th. Please let us know what times you're available that day.

We look forward to continuing to work cooperatively in this matter.

Thanks,
Paul

**Paul S. Yong**
Associate (he | him)

# Katten

Katten Muchin Rosenman LLP
2029 Century Park East, Suite 2600 | Los Angeles, CA 90067-3012
direct +1.310.788.4464
paul.yong@katten.com | katten.com

**From:** Josh D'Ancona <jdancona@ktmc.com>
**Sent:** Thursday, November 9, 2023 10:05 AM
**To:** Costley, Christina L. <christina.costley@katten.com>; McKennon, Megan <megan.mckennon@katten.com>; Ashby, Danny S. <dashby@omm.com>; Wagner, Lauren M. <lwagner@omm.com>; Rosenberg, Jonathan <jrosenberg@omm.com>; Eichenberger, Sarah <sarah.eichenberger@katten.com>; Huffman, Ted <ted.huffman@katten.com>; Hail, Eric R. <eric.hail@katten.com>; Vanyo, Bruce G. <bruce@katten.com>; Yong, Paul S. <paul.yong@katten.com>
**Cc:** Andrew Rocco <arocco@ktmc.com>; Lauren Ormsbee (McMillen) <Lauren@blbglaw.com>; Jessica Underwood <junderwood@nixlaw.com>; Josh Materese <jmaterese@ktmc.com>; Gregory Castaldo <gcastaldo@ktmc.com>
**Subject:** RE: Rule 26(f) conference - Natera Securities Class Action (W.D. Tex.)

*EXTERNAL EMAIL – EXERCISE CAUTION*
Counsel,

You've twice ignored our requests to meet and confer and begin the Rule 26(f) conference. Giving it a last try: let us know times next week when you are available to meet and confer under Rule 26(f). As this request has been pending for ten days, if we do not hear from you by tomorrow at 1pm ET, we will promptly advise the Court that we notified you in late October that plaintiffs are not amending the complaint and requested to commence the Rule 26(f) conference, but defendants have not responded, such that we request the Court to set a deadline of November 17, 2023 for the parties to complete the conference and file a Rule 26(f) report.

Regards,

_____

**Joshua E. D'Ancona**
**Partner**

**<image016.png>**

Kessler Topaz Meltzer Check, LLP
280 King of Prussia Rd
Radnor, PA 19087
Direct Dial: (610) 822-0269
General Firm Phone: (610) 667-7706
Fax: (610) 667-7056
Email: jdancona@ktmc.com
Internet: www.ktmc.com

CONNECT WITH KTMC
<image010.jpg>
<image009.png>
<image011.jpg>

PRIVILEGED ATTORNEY/CLIENT, ATTORNEY WORK PRODUCT
The information in this transmittal may include privileged and confidential material and is intended for the recipient(s) listed above.  If you are neither the intended recipient(s) nor a person responsible for the delivery of this transmittal to the intended recipient(s), you are hereby notified that any distribution or copying of this transmittal is prohibited.  If you have received this transmittal in error, please notify the sender immediately at Kessler Topaz Meltzer & Check, LLP at (610) 667-7706 or via return e-mail.

**From:** Josh D'Ancona
**Sent:** Thursday, November 2, 2023 3:14 PM
**To:** Costley, Christina L. <christina.costley@katten.com>; McKennon, Megan <megan.mckennon@katten.com>; Ashby, Danny S. <dashby@omm.com>; Wagner, Lauren M. <lwagner@omm.com>; Rosenberg, Jonathan <jrosenberg@omm.com>; Eichenberger, Sarah <sarah.eichenberger@katten.com>; Huffman, Ted <ted.huffman@katten.com>; Hail, Eric R. <eric.hail@katten.com>; Vanyo, Bruce G. <bruce@katten.com>; Yong, Paul S. <paul.yong@katten.com>
**Cc:** Andrew Rocco <arocco@ktmc.com>; Lauren Ormsbee (McMillen) <Lauren@blbglaw.com>; Jessica Underwood <junderwood@nixlaw.com>; Josh Materese <jmaterese@ktmc.com>; Gregory Castaldo <gcastaldo@ktmc.com>
**Subject:** RE: Rule 26(f) conference - Natera Securities Class Action (W.D. Tex.)

Counsel,

Following up here – we have not seen a response to our request to hold a Rule 26(f) conference.  We assume from your silence that the time we proposed tomorrow does not work for you.

Please advise on some windows next week when the necessary folks from your team are available to begin this meet and confer.  We also look forward to seeing your comments on the draft Rule 26(f) plan we sent over.

Regards
Josh D'Ancona

**From:** Josh D'Ancona
**Sent:** Tuesday, October 31, 2023 3:00 PM

**To:** Costley, Christina L. <christina.costley@katten.com>; McKennon, Megan <megan.mckennon@katten.com>; Ashby, Danny S. <dashby@omm.com>; Wagner, Lauren M. <lwagner@omm.com>; Rosenberg, Jonathan <jrosenberg@omm.com>; Eichenberger, Sarah <sarah.eichenberger@katten.com>; Huffman, Ted <ted.huffman@katten.com>; Hail, Eric R. <eric.hail@katten.com>; Vanyo, Bruce G. <bruce@katten.com>; Yong, Paul S. <paul.yong@katten.com>
**Cc:** Andrew Rocco <arocco@ktmc.com>; Lauren Ormsbee (McMillen) <Lauren@blbglaw.com>; Jessica Underwood <junderwood@nixlaw.com>; Josh Materese <jmaterese@ktmc.com>; Gregory Castaldo <gcastaldo@ktmc.com>
**Subject:** Rule 26(f) conference - Natera Securities Class Action (W.D. Tex.)

Counsel:

Plaintiffs have determined not to amend the complaint at this time. We request a meet and confer under Rule 26(f), and propose Friday, 11/3 at 12pm eastern for a call.

Please find attached a draft 26(f) report for your review and comment.

Regards,

_____

**Joshua E. D'Ancona**
**Partner**

**<image016.png>**

Kessler Topaz Meltzer Check, LLP
280 King of Prussia Rd
Radnor, PA 19087
Direct Dial: (610) 822-0269
General Firm Phone: (610) 667-7706
Fax: (610) 667-7056
Email: jdancona@ktmc.com
Internet: www.ktmc.com

CONNECT WITH KTMC
<image010.jpg>
<image012.png>
<image022.jpg>

PRIVILEGED ATTORNEY/CLIENT, ATTORNEY WORK PRODUCT
The information in this transmittal may include privileged and confidential material and is intended for the recipient(s) listed above. If you are neither the intended recipient(s) nor a person responsible for the delivery of this transmittal to the intended recipient(s), you are hereby notified that any distribution or copying of this transmittal is prohibited. If you have received this transmittal in error, please notify the sender immediately at Kessler Topaz Meltzer & Check, LLP at (610) 667-7706 or via return e-mail.

============================================================
CONFIDENTIALITY NOTICE:
This electronic mail message and any attached files contain information intended for the exclusive
use of the individual or entity to whom it is addressed and may contain information
is

proprietary, privileged, confidential and/or exempt from disclosure under applicable
law.  If you
are not the intended recipient, you are hereby notified that any viewing, copying,
disclosure or
distribution of this information may be subject to legal restriction or sanction.  P
notify
the sender, by electronic mail or telephone, of any unintended recipients and delete
original
message without making any copies.
================================================================
NOTIFICATION:  Katten Muchin Rosenman LLP is an Illinois limited liability partnersh
that has
elected to be governed by the Illinois Uniform Partnership Act (1997).
================================================================

**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| JOHN HARVEY SCHNEIDER, Individually and on Behalf of All Others Similarly Situated, | § § § § | Case No. 1:22-cv-00398-DAE |
| Plaintiff, | § § § | |
| v. | § § | |
| NATERA, INC., STEVE CHAPMAN, MICHAEL BROPHY, MATTHEW RABINOWITZ, and RAMESH HARIHARAN, | § § § § § § | |
| Defendants. | § § § | |

**THE NATERA DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFFS'**
**FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO THE NATERA**
**DEFENDANTS**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, the Local Rules of

the Western District of Texas, and any other applicable rules or governing law (collectively, the

"Applicable Rules"), Defendants Natera, Inc. ("Natera"), Steve Chapman, Michael Brophy,

Matthew Rabinowitz, Paul Billings, Roy Baynes, Monica Bertagnolli, Roelof F. Botha, Rowan

Chapman, Todd Cozzens, James I. Healy, Gail Marcus, Herm Rosenman, and Jonathan Sheena

(collectively, the "Natera Defendants") submit these responses and objections ("Response" or

"Responses") to the "Definitions" ("Definition" or "Definitions"), "Instructions" ("Instruction" or

"Instructions") "Relevant Time Period," and "Documents Requested" ("Specific Request") set

forth in Plaintiffs' First Set of Requests for Production of Documents to the Natera Defendants

(collectively, the "Requests"), without waiving any defenses that the Natera Defendants have or

hereafter may assert in the above-captioned action (the "Action").

## RESERVATION OF RIGHTS

The Responses provided herein are set forth without prejudice to the Natera Defendants' right to amend, correct, or supplement these responses: (i) as the Natera Defendants complete their review and analysis of information and governing law, (ii) as the Natera Defendants access new or additional documents, or (iii) in the event of mistake. The Natera Defendants' investigation is ongoing. These responses or any subsequent agreement to conduct a diligent search for responsive documents shall not be construed as an admission that any such requested document exists or is relevant to this matter.

The Natera Defendants reserve their right to develop and use, at trial or any pre-trial proceeding, any subsequently discovered or acquired documents, including documents known to the Natera Defendants but whose relevance or applicability to the subject matter of this action is not yet known or ascertained. The Natera Defendants further reserve all objections as to the admissibility in evidence of any documents produced in response to the Requests (or any further responses to the Requests or their subject matter), including on the grounds of relevance. Any production in response to the Requests is made without waiver of or prejudice to the Natera Defendants' objections, all of which are hereby expressly preserved.

## GENERAL OBJECTIONS

The General Objections set forth below apply to the Requests generally and to each Definition, Instruction, and Specific Request included in the Requests, and, unless otherwise stated, shall have the same force and effect as if set forth in full in response to each Definition, Instruction, and Specific Request. Any undertaking to search for, or to provide documents in response to, any item of the Requests remains subject to, and without waiver of, the Responses. The fact that an objection is not included in the Responses does not constitute a waiver of that

objection or otherwise preclude the Natera Defendants from raising that objection at a later time. The assertion of the same, similar, or additional objections in response to specific document requests does not waive, limit, or modify any of the Natera Defendants' General Objections.

1.      The Natera Defendants object to the Requests to the extent they purport to impose burdens or obligations on the Natera Defendants that are broader than, inconsistent with or not authorized under reasonable discovery pursuant to the Federal Rules of Civil Procedure, the Local Rules, any order entered by the Court in or applicable to the Action, or any other applicable rules (the "Applicable Rules"). Subject to and without waiver of the Responses, in responding to the Requests, the Natera Defendants will construe the Requests in accordance with the Applicable Rules.  In responding to these Requests, the Natera Defendants shall follow the Federal Rules of Civil Procedure, the Local Rules, and any orders entered by the Court rather than any of Plaintiffs' instructions and requirements that go beyond or contradict those legal requirements.

2.      The Natera Defendants further object to the Requests to the extent they call for documents that are neither relevant to the claims, defenses, or subject matter of, nor proportional to the needs of, the Action.  Any such discovery requests are overly broad, unduly burdensome, wasteful, and unnecessary.

3.      The Natera Defendants further object to the Requests to the extent they employ imprecise or vague language to indicate the information sought.  The Natera Defendants will provide only that information that can reasonably be identified in each Specific Request.

4.      The Natera Defendants further object to the Requests to the extent they do not identify the documents sought with reasonable particularity, as required by Rule 34(b)(1)(A) of the Federal Rules of Civil Procedure.

5.     The Natera Defendants further object to the Requests to the extent they seek information that is beyond the proper scope of discovery under Rule 26(b) of the Federal Rules of Civil Procedure.

6.     The Natera Defendants further object to the Requests to the extent they seek information and documents that do not relate the allegations and statements that remain at issue in this Action after the Court's Order granting in part and denying in part Defendants' Motion to Dismiss the Consolidated Class Action Complaint, dated September 11, 2023 (Dkt. No. 104) (the "September 11, 2023 Order").  In the September 11, 2023 Order, the Court dismissed all of Plaintiffs' Prospera-related claims and all claims against Billings, on the grounds that the Complaint failed to plead and any false or misleading misstatement or scienter.  The Court, however, held that the following claims could proceed:  Plaintiffs' Panorama-related claims under Section 10(b) of the Exchange Act and 17 CFR § 240.10b-5 against Natera, Chapman, Brophy, and Rabinowitz; Plaintiffs' Panorama-related claims under Section 20(a) and 20A of the Exchange Act against Chapman, Brophy, and Rabinowitz; and Plaintiffs' Panorama-related claims under Sections 11, 12(a)(2), and 15 of the Securities Act.  The September 11, 2023 Order permitted Plaintiffs leave to file a second amended complaint, if they chose to, by no later than November 13, 2023.  On October, 31, 2023, Plaintiffs informed Defendants by email that they did not intend to file a second amended complaint.  Thus, all the Prospera-related claims set forth in the Complaint and all claims against Billings are no longer operative pursuant to the Court's September 11, 2023 Order.  Accordingly, the Natera Defendants do not intend to produce any documents that do not relate to the claims and statements that remain at issue in this Action in accordance with the Court's September 11, 2023 Order.   In responding and objecting to the Requests, the Natera Defendants do not admit that certain allegations or statements remain at issue

in this Action and do not waive the right to further challenge, clarify, or contest whether certain allegations and statements remain at issue in light of the Court's September 11, 2023 Order.

7.      The Natera Defendants further object to the Requests on the grounds, and to the extent, that they are designed to cause undue annoyance, harassment, or oppression.

8.      The Natera Defendants further object to the Requests to the extent they are duplicative of one another or any other discovery request served on any of the Defendants in the Action.

9.      The Natera Defendants further object to the Requests to the extent they purport to seek the discovery of documents that: (i) are not in the Natera Defendants' possession, custody, or control; (ii) require the Natera Defendants to create or search for documents not currently in their possession, custody, or control; or (iii) are available from a more convenient, more efficient, less burdensome, or less expensive source than the Natera Defendants, or from a more convenient, more efficient, less burdensome, or less expensive means than the Requests.  Subject to, and without waiver of, the Responses, in responding to the Requests, the Natera Defendants will search only for documents in their possession, custody, or control as of the date of the Response.  The Natera Defendants' Responses shall not be construed as any representation regarding the existence or non-existence of specific documents in their possession, custody, or control.

10.     The Natera Defendants further object to the Requests to the extent they purport to require the production of documents that are publicly available, already in Plaintiffs' possession, or otherwise available from sources to which Plaintiffs also have access.

11.     The Natera Defendants further object to the Requests to the extent that they call for information that the Natera Defendants may not provide without the consent of third parties.

12. The Natera Defendants further object to the Requests to the extent they purport to seek the discovery of documents that are protected by the attorney-client privilege, the work-product doctrine, the joint-defense or common-interest privilege, or any other applicable privilege, immunity, or protection from disclosure or that are otherwise protected from disclosure under the Applicable Rules. Nothing contained in this Response is intended to be, nor shall in any way be, construed as a waiver of any such privilege, immunity, or protection. Specific Objections on the grounds of privilege are provided for emphasis and clarity only, and the absence of a Specific Objection is neither intended to be, nor should be interpreted as, evidence that the Natera Defendants do not object to a Specific Request on the basis of an applicable privilege, immunity, or protection. Inadvertent production of any material covered by any privilege, immunity, or protection shall not constitute a waiver of any privilege, immunity, or protection or of any other ground for objecting to discovery or admissibility of such material, its subject matter or the information contained therein, nor shall such production constitute a waiver of the Natera Defendants' rights to: (i) seek the return of such material; or (ii) object to the use of such material for any purpose in, or at any stage of, this Action, or in any other action or proceeding.

13. The Natera Defendants further object to the Requests to the extent they purport to seek the production of trade secrets or information that is confidential, proprietary, commercially sensitive, competitively significant, or personal information of the Natera Defendants, their affiliates and their employees and/or their clients, customers or counterparties, or documents that are subject to other protective orders, non-disclosure agreements, or other confidentiality undertakings.

14. The Natera Defendants further object to the Requests the extent they seek identifying personal and/or financial information relating to individuals who are not a named party

and is protected from disclosure by individual privacy rights, medical privacy laws, or confidentiality agreements, including but not limited to Protected Health Information (as defined in 45 C.F.R. § 160.103). The Natera Defendants will not produce such information.

15. The Natera Defendant further object to the Requests to the extent they require production of documents restricted by contractual obligations regarding third-party information.

16. The Natera Defendants further object to the Requests to the extent they: (i) call for documents provided to a governmental entity or regulator on a confidential basis and/or subject to the protections applicable to a governmental investigation or inquiry, including, but not limited to, records or information compiled for law enforcement purposes; or (ii) could interfere with any ongoing governmental investigations.

17. The Natera Defendants further object to the Requests to the extent they purport to require preservation and/or production of electronically stored information ("ESI") or documents that are not stored on active systems, but are stored on systems, backup tapes, or other media that are no longer part of normal business operations. Such ESI is not reasonably accessible and likely is duplicative of ESI available from other, more readily accessible sources. Because of the lack of relevance of such ESI and the cost associated with searching, preserving, and accessing these data sources, the Natera Defendants will not search the ESI sources described in this General Objection in responding, if necessary, to the Requests.

18. The Natera Defendants further object to the Requests to the extent that they require preservation and/or production of ESI or documents that exceed the separately negotiated Confidentiality and Protective Order (the "Protective Order") and/or Stipulation and [Proposed] Case Management Order Regarding Document and Electronically Stored Information Protocol (the "ESI Protocol") that the Parties are presently negotiating. The Natera Defendants will produce

any ESI and documents in accordance with the production protocols in the ESI Protocol and the Protective Order ultimately agreed upon and/or ordered by the Court.

19.     The Natera Defendants further object to the Requests to the extent they purport to require the Natera Defendants to discern or inquire about relationships between or among entities that are not affiliated with Natera.  Subject to, and without waiver of, the Responses, the Natera Defendants state that: (i) in responding, or producing documents in response, to the Requests, they will not make any inquiry to attempt to identify any relationships between or among entities that are not affiliated with Natera; and (ii) the Natera Defendants' Responses and production of documents in response to the Requests are not intended to be, and shall not be construed as, an admission with respect to any relationships between or among entities.

20.     The Natera Defendants further object to the Requests to the extent they purport to seek the discovery of documents that are in the possession, custody, or control of Natera's affiliates or subsidiaries that have corporate identities separate and apart from those of Natera on the grounds that such documents are not in Natera's possession, custody, or control.

21.     The Natera Defendants further object to the Requests because they fail to provide a reasonable time to comply.

22.     The Natera Defendants further object to the Requests because, as set forth in the Natera Defendants' forthcoming position statement for the Joint Rule 26(f) Report and [Proposed] Order to be submitted to the Court, discovery in this Action should be sequenced such that discovery relevant to class certification should precede broader merits discovery, until final resolution of Plaintiffs' expected motion for class certification.

23.     The Natera Defendants further object to the Requests to the extent they may imply a waiver or concession of any factual or legal issue.  The Natera Defendants' Responses and any

production of documents in response to the Requests are not intended to be, and shall not be construed as, an admission that any factual predicates stated in the Requests are accurate, and any agreement by the Natera Defendants to produce responsive documents is not intended to be, and shall not be construed, as an admission that responsive documents exist.

24.     Irrespective of whether the Natera Defendants produce or agree to produce documents in response to the Requests, the Natera Defendants further reserve the right (but do not assume the obligation) to revise, amend, or supplement these Responses.

## OBJECTIONS TO DEFINITIONS

The Natera Defendants object to each of the Definitions, and to any Definition, Instruction, or Specific Request that incorporates that definition, to the extent it purports to broaden the obligations imposed by the Applicable Rules or any discovery protocols hereafter agreed upon by the parties. Subject to and without waiving the Responses, in responding to the Requests, the Natera Defendants will comply, and construe the Definitions consistently, with the Applicable Rules and any discovery protocols hereafter agreed upon by the parties.

25.     The Natera Defendants further object to the definition of "Board of Directors" as overbroad and unduly burdensome to the extent the Requests seek information from individuals that are not relevant to the subject matter of this Action.

26.     The Natera Defendants further object to the definition of "Communication" and "Communications" to the extent the Requests purport to impose requirements beyond those set forth in the Applicable Rules.  The Natera Defendants object to the definition of "Communication" and "Communications" as vague, ambiguous, overbroad, unduly burdensome, because it purports to impose burdens that are greater than, more burdensome than, or inconsistent with the obligations imposed by the Applicable Rules.  The Natera Defendants further object to the definition of

"Communication" and "Communications" to the extent they require the production of non-tangible and non-stored information. In responding to the Requests, the Natera Defendants will interpret these words in accordance with their ordinary meanings and the Applicable Rules.

27. The Natera Defendants further object to the definition of "Concern" and "Concerning" to the extent the Requests purport to impose requirements beyond those set forth in the Applicable Rules. The Natera Defendants further object to the definition of "Concern" and "Concerning" as vague and ambiguous to the extent that they attempt to define words beyond their ordinary meaning. In responding to the Requests, the Natera Defendants will interpret these words in accordance with their ordinary meanings.

28. The Natera Defendants further object to the definition of "Document" to the extent it purports to impose requirements beyond those set forth in the Applicable Rules and the separately negotiated Confidentiality and Protective Order (the "Protective Order") and/or Stipulation and [Proposed] Case Management Order Regarding Document and Electronically Stored Information Protocol (the "ESI Protocol") that the Parties are presently negotiating. The Natera Defendants further object to the definition of "Document" to the extent that it incorporates the terms "Communications," "Meetings," "Electronic Media," and "Electronic Messages" on the grounds objected to herein. The Natera Defendants further object to the definition of "Document" as overbroad and unduly burdensome because it seeks a litany of categories of materials without regard to how the materials are stored nor any potential relation to the subject matter of this Action (for example, telegrams, microfilms, and check vouchers). In responding to the Requests, the Natera Defendants will interpret the term "Document" in accordance with its ordinary meaning and the Applicable Rules.

29.     The Natera Defendants further object to the definition of "Document Request" and "Requests" to the extent that it incorporates the term "Documents" on the grounds objected to herein.

30.     The Natera Defendants further object to the definition of "DOJ" to the extent it purports to impose requirements beyond those set forth in the Applicable Rules.  The Natera Defendants further object to the definition of "DOJ" on the grounds that it is vague, ambiguous, overbroad, and unduly burdensome to the extent it attempts to encompass an entire federal agency without any further specification as to the relevance, if any, to this Action.

31.     The Natera Defendants further object to the definitions of "Electronically-Stored Information" and "ESI" to the extent that they exceed the separately negotiated Protective Order and/or ESI Protocol that the Parties are presently negotiating.  The Natera Defendants will construe these terms consistently with the production protocols in the ESI Protocol and the Protective Order ultimately agreed upon and/or ordered by the Court.

32.     The Natera Defendants further object to the definition of "Electronic Media" to the extent that it exceeds the separately negotiated Protective Order and/or ESI Protocol that the Parties are presently negotiating.  The Natera Defendants will construe this term consistently with the production protocols in the ESI Protocol and the Protective Order ultimately agreed upon and/or ordered by the Court.

33.     The Natera Defendants further object to the definition of "Electronic Message" to the extent that it exceeds the separately negotiated Protective Order and/or ESI Protocol that the Parties are presently negotiating.  The Natera Defendants will construe this term consistently with the production protocols in the ESI Protocol and the Protective Order ultimately agreed upon and/or ordered by the Court.

34.     The Natera Defendants further object to the definition of "Employee" to the extent it purports to impose requirements beyond those set forth in the Applicable Rules.  The Natera Defendants further object to the definition of "employee" as overbroad and unduly burdensome to the extent that it attempts to encompasses individuals that are not legal employees.  The Natera Defendants further object to the definition of "Employee" to the extent that it incorporates the term "Person" and "Relevant Period" on the grounds objected to herein.  In responding to the Requests, the Natera Defendants will interpret "Employee" to apply to legal employees.

35.     The Natera Defendants further object to the definition of "FDA" to the extent it purports to impose requirements beyond those set forth in the Applicable Rules.  The Natera Defendants further object to the definition of "FDA" on the grounds that it is vague, ambiguous, overbroad, and unduly burdensome to the extent it attempts to encompass an entire federal agency without any further specification as to the relevance, if any, to this Action.

36.     The Natera Defendants further object to the definition of "Governmental Agency" to the extent it purports to impose requirements beyond those set forth in the Applicable Rules. The Natera Defendants further object to the definition of "Governmental Agency" on the grounds that it is vague, ambiguous, overbroad, and unduly burdensome to the extent it attempts to encompass any and all federal, state, and local government entities without any further specification as to the relevance, if any, to this Action. For example, the definition expressly lists the "Federal Trade Commission," but that entity has no relation to this Action whatsoever, nor is it mentioned in any of the Specific Requests.

37.     The Natera Defendants further object to the definition of "Guidance" on the grounds that it is overbroad, and unduly burdensome to the extent it ascribes a meaning that is inconsistent with usage.  In particular, the Natera Defendants further object to the definition of

"Guidance" to the extent it attempts to encompass "factors or drivers that could influence" certain financial metrics, which goes beyond this word's ordinary meaning. In responding to the Requests, the Natera Defendants will interpret "Guidance" in accordance with its ordinary meaning.

38. The Natera Defendants further object to the definition of "Identify" to the extent it purports to impose requirements beyond those set forth in the Applicable Rules. The Natera Defendants further object to the definition of "Identify" with respect to "Persons" on the grounds that it is confusing, vague, and ambiguous to the extent it ascribes a meaning that is inconsistent with common usage. The Natera Defendants further object to the definition of "Identify" with respect to "Persons" on the grounds that it purports to require the Natera Defendants to respond on behalf of any other entities or individuals, including third parties. The Natera Defendants further object to the definition of "Identify" with respect to "Persons" on the grounds that they seek detailed, sensitive, and irrelevant personal information of current and former employees or other persons and violates the privacy and confidentiality of Natera's current or former employees or other individuals.

39. The Natera Defendants further object to the definition of "Identify" with respect to "Documents" on the grounds that it is confusing, vague, and ambiguous to the extent it ascribes a meaning that is inconsistent with common usage. The Natera Defendants further object to the definition of "Identify" with respect to "Documents" on the grounds that it purports to impose requirements beyond those set forth in the Applicable Rules and the separately negotiated Protective Order and/or ESI Protocol that the Parties are presently negotiating.

40. The Natera Defendants further object to the definition of "Include" and "Including" to the extent the Requests purport to impose requirements beyond those set forth in the Applicable Rules. The Natera Defendants further object to the definition of "Include" or "Including" as vague

and ambiguous to the extent that it attempts to define the words beyond their ordinary meaning. In responding to the Requests, the Natera Defendants will interpret these words in accordance with their ordinary meanings.

41.     The Natera Defendants further object to the definition of "Meeting(s)" as overbroad, unduly burdensome, and purporting to impose burdens that are greater than, more burdensome than, or inconsistent with the obligations imposed by the Applicable Rules.  The Natera Defendants further object to the definition as vague and ambiguous to the extent it attempts to encompass "the contemporaneous presence of any natural persons . . . for any purpose, whether such presence was by chance or prearranged, and whether the meeting was formal or informal, or occurred in connection with some other activity."  Any and all interactions between any human beings would conceivably fall within this definition.  The Natera Defendants further object to the definition as overbroad and unduly burdensome to the extent it calls for effectively every form of written and non-written communication, regardless of whether such interaction has any bearing on this Action. In responding to the Requests, the Natera Defendants will interpret "Meeting" in accordance with its ordinary meaning.

42.     The Natera Defendants further object to the definition of "Michigan AG" to the extent it purports to impose requirements beyond those set forth in the Applicable Rules.  The Natera Defendants further object to the definition of "Michigan AG" on the grounds that it is vague, ambiguous, overbroad, and unduly burdensome to the extent it attempts to encompass an entire state agency without any further specification as to the relevance, if any, to this Action.

43.     The Natera Defendants further object to the definition of "Michigan AG Investigation" to the extent it purports to impose requirements beyond those set forth in the Applicable Rules.  The Natera Defendants further object to the definition of "Michigan AG

Investigation" on the grounds that it is vague, ambiguous, overbroad, and unduly burdensome to the extent it refers to an "investigation into Natera's billing practices," not identified in the definition. The Natera Defendants further object on the grounds that it mischaracterizes any such investigation or inquiry.

44. The Natera Defendants further object to the definition of "Natera" and the "Company" to the extent it purports to impose requirements beyond those set forth in the Applicable Rules. The Natera Defendants further object to the definition of "Natera" and the "Company" on the grounds that it is overly broad and unduly burdensome to the extent it uses the phrase "any of its direct or indirect parent companies, subsidiaries, divisions, affiliates, predecessors, successors, present and former officers, directors (including the Director Defendants acting collectively and all directors, individually), Employees, partners, agents, accountants, auditors, attorneys, representatives, advisors, and all other Persons acting or purporting to act on its behalf." The Natera Defendants further object to the definition as vague and ambiguous and because it calls for legal conclusions with respect to the terms "predecessors," "successors," "subsidiaries," "divisions," "affiliates," "agents," and "other persons acting or purporting to act on its behalf." The Natera Defendants further object to the definition of "Natera" and the "Company" to the extent that it incorporates the terms "Employees" and "Persons" on the grounds objected to herein. In responding to the Requests, the Natera Defendants will interpret the terms "Natera" and the "Company" to refer to Natera, Inc. and its employees, officers, or directors acting in their official capacities.

45. The Natera Defendants further object to the definition of "Natera Defendants" to the extent that it incorporates the term "Natera" on the grounds objected to herein.

46.     The Natera Defendants further object to the definition of "Panorama" on the grounds that it is vague, ambiguous, overbroad, and unduly burdensome to the extent it attempts to encompass Natera's other non-invasive prenatal tests (for example, Vistara, Horizon, Spectrum, Empower, and/or Anora). In responding to the Requests, the Natera Defendants will interpret the term "Panorama" to refer to the Panorama™ screen only.

47.     The Natera Defendants further object to the definition of "Person" and "Persons to the extent it purports to impose requirements beyond those set forth in the Applicable Rules. The Natera Defendants further object to the definition to the extent it encompasses categories of entities that are not typically understood to be natural or legal persons. In responding to the Requests, the Natera Defendants will interpret these words in accordance with their ordinary meanings and the Applicable Rules.

48.     The Natera Defendants further object to the definition "Policy" and "Policies" on the grounds that it is confusing, vague, and ambiguous to the extent it ascribes a meaning that is inconsistent with common usage. The Natera Defendants further object to the definition of "Policy" and "Policies" to the extent that any Request incorporating these terms seeks unwritten, unrecorded, or implicit information. In responding to the Requests, Defendants will interpret the terms "Policy" and "Policies" to mean Natera's formal written policies.

49.     The Natera Defendants further object to the definition of "Prospectus" on the grounds that it is vague, ambiguous, and overbroad to the extent that it includes the phrase "in connection with."

50.     The Natera Defendants further object to the definition of "Refer" and "Relate" to the extent the Requests purport to impose requirements beyond those set forth in the Applicable Rules. The Natera Defendants further object to the definition of "Refer" and "Relate" as vague

and ambiguous to the extent that they attempt to define words beyond their ordinary meaning.  In responding to the Requests, the Natera Defendants will interpret these words in accordance with their ordinary meanings.

51.     The Natera Defendants further object to the definition of "Registration Statement" on the grounds that it is vague, ambiguous, and overbroad to the extent that it includes the phrase "in connection with."

52.     The Natera Defendants further object to the definition of "SEC" to the extent it purports to impose requirements beyond those set forth in the Applicable Rules.  The Natera Defendants further object to the definition of "SEC" on the grounds that it is vague, ambiguous, overbroad, and unduly burdensome to the extent it attempts to encompass an entire federal agency without any further specification as to the relevance, if any, to this Action.

53.     The Natera Defendants further object to the definition of "Underwriter Defendants" to the extent it purports to impose requirements beyond those set forth in the Applicable Rules. The Natera Defendants further object to the definition of "Underwriter Defendants" on the grounds that it is overly broad and unduly burdensome to the extent it uses the phrase "each of all of the divisions, subdivisions, affiliates, predecessors, successors, joint ventures, present and former officers, directors, Employees, representatives, agents, attorneys, accountants, advisors and all other Persons acting or purporting to act on the entities' behalf."  The Natera Defendants further object to the definition as vague and ambiguous and because it calls for legal conclusions with respect to the terms "predecessors," "successors," "subsidiaries," "divisions," "affiliates," "agents," and "other Persons acting or purporting to act on the entities' behalf."  The Natera Defendants further object to the definition of "Underwriter Defendants" to the extent that it incorporates the terms "Employees" and "Persons" on the grounds objected to herein.  In

responding to the Requests, the Natera Defendants will interpret the terms "Natera" and the "Company" to refer to (i) Morgan Stanley & Co. LLC; (ii) Goldman Sachs & Co. LLC; (iii) Cowen and Company, LLC; (iv) SVB Leerink LLC; (v) Robert W. Baird & Co. Incorporated; (vi) BTIG, LLC; and (vii) Craig-Hallum Capital Group LLC, and their respective employees, officers, or directors acting in their official capacities.

54.     The Natera Defendants further object to the definition of "You" and "Your" on the grounds that it incorporates the term "Natera Defendants" on the grounds objected to herein.

## OBJECTIONS TO INSTRUCTIONS

The Natera Defendants object to the Instructions to the extent the Instructions purport to broaden the discovery obligations imposed by the Applicable Rules, including Federal Rules of Civil Procedure 26(b)(5) and 34(b)(2).  Subject to, and without waiving any of the Responses, in responding to the Requests, the Natera Defendants will construe the Instructions consistently with the Applicable Rules and subject to the separately negotiated Protective Order and/or ESI Protocol that the Parties are presently negotiating.  Any objection to the Instructions should also be construed as an objection to any Definition, Instruction, or Specific Request that incorporates that Instruction. Without in any way obligating themselves to do so, the Natera Defendants expressly reserve the right to supplement, amend, correct, clarify or modify their Responses as further information becomes available.

55.     The Natera Defendants object to Instruction No. 1 on the grounds that it is vague, ambiguous, and nonsensical to the extent that it attempts to define the words "All," "Any," and "Each" beyond their ordinary meaning.  In responding to the Requests, the Natera Defendants will interpret these words in accordance with their ordinary meanings.

56.     The Natera Defendants object to Instruction Nos. 2-3 on the grounds, and to the extent, that they are vague, ambiguous, overbroad, unduly burdensome, and nonsensical, because it eliminates the plain distinction between words signifying conjunction and words signifying disjunction, seeking to construe them as both conjunctive and disjunctive.  In responding to the Requests, the Natera Defendants will give words signifying conjunction and words signifying disjunction their plain meaning: *i.e.*, words signifying conjunction as solely conjunctive and words signifying disjunction as solely disjunctive.

57.     The Natera Defendants object to Instruction No. 4 on the grounds, and to the extent, that it is vague, ambiguous, overbroad, unduly burdensome, and nonsensical, because it eliminates the plain distinction between the past and present tense.  Eliminating this distinction is confusing and also materially impacts the scope of the information sought.  In responding to the Requests, the Natera Defendants will construe any words and phrases consistent with the explicit tense utilized.

58.     The Natera Defendants object to Instruction No. 5 on the grounds, and to the extent, that it is overbroad and unduly burdensome because it demands information that is not necessary for Plaintiffs to make an adequate assessment of the Natera Defendants' assertion of privilege, the work-product protection, or other immunity from production.  The Natera Defendants further object to this Instruction to the extent that it could be construed to require the Natera Defendants to furnish a privilege log together with these objections or at any particular time. The Natera Defendants will produce a privilege log that complies with their obligations under the Applicable Rules at an appropriate time.

59.     The Natera Defendants object to Instruction No. 6 on the grounds, and to the extent, that it is overbroad and unduly burdensome because it demands information that is not necessary

for Plaintiffs to make an adequate assessment of the Natera Defendants' assertion of privilege, the work-product protection, or other immunity from production. The Natera Defendants further object to this Instruction to the extent that it could be construed to require the Natera Defendants to furnish a privilege log together with these objections or at any particular time. At an appropriate time, the Natera Defendants will produce a privilege log that complies with their obligations under the Applicable Rules.

60.     The Natera Defendants object to Instruction No. 7 on the grounds, and to the extent, that it requires the production of documents that may be validly withheld regardless of responsiveness, based on an applicable privilege, immunity, or other protection. The Natera Defendants will solely produce the specific sets of documents, and conduct the reasonable searches, as identified in their Responses to the Requests.

61.     The Natera Defendants object to Instruction No. 8 on the grounds, and to the extent, that it is overbroad and unduly burdensome because it calls for the production of "archived" documents, even where a subset of more readily available documents would suffice. The Natera Defendants further object to this Instruction on the grounds, and to the extent, that it requires unreasonably costly or time-consuming measures to locate and produce responsive documents. In producing documents responsive to the Requests, the Natera Defendants will comply with the Applicable Rules, and the ESI Protocol and the Protective Order ultimately agreed upon and/or ordered by the Court.

62.     The Natera Defendants object to Instruction Nos. 9-11, 13, 15 to on the grounds, and to the extent, that they seek to impose obligations different from, and in addition to, the Natera Defendants' obligations under the Applicable Rules, and the ESI Protocol and the Protective Order ultimately agreed upon and/or ordered by the Court. In producing documents responsive to the

Requests, the Natera Defendants will abide by the Federal Rules of Civil Procedure, case law, all Applicable Rules, and the ESI Protocol to be executed by the parties.

63.     The Natera Defendants object to Instruction No. 12 to on the grounds, and to the extent, that it seeks to impose unreasonably costly or time-consuming measures to locate and produce responsive documents.  In producing documents responsive to the Requests, the Natera Defendants will comply with the Applicable Rules, and the ESI Protocol and the Protective Order ultimately agreed upon and/or ordered by the Court.

64.     The Natera Defendants object to Instruction Nos. 14 and 16 on the grounds, and to the extent, that they seek to impose obligations beyond those required the Applicable Rules.  The Natera Defendants further object to these Instructions on the grounds, and to the extent, that they purport to obligate the Natera Defendants to produce documents or portions of documents that are not relevant or responsive to the Requests.

## OBJECTIONS TO RELEVANT TIME PERIOD

The Natera Defendants object to the time period, which Plaintiffs define as from January 1, 2019 to September 20, 2022, on the grounds that such time period exceeds the putative class period specified in the Complaint (as further limited by Natera's Defendants' objections to the definition of Complaint set forth above) and is overly broad, unduly burdensome, and inconsistent with the time period at issue in the Complaint.  The Natera Defendants further object to the Requests to the extent they purport to require the production of documents regarding events occurring outside the putative class period on the grounds that such Requests are neither relevant to the claims, defenses or subject matter of, nor proportional to the needs of, the Action.  The Natera Defendants further object to the time period set forth on the grounds and to the extent that

the Court does not certify a class or does not certify a class that encompasses the entire class period set forth in the Complaint.

## SPECIFIC OBJECTIONS AND RESPONSES

The General Objections, Objections to Definitions, Objections to Instructions, and Objections to Relevant Time Period, are incorporated into each response to an individual Request, whether or not specifically repeated or identified by number in response to the Request. For the purposes of clarity, one or more of the objections set forth in the General Objections, Objections to Definitions, Objections to Instructions, and Objections to Relevant Time Period may be specifically referenced, or its wording may be repeated, in response to a certain Request, and each such reference is intended to incorporate the objection as if stated in full. Failure to incorporate a general or specific objection or response is not intended to waive or limit the application of that objection or response or any other General Objection, Objection to Definitions, Objection to Instructions, and Objection to Relevant Time Period, to any of the following responses to the Requests:

**REQUEST FOR PRODUCTION NO. 1:**

Documents, organizational charts, or other graphic presentations or representations sufficient to describe the organization of the Company, including:

i. the locations of any offices or facilities;

ii. the organizational units and the nature of their operations; and

iii. all teams, committees, or other groups within the Company with responsibilities related to Panorama.

The time period applicable to this request is January 1, 2018 through September 30, 2022.

**RESPONSE TO REQUEST NO. 1:**

The Natera Defendants incorporate their General Objections, Objections to Definitions, Objections to Instructions, and Objections to Relevant Time Period as though fully set forth herein, and further object to this Request on the grounds it is overbroad, unduly burdensome, and seeks documents beyond the permissible scope of discovery. The Natera Defendants further object to this Request on the grounds, and to the extent, it seeks documents outside the putative class period. The Natera Defendants further object to this Request on the grounds, and to the extent, that the documents it is seeking are not relevant to any claim or defense. The Natera Defendants further object to this Request on the grounds, and to the extent, it seeks documents regarding the organization of Natera irrespective of any relation to the claims at issue in the Action (namely, with respect to Panorama). The Natera Defendants further object to this Request on the grounds, and to the extent, it seeks documents concerning locations of offices and/or facilities irrespective of any relation to the claims at issue in the Action (namely, with respect to Panorama). The Natera Defendants further object to this Request on the grounds that the terms and phrases "facilities," "organizational units," "nature of their operations," "teams, committees, or other groups," and "responsibilities related to Panorama" are vague and ambiguous. The Natera Defendants further object to this Request to the extent it is not necessary to class certification and thus any responses to this Request should be deferred until after final resolution of class certification proceedings.

Subject to and without waiving the foregoing General Objections, Objections to Definitions, Objections to Instructions, and Objections to Relevant Time Period, the Natera Defendants respond that they will only produce documents to the extent they are relevant to class certification, because discovery in this Action should be sequenced such that discovery relevant to class certification should precede broader merits discovery.

**REQUEST FOR PRODUCTION NO. 2:**

Documents, organizational charts, or other graphic presentations or representations sufficient to identify all Employees having responsibility for:

i. regulatory, compliance, marketing, sales and/or business matters concerning Panorama;

ii. financial budgets, forecasts, performance tracking, and modeling concerning Panorama; and

iii. Your public disclosures in SEC filings, press releases, media articles, or on conference calls, or in any other public statements or presentations.

The time period applicable to this request is January 1, 2018 through September 30, 2022.

**RESPONSE TO REQUEST NO. 2:**

The Natera Defendants incorporate their General Objections, Objections to Definitions, Objections to Instructions, and Objections to Relevant Time Period as though fully set forth herein, and further object to this Request on the grounds it is overbroad, unduly burdensome, and seeks documents beyond the permissible scope of discovery. The Natera Defendants further object to this Request on the grounds, and to the extent, it seeks documents outside the putative class period. The Natera Defendants further object to this Request on the grounds, and to the extent, that the documents it is seeking are not relevant to any claim or defense. The Natera Defendants further object to this Request on the grounds that it is overbroad, unduly burdensome, and beyond the permissible scope of discovery to the extent it requests identification of "all Employees," without any limitations regarding whether these individuals are relevant to the claims, allegations, and defenses at issue in this Action. The Natera Defendants further object to this Request on the grounds that the phrases "having responsibility for," "sales and/or business matters," and "any other public statements or presentations" are vague and ambiguous. The Natera Defendants further

object to this Request to the extent it is not necessary to class certification and thus any responses to this Request should be deferred until after final resolution of class certification proceedings.

Subject to and without waiving the foregoing General Objections, Objections to Definitions, Objections to Instructions, and Objections to Relevant Time Period, the Natera Defendants respond that they will only produce documents to the extent they are relevant to class certification, because discovery in this Action should be sequenced such that discovery relevant to class certification should precede broader merits discovery.

## REQUEST FOR PRODUCTION NO. 3:

All Documents concerning the Company's Policies for preparing, reviewing, editing, approving, modifying, and/or distributing Natera's press releases, SEC filings, public statements and opening statements, talking points, presentation materials (such as slide decks), questions and answers, or other remarks by the Company or its representatives prepared in connection with any call, conference, presentation or Meeting with analysts, investors or the media.

## RESPONSE TO REQUEST NO. 3:

The Natera Defendants incorporate their General Objections, Objections to Definitions, Objections to Instructions, and Objections to Relevant Time Period as though fully set forth herein, and further object to this Request on the grounds that it is duplicative of other requests, overbroad, unduly burdensome, and seeks documents beyond the permissible scope of discovery. The Natera Defendants further object to this Request on the grounds, and to the extent, that the documents it is seeking are protected by the attorney-client privilege, the work product doctrine, or any similar protection. The Natera Defendants further object to this Request on the grounds, and to the extent, that it seeks documents that are publicly available or otherwise easily obtainable to Plaintiffs. The Natera Defendants further object to this Request on the grounds that it is overbroad, unduly

burdensome, and beyond the permissible scope of discovery to the extent it requests "All Documents," without any limitations regarding whether these documents are relevant to the claims at issue and requests documents relating to time periods and scope that are not relevant to the allegations and defenses at issue in this Action. The Natera Defendants further object to this Request on the grounds that the terms and phrases "talking points," "presentation materials (such as slide decks)," "questions and answers," "other remarks," and "prepared in connection with" are vague and ambiguous. The Natera Defendants further object to this Request to the extent it is not necessary to class certification and thus any responses to this Request should be deferred until after final resolution of class certification proceedings.

Subject to and without waiving the foregoing General Objections, Objections to Definitions, Objections to Instructions, and Objections to Relevant Time Period, the Natera Defendants respond that they will only produce documents to the extent they are relevant to class certification, because discovery in this Action should be sequenced such that discovery relevant to class certification should precede broader merits discovery.

**REQUEST FOR PRODUCTION NO. 4:**

All Documents reviewed, considered, relied upon or otherwise providing the basis for the statements referenced in ¶¶106, 108, 110-11, 113, 115-16, 119, 121, 125, 132, 142, 148 and 150-62 of the Complaint, including Documents concerning the preparation, review, editing, approval, modification, and/or distribution of such statements.

**RESPONSE TO REQUEST NO. 4:**

The Natera Defendants incorporate their General Objections, Objections to Definitions, Objections to Instructions, and Objections to Relevant Time Period as though fully set forth herein, and further object to this Request on the grounds that it is duplicative of other requests, overbroad,

unduly burdensome, and seeks documents beyond the permissible scope of discovery. The Natera

Defendants further object to this Request on the grounds, and to the extent, that the documents it

is seeking are protected by the attorney-client privilege, the work product doctrine, or any similar

protection. The Natera Defendants further object to this Request on the grounds, and to the extent,

that it seeks documents that are publicly available or otherwise easily obtainable to Plaintiffs. The

Natera Defendants further object to this Request on the grounds that it is overbroad, unduly

burdensome, and beyond the permissible scope of discovery to the extent it requests "All

Documents," without any limitations regarding whether these documents are relevant to the claims

at issue and requests documents relating to time periods and scope that are not relevant to the

allegations and defenses at issue in this Action. The Natera Defendants further object to this

Request on the grounds that the terms and phrases "considered," "relied upon," and "otherwise

providing the basis for" are vague and ambiguous. The Natera Defendants further object to this

Request to the extent it is not necessary to class certification and thus any responses to this Request

should be deferred until after final resolution of class certification proceedings.

Subject to and without waiving the foregoing General Objections, Objections to

Definitions, Objections to Instructions, and Objections to Relevant Time Period, the Natera

Defendants respond that they will only produce documents to the extent they are relevant to class

certification, because discovery in this Action should be sequenced such that discovery relevant to

class certification should precede broader merits discovery.

**REQUEST FOR PRODUCTION NO. 5:**

All Documents concerning the Company's Policies regarding transactions of Natera

securities by executives, officers, directors, or Employees of the Company, including:

i. any Documents concerning any changes to, or violations of, those Policies; and

ii. any Documents or Communications related to those Policies concerning Defendants.

**RESPONSE TO REQUEST NO. 5:**

The Natera Defendants incorporate their General Objections, Objections to Definitions, Objections to Instructions, and Objections to Relevant Time Period as though fully set forth herein, and further object to this Request on the grounds that it is duplicative of other requests, vague, ambiguous, overbroad, unduly burdensome, and seeks documents beyond the permissible scope of discovery. The Natera Defendants further object to this Request on the grounds, and to the extent, that the documents it is seeking are protected by the attorney-client privilege, the work product doctrine, or any similar protection. The Natera Defendants further object to this Request on the grounds, and to the extent, that it seeks documents that are publicly available or otherwise easily obtainable to Plaintiffs. The Natera Defendants further object to this Request on the grounds that it is overbroad, unduly burdensome, and beyond the permissible scope of discovery to the extent it requests "All Documents," without any limitations regarding whether these documents are relevant to the claims at issue and requests documents relating to time periods and scope that are not relevant to the allegations and defenses at issue in this Action. The Natera Defendants further object to this request because it seeks unwritten and unrecorded policies, procedures, or practices. The Natera Defendants further object to this Request on the grounds that the phrases "Company's Policies regarding transactions of Natera securities by executives, officers, directors, or Employees of the Company," "Documents concerning any changes to, or violations of, those Policies," and "Documents or Communications related to those Policies concerning Defendants" are vague and ambiguous. The Natera Defendants further object to this Request to the extent it is not necessary to class certification and thus any responses to this Request should be deferred until after final resolution of class certification proceedings.

Subject to and without waiving the foregoing General Objections, Objections to Definitions, Objections to Instructions, and Objections to Relevant Time Period, the Natera Defendants respond that they will only produce documents to the extent they are relevant to class certification, because discovery in this Action should be sequenced such that discovery relevant to class certification should precede broader merits discovery.

**REQUEST FOR PRODUCTION NO. 6:**

All Documents concerning any Director Defendants' or Executive Defendants' transactions in Natera common stock, including Documents concerning transactions made pursuant to Rule 10b5-1 plans and Documents concerning any proposed or actual changes to Rule 10b5-1 plans.

**RESPONSE TO REQUEST NO. 6:**

The Natera Defendants incorporate their General Objections, Objections to Definitions, Objections to Instructions, and Objections to Relevant Time Period as though fully set forth herein, and further object to this Request on the grounds that it is duplicative of other requests, vague, ambiguous, overbroad, unduly burdensome, and seeks documents beyond the permissible scope of discovery. The Natera Defendants further object to this Request on the grounds, and to the extent, that the documents it is seeking are protected by the attorney-client privilege, the work product doctrine, or any similar protection. The Natera Defendants further object to this Request on the grounds, and to the extent, that it seeks documents that are publicly available or otherwise easily obtainable to Plaintiffs. The Natera Defendants further object to this Request on the grounds that it is overbroad, unduly burdensome, and beyond the permissible scope of discovery to the extent it requests "All Documents," without any limitations regarding whether these documents are relevant to the claims at issue and requests documents relating to time periods and scope that

are not relevant to the allegations and defenses at issue in this Action. The Natera Defendants further object to this Request on the grounds that the phrases "Documents concerning transactions made pursuant to Rule 10b5-1 plans," and "Documents concerning any proposed or actual changes to Rule 10b5-1 plans" are vague and ambiguous. The Natera Defendants further object to this Request to the extent it is not necessary to class certification and thus any responses to this Request should be deferred until after final resolution of class certification proceedings.

Subject to and without waiving the foregoing General Objections, Objections to Definitions, Objections to Instructions, and Objections to Relevant Time Period, the Natera Defendants respond that they will only produce documents to the extent they are relevant to class certification, because discovery in this Action should be sequenced such that discovery relevant to class certification should precede broader merits discovery.

**REQUEST FOR PRODUCTION NO. 7:**

All Documents concerning insider transactions in Natera securities by the Executive Defendants or other corporate executives at the Executive Vice President level or above.

**RESPONSE TO REQUEST NO. 7:**

The Natera Defendants incorporate their General Objections, Objections to Definitions, Objections to Instructions, and Objections to Relevant Time Period as though fully set forth herein, and further object to this Request on the grounds that it is duplicative of other requests, vague, ambiguous, overbroad, unduly burdensome, and seeks documents beyond the permissible scope of discovery. The Natera Defendants further object to this Request on the grounds, and to the extent, that the documents it is seeking are protected by the attorney-client privilege, the work product doctrine, or any similar protection. The Natera Defendants further object to this Request on the grounds, and to the extent, that it seeks documents that are publicly available or otherwise

easily obtainable to Plaintiffs. The Natera Defendants further object to this Request on the grounds that it is overbroad, unduly burdensome, and beyond the permissible scope of discovery to the extent it requests "All Documents," without any limitations regarding whether these documents are relevant to the claims at issue and requests documents relating to time periods and scope that are not relevant to the allegations and defenses at issue in this Action. The Natera Defendants further object to this Request on the grounds that the phrases "concerning insider transactions in Natera Securities," and "other corporate executives at the Executive Vice President level or above" are vague and ambiguous. In particular, it is unclear how unidentified individuals not named as Defendants are relevant to the claims in this Action. The Natera Defendants further object to this Request to the extent it is not necessary to class certification and thus any responses to this Request should be deferred until after final resolution of class certification proceedings.

Subject to and without waiving the foregoing General Objections, Objections to Definitions, Objections to Instructions, and Objections to Relevant Time Period, the Natera Defendants respond that they will only produce documents to the extent they are relevant to class certification, because discovery in this Action should be sequenced such that discovery relevant to class certification should precede broader merits discovery.

**REQUEST FOR PRODUCTION NO. 8:**

All Documents concerning the preparation or dissemination of the Registration Statement or Prospectus (and any Documents incorporated by reference therein) filed with the SEC in connection with or concerning the July 2021 SPO, including any Documents concerning whether any disclosure or statement concerning Natera should or should not be made in connection with the July 2021 SPO.

**RESPONSE TO REQUEST NO. 8:**

The Natera Defendants incorporate their General Objections, Objections to Definitions, Objections to Instructions, and Objections to Relevant Time Period as though fully set forth herein, and further object to this Request on the grounds that it is duplicative of other requests, overbroad, unduly burdensome, and seeks documents beyond the permissible scope of discovery. The Natera Defendants further object to this Request on the grounds, and to the extent, that the documents it is seeking are protected by the attorney-client privilege, the work product doctrine, or any similar protection. The Natera Defendants further object to this Request on the grounds that it is overbroad, unduly burdensome, and beyond the permissible scope of discovery to the extent it requests "All Documents," without any limitations regarding whether these documents are relevant to the claims, allegations, and defenses at issue in this Action. The Natera Defendants further object to this Request on the grounds that the phrases "concerning the preparation or dissemination of the Registration Statement or Prospectus (and any Documents incorporated by reference therein)," "in connection with or concerning the July 2021 SPO," and "concerning whether any disclosure or statement concerning Natera should or should not be made in connection with the July 2021 SPO" are vague and ambiguous. The Natera Defendants further object to this Request to the extent it is not necessary to class certification and thus any responses to this Request should be deferred until after final resolution of class certification proceedings.

Subject to and without waiving the foregoing General Objections, Objections to Definitions, Objections to Instructions, and Objections to Relevant Time Period, the Natera Defendants respond that they will only produce documents to the extent they are relevant to class certification, because discovery in this Action should be sequenced such that discovery relevant to class certification should precede broader merits discovery.

**REQUEST FOR PRODUCTION NO. 9:**

All Documents concerning any third-party entity or Person engaged by You to assist in the underwriting process for the July 2021 SPO.

**RESPONSE TO REQUEST NO. 9:**

The Natera Defendants incorporate their General Objections, Objections to Definitions, Objections to Instructions, and Objections to Relevant Time Period as though fully set forth herein, and further object to this Request on the grounds that it is duplicative of other requests, vague, ambiguous, overbroad, unduly burdensome, and seeks documents beyond the permissible scope of discovery. The Natera Defendants further object to this Request on the grounds, and to the extent, that the documents it is seeking are protected by the attorney-client privilege, the work product doctrine, or any similar protection. The Natera Defendants further object to this Request on the grounds that it is overbroad, unduly burdensome, and beyond the permissible scope of discovery to the extent it requests "All Documents," without any limitations regarding whether these documents are relevant to the claims, allegations, and defenses at issue in this Action. The Natera Defendants further object to this Request on the grounds that the phrase "concerning any third-party entity or Person engaged by You to assist in the underwriting process for the July 2021 SPO" is vague and ambiguous. The Natera Defendants further object to this Request to the extent it is not necessary to class certification and thus any responses to this Request should be deferred until after final resolution of class certification proceedings.

Subject to and without waiving the foregoing General Objections, Objections to Definitions, Objections to Instructions, and Objections to Relevant Time Period, the Natera Defendants respond that they will only produce documents to the extent they are relevant to class

certification, because discovery in this Action should be sequenced such that discovery relevant to class certification should precede broader merits discovery.

**REQUEST FOR PRODUCTION NO. 10:**

All Documents concerning any actual or potential agreement between You and any of the Underwriter Defendants, concerning underwriting arrangements, due diligence, or fees in connection with or concerning the July 2021 SPO.

**RESPONSE TO REQUEST NO. 10:**

The Natera Defendants incorporate their General Objections, Objections to Definitions, Objections to Instructions, and Objections to Relevant Time Period as though fully set forth herein, and further object to this Request on the grounds that it is duplicative of other requests, vague, ambiguous, overbroad, unduly burdensome, and seeks documents beyond the permissible scope of discovery. The Natera Defendants further object to this Request on the grounds, and to the extent, that the documents it is seeking are protected by the attorney-client privilege, the work product doctrine, or any similar protection. The Natera Defendants further object to this Request on the grounds that it is overbroad, unduly burdensome, and beyond the permissible scope of discovery to the extent it requests "All Documents," without any limitations regarding whether these documents are relevant to the claims, allegations, and defenses at issue in this Action. The Natera Defendants further object to this Request on the grounds that the phrases "concerning any actual or potential agreement" and "concerning underwriting arrangements, due diligence, or fees in connection with or concerning the July 2021 SPO" are vague and ambiguous. The Natera Defendants further object to this Request to the extent it is not necessary to class certification and thus any responses to this Request should be deferred until after final resolution of class certification proceedings.

Subject to and without waiving the foregoing General Objections, Objections to Definitions, Objections to Instructions, and Objections to Relevant Time Period, the Natera Defendants respond that they will only produce documents to the extent they are relevant to class certification, because discovery in this Action should be sequenced such that discovery relevant to class certification should precede broader merits discovery.

## REQUEST FOR PRODUCTION NO. 11:

All Documents concerning any "road show" or any other presentation, solicitation or Communication to investors, potential investors, or financial institutions investing on behalf of clients, for the July 2021 SPO, including Documents reflecting any Person attending such "road show" or investor presentation, and any Communications with such Person.

## RESPONSE TO REQUEST NO. 11:

The Natera Defendants incorporate their General Objections, Objections to Definitions, Objections to Instructions, and Objections to Relevant Time Period as though fully set forth herein, and further object to this Request on the grounds that it is duplicative of other requests, vague, ambiguous, overbroad, unduly burdensome, and seeks documents beyond the permissible scope of discovery. The Natera Defendants further object to this Request on the grounds, and to the extent, that the documents it is seeking are protected by the attorney-client privilege, the work product doctrine, or any similar protection. The Natera Defendants further object to this Request on the grounds that it is overbroad, unduly burdensome, and beyond the permissible scope of discovery to the extent it requests "All Documents," without any limitations regarding whether these documents are relevant to the claims, allegations, and defenses at issue in this Action. The Natera Defendants further object to this Request on the grounds that the terms and phrases "road show," "solicitation" and "potential investors" are vague and ambiguous. The Natera Defendants

further object to this Request to the extent it is not necessary to class certification and thus any responses to this Request should be deferred until after final resolution of class certification proceedings.

Subject to and without waiving the foregoing General Objections, Objections to Definitions, Objections to Instructions, and Objections to Relevant Time Period, the Natera Defendants respond that they will only produce documents to the extent they are relevant to class certification, because discovery in this Action should be sequenced such that discovery relevant to class certification should precede broader merits discovery.

**REQUEST FOR PRODUCTION NO. 12:**

All Documents concerning the July 2021 SPO price of Natera common stock, including any analyses and models supporting the July 2021 SPO price.

**RESPONSE TO REQUEST NO. 12:**

The Natera Defendants incorporate their General Objections, Objections to Definitions, Objections to Instructions, and Objections to Relevant Time Period as though fully set forth herein, and further object to this Request on the grounds that it is duplicative of other requests, overbroad, unduly burdensome, and seeks documents beyond the permissible scope of discovery. The Natera Defendants further object to this Request on the grounds, and to the extent, that the documents it is seeking are protected by the attorney-client privilege, the work product doctrine, or any similar protection. The Natera Defendants further object to this Request on the grounds that it is overbroad, unduly burdensome, and beyond the permissible scope of discovery to the extent it requests "All Documents," without any limitations regarding whether these documents are relevant to the claims, allegations, and defenses at issue in this Action. The Natera Defendants further object to this Request on the grounds that the phrases "any analyses and models" and "supporting

the July 2021 SPO price" are vague and ambiguous. The Natera Defendants further object to this Request to the extent it is not necessary to class certification and thus any responses to this Request should be deferred until after final resolution of class certification proceedings.

Subject to and without waiving the foregoing General Objections, Objections to Definitions, Objections to Instructions, and Objections to Relevant Time Period, the Natera Defendants respond that they will only produce documents to the extent they are relevant to class certification, because discovery in this Action should be sequenced such that discovery relevant to class certification should precede broader merits discovery.

## REQUEST FOR PRODUCTION NO. 13:

All Documents concerning monies earned, or projected to be earned, in connection with the July 2021 SPO, by You, any of the Defendants, any Natera Employee or insider, and pre-July 2021 SPO investors.

## RESPONSE TO REQUEST NO. 13:

The Natera Defendants incorporate their General Objections, Objections to Definitions, Objections to Instructions, and Objections to Relevant Time Period as though fully set forth herein, and further object to this Request on the grounds that it is duplicative of other requests, overbroad, unduly burdensome, and seeks documents beyond the permissible scope of discovery. The Natera Defendants further object to this Request on the grounds, and to the extent, that the documents it is seeking are protected by the attorney-client privilege, the work product doctrine, or any similar protection. The Natera Defendants further object to this Request on the grounds that it is overbroad, unduly burdensome, and beyond the permissible scope of discovery to the extent it requests "All Documents," without any limitations regarding whether these documents are relevant to the claims, allegations, and defenses at issue in this Action. The Natera Defendants further

object to this Request on the grounds that the phrases "monies earned, or projected to be earned" and "any Natera Employee or insider, and pre-July 2021 SPO investors" are vague and ambiguous. The Natera Defendants further object to this Request to the extent it is not necessary to class certification and thus any responses to this Request should be deferred until after final resolution of class certification proceedings.

Subject to and without waiving the foregoing General Objections, Objections to Definitions, Objections to Instructions, and Objections to Relevant Time Period, the Natera Defendants respond that they will only produce documents to the extent they are relevant to class certification, because discovery in this Action should be sequenced such that discovery relevant to class certification should precede broader merits discovery.

**REQUEST FOR PRODUCTION NO. 14:**

All Documents concerning the Executive Defendants' compensation in FY2019, FY2020, FY2021, and FY2022, including any Policies related thereto and any Documents concerning factors or drivers that could influence the Executive Defendants' compensation, including any Documents related to performance-based bonuses, restricted stock units and options tied to Natera's market valuation and revenue targets.

**RESPONSE TO REQUEST NO. 14:**

The Natera Defendants incorporate their General Objections, Objections to Definitions, Objections to Instructions, and Objections to Relevant Time Period as though fully set forth herein, and further object to this Request on the grounds that it is duplicative of other requests, vague, ambiguous, overbroad, unduly burdensome, and seeks documents beyond the permissible scope of discovery. The Natera Defendants further object to this Request on the grounds, and to the extent, that the documents it is seeking are protected by the attorney-client privilege, the work

product doctrine, or any similar protection. The Natera Defendants further object to this Request on the grounds that it is overbroad, unduly burdensome, and beyond the permissible scope of discovery to the extent it requests "All Documents," without any limitations regarding whether these documents are relevant to the claims, allegations, and defenses at issue in this Action. The Natera Defendants further object to this Request on the grounds that it seeks documents from over a year prior to the start of the putative class period and after the end of the putative class period. The Natera Defendants further object to this Request on the grounds that the terms and phrases "compensation" and "concerning factors or drivers that could influence the Executive Defendants' compensation" are vague and ambiguous. The Natera Defendants further object to this Request to the extent it is not necessary to class certification and thus any responses to this Request should be deferred until after final resolution of class certification proceedings.

Subject to and without waiving the foregoing General Objections, Objections to Definitions, Objections to Instructions, and Objections to Relevant Time Period, the Natera Defendants respond that they will only produce documents to the extent they are relevant to class certification, because discovery in this Action should be sequenced such that discovery relevant to class certification should precede broader merits discovery.

**REQUEST FOR PRODUCTION NO. 15:**

All Documents concerning compensation of the Company's Employees related to sales of Panorama, including any Policies related thereto.

**RESPONSE TO REQUEST NO. 15:**

The Natera Defendants incorporate their General Objections, Objections to Definitions, Objections to Instructions, and Objections to Relevant Time Period as though fully set forth herein, and further object to this Request on the grounds that it is duplicative of other requests, overbroad,

unduly burdensome, and seeks documents beyond the permissible scope of discovery. The Natera Defendants further object to this Request on the grounds, and to the extent, that the documents it is seeking are protected by the attorney-client privilege, the work product doctrine, or any similar protection. The Natera Defendants further object to this Request on the grounds that it is overbroad, unduly burdensome, and beyond the permissible scope of discovery to the extent it requests "All Documents," without any limitations regarding whether these documents are relevant to the claims, allegations, and defenses at issue in this Action. The Natera Defendants further object to this Request on the grounds that the terms and phrases "compensation" and "related to sales of Panorama" are vague and ambiguous. The Natera Defendants further object to this Request to the extent it is not necessary to class certification and thus any responses to this Request should be deferred until after final resolution of class certification proceedings.

Subject to and without waiving the foregoing General Objections, Objections to Definitions, Objections to Instructions, and Objections to Relevant Time Period, the Natera Defendants respond that they will only produce documents to the extent they are relevant to class certification, because discovery in this Action should be sequenced such that discovery relevant to class certification should precede broader merits discovery.

**REQUEST FOR PRODUCTION NO. 16:**

All Documents concerning the Company's projected and actual sales, profits, revenues, and earnings (specifically including Documents concerning factors or drivers that could influence these metrics) in FY2019, FY2020, FY2021, and FY2022.

**RESPONSE TO REQUEST NO. 16:**

The Natera Defendants incorporate their General Objections, Objections to Definitions, Objections to Instructions, and Objections to Relevant Time Period as though fully set forth herein,

and further object to this Request on the grounds that it is duplicative of other requests, vague, ambiguous, overbroad, unduly burdensome, and seeks documents beyond the permissible scope of discovery.  The Natera Defendants further object to this Request on the grounds, and to the extent, that the documents it is seeking are protected by the attorney-client privilege, the work product doctrine, or any similar protection.  The Natera Defendants further object to this Request on the grounds that it is overbroad, unduly burdensome, and beyond the permissible scope of discovery to the extent it requests "All Documents," without any limitations regarding whether these documents are relevant to the claims, allegations, and defenses at issue in this Action.  The Natera Defendants further object to this Request on the grounds, and to the extent, it seeks documents irrespective of any relation to the claims at issue in the Action (namely, with respect to Panorama).  The Natera Defendants further object to this Request on the grounds that it seeks documents from over a year prior to the start of the putative class period and after the end of the putative class period.  The Natera Defendants further object to this Request on the grounds that the phrase "concerning factors or drivers that could influence these metrics" is vague and ambiguous.  The Natera Defendants further object to this Request to the extent it is not necessary to class certification and thus any responses to this Request should be deferred until after final resolution of class certification proceedings.

Subject to and without waiving the foregoing General Objections, Objections to Definitions, Objections to Instructions, and Objections to Relevant Time Period, the Natera Defendants respond that they will only produce documents to the extent they are relevant to class certification, because discovery in this Action should be sequenced such that discovery relevant to class certification should precede broader merits discovery.

**REQUEST FOR PRODUCTION NO. 17:**

All Documents concerning the projected and actual sales, profits, revenues, and cash flows (specifically including Documents concerning factors or drivers that could influence these metrics) for the Company's Women's Health business in FY2019, FY2020, FY2021, and FY2022.

**RESPONSE TO REQUEST NO. 17:**

The Natera Defendants incorporate their General Objections, Objections to Definitions, Objections to Instructions, and Objections to Relevant Time Period as though fully set forth herein, and further object to this Request on the grounds that it is duplicative of other requests, vague, ambiguous, overbroad, unduly burdensome, and seeks documents beyond the permissible scope of discovery. The Natera Defendants further object to this Request on the grounds, and to the extent, that the documents it is seeking are protected by the attorney-client privilege, the work product doctrine, or any similar protection. The Natera Defendants further object to this Request on the grounds that it is overbroad, unduly burdensome, and beyond the permissible scope of discovery to the extent it requests "All Documents," without any limitations regarding whether these documents are relevant to the claims, allegations, and defenses at issue in this Action. The Natera Defendants further object to this Request on the grounds, and to the extent, it seeks documents irrespective of any relation to the claims at issue in the Action (namely, with respect to Panorama in particular – as opposed to Natera's other products relating to Women's Health). The Natera Defendants further object to this Request on the grounds that it seeks documents from over a year prior to the start of the putative class period and after the end of the putative class period. The Natera Defendants further object to this Request on the grounds that the phrases "concerning factors or drivers that could influence these metrics" and "Company's Women's Health business" are vague and ambiguous. The Natera Defendants further object to this Request to the extent it is

not necessary to class certification and thus any responses to this Request should be deferred until after final resolution of class certification proceedings.

Subject to and without waiving the foregoing General Objections, Objections to Definitions, Objections to Instructions, and Objections to Relevant Time Period, the Natera Defendants respond that they will only produce documents to the extent they are relevant to class certification, because discovery in this Action should be sequenced such that discovery relevant to class certification should precede broader merits discovery.

## REQUEST FOR PRODUCTION NO. 18:

All Documents concerning the projected and actual sales, profits, profit margins and revenues (specifically including Documents concerning factors or drivers that could influence these metrics) related to Panorama FY2019, FY2020, FY2021, and FY2022.

## RESPONSE TO REQUEST NO. 18:

The Natera Defendants incorporate their General Objections, Objections to Definitions, Objections to Instructions, and Objections to Relevant Time Period as though fully set forth herein, and further object to this Request on the grounds that it is duplicative of other requests, vague, ambiguous, overbroad, unduly burdensome, and seeks documents beyond the permissible scope of discovery. The Natera Defendants further object to this Request on the grounds, and to the extent, that the documents it is seeking are protected by the attorney-client privilege, the work product doctrine, or any similar protection. The Natera Defendants further object to this Request on the grounds that it is overbroad, unduly burdensome, and beyond the permissible scope of discovery to the extent it requests "All Documents," without any limitations regarding whether these documents are relevant to the claims, allegations, and defenses at issue in this Action. The Natera Defendants further object to this Request on the grounds that it seeks documents from over

a year prior to the start of the putative class period and after the end of the putative class period. The Natera Defendants further object to this Request on the grounds that the phrase "concerning factors or drivers that could influence these metrics" is vague and ambiguous. The Natera Defendants further object to this Request to the extent it is not necessary to class certification and thus any responses to this Request should be deferred until after final resolution of class certification proceedings.

Subject to and without waiving the foregoing General Objections, Objections to Definitions, Objections to Instructions, and Objections to Relevant Time Period, the Natera Defendants respond that they will only produce documents to the extent they are relevant to class certification, because discovery in this Action should be sequenced such that discovery relevant to class certification should precede broader merits discovery.

**REQUEST FOR PRODUCTION NO. 19:**

All Documents concerning the Company's Guidance for Natera's FY2019, FY2020, FY2021, and FY2022 including the inputs, assumptions, models, forecasts, budgeting, performance tracking, and software used to generate, update and monitor such projections, and Policies and other Documents regarding its issuance.

**RESPONSE TO REQUEST NO. 19:**

The Natera Defendants incorporate their General Objections, Objections to Definitions, Objections to Instructions, and Objections to Relevant Time Period as though fully set forth herein, and further object to this Request on the grounds that it is duplicative of other requests, vague, ambiguous, overbroad, unduly burdensome, and seeks documents beyond the permissible scope of discovery. The Natera Defendants further object to this Request on the grounds, and to the extent, that the documents it is seeking are protected by the attorney-client privilege, the work

product doctrine, or any similar protection. The Natera Defendants further object to this Request on the grounds that it is overbroad, unduly burdensome, and beyond the permissible scope of discovery to the extent it requests "All Documents," without any limitations regarding whether these documents are relevant to the claims, allegations, and defenses at issue in this Action. The Natera Defendants further object to this Request on the grounds, and to the extent, it seeks documents irrespective of any relation to the claims at issue in the Action (namely, with respect to Panorama). The Natera Defendants further object to this Request on the grounds that it seeks documents from over a year prior to the start of the putative class period and after the end of the putative class period. The Natera Defendants further object to this Request on the grounds that the terms and phrases "inputs," "assumptions," "models," "forecast," "budgeting," "performance tracking," "software," and "regarding its issuance" are vague and ambiguous. The Natera Defendants further object to this Request to the extent it is not necessary to class certification and thus any responses to this Request should be deferred until after final resolution of class certification proceedings.

Subject to and without waiving the foregoing General Objections, Objections to Definitions, Objections to Instructions, and Objections to Relevant Time Period, the Natera Defendants respond that they will only produce documents to the extent they are relevant to class certification, because discovery in this Action should be sequenced such that discovery relevant to class certification should precede broader merits discovery.

**REQUEST FOR PRODUCTION NO. 20:**

All Documents concerning the Company's Guidance related to the Company's Women's Health business for FY2019, FY2020, FY2021, and FY2022 including the inputs, assumptions,

models, forecasts, budgeting, performance tracking, and software used to generate, update and monitor such projections, and Policies and other Documents regarding its issuance.

## RESPONSE TO REQUEST NO. 20:

The Natera Defendants incorporate their General Objections, Objections to Definitions, Objections to Instructions, and Objections to Relevant Time Period as though fully set forth herein, and further object to this Request on the grounds that it is duplicative of other requests, vague, ambiguous, overbroad, unduly burdensome, and seeks documents beyond the permissible scope of discovery. The Natera Defendants further object to this Request on the grounds, and to the extent, that the documents it is seeking are protected by the attorney-client privilege, the work product doctrine, or any similar protection. The Natera Defendants further object to this Request on the grounds that it is overbroad, unduly burdensome, and beyond the permissible scope of discovery to the extent it requests "All Documents," without any limitations regarding whether these documents are relevant to the claims, allegations, and defenses at issue in this Action. The Natera Defendants further object to this Request on the grounds, and to the extent, it seeks documents irrespective of any relation to the claims at issue in the Action (namely, with respect to Panorama in particular – as opposed to Natera's other products relating to Women's Health). The Natera Defendants further object to this Request on the grounds that it seeks documents from over a year prior to the start of the putative class period and after the end of the putative class period. The Natera Defendants further object to this request because it seeks unwritten and unrecorded policies, procedures, or practices. The Natera Defendants further object to this Request on the grounds that the terms and phrases "inputs," "assumptions," "models," "forecast," "budgeting," "performance tracking," "software," and "regarding its issuance" are vague and ambiguous. The Natera Defendants further object to this Request to the extent it is not necessary to class

certification and thus any responses to this Request should be deferred until after final resolution of class certification proceedings.

Subject to and without waiving the foregoing General Objections, Objections to Definitions, Objections to Instructions, and Objections to Relevant Time Period, the Natera Defendants respond that they will only produce documents to the extent they are relevant to class certification, because discovery in this Action should be sequenced such that discovery relevant to class certification should precede broader merits discovery.

**REQUEST FOR PRODUCTION NO. 21:**

All Documents concerning the Company's Guidance related to Panorama for FY2019, FY2020, FY2021, and FY2022 including the inputs, assumptions, models, forecasts, budgeting, performance tracking, and software used to generate, update and monitor such projections, and Policies and other Documents regarding its issuance.

**RESPONSE TO REQUEST NO. 21:**

The Natera Defendants incorporate their General Objections, Objections to Definitions, Objections to Instructions, and Objections to Relevant Time Period as though fully set forth herein, and further object to this Request on the grounds that it is duplicative of other requests, vague, ambiguous, overbroad, unduly burdensome, and seeks documents beyond the permissible scope of discovery. The Natera Defendants further object to this Request on the grounds, and to the extent, that the documents it is seeking are protected by the attorney-client privilege, the work product doctrine, or any similar protection. The Natera Defendants further object to this Request on the grounds that it is overbroad, unduly burdensome, and beyond the permissible scope of discovery to the extent it requests "All Documents," without any limitations regarding whether these documents are relevant to the claims, allegations, and defenses at issue in this Action. The

Natera Defendants further object to this Request on the grounds that it seeks documents from over a year prior to the start of the putative class period and after the end of the putative class period. The Natera Defendants further object to this request because it seeks unwritten and unrecorded policies, procedures, or practices. The Natera Defendants further object to this Request on the grounds that the terms and phrases "inputs," "assumptions," "models," "forecast," "budgeting," "performance tracking," "software," and "regarding its issuance" are vague and ambiguous. The Natera Defendants further object to this Request to the extent it is not necessary to class certification and thus any responses to this Request should be deferred until after final resolution of class certification proceedings.

Subject to and without waiving the foregoing General Objections, Objections to Definitions, Objections to Instructions, and Objections to Relevant Time Period, the Natera Defendants respond that they will only produce documents to the extent they are relevant to class certification, because discovery in this Action should be sequenced such that discovery relevant to class certification should precede broader merits discovery.

## REQUEST FOR PRODUCTION NO. 22:

All Documents concerning the Company's Policies regarding billing practices and procedures, including the Company's Policies concerning invoices, receipts, and billing records related to Panorama and any changes to, or violations of, those Policies.

## RESPONSE TO REQUEST NO. 22:

The Natera Defendants incorporate their General Objections, Objections to Definitions, Objections to Instructions, and Objections to Relevant Time Period as though fully set forth herein, and further object to this Request on the grounds that it is duplicative of other requests, vague, ambiguous, overbroad, unduly burdensome, and seeks documents beyond the permissible scope

of discovery. The Natera Defendants further object to this Request on the grounds, and to the extent, that the documents it is seeking are protected by the attorney-client privilege, the work product doctrine, or any similar protection. The Natera Defendants further object to this Request on the grounds that it is overbroad, unduly burdensome, and beyond the permissible scope of discovery to the extent it requests "All Documents," without any limitations regarding whether these documents are relevant to the claims, allegations, and defenses at issue in this Action. The Natera Defendants further object to this request because it seeks unwritten and unrecorded policies, procedures, or practices. The Natera Defendants further object to this Request on the grounds that the terms and phrases "billing practices and procedures," and "billing records" are vague and ambiguous. The Natera Defendants further object to this Request to the extent it is not necessary to class certification and thus any responses to this Request should be deferred until after final resolution of class certification proceedings.

Subject to and without waiving the foregoing General Objections, Objections to Definitions, Objections to Instructions, and Objections to Relevant Time Period, the Natera Defendants respond that they will only produce documents to the extent they are relevant to class certification, because discovery in this Action should be sequenced such that discovery relevant to class certification should precede broader merits discovery.

**REQUEST FOR PRODUCTION NO. 23:**

All Documents concerning the Company's Policies regarding discounts for patients and payment options.

**RESPONSE TO REQUEST NO. 23:**

The Natera Defendants incorporate their General Objections, Objections to Definitions, Objections to Instructions, and Objections to Relevant Time Period as though fully set forth herein,

and further object to this Request on the grounds that it is duplicative of other requests, vague, ambiguous, overbroad, unduly burdensome, and seeks documents beyond the permissible scope of discovery. The Natera Defendants further object to this Request on the grounds, and to the extent, that the documents it is seeking are protected by the attorney-client privilege, the work product doctrine, or any similar protection. The Natera Defendants further object to this Request on the grounds that it is overbroad, unduly burdensome, and beyond the permissible scope of discovery to the extent it requests "All Documents," without any limitations regarding whether these documents are relevant to the claims, allegations, and defenses at issue in this Action. The Natera Defendants further object to this Request on the grounds, and to the extent, it seeks documents irrespective of any relation to the claims at issue in the Action (namely, with respect to Panorama). The Natera Defendants further object to this request because it seeks unwritten and unrecorded policies, procedures, or practices. The Natera Defendants further object to this Request on the grounds that the phrases "discounts for patients," and "payment options" are vague and ambiguous. The Natera Defendants further object to this Request to the extent it is not necessary to class certification and thus any responses to this Request should be deferred until after final resolution of class certification proceedings.

Subject to and without waiving the foregoing General Objections, Objections to Definitions, Objections to Instructions, and Objections to Relevant Time Period, the Natera Defendants respond that they will only produce documents to the extent they are relevant to class certification, because discovery in this Action should be sequenced such that discovery relevant to class certification should precede broader merits discovery.

**REQUEST FOR PRODUCTION NO. 24:**

All Documents concerning the Company's Policies regarding Natera's pricing structure for Panorama, including any changes thereto during the Relevant Period;

**RESPONSE TO REQUEST NO. 24:**

The Natera Defendants incorporate their General Objections, Objections to Definitions, Objections to Instructions, and Objections to Relevant Time Period as though fully set forth herein, and further object to this Request on the grounds that it is duplicative of other requests, vague, ambiguous, overbroad, unduly burdensome, and seeks documents beyond the permissible scope of discovery. The Natera Defendants further object to this Request on the grounds, and to the extent, that the documents it is seeking are protected by the attorney-client privilege, the work product doctrine, or any similar protection. The Natera Defendants further object to this Request on the grounds that it is overbroad, unduly burdensome, and beyond the permissible scope of discovery to the extent it requests "All Documents," without any limitations regarding whether these documents are relevant to the claims, allegations, and defenses at issue in this Action. The Natera Defendants further object to this request because it seeks unwritten and unrecorded policies, procedures, or practices. The Natera Defendants further object to this Request on the grounds that the term "pricing structure" is vague and ambiguous. The Natera Defendants further object to this Request to the extent it is not necessary to class certification and thus any responses to this Request should be deferred until after final resolution of class certification proceedings.

Subject to and without waiving the foregoing General Objections, Objections to Definitions, Objections to Instructions, and Objections to Relevant Time Period, the Natera Defendants respond that they will only produce documents to the extent they are relevant to class

certification, because discovery in this Action should be sequenced such that discovery relevant to class certification should precede broader merits discovery.

**REQUEST FOR PRODUCTION NO. 25:**

All Documents concerning the Company's management and structure with respect to the billing department, including any Documents related to the Company's decision to outsource billing department functions, in whole or in part.

**RESPONSE TO REQUEST NO. 25:**

The Natera Defendants incorporate their General Objections, Objections to Definitions, Objections to Instructions, and Objections to Relevant Time Period as though fully set forth herein, and further object to this Request on the grounds that it is duplicative of other requests, vague, ambiguous, overbroad, unduly burdensome, and seeks documents beyond the permissible scope of discovery. The Natera Defendants further object to this Request on the grounds, and to the extent, that the documents it is seeking are protected by the attorney-client privilege, the work product doctrine, or any similar protection. The Natera Defendants further object to this Request on the grounds that it is overbroad, unduly burdensome, and beyond the permissible scope of discovery to the extent it requests "All Documents," without any limitations regarding whether these documents are relevant to the claims, allegations, and defenses at issue in this Action. The Natera Defendants further object to this Request on the grounds, and to the extent, it seeks documents irrespective of any relation to the claims at issue in the Action (namely, with respect to Panorama). The Natera Defendants further object to this Request on the grounds that the phrases "concerning the Company's management and structure with respect to the billing department," and "billing department functions, in whole or in part" are vague and ambiguous. The Natera Defendants further object to this Request to the extent it is not necessary to class certification and

thus any responses to this Request should be deferred until after final resolution of class certification proceedings.

Subject to and without waiving the foregoing General Objections, Objections to Definitions, Objections to Instructions, and Objections to Relevant Time Period, the Natera Defendants respond that they will only produce documents to the extent they are relevant to class certification, because discovery in this Action should be sequenced such that discovery relevant to class certification should precede broader merits discovery.

**REQUEST FOR PRODUCTION NO. 26:**

All Documents concerning the use of Current Procedural Terminology ("CPT"), International Classification of Diseases ("ICD"), or Healthcare Common Procedure Common System ("HCPCS") codes associated with the billing, reimbursement, and financial reporting processes for Panorama including:

i. Documents concerning any changes or updates to CPT, ICD, or HCPCS codes related to Panorama;

ii. Documents concerning the use of CPT, ICD or HCPCS codes related to Panorama; and

iii. Documents concerning contracts, agreements, or Communications with healthcare providers or insurers regarding CPT, ICD, or HCPCS codes and billing practices related to Panorama.

**RESPONSE TO REQUEST NO. 26:**

The Natera Defendants incorporate their General Objections, Objections to Definitions, Objections to Instructions, and Objections to Relevant Time Period as though fully set forth herein, and further object to this Request on the grounds that it is duplicative of other requests, vague, ambiguous, overbroad, unduly burdensome, and seeks documents beyond the permissible scope

of discovery. The Natera Defendants further object to this Request on the grounds, and to the extent, that the documents it is seeking are protected by the attorney-client privilege, the work product doctrine, or any similar protection. The Natera Defendants further object to this Request on the grounds that it is overbroad, unduly burdensome, and beyond the permissible scope of discovery to the extent it requests "All Documents," without any limitations regarding whether these documents are relevant to the claims, allegations, and defenses at issue in this Action. The Natera Defendants further object to this Request on the grounds, and to the extent, that it seeks documents that are publicly available or otherwise easily obtainable to Plaintiffs. The Natera Defendants further object to this Request on the grounds that it seeks contracts and agreements with entities that are irrelevant to the claims and defenses at issue in this case. The Natera Defendants further object to this Request on the grounds that it seeks documents that are not within its possession, custody, or control. The Natera Defendants further object to this Request on the grounds that it seeks identifying personal or financial information relating to an individual who is not a named party and is protected from disclosure by individual privacy rights, medical privacy laws, or confidentiality agreements, including but not limited to Protected Health Information (as defined in 45 C.F.R. § 160.103). The Natera Defendant further object to this Request on the grounds that it seeks documents restricted by potential contractual obligations regarding third-party information. The Natera Defendants further object to this Request on the grounds that the phrases "changes or updates to CPT, ICD, or HCPCS codes related to Panorama," and "use of CPT, ICD or HCPCS codes related to Panorama" are vague and ambiguous. The Natera Defendants further object to this Request to the extent it is not necessary to class certification and thus any responses to this Request should be deferred until after final resolution of class certification proceedings.

Subject to and without waiving the foregoing General Objections, Objections to Definitions, Objections to Instructions, and Objections to Relevant Time Period, the Natera Defendants respond that they will only produce documents to the extent they are relevant to class certification, because discovery in this Action should be sequenced such that discovery relevant to class certification should precede broader merits discovery.

## REQUEST FOR PRODUCTION NO. 27:

All Documents concerning Medicare or Medicaid billing practices for Panorama including:

i. Documents concerning billing records submitted to Medicare or Medicaid related to Panorama including copies of claims submitted by, or on behalf of, the Company to Medicare or Medicaid;

ii. Documents concerning Medicare or Medicaid reimbursement requests, approvals, or denials related to Panorama;

iii. Documents concerning the Company's compliance with applicable Medicare or Medicaid billing regulations; and

iv. Documents concerning internal audits, investigations, or reviews related to Medicare or Medicaid billing practices.

## RESPONSE TO REQUEST NO. 27:

The Natera Defendants incorporate their General Objections, Objections to Definitions, Objections to Instructions, and Objections to Relevant Time Period as though fully set forth herein, and further object to this Request on the grounds that it is duplicative of other requests, vague, ambiguous, overbroad, unduly burdensome, and seeks documents beyond the permissible scope of discovery. The Natera Defendants further object to this Request on the grounds, and to the extent, that the documents it is seeking are protected by the attorney-client privilege, the work

product doctrine, or any similar protection. The Natera Defendants further object to this Request on the grounds that it is overbroad, unduly burdensome, and beyond the permissible scope of discovery to the extent it requests "All Documents," without any limitations regarding whether these documents are relevant to the claims, allegations, and defenses at issue in this Action. The Natera Defendants further object to this Request on the grounds, and to the extent, that it seeks documents that are publicly available or otherwise easily obtainable to Plaintiffs. The Natera Defendants further object to this Request on the grounds that it seeks identifying personal or financial information relating to an individual who is not a named party and is protected from disclosure by individual privacy rights, medical privacy laws, or confidentiality agreements, including but not limited to Protected Health Information (as defined in 45 C.F.R. § 160.103). The Natera Defendant further object to this Request on the grounds that it seeks documents restricted by potential contractual obligations regarding third-party information. The Natera Defendants further object to this Request on the grounds that it seeks documents that are not within its possession, custody, or control. The Natera Defendants further object to this Request on the grounds that the phrases "Medicare or Medicaid billing practices," "changes or updates to CPT, ICD, or HCPCS codes related to Panorama," and "use of CPT, ICD or HCPCS codes related to Panorama" are vague and ambiguous. The Natera Defendants further object to this Request to the extent it is not necessary to class certification and thus any responses to this Request should be deferred until after final resolution of class certification proceedings.

Subject to and without waiving the foregoing General Objections, Objections to Definitions, Objections to Instructions, and Objections to Relevant Time Period, the Natera Defendants respond that they will only produce documents to the extent they are relevant to class

certification, because discovery in this Action should be sequenced such that discovery relevant to class certification should precede broader merits discovery.

## REQUEST FOR PRODUCTION NO. 28:

All Documents concerning the Company's Policies and compliance with applicable regulations, including HIPAA, and any internal or external reports of failures to comply with such regulations by You.

## RESPONSE TO REQUEST NO. 28:

The Natera Defendants incorporate their General Objections, Objections to Definitions, Objections to Instructions, and Objections to Relevant Time Period as though fully set forth herein, and further object to this Request on the grounds that it is duplicative of other requests, vague, ambiguous, overbroad, unduly burdensome, and seeks documents beyond the permissible scope of discovery. The Natera Defendants further object to this Request on the grounds, and to the extent, that the documents it is seeking are protected by the attorney-client privilege, the work product doctrine, or any similar protection. The Natera Defendants further object to this Request on the grounds that it is overbroad, unduly burdensome, and beyond the permissible scope of discovery to the extent it requests "All Documents," without any limitations regarding whether these documents are relevant to the claims, allegations, and defenses at issue in this Action. The Natera Defendants further object to this Request on the grounds that it seeks identifying personal or financial information relating to an individual who is not a named party and is protected from disclosure by individual privacy rights, medical privacy laws, or confidentiality agreements, including but not limited to Protected Health Information (as defined in 45 C.F.R. § 160.103). The Natera Defendants further object to this Request on the grounds that the phrases "compliance with applicable regulations," and "internal or external reports of failures to comply with such

regulations" are vague and ambiguous. The Natera Defendants further object to this Request to the extent it is not necessary to class certification and thus any responses to this Request should be deferred until after final resolution of class certification proceedings.

Subject to and without waiving the foregoing General Objections, Objections to Definitions, Objections to Instructions, and Objections to Relevant Time Period, the Natera Defendants respond that they will only produce documents to the extent they are relevant to class certification, because discovery in this Action should be sequenced such that discovery relevant to class certification should precede broader merits discovery.

**REQUEST FOR PRODUCTION NO. 29:**

All Documents concerning the Company's Policies related to prior authorizations for Panorama, and any changes thereto, including all Documents concerning or responding to guidance or advisory opinions from the Office of the Inspector General ("OIG") for the Department of Health and Human Services regarding prior authorizations and anti-kickback statutes.

**RESPONSE TO REQUEST NO. 29:**

The Natera Defendants incorporate their General Objections, Objections to Definitions, Objections to Instructions, and Objections to Relevant Time Period as though fully set forth herein, and further object to this Request on the grounds that it is duplicative of other requests, vague, ambiguous, overbroad, unduly burdensome, and seeks documents beyond the permissible scope of discovery. The Natera Defendants further object to this Request on the grounds, and to the extent, that the documents it is seeking are protected by the attorney-client privilege, the work product doctrine, or any similar protection. The Natera Defendants further object to this Request on the grounds that it is overbroad, unduly burdensome, and beyond the permissible scope of

discovery to the extent it requests "All Documents," without any limitations regarding whether these documents are relevant to the claims, allegations, and defenses at issue in this Action. The Natera Defendants further object to this request because it seeks unwritten and unrecorded policies, procedures, or practices. The Natera Defendants further object to this Request on the grounds that the terms and phrases "prior authorizations," and "anti-kickback statues" are vague and ambiguous. The Natera Defendants further object to this Request to the extent it is not necessary to class certification and thus any responses to this Request should be deferred until after final resolution of class certification proceedings.

Subject to and without waiving the foregoing General Objections, Objections to Definitions, Objections to Instructions, and Objections to Relevant Time Period, the Natera Defendants respond that they will only produce documents to the extent they are relevant to class certification, because discovery in this Action should be sequenced such that discovery relevant to class certification should precede broader merits discovery.

## REQUEST FOR PRODUCTION NO. 30:

All Documents concerning the Company's use of prior authorization providers, including My Genome My Life ("MGML"), to submit prior authorizations for Panorama testing, including:

i. Documents concerning interactions between the Company's Employees and representatives of prior authorization providers;

ii. Documents concerning prior authorizations for Panorama that were submitted by prior authorization providers and subsequently rejected;

iii. Documents concerning billing codes shared by Natera with prior authorization providers; and

iv. Documents concerning any contracts, agreements, or Communications between the Company and prior authorization providers.

The time period applicable to this request is January 1, 2018 through September 30, 2022.

**RESPONSE TO REQUEST NO. 30:**

The Natera Defendants incorporate their General Objections, Objections to Definitions, Objections to Instructions, and Objections to Relevant Time Period as though fully set forth herein, and further object to this Request on the grounds that it is duplicative of other requests, vague, ambiguous, overbroad, unduly burdensome, and seeks documents beyond the permissible scope of discovery. The Natera Defendants further object to this Request on the grounds, and to the extent, that the documents it is seeking are protected by the attorney-client privilege, the work product doctrine, or any similar protection. The Natera Defendants further object to this Request on the grounds that it is overbroad, unduly burdensome, and beyond the permissible scope of discovery to the extent it requests "All Documents," without any limitations regarding whether these documents are relevant to the claims, allegations, and defenses at issue in this Action. The Natera Defendants further object to this Request on the grounds, and to the extent, it seeks documents outside the putative class period. The Natera Defendants further object to this Request on the grounds that it seeks contracts and agreements with entities that are irrelevant to the claims and defenses at issue in this case. The Natera Defendants further object to this Request on the grounds that it seeks identifying personal or financial information relating to an individual who is not a named party and is protected from disclosure by individual privacy rights, medical privacy laws, or confidentiality agreements, including but not limited to Protected Health Information (as defined in 45 C.F.R. § 160.103). The Natera Defendant further object to this Request on the grounds that it seeks documents restricted by potential contractual obligations regarding third-

party information.  The Natera Defendants further object to this Request on the grounds that the terms and phrases "use of prior authorization providers," "prior authorizations," and "billing codes" are vague and ambiguous.  The Natera Defendants further object to this Request to the extent it is not necessary to class certification and thus any responses to this Request should be deferred until after final resolution of class certification proceedings.

Subject to and without waiving the foregoing General Objections, Objections to Definitions, Objections to Instructions, and Objections to Relevant Time Period, the Natera Defendants respond that they will only produce documents to the extent they are relevant to class certification, because discovery in this Action should be sequenced such that discovery relevant to class certification should precede broader merits discovery.

## REQUEST FOR PRODUCTION NO. 31:

All Documents concerning interactions between the Company's Employees and healthcare providers regarding prior authorizations for Panorama, billing codes, use of insurance portals, payment options and billing practices, including:

i. Documents concerning Meetings, presentation materials and training materials regarding interactions between the Company's Employees and healthcare providers;

ii. Documents concerning the Company's Policies with respect to interactions between the Company's Employees and healthcare providers.

## RESPONSE TO REQUEST NO. 31:

The Natera Defendants incorporate their General Objections, Objections to Definitions, Objections to Instructions, and Objections to Relevant Time Period as though fully set forth herein, and further object to this Request on the grounds that it is duplicative of other requests, vague, ambiguous, overbroad, unduly burdensome, and seeks documents beyond the permissible scope

of discovery. The Natera Defendants further object to this Request on the grounds, and to the extent, that the documents it is seeking are protected by the attorney-client privilege, the work product doctrine, or any similar protection. The Natera Defendants further object to this Request on the grounds that it is overbroad, unduly burdensome, and beyond the permissible scope of discovery to the extent it requests "All Documents," without any limitations regarding whether these documents are relevant to the claims, allegations, and defenses at issue in this Action. The Natera Defendants further object to this Request on the grounds, and to the extent, it seeks documents outside the putative class period. The Natera Defendants further object to this request because it seeks unwritten and unrecorded policies, procedures, or practices. The Natera Defendants further object to this Request on the grounds that it seeks identifying personal or financial information relating to an individual who is not a named party and is protected from disclosure by individual privacy rights, medical privacy laws, or confidentiality agreements, including but not limited to Protected Health Information (as defined in 45 C.F.R. § 160.103). The Natera Defendant further object to this Request on the grounds that it seeks documents restricted by potential contractual obligations regarding third-party information. The Natera Defendants further object to this Request on the grounds that the terms and phrases "interactions," "healthcare providers," "prior authorizations," "billing codes," "insurance portals," "payment options," and "billing practices" are vague and ambiguous. The Natera Defendants further object to this Request to the extent it is not necessary to class certification and thus any responses to this Request should be deferred until after final resolution of class certification proceedings.

Subject to and without waiving the foregoing General Objections, Objections to Definitions, Objections to Instructions, and Objections to Relevant Time Period, the Natera Defendants respond that they will only produce documents to the extent they are relevant to class

certification, because discovery in this Action should be sequenced such that discovery relevant to class certification should precede broader merits discovery.

**REQUEST FOR PRODUCTION NO. 32:**

All Documents concerning interactions between the Company's Employees and patients regarding prior authorizations for Panorama, billing codes, use of insurance portals, payment options and billing practices, including:

i. Documents concerning Meetings, presentation materials and training materials regarding interactions between the Company's Employees and patients;

ii. Documents concerning the Company's Policies with respect to interactions between the Company's Employees and patients.

**RESPONSE TO REQUEST NO. 32:**

The Natera Defendants incorporate their General Objections, Objections to Definitions, Objections to Instructions, and Objections to Relevant Time Period as though fully set forth herein, and further object to this Request on the grounds that it is duplicative of other requests, vague, ambiguous, overbroad, unduly burdensome, and seeks documents beyond the permissible scope of discovery. The Natera Defendants further object to this Request on the grounds, and to the extent, that the documents it is seeking are protected by the attorney-client privilege, the work product doctrine, or any similar protection. The Natera Defendants further object to this Request on the grounds that it is overbroad, unduly burdensome, and beyond the permissible scope of discovery to the extent it requests "All Documents," without any limitations regarding whether these documents are relevant to the claims, allegations, and defenses at issue in this Action. The Natera Defendants further object to this Request on the grounds, and to the extent, it seeks documents outside the putative class period. The Natera Defendants further object to this Request

on the grounds that it seeks identifying personal or financial information relating to an individual who is not a named party and is protected from disclosure by individual privacy rights, medical privacy laws, or confidentiality agreements, including but not limited to Protected Health Information (as defined in 45 C.F.R. § 160.103) . The Natera Defendant further object to this Request on the grounds that it seeks documents restricted by potential contractual obligations regarding third-party information. The Natera Defendants further object to this request because it seeks unwritten and unrecorded policies, procedures, or practices. The Natera Defendants further object to this Request on the grounds that the terms and phrases "interactions," "patients," "prior authorizations," "billing codes," "insurance portals," "payment options," and "billing practices" are vague and ambiguous. The Natera Defendants further object to this Request to the extent it is not necessary to class certification and thus any responses to this Request should be deferred until after final resolution of class certification proceedings.

Subject to and without waiving the foregoing General Objections, Objections to Definitions, Objections to Instructions, and Objections to Relevant Time Period, the Natera Defendants respond that they will only produce documents to the extent they are relevant to class certification, because discovery in this Action should be sequenced such that discovery relevant to class certification should precede broader merits discovery.

**REQUEST FOR PRODUCTION NO. 33:**

All Documents concerning the Company's development, design, and use of Panorama's requisition (i.e., order) form as, for example, referenced in ¶145 of the Complaint, including:

i. All Documents concerning Panorama's microdeletion screening;

ii. All Documents concerning Your inclusion of 22Q11.2 screening as a default selection in the Panorama Prenatal Panel Screen; and

iii. All Documents concerning the Company's Policies regarding the guidelines from The Society for Maternal-Fetal Medicine.

**RESPONSE TO REQUEST NO. 33:**

The Natera Defendants incorporate their General Objections, Objections to Definitions, Objections to Instructions, and Objections to Relevant Time Period as though fully set forth herein, and further object to this Request on the grounds that it is duplicative of other requests, vague, ambiguous, overbroad, unduly burdensome, and seeks documents beyond the permissible scope of discovery. The Natera Defendants further object to this Request on the grounds, and to the extent, that the documents it is seeking are protected by the attorney-client privilege, the work product doctrine, or any similar protection. The Natera Defendants further object to this Request on the grounds that it is overbroad, unduly burdensome, and beyond the permissible scope of discovery to the extent it requests "All Documents," without any limitations regarding whether these documents are relevant to the claims, allegations, and defenses at issue in this Action. The Natera Defendants further object to this Request on the grounds, and to the extent, it seeks documents outside the putative class period. The Natera Defendants further object to this request because it seeks unwritten and unrecorded policies, procedures, or practices. The Natera Defendants further object to this Request on the grounds that the phrases "concerning Panorama's microdeletion screening," "default selection," and "guidelines from The Society for Maternal-Fetal Medicine" are vague and ambiguous. The Natera Defendants further object to this Request to the extent it is not necessary to class certification and thus any responses to this Request should be deferred until after final resolution of class certification proceedings.

Subject to and without waiving the foregoing General Objections, Objections to Definitions, Objections to Instructions, and Objections to Relevant Time Period, the Natera

Defendants respond that they will only produce documents to the extent they are relevant to class certification, because discovery in this Action should be sequenced such that discovery relevant to class certification should precede broader merits discovery.

**REQUEST FOR PRODUCTION NO. 34:**

All Documents concerning the Company's marketing materials for Panorama, including:

> i. Documents concerning Natera's payment options, including a cash pay option;
>
> ii. Documents concerning Natera's "Price Transparency Program";
>
> iii. Documents concerning Natera's "NIPT Gender Sender";
>
> iv. Documents concerning Natera's medical legal review process and any Policies related thereto; and
>
> v. Documents concerning marketing material that was shared by and between Natera's sales personnel.

**RESPONSE TO REQUEST NO. 34:**

The Natera Defendants incorporate their General Objections, Objections to Definitions, Objections to Instructions, and Objections to Relevant Time Period as though fully set forth herein, and further object to this Request on the grounds that it is duplicative of other requests, vague, ambiguous, overbroad, unduly burdensome, and seeks documents beyond the permissible scope of discovery. The Natera Defendants further object to this Request on the grounds, and to the extent, that the documents it is seeking are protected by the attorney-client privilege, the work product doctrine, or any similar protection. The Natera Defendants further object to this Request on the grounds that it is overbroad, unduly burdensome, and beyond the permissible scope of discovery to the extent it requests "All Documents," without any limitations regarding whether these documents are relevant to the claims, allegations, and defenses at issue in this Action. The

Natera Defendants further object to this request because it seeks unwritten and unrecorded policies, procedures, or practices. The Natera Defendants further object to this Request on the grounds that it seeks identifying personal or financial information relating to an individual who is not a named party and is protected from disclosure by individual privacy rights, medical privacy laws, or confidentiality agreements, including but not limited to Protected Health Information (as defined in 45 C.F.R. § 160.103). The Natera Defendant further object to this Request on the grounds that it seeks documents restricted by potential contractual obligations regarding third-party information. The Natera Defendants further object to this Request on the grounds that the terms and phrases "marketing materials," "payment options," "cash pay option," "Price Transparency Program," "NIPT Gender Sender," and "medical legal review process" are vague and ambiguous. The Natera Defendants further object to this Request to the extent it is not necessary to class certification and thus any responses to this Request should be deferred until after final resolution of class certification proceedings.

Subject to and without waiving the foregoing General Objections, Objections to Definitions, Objections to Instructions, and Objections to Relevant Time Period, the Natera Defendants respond that they will only produce documents to the extent they are relevant to class certification, because discovery in this Action should be sequenced such that discovery relevant to class certification should precede broader merits discovery.

**REQUEST FOR PRODUCTION NO. 35:**

All Documents concerning the Hindenburg Research report titled "Natera: Pioneers In Deceptive Medical Billing" published on March 9, 2022 ("Hindenburg Report"), including any Documents related to calls with investors concerning the Hindenburg Report and any Documents

relied on or referenced in any investigation by the Company in connection with the Hindenburg Report.

**RESPONSE TO REQUEST NO. 35:**

The Natera Defendants incorporate their General Objections, Objections to Definitions, Objections to Instructions, and Objections to Relevant Time Period as though fully set forth herein, and further object to this Request on the grounds that it is duplicative of other requests, vague, ambiguous, overbroad, unduly burdensome, and seeks documents beyond the permissible scope of discovery. The Natera Defendants further object to this Request on the grounds, and to the extent, that the documents it is seeking are protected by the attorney-client privilege, the work product doctrine, or any similar protection. The Natera Defendants further object to this Request on the grounds that it is overbroad, unduly burdensome, and beyond the permissible scope of discovery to the extent it requests "All Documents," without any limitations regarding whether these documents are relevant to the claims, allegations, and defenses at issue in this Action. The Natera Defendants further object to this Request on the grounds, and to the extent, it seeks documents outside the putative class period. The Natera Defendants further object to this Request on the grounds that the phrases "relied on or referenced in any investigation," and "in connection with the Hindenburg Report" are vague and ambiguous. The Natera Defendants further object to this Request to the extent it is not necessary to class certification and thus any responses to this Request should be deferred until after final resolution of class certification proceedings.

Subject to and without waiving the foregoing General Objections, Objections to Definitions, Objections to Instructions, and Objections to Relevant Time Period, the Natera Defendants respond that they will only produce documents to the extent they are relevant to class

certification, because discovery in this Action should be sequenced such that discovery relevant to class certification should precede broader merits discovery.

**REQUEST FOR PRODUCTION NO. 36:**

All Documents concerning the Company's internal discussions of, and responses to, industry reports, media articles, or investor media concerning Natera or Panorama, including, but not limited to the following:

i. the New York Times article titled "When They Warn of Rare Disorders, These Prenatal Tests Are Usually Wrong" published on January 1, 2022; and

ii. articles or reports from The Capitol Forum addressing Natera or Panorama.

**RESPONSE TO REQUEST NO. 36:**

The Natera Defendants incorporate their General Objections, Objections to Definitions, Objections to Instructions, and Objections to Relevant Time Period as though fully set forth herein, and further object to this Request on the grounds that it is duplicative of other requests, vague, ambiguous, overbroad, unduly burdensome, and seeks documents beyond the permissible scope of discovery. The Natera Defendants further object to this Request on the grounds, and to the extent, that the documents it is seeking are protected by the attorney-client privilege, the work product doctrine, or any similar protection. The Natera Defendants further object to this Request on the grounds that it is overbroad, unduly burdensome, and beyond the permissible scope of discovery to the extent it requests "All Documents," without any limitations regarding whether these documents are relevant to the claims, allegations, and defenses at issue in this Action. The Natera Defendants further object to this Request on the grounds, and to the extent, it seeks documents outside the putative class period. The Natera Defendants further object to this Request on the grounds, and to the extent, it seeks documents concerning any and all media, articles and/or

reports about Natera as a whole and/or Panorama, irrespective of any relation to the claims at issue in the Action and thus is overbroad and unduly burdensome. The Natera Defendants further object to this Request on the grounds that the phrase "internal discussions of, and response to" is vague and ambiguous. The Natera Defendants further object to this Request to the extent it is not necessary to class certification and thus any responses to this Request should be deferred until after final resolution of class certification proceedings.

Subject to and without waiving the foregoing General Objections, Objections to Definitions, Objections to Instructions, and Objections to Relevant Time Period, the Natera Defendants respond that they will only produce documents to the extent they are relevant to class certification, because discovery in this Action should be sequenced such that discovery relevant to class certification should precede broader merits discovery.

**<u>REQUEST FOR PRODUCTION NO. 37:</u>**

All Documents concerning any investigation by any Governmental Agency, including the SEC, DOJ and Michigan AG, whether formal or informal, concerning Panorama, including:

i. Documents produced by You in such investigation;

ii. Documents received by You in such investigation;

iii. Communications with the SEC, DOJ, or Michigan AG or other Governmental Agency in the course of such investigation;

iv. Documents concerning the results or findings of such investigation; and

v. transcripts or notes of all depositions, interviews or Meetings taken in connection with any such investigation or proceeding.

**RESPONSE TO REQUEST NO. 37:**

The Natera Defendants incorporate their General Objections, Objections to Definitions, Objections to Instructions, and Objections to Relevant Time Period as though fully set forth herein, and further object to this Request on the grounds that it is duplicative of other requests, vague, ambiguous, overbroad, unduly burdensome, and seeks documents beyond the permissible scope of discovery. The Natera Defendants further object to this Request on the grounds, and to the extent, that the documents it is seeking are protected by the attorney-client privilege, the work product doctrine, or any similar protection. The Natera Defendants further object to this Request on the grounds that it is overbroad, unduly burdensome, and beyond the permissible scope of discovery to the extent it requests "All Documents," without any limitations regarding whether these documents are relevant to the claims, allegations, and defenses at issue in this Action. The Natera Defendants further object to this Request on the grounds, and to the extent, it seeks documents outside the putative class period. The Natera Defendants further object to this Request on the grounds, and to the extent, it seeks documents concerning any and all so-called "investigation" by any governmental entity "concerning Panorama" irrespective of any relation to the claims at issue in the Action. The Natera Defendants further object to this Request on the grounds that it seeks identifying personal or financial information relating to an individual who is not a named party and is protected from disclosure by individual privacy rights, medical privacy laws, or confidentiality agreements, including but not limited to Protected Health Information (as defined in 45 C.F.R. § 160.103). The Natera Defendant further object to this Request on the grounds that it seeks documents restricted by potential contractual obligations regarding third-party information. The Natera Defendants further object to this Request on the grounds that the terms and phrases "investigation," "formal or informal," "results or findings," and "taken in

connection with any such investigation or proceeding" are vague and ambiguous. The Natera Defendants further object to this Request to the extent it is not necessary to class certification and thus any responses to this Request should be deferred until after final resolution of class certification proceedings.

Subject to and without waiving the foregoing General Objections, Objections to Definitions, Objections to Instructions, and Objections to Relevant Time Period, the Natera Defendants respond that they will only produce documents to the extent they are relevant to class certification, because discovery in this Action should be sequenced such that discovery relevant to class certification should precede broader merits discovery.

**REQUEST FOR PRODUCTION NO. 38:**

All Documents concerning any inspection, investigation, examination, audit, review, whistleblower report, or inquiry, including ethics, compliance, and internal audit inquiry, whether formal or informal, internal or external, concerning Panorama.

**RESPONSE TO REQUEST NO. 38:**

The Natera Defendants incorporate their General Objections, Objections to Definitions, Objections to Instructions, and Objections to Relevant Time Period as though fully set forth herein, and further object to this Request on the grounds that it is duplicative of other requests, vague, ambiguous, overbroad, unduly burdensome, and seeks documents beyond the permissible scope of discovery. The Natera Defendants further object to this Request on the grounds, and to the extent, that the documents it is seeking are protected by the attorney-client privilege, the work product doctrine, or any similar protection. The Natera Defendants further object to this Request on the grounds that it is overbroad, unduly burdensome, and beyond the permissible scope of discovery to the extent it requests "All Documents," without any limitations regarding whether

these documents are relevant to the claims, allegations, and defenses at issue in this Action. The Natera Defendants further object to this Request on the grounds, and to the extent, it seeks documents outside the putative class period. The Natera Defendants further object to this Request on the grounds, and to the extent, it seeks documents concerning any and all so-called "investigation" (or similar terms) "concerning Panorama" irrespective of any relation to the claims at issue in the Action. The Natera Defendants further object to this Request on the grounds that it seeks identifying personal or financial information relating to an individual who is not a named party and is protected from disclosure by individual privacy rights, medical privacy laws, or confidentiality agreements, including but not limited to Protected Health Information (as defined in 45 C.F.R. § 160.103). The Natera Defendant further object to this Request on the grounds that it seeks documents restricted by potential contractual obligations regarding third-party information. The Natera Defendants further object to this Request on the grounds that the terms and phrases "inspection," "investigation," "examination," "audit," "review," "whistleblower report," "inquiry," "ethics, compliance, and internal audit inquiry," and "formal or informal" are vague and ambiguous. The Natera Defendants further object to this Request to the extent it is not necessary to class certification and thus any responses to this Request should be deferred until after final resolution of class certification proceedings.

Subject to and without waiving the foregoing General Objections, Objections to Definitions, Objections to Instructions, and Objections to Relevant Time Period, the Natera Defendants respond that they will only produce documents to the extent they are relevant to class certification, because discovery in this Action should be sequenced such that discovery relevant to class certification should precede broader merits discovery.

**REQUEST FOR PRODUCTION NO. 39:**

All Documents concerning the Company's internal discussions of, and responses to, any external complaints regarding Panorama, including from online sources such as industry forums, social media platform and consumer review websites, including but not limited to www.Yelp.com and www.Cafepharma.com.

**RESPONSE TO REQUEST NO. 39:**

The Natera Defendants incorporate their General Objections, Objections to Definitions, Objections to Instructions, and Objections to Relevant Time Period as though fully set forth herein, and further object to this Request on the grounds that it is duplicative of other requests, vague, ambiguous, overbroad, unduly burdensome, and seeks documents beyond the permissible scope of discovery. The Natera Defendants further object to this Request on the grounds, and to the extent, that the documents it is seeking are protected by the attorney-client privilege, the work product doctrine, or any similar protection. The Natera Defendants further object to this Request on the grounds that it is overbroad, unduly burdensome, and beyond the permissible scope of discovery to the extent it requests "All Documents," without any limitations regarding whether these documents are relevant to the claims, allegations, and defenses at issue in this Action. The Natera Defendants further object to this Request on the grounds, and to the extent, it seeks documents outside the putative class period. The Natera Defendants further object to this Request on the grounds that it seeks identifying personal or financial information relating to an individual who is not a named party and is protected from disclosure by individual privacy rights, medical privacy laws, or confidentiality agreements, including but not limited to Protected Health Information (as defined in 45 C.F.R. § 160.103). The Natera Defendants further object to this Request on the grounds, and to the extent, it seeks documents concerning any and all "external

complaints" that are conceivably "regarding Panorama" irrespective of any relation to the claims at issue in the Action. The Natera Defendants further object to this Request on the grounds that the terms and phrases "internal discussions of, and responses to," "regarding Panorama," "external complaints," and "online sources" are vague and ambiguous. The Natera Defendants further object to this Request to the extent it is not necessary to class certification and thus any responses to this Request should be deferred until after final resolution of class certification proceedings.

Subject to and without waiving the foregoing General Objections, Objections to Definitions, Objections to Instructions, and Objections to Relevant Time Period, the Natera Defendants respond that they will only produce documents to the extent they are relevant to class certification, because discovery in this Action should be sequenced such that discovery relevant to class certification should precede broader merits discovery.

**REQUEST FOR PRODUCTION NO. 40:**

All Documents concerning the Meetings, including committee Meetings, of the Board of Directors.

**RESPONSE TO REQUEST NO. 40:**

The Natera Defendants incorporate their General Objections, Objections to Definitions, Objections to Instructions, and Objections to Relevant Time Period as though fully set forth herein, and further object to this Request on the grounds that it is duplicative of other requests, vague, ambiguous, overbroad, unduly burdensome, and seeks documents beyond the permissible scope of discovery. The Natera Defendants further object to this Request on the grounds, and to the extent, that the documents it is seeking are protected by the attorney-client privilege, the work product doctrine, or any similar protection. The Natera Defendants further object to this Request on the grounds that it is overbroad, unduly burdensome, and beyond the permissible scope of

discovery to the extent it requests "All Documents," without any limitations regarding whether these documents are relevant to the claims, allegations, and defenses at issue in this Action. The Natera Defendants further object to this Request on the grounds, and to the extent, it seeks documents outside the putative class period. The Natera Defendants further object to this Request on the grounds, and to the extent, it seeks documents concerning Board meetings and "committee Meetings" irrespective of whether such meetings or committees have any relation to the claims at issue in the Action. The Natera Defendants further object to this Request to the extent it is not necessary to class certification and thus any responses to this Request should be deferred until after final resolution of class certification proceedings.

Subject to and without waiving the foregoing General Objections, Objections to Definitions, Objections to Instructions, and Objections to Relevant Time Period, the Natera Defendants respond that they will only produce documents to the extent they are relevant to class certification, because discovery in this Action should be sequenced such that discovery relevant to class certification should precede broader merits discovery.

## REQUEST FOR PRODUCTION NO. 41:

All Documents concerning changes in the price of the Company's common stock during the Relevant Period including Documents concerning market, shareholder, analyst, media, or investor reactions.

## RESPONSE TO REQUEST NO. 41:

The Natera Defendants incorporate their General Objections, Objections to Definitions, Objections to Instructions, and Objections to Relevant Time Period as though fully set forth herein, and further object to this Request on the grounds that it is duplicative of other requests, vague, ambiguous, overbroad, unduly burdensome, and seeks documents beyond the permissible scope

of discovery. The Natera Defendants further object to this Request on the grounds, and to the extent, that the documents it is seeking are protected by the attorney-client privilege, the work product doctrine, or any similar protection. The Natera Defendants further object to this Request on the grounds that it is overbroad, unduly burdensome, and beyond the permissible scope of discovery to the extent it requests "All Documents," without any limitations regarding whether these documents are relevant to the claims, allegations, and defenses at issue in this Action. The Natera Defendants further object to this Request on the grounds, and to the extent, it seeks documents outside the putative class period. The Natera Defendants further object to this Request to the extent it seeks information that is publicly available, already in Plaintiffs' possession, or otherwise available from sources to which Plaintiffs also have access. The Natera Defendants further object to this Request on the grounds that the phrase "market, shareholder, analyst, media, or investor reactions" is vague and ambiguous. The Natera Defendants further object to this Request to the extent it is not necessary to class certification and thus any responses to this Request should be deferred until after final resolution of class certification proceedings.

Subject to and without waiving the foregoing General Objections, Objections to Definitions, Objections to Instructions, and Objections to Relevant Time Period, the Natera Defendants respond that they will only produce documents to the extent they are relevant to class certification, because discovery in this Action should be sequenced such that discovery relevant to class certification should precede broader merits discovery.

**REQUEST FOR PRODUCTION NO. 42:**

All Documents concerning Plaintiffs.

**RESPONSE TO REQUEST NO. 42:**

The Natera Defendants incorporate their General Objections, Objections to Definitions, Objections to Instructions, and Objections to Relevant Time Period as though fully set forth herein, and further object to this Request on the grounds that it is duplicative of other requests, vague, ambiguous, overbroad, unduly burdensome, and seeks documents beyond the permissible scope of discovery. The Natera Defendants further object to this Request on the grounds, and to the extent, that the documents it is seeking are protected by the attorney-client privilege, the work product doctrine, or any similar protection. The Natera Defendants further object to this Request on the grounds that it is overbroad, unduly burdensome, and beyond the permissible scope of discovery to the extent it requests "All Documents," without any limitations regarding whether these documents are relevant to the claims, allegations, and defenses at issue in this Action. The Natera Defendants further object to this Request on the grounds that it seeks documents that are not within their possession, custody, or control. The Natera Defendants further object to this Request to the extent it seeks information that is publicly available, already in Plaintiffs' possession, or otherwise available from sources to which Plaintiffs also have access. The Natera Defendants further object to this Request on the grounds that the phrase "concerning Plaintiffs" is vague and ambiguous. The Natera Defendants further object to this Request to the extent it is not necessary to class certification and thus any responses to this Request should be deferred until after final resolution of class certification proceedings.

Subject to and without waiving the foregoing General Objections, Objections to Definitions, Objections to Instructions, and Objections to Relevant Time Period, the Natera Defendants respond that they will only produce documents to the extent they are relevant to class

certification, because discovery in this Action should be sequenced such that discovery relevant to class certification should precede broader merits discovery.

**REQUEST FOR PRODUCTION NO. 43:**

All Documents upon which Defendants intend to rely for their defense of the claims asserted in this Action, including all Documents concerning any affirmative defense(s) that You assert (or intend to assert) in Your Answer to the Complaint. This Request is without limit as to time period.

**RESPONSE TO REQUEST NO. 43:**

The Natera Defendants incorporate their General Objections, Objections to Definitions, Objections to Instructions, and Objections to Relevant Time Period as though fully set forth herein, and further object to this Request on the grounds that it is duplicative of other requests, vague, ambiguous, overbroad, unduly burdensome, and seeks documents beyond the permissible scope of discovery. The Natera Defendants further object to this Request on the grounds, and to the extent, that the documents it is seeking are protected by the attorney-client privilege, the work product doctrine, or any similar protection. The Natera Defendants further object to this Request on the grounds that it is overbroad, unduly burdensome, and beyond the permissible scope of discovery to the extent it requests "All Documents," without any limitations regarding whether these documents are relevant to the claims, allegations, and defenses at issue in this Action. The Natera Defendants further object to this Request on the grounds, and to the extent, it seeks documents outside the putative class period. The Natera Defendants further object to this Request on the grounds that the phrase "without limit as to time period" is vague and ambiguous. The Natera Defendants further object to this Request to the extent it is not necessary to class

certification and thus any responses to this Request should be deferred until after final resolution of class certification proceedings.

Subject to and without waiving the foregoing General Objections, Objections to Definitions, Objections to Instructions, and Objections to Relevant Time Period, the Natera Defendants respond that they will only produce documents to the extent they are relevant to class certification, because discovery in this Action should be sequenced such that discovery relevant to class certification should precede broader merits discovery.

**REQUEST FOR PRODUCTION NO. 44:**

Pursuant to Rule 26(a)(1)(A)(iv), all insurance policies or agreements, including directors and officers liability insurance policies or agreements, which Defendants may use to satisfy all or part of a possible judgment in this Action or to indemnify or reimburse for payments made to satisfy a possible judgment in this Action.

**RESPONSE TO REQUEST NO. 44:**

The Natera Defendants incorporate their General Objections, Objections to Definitions, Objections to Instructions, and Objections to Relevant Time Period as though fully set forth herein, and further object to this Request on the grounds that it is duplicative of other requests, vague, ambiguous, overbroad, unduly burdensome, and seeks documents beyond the permissible scope of discovery. The Natera Defendants further object to this Request on the grounds, and to the extent, that the documents it is seeking are protected by the attorney-client privilege, the work product doctrine, or any similar protection. The Natera Defendants further object to this Request on the grounds that it is overbroad, unduly burdensome, and beyond the permissible scope of discovery to the extent it requests "all insurance policies or agreements," without any limitations regarding whether these documents are relevant to the claims, allegations, and defenses at issue in

this Action. The Natera Defendants further object to this Request on the grounds that the phrases "all insurance policies or agreements" and "which Defendants may use to satisfy all or part of a possible judgment in this Action or to indemnify or reimburse for payments made to satisfy a possible judgment in this Action" are vague and ambiguous. The Natera Defendants further object to this Request to the extent it is not necessary to class certification and thus any responses to this Request should be deferred until after final resolution of class certification proceedings.

Subject to and without waiving the foregoing General Objections, Objections to Definitions, Objections to Instructions, and Objections to Relevant Time Period, the Natera Defendants respond that they will only produce documents to the extent they are relevant to class certification, because discovery in this Action should be sequenced such that discovery relevant to class certification should precede broader merits discovery.

## REQUEST FOR PRODUCTION NO. 45:

All Documents concerning Your preservation, search for, collection, maintenance, destruction, or alteration of Documents, files, ESI, and Electronic Media that were undertaken with respect to this Action. This Request includes Documents sufficient to describe any efforts You undertook to preserve Documents related to allegations in this Complaint, including the date, general subject matter, and recipients of any litigation hold or request to preserve Documents (whether or not related to this Action) and Documents concerning Document preservation sent to or received from any non-party to this Action.

## RESPONSE TO REQUEST NO. 45:

The Natera Defendants incorporate their General Objections, Objections to Definitions, Objections to Instructions, and Objections to Relevant Time Period as though fully set forth herein, and further object to this Request on the grounds that it vague, ambiguous, overbroad, unduly

burdensome, and seeks documents beyond the permissible scope of discovery, nor proportional to the needs of, the Action. The Natera Defendants further object to this Request on the grounds, and to the extent, that the documents it is seeking are protected by the attorney-client privilege, the work product doctrine, or any similar protection. The Natera Defendants further object to this Request on the grounds that it is overbroad, unduly burdensome, and beyond the permissible scope of discovery to the extent it requests "All Documents," without any limitations regarding whether these documents are relevant to the claims, allegations, and defenses at issue in this Action. The Natera Defendants further object to this Request on the grounds that it improperly seeks discovery on discovery. The Natera Defendants further object to this Request to the extent it is not necessary to class certification and thus any responses to this Request should be deferred until after final resolution of class certification proceedings.

Subject to and without waiving the foregoing General Objections, Objections to Definitions, Objections to Instructions, and Objections to Relevant Time Period, the Natera Defendants respond that they will only produce documents to the extent they are relevant to class certification, because discovery in this Action should be sequenced such that discovery relevant to class certification should precede broader merits discovery.

**REQUEST FOR PRODUCTION NO. 46:**

Documents sufficient to show the Company's Policies for the destruction, retention, or preservation of Documents, files, ESI, and other Electronic Media.

**RESPONSE TO REQUEST NO. 46:**

The Natera Defendants incorporate their General Objections, Objections to Definitions, Objections to Instructions, and Objections to Relevant Time Period as though fully set forth herein, and further object to this Request on the grounds that it vague, ambiguous, overbroad, unduly

burdensome, and seeks documents beyond the permissible scope of discovery, nor proportional to the needs of, the Action. The Natera Defendants further object to this Request on the grounds, and to the extent, that the documents it is seeking are protected by the attorney-client privilege, the work product doctrine, or any similar protection. The Natera Defendants further object to this Request on the grounds that it is overbroad, unduly burdensome, and beyond the permissible scope of discovery to the extent it requests documents, without any limitations regarding whether these documents are relevant to the claims, allegations, and defenses at issue in this Action. The Natera Defendants further object to this Request on the grounds that it improperly seeks discovery on discovery. The Natera Defendants further object to this request because it seeks unwritten and unrecorded policies, procedures, or practices. The Natera Defendants further object to this Request to the extent it is not necessary to class certification and thus any responses to this Request should be deferred until after final resolution of class certification proceedings.

Subject to and without waiving the foregoing General Objections, Objections to Definitions, Objections to Instructions, and Objections to Relevant Time Period, the Natera Defendants respond that they will only produce documents to the extent they are relevant to class certification, because discovery in this Action should be sequenced such that discovery relevant to class certification should precede broader merits discovery.

**REQUEST FOR PRODUCTION NO. 47:**

Without limitation as to time period, all Documents concerning any response by You to any interrogatories or request for admission propounded, or to be propounded, by Plaintiffs in the above-captioned litigation.

**RESPONSE TO REQUEST NO. 47:**

The Natera Defendants incorporate their General Objections, Objections to Definitions, Objections to Instructions, and Objections to Relevant Time Period as though fully set forth herein, and further object to this Request on the grounds that it vague, ambiguous, overbroad, unduly burdensome, and seeks documents beyond the permissible scope of discovery, nor proportional to the needs of, the Action. The Natera Defendants further object to this Request on the grounds, and to the extent, that the documents it is seeking are protected by the attorney-client privilege, the work product doctrine, or any similar protection. The Natera Defendants further object to this Request on the grounds that it is overbroad, unduly burdensome, and beyond the permissible scope of discovery to the extent it requests "all Documents," without any limitations regarding whether these documents are relevant to the claims, allegations, and defenses at issue in this Action. The Natera Defendants further object to this Request on the grounds that it improperly seeks discovery on discovery. The Natera Defendants further object to this Request on the grounds that it is duplicative of other discovery, including interrogatories and/or requests for admissions. The Natera Defendants further object to this Request to the extent it is not necessary to class certification and thus any responses to this Request should be deferred until after final resolution of class certification proceedings.

Subject to and without waiving the foregoing General Objections, Objections to Definitions, Objections to Instructions, and Objections to Relevant Time Period, the Natera Defendants respond that they will only produce documents to the extent they are relevant to class certification, because discovery in this Action should be sequenced such that discovery relevant to class certification should precede broader merits discovery.

Dated: December 21, 2023

**KATTEN MUCHIN ROSENMAN LLP**

/s/ *Paul S. Yong*
Bruce G. Vanyo (admitted *pro hac vice*)
Christina L. Costley (admitted *pro hac vice*)
Paul S. Yong (admitted *pro hac vice*)
2029 Century Park East, Suite 2600
Los Angeles, CA 90067
Tel: (310) 788-4400
Fax: (310) 788-4471
bruce@katten.com
christina.costley@katten.com
paul.yong@katten.com

Eric R. Hail
State Bar No. 24047579
Ted A. Huffman
State Bar No. 24089015
Megan C. McKennon
Texas State Bar No. 24102184
2121 N. Pearl Street, Suite 1100
Dallas, TX 75201
Tel: (214) 765-3600
Fax: (214) 765-3602
eric.hail@katten.com
ted.huffman@katten.com
megan.mckennon@katten.com

Sarah L. Eichenberger (admitted *pro hac vice*)
50 Rockefeller Plaza
New York, NY 10020
Tel: (212) 940-8800
Fax: (212) 940-8776
sarah.eichenberger@katten.com

*Counsel for Defendants Natera, Inc., Steve
Chapman, Michael Brophy, Matthew Rabinowitz,
Paul Billings, Roy Baynes, Monica Bertagnolli,
Roelof F. Botha, Rowan Chapman, Todd Cozzens,
James I. Healy, Gail Marcus, Herm Rosenman, and
Jonathan Sheena*

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on December 21, 2023, I served the foregoing documents described

as:

- THE NATERA DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO THE NATERA DEFENDANTS.

I served these documents to the following individuals at the addresses identified below:

KESSLER TOPAZ MELTZER & CHECK, LLP
Gregory M. Castaldo
Joshua E. D'Ancona
Joshua A. Materese
Evan R. Hoey
Andrew M. Rocco
280 King of Prussia Road
Radnor, PA 19087
Telephone: (610) 667-7706
Facsimile: (610) 667-7056
gcastaldo@ktmc.com
jdancona@ktmc.com
jmaterese@ktmc.com
ehoey@ktmc.com
arocco@ktmc.com

NIX PATTERSON, LLP
Jessica Underwood
8701 Bee Cave Road
Austin, TX 78746
Telephone: (512) 328-5333
Facsimile: (512) 495-1534
junderwood@nixlaw.com

BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP
Lauren McMillen Ormsbee
1251 Avenue of the Americas, 44th Floor
New York, NY 10020
Telephone: (212) 554-1400
Facsimile: (212) 554-1444
lauren@blbglaw.com

**(X)      BY ELECTRONIC MAIL.  The documents were electronically sent and the transmission was reported as complete without error.**

Executed on December 21, 2023, at Los Angeles, California.

/s/ Paul S. Yong
Paul S. Yong
