**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| | § | |
| JOHN HARVEY SCHNEIDER, Individually and on Behalf of All Others Similarly Situated, | § § § | Case No. 1:22-cv-00398-DAE |
| | § | |
| Plaintiff, | § | |
| v. | § | |
| | § | |
| NATERA, INC., STEVE CHAPMAN, MICHAEL BROPHY, MATTHEW RABINOWITZ, and RAMESH HARIHARAN, | § § § § | |
| | § | |
| Defendants. | § | |
| | § | |
| | § | |

**THE NATERA DEFENDANTS' REQUEST FOR JUDICIAL NOTICE AND
CONSIDERATION OF DOCUMENTS INCORPORATED BY REFERENCE
IN SUPPORT OF THEIR MOTION FOR JUDGMENT ON THE PLEADINGS**

**TABLE OF CONTENTS**

**Page**

I.    INTRODUCTION ...................................................................................................... 1

II.   THE COURT MAY REVIEW THE ENTIRE HINDENBURG REPORT
      (EXHIBIT 1) AS INCORPORATED BY REFERENCE IN THE AC. ............................ 2

III.  THE COURT SHOULD TAKE JUDICIAL NOTICE OF SPECIFIC PORTIONS OF
      THE DOCUMENTS SUBMITTED BY DEFENDANTS .................................................. 3

      A.    The Hindenburg Report (Exhibit 1) .......................................................... 5

      B.    Public SEC Filings (Exhibits 2 and 3). ..................................................... 5

      C.    SEC Investigation Documents Obtained Through a FOIA Request
            (Exhibits 4 and 5). ...................................................................................... 7

IV.   CONCLUSION ........................................................................................................ 8

**TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Alaska Elec. Pension Fund v. Asar*,
   768 F. App'x 175 (5th Cir. 2019) ...................................................................................................1

*ASGR Prop. Holdings, LLC v. U.S. Bank N.A.*,
   2011 WL 13324010 (W.D. Tex. Dec. 20, 2011) ..........................................................................2

*Basic Cap. Mgmt., Inc. v. Dynex Cap., Inc.*,
   2019 WL 5578510 (N.D. Tex. Oct. 28, 2019)...............................................................................5

*Basic Cap. Mgmt., Inc. v. Dynex Cap. Inc.*,
   976 F. 3d 585 (5th Cir. 2020) .......................................................................................................3

*Batwin v. Occam Networks, Inc.*,
   2008 WL 2676364 (C.D. Cal. July 1, 2008)..................................................................................8

*Blain v. Liberty Mut. Fire Ins. Co.*,
   2024 WL 948020 (S.D. Cal. Feb. 12, 2024) .................................................................................7

*Brown v. China Integrated Energy, Inc.*,
   875 F. Supp. 2d 1096 (C.D. Cal. 2012) ........................................................................................3

*Castaneda v. Maxim Healthcare Servs., Inc.*,
   2024 WL 1747650 (W.D. Tex. Apr. 23, 2024)..............................................................................7

*Collins v. Morgan Stanley Dean Witter*,
   224 F.3d 496 (5th Cir. 2000) ........................................................................................................3

*Crawford v. Pitts*,
   2022 WL 479959 (N.D. Tex. Feb. 16, 2022).................................................................................4

*In re Dot Hill Sys. Corp. Sec. Litig.*,
   594 F. Supp. 2d 1150 (S.D. Cal. 2008).........................................................................................4

*In re Enron Corp. Sec., Derivative & "ERISA" Litig.*,
   439 F. Supp. 2d 692 (S.D. Tex. 2006) ..........................................................................................1

*Firefighters Pension & Relief Fund of the City of New Orleans v. Bulmahn*,
   53 F. Supp. 3d 882 (E.D. La. 2014)..............................................................................................5

*Golub v. Gigamon Inc.*,
   2019 WL 4168948 (N.D. Cal. Sept. 3, 2019), *aff'd*, 994 F.3d 1102 (9th Cir. 2021)................4

*In re Intel Corp. Sec. Litig.*,
  2019 WL 1427660 (N.D. Cal. Mar. 29, 2019)........................................................................6

*In re Intelligroup Sec. Litig.*,
  527 F. Supp. 2d 262 (D.N.J. 2007) .......................................................................................8

*Kadiyan v. Medtronic*,
  2011 WL 13142145 (C.D. Cal. Apr. 8, 2011), *aff'd*, 510 F. App'x 649 (9th Cir. 2013) ..........7

*In re L & L Energy, Inc. Sec. Litig.*,
  908 F. Supp. 2d 1147 (W.D. Wash. 2012)..............................................................................5

*In re LexinFintech Holdings Ltd. Sec. Litig.*,
  2021 WL 5530949 (D. Or. Nov. 24, 2021)..............................................................................6

*Linenweber v. Sw. Airlines Co.*,
  2023 WL 6149106 (N.D. Tex. Sept. 19, 2023).......................................................................6

*Long Miao v. Fanhua, Inc.*,
  442 F. Supp. 3d 774 (S.D.N.Y. 2020).....................................................................................3

*McNulty v. Kanode*,
  2013 WL 12077503 (W.D. Tex. Nov. 6, 2013)....................................................................2, 4

*In re NVIDIA Corp. Sec. Litig.*,
  768 F.3d 1046 (9th Cir. 2014) ................................................................................................3

*Olagues v. Musk*,
  2019 WL 3457831 (N.D. Cal. July 31, 2019).........................................................................4

*In re Plains All Am. Pipeline, L.P. Sec. Litig.*,
  307 F. Supp. 3d 583 (S.D. Tex. 2018), *aff'd*, 777 F. App'x 726 (5th Cir. 2019) .....................4

*Pub. Emps. Ret. Sys. of Mississippi, Puerto Rico Tchrs. Ret. Sys. v. Amedisys, Inc.*,
  769 F.3d 313 (5th Cir. 2014) ..................................................................................................2

*In re Sec. Litig. BMC Software, Inc.*,
  183 F. Supp. 2d 860 (S.D. Tex. 2001) ...........................................................................2, 3, 4, 5

*Silverstrand Invs. v. AMAG Pharms., Inc.*,
  2011 WL 3566990 (D. Mass. Aug. 11, 2011), *aff'd in part, vacated in part*,
  707 F.3d 95 (1st Cir. 2013)......................................................................................................7

*Slaughter v. Torres*,
  592 F. Supp. 3d 515 (M.D. La. 2022)......................................................................................8

*Smith v. Los Angeles Unified Sch. Dist.*,
  830 F.3d 843 (9th Cir. 2016) ...................................................................................................7

iii

*Six Flags Oklahoma Firefighters Pension & Ret. Sys. v. Six Flags Ent. Corp.*,
58 F.4th 195 (5th Cir. 2023) ................................................................................2

*In re Sorrento Therapeutics, Inc. Sec. Litig.*,
2022 WL 22609807 (S.D. Cal. Apr. 11, 2022), *aff'd*, 97 F.4th 634 (9th Cir. 2024)................5

*Sprewell v. Golden State Warriors*,
266 F.3d 979 (9th Cir. 2001) ................................................................................4

*Tellabs, Inc. v. Makor Issues & Rts, Ltd.*,
551 U.S. 308 (2007)................................................................................1

*United States ex rel. Guth v. Roedel Parsons Koch Blache Balhoff & McCollister*,
626 F. App'x 528 (5th Cir. 2015) ................................................................................2

**Rules**

Fed. R. Evid. 201(b)................................................................................3

Defendants Natera, Inc. ("Natera" or the "Company"), Steve Chapman, Michael Brophy, Matthew Rabinowitz, Paul Billings, Roy Baynes, Monica Bertagnolli, Roelof F. Botha, Rowan Chapman, Todd Cozzens, James I. Healy, Gail Marcus, Herm Rosenman, and Jonathan Sheena (collectively, the "Natera Defendants")[1] respectfully request that the Court consider certain documents, which are incorporated by reference in the Amended Class Action Complaint for Violations of the Federal Securities Laws ("AC" or "¶") (Dkt. No. 60) filed by lead plaintiff British Airways Pension Trustees Limited and additional plaintiff Key West Police & Fire Pension Fund (collectively, "Plaintiffs") and/or are subject to judicial notice, in connection with the Natera Defendants' Motion for Judgment on the Pleadings ("Motion" or "Mot.").

## I.    INTRODUCTION

When deciding a Rule 12 motions in a securities class action, the court:

> ***must consider the complaint in its entirety***, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, ***documents incorporated into the complaint by reference, and matters of which a court may take judicial notice***.

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) (emphasis added); *see Alaska Elec. Pension Fund v. Asar*, 768 F. App'x 175, 180 n.25 (5th Cir. 2019) ("[A] court *must* consider documents incorporated by reference into a securities fraud complaint." (emphasis in original)); *see also In re Enron Corp. Sec., Derivative & "ERISA" Litig.*, 439 F. Supp. 2d 692, 696 (S.D. Tex. 2006) (applying standard to motion for judgment on the pleadings).

Courts are required to consider such documents for numerous reasons. Critically, when "determin[ing] whether the plaintiff has alleged facts that give rise to the requisite 'strong inference' of scienter, a court ***must consider plausible, nonculpable explanations for the defendant's conduct***." *Tellabs*, 551 U.S. at 323-24 (emphasis added) ("The strength of an inference cannot be decided in a vacuum."); *see McNulty v. Kanode*, 2013 WL 12077503, at *5 (W.D. Tex. Nov. 6, 2013) ("the appropriate scienter analysis is whether all the facts taken together

---

[1] References to "Defendants" herein are to the Natera Defendants.

– including those facts that tend to negate fraudulent intent – sufficiently raise the requisite strong inference of scienter"). Courts in the Fifth Circuit conduct the same analysis when considering whether Plaintiffs have pled falsity. *Six Flags Oklahoma Firefighters Pension & Ret. Sys. v. Six Flags Ent. Corp.*, 58 F.4th 195, 207 n.8 (5th Cir. 2023); *see also McNulty*, 2013 WL 12077503, at *6 ("To determine whether a statement constitutes a misrepresentation, this court must view the statement in the context in which it was made."). Further, where, as here, a plaintiff alleges a corrective disclosure as a basis for pleading loss causation (Mot. at 18-19), a court must review pertinent information available to the market as necessary to determine whether that disclosure – and not "other possible depressive factors" – plausibly provided the market with corrective information and caused the plaintiff's loss. *See Pub. Emps. Ret. Sys. of Mississippi, Puerto Rico Tchrs. Ret. Sys. v. Amedisys, Inc.*, 769 F.3d 313, 320-21 (5th Cir. 2014) (citation omitted).

Consistent with the Supreme Court's mandate, Defendants request that the Court consider specific portions of the following documents attached as Exhibits 1 through 5 to the Declaration of Christina L. Costley ("Ex." or "Exs.") because they are incorporated by reference in the AC and/or are properly subject to judicial notice under Federal Rule of Evidence 201. All of these documents should be considered because they fall within categories that are routinely accepted by courts as incorporated by reference and/or judicially noticeable in securities class actions. For the Court's convenience, the Exhibits have been marked to identify which specific portions Defendants ask the Court to consider.

## II. THE COURT MAY REVIEW THE ENTIRE HINDENBURG REPORT (EXHIBIT 1) AS INCORPORATED BY REFERENCE IN THE AC.

Under the incorporation-by-reference doctrine, a court may consider any document attached to the defendant's Rule 12 motion if it is "referred to in the pleadings and [is] central to [the] plaintiff's claims." *United States ex rel. Guth v. Roedel Parsons Koch Blache Balhoff & McCollister*, 626 F. App'x 528, 533 n.6 (5th Cir. 2015) (citation omitted); *see ASGR Prop. Holdings, LLC v. U.S. Bank N.A.*, 2011 WL 13324010, at *3 (W.D. Tex. Dec. 20, 2011) (applying standard to motion for judgment on the pleadings). The Court is entitled to examine the actual text

of such documents without having to rely solely on Plaintiffs' characterizations. *See In re Sec. Litig. BMC Software, Inc.*, 183 F. Supp. 2d 860, 883 (S.D. Tex. 2001) ("The district courts cannot fulfill their gatekeeping role if plaintiffs are free to quote selectively or out of context from documents that they rely upon, and avoid further examination of the documents by not attaching them to the complaint" (citation omitted)). Further, "[o]nce a document is deemed incorporated by reference, the entire document is assumed to be true for purposes of a motion to dismiss, and both parties – and the Court – are free to refer to any of its contents." *In re NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046, 1058 n.10 (9th Cir. 2014) (citation omitted).

The Court may consider the Hindenburg Report (Exhibit 1), on the ground that it is incorporated by referenced in the AC. Not only does the AC cite the Report extensively (*see* ¶¶ 18, 127, 130-32, 135, 139, 142, 144, 172-75), it serves as the entire basis of Plaintiffs' surviving claims in this case. (*See, e.g.*, Mot. at 4); *see also, e.g.*, *Long Miao v. Fanhua, Inc.*, 442 F. Supp. 3d 774, 788 (S.D.N.Y. 2020) (deeming short seller report that allegedly served as corrective disclosure incorporated by reference). As such, the Hindenburg Report is "central" to Plaintiffs' claims and the Court may it in its entirety, including for the truth of the statements made therein, as "part of the pleadings." *BMC Software*, 183 F. Supp. 2d at 883 (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000)); *see also Brown v. China Integrated Energy, Inc.*, 875 F. Supp. 2d 1096, 1109-10 (C.D. Cal. 2012) (deeming negative analyst report incorporated reference and "analyz[ing] the complaint and the … report in tandem in determining whether sufficient information is provided about the bases for the report's conclusions").

## III.    THE COURT SHOULD TAKE JUDICIAL NOTICE OF SPECIFIC PORTIONS OF THE DOCUMENTS SUBMITTED BY DEFENDANTS.

Rule 201(b) of the Federal Rules of Evidence permits a court to take judicial notice of a fact "not subject to reasonable dispute because it … can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *See Basic Cap. Mgmt., Inc. v. Dynex Cap. Inc.*, 976 F. 3d 585, 589 (5th Cir. 2020) (judicial notice of Form 10-K because "the existence of the document[], and the contents therein, cannot reasonably be questioned"). Courts in this

3

Circuit routinely take judicial notice of "public disclosure documents that were filed with the SEC" and "documents of public record," even if they are not referenced in the complaint. *See McNulty*, 2013 WL 12077503, at *5, n.4 (judicial notice of thirteen documents filed with the SEC); *BMC Software*, 183 F. Supp. 2d at 882. Courts "need not 'accept as true allegations that contradict' such documents, and a party may not avoid dismissal by raising an unreasonable factual dispute." *Golub v. Gigamon Inc.*, 2019 WL 4168948, at *6 (N.D. Cal. Sept. 3, 2019), *aff'd*, 994 F.3d 1102 (9th Cir. 2021) (quoting *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001)). Further, a "court may consider these matters of public record without converting the motion into one seeking summary judgment." *In re Plains All Am. Pipeline, L.P. Sec. Litig.*, 307 F. Supp. 3d 583, 613 (S.D. Tex. 2018), *aff'd*, 777 F. App'x 726 (5th Cir. 2019).

Additionally, courts routinely take judicial notice of documents for background context and to inform the "chronology of events" relevant to the lawsuit. *See Crawford v. Pitts*, 2022 WL 479959, at *2-3 (N.D. Tex. Feb. 16, 2022) ("when a plaintiff's chronology of events is incomplete, courts can rely on documents incorporated into the complaint by reference, and matters of which a court may take judicial notice" (internal punctuation omitted)); *Olagues v. Musk*, 2019 WL 3457831, at *4 (N.D. Cal. July 31, 2019) (taking judicial notice of various documents "for the purpose of informing the Court of the chronology of events" since "[t]hose events are undisputed and can be accurately and readily determined from the publicly filed SEC documents"). Similarly, courts frequently take judicial notice of public disclosures and other documents that bear on whether the corrective disclosure alleged by the plaintiff plausibly provided corrective information to the market and caused the plaintiff's losses. *See, e.g.*, *In re L & L Energy, Inc. Sec. Litig.*, 908 F. Supp. 2d 1147, 1152 n.4 (W.D. Wash. 2012) (taking judicial notice of analyst report "to determine the extent of the corrective disclosure to the market"); *In re Dot Hill Sys. Corp. Sec. Litig.*, 594 F. Supp. 2d 1150, 1164 (S.D. Cal. 2008) (taking judicial notice of press release to determine adequacy of corrective disclosure).

As set forth below, specific portions of the Exhibits 1 through 5 may be considered by the Court on the ground that they are properly subject to judicial notice. To aid in the Court's analysis,

4

Defendants have marked each exhibit to identify the relevant facts contained therein that they ask this Court to take judicial notice.

### A.   The Hindenburg Report (Exhibit 1)

Courts routinely take judicial notice of short reports relied upon by plaintiffs, as here, "in order to determine what may or may not have been disclosed to the public" through and about those reports. *See In re Sorrento Therapeutics, Inc. Sec. Litig.*, 2022 WL 22609807, at *4 (S.D. Cal. Apr. 11, 2022) (taking judicial notice of report issued by Hindenburg), *aff'd*, 97 F.4th 634 (9th Cir. 2024); *In re LexinFintech Holdings Ltd. Sec. Litig.*, 2021 WL 5530949, at *4 (D. Or. Nov. 24, 2021) (taking judicial notice of short report on which plaintiff's "factual allegations are based"). While this Court may consider the entirety of the Hindenburg Report under the incorporation-by-reference doctrine, it may independently take judicial notice of the portions of the report that disclosed Hindenburg's financial stake in Natera and disclaimed the "accuracy" and "completeness" of its reporting. (Ex. 1 at 44-45; *see* Mot. at 4, 13, 19); *In re LexinFintech*, 2021 WL 5530949, at *4, 16 (taking judicial notice of short report's disclaimers in determining that "it is not plausible that investors would perceive the [short] report as revealing the falsity of statements"); *see also Firefighters Pension & Relief Fund of the City of New Orleans v. Bulmahn*, 53 F. Supp. 3d 882, 902 (E.D. La. 2014) (courts consider analyst reports "as an indication of the information available to the public at the time").

### B.   Public SEC Filings (Exhibits 2 and 3)

It is well-settled that "in securities cases, courts may take judicial notice of the contents of public disclosure documents that are filed with the SEC." *Bulmahn*, 53 F. Supp. 3d at 901. Courts in this Circuit routinely take judicial notice of public SEC filings, even if they are not referenced in the complaint or are outside the putative class period. *See BMC Software*, 183 F. Supp. 2d at 882-84 (taking judicial notice of numerous SEC filings, "most [of which] were filed either before or after the Class Period" and "none" were "referenced in the Consolidated Amended Complaint"); *Basic Cap. Mgmt., Inc. v. Dynex Cap., Inc.*, 2019 WL 5578510, at *3 (N.D. Tex. Oct. 28, 2019) (taking judicial notice of Form 10-K not referenced in complaint). Indeed, this Court previously

took judicial notice of several of Natera's SEC filings in reviewing Defendants' motion to dismiss. (*See* Dkt. 104 at 11-12.)

Defendants request that the Court consider three SEC filings.  The first (Exhibit 2) is a Form 10-Q filed by Natera with the SEC on November 9, 2022.  They offer this document for the fact that Natera disclosed that a Special Committee of Natera's board of directors conducted an internal investigation into the Hindenburg report's allegations and "concluded that the allegations … were unfounded." (Ex. 2 at 2.)  The other SEC filings (Exhibit 3) are Natera's Form 10-Ks for FY 2022 and 2023, which were filed with the SEC on March 1, 2023 and February 29, 2024, respectively.  Defendants offer the 2022 Form 10-K for Natera's disclosure therein that it had 3,018 employees (Ex. 3 at 2), which bears on Plaintiffs' scienter allegations (*see* Mot. at 16); and they offer both Form 10-Ks for Natera's disclosures therein that its auditor, Ernst & Young LLP ("EY"), certified that Natera's reported financial results for 2020 through 2023, including Natera's reported revenue from Panorama, were accurate in all material respects.[2]  (*Id*. at 3-4, 7-8.)  All of these disclosures were contained in public SEC filings and, therefore, are properly subject to judicial notice.  *See Linenweber v. Sw. Airlines Co*., 2023 WL 6149106, at *4 (N.D. Tex. Sept. 19, 2023) (same); *see also In re Intel Corp. Sec. Litig.*,2019 WL 1427660, at *7 (N.D. Cal. Mar. 29, 2019) (taking judicial notice of Form 10-K outside of putative class period that was "not mentioned in the [complaint], nor do plaintiff's claims necessarily depend on it," and noting that "SEC filings are routinely subject to judicial notice).[3]

---

[2] Specifically, Natera disclosed in the Form 10-K for FY 2022 that EY certified Natera's financial results for 2020 through 2022, and Natera disclosed in the Form 10-K for 2023 that EY certified those results for 2021 through 2023.  (Ex. 3 at 3-4, 7-8.)

[3] Defendants do not offer Natera's disclosures concerning the Special Committee's and EY's findings for their truth or, otherwise, to show that they reached correct conclusions concerning the Hindenburg Report's allegations or Natera's reported financials.  As set forth in the Motion, Plaintiffs rely exclusively on the Hindenburg Report as the basis for their allegations and as the alleged corrective disclosure that led to their losses.  (*See, e.g.*, Mot. at 4-5, 18.)  Defendants only ask the Court to consider these disclosures for the limited purpose of showing that they were publicly made and thereby undermine the Hindenburg Report's ability to plausibly provide "corrective" information to the market.  (*See* Mot. at 10-13, 18-19.)

### C.    SEC Investigation Documents Obtained Through a FOIA Request (Exhibits 4 and 5).

Finally, courts routinely take judicial notice of administrative documents created by government agencies, including correspondence from those agencies. *See, e.g.*, *Castaneda v. Maxim Healthcare Servs.*, Inc., 2024 WL 1747650, at *4 (W.D. Tex. Apr. 23, 2024) ("the Court may take judicial notice of the administrative records as public reports"); *Smith v. Los Angeles Unified Sch. Dist.*, 830 F.3d 843, 851 n.10 (9th Cir. 2016) (taking judicial notice of letter sent by agency director to plaintiffs).  That includes documents "that bear 'a seal purporting to be that of the United States ... or a department [or] agency' and 'a signature purporting to be an execution or attestation,'" as such documents are presumptively authentic. *See Blain v. Liberty Mut. Fire Ins. Co.*, 2024 WL 948020, at *2 (S.D. Cal. Feb. 12, 2024) (citing Fed. R. Evid. 902(1), and taking judicial notice of settlement order obtained through public records request on motion for judgment on the pleadings).  Further, such documents that were obtained through public records requests are particularly susceptible to judicial notice as presumptively public documents. *See, e.g.*, *Silverstrand Invs. v. AMAG Pharms., Inc.*, 2011 WL 3566990, at *4 (D. Mass. Aug. 11, 2011) (taking judicial notice of FDA meeting minutes obtained through FOIA request), *aff'd in part, vacated in part on other grounds*, 707 F.3d 95 (1st Cir. 2013); *Kadiyan v. Medtronic*, 2011 WL 13142145, at *5 n.62 (C.D. Cal. Apr. 8, 2011) (taking judicial notice of administrative complaints obtained through public records request as "part of the public record of an administrative body"), *aff'd*, 510 F. App'x 649 (9th Cir. 2013).

The Court may take judicial notice of two documents issued by the SEC in connection with its investigation into Natera, that Defendants obtained pursuant a FOIA request.  The first (Exhibit 4) is a subpoena the SEC issued to Natera, which Defendants offer for the limited purpose of showing that the SEC sought documents from Natera pursuant to the requests identified therein. (Ex. 4 at 11-15; *see* Mot. at 6-7, 10-11.)  The second (Exhibit 5) is the no-action letter sent by the SEC to Natera, which Defendants offer for the limited purpose of showing that the SEC disclosed

therein that it would not commence an enforcement action following the conclusion of its investigation into Natera.  (Ex. 5; *see* Mot. at 6, 11.)[4]

Both of those documents bear the SEC's seal and signature, were unquestionably created in connection with an official investigation, and were obtained through a FOIA request.  As such, they are properly subject to judicial notice as public administrative records.  *See Slaughter v. Torres*, 592 F. Supp. 3d 515, 520 (M.D. La. 2022) (taking judicial notice of "documents from the Attorney General's Office, such as responses to a public records request for file materials from its investigation of Plaintiff, correspondence with defense counsel, and a press release"); *In re Intelligroup Sec. Litig.*, 527 F. Supp. 2d 262, 274, n.2 (D.N.J. 2007) (taking judicial notice of SEC no-action letter because it could not "be questioned with respect to whether or not an investigation was terminated"); *Batwin v. Occam Networks, Inc.*, 2008 WL 2676364, at *2 n.3 (C.D. Cal. July 1, 2008) (SEC's no-action letter "is properly the subject of judicial notice").[5]

## IV.   CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court consider Exhibit 1 under the incorporation by reference doctrine, and take judicial notice of Exhibits 1 to 5 under Federal Rule of Evidence 201.  Defendants have identified the specific portions of the documents they are requesting the Court to consider by marking such portions in the versions of the documents attached to the Declaration of Christina L. Costley.

---

[4] As with Natera's SEC filings, Defendants do not offer these documents for their truth, but only for the fact of the statements contained therein insofar as they undermine the reliability of the Hindenburg Report as a source of "corrective" information for the market.  (*See supra* at 6 n.2.)

[5] *But see Fahs Constr. Grp., Inc. v. Gray*, 2012 WL 2873532 (N.D.N.Y. 2012), *aff'd*, 725 F.3d 289 (2d Cir. 2013) (refusing to take judicial notice of a FOIA document).  Courts typically do not take judicial notice of no-action letters for the truth of the matter, but frequently do take judicial notice of the fact that the SEC reached that conclusion.

Dated:  May 30, 2024

**KATTEN MUCHIN ROSENMAN LLP**

/s/ *Bruce G. Vanyo*

Bruce G. Vanyo (admitted pro hac vice)
Christina L. Costley (admitted pro hac vice)
Paul S. Yong (admitted pro hac vice)
2121 Avenue of the Stars, STE 1100, Suite 1100
Los Angeles, CA 90067
Tel: (310) 788-4400
Fax: (310) 788-4471
bruce@katten.com
christina.costley@katten.com
paul.yong@katten.com

Eric R. Hail
State Bar No. 24047579
Ted A. Huffman
State Bar No. 24089015
Megan C. McKennon
Texas State Bar No. 24102184
2121 N. Pearl Street, Suite 1100
Dallas, TX 75201
Tel: (214) 765-3600
Fax: (214) 765-3602
eric.hail@katten.com
ted.huffman@katten.com
megan.mckennon@katten.com

*Counsel for Defendants Natera, Inc., Steve Chapman, Michael Brophy, Matthew Rabinowitz, Paul Billings, Roy Baynes, Monica Bertagnolli, Roelof F. Botha, Rowan Chapman, Todd Cozzens, James I. Healy, Gail Marcus, Herm Rosenman, and Jonathan Sheena*

9