# EXHIBIT A

**PLAINTIFFS' SUMMARY OF RESPONSES TO LOCAL CIVIL RULE 23, APPENDIX A**

**(INFORMATION REQUIRED - MOTION FOR CLASS ACTION CERTIFICATION)**

**(1) A brief statement of the case.**

On the basis of Defendants'[1] alleged conduct during the Class Period, Plaintiffs assert claims under: (1) Section 10(b) of the Exchange Act against the Exchange Act Defendants for alleged omissions and misstatements of material fact; (2) Section 20(a) of the Exchange Act against the Executive Defendants as controlling persons of Natera; (3) Section 20A of the Exchange Act against the Executive Defendants for trading shares of Natera common stock while in possession of material, nonpublic information; (4) Section 11 of the Securities Act against Natera and the Securities Act Individual Defendants for alleged omissions and misstatements of material fact; (5) Section 12(a)(2) of the Securities Act against Natera and the Underwriter Defendants for alleged omissions and misstatements of material fact; and (6) Section 15 of the Securities Act against the Securities Act Individual Defendants as controlling persons of Natera. Motion at 1.

**(2) A statement defining the class plaintiff seeks to have certified including its geographical and temporal scope.**

The proposed class is all persons and entities who purchased or otherwise acquired Natera common stock between February 27, 2020 and March 8, 2022, inclusive, and were damaged thereby. Motion at iii.

**(3) A description of plaintiff's particular grievance and why that claim qualifies plaintiff as a member of the class as defined.**

This case arises out of Defendants' misstatements and omissions concerning Natera's Panorama diagnostic product. Throughout the Class Period, Defendants told investors that Natera's impressive revenue performance was driven in substantial part by Panorama and touted the purportedly increasing demand for the product. However, Defendants concealed from investors that Panorama revenue and demand was, in fact, fueled by deceptive and improper business practices. When investors learned the relevant truth through the alleged corrective disclosure, Natera's stock price fell 33% in one day, harming the putative Class. Motion at 3-5.

**(4) Whether the plaintiff contends that the action may be maintained under Rule 23(b)(1), Rule 23(b)(2), or Rule 23(b)(3) and why.**

Plaintiffs contend that this action is well-suited to proceed as a class action pursuant to Rule 23(b)(3) because the claims asserted on behalf of the proposed Class involve common, class-wide questions of law and fact that predominate over any individualized questions, including whether Defendants omitted or misrepresented material facts, and whether the proposed Class was damaged by Defendants' alleged unlawful conduct. The action also satisfies Rule 23(b)(3)'s superiority

---

[1] Unless otherwise defined herein, all capitalized terms have the meanings ascribed to them in Plaintiffs' Motion for Class Certification and Appointment of Class Representatives and Class Counsel ("Motion").

requirement, as the asserted claims provide a means of potential recovery for thousands of similarly situated investors who are geographically dispersed, and none of whom, to Plaintiffs' knowledge, have brought an individual action to pursue recovery for their losses. Motion at 9-20.

**(5) A statement respecting the four prerequisites of Federal Rule of Civil Procedure 23(a). The statement shall set forth:**

**a. The anticipated number of class members and how this number was determined.**

On information and belief, there are likely thousands of members of the proposed Class, as reflected in the fact that, during the Class Period, Natera common stock traded on the Nasdaq exchange, with significant levels of institutional ownership and an average weekly trading volume of 4.48 million shares. Motion at 6.

**b. The common questions of law and fact involved.**

This action involves numerous common questions of law and fact, including whether the Defendants omitted or misrepresented facts, whether such facts were material, and whether Natera's common stock price was artificially inflated in connection with the alleged unlawful conduct. Motion at 6-7.

**c. The reasons why plaintiff's claim is typical of those of the other class members.**

Plaintiffs' claims are typical of the claims of other Class members because Plaintiffs and Class members purchased or acquired Natera common stock during the Class Period at prices that are alleged to have been artificially inflated by Defendants' misconduct, and suffered damages when the relevant truth Defendants had concealed was disclosed to the market and the price of Natera common stock declined. Thus, Plaintiffs' and the Class's claims arise from the same alleged course of conduct by the Defendants, are based on the same legal theories of liability and damages, and will be proven with common evidence on a class-wide basis. Motion at 7.

**d. The reason why representation by the named plaintiff is adequate to protect the interests of the class. This part of the statement shall specifically answer the following questions:**

Plaintiffs have demonstrated their willingness and ability to serve as Class Representatives. They have actively overseen this litigation by communicating regularly with counsel about the action and reviewing case developments and strategy, reviewing and approving drafts of pleadings and other court filings, propounding and/or responding to discovery requests, litigating a Rule 26 case management dispute, and preparing a class certification motion and related papers. Plaintiffs will continue to vigorously litigate this case on behalf of the Class. Motion at 8, *see also* Exs. C, D to the Declaration of Joshua A. Materese in Support of Plaintiffs' Motion for Class Certification and Appointment of Class Representatives and Class Counsel ("Materese Declaration").

**(i) Is the claim of the named plaintiff presently or potentially in conflict with that of any members of the class?**

There are no conflicts between Plaintiffs and the Class. Motion at 8.

**(ii) Will the claims of the class require subclasses presently or in the future?**

Plaintiffs do not anticipate a need for subclasses.

**(iii) What is the prior experience of counsel for the plaintiff that would indicate capability to handle the lawsuit?**

Proposed Class Counsel, KTMC and BLB&G, have ample resources and significant experience litigating complex securities fraud class action lawsuits on behalf of shareholders in cases in the Fifth Circuit and across the Country. Motion at 9, 20.

**(iv) Is counsel presently representing or has he at any time represented, a class in any other class action, and if so, when, and how many instances?**

KTMC and BLB&G specialize in securities class action litigation. KTMC and BLB&G have represented investors in dozens of certified securities class actions, respectively, since the passage of the Private Securities Litigation Reform Act of 1995. *See* Exs. E, F to the Materese Declaration.

**(v) How many cases is plaintiff's counsel now handling in which class action allegations are made?**

KTMC and BLB&G are currently serving as lead, co-lead, or additional counsel in approximately 30 securities class actions, respectively.

**(6) A statement describing any other pending actions in any court against the defendants alleging the same or similar causes of action.**

Plaintiffs are not aware of any other direct action alleging violations of the federal securities laws against any of the Defendants alleging the same or similar causes of action that Plaintiffs allege in this case. For the sake of completeness, Plaintiffs note the following pending actions, which allege different causes of action but refer to some similar underlying events and circumstances as those alleged in this case: *Morariu v. Chapman et al.*, No. 1:23-cv-01251-DAE (W.D. Tex. 2023) and *Rowe v. Chapman et al.*, C.A. No. 2024-0496 (Del. Ch. 2024).

**(7) A statement that the attorney for the named plaintiff has discussed and thoroughly explained to the plaintiff the nature of a class action and potential advantages and disadvantages to the named plaintiff by proceeding in a class action rather than individually.**

Proposed Class Counsel has thoroughly explained to the proposed Class Representatives the procedures and duties involved in prosecuting a securities class action, and discussed the advantages and disadvantages of proceeding in a class action rather than individually.

**(8) A statement of the proposed notices to the members of the class and how and when the notices will be given, including a statement regarding security deposit for the cost of notices.**

Notice can be provided to Class members by the effective means typically approved by federal district courts for use in securities class actions. For example, if a class is certified by the Court, following an application and order of the Court approving the specifically-proposed notice plan (including proposed notice documents and language), Class notice will be mailed by first-class U.S. mail to all Class members who can be identified through reasonable effort. Plaintiffs can obtain names and addresses of potential Class members from (1) Defendant Natera, who will provide names and addresses of record holders of Natera common stock during the Class Period; and (2) from brokers and other nominee holders, who will provide names and addresses of other beneficial owners of Natera common stock during the Class Period (or forward the notice themselves to those beneficial owners). Plaintiffs will also publish a summary notice in *The Wall Street Journal* and over *PR Newswire*, and establish a case website where the class notice and other relevant documents, including the class certification order and operative complaint, will be made available.

**(9) A description of the extent of any settlement negotiations that have taken place and the likelihood of settlement with the named plaintiff on an individual basis. If such settlement is likely, include a statement specifying:**

The parties have not engaged in any settlement negotiations to date. Plaintiffs have no intention of settling their claims on an individual basis.

**a. Whether or not counsel have any knowledge of any person who has relied on the fact that this suit was initially filed as a class action.**

Proposed Class Counsel does not have any such specific knowledge.

**b. The manner in which counsel will protect the class in the event of settlement with the named plaintiff on an individual basis.**

Plaintiffs and Proposed Class Counsel understand and appreciate their fiduciary duties to the proposed Class and will litigate the case on behalf of that Class. Plaintiffs do not intend to settle this action on an individual basis. For the avoidance of any doubt, however, in the event an individual settlement was nevertheless to occur, Plaintiffs and Proposed Class Counsel would ensure that the claims of all investors in the Class were not released.

**(10) A statement of any other matters that the plaintiff deems necessary and proper to the expedition of a decision on the motion and the speedy resolution of the case on the merits.**

Plaintiffs' Motion and supporting papers set forth the basis for their request for class certification. Plaintiffs do not believe there are any other matters to bring to the Court's attention at this time.