**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

|  |  |  |
|---|---|---|
| JOHN HARVEY SCHNEIDER, Individually and on Behalf of All Others Similarly Situated, | § § § § | Case No. 1:22-cv-00398-DAE |
| Plaintiff, | § § | |
| v. | § § | |
| NATERA, INC., STEVE CHAPMAN, MICHAEL BROPHY, MATTHEW RABINOWITZ, and RAMESH HARIHARAN, | § § § § § | |
| Defendants. | § § § § | |

**THE NATERA DEFENDANTS' REPLY BRIEF IN FURTHER SUPPORT
OF THEIR MOTION FOR JUDGMENT ON THE PLEADINGS**

**TABLE OF CONTENTS**

**Page**

INTRODUCTION ..................................................................................................................... 1

ARGUMENT .......................................................................................................................... 2

I.      PLAINTIFFS FAIL TO STATE A CLAIM UNDER THE REFORM ACT. .................... 2

      A.      Plaintiffs Fail to Plead Falsity. ................................................................ 2

            1.      Plaintiffs Fail to State a Claim Based on the Hindenburg Report. ............ 2

            2.      Plaintiffs Fail to Plead Illegality. ................................................. 6

      B.      Plaintiffs Fail to Plead Scienter. ............................................................. 8

      C.      Plaintiffs Fail to Plead Loss Causation. .................................................. 9

II.     PLAINTIFFS' SECONDARY LIABILITY CLAIMS MUST BE DISMISSED. ........... 10

CONCLUSION ..................................................................................................................... 10

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Abrams v. Baker Hughes Inc.*,
  292 F.3d 424 (5th Cir. 2002) ..........................................................................................8

*Aventa Learning, Inc. v. K12 Inc.*,
  2011 WL 13100748 (W.D. Wash. Mar. 28, 2011) .........................................................4

*Bach v. Amedisys, Inc.*,
  2016 WL 4443177 (M.D. La. Aug. 19, 2016) .................................................................7

*City of Pontiac Policemen's & Firemen's Ret. Sys. v. UBS AG*,
  752 F.3d 173 (2d Cir. 2014)............................................................................................7

*Estep v. City of Somerset, Ky.*,
  2011 WL 845847 (E.D. Ky. Mar. 8, 2011)...................................................................4, 5

*Ettinoffe v. Sheikh*,
  2023 WL 3127665 (S.D. Tex. Apr. 26, 2023) .................................................................4

*Harris v. AmTrust Fin. Servs., Inc.*,
  135 F. Supp. 3d 155 (S.D.N.Y. 2015), *aff'd*, 649 F. App'x 7 (2d Cir. 2016).........................1, 3

*Hershewe v. Joyy, Inc.*,
  2023 WL 3316328 (9th Cir. May 9, 2023) .....................................................................5

*Hogan v. Pilgrim's Pride Corp.*,
  2018 WL 1316979 (D. Colo. Mar. 14, 2018) .................................................................6

*In re Adkins Supply, Inc.*,
  556 B.R. 285 (Bankr. N.D. Tex. 2016).............................................................................4

*In re BofI Holdings, Inc. Sec. Litig.*,
  977 F.3d 781 (9th Cir. 2020) .........................................................................................10

*In re Citigroup, Inc. Sec. Litig.*,
  330 F. Supp. 2d 367 (S.D.N.Y. 2004)..............................................................................8

*In re DraftKings Inc. Sec. Litig.*,
  650 F. Supp. 3d 120 (S.D.N.Y. 2023)......................................................................5, 6, 7

*In re Fannie Mae 2008 Sec. Litig.*,
  742 F. Supp. 2d 382 (S.D.N.Y. 2010)..............................................................................3

*In re Immucor, Inc. Sec. Litig.*,
  2011 WL 2619092 (N.D. Ga. June 30, 2011)........................................................................6

*In re KBR, Inc. Sec. Litig.*,
  2018 WL 4208681 (S.D. Tex. Aug. 31, 2018) ......................................................................7

*In re Qiwi plc Sec. Litig.*,
  2023 WL 7283619 (E.D.N.Y. Nov. 3, 2023)..........................................................................8

*Jacobowitz v. Range Res. Corp.*,
  596 F. Supp. 3d 659 (N.D. Tex. 2022) ..................................................................................9

*Kakkar v. Bellicum Pharms., Inc.*,
  2020 WL 2845279 (S.D. Tex. May 29, 2020) ........................................................................9

*Konkol v. Diebold, Inc.*,
  590 F.3d 390 (6th Cir. 2009) .................................................................................................9

*Long Miao v. Fanhua, Inc.*,
  442 F. Supp. 3d 774 (S.D.N.Y. 2020)....................................................................................5

*Lormand v. US Unwired, Inc.*,
  565 F.3d 228 (5th Cir. 2009) .................................................................................................2

*Menora Mivtachim Ins. Ltd. v. Int'l Flavors & Fragrances Inc.*,
  2021 WL 1199035 (S.D.N.Y. Mar. 30, 2021), *aff'd*,
  49 F.4th 790 (2d Cir. 2022) ...................................................................................................8

*Mucha v. Winterkorn*,
  2022 WL 774877 (2d Cir. Mar. 15, 2022)..............................................................................6

*Nathenson v. Zonagen Inc.*,
  267 F.3d 400 (5th Cir. 2001) .................................................................................................2

*Neiman v. Bulmahn*,
  854 F.3d 741 (5th Cir. 2017) .................................................................................................9

*Nozak v. N. Dynasty Mins. Ltd.*,
  804 F. App'x 732 (9th Cir. 2020) ..........................................................................................6

*Oklahoma Firefighters Pension & Ret. Sys. v. Six Flags Ent. Corp.*,
  58 F.4th 195 (5th Cir. 2023) ...............................................................................................2, 5

*Pang v. Levitt*,
  2024 WL 2108842 (W.D. Tex. Apr. 22, 2024).......................................................................5

*Sparling v. Doyle*,
  2014 WL 12489990 (W.D. Tex. Oct. 23, 2014)....................................................................10

*Yoshikawa v. Exxon Mobil Corp.*,
    2022 WL 4677621 (N.D. Tex. Sept. 29, 2022)...............................................................................9

*Zarnow v. City of Wichita Falls*,
    614 F.3d 161 (5th Cir. 2010) ........................................................................................................5

**Other Authorities**

SEC Enforcement Manual,
    2016 WL 1566546 (Apr. 18, 2016) .............................................................................................3

**INTRODUCTION**

Plaintiffs' Opposition makes two key concessions, each of which is alone a sufficient basis to grant this Motion.

*First*, Plaintiffs do not dispute (and therefore admit) that the Hindenburg Report was not reliable.  Instead, they argue that this Court cannot consider the Report's reliability, at all, because it previously held, in a single paragraph of its thirty-two (32) page decision on Natera's Motion to Dismiss, that this was "a question of fact that the Court cannot resolve at this time."  (Dkt. 104 ("Order") at 23-24.)  The Court's prior decision, however, is not law of the case.  It did not consider the impact of the SEC's decision, made after conducting a formal, seventeen-month investigation into the Hindenburg Report, to take no action against Natera.  It also did not consider the applicability of the Fifth Circuit's holding that allegations from confidential sources should be scrutinized at the pleading stage to determine whether they are reliable, or the decisions from other courts confirming that when accusations made in a short report have been "proven wrong" by the absence of regulatory action, that is grounds for immediate dismissal.  *See Harris v. AmTrust Fin. Servs., Inc.*, 135 F. Supp. 3d 155, 159 (S.D.N.Y. 2015), *aff'd*, 649 F. App'x 7 (2d Cir. 2016).

*Second*, Plaintiffs now acknowledge that they are *not* arguing that Natera misstated its financial results.[1]  This is a critical admission because this Court initially held that Natera's statements were misleading solely because they "conceal[ed] that Panorama revenues were inflated by deceptive practices[.]"  (Order at 24.)  If Plaintiffs are not challenging the accuracy of Natera's financial results, it is not clear on what basis they intend to move forward with this case. Neither the Hindenburg Report nor the Complaint includes particularized facts demonstrating that the conduct alleged violated a specific law, and even if they did, Natera had no independent obligation to disclose that it was purportedly engaged in illegal practices.  Since Plaintiffs do not offer any other basis for this Court to conclude that Natera's statements were false, this is a

---

[1] Based on Plaintiffs' representation in the Opposition that they are *not* challenging the accuracy of Natera's financial results, Natera withdraws its request for judicial notice of E&Y's certification of the accuracy of Natera's financial results.  (*See* Ex. 3 at 3-4, 7-8.)

sufficient basis to grant this Motion *regardless* of whether the Court chooses to consider the reliability of the Hindenburg Report.

For these reasons, and for the additional reasons set forth below, the Natera Defendants' Motion for Judgment on the Pleadings should be granted.

<u>**ARGUMENT**</u>

## I.   PLAINTIFFS FAIL TO STATE A CLAIM UNDER THE REFORM ACT.

### A.   Plaintiffs Fail to Plead Falsity.

Plaintiffs do not dispute that the Reform Act's heightened pleading standards govern this Motion.  The Reform Act sought to "prevent abusive, frivolous strike suits," *Nathenson v. Zonagen Inc.*, 267 F.3d 400, 407 (5th Cir. 2001), and halt "the routine filing of lawsuits . . . with only [a] faint hope the discovery process might lead eventually to some plausible cause of action," *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 257 n.22 (5th Cir. 2009).  It implemented several key pleading requirements, including that plaintiffs must "allege with particularity why each one of defendants' representations or omissions was 'misleading[.]'" *See Oklahoma Firefighters Pension & Ret. Sys. v. Six Flags Ent. Corp.*, 58 F.4th 195, 206-207, 209, n.11 (5th Cir. 2023).

When considering allegations from confidential sources, courts "apply the [Reform Act's] particularity requirement by evaluating the 'detail provided by the confidential sources, the sources' basis of knowledge, the reliability of the sources, the corroborative nature of other facts alleged, including from other sources, the coherence and plausibility of the allegations, and similar indicia." *Six Flags Ent.*, 58 F.4th. at 209 n.11 (internal punctuation and citation omitted).  This requires courts to "'weigh the strength of plaintiffs' favored inference in comparison to other possible inferences'" arising from the complaint, documents incorporated by reference in the complaint, and judicially noticeable documents.  *Id.* at 207, n.8 (5th Cir. 2023) (applying this standard to both falsity and scienter) (citation omitted).

### 1.   Plaintiffs Fail to State a Claim Based on the Hindenburg Report.

Plaintiffs' remaining claims cannot survive any degree of scrutiny.  Plaintiffs do not dispute that their Panorama claims are based entirely on the Hindenburg Report – an anonymous short

2

report written by an entity that expressly disclaimed that it was "not a registered investment advisor" and that its "reporting" is "presented 'as is,' without warranty of any kind" and without any "representation, express or implied, as to [its] accuracy, timeliness, or completeness[.]" (Ex. 1 at 44-45; *see also* MJOP at 13 (citing cases).) The allegations in the Report have been thoroughly reviewed by the SEC, which conducted a formal, seventeen-month investigation into the claims made in the Report and decided to take no action based on them – a decision that necessarily included determinations by the Staff about "the seriousness of the conduct and potential violations," "the sufficiency and strength of the evidence," and the "extent of potential investor harm if an action is not commenced." SEC Enforcement Manual, 2016 WL 1566546, at *22 (Apr. 18, 2016).[2] Multiple courts have granted motions to dismiss in similar circumstances, not based on a finding that the company is innocent, but because the lack of regulatory action based on the allegations in the Report reinforces that the allegations were not reliable to start. *See Harris,* 135 F. Supp. 3d at 163-64 (taking judicial notice of the fact that none of the "apocalyptic prediction[s]" in the short report had transpired); *In re Fannie Mae 2008 Sec. Litig.*, 742 F. Supp. 2d 382, 408 (S.D.N.Y. 2010) (granting motion to dismiss where "federal regulators have never claimed any violation"); (*see also* MJOP at 11-12).

Plaintiffs do not dispute this nor do they attempt to argue that the allegations in the Hindenburg Report were reliable. Instead, they advance various procedural arguments that, they claim, prevent the Court from considering the reliability of the Hindenburg Report at all. First, Plaintiffs argue this Court cannot take judicial notice of the SEC investigation because that would require the Court to find that Natera did not engage in misconduct. This misses the point. Defendants have repeatedly stated that they are not offering the SEC documents to establish Natera's innocence. (*See* MJOP at 12.) This Court does not have to hold that Natera did not

---

[2] If the Staff had found evidence of wrongdoing, they could have closed their investigation without recommending an enforcement action only if the SEC had lacked "staff resources [] to pursue the investigation," or the extent of "investor harm" and "age of the [underlying] conduct" did not merit enforcement. SEC Enforcement Manual, 2016 WL 1566546, at *22 (Apr. 18, 2016). There is no indication any of these factors were present here. (*See* Opp. at 12.)

engage in wrongdoing.  It does not have to give any weight whatsoever to the exculpatory findings by the SEC.  Rather, it need only take judicial notice of the fact that the SEC: (1) conducted an investigation into the Hindenburg allegations, and (2) chose to take no action based on them. Plaintiffs cite no authority suggesting judicial notice for this purpose is improper; to the contrary, they acknowledge that the Court can consider "what statements [the documents] contain."  (*See* Opp. at 2; *see also* RJN Reply at 6-7.)[3]  Here, as in the other cases where courts have granted motions to dismiss on this basis (*see supra* at 3) it is the *absence* of regulatory action, not a finding of innocence, that is relevant.

Second, Plaintiffs argue that this Court's prior Motion to Dismiss decision prohibits the Court from considering the reliability of the Hindenburg allegations now.  (*See* Opp. at 1-2.) Again, Plaintiffs are wrong.  Briefing on the Motion to Dismiss closed before the SEC concluded its investigation.  Defendants, therefore, did not submit – and the Court did not previously consider – the effect of the SEC's investigation on the plausibility of Plaintiffs' claims.  Even Plaintiffs' own cited authorities confirm that the Court can consider new information when ruling on a motion for judgment on the pleadings.  *See Ettinoffe v. Sheikh,* 2023 WL 3127665, at *1 (S.D. Tex. Apr. 26, 2023) (considering "two new pieces of information" submitted by defendants in support of their 12(c) motion); *see also In re Adkins Supply, Inc.*, 556 B.R. 285, 290 (Bankr. N.D. Tex. 2016). In addition, it is also appropriate to reconsider the reliability of the Hindenburg Report now because the SEC's action leaves no path for this case to proceed.  *See Estep v. City of Somerset, Ky.*, 2011 WL 845847, at *2 (E.D. Ky. Mar. 8, 2011) (judgment on the pleadings is appropriate even as to issues already briefed and decided when "plaintiff's claim must fail as a matter of law and cannot be saved with any amount of discovery").  As the Natera Defendants pointed out in the Motion, regardless of whether the conduct alleged in the Hindenburg Report actually occurred, in

---

[3] Even the authority on which Plaintiffs rely confirms that it is appropriate to take judicial notice of a no action letter for the point that an investigation "was terminated without recommendation to the SEC of any enforcement action."  *Aventa Learning, Inc. v. K12 Inc.*, 2011 WL 13100748, at *4 (W.D. Wash. Mar. 28, 2011) (cited by RJN Opp. at 13); (*see also* RJN Reply at 7-8).

the absence of a regulatory finding that it was illegal, Plaintiffs have no basis for a securities fraud claim.  (*Compare* MJOP at 12 (making this argument) *with* Opp. (failing to address it).)

Even if this Court chooses not to consider the SEC documents, this Motion still should be granted.  The Court's decision allowing the Panorama claims to proceed is not law of the case nor does it otherwise bar reconsideration of this issue now.  *See Zarnow v. City of Wichita Falls*, *Tex.*, 614 F.3d 161, 171 (5th Cir. 2010) ("A court has the power to revisit prior decisions of its own in any circumstance.").  Judgment on the pleadings is appropriate, even as to issues previously briefed and decided, when "the defendant produces legal authority" not previously considered "in response to the court's decision."  *See Estep*, 2011 WL 845847, at *2; *see also Pang v. Levitt*, 2024 WL 2108842, at *6 (W.D. Tex. Apr. 22, 2024) (Ezra, J.) ("reconsider[ing] the issues in this case, along with the additional briefing").  The prior briefing here did not focus on the Panorama claims and, consistent with this, the Court relied on just a single 2013 decision, from the Southern District of New York, when holding that the reliability of the Hindenburg Report could not be considered at that time.  More recent decisions from the same court, which this Court did not previously consider, confirm that the reliability of a short report *is* properly analyzed at the pleading stage.  *See In re DraftKings Inc. Sec. Litig.*, 650 F. Supp. 3d 120, 154 (S.D.N.Y. 2023) (granting motion to dismiss case based on allegations in Hindenburg Report and noting that courts "critically analyze factual attributions to short-seller reports") (internal punctuation omitted); *see also Long Miao v. Fanhua, Inc.*, 442 F. Supp. 3d 774, 801 (S.D.N.Y. 2020) (collecting cases).

In addition, the Court did not previously consider the applicability of the Fifth Circuit's decision in *Six Flags Ent.*, which expressly requires courts to weigh "the strength of plaintiffs' favored inference in comparison to other possible inferences" suggested by the complaint and judicially noticeable documents when considering allegations from anonymous sources.  *See Six Flags Ent.*, 58 F.4th at 207; *Hershewe v. Joyy, Inc.*, 2023 WL 3316328, at *1 (9th Cir. May 9, 2023) (affirming decision granting motion to dismiss where short report lacked "indicia of reliability").  Plaintiffs argue that a short-seller report can act as a shield that bestows credibility onto otherwise deficient anonymous witness allegations, but Plaintiffs do not explain why

5

anonymous allegations in a short-seller report should be given greater credibility than anonymous allegations vetted and certified by counsel under Rule 11.  (*See* MJOP at 12-13, n.7); *Nozak v. N. Dynasty Mins. Ltd.,* 804 F. App'x 732, 734 (9th Cir. 2020) (applying standards for confidential witnesses to short report); *DraftKings*, 650 F. Supp. 3d at 154 ("when a complaint's factual attributions to unidentified sources derive not from interviews by plaintiffs' counsel, but from a short-seller report's attributions to such sources – there is still greater need for care").   Therefore, this Motion should be granted regardless of whether the Court considers the lack of regulatory action.

### 2.	Plaintiffs Fail to Plead Illegality.

Even if the Court were inclined to credit the Hindenburg Report's allegations and disregard the SEC's investigation entirely, Plaintiffs still fail to explain how that conduct rendered Natera's affirmative statements false or misleading.  In its Order on Defendants' Motion to Dismiss, this Court held that the Panorama statements were misleading because they "conceal[ed] that Panorama revenues ***were inflated*** by deceptive practices – such as the inappropriate submission of prior authorizations by MGML" and Natera's use of the NIPT order form.  (Order at 24 (emphasis added).)  In the Opposition, however, Plaintiffs state that their claims actually are "not predicated upon an assertion that Defendants misstated their reported financial results[.]"  (Opp. at 14.)[4]

Of course, this begs the question of what Plaintiffs' claims *are* predicated upon – a point they do not address.  (*See* Opp. at 14.)  If Plaintiffs are arguing that Natera engaged in illegal conduct, they have not pled an underlying illegal act with the particularity required by the Reform Act.  *See Mucha v. Winterkorn,* 2022 WL 774877, at *3 (2d Cir. Mar. 15, 2022) (affirming district court where plaintiff "did not plead with particularity how Volkswagen's alleged coordinated conduct was unlawful or anticompetitive"); *Hogan v. Pilgrim's Pride* Corp., 2018 WL 1316979, at *5 (D. Colo. Mar. 14, 2018) ("plaintiff must plead with particularity the facts that establish the existence of the antitrust conspiracy"); *In re Immucor, Inc. Sec. Litig.*, 2011 WL 2619092, at *4

---

[4] The parties did not previously brief, and the Court did not reach, the question of whether Plaintiffs had pled a claim based on allegations of illegal conduct that did *not* inflate Natera's revenue.

(N.D. Ga. June 30, 2011) ("the allegations about the underlying illegal activity must also be stated with particularity").  Instead, they continue to rely on the same conclusory argument that Natera violated unspecified "*potential* anti-kickback laws," without specifying which ones and without alleging that this conduct (which they claim had gone on for over four years) has ever resulted in any sort of adverse action against Natera.  (*See* Opp. at 13-14; ¶¶ 132, 136-37.)[5]  Plaintiffs argue that requiring further detail would require the Court "to resolve . . . numerous factual disputes" (Opp. at 14) but that is nonsense; Plaintiffs' failure to specify the law at issue, and to explain how Defendants violated it, is a fundamental pleading deficiency, not an issue of fact.  *See In re KBR, Inc. Sec. Litig.*, 2018 WL 4208681, at *3 (S.D. Tex. Aug. 31, 2018) (granting motion to dismiss "conclusory allegations that a company has engaged in widespread illegal conduct"); *DraftKings*, 650 F. Supp. 3d at 157 (granting motion to dismiss claims based on another Hindenburg report because the complaint did not specify "what laws [the company] allegedly violated; how, if at all, those laws applied to [the company]; how concretely [the company's] conduct violated those laws" and "whether those laws are in fact enforced").  This failure is alone grounds to grant this Motion.

Even if Plaintiffs had pled with particularity that Natera had engaged in wrongdoing (they do not), Natera had no legal duty to disclose it.  The securities laws are "not a rite of confession, and companies do not have a duty to disclose uncharged, unadjudicated wrongdoing." *City of Pontiac Policemen's & Firemen's Ret. Sys. v. UBS AG*, 752 F.3d 173, 184 (2d Cir. 2014); *see Bach v. Amedisys, Inc.*, 2016 WL 4443177, at *9 (M.D. La. Aug. 19, 2016) ("A corporation does not have a duty to disclose information simply because it is material, or because it suggests that the corporation or its employees engaged in uncharged illegal conduct.").  Plaintiffs here do not and cannot point to any affirmative statement rendered false by nondisclosure of the conduct alleged in the Hindenburg Report; instead, they simply quote Natera's concededly accurate representation

---

[5] Plaintiffs similarly allege that the Panorama requisition form "went against industry guidance issued in 2014." (¶ 146.)  Plaintiffs cannot seriously contend that Natera engaged in securities fraud by not disclosing that it potentially implicated *guidance* (not even a law or regulation) published a decade earlier that has never been enforced.

that its revenue growth was "driven" primarily "by Panorama and Horizon testing" (*see, e.g.*, ¶ 110) without explaining how or why those statements were false.[6]  This is not grounds for a securities fraud claim.  *See In re Citigroup, Inc. Sec. Litig.*, 330 F. Supp. 2d 367, 377 (S.D.N.Y. 2004) (rejecting claim that company's statements about profitability imparted duty "to disclose that its revenues were derived from 'unsustainable and illegitimate sources'"), *aff'd*, 165 F. App'x 928 (2d Cir. 2006); *see also In re Qiwi plc Sec. Litig.*, 2023 WL 7283619, at *13 (E.D.N.Y. Nov. 3, 2023) (rejecting challenge to "statements regarding profits and growth" based on omission that "illegal gambling transactions contributed to the company's revenue" because "plaintiff's allegations about illicit gambling [were] . . . assertions of uncharged, unadjudicated wrongdoing").

### B.      Plaintiffs Fail to Plead Scienter.

Plaintiffs fail to point to any particularized facts supporting a "cogent and compelling" inference of scienter as to any of the individual defendants who made a challenged statement.  (*See* MJOP at 16-17.)[7]  Lacking any such facts, Plaintiffs simply point backwards to a single paragraph in the Court's motion to dismiss decision (Order at 25) that, again, is not law of the case and is not binding here.  (*See supra* at 1.)  The arguments they do assert are meritless.

*First*, Plaintiffs do not dispute that the individual defendants' alleged stock sales, even if unusual in timing or amount (they were not), are, standing alone, insufficient to establish scienter. (*See* MJOP at 17); *Abrams v. Baker Hughes Inc.*, 292 F.3d 424, 430 (5th Cir. 2002) ("motive and opportunity, standing alone are no longer sufficient to plead a strong inference of scienter").

---

[6] In the Complaint, Plaintiffs repeatedly accuse Natera of "[c]reating the impression" that revenue growth was "organic," but Natera **never said this.**  (*Compare* ¶¶ 12, 14, 108, 115 *with* ¶¶ 11, 113.) Even if it had, though, a statement that financial results were driven by "organic growth" is not rendered false by a failure to disclose that growth was actually driven by illegal practices.  *See Menora Mivtachim Ins. Ltd. v. Int'l Flavors & Fragrances Inc.*, 2021 WL 1199035, at *17 (S.D.N.Y. Mar. 30, 2021), *aff'd*, 49 F.4th 790 (2d Cir. 2022) (claim of "organic growth" not "sufficiently specific" to be rendered false by failure to disclose that revenue was actually driven by alleged payment of illegal bribes).

[7] Plaintiffs dispute that Chapman and Brophy were the only individuals who made challenged statements (Opp. at 17 n.13) but the only other Panorama statements in the Complaint are pled in connection with the Section 11 claims (see ¶¶ 274-92) and are therefore irrelevant to scienter.

*Second*, Plaintiffs effectively concede that the 2018 DOJ settlement, absent any admission of wrongdoing, cannot show that any individuals were implicated in misconduct.  (*See* MJOP at 17.)  Plaintiffs respond that the settlement, then, can at least show that Chapman and Rabinowitz were "knowledgeable about [Natera's Panorama-specific billing practices]" (Opp. at 16), but Plaintiffs ignore that Natera had "***denied***" all allegations (¶ 194) – including as to knowledge – and that the relevant "billing practices" are irrelevant to the conduct alleged here (*i.e.*, MGML and the NIPT order form).  *See Jacobowitz v. Range Resources Corp.*, 596 F. Supp. 3d 659, 688 (N.D. Tex. 2022) (settlement containing "no concession" insufficient to establish scienter).

*Third*, Plaintiffs do not credibly argue that the core operations doctrine (or the "special circumstances" exception) applies to a company as large as Natera.  (*See* MJOP at 16.)  While they contend that the Fifth Circuit in *Neiman v. Bulmahn*, 854 F.3d 741, 750 (5th Cir. 2017) recognized that other factors may be relevant where the company has 60 employees (*see* Opp. at 17, n.14), courts have since made clear that "size alone can render the exception inapplicable." *Yoshikawa v. Exxon Mobil Corp.*, 2022 WL 4677621, at *4 (N.D. Tex. Sept. 29, 2022).  Natera's "workforce comprised 3,018 employees" (Ex. 3 at 2), making the special circumstances exception *ispo facto* inapplicable.  *See Kakkar v. Bellicum Pharms., Inc.*, 2020 WL 2845279, at *4 (S.D. Tex. May 29, 2020) ("company with more than 100 employees would not comport with case law finding a 'special circumstance' for a small company").  Plaintiffs' insistence as to the "importance" of the alleged conduct, even if supported – it is not (*see* MJOP at 16) – is, therefore, legally irrelevant.

*Finally*, Plaintiffs' assertion that Chapman and Brophy must have known about the alleged conduct because they provided general reports on Panorama-generated revenue growth (Opp. at 17) is baseless.  Those statements (¶¶ 150-162) had nothing to do with MGML or the order form and, as such, cannot establish knowledge of those alleged issues.  *See Konkol v. Diebold, Inc.*, 590 F.3d 390, 402 (6th Cir. 2009) (statements about company's "profit and growth" were too "generalized" to demonstrate defendants' knowledge about revenue-recognition practices).

### C.    Plaintiffs Fail to Plead Loss Causation.

The parties did not previously brief, and the Court did not previously consider, whether the

Hindenburg Report was sufficiently reliable to serve as a corrective disclosure.[8]  (*See* Dkt. 78 at 25; Order at 25-26); *Sparling v. Doyle*, 2014 WL 12489990, at \*4 (W.D. Tex. Oct. 23, 2014) ("[A]dditional Rule 12(b)(6) defenses can be raised in a Rule 12(c) motion[.]").

Plaintiffs do not dispute that other courts have confirmed that short-seller allegations are too unreliable to constitute a corrective disclosure.  (*See* MJOP at 18-19.)  As the Natera Defendants explained in their Motion, when a purportedly corrective disclosure is made by an entity "who had a financial incentive to convince others to sell, and the [report] included disclaimers from the authors stating that they made 'no representation as to the accuracy or completeness of the information,'" it "is not plausible" to conclude that "the market reasonably perceived these posts as revealing the falsity of [the company's] prior misstatements."  *See In re BofI Holdings, Inc. Sec. Litig.*, 977 F.3d 781, 797 (9th Cir. 2020).  Plaintiffs argue that these decisions are from other circuits, but they do not cite any decisions from this Circuit (or any other) that disagree with them.  This is a separate and independent reason to grant this Motion.[9]

## II.    PLAINTIFFS' SECONDARY LIABILITY CLAIMS MUST BE DISMISSED.

Plaintiffs do not dispute that, if they have failed to plead a primary violation, their secondary liability claims also should be dismissed.  (*See* MJOP at 19.)

### CONCLUSION

For all the foregoing reasons, the Natera Defendants respectfully request that the Court grant judgment on the pleadings in their favor and dismiss the Amended Complaint in its entirety, with prejudice.

---

[8] Plaintiffs quote background discussion, not the Court's holding, in the Opposition.  (*See* Opp. at 18.)

[9] Plaintiffs do not dispute that their '33 Act Claims should be dismissed for the same reason as the '34 Act Claims.  (*Compare* MJOP at 12 n.6 *with* Opp. at 3 n.4 (no response).)

Dated: July 9, 2024

KATTEN MUCHIN ROSENMAN LLP

/s/ Bruce G. Vanyo
Bruce G. Vanyo (admitted *pro hac vice*)
Christina L. Costley (admitted *pro hac vice*)
Paul S. Yong (admitted *pro hac vice*)
2121 Avenue of the Stars, STE 1100, Suite 1100
Los Angeles, CA 90067
Tel: (310) 788-4400
Fax: (310) 788-4471
bruce@katten.com
christina.costley@katten.com
paul.yong@katten.com

Eric R. Hail
State Bar No. 24047579
Ted A. Huffman
State Bar No. 24089015
Megan C. McKennon
Texas State Bar No. 24102184
2121 N. Pearl Street, Suite 1100
Dallas, TX 75201
Tel: (214) 765-3600
Fax: (214) 765-3602
eric.hail@katten.com
ted.huffman@katten.com
megan.mckennon@katten.com

*Counsel for Defendants Natera, Inc., Steve Chapman, Michael Brophy, Matthew Rabinowitz, Paul Billings, Roy Baynes, Monica Bertagnolli, Roelof F. Botha, Rowan Chapman, Todd Cozzens, James I. Healy, Gail Marcus, Herm Rosenman, and Jonathan Sheena*

11

## CERTIFICATE OF SERVICE

I, Bruce G. Vanyo, hereby certify that a copy of the foregoing document was filed with the Court's electronic case filing (ECF) system on July 9, 2024 which caused an electronic copy of that document to be served on all counsel of record who have appeared in this matter.

/s/ Bruce G. Vanyo

12