**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**

| | |
|---|---|
| JOHN HARVEY SCHNEIDER, Individually and on Behalf of All Others Similarly Situated, <br><br><br> Plaintiff, <br><br> v. <br><br><br> NATERA, INC., STEVE CHAPMAN, MICHAEL BROPHY, MATTHEW RABINOWITZ, and RAMESH HARIHARAN, <br><br><br> Defendants. | Case No. 1:22-cv-00398-DAE |

**PLAINTIFFS' RESPONSE TO DEFENDANTS' OBJECTIONS TO**
**<u>REPORT AND RECOMMENDATION</u>**

**TABLE OF CONTENTS**

Page

I.     PRELIMINARY STATEMENT ....................................................................... 1

II.    STANDARD OF REVIEW AND LEGAL STANDARD................................................. 2

III.   ARGUMENT.................................................................................................. 2

      A.    The R&R Correctly Recommends Certification as to the Securities Act
          Section 12(a)(2) Claims in Accordance with the Evidence and the Law ................ 2

      B.    Defendants' Prior Arguments Are Not Entitled to *De Novo* Review and Do
          Not Impact the Propriety of Class Certification ....................................................... 9

IV.    CONCLUSION............................................................................................... 10

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Brosious v. Children's Place Retail Stores*,
  189 F.R.D. 138 (D.N.J. 1999)................................................................................................10

*Caiafa v. Sea Containers Ltd.*,
  331 F. App'x 14 (2d Cir. 2009) ...............................................................................................6

*In re Century Aluminum Co. Sec. Litig.*,
  729 F.3d 1104 (9th Cir. 2013) .................................................................................................6

*In re Cobalt Int'l Energy, Inc.*,
  2016 WL 215476 (S.D. Tex. Jan. 19, 2016)............................................................................5

*In re Cobalt Int'l Energy, Inc. Sec. Litig.*,
  2017 WL 2608243 (S.D. Tex. June 15, 2017).........................................................................3

*Congregation of Ezra Sholom v. Blockbuster, Inc.*
  504 F. Supp. 2d 151 (N.D. Tex. 2007) ...................................................................................5

*Cormier v. Scribe Media, LLC*,
  2024 WL 4867135 (W.D. Tex. Nov. 22, 2024) (Ezra, J.) .......................................................2

*In re Deutsche Bank AG Sec. Litig.*,
  328 F.R.D. 71 (S.D.N.Y. 2018) ...............................................................................................3

*In re Dreyfus Aggressive Growth Mut. Fund Litig.*,
  2000 WL 1357509 (S.D.N.Y. Sept. 20, 2000)........................................................................4

*In re Eaton Vance Corp. Sec. Litig.*,
  219 F.R.D. 38 (D. Mass. 2003)................................................................................................4

*Flecha v. Medicredit, Inc.*,
  946 F.3d 762 (5th Cir. 2020) ...................................................................................................4

*Freeland v. Iridium World Commc'ns, Ltd.*,
  233 F.R.D. 40 (D.D.C. 2006)...................................................................................................5

*In re Glob. Crossing, Ltd. Sec. Litig.*,
  313 F. Supp. 2d 189 (S.D.N.Y. 2003)......................................................................................9

*Hevesi v. Citigroup Inc.*,
  366 F.3d 70 (2d Cir. 2004).......................................................................................................9

*Hicks v. Morgan Stanley & Co.*,
 2003 WL 21672085 (S.D.N.Y. July 16, 2003) ...................................................... 3-4

*In re IndyMac Mortg.-Backed Sec. Litig.*,
 286 F.R.D. 226 (S.D.N.Y. 2012) ...........................................................................10

*Jedrzeczyk v. Skillz Inc.*,
 2022 WL 2441563 (N.D. Cal. July 5, 2022)...........................................................6

*Johnson v. CBD Energy Ltd.*,
 2016 WL 3654657 (S.D. Tex. July 6, 2016)............................................................6

*KB Partners I, L.P. v. Barbier*,
 2013 WL 2443217 (W.D. Tex. June 4, 2013) .........................................................3

*Krim v. pcOrder.com, Inc.*,
 402 F.3d 489 (5th Cir. 2005) .................................................................................6

*Lab. Corp. of Am. Holdings v. Davis*,
 2025 WL 288305 (Jan. 24, 2025) ..........................................................................4

*Levitin v. A Pea In The Pod, Inc.*,
 1997 WL 160184 (N.D. Tex. Mar. 31, 1997)..........................................................5

*In re Plains All Am. Pipeline, L.P. Sec. Litig.*,
 245 F. Supp. 3d 870 (S.D. Tex. 2017), *aff'd on other grounds sub nom.*,
 *Police & Fire Ret. Sys. of City of Detroit v. Plains All Am. Pipeline, L.P.*, 777
 F. App'x 726 (5th Cir. 2019) .............................................................................. 5-6

*Prause v. TechnipFMC, PLC*,
 2020 WL 3549686 (S.D. Tex. Mar. 9, 2020)...........................................................3

*Rivera v. Wyeth-Ayerst Labs*,
 283 F.3d 315 (5th Cir. 2002) .................................................................................4

*In re Smart Techs., Inc. S'holder Litig.*,
 295 F.R.D. 50 (S.D.N.Y. 2013) ...........................................................................10

*Smith v. Suprema Specialties, Inc.*,
 2007 WL 1217980 (D.N.J. Apr. 23, 2007) .............................................................7

*Stein v. Match Grp., Inc.*,
 2016 WL 3194334 (N.D. Tex. June 9, 2016) ..........................................................9

*Tsirekidze v. Syntax-Brillian Corp.*,
 2009 WL 2151838 (D. Ariz. July 17, 2009).............................................................6

iii

*In re WorldCom, Inc. Sec. Litig.*,
  294 F. Supp. 2d 392 (S.D.N.Y. 2003)....................................................................................8

**Statutes**

28 U.S.C. § 636(b)(1)(C) ........................................................................................................2

**Other Authorities**

Fed. R. Civ. P. 12 ....................................................................................................................5

Fed. R. Civ. P. 23 ..............................................................................................................3, 4, 9

## I.    PRELIMINARY STATEMENT[1]

Defendants do not contest Magistrate Judge Howell's careful ruling and findings in his Report and Recommendation (ECF No. 170) (the "R&R")—based on full briefing and a multi-hour oral argument—that Plaintiffs met all prerequisites under Federal Rule of Civil Procedure ("Rule") 23 for certification of a class with regard to all of their claims under Sections 10(b), 20(a) and 20A of the Exchange Act and Sections 11 and 15 of the Securities Act. It is now undisputed that adoption of the R&R and certification of the proposed class with respect to those claims is appropriate, at minimum.

Defendants' Objections to Report and Recommendation (the "Objection" or "Obj.") (ECF No. 172)[2] presents a narrow challenge to just one issue in the R&R: Plaintiffs' standing to assert claims under Section 12(a)(2) of the Securities Act. That is all.

Defendants' Objection contends that Plaintiffs have not established standing under Section 12(a)(2) and as such, Plaintiffs' "claims are not typical as required to certify the purported class asserting those claims." Obj. at 2. Defendants are wrong. As they acknowledge, standing for Section 12(a)(2) claims is established where a plaintiff purchased securities directly in the relevant offering. Here, undisputed record evidence supports that Additional Plaintiff Key West has standing given its purchase in the July 2021 Offering directly from Underwriter Defendant Morgan

---

[1] Unless otherwise noted, all emphasis is added and internal citations and quotations are omitted. All capitalized terms have the same meaning as in Plaintiffs' Motion for Class Certification and Appointment of Class Representatives and Class Counsel (the "Class Certification Motion") (ECF No. 136).

[2] The Objection was filed by Defendants Morgan Stanley & Co. LLC, Goldman Sachs & Co. LLC, Cowen and Company, LLC, SVB Leerink LLC, Robert W. Baird & Co., BTIG, LLC, and Craig-Hallum Capital Group LLC (collectively, the "Underwriter Defendants"). Defendants Natera, Inc., Steve Chapman, Michael Brophy, Matthew Rabinowitz, Roy Baynes, Monica Bertagnolli, Roelof F. Botha, Rowan Chapman, Todd Cozzens, James I. Healy, Gail Marcus, Herm Rosenman, and Jonathan Sheena (collectively, the "Natera Defendants" and, together with the Underwriter Defendants, "Defendants") joined the Underwriter Defendants' limited Objection. ECF No. 173.

Stanley, as the R&R properly found. R&R at 24; *see* Certification Pursuant to the Federal Securities Laws (the "Key West Certification") (ECF No. 9-2); Complaint (ECF No. 60) ¶¶251, 300.

Defendants' Objection is contrary to the applicable case law, and contrary to the evidence, including the factual allegations of the Complaint and the sworn Key West Certification (concerning which Defendants admittedly chose not to seek discovery), which amply demonstrate standing under Section 12(a)(2). Because Plaintiffs have sufficiently established standing, as Magistrate Judge Howell correctly ruled, Defendants' subordinate arguments—premised on a plaintiff's inability to demonstrate direct purchases in a relevant offering—are inapplicable. Thus, Plaintiffs have demonstrated typicality with respect to their Section 12(a)(2) claim, and the R&R should be adopted in full.

## II.    STANDARD OF REVIEW AND LEGAL STANDARD

When considering objections to a report and recommendation, the District Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). If a party does not object to a finding, as to that finding "the Court need only determine whether the Recommendation is clearly erroneous or contrary to law." *Cormier v. Scribe Media, LLC*, 2024 WL 4867135, at *1–2 (W.D. Tex. Nov. 22, 2024) (Ezra, J.) (adopting recommendation to certify class over objections).

## III.    ARGUMENT

### A.    The R&R Correctly Recommends Certification as to the Securities Act Section 12(a)(2) Claims in Accordance with the Evidence and the Law

Plaintiffs moved to certify a class consisting of "[a]ll persons and entities who purchased or otherwise acquired Natera common stock between February 27, 2020 and March 8, 2022, inclusive, and were damaged thereby." ECF No. 136. Defendants **do not** object to Magistrate Judge

2

Howell's recommendation that this proposed class be certified as to nearly all of Plaintiffs' claims, including claims under both the Exchange Act and the Securities Act. Instead, Defendants' sole objection is limited to the claims asserted under Section 12(a)(2) of the Securities Act. Even there, Defendants challenge only Magistrate Judge Howell's (correct) ruling that Plaintiffs sufficiently established typicality at the class certification stage with regard to the Section 12(a)(2) claims. R&R at 12, 24.[3] Defendants' limited objection fails.

Typicality is met where the "class representatives' claims arise from a similar course of conduct and share the same legal theory." *In re Cobalt Int'l Energy, Inc. Sec. Litig.,* 2017 WL 2608243, at *2 (S.D. Tex. June 15, 2017). The typicality standard is "not demanding." *KB Partners I, L.P. v. Barbier*, 2013 WL 2443217, at *11 (W.D. Tex. June 4, 2013). Here, typical with the proposed class members who participated in Natera's July 2021 SPO, proposed Class Representative Key West purchased 389 shares of Natera common stock during the SPO from one of the Underwriter Defendants at the offering price. *See* Key West Certification; Complaint ¶¶251, 300. Thus, as Magistrate Judge Howell correctly held, Plaintiffs established typicality by demonstrating that "each class member's claim arises from the same allegedly false and misleading information as [Key West's] claim[s]," and involves the same defendants, legal theories, and underlying factual allegations. *Prause v. TechnipFMC, PLC*, 2020 WL 3549686, at *3 (S.D. Tex. Mar. 9, 2020); *see also In re Deutsche Bank AG Sec. Litig.,* 328 F.R.D. 71, 81 (S.D.N.Y. 2018) (plaintiffs alleging Sections 11, 12(a)(2) and 15 claims satisfied typicality as "all class members' claims [arose] from a single, common course of conduct committed against all members of the class"); *Hicks v. Morgan Stanley & Co.,* 2003 WL 21672085, at *5-6 (S.D.N.Y. July 16, 2003)

---

[3] Defendants do not challenge the rulings that Plaintiffs satisfied the other Rule 23 requirements for class certification as to the Section 12(a)(2) claims.

(rejecting standing challenge and finding typicality met by class asserting 12(a)(2) claims); *In re Dreyfus Aggressive Growth Mut. Fund Litig.,* 2000 WL 1357509, at \*9 (S.D.N.Y. Sept. 20, 2000) (typicality met where Section 12(a)(2) class members' claims arose "from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability").

Defendants nevertheless argue that Plaintiffs are atypical because they purportedly failed to affirmatively prove standing to bring a claim under Section 12(a)(2).[4] Defendants are wrong.

***First***, Defendants cite no authority that requires a proposed class representative to affirmatively prove standing under Section 12(a)(2) at the class certification stage, nor is such requirement consistent with the law.[5] The cases Defendants cite do not support imposing such a burden at class certification. Indeed, in the only case cited by Defendants addressing class

---

[4] Defendants suggest their Objection overlaps with the Supreme Court's recent certiorari in *Laboratory Corp. of America Holdings v. Luke Davis, et al*., No. 24-304 (U.S. Jan. 24, 2025). Obj. at 3, n.1. Not so. The Supreme Court expressly "limited" certiorari to the question "[w]hether a federal court may certify a class action pursuant to Federal Rule of Civil Procedure 23(b)(3) when some members of the proposed class lack any Article III injury." *Lab. Corp. of Am. Holdings v. Davis,* 2025 WL 288305, at \*1 (Jan. 24, 2025). Defendants raise no such issue here; rather, the Objection addresses only typicality under Rule 23(a). Further, Defendants' challenge concerns the proposed Class Representatives (i.e. Plaintiffs)—and not the absent "members of the proposed class" expressly at issue in the certiorari. *See id.* Defendants blur these differences by omitting any reference to Rule 23(b)(3) and using the language "non-lead class members" (in lieu of "members of the proposed class"). Obj. at 3, n.1.

[5] Defendants (Obj. at 3-4) wrongly suggest cases that dismiss complaints for lack of constitutional standing (requiring that plaintiff have an injury to establish standing under Article III) concern the instant issue, statutory standing under Section 12(a)(2) (requiring that a PSLRA plaintiff purchased securities directly in a relevant offering). *Rivera v. Wyeth-Ayerst Labs*, 283 F.3d 315, 319-20 (5th Cir. 2002) (dismissing complaint for failure to prove Article III standing where plaintiffs sought economic damages related to defective drug but "concede[d] they were not among the injured"); *Flecha v. Medicredit, Inc*., 946 F.3d 762, 768 (5th Cir. 2020) (denying class certification in FDCPA case where "no common issue unit[ed] the putative class" and thus class representative's "claim can't be typical"). *See In re Eaton Vance Corp. Sec. Litig.,* 219 F.R.D. 38, 41–42 (D. Mass. 2003) ("Because statutory standing is not the same as Article III standing, the defendants' arguments do not invoke a threshold question of the constitutional jurisdiction of this Court. . . . Therefore, this Court need not decide the question of statutory standing prior to reaching the issue of class certification.").

4

certification (Obj. at 4), the proposed class representative "***admit[ted]*** that she did not purchase her stock from the Underwriter Defendants"—and, thus, undeniably did not have standing. *Levitin v. A Pea In The Pod, Inc*., 1997 WL 160184, at \*3-5, n.4 (N.D. Tex. Mar. 31, 1997). In contrast, Key West has proffered a sworn certification and avers in the pleadings that it purchased shares in the SPO directly from Morgan Stanley. As the R&R rightly found, "[t]his showing is sufficient to demonstrate standing under both Section 11 and 12(a)(2)."[6] R&R at 24; *see also, e.g.*, *In re Cobalt Int'l Energy, Inc*., 2016 WL 215476, at \*10 (S.D. Tex. Jan. 19, 2016) (plaintiffs had Section 12(a)(2) standing based on allegations "that they purchased their shares from the [u]nderwriter [d]efendants in the public offerings"); *Freeland v. Iridium World Commc'ns, Ltd*., 233 F.R.D. 40, 44 (D.D.C. 2006) (where named plaintiff "bought his own shares during the Secondary Offering, there is no question as to his standing under Section 12").

The other cases cited by Defendants all concern motions to dismiss under Rule 12(b)(6) and thus are inapposite.[7] Additionally, unlike here, the plaintiffs in those cases failed to plead or even ***admitted*** that they did not purchase any securities in the relevant offerings. *See Congregation of Ezra Sholom v. Blockbuster, Inc*. 504 F. Supp. 2d 151, 159-60 (N.D. Tex. 2007) (dismissing Sections 11 and 12(a)(2) claims because plaintiffs admittedly lacked standing and no "named plaintiff" purchased in the offering); *In re Plains All Am. Pipeline, L.P. Sec. Litig*., 245 F. Supp. 3d 870, 927-28 (S.D. Tex. 2017) (dismissing claims where there was "no allegation that any of the plaintiffs purchased notes in or traceable to" offerings at issue), *aff'd on other grounds sub nom.*, *Police & Fire Ret. Sys. of City of Detroit v. Plains All Am. Pipeline, L.P.*, 777 F. App'x 726 (5th

---

[6] Again, to be clear, there is no challenge to Plaintiffs' standing to assert Section 11 claims.

[7] Notably, Defendants never raised a standing argument in their own motion to dismiss or reply briefs. *See* Defs.' Mot. to Dismiss, ECF Nos. 78-79; Pls.' Br. in Opp., ECF No. 83 at 24 n.20 (noting that "standing for . . . Securities Act claims is uncontested"); Defs.' Reply. Br., ECF Nos. 93, 95.

Cir. 2019); *Caiafa v. Sea Containers Ltd.*, 331 F. App'x 14, 16 (2d Cir. 2009) (plaintiffs "failed to allege[]" purchases in relevant offering and plaintiffs' certifications confirmed purchases were in secondary market). Despite Defendants' suggestion, Magistrate Judge Howell's citation to cases that did not explicitly address Section 12(a)(2) standing does not indicate any fault with his rulings. *See* Obj. at 5-6. To the contrary, as discussed above, the R&R accords with the applicable law.

*Second*, to the extent Plaintiffs are required to affirmatively prove standing at the class certification stage, Plaintiffs carried that burden by submitting affirmative (and undisputed) evidence of Key West's direct participation in the Offering, which establishes its standing to bring claims under Section 12(a)(2). Specifically, Key West submitted a sworn certification that it purchased 389 Natera securities during the July 2021 SPO at the offering price, which corroborates Plaintiffs' pleadings that Key West purchased these securities directly in the Offering from Underwriter Defendant Morgan Stanley. *See* Key West Certification; Complaint ¶¶251, 300.[8] Courts consistently find plaintiffs have sufficiently demonstrated standing on similar evidence. *See Tsirekidze v. Syntax-Brillian Corp.*, 2009 WL 2151838, at *2 (D. Ariz. July 17, 2009) (rejecting defendants' argument that plaintiff "cannot show it purchased shares in the [offering]" because complaint allegation read "in conjunction" with evidence submitted by defendants showed "at a

---

[8] The cases cited by Defendants (Obj. at 2, 4-5 n.2) are readily distinguishable as those plaintiffs only made aftermarket purchases or could not show traceability under Section 11. Here, Key West purchased *directly* in the SPO; and, as noted above, Defendants do not challenge class certification as to the Section 11 claims, making tracing concerns irrelevant. *See* Obj. at 2, 4-5 n.2; *Jedrzeczyk v. Skillz Inc.*, 2022 WL 2441563, at *7 (N.D. Cal. July 5, 2022) (plaintiffs "do not allege that they purchased directly in the secondary offering"); *In re Century Aluminum Co. Sec. Litig.*, 729 F.3d 1104, 1108 (9th Cir. 2013) ("conclusory allegation that plaintiffs purchased [defendant's] common stock directly traceable to the Company's Secondary Offering" insufficient under Section 11); *Johnson v. CBD Energy Ltd.*, 2016 WL 3654657, at *3 (S.D. Tex. July 6, 2016) (plaintiff admitted lack of standing under Section 12 and "conclusory allegation that [plaintiff] purchased shares pursuant to or traceable to the Offering Documents" insufficient under Section 11); *Krim v. pcOrder.com, Inc.*, 402 F.3d 489, 494 (5th Cir. 2005) (plaintiffs proffered "nothing more than statistics indicating a high mathematical probability" that shares were traceable).

minimum, named plaintiff purchased stock [at] the . . . offering price, on . . . the day of the offering, from . . . an underwriter of the [Offering]"); *Smith v. Suprema Specialties, Inc.*, 2007 WL 1217980, at \*6 (D.N.J. Apr. 23, 2007) (declaration indicating shares purchased from an underwriter on first day of offering period at offering price sufficient to show standing at class certification). Defendants cite no contrary authority indicating that the Court cannot accept such proof at the class certification stage or supporting their position that class certification requires that Key West provide something more.

Critically, Defendants also do not dispute the accuracy of the pleadings or the Key West Certification—thus, the truth of Key West's direct purchase in the July 2021 SPO is not at issue. *See* Underwriter Defendants' Ans. to Compl. (ECF No. 112) at ¶300 ("The Underwriter Defendants . . . admit that Plaintiff Key West P&F and other putative class members claim to have purchased Natera common stock in connection with the SPO."). Defendants' contention that the Key West Certification "contains no information indicating that Key West made this purchase from any Underwriter" baldly ignores the unrebutted pleadings and the Key West Certification. Obj. at 4.[9]

Defendants' assertion that Key West "provided no evidence in its class certification briefing or during the class certification hearing to support [the allegations of its direct purchase]" (Obj. at 5) further fails because—omitted from their brief but which Defendants were forced to admit in response to questioning from Magistrate Judge Howell—Defendants affirmatively chose not to seek **any** discovery of Key West, including regarding its purchases in the Offering. Ex. 1 at 87:19-21 ("[A] determination was made that we weren't going to engage in discovery with [Key West].").

---

[9] Defendants' vague criticism that Plaintiffs should have provided more information about its SPO purchases (Obj. at 5) fails to acknowledge that Morgan Stanley has its own records. Surely, if Morgan Stanley had any evidence contradicting Key West's direct purchases in the SPO, Defendants would have proffered such materials.

The Court should not reward Defendants' deliberate choice not to seek discovery concerning Key West's purchases and then fault Plaintiffs for not having affirmatively produced evidence that they had no obligation to produce and Defendants never requested.

*Third*, Defendants' argument that Key West "has not made even an allegation that it purchased SPO shares from any of the other six Underwriters" (Obj. at 5) is baseless. There is no requirement that a plaintiff asserting a Section 12(a)(2) claim have purchased shares from *each* underwriter in an offering to have standing or certify a class. *See In re WorldCom, Inc. Sec. Litig.,* 294 F. Supp. 2d 392, 423 (S.D.N.Y. 2003) (rejecting defendants' 12(a)(2) standing argument that each plaintiff "failed to allege facts demonstrating that it purchased its bonds from each [u]nderwriter [d]efendant"; and ruling standing "sufficiently pleaded" where plaintiffs purchased "securities in the two [o]fferings" even though allegations did not "identify from which defendant" the named plaintiffs purchased). Defendants' argument effectively asks this Court to impose an absurd and meritless requirement that a class representative have purchased the same securities from multiple underwriters in the same offering and/or that a unique class representative be appointed as to each underwriter in a given offering, notwithstanding that the basis for such claims is identical in all respects. Such a requirement has no support in the case law or the statutes, and Defendants do not provide any basis for the Court to impose it here.

*Finally*, Defendants fail to provide any basis to impose a requirement that *both* BAPTL and Key West prove standing to bring Section 12(a)(2) claims at class certification. *See* Obj. at 3 ("BAPTL thus indisputably lacks standing to bring a Section 12(a)(2) claim against the Underwriters and class certification should be denied."). BAPTL's standing to bring a Section 12(a)(2) claim is irrelevant because Key West has sufficiently demonstrated standing through its direct purchases in the SPO. Moreover, consistent with applicable law, during the lead plaintiff

8

stage, this Court expressly discussed potential Securities Act claims and contemplated the addition of a plaintiff who purchased securities in the SPO: "[I]f British Airways later chooses to amend the complaint to include claims under the 1933 Act, '[n]othing in the [Act] indicates that district courts must choose a lead plaintiff with standing to sue on every available cause of action.'" Order on Mots. for Appointment as Lead Plaintiff (ECF No. 36) at 7-8 (quoting *Hevesi v. Citigroup Inc.,* 366 F.3d 70, 82 (2d Cir. 2004)) (alterations original); *see also Stein v. Match Grp., Inc.*, 2016 WL 3194334, at *7 (N.D. Tex. June 9, 2016) (same). Courts recognize that "because the PSLRA mandates that courts must choose a party who has, among other things, the largest financial stake in the outcome of the case, it is inevitable that, in some cases, the lead plaintiff will not have standing to sue on every claim." *Citigroup,* 366 F.3d at 82. Indeed, "Lead Plaintiffs have a responsibility to identify and include named plaintiffs who have standing to represent the various potential subclasses of plaintiff who may be determined, at the class certification stage, to have distinct interests or claims." *In re Glob. Crossing, Ltd. Sec. Litig.,* 313 F. Supp. 2d 189, 205 (S.D.N.Y. 2003). Regardless of BAPTL's Section 12(a)(2) standing, Key West's demonstrated standing to assert the claim provides sufficient grounds for the Objection to be overruled, and the R&R upheld in full.

    **B.**    **Defendants' Prior Arguments Are Not Entitled to *De Novo* Review and Do Not Impact the Propriety of Class Certification**

Defendants' Objection is limited to the issue of typicality as it relates to Plaintiffs' standing under Section 12(a)(2). Natera's objection that joined it (ECF No. 173) is necessarily limited to the same extent. Because Defendants did not object to the R&R's findings regarding any other prerequisite of Rule 23—on either the Section 12(a)(2) claim or as to any other claim asserted by Plaintiffs (i.e., under Section 10(b), 20(a) and 20A of the Exchange Act or Plaintiffs' claims under Section 11 and Section 15 of the Securities Act)—Defendants are not entitled to *de novo* review

on these issues, effectively conceding the propriety of class certification as to the remainder of the case. R&R at 28-29 ("A party's failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days . . . shall bar that party from de novo review by the District Judge" or appellate review).

Thus, even if the Court were to reject Magistrate Judge Howell's determination that Key West's standing under Section 12(a)(2) is sufficiently established, this would not impact the propriety of adopting the remainder of the R&R or certifying the class with respect to Plaintiffs' other Securities Act and Exchange Act claims. *See In re IndyMac Mortg.-Backed Sec. Litig.*, 286 F.R.D. 226, 234–35 (S.D.N.Y. 2012) (proposed class representative lacked standing to bring Section 12(a)(2) claim where it purchased relevant securities "ten months after the initial offering" and admittedly "in the secondary market," but noting that "[t]his of course does not affect the propriety of class certification as to the other nine offerings" and granting class certification as to those offerings); *In re Smart Techs., Inc. S'holder Litig.*, 295 F.R.D. 50, 57 (S.D.N.Y. 2013) (excluding aftermarket purchasers who lacked standing from the certified 12(a)(2) class); *Brosious v. Children's Place Retail Stores*, 189 F.R.D. 138, 144-145 (D.N.J. 1999) (certifying class of all purchasers alleging Sections 11, 12(a)(2) and 15 claims and certifying sub-class of secondary purchasers as to claims under Sections 12(a)(2) and 15).

## IV.   CONCLUSION

For these reasons, Plaintiffs respectfully request that the Court adopt Magistrate Judge Howell's Report and Recommendation and grant Plaintiffs' Class Certification Motion in full.

Dated: March 7, 2025

Respectfully submitted,

**KESSLER TOPAZ
MELTZER & CHECK, LLP**
*/s/ Joshua E. D'Ancona*
Joshua E. D'Ancona (admitted *pro hac vice*)
Gregory M. Castaldo (admitted *pro hac vice*)
Joshua A. Materese (admitted *pro hac vice*)
Evan R. Hoey (admitted *pro hac vice*)
Vanessa M. Milan (admitted *pro hac vice*)
280 King of Prussia Road
Radnor, PA 19087
Telephone: (610) 667-7706
Facsimile: (610) 667-7056
jdancona@ktmc.com
gcastaldo@ktmc.com
jmaterese@ktmc.com
ehoey@ktmc.com
vmilan@ktmc.com

*Lead Counsel for Lead Plaintiff British
Airways Pension Trustees Limited*

**NIX PATTERSON, LLP**
Cody Hill (Bar No. 24095836)
Jeffrey J. Angelovich (Bar No. 00786988)
Jessica Underwood (Bar No. 24093291)
8701 Bee Cave Road
Austin, TX 78746
Telephone: (512) 328-5333
Facsimile: (512) 495-1534
codyhill@nixlaw.com
jangelovich@nixlaw.com
junderwood@nixlaw.com

*Liaison Counsel for Lead Plaintiff British
Airways Pension Trustees Limited*

**BERNSTEIN LITOWITZ BERGER &
GROSSMANN LLP**
Jesse Jensen (admitted *pro hac vice*)
1251 Avenue of the Americas, 44th Floor
New York, NY 10020
Telephone: (212) 554-1400

11

Facsimile: (212) 554-1444
jesse.jensen@blbglaw.com

*Counsel for Additional Plaintiff*
*Key West Police & Fire Pension Fund*

## <u>CERTIFICATE OF SERVICE</u>

I certify that on March 7, 2025, I caused a true and correct copy of the foregoing to be electrically filed with the Clerk of the Court using the CM/ECF system. Notice of this filing will be sent to counsel of record by operation of the Court's electronic filing system.

*/s/ Joshua E. D'Ancona*  
Joshua E. D'Ancona
