# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

JOHN HARVEY SCHNEIDER, *Individually*    ) AU:22-CV-00398-DAE
*and on Behalf of All Others Similarly* )
*Situated*, KEY WEST POLICE & FIRE       )
PENSION FUND, UNIVERSITY OF PUERTO       )
RICO RETIREMENT SYSTEM, BRITISH          )
AIRWAYS PENSION TRUSTEES LIMITED,        )
                                         )
    plaintiffs,                          )
                                         )
v.                                       ) AUSTIN, TEXAS
                                         )
NATERA, INC., STEVE CHAPMAN,             )
MICHAEL BROPHY, MATTHEW RABINOWITZ,      )
RAMESH HARIHARAN, SVB LEERINK LLC,       )
ROY BAYNES, *C/O Natera Inc*., MONICA    )
BERTAGNOLLI, *C/O Natera Inc*, JONATHAN  )
SHEENA, *C/O Natera Inc*., ROW CHAPMAN,  )
*C/O Natera Inc*., HERM ROSENMAN, *C/O*  )
*Natera Inc*., ROBERT W. BAIRD, *C/O*    )
*Natera Inc*., MORGAN STANLEY & CO. LLC, )
GAIL MARCUS, *C/O Natera Inc*., JAMES I. )
HEALY, GOLDMAN SACHS & CO. LLC,          )
CRAIG-HALLUM CAPITAL GROUP LLC, TODD     )
CAZZENS, COWEN AND COMPANY LLC,          )
BTIG LLC, ROELOF F. BOTHA, *C/O Natera*  )
*Inc*., PAUL R. BILINGS, ROBERT W.       )
BAIRD CO. INC,                           )
                                         )
    Defendants.                          ) NOVEMBER 19, 2024

          **************************************************
          TRANSCRIPT OF HEARING ON MOTION TO CERTIFY CLASS
               BEFORE THE HONORABLE DUSTIN M. HOWELL
          **************************************************


FOR THE PLAINTIFFS:   JOSHUA E. D'ANCONA
                      KESSLER TOPAZ MELTZER & CHECK, LLP
                      280 KING OF PRUSSIA ROAD
                      RADNOR, PENNSYLVANIA 19087

                      JEFFREY JOHN ANGELOVICH
                      NIX PATTERSON LLP
                      3600 N. CAPITAL OF TEXAS HWY, SUITE B350
                      AUSTIN, TEXAS 78722

                              JESSE L. JENSEN
                              BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP
                              1251 AVENUE OF THE AMERICAS, 44TH FLOOR
                              NEW YORK, NEW YORK 10020

FOR THE DEFENDANTS:  CHRISTINA L. COSTLEY
                     KATTEN MUCHIN ROSENMAN LLP
                     2121 AVENUE OF THE STAR, SUITE 1100
                     LOS ANGELES, CALIFORNIA 90067-5010

                     TED A. HUFFMAN
                     KATTEN MUCHIN ROSENMAN LLP
                     2121 NORTH PEARL STREET, SUITE 1100
                     DALLAS, TEXAS 75201

                     THOMAS ARTAKI
                     KATTEN MUCHIN ROSENMAN LLP
                     50 ROCKEFELLER PLAZA
                     NEW YORK, NEW YORK 10020

                     DANNY S. ASHBY
                     O'MELVENY & MYERS LLP
                     2801 NORTH HARWOOD STREET, SUITE 1600
                     DALLAS, TEXAS 75201-2692

TRANSCRIBER:         ARLINDA RODRIGUEZ, CSR
                     501 WEST 5TH STREET, SUITE 4152
                     AUSTIN, TEXAS 78701
                     (512) 391-8791

Proceedings recorded by electronic sound recording, transcript

produced by computer.

purchased in or we purchased traceable to the offering.

But that's not even a direct representation, and other courts have held that's insufficient.  There were over 31 million shares at the time of the secondary public offering.  Evidence that Key West purchased in the offering is distinctly in Key West's possession, right?  They would have the trading records.  They could have put in a declaration.  It would have taken them 10 minutes for them to get a declaration from their client.

The absence of such evidence here is conclusive.  They have not met their burden of establishing standing under section 11 and section 12.

THE COURT:  So Mr. Jensen puts that on you and says, Well, all they had to do was seek discovery from us on this, and then they should show that our group is inadequate.

MS. COSTLEY:  Yes, Your Honor.  First of all, they're not a court-appointed lead plaintiff, so I think a determination was made that we weren't going to engage in discovery with an institute that was not a court-appointed lead plaintiff.  But, beyond that, I know if there was information from my client I wanted to get into the record, I'd provide a declaration.  It's not burdensome at all.

THE COURT:  Okay.

ARLINDA L. RODRIGUEZ, OFFICIAL COURT REPORTER
U.S. DISTRICT COURT, WESTERN DISTRICT OF TEXAS (AUSTIN)