IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JOHN HARVEY SCHNEIDER, Individually and on Behalf of All Others Similarly Situated, | § § § § | No. 1:22-CV-398-DAE |
| Plaintiffs, | § § | |
| v. | § § | |
| NATERA, INC., STEVE CHAPMAN, MICHAEL BROPHY, MATTHEW RABINOWITZ, and RAMESH HARIHARAN, | § § § § § | |
| Defendants. | § § | |

ORDER: (1) ADOPTING REPORT AND RECOMMENDATION; AND
(2) GRANTING PLAINTIFFS' MOTION TO CERTIFY CLASS

Before the Court is a Report and Recommendation (the "Report") (Dkt. # 170) submitted by United States Magistrate Judge Dustin Howell. The Court finds this matter suitable for disposition without a hearing. After reviewing the Report, the Court **ADOPTS** Judge Howell's recommendation and **GRANTS** Plaintiffs' John Harvey Schneider, Key West Police & Fire Pension Fund ("Key West"), University of Puerto Rico Retirement System, and British Airways Pension Trustees Limited's ("BAPTL") (collectively, "Plaintiffs") Motion to Certify Class (Dkt. # 136).

BACKGROUND

Although the Court and parties are familiar with the facts, the Court will recite the background facts of this matter as stated by Judge Howell in his Report.¹ Plaintiffs initiated this putative class action based on a series of alleged securities violations by Defendant Natera, Inc. ("Natera") and various other defendants. First, Plaintiffs allege violations of Section 10(b) of the Securities Exchange Act (the "Exchange Act") and SEC Rule 10b-5 against Defendants Natera, Steve Chapman, Michael Brophy, Matthew Rabinowitz, and Paul Billings. (Dkt. # 60 at 69–71.)

The individuals subject to Exchange Act claims served as Natera executives throughout the class period. (Dkt. # 60 at 14–15.) Plaintiffs also bring claims against Chapman, Brophy, Rabinowitz, and Billings for alleged violations of Section 20(a) of the Exchange Act. (Id. at 71–72.) Additionally, Plaintiffs sue Chapman, Brophy, and Rabinowitz for alleged violations of 20A of the Exchange Act. (Id. at 72–75.) Finally, Plaintiffs allege that Natera, Chapman, Brophy, Rabinowitz, nine Natera directors, and various other institutional defendants violated Sections 11, 12(a)(2), and 15 of the Securities Act as described in the

---

¹ To the extent any objections are made to Judge Howell's recitation of the facts, the Court will note it in the objections discussed below.

2

amended complaint.  (Id. at 85–91.)  Unless otherwise noted, Natera and all other relevant defendants will be referred to in this Order as simply "Defendants."

Natera is a diagnostics company offering genetic testing related to women's health, oncology, and organ health.  (Dkt. # 60 at 5.)  One of its primary products is Panorama, a "non-invasive prenatal test" ("NIPT") screening for fetal chromosomal abnormalities.  (Id. at 8.)  Plaintiffs allege that Defendants made false or misleading statements regarding Panorama's accuracy as well as Natera's growth, saying that the company's recent success was driven by sales of Panorama.  (Id. at 9.)  In reality, Plaintiffs claim Defendants "relied upon deceptive sales and billing practices" to drive Natera's growth, including colluding with a third-party company, My Genome My Life ("MGML"), to inflate Natera's revenue through improper billing and automatically opting-in patients to ordering NIPT.  (Id. at 7, 9–10.)  Plaintiffs allege that because of these violations, they "purchased Natera common stock at artificially inflated prices" during the class period[2] and suffered damages.  (Id. at 13.)

On June 4, 2024, Plaintiffs moved for class certification.  (Dkt. # 136.)  On August 16, 2024, Defendants filed a response in opposition to the motion.  (Dkt. # 154.)  On October 4, 2024, Plaintiffs filed their reply.  (Dkt.

---

[2] Plaintiffs' proposed class period is between February 27, 2020, and March 8, 2022, inclusive.  (Dkt. # 136 at 7.)

3

# 161.)  The motion was referred to Judge Howell, and on January 28, 2025, Judge Howell made his Report on Plaintiffs' motion.  (Dkt. # 170.)  On February 21, 2025, Defendants Morgan Stanley & Co. LLC, Goldman Sachs & Co. LLC, Cowen and Company, LLC, SVB Leerink LLC, Robert W. Baird & Co., BTIG, LLC, and Craig-Hallum Capital Group, LLC (collectively, the "Underwriter Defendants") filed their objections.  (Dkt. # 172.)  The same day, the Natera Defendants filed a joinder in those objections.  (Dkt. # 173.)  On March 7, 2025, Plaintiffs filed a response to the objections.  (Dkt. # 174.)  On March 19, 2025, the Court allowed the Underwriter Defendants to file a reply in support of their objections.  (Dkt. # 176.)  The Court will address the objections to the Report below.

## APPLICABLE LAW

The Court must conduct a de novo review of any of the Magistrate Judge's conclusions to which a party has specifically objected.  See 28 U.S.C. § 636(b)(1)(C) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.").  The objections must specifically identify those findings or recommendations that the party wishes to have the district court consider.  Thomas v. Arn, 474 U.S. 140, 151 (1985).  A district court need not consider "[f]rivolous, conclusive, or general objections."  Battle v. U.S. Parole Comm'n,

834 F.2d 419, 421 (5th Cir. 1987).  "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).

Findings to which no specific objections are made do not require de novo review; the Court need only determine whether the Recommendation is clearly erroneous or contrary to law.  United States v. Wilson, 864 F.2d 1219, 1221 (5th Cir. 1989).

## DISCUSSION

Plaintiffs move to certify a class of "[a]ll persons and entities who purchased or otherwise acquired Natera common stock between February 27, 2020, and March 8, 2022, inclusive, and were damaged thereby."  (Dkt. # 136 at 7.)  In his Report, Judge Howell made the following findings: (1) Plaintiffs met the threshold requirements for class representation pursuant to Rule 23(a): numerosity, commonality, typicality, and adequacy of representation; (2) Plaintiffs BAPTL and Key West should be appointed class representatives, and Kessler Topaz Meltzer & Check, LLP and Bernstein Litowitz Berger & Grossman should be appointed class counsel, and Nix Patterson, LLP should be appointed as liaison class counsel; (3) Plaintiffs have satisfied the Rule 23(b)(3) requirements to certify a class: predominance and superiority; and (4) Plaintiffs do not lack standing on the grounds that they fail to show they purchased stock before any curative

disclosures. (Dkt. # 170.) For these reasons, Judge Howell recommended the Court grant the motion to certify the class and that first-class mail be utilized to provide notice to proposed class members. (Id.)

Underwriter Defendants object to the Report. (Dkt. # 172.) Specifically, they object on the basis that, as Underwriters, Plaintiffs sue them only for violations of Section 12(a)(2) of the Securities Act, which requires a plaintiff to have purchased shares directly from an Underwriter in the offering at issue. (Id. at 2.) The offering at issue, as applied to the Underwriters, concerns Natera's July 2021 secondary public offering ("SPO"). Underwriter Defendants contend that Plaintiffs lack standing because there is no evidence that Plaintiffs purchased shares in the SPO from an Underwriter. (Id. at 2.) Therefore, according to the Underwriter Defendants, the typicality element for standing is not met. (Id.)

Section 12(a)(2) imposes liability on anyone who "offers or sells a security . . . by the use of any means or instruments of transportation or communication in interstate commerce or of the mails, by means of a prospectus or oral communication, which includes an untrue statement of a material fact." 15 U.S.C. § 77*l*. Only persons who "directly purchase securities from the defendant in a public offering, rather than on the secondary market," have standing to assert a claim under § 12(a)(2). See Gustafson v. Alloyd Co., Inc., 513 U.S. 561, 578 (1995).

Upon de novo review, the Court finds, as did the Magistrate Judge, that Plaintiffs have adequately pleaded and provided sufficient evidence—at this stage of the litigation—that Key West, a named plaintiff, purchased Natera shares from Underwriter Defendant Morgan Stanley on the July 21 SPO.[3] (See Dkt. # 9-2; Dkt. # 60 at ¶¶ 251, 300.) The Court further finds that even if standing must be established at the class certification stage, the Underwriter Defendants have not shown that Plaintiffs must have purchased shares from *each* Underwriter in an offering to have standing in a Section 12(a)(2) claim. See In re WorldCom, Inc. Secs. Litig., 294 F. Supp. 2d 392, 423 (S.D.N.Y. 2003) (determining that standing of the named plaintiffs to bring Section 12(a)(2) claims was "sufficiently pleaded" where it was alleged that plaintiffs purchased "securities in the two Offerings, . . . Underwriter Defendants participated in the solicitation and sale of the notes in the Offerings pursuant to the Registration Statements, [and] that the solicitations were motivated at least in part by the desire of the Underwriter Defendants to serve their own financial interest and the interest of [the Company]" even though the

---

[3] Furthermore, to the extent the Underwriter Defendants object to Plaintiffs' evidence that Key West purchased shares from Morgan Stanley, the record in this case reflects that the Magistrate Judge at the hearing on the motion for class certification inquired into whether Defendants sought discovery from Key West and Defendants responded that "a determination was made that we weren't going to engage in discovery with [Key West]." (Dkt. # 174-2 at 4.) After sufficient time for discovery, Underwriter Defendants may re-raise this issue at a later stage of this case.

allegations did not "identify from which defendant" the named plaintiffs purchased); In re Wachovia Equity Secs. Litig., 753 F.Supp.2d 326, 374 (S.D.N.Y.2011) (declining to dismiss Section 12(a)(2) claims even though complaint failed "to identify which Underwriter Defendants sold particular securities to the named Plaintiffs"); but see Loc. 295/Loc. 851 IBT Emp. Grp. Pension Tr. & Welfare Fund v. Fifth Third Bancorp., 731 F. Supp. 2d 689, 712–13 (S.D. Ohio 2010) (finding at pleading stage allegations that plaintiff purchased shares from a single underwriter defendant not sufficient to sustain claims against other underwriter defendants).

   Likewise, the Court overrules the Underwriter Defendants' objection that both BAPTL and Key West must have standing to bring their Section 12(a)(2) claims on the basis that neither has shown standing. Again, the Court has found upon de novo review that Key West has presented some evidence that it purchased Natera shares from Underwriter Defendant Morgan Stanley on the July 21 SPO. To the extent Underwriter Defendants acquire controverting evidence on this issue, they may present it at a later stage of this case. Thus, at this point, standing has been sufficiently shown. Furthermore, there is no requirement that a lead plaintiff, in this case BAPTL, must have standing itself to sue on every available claim. See Hevesi v. Citigroup Inc., 366 F.3d 70, 82 (2d Cir. 2004). Accordingly, based on

the foregoing, the Court will overrule the Underwriter Defendants' objections to Judge Howell's Report.

Furthermore, Judge Howell's findings to which there were no objections have been considered by this Court and found to be neither clearly erroneous nor contrary to law and thus they will also be adopted.

CONCLUSION

Having reviewed the Magistrate Judge's findings and conclusions and finding no errors, the Court will accept and adopt the Report and Recommendation for the reasons stated therein. Thus, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation as the opinion of the Court (Dkt. # 170) and **GRANTS** Plaintiffs' Motion to Certify Class (Dkt. # 136). A class defined as "[a]ll persons and entities who purchased or otherwise acquired Natera common stock between February 27, 2020, and March 8, 2022, inclusive, and were damaged thereby" is hereby certified. It is **FURTHER ORDERED** that Plaintiffs British Airways Pension Trustees Limited and Key West Police & Fire Pension Fund are appointed class representatives, that Kessler Topaz Meltzer & Check, LLP and Bernstein Litowitz Berger & Grossman LLP are appointed as class counsel, and that Nix Patterson, LLP is appointed as liaison class counsel. Finally, it is **ORDERED** that Plaintiffs be ordered to provide notice to potential class members through first-class U.S. mail.

Pursuant to the Scheduling Order entered in this case on February 29, 2024, the Court **ORDERS** the parties to file a revised scheduling order substituting exact dates for the deadlines set out in paragraphs 9-18 of this order **within 14 days of the date of this Order**.

**IT IS SO ORDERED.**

**DATE:** Austin, Texas, March 21, 2025.

_____
David Alan Ezra
Senior United States District Judge