# EXHIBIT 2



Writer's Direct Dial:  610-822-0269
Email:  jdancona@ktmc.com
*Please reply to the Radnor Office*

March 4, 2025

**VIA EMAIL**

Christina L. Costley
**KATTEN MUCHIN ROSENMAN LLP**
2121 Avenue of the Stars, Suite 1100
Los Angeles, CA 90067
Tel: (310) 788-4400
christina.costley@katten.com

> **Re:**   *Schneider v. Natera, Inc. et al.*, **No. 1:22-cv-398-DAE (W.D. Tex.)**

Dear Christina:

We write regarding the incipient full merits phase of discovery in this action. To enable the parties to reasonably comply with the Court-ordered merits discovery deadlines while meeting their obligations under Fed. R. Civ. P. 26, we propose herein certain search and collection parameters regarding the Natera Defendants' document productions, and request a meet and confer early next week to address any needed negotiations on these matters. *See* ECF No. 128.

As you know, discovery in this case was bifurcated into two phases: Phase 1 (limited to document and written discovery regarding class certification issues), and Phase 2 (entailing complete discovery into the merits of the parties' claims and defenses). The parties are required to conduct Phase 2 discovery upon an order granting class certification. *See* ECF No. 128. In light of Magistrate Judge Howell's January 28, 2025 Report and Recommendation that the proposed class be certified ("R&R"), and Defendants' limited objections thereto, entry into Phase 2 discovery with regard to nearly all claims and issues in this case is now imminent.[1]

---

[1] The R&R recommended that Judge Ezra fully grant Plaintiffs' motion to certify the class. *See* ECF No. 170. The Natera Defendants objected to the R&R only by joining the Underwriter Defendants' objection, which addressed strictly the R&R's ruling with respect to Plaintiffs' claims under Section 12(a)(2) of the Securities Act of 1933. *See* ECF No. 172. Plaintiffs' response to that limited objection will be filed on March 7, 2025. Critically, the Natera Defendants did ***not*** file an objection with respect to the portions of the R&R that recommended certifying the proposed class of Natera investors with claims under Sections 10(b), 20(a) or 20A of the Securities Exchange Act, or with claims under Sections 11 and 15 of the Securities Act. Thus, no matter how the District Court decides Defendants' limited objection, these Exchange Act and Section 11 and 15 claims will be subject to full merits discovery in the very near term.

280 King of Prussia Road, Radnor, Pennsylvania 19087  T. 610-667-7706  F. 610-667-7056  info@ktmc.com
One Sansome Street, Suite 1850, San Francisco, California 94104  T. 415-400-3000  F. 415-400-3001  info@ktmc.com
**KTMC.COM**

March 4, 2025
Page 2



In contrast to the highly limited nature of Phase 1 discovery (in which, for example, the Natera Defendants' productions consisted largely of documents previously gathered from eight custodians for an investigation by a Special Committee of Natera's Board of Directors), Phase 2 will involve the standard steps of merits discovery with respect to all of the pending causes of action. These include, for example, document collections and productions by the Natera Defendants based on negotiated search protocols and custodians, additional written discovery, and fact witness depositions, all at a scale proportionate to the complexity, magnitude and value of this case. To comply with the deadlines provided in the scheduling order—including to substantially complete Phase 2 document productions within 90 days of the class certification order (*see* ECF No. 128)—and to allow the parties to negotiate and conduct discovery in a reasonable and orderly manner, Defendants should begin preparing Phase 2 document productions, based on appropriate negotiated custodians and search terms, now.

There can be no dispute that in Phase 2 of discovery, Plaintiffs are entitled to productions based on comprehensive searches for documents responsive to Plaintiffs' RFPs served on November 16, 2023. Nothing of the sort occurred during Phase 1—rather, even where the Natera Defendants produced documents in response to certain RFPs in Phase 1, the scope of their productions were limited in several significant ways.[2] Accordingly, included below is a list of Plaintiffs' RFPs to which Defendants must produce responsive documents to fulfill their discovery obligations, including: (i) the RFPs which Defendants deferred to Phase 2 discovery and for which Plaintiffs have received no documents,[3] and (ii) the RFPs as to which Defendants' Phase 1 document productions are substantially incomplete given the broadened scope of discovery in Phase 2.

To respond completely in Phase 2 of discovery, the Natera Defendants must produce responsive documents based on full searches through all relevant document sources in response to each of Plaintiffs' RFPs listed below for the relevant time period of January 1, 2019 to September 30, 2022 (unless a different time period is noted in the Request). In addition to agreed-upon Phase 2 custodians, this search must include the eight Phase 1 custodians so as to backfill the

---

[2] Four examples of such limitations include: *First*, Defendants responded only to a fraction of Plaintiffs' RFPs. *Second*, Defendants' productions to those RFPs to which they did respond were limited to documents that Defendants deemed relevant to class certification, as opposed to all responsive documents from the relevant time period. *Third*, in response to RFP Nos. 3, 22-33, 35, 37-40, and 42, the Phase 1 productions include email communications only "to the extent they fall within the set of documents previously reviewed and found relevant by the Special Committee." May 24, 2024 Letter from C. Costley, at 2. The Committee's documents were collected pursuant to parameters created in connection with an entirely separate investigation in which Plaintiffs had no input, were limited to only certain file types and sources (e.g., excluding text messages), and were drawn from just eight custodial files. Thus, to the extent Defendants' production in response to any RFP was collected from the Committee's documents, it did not include all potential responsive document custodians and sources and is substantially incomplete. *Fourth*, the Phase 1 productions are incomplete as Defendants refused to search the custodial files of the Director Defendants or any of the individuals included in Plaintiffs' May 15, 2024 proposal. *See* May 15, 2024 Email from E. Hoey; July 9, 2024 Letter from C. Costley at 1.

[3] These include RFP Nos. 5-7, 14-15, 19-20, 45-47.

March 4, 2025
Page 3



shortcomings and limitations of Phase 1 as noted above. To promote this process, Plaintiffs also set forth proposed custodians and search terms for Phase 2 discovery below. We reserve all rights to amend and add to these proposals and lists.

We request a meet and confer regarding these proposals and the Natera Defendants' Phase 2 document collection and production obligations more generally, on or before March 12, 2025.


Regards,


*/s/ Joshua D'Ancona*
Joshua D'Ancona



Cc:  All Counsel

March 4, 2025
Page 4

**Proposed Custodians:**

1. Anisimova, Olesya
2. Baynes, Roy*
3. Bertagnolli, Monica*
4. Botha, Roelof*
5. Brophy, Mike*
6. Bryan, Greg
7. Chapman, Rowan*
8. Chapman, Steven*
9. Cobb, Laura
10. Cozzens, Todd*
11. DeBourcy, Thomas
12. Fesko, John
13. Grinnell, Phillip
14. Grodzinskiy, Lev
15. Hannah, (April) Shuntrice
16. Hariharan, Ramesh
17. Healy, James*
18. Holt, John
19. Kamath, Amar
20. Maheshwari, Nidhi
21. Malyak, Pete
22. Marcus, Gail*
23. O'Neill, Jennifer
24. Parmar, Sheetal
25. Rabinowitz, Matthew*
26. Rodriguez, Debra
27. Rosenman, Herm*
28. Sergienko, Artem
29. Sheena, Jonathan*
30. Shum, Geoff
31. Stabrawa, Kate
32. Victor, Zoe
33. Williams, Walton
34. Wohl, Oded

* denotes a named Defendant

March 4, 2025
Page 5



**Proposed Search Terms:**

| |
|---|
| (Panorama! OR Pano! OR NIPT OR NPT OR (non invasive prenatal test*)) AND (revenue* OR recog* OR ASP* OR "average selling" OR sale* OR order* OR pay* OR claim* OR reject* OR refund* OR bill* OR "market access") |
| (Pano! OR revenue* OR quarter* OR annual) AND (true up OR true down) |
| (Panorama! OR Pano!) AND (ELT OR "executive leadership team") |
| ("Ernst & Young" OR EY OR Ernst) AND (Panorama! OR Pano! OR revenue* OR ASP* OR "average selling" OR "avg selling" OR audit OR "ASC 606") |
| ("Financial statement*" OR earning* OR financial* OR quarter* OR annual*) AND (misrepresent* OR deceive* OR deceptive OR inaccurate OR incorrect OR omit* OR omission OR exaggerate* OR fraud OR mislead* OR misled) |
| ("Risa Heller" OR RH OR RHC) |
| ("Joele Frank" OR JF OR JFC) |
| "Moss Adams" AND (Panorama! OR Pano! OR revenue* OR ASP* OR "average selling" OR "avg selling" OR audit OR "ASC 606") |
| "Altum Partners" AND (Panorama! OR Pano! OR revenue* OR ASP* OR "average selling" OR "avg selling" OR audit OR "ASC 606") |
| ("Women's Health" OR WH) AND (revenue* OR recog* OR earning* OR sale*) AND (Pano! OR Panorama!) |
| "NYT" OR "NYTimes" OR "NY Times" OR "New York Times" AND (Panorama! OR Pano! OR NIPT OR NPT OR (non invasive prenatal test*) OR Natera OR NTRA) |
| (prior auth* OR "PA" OR preauthor* OR pre-author* OR prior-auth* OR pre-auth OR (retro AND auth*) OR (med* necess*)) AND (Panorama! OR Pano!) |
| (prior autho* OR "PA") AND (Panorama! OR Pano!) AND (illegal OR improper OR inaccurate OR misconduct OR incorrect OR violat* OR mislead* OR misled OR "not right" OR "not accurate" OR deceptive OR deceiv*) |
| (Hindenburg OR Hindenberg) |
| (short sell*) OR short-sell* OR (short report) |
| Deepti w/3 Gupta |
| Vickie |
| Pizor |
| Bakreska |
| MGML |
| (Donat* OR charit* OR (non profit) OR shell OR concern* OR (cover up) OR "white label" OR kickback*) |
| Physician* AND (login* OR credential* OR password* OR account*) |
| "cap* forum" OR "capitol forum" OR "capital forum" OR TCF |

March 4, 2025
Page 6



| |
|---|
| "My Genome My Life" OR "mygenomemylife" |
| (Requis* OR test requis* form) AND ("opt out") AND (Pano! OR Panorama!) |
| DiGeorge |
| 22q.11.2 OR 22q* OR q112 |
| Microdeletion OR Mdel OR microdel* OR microdel panel OR microD* AND (Pano! OR Panorama!) |
| (CPT AND (81420 OR 81422 OR 81507)) |
| underwriter* AND diligenc* AND (SPO OR (secondary offering) OR (equity offering) OR follow-on) |
| Project AND Neptune |
| (SPO OR ("secondary offering") OR follow-on) |
| (declin* OR drop* OR fall* OR lower* OR pullback or pull-back) AND (stock OR share OR price) |
| (("Better Business Bureau" OR BBB) w/3 complaint) AND ((Panorama! OR Pano!) OR NIPT OR Natera OR NTRA) |
| (fals* OR improper OR illegal OR mislead* OR misled OR deceptive OR deceiv*) AND ((Panorama! OR Pano!) OR NIPT OR Natera OR NTRA) |
| ((negative w/10 "online review*") OR complaint) AND ((Panorama! OR Pano!) OR NIPT OR NTRA OR Natera) |
| ((deny* OR denial OR denied w/3 claim) OR (ZBAL OR zero balance* ) OR ("balance bill*") OR prepay OR OON OR "INN" OR "out of network" OR "in network") AND ((Panorama! OR Pano!) OR NIPT) |
| (recoupment OR recoup* OR refund OR corrective action plan OR CAP) AND ((Panorama! OR Pano!) OR NIPT) |
| Appeal* AND (deny* OR denial OR denied w/10 claim) AND ((Panorama! OR Pano!) OR NIPT) |
| ("procedure to procedure" OR PTP OR "test not performed" OR TNP OR payment auth* OR "do not reimburse") AND ((Panorama! OR Pano!) OR NIPT) |

March 4, 2025
Page 7



**Outstanding Requests for Production to be Addressed in Phase 2 of Discovery:**

| RFP No. | Request |
|---|---|
| 3 | All Documents concerning the Company's Policies for preparing, reviewing, editing, approving, modifying, and/or distributing Natera's press releases, SEC filings, public statements and opening statements, talking points, presentation materials (such as slide decks), questions and answers, or other remarks by the Company or its representatives prepared in connection with any call, conference, presentation or Meeting with analysts, investors or the media. |
| 4 | All Documents reviewed, considered, relied upon or otherwise providing the basis for the statements referenced in ¶¶106, 108, 110-11, 113, 115-16, 119, 121, 125, 132, 142, 148 and 150-62 of the Complaint, including Documents concerning the preparation, review, editing, approval, modification, and/or distribution of such statements. |
| 5 | All Documents concerning the Company's Policies regarding transactions of Natera securities by executives, officers, directors, or Employees of the Company, including:<br><br>i. any Documents concerning any changes to, or violations of, those Policies; and<br><br>ii. ii. any Documents or Communications related to those Policies concerning Defendants. |
| 6 | All Documents concerning any Director Defendants' or Executive Defendants' transactions in Natera common stock, including Documents concerning transactions made pursuant to Rule 10b5-1 plans and Documents concerning any proposed or actual changes to Rule 10b5-1 plan. |
| 7 | All Documents concerning insider transactions in Natera securities by the Executive Defendants or other corporate executives at the Executive Vice President level or above. |
| 8 | All Documents concerning the preparation or dissemination of the Registration Statement or Prospectus (and any Documents incorporated by reference therein) filed with the SEC in connection with or concerning the July 2021 SPO, including any Documents concerning whether any disclosure or statement concerning Natera should or should not be made in connection with the July 2021 SPO. |
| 9 | All Documents concerning any third-party entity or Person engaged by You to assist in the underwriting process for the July 2021 SPO. |
| 10 | All Documents concerning any actual or potential agreement between You and any of the Underwriter Defendants, concerning underwriting arrangements, due diligence, or fees in connection with or concerning the July 2021 SPO. |
| 11 | All Documents concerning any "road show" or any other presentation, solicitation or Communication to investors, potential investors, or financial institutions investing on behalf of clients, for the July 2021 SPO, including Documents reflecting any Person attending such "road show" or investor presentation, and any Communications with such Person. |

March 4, 2025
Page 8

| | |
|---|---|
| 12 | All Documents concerning the July 2021 SPO price of Natera common stock, including any analyses and models supporting the July 2021 SPO price. |
| 13 | All Documents concerning monies earned, or projected to be earned, in connection with the July 2021 SPO, by You, any of the Defendants, any Natera Employee or insider, and pre- July 2021 SPO investors. |
| 14 | All Documents concerning the Executive Defendants' compensation in FY2019, FY2020, FY2021, and FY2022, including any Policies related thereto and any Documents concerning factors or drivers that could influence the Executive Defendants' compensation, including any Documents related to performance-based bonuses, restricted stock units and options tied to Natera's market valuation and revenue targets. |
| 15 | All Documents concerning compensation of the Company's Employees related to sales of Panorama, including any Policies related thereto. |
| 16 | All Documents concerning the Company's projected and actual sales, profits, revenues, and earnings (specifically including Documents concerning factors or drivers that could influence these metrics) in FY2019, FY2020, FY2021, and FY2022. |
| 17 | All Documents concerning the projected and actual sales, profits, revenues, and cash flows (specifically including Documents concerning factors or drivers that could influence these metrics) for the Company's Women's Health business in FY2019, FY2020, FY2021, and FY2022. |
| 18 | All Documents concerning the projected and actual sales, profits, profit margins and revenues (specifically including Documents concerning factors or drivers that could influence these metrics) related to Panorama FY2019, FY2020, FY2021, and FY2022. |
| 19 | All Documents concerning the Company's Guidance for Natera's FY2019, FY2020, FY2021, and FY2022 including the inputs, assumptions, models, forecasts, budgeting, performance tracking, and software used to generate, update and monitor such projections, and Policies and other Documents regarding its issuance. |
| 20 | All Documents concerning the Company's Guidance related to the Company's Women's Health business for FY2019, FY2020, FY2021, and FY2022 including the inputs, assumptions, models, forecasts, budgeting, performance tracking, and software used to generate, update and monitor such projections, and Policies and other Documents regarding its issuance. |
| 21 | All Documents concerning the Company's Guidance related to Panorama for FY2019, FY2020, FY2021, and FY2022 including the inputs, assumptions, models, forecasts, budgeting, performance tracking, and software used to generate, update and monitor such projections, and Policies and other Documents regarding its issuance. |
| 22 | All Documents concerning the Company's Policies regarding billing practices and procedures, including the Company's Policies concerning invoices, receipts, and billing records related to Panorama and any changes to, or violations of, those Policies. |

March 4, 2025
Page 9



| 23 | All Documents concerning the Company's Policies regarding discounts for patients and payment options. |
|---|---|
| 24 | All Documents concerning the Company's Policies regarding Natera's pricing structure for Panorama, including any changes thereto during the Relevant Period. |
| 25 | All Documents concerning the Company's management and structure with respect to the billing department, including any Documents related to the Company's decision to outsource billing department functions, in whole or in part. |
| 26 | All Documents concerning the use of Current Procedural Terminology ("CPT"), International Classification of Diseases ("ICD"), or Healthcare Common Procedure Common System ("HCPCS") codes associated with the billing, reimbursement, and financial reporting processes for Panorama including:<br><br>i.    Documents concerning any changes or updates to CPT, ICD, or HCPCS codes related to Panorama;<br>ii.    Documents concerning the use of CPT, ICD or HCPCS codes related to Panorama; and<br>iii.    Documents concerning contracts, agreements, or Communications with healthcare providers or insurers regarding CPT, ICD, or HCPCS codes and billing practices related to Panorama. |
| 27 | All Documents concerning Medicare or Medicaid billing practices for Panorama including:<br><br>i.    Documents concerning billing records submitted to Medicare or Medicaid related to Panorama including copies of claims submitted by, or on behalf of, the Company to Medicare or Medicaid;<br>ii.    Documents concerning Medicare or Medicaid reimbursement requests, approvals, or denials related to Panorama;<br>iii.    Documents concerning the Company's compliance with applicable Medicare or Medicaid billing regulations; and<br>iv.    Documents concerning internal audits, investigations, or reviews related to Medicare or Medicaid billing practices. |
| 28 | All Documents concerning the Company's Policies and compliance with applicable regulations, including HIPAA, and any internal or external reports of failures to comply with such regulations by You. |
| 29 | All Documents concerning the Company's Policies related to prior authorizations for Panorama, and any changes thereto, including all Documents concerning or responding to guidance or advisory opinions from the Office of the Inspector General ("OIG") for the Department of Health and Human Services regarding prior authorizations and anti-kickback statutes. |
| 30 | All Documents concerning the Company's use of prior authorization providers, including My Genome My Life ("MGML"), to submit prior authorizations for Panorama testing, including:<br><br>i.    Documents concerning interactions between the Company's Employees and representatives of prior authorization providers;<br>ii.    Documents concerning prior authorizations for Panorama that were submitted by prior authorization providers and subsequently rejected; |



| | |
|---|---|
| | iii.     Documents concerning billing codes shared by Natera with prior authorization providers; and<br>iv.     Documents concerning any contracts, agreements, or Communications between the Company and prior authorization providers.<br>The time period applicable to this request is January 1, 2018 through September 30, 2022. |
| 31 | All Documents concerning interactions between the Company's Employees and healthcare providers regarding prior authorizations for Panorama, billing codes, use of insurance portals, payment options and billing practices, including:<br>i.     Documents concerning Meetings, presentation materials and training materials regarding interactions between the Company's Employees and healthcare providers;<br>ii.     Documents concerning the Company's Policies with respect to interactions between the Company's Employees and healthcare providers. |
| 32 | All Documents concerning interactions between the Company's Employees and patients regarding prior authorizations for Panorama, billing codes, use of insurance portals, payment options and billing practices, including:<br>i.     Documents concerning Meetings, presentation materials and training materials regarding interactions between the Company's Employees and patients;<br>ii.     Documents concerning the Company's Policies with respect to interactions between the Company's Employees and patients |
| 33 | All Documents concerning the Company's development, design, and use of Panorama's requisition (i.e., order) form as, for example, referenced in ¶145 of the Complaint, including:<br>i.     All Documents concerning Panorama's microdeletion screening;<br>ii.     All Documents concerning Your inclusion of 22Q11.2 screening as a default selection in the Panorama Prenatal Panel Screen; and<br>iii.     All Documents concerning the Company's Policies regarding the guidelines from The Society for Maternal-Fetal Medicine. |
| 34 | All Documents concerning the Company's marketing materials for Panorama, including:<br>i.     Documents concerning Natera's payment options, including a cash pay option;<br>ii.     Documents concerning Natera's "Price Transparency Program";<br>iii.     Documents concerning Natera's "NIPT Gender Sender";<br>iv.     Documents concerning Natera's medical legal review process and any Policies related thereto; and<br>v.     Documents concerning marketing material that was shared by and between Natera's sales personnel. |
| 35 | All Documents concerning the Hindenburg Research report titled "Natera: Pioneers In Deceptive Medical Billing" published on March 9, 2022 ("Hindenburg Report"), including any Documents related to calls with investors concerning the Hindenburg |

March 4, 2025
Page 11

| | |
|---|---|
| | Report and any Documents relied on or referenced in any investigation by the Company in connection with the Hindenburg Report. |
| 36 | All Documents concerning the Company's internal discussions of, and responses to, industry reports, media articles, or investor media concerning Natera or Panorama, including, but not limited to the following:<br>i.    the New York Times article titled "When They Warn of Rare Disorders, These Prenatal Tests Are Usually Wrong" published on January 1, 2022; and<br>ii.    articles or reports from The Capitol Forum addressing Natera or Panorama. |
| 37 | All Documents concerning any investigation by any Governmental Agency, including the SEC, DOJ and Michigan AG, whether formal or informal, concerning Panorama, including:<br>i.    Documents produced by You in such investigation;<br>ii.    Documents received by You in such investigation;<br>iii.    Communications with the SEC, DOJ, or Michigan AG or other Governmental Agency in the course of such investigation;<br>iv.    Documents concerning the results or findings of such investigation; and<br>v.    transcripts or notes of all depositions, interviews or Meetings taken in connection with any such investigation or proceeding. |
| 38 | All Documents concerning any inspection, investigation, examination, audit, review, whistleblower report, or inquiry, including ethics, compliance, and internal audit inquiry, whether formal or informal, internal or external, concerning Panorama. |
| 39 | All Documents concerning the Company's internal discussions of, and responses to, any external complaints regarding Panorama, including from online sources such as industry forums, social media platform and consumer review websites, including but not limited to www.Yelp.com and www.Cafepharma.com. |
| 40 | All Documents concerning the Meetings, including committee Meetings, of the Board of Directors. |
| 41 | All Documents concerning changes in the price of the Company's common stock during the Relevant Period including Documents concerning market, shareholder, analyst, media, or investor reactions. |
| 43 | All Documents upon which Defendants intend to rely for their defense of the claims asserted in this Action, including all Documents concerning any affirmative defense(s) that You assert (or intend to assert) in Your Answer to the Complaint. This Request is without limit as to time period. |
| 45 | All Documents concerning Your preservation, search for, collection, maintenance, destruction, or alteration of Documents, files, ESI, and Electronic Media that were undertaken with respect to this Action. This Request includes Documents sufficient to describe any efforts You undertook to preserve Documents related to allegations in this Complaint, including the date, general subject matter, and recipients of any litigation hold or request to preserve Documents (whether or not related to this Action) and Documents concerning Document preservation sent to or received from any non-party to this Action. |

March 4, 2025
Page 12



| 46 | Documents sufficient to show the Company's Policies for the destruction, retention, or preservation of Documents, files, ESI, and other Electronic Media. |
| 47 | Without limitation as to time period, all Documents concerning any response by You to any interrogatories or request for admission propounded, or to be propounded, by Plaintiffs in the above-captioned litigation. |