# EXHIBIT 3



Writer's Direct Dial:  484-270-1438
E-Mail: ehoey@ktmc.com
*Please reply to the Radnor Office*

May 15, 2024

**VIA EMAIL**
Christina L. Costley
Katten Muchin Rosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067
christina.costley@katten.com

>            **RE:**    ***Schneider v. Natera, Inc., et al.,***  **No. 1:22-cv-00398-DAE (W.D. Tex.)**

Counsel,

We write to memorialize the parties' discussions during our recent meet and confer on Thursday, May 9, regarding the Natera Defendants' document collection and limited production during the current phase of discovery.

***First***, you clarified during the call that, in addition to certain emails[1], the Special Committee collected and reviewed "standalone" documents, such as Natera policies and procedures for billing and prior authorization, its code of conduct, and documents concerning Natera's vendor approval process. You stated that the Special Committee had not provided any of those "standalone," non-email documents to Natera for purposes of this case, and that Natera had not requested them, but you could not explain why. You also represented that you are not aware of any other documents the Special Committee collected aside from those "standalone" documents and the emails contained in the Repository, and specifically, that you did not know if the Special Committee obtained or reviewed text messages, electronic chat exchanges, or other types of communications from the eight custodians whose emails it collected and reviewed. This failure to request and collect plainly relevant documents or conduct a reasonable investigation into the sources from which you are producing documents is troubling and unacceptable, regardless of the phase of discovery. Any materials that the Special Committee reviewed should be immediately collected and likely produced.

***Second***, with respect to the SEC, on the call you were not prepared to state whether any Natera Defendant had produced or presented documents to the SEC, but agreed to confirm an answer to this question. Again, we are troubled by the fact that three months into discovery Natera still has not made these threshold inquiries. We look forward to an answer this week.

---

[1]            We are in receipt of your May 10 email confirming that the Special Committee used the period of January 1, 2017, through August 3, 2022, to collect the emails from eight custodians that comprise documents reviewed by the Special Committee that are now in Natera's possession, i.e., the Repository.

280 King of Prussia Road, Radnor, Pennsylvania 19087  T. 610-667-7706  F. 610-667-7056  info@ktmc.com
One Sansome Street, Suite 1850, San Francisco, California 94104  T. 415-400-3000  F. 415-400-3001  info@ktmc.com
**KTMC.COM**

May 15, 2024
Page 2



You also confirmed that the Special Committee did not produce any documents to the SEC in connection with the SEC's investigation into Natera. You stated for the first time, however, that: (1) the Special Committee made a presentation to the SEC; and (2) that presentation is in your possession. You stated that the Natera Defendants have not determined whether they will produce that document or withhold it, but refused to provide any additional information, including any grounds for withholding. We stated on the call that, given the Natera Defendants' reliance on the Special Committee investigation here, the Special Committee's presentation is relevant, responsive to Plaintiffs' document requests, and should be produced during the current phase of discovery. Please tell us this week whether the Natera Defendants will produce the Special Committee's presentation. If the Natera Defendants will not produce the presentation, provide the basis and any case law supporting withholding it. We note that, to the extent the Natera Defendants claim privilege, they must substantiate that claim as to the entire presentation.

***Third***, you stated that the Natera Defendants intend to produce in the current phase of discovery certain documents that they consider to be responsive to Plaintiffs' Request for Production Nos. 22-33, 35, 37-40, and 42, and that you will confirm this point in writing. You agreed that the Natera Defendants are not taking the position that any productions made during the current phase of discovery necessarily satisfy their discovery obligations with respect to any particular document request for purposes of full merits discovery, should the case proceed to that stage. Rather, in that event, the parties will confer about the scope of full merits discovery, including with respect to the subset of document requests to which the Natera Defendants believe they are making partial productions now.

For this phase, you explained that, aside from the Repository, the Natera Defendants are currently searching for and collecting two types of documents: (1) documents concerning Plaintiffs (this collection includes email searches), and (2) non-email documents reflecting Natera's policies and procedures for topics such as billing and prior authorizations. You stated that, while you may produce certain policies and procedures in the present, limited phase of discovery, you do not intend to search for, collect, or produce all documents relevant to such policies and procedures that Plaintiffs have requested—such as related communications by Natera custodians—unless and until the class is certified, at which time you are required to undertake full merits discovery. You also stated that you do not currently have a complete list of document sources that are being searched during this phase of discovery, but explained that you are currently working with your clients on this point. Please provide us this list of sources immediately.

***Finally***, you did not dispute (nor could you) that the Natera Defendants are obligated to collect, search, and produce documents from sources beyond the Repository and the limited categories of materials which they are currently reviewing. This implicates, *inter alia*, data sources, custodians, and search terms.

As for data sources, in addition to the email files of the existing and additional custodians (referenced below), you conceded that text messages, chat exchanges, and other forms of communication, to the extent they were used by Natera personnel, could be relevant to the current phase of discovery. Based on our call, we understand that Natera has not taken any steps to investigate this source of ESI. We explained, for example, that—at a minimum—any text messages, chats, or other electronic communications concerning the Hindenburg report, the



May 15, 2024
Page 3

Company's actions or responses thereto, or Natera's stock price after the Hindenburg report was published are indisputably relevant to class certification and should be produced during the current phase of discovery, regardless of whether those communications involve Natera executives, investor or public relations personnel, or any anyone else. You did not disagree. We also stated that text or other non-email communications of the eight Natera custodians whose emails you are producing should indisputably be produced (i.e., if their emails are relevant, so are their other communications). To that end, you agreed to inquire whether Natera personnel used text messaging, chats, or other non-email forms of electronic communication to discuss business-related matters. Please provide this information without further delay.

As for search terms, as explained during the call, the search terms that the Special Committee created and utilized in populating the Repository are insufficient for the current phase (and, obviously, the full merits phase) of discovery.

Relatedly, as explained previously, the Natera Defendants cannot unilaterally limit the custodians from which they will search and collect documents in this phase of discovery to the eight custodians in the Repository. We appreciate your representation that you have inquired specifically about any Natera investor and public relations employees that should be included as custodians, and look forward to hearing from you on this point. In addition to investor and public relations personnel, any Defendant and any Natera employee or executive who communicated with investors, analysts, media, public relations consultants, or other key constituencies around key events (e.g., the publication of the Hindenburg report and Natera's special investor presentations and related public statements in its aftermath)—or took part in drafting, reviewing, or approving those communications—must be a custodian in this class certification stage of document discovery. At a minimum, their communications and any personal drives where potentially relevant information was stored must be searched.

To this end, Plaintiffs' proposed additional custodians and search terms for the current phase of discovery accompany this letter. As noted, the parties will need to discuss running searches using all modified or additional search terms to the files of the eight custodians in the Repository, in addition to running search terms on all additional custodians. Plaintiffs reserve all rights to propose additional custodians and search terms during the current and merits phases of discovery in this case.

Regards,

Evan R. Hoey