# EXHIBIT 6

# Katten

**2121 Avenue of the Stars
Suite 1100
Los Angeles, CA  90067-5010
+1.310.788.4400 tel
katten.com**

**CHRISTINA L. COSTLEY**
christina.costley@katten.com
+1.310.788.4485 direct
+1.310.712.8235 fax

May 24, 2024

**VIA EMAIL**

Evan R. Hoey
Kessler Topaz Meltzer & Check, LLP
280 King of Prussia Road
Radnor, PA 19087

**Re:**   *Schneider v. Natera, Inc., et al.*, No. 1:22-cv-00398-DAE (W.D. Tex.)

Dear Evan:

We write to respond to your letter dated May 15, 2024 concerning the parties' meet and confer that took place on May 9, 2024 (the "M&C").  While we will not respond to all of the assertions and requests stated in your letter, many of which are better addressed during a further meet and confer among counsel, we wish to respond to those assertions that mischaracterize the parties' discussions during the M&C.

First, we did not say during the M&C that we had "not requested" the standalone documents reviewed by the Special Committee.  We have been in ongoing discussions with counsel for the Special Committee, which is how we were able to explain which standalone documents had been reviewed.  The process of collecting the documents, however, is not instantaneous.  Subsequent to the M&C, we received what we understand to be the full collection of standalone documents reviewed by the Special Committee.  We intend to produce all responsive and non-privileged material from that collection.

Second, we also did not state that we "did not know if the Special Committee obtained or reviewed text messages" and other types of non-email communications from the eight custodians who we had previously identified to you.  We expressly said, during the call, that our understanding from Special Committee counsel was that text messages had **not** been collected.  We can confirm that the Special Committee limited its collection and review to email communications and Google Chat messages that were sent or received by these custodians.  As we further explained, we are currently reviewing a large volume of documents from that collection, which we intend to begin producing once the parties have agreed upon, and the Court has entered, an ESI stipulation.

Third, your letter inaccurately asserts that we had "not made [] threshold inquiries" into whether any Natera Defendant had produced or presented documents to the SEC in connection with its investigation into Natera.  To the contrary, we explained that we had not yet determined whether the Natera Defendants **intend to produce** such documents to Plaintiffs.  While we continue to believe that these documents are beyond the scope of discovery ordered by the Court, Natera is

KATTEN MUCHIN ROSENMAN LLP
CENTURY CITY     CHARLOTTE     CHICAGO     DALLAS     LOS ANGELES
NEW YORK     ORANGE COUNTY     SHANGHAI     WASHINGTON, DC
A limited liability partnership including professional corporations
LONDON: KATTEN MUCHIN ROSENMAN UK LLP

# Katten

May 24, 2024
Page 2

willing to produce: (1) the documents that Natera provided to the SEC; (2) the SEC's subpoena to Natera and its "no action" letter; and (3) the deck that the Special Committee shared with the SEC.[1]

Fourth, we can confirm that Request Nos. 3, 22-33, 35, 37-40, and 42 of Plaintiffs' Requests for Production of Documents to the Natera Defendants are within the scope of the first phase of discovery. Your letter, however, misrepresents our discussions regarding certain of those requests. At no point did we state, as your letter asserts, that the Natera Defendants will not collect or produce email communications relevant to Natera's "policies and procedures for topics such as billing and prior authorizations." As previously stated, the Natera Defendants will produce, during the first phase of discovery, email communications concerning such policies and procedures to the extent they fall within the set of documents previously reviewed and found relevant by the Special Committee.

Fifth, we do not agree that the Natera Defendants are "obligated" to produce documents (including text messages) beyond those that: (a) were previously reviewed and found relevant by the Special Committee; and (b) are currently being searched for or reviewed.[2] During the February 27, 2024 scheduling conference, counsel for Plaintiffs expressly argued that Defendants' proposed phased discovery approach did not contemplate the production of text messages in the current phase (*see* Scheduling Conf. Tr. at 32-32), and Magistrate Judge Howell nonetheless accepted Defendants' proposal as the "prudent approach." (*Id.* at 44.). We are, however, willing to meet and confer about producing documents from additional sources relevant to Natera's response to the Hindenburg and Capitol Forum reports and related to Lead Plaintiffs (if any such documents exist), subject to the understanding that any further collection and production must take into account the relative burden on the Natera Defendants, the proportional need for such materials to complete class certification briefing, and the limited scope of discovery imposed by the Court for this phase of the case. To that end, the Natera Defendants have received and are currently reviewing the list of additional custodians and search terms proposed by Plaintiffs, and we will be prepared to discuss them during a further meet and confer.

As noted above, while this letter responds to several of the assertions made in your May 15 letter, the Natera Defendants do not concede any assertions not addressed herein with respect to which the Natera Defendants reserve all rights.

---

[1] The Special Committee deck was shared during a presentation by the Special Committee to the Staff; our understanding is that it was not produced to the SEC.

[2] As we explained, this latter category includes, to the extent they exist, policies and procedures responsive to the requests identified above, as well as email communications relating to Lead Plaintiffs and Natera's responses to the Hindenburg and Capitol Forum reports.

**Katten**

May 24, 2024
Page 3

Sincerely,

*/s/ Christina L. Costley*

Christina L. Costley