# EXHIBIT 1

| | |
|---|---|
| **From:** | Artaki, Thomas |
| **Sent:** | Wednesday, May 28, 2025 2:54 PM |
| **To:** | Evan Hoey; Vanyo, Bruce G.; Costley, Christina L.; Huffman, Ted; Yong, Paul S. |
| **Cc:** | Josh D'Ancona; Aubrie Kent; Jesse Jensen; Jessica Underwood; McCusker, Patrick J; Doumbia, Nabintou |
| **Subject:** | RE: Schneider v. Natera, Inc., No. 1:22-cv-00398-DAE (W.D. Tex.) |

Evan,

Thanks for your response.

With respect to the Natera Defendants' offer to produce documents relating to the SPO, we will agree to Plaintiffs' proposed search strings on the condition that quotation marks are applied to the multi-word terms (*e.g.*, "secondary offering") contained therein. In addition, we will agree to apply those terms to the following custodians' mailboxes and Google Chats: (1) Mike Brophy, (2) Olesya Anisimova, and (3) Steve Chapman. Each of these individuals were Natera representatives to the "Working Group" formed for both the September 2020 and the July 2021 SPO. We will also agree to produce communications with, and materials provided to, the underwriters in connection with the September 2020 SPO.

With respect to the Natera Defendants' offer to produce documents relating to the Panorama requisition form, we confirm that we have an agreement on search terms. We will agree to apply those search terms to the following custodians' mailboxes and Google Chats: (1) Mike Brophy, (2) Ramesh Harihan, (3) Steve Chapman, (4) Phil Grinnell, (5) Matthew Rabinowitz, (6) Peter Malyak, (7) Amar Kamath, (8) Tiffany Hau, (9) Simran Sekhon, (10) June Dulfer, and (11) Sarah Abdullah. The latter four custodians are all of the individuals employed by Natera during the relevant period identified in Plaintiffs' RFPs who we understand made revisions to content in the test requisition form. Finally, we will agree to produce a document maintained by Natera in the ordinary course of business that reflects revisions to the requisition form beginning in 2015.

The Natera Defendants reserve all rights.

Thanks,
Tom


**Thomas Artaki**
Associate

# Katten

Katten Muchin Rosenman LLP
50 Rockefeller Plaza | New York, NY 10020-1605
direct +1.212.940.6606
thomas.artaki@katten.com | katten.com

---

**From:** Evan Hoey
**Sent:** Friday, May 16, 2025 3:09 PM
**To:** Artaki, Thomas ; Vanyo, Bruce G. ; Costley, Christina L. ; Huffman, Ted ; Yong, Paul S.

**Cc:** Josh D'Ancona ; Aubrie Kent ; Jesse Jensen ; Jessica Underwood ; McCusker, Patrick J
**Subject:** RE: Schneider v. Natera, Inc., No. 1:22-cv-00398-DAE (W.D. Tex.)

*EXTERNAL EMAIL – EXERCISE CAUTION*

Tom,

We appreciate your representation that Natera had no written policies or procedures concerning the preparation or approval of its public investor disclosures during the period of time relevant to this case. We understand that this concludes your response with respect to point 1 in my April 15 email.

Incentive-based compensation plans for Defendants Chapman and Brophy are requested by Plaintiffs' RFP Nos. 14-15. Please produce those documents without further delay.

We note your agreement to produce relevant marketing materials that were used by Natera to market Panorama to physicians and/or patients. Please produce those documents promptly.

As for documents related to the July 2021 SPO, Plaintiffs do not agree to the Natera Defendants' counter-proposed search terms. Plaintiffs proposed the following three relevant strings—please explain your basis for refusing to run them as-proposed.

- underwriter* AND diligenc* AND (SPO OR (secondary offering) OR (equity offering) OR follow-on)
- Project AND Neptune
- (SPO OR ("secondary offering") OR follow-on)

Further, you misunderstand our view of the relevance of the September 2020 SPO, and as such, your relevance argument misses the mark. Documents regarding the September 2020 SPO are relevant because it was alleged as a pertinent underlying event in the complaint. *See* Dkt. 177 (Order denying Natera Defendants' Motion for Judgment on the Pleadings) at 7 (describing Natera's "public offering in September 2020" as a "Pertinent Event[]"). Moreover, as you may be aware, Natera referred to and relied on information and responses that it had exchanged with the underwriter syndicate in the September 2020 SPO process for purposes of the July 2021 SPO process. Such documents from the September 2020 SPO process are therefore relevant to the July 2021 SPO and called for by, at minimum, RFP No. 8.

On the three additional search terms for the Panorama requisition form-related search (identified in my May 8 email), Plaintiffs are willing to agree to combine them with the limiter: AND (Requis* OR "test requis* form" OR "order form"). Please let us know if we have an agreement.

Finally, as to the custodians whose files may be searched in the two narrow searches you have proposed: We are disappointed in your refusal to engage in what should be a professional and collaborative process of identifying the right custodians, and ask you to reconsider. Our aim is to move the process forward as efficiently as possible, with searches that do not waste the parties' time and resources, and that are reasonably likely to identify responsive documents. You presumably know the custodians who had relevant responsibilities at Natera with respect to the Panorama order form and the management of the SPO process, or could identify them upon inquiry. Naming appropriate custodians so that these searches can proceed in a reasonably targeted fashion is not "doing Plaintiffs' work"—it is upholding your role in participating constructively in the discovery process. However, if necessary, consider our custodian proposal for the two searches to be those individuals identified in our March 4 letter. If you do not agree to run those custodians for purposes of these two searches, counter-propose appropriate custodians so we can advance the ball here, or else provide your basis for the refusal of each custodian.

Plaintiffs reserve all rights.

2

Best,
Evan

---

**From:** Artaki, Thomas <thomas.artaki@katten.com>
**Sent:** Friday, May 9, 2025 5:49 PM
**To:** Evan Hoey <EHoey@ktmc.com>; Vanyo, Bruce G. <bruce@katten.com>; Costley, Christina L. <christina.costley@katten.com>; Huffman, Ted <ted.huffman@katten.com>; Yong, Paul S. <paul.yong@katten.com>
**Cc:** Josh D'Ancona <jdancona@ktmc.com>; Aubrie Kent <AKent@ktmc.com>; Jesse Jensen <Jesse.Jensen@blbglaw.com>; Jessica Underwood <junderwood@nixlaw.com>; McCusker, Patrick J <patrick.mccusker@katten.com>
**Subject:** RE: Schneider v. Natera, Inc., No. 1:22-cv-00398-DAE (W.D. Tex.)

**\*External E-Mail\***

---

Evan,

Further to my email below, we are providing the following responses concerning the remaining document categories that were discussed during our April 15 call and that are addressed in your email below of the same date:

1.  During the time period relevant to this case, Natera did not have any written policies or procedures concerning the preparation or approval of public investor disclosures.
2.  Natera's directors did not hold any compensation plans tied to Natera's revenue or the Company's sales of Panorama. Steve Chapman and Mike Brophy did hold incentive-based compensation plans that were tied to Natera's revenue. Please let us know if Plaintiffs are requesting that the Natera Defendants produce such plans.
3.  We are willing to make a supplemental collection of and produce relevant marketing materials that were used by Natera to market Panorama to physicians and/or patients.
4.  We are also willing to make a supplemental collection of and produce relevant and non-privileged (i) drafts of the July 2021 SPO Offering Documents that were filed with the SEC, and (ii) communications with, and materials provided to, the underwriters in connection with that offering. To that end, we will agree to collect emails and Google Chats from January 1, 2021 to August 31, 2021 that hit on the terms (i) (SPO OR "secondary offering") and (ii) (Project AND Neptune). Please propose a reasonable list of custodians to be part of this collection.

As to the final category concerning the July 2021 SPO: we understand from the April 15 meet-and-confer that Plaintiffs are seeking documents relating to Natera's September 2020 SPO because the relevant offering materials were incorporated into the July 2021 SPO Offering Documents. That, however, was not the case, as indicated on page (v) of the July 2021 Prospectus. Our position, therefore, is that documents relating to the September 2020 SPO are not relevant to Plaintiffs' claims. In all events, Plaintiffs did not request such documents in their RFPs.

We are also providing responses to each of the three points raised in your email from yesterday:

1.  The three proposed additional search terms are not remotely tailored to Natera's test requisition form, but appear targeted at the entirety of Natera's business of microdeletion testing. While we will not agree to these terms as proposed, we will agree to them on the condition that the same limiter applied to the previously agreed-to term is also included in these terms: AND (Requis\* OR "test requis\* form")

3

2. Plaintiffs' original proposed search parameters, including the list of proposed custodians, applied broadly to all issues in this case – and, as we have explained, issues not in this case – and were not crafted to target "ancillary" documents in accordance with the Court's instructions. The searches we are now discussing relate only to two discrete issues: (i) the option to order a microdeletion test on the Panorama requisition form, and (2) drafts of and materials concerning the July 2021 SPO. As such, Plaintiffs' original proposal has no bearing on these potential searches and we, having already produced nearly 60,000 documents to Plaintiffs, do not intend to do Plaintiffs' work in determining its requested custodians.

3. As a practical matter, we cannot discuss potential data sources until we have agreed upon the relevant custodians and can determine which sources are applicable.

Thanks,
Tom

**Thomas Artaki**
Associate

# Katten

Katten Muchin Rosenman LLP
50 Rockefeller Plaza | New York, NY 10020-1605
direct +1.212.940.6606
thomas.artaki@katten.com | katten.com

**From:** Evan Hoey <EHoey@ktmc.com>
**Sent:** Thursday, May 8, 2025 11:41 AM
**To:** Artaki, Thomas <thomas.artaki@katten.com>; Vanyo, Bruce G. <bruce@katten.com>; Costley, Christina L. <christina.costley@katten.com>; Huffman, Ted <ted.huffman@katten.com>; Yong, Paul S. <paul.yong@katten.com>
**Cc:** Josh D'Ancona <jdancona@ktmc.com>; Aubrie Kent <AKent@ktmc.com>; Jesse Jensen <Jesse.Jensen@blbglaw.com>; Jessica Underwood <junderwood@nixlaw.com>; McCusker, Patrick J <patrick.mccusker@katten.com>
**Subject:** RE: Schneider v. Natera, Inc., No. 1:22-cv-00398-DAE (W.D. Tex.)

*EXTERNAL EMAIL – EXERCISE CAUTION*
Tom,

Thank you for the information on bullet points 2-4, below. Please let us know when the Natera Defendants will provide responses to the remaining outstanding questions.

Regarding the Natera Defendants' custodial search proposal in bullet point 1, our responses are below. ***First***, there are three additional terms from Plaintiffs' search term proposal that should be included in any search regarding the Panorama order form, which we have set forth below for convenience. If the Natera Defendants do not agree to run these terms, please provide us the basis for that refusal.

- DiGeorge
- 22q.11.2 OR 22q* OR q112
- Microdeletion OR Mdel OR microdel* OR microdel panel OR microD* AND (Pano! OR Panorama!)

***Second***, regarding custodians, Plaintiffs made a custodian (and search term) proposal over two months ago. It is not productive for the Natera Defendants to have refused that proposal and now ask Plaintiffs to make another custodian proposal (that the Natera Defendants must deem "reasonable") for purposes of this contemplated search. To move these discussions along, please promptly send us the Natera Defendants' list of proposed custodians for purposes of this additional search. In addition, Plaintiffs request that the Natera Defendants identify the individuals who (1) had relevant

authority with respect to developing and implementing the Panorama requisition form and/or (2) had discussions concerning the form's wording and/or content.

*Third*, as for data sources, Plaintiffs do not agree to limit this proposed search to emails and Google Chats. Any sources reasonably likely to have relevant documents concerning the requisition form should be searched. Please confirm whether you have inquired as to whether any sources beyond emails and Google Chats are reasonably likely to contain relevant materials. If there are any such sources, please identify them.

Thanks,
Evan

---

**From:** Artaki, Thomas <thomas.artaki@katten.com>
**Sent:** Friday, May 2, 2025 3:55 PM
**To:** Evan Hoey <EHoey@ktmc.com>; Vanyo, Bruce G. <bruce@katten.com>; Costley, Christina L. <christina.costley@katten.com>; Huffman, Ted <ted.huffman@katten.com>; Yong, Paul S. <paul.yong@katten.com>
**Cc:** Josh D'Ancona <jdancona@ktmc.com>; Aubrie Kent <AKent@ktmc.com>; Jesse Jensen <Jesse.Jensen@blbglaw.com>; Jessica Underwood <junderwood@nixlaw.com>; McCusker, Patrick J <patrick.mccusker@katten.com>
**Subject:** RE: Schneider v. Natera, Inc., No. 1:22-cv-00398-DAE (W.D. Tex.)

**\*External E-Mail\***

---

Evan,

We are continuing to confer with Natera about certain of the document categories we discussed during our April 15 call, but below are responses we are able to provide. We will follow up on the remainder.

- We are willing to make a supplemental collection of and produce relevant and non-privileged documents, if any, relating to (i) the development of the Panorama test requisition form, and (ii) discussions concerning, and complaints about, the option on that form to order microdeletion tests. To that end, we will agree to collect emails and Google Chat messages from January 1, 2019 to September 30, 2022 that hit on the search term relating to this topic that had previously been proposed in Josh's March 4 letter: (Requis* OR "test requis* form") AND ("opt out") AND (Pano! OR Panorama!). Please propose a reasonable list of custodians to be part of this collection.
- We are also willing to make a supplemental collection of and produce relevant and non-privileged board materials, if any, including board minutes, decks, and other underlying materials used in connection with board meetings.
- Natera did not have a practice of preparing and circulating internal digests or compilations of company-related news or market commentary of any relevance to this case.
- Natera has had a broad and general litigation hold in place that covers the relevant period in this case. In addition, we can confirm that Natera has a policy that disables the recording or transcribing of Zoom meetings.

Please note that our offer to collect and produce any documents identified above should not be construed as any acknowledgment that such documents do, in fact, exist. The Natera Defendants reserve all rights.

Hope you all have a nice weekend.

Tom

5

**Thomas Artaki**
Associate

# Katten

Katten Muchin Rosenman LLP
50 Rockefeller Plaza | New York, NY 10020-1605
direct +1.212.940.6606
thomas.artaki@katten.com | katten.com

---

**From:** Artaki, Thomas
**Sent:** Monday, April 28, 2025 9:00 AM
**To:** Evan Hoey <EHoey@ktmc.com>; Vanyo, Bruce G. <bruce@katten.com>; Costley, Christina L. <christina.costley@katten.com>; Huffman, Ted <ted.huffman@katten.com>; Yong, Paul S. <paul.yong@katten.com>
**Cc:** Josh D'Ancona <jdancona@ktmc.com>; Aubrie Kent <AKent@ktmc.com>; Jesse Jensen <Jesse.Jensen@blbglaw.com>; Jessica Underwood <junderwood@nixlaw.com>
**Subject:** RE: Schneider v. Natera, Inc., No. 1:22-cv-00398-DAE (W.D. Tex.)

Hi Evan,

We are still conferring with our client but are aiming to provide a more substantive response this week.

**Thomas Artaki**
Associate

# Katten

Katten Muchin Rosenman LLP
50 Rockefeller Plaza | New York, NY 10020-1605
direct +1.212.940.6606
thomas.artaki@katten.com | katten.com

---

**From:** Evan Hoey <EHoey@ktmc.com>
**Sent:** Friday, April 25, 2025 2:28 PM
**To:** Vanyo, Bruce G. <bruce@katten.com>; Costley, Christina L. <christina.costley@katten.com>; Huffman, Ted <ted.huffman@katten.com>; Yong, Paul S. <paul.yong@katten.com>; Artaki, Thomas <thomas.artaki@katten.com>
**Cc:** Josh D'Ancona <jdancona@ktmc.com>; Aubrie Kent <AKent@ktmc.com>; Jesse Jensen <Jesse.Jensen@blbglaw.com>; Jessica Underwood <junderwood@nixlaw.com>
**Subject:** RE: Schneider v. Natera, Inc., No. 1:22-cv-00398-DAE (W.D. Tex.)

*EXTERNAL EMAIL – EXERCISE CAUTION*
Counsel,

Please let us know when the Natera Defendants will provide responses on the open questions below.

Thanks,
Evan

---

**From:** Evan Hoey
**Sent:** Tuesday, April 15, 2025 6:44 PM
**To:** Vanyo, Bruce G. <bruce@katten.com>; Costley, Christina L. <christina.costley@katten.com>; Huffman, Ted <ted.huffman@katten.com>; Yong, Paul S. <paul.yong@katten.com>; Artaki, Thomas <thomas.artaki@katten.com>
**Cc:** Josh D'Ancona <jdancona@ktmc.com>; Aubrie Kent <akent@ktmc.com>; Jesse Jensen <Jesse.Jensen@blbglaw.com>; Jessica Underwood <junderwood@nixlaw.com>
**Subject:** Schneider v. Natera, Inc., No. 1:22-cv-00398-DAE (W.D. Tex.)

Counsel,

On today's meet and confer, the Natera Defendants agreed to discuss internally certain questions regarding potential responses to Plaintiffs' RFPs and respond to us within approximately one week. Based on our discussion, we understand that you will provide further information regarding the following questions.

1. Whether there are any documents (including communications) Natera will produce in Phase 2 discovery regarding Natera's policies and/or processes for preparing, drafting, editing, vetting, and signing-off on Natera's public disclosures (such as Q&A and prepared remarks and press releases related to quarterly earnings disclosures) from during the Relevant Time Period. This would include documents stating any such policies or processes, as well as documents reflecting the operation of such policies and processes (e.g., preparation and review) in connection with disclosures during the Relevant Time Period. (*See* Plaintiffs' RFP No. 3).

2. Whether there are documents Natera can produce beyond those collected by the Special Committee related to the July 2021 SPO and the predecessor September 2020 offering, specifically including internal communications regarding road show activities or other communications with potential investors, internal documents regarding the preparation, finalization, and signing of the SPO offering documents, internal documents regarding the due diligence process, and the like. (*See* Plaintiffs' RFP Nos. 8-11).

3. Whether there are additional documents Natera will produce relevant to the development, design, and use of the Panorama requisition form, its compliance with industry guidelines, communications around the form internally, or complaints regarding the form beyond those produced to date from the Special Committee materials. (*See* Plaintiffs' RFP No. 33).

4. Whether there are materials Natera can produce such as flyers or ads relevant to the marketing of Panorama to physicians and patients. (*See* RFP No. 34).

5. Confirm whether there existed during the Class Period any compensation plans based on performance metrics or thresholds that were applicable to the employees that Plaintiffs have proposed as custodians, including personnel in the sales, marketing, billing, finance, and accounting functions. (*See* RFP Nos. 14-15).

6. Confirm whether Natera will conduct a search for general board materials, such as board packets (agendas, slide decks, exhibits, notes, etc.), meeting minutes, or other materials prepared in connection with normal board functions. (*See* RFP No. 40).

7. Confirm whether Natera IR, finance, or management circulated internal digests or compilations of Company-related news or external statements, such as investment analyst commentary, Natera stock price analysis, financial news, blogs, or other relevant market commentary. (*See* RFP No. 41).

8. Confirm whether Natera had any documents concerning policies or practices on document preservation or destruction, such as a document reflecting the Natera policy you referenced to not record Zoom meetings or create transcripts. (*See* RFP Nos. 45-46).

We look forward to hearing from you on these outstanding questions within the next week.

Best,
Evan







**EVAN HOEY**
ASSOCIATE

Kessler Topaz Meltzer & Check, LLP
280 King of Prussia Road
Radnor, PA 19087

**Direct Phone** 484-270-1438
**Fax** 610-667-7056
**Email** ehoey@ktmc.com

PRIVILEGED ATTORNEY/CLIENT, ATTORNEY WORK PRODUCT

The information in this transmittal may include privileged and confidential material and is intended for the recipient(s) listed above. If you are neither the intended recipient(s) nor a person responsible for the delivery of this transmittal to the intended recipient(s), you are hereby notified that any distribution or copying of this transmittal is prohibited. If you have received this transmittal in error, please notify the sender immediately at Kessler Topaz Meltzer & Check, LLP at (610) 667-7706 or via return e-mail.

=============================================================
CONFIDENTIALITY NOTICE:

This electronic mail message and any attached files contain information intended for the exclusive use of the individual or entity to whom it is addressed and may contain information that is proprietary, privileged, confidential and/or exempt from disclosure under applicable law. If you are not the intended recipient, you are hereby notified that any viewing, copying, disclosure or distribution of this information may be subject to legal restriction or sanction. Please notify the sender, by electronic mail or telephone, of any unintended recipients and delete the original message without making any copies.

=============================================================
NOTIFICATION: Katten Muchin Rosenman LLP is an Illinois limited liability partnership that has elected to be governed by the Illinois Uniform Partnership Act (1997).

=============================================================