UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| JOHN HARVEY SCHNEIDER, Individually and on Behalf of All Others Similarly Situated,<br><br>               Plaintiff,<br>   v.<br><br>NATERA, INC., STEVE CHAPMAN, MICHAEL BROPHY, MATTHEW RABINOWITZ, and RAMESH HARIHARAN,<br><br>               Defendants. | Case No. 1:22-cv-00398-DAE |

**REPLY IN SUPPORT OF PLAINTIFFS' OPPOSED MOTION TO COMPEL THE NATERA DEFENDANTS TO CONDUCT SEARCHES FOR CUSTODIAL DOCUMENTS RESPONSIVE TO PLAINTIFFS' DOCUMENT REQUESTS**

Natera[1] contends it does not need to negotiate or apply search parameters related to Plaintiffs' core claims and document requests because it has reproduced 56,000 files culled from a non-party's collection drawn from just eight custodians. Dkt. 190 ("Opposition" or "Opp.").[2] It notes "ancillary" productions on discrete issues it intends to make, and says that is all it needs to do, despite the scope and complexity of this case. **Natera cites no authority supporting this approach**, for good reason: it is insufficient both in process and substance. Plaintiffs' proposed search parameters are obviously relevant, and Natera barely contends otherwise. It also neglects its burden to put forth evidence substantiating its bald claims of disproportionality. Instead, Natera tries to excuse its stonewalling by recasting Plaintiffs' claims, and insisting that the Court adopted its cramped view of this case and the scope of its discovery obligations. But on both fronts Natera overreaches, and its attempt to refuse discovery based on its own "overly narrow[]" view of "the issues still before the Court and the information that may be necessary to resolve those issues" should fail. *Mueller Brass Co. v. Crompton*, 2022 WL 19403844, at *3 (W.D. Tenn. May 19, 2022). The time has come for fulsome document searches and productions related to Plaintiffs' claims—the necessary predicate to full and fair discovery.[3] Plaintiffs' Motion should be granted.

**Plaintiffs' Proposed Search Parameters Are Relevant.** The Motion satisfied Plaintiffs' burden of establishing that their proposed search parameters are relevant. The Opposition does not

---

[1] "Natera" refers to the Natera Defendants. Unless otherwise noted, all capitalized terms have the meanings ascribed to them in the Motion (Dkt. 183; "Mot."), all emphasis is added, and all internal emphasis, quotations, and citations are omitted. Citations to "Ex. __" are to exhibits to the Hoey Declaration. Dkt. 183-1. "Suppl. Hoey Decl." refers to the Supplemental Declaration of Evan R. Hoey, filed herewith.

[2] The Opposition title references a motion for a protective order. *See* Dkt. 190 at cover page. Yet, the Opposition never mentions a protective order again. In all events, Natera's "motion" did not comply with the requirements of Local Civil Rule CV-7.

[3] Natera feigns surprise that Plaintiffs filed the Motion (Opp. at 4), but during a meet and confer, Natera noted that resolving the issue of the scope of merits discovery in Phase 2 would need Court intervention, and counsel expressly discussed the proposition of Plaintiffs moving to compel and/or Natera moving for a protective order. Suppl. Hoey Decl., ¶3.

seriously contest this point. *Compare* Opp. at 7-10 *with* Mot. at 7-10. It does not address six of Plaintiffs' proposed custodians nor 31 of the proposed search terms, and the few challenges it raises are meritless. *First*, Natera cites **no** case supporting its claim (Opp. at 8) that the emails, texts, and other files of the eight Special Committee custodians, including some Defendants and other Company executives, need not be searched in this case because Natera re-produced some documents from a prior collection by non-parties. The Federal Rules require more than such limited, recycled document discovery. *See* Mot. at 6-7 (citing cases). *Second*, Natera is wrong that the nine Director Defendants are irrelevant custodians because Plaintiffs need not establish their mental state. Opp. at 8-9.[4] Their documents likely pertain to materiality, falsity, and other points, and Rule 26(b)(1) permits discovery of "**any** nonprivileged matter that is **relevant to any party's claim or defense** and proportional to the needs of the case."[5] *Third*, Plaintiffs specified the relevant information that individuals listed in interrogatory responses would have (*contra* Opp. at 9), including by reference to the underlying discovery requests. *See* Ex. 9 at 32-35 (requesting, e.g., identity of those "responsible for drafting, vetting, reviewing, furnishing information for, or approving the content of Natera's public statements regarding the Hindenburg Report or the matters addressed therein"); *id.* at 27-29 (similar). *Fourth*, the five proposed custodians in accounting, financial, and revenue cycle management roles are relevant (*contra* Opp. at 9), because their roles pertain directly to Natera's Panorama-related revenues and demand, which Plaintiffs

---

[4]     *Nordstrom, Inc. v. Chubb & Son, Inc.*, 54 F.3d 1424, 1436 (9th Cir. 1995) (Opp. at 9) is inapposite, as the court denied an insurer's request for additional discovery after a motion for summary judgment where the requested discovery had no relevance to the legal determination of whether the insurer was obligated to pay under the relevant insurance policy.

[5]     In any event, knowledge is a relevant issue to the aspect of Plaintiffs' Securities Act claims involving violations of Item 303, which prohibits failing to disclose certain "**known**" trends or uncertainties. 17 C.F.R. § 229.303(b)(1)(i), (b)(2)(ii). Natera's claim that all Director Defendants would be on the same communications is unsupported (Opp. at 9), but any duplication across their files can be addressed with basic e-discovery tools (e.g., de-duplication), reducing any burden.

allege were boosted by deceptive authorization, billing, and other business practices, and "[r]elevancy is broadly construed." Mot. at 5 (citation omitted).[6]

Natera's challenge to six proposed search terms as purportedly targeting too much of its business should be rejected. Opp. at 10. As one of Natera's two main products and sources of revenue, discovery about Panorama sales, revenues, related business practices, and public disclosures will naturally implicate many aspects of Natera's activities. If Natera believed these six terms were overbroad, it should have engaged with Plaintiffs about potential ways in which the parties could make them more targeted, rather than shutting down talks.[7]

**Natera Has Not Shown Disproportionality.** Having failed to undermine Plaintiffs' showing that their proposed search parameters are relevant, Natera "improperly shift[s] the burden of showing proportionality to Plaintiffs." *Hall*, 2018 WL 4293141, at *5; *see* Opp. at 7 ("Plaintiffs make no attempt show [sic] how the millions of documents they are seeking are proportional . . . ."). It is ***Natera's*** burden to "establish the discovery is not proportional" by "submitting affidavits or offering evidence revealing the nature of the burden." Mot. at 5-6 (citations omitted). But Natera has provided ***no evidence or affidavits*** to support its claims. Merely repeating that Plaintiffs' search parameters would require review of "millions" of documents (Opp. at 1, 4-5, 7, 9) does not meet this burden. *See Deutsche Bank Nat'l Tr. Co. as Tr. for Ameriquest Mortg. Sec. Inc. v. Pink*, 2019 WL 399533, at *6 (N.D. Tex. Jan. 31, 2019) (compelling discovery where opponent provided no "evidence supporting its proportionality objections"); *Ackley v. Honeywell*

---

[6] Thus, search terms relating to accounting issues are also relevant. *Contra* Opp. at 9-10.
[7] The court in *Hall v. Rent-A-Center, Inc.*, 2018 WL 4293141, at *5 (E.D. Tex. Aug. 31, 2018) (Opp. at 10) neither "criticized" the proposed search terms for identifying 528,956 documents, nor found all of the terms generic and disproportionate. It simply noted the hit counts for the proposed search strings—evidence not provided here. In *Darquea v. Jarden Corp.*, 2008 WL 11517443, at *3 (S.D.N.Y. Oct. 27, 2008), the court found "many" of 44 proposed search strings "unreasonable," but did not explain which ones were unreasonable or why. Moreover, the court ordered the parties to agree on a set of search terms. At minimum, that should occur here.

*Int'l, Inc.*, 2017 WL 2380628, at *3 (W.D. La. May 31, 2017) (same).[8]

**The Special Committee Documents Are Insufficient.** Natera's assertion that the Special Committee materials cover all necessary documents regarding the central merits issues here is unsupportable for several reasons. Opp. at 1, 5-7. That collection by separate counsel in a separate matter is facially inadequate to the needs of ***this*** case, including because it pulled from only eight custodians and two data sources, and did not include the search terms "Panorama" or "Pano*," among others. Mot. at 10. Tellingly, Natera does not dispute that merits custodial searches will yield additional, relevant materials. *See generally* Opp.[9] Further, Natera applies a self-serving, constricted view of relevance, disregarding the Complaint and the Court's finding that Defendants' statements about Panorama revenues and demand were plausibly misleading because they were "made while concealing that Panorama revenues were inflated by deceptive practices—such as the inappropriate submission of prior authorizations by MGML." Dkt. 104 at 24; *see also* Dkt. 177 at 3-4, 19. Courts consistently reject such attempts to resist discovery based on a party's "limited view of its discovery obligations, apparently based on a belief that the scope of those obligations is limited by [its] view of the merits of the case." *Patel v. N.Y. Life Ins. Co.*, 2014 WL 6747159, at

---

[8]    Thirty-four custodians is proportionate for a case of this size and complexity. *Cf.* Opp. at 8. Securities class actions of similar scale routinely involve dozens of custodians. *See* Mot. at 9; *see also In re Envision Healthcare Corp. Sec. Litig.*, 2020 WL 6750397, at *10 (M.D. Tenn. Nov. 16, 2020) & No. 3:17-cv-01112, Dkt. 196 at 1, 2 (M.D. Tenn. Aug. 7, 2020) (compelling 22 more custodians for total of **79**, including 23 defendants); *Industriens Pensionsforsikring A/S v. Becton, Dickinson & Co.*, 2:20-cv-02155 (D.N.J.), Dkt. 189 at 1, 30-31 (parties negotiated 32 custodians yielding 1.95 million pages of documents in case with **4-month class period**); *Ft. Worth Emps.' Ret. Fund v. J.P. Morgan Chase & Co.*, 297 F.R.D. 99, 105-06 (S.D.N.Y. Dec. 16, 2013) (allowing 18 new custodians for total of **60**; two-year class period (*see* 301 F.R.D. 116, 138 (S.D.N.Y. 2014)).

[9]    That Natera intends to run some additional, limited-scope searches in Phase 2 is beside the point: those searches do not address the parties' fundamental impasse on whether Natera must search for custodial documents regarding the core merits issues and RFPs, which it has ***never*** done. *Compare* Mot. at 5 n.5 & Ex. 8 *with* Opp. at 4, 6-7.

4

*1, 3 (W.D. Ark. Dec. 1, 2014); *see also Mueller*, 2022 WL 19403844, at *3 (same).[10]

Contrary to Natera's suggestion, the Court never ruled that Natera could satisfy most of its obligation to collect and produce documents in response to Plaintiffs' RFPs by simply providing some documents from the Special Committee's collection, or that Phase 2 would include only trailing productions on limited topics. Opp. at 1, 2-3 (noting Natera's counsel's use of "ancillary" in arguments to Court), 5-6. The Court did not say that only "ancillary" productions would be required after Phase 1—and it could ***not*** have made such a prospective determination, as no documents had been produced in February 2024, and it could not know which files Natera would ultimately turn over in Phase 1. *See* Dkt. 129 at 44:16-25 (ordering phased discovery based on "the parties' filings . . . and ***taking into account the volume of discovery that needs to take place and the efficiencies that might be gained***"). The record also undercuts any claim that most merits productions would be done in Phase 1: the Court ordered Phase 1 productions be substantially completed in just ***four months*** (Dkt. 128 at ¶7 (February 29, 2024 order setting Phase 1 substantial completion deadline of July 1, 2024)), after hearing Natera's representation that full document productions "***can take one to two years in a case of this size and scope***" (Dkt. 129 at 17:21-25).

In sum, it is unreasonable for Natera to unilaterally set search parameters, refuse to negotiate, and deny Plaintiffs a fulsome search for and collection of documents regarding the central issues in this case. *See Entergy Gulf States La., L.L.C. v. La. Generating, L.L.C.*, 2021 WL 24686, at *7 (M.D. La. Jan. 4, 2021) (responding party's discovery parameters not entitled to deference where its "choice is manifestly unreasonable").

Plaintiffs' Motion should be granted.

---

[10]   Natera wrongly asserts that Plaintiffs have not specified which RFPs were not fully addressed in Phase 1. Opp. at 5. Plaintiffs sent Natera a letter listing the RFPs with incomplete productions in early March (Ex. 2 at 7-12) and, on April 15, 2025, orally discussed Natera's position about each one (Suppl. Hoey Decl., ¶4).

Dated: June 11, 2025                       Respectfully submitted,

                                                   **NIX PATTERSON, LLP**

                                                   */s/ Jessica Underwood*
                                                   Jessica Underwood (State Bar No. 24093291)
                                                   8701 Bee Cave Road
                                                   Building 1, Suite 500
                                                   Austin, TX 78746
                                                   Tel: (512) 328-5333
                                                   Fax: (512) 328-5335
                                                   junderwood@nixlaw.com

                                                   *Liaison Class Counsel*

                                                   **KESSLER TOPAZ**
                                                   **MELTZER & CHECK, LLP**
                                                   Gregory M. Castaldo (admitted *pro hac vice*)
                                                   Joshua E. D'Ancona (admitted *pro hac vice*)
                                                   Evan R. Hoey (admitted *pro hac vice*)
                                                   Vanessa M. Milan (admitted *pro hac vice*)
                                                   280 King of Prussia Road
                                                   Radnor, PA 19087
                                                   Tel: (610) 667-7706
                                                   Fax: (610) 667-7056
                                                   gcastaldo@ktmc.com
                                                   jdancona@ktmc.com
                                                   ehoey@ktmc.com
                                                   vmilan@ktmc.com

                                                   *Counsel for Lead Plaintiff and Class*
                                                   *Representative British Airways Pension Trustees*
                                                   *Limited and Class Counsel*

                                                   **BERNSTEIN LITOWITZ BERGER &**
                                                   **GROSSMANN LLP**
                                                   Jesse Jensen (admitted *pro hac vice*)
                                                   1251 Avenue of the Americas, 44th Floor
                                                   New York, NY 10020
                                                   Tel: (212) 554-1400
                                                   Fax: (212) 554-1444
                                                   jesse.jensen@blbglaw.com

                                                   *Counsel for Additional Plaintiff and Class*
                                                   *Representative Key West Police & Fire Pension*
                                                   *Fund and Class Counsel*

**CERTIFICATE OF SERVICE**

I hereby certify that on June 11, 2025, I caused a true and correct copy of the foregoing to be filed electronically with the Clerk of the Court using the ECF system. Notice of this filing will be sent to counsel of record by operation of the Court's electronic filing system.

Dated: June 11, 2025                         /s/ Jessica Underwood
                                             Jessica Underwood