**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**

| | |
|---|---|
| JOHN HARVEY SCHNEIDER, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> NATERA, INC., STEVE CHAPMAN, MICHAEL BROPHY, MATTHEW RABINOWITZ, and RAMESH HARIHARAN, <br><br> Defendants. | Case No. 1:22-cv-00398-DAE |

**SUPPLEMENTAL DECLARATION OF EVAN R. HOEY IN SUPPORT OF PLAINTIFFS' OPPOSED MOTION TO COMPEL THE NATERA DEFENDANTS TO CONDUCT SEARCHES FOR CUSTODIAL DOCUMENTS RESPONSIVE TO PLAINTIFFS' DOCUMENT REQUESTS**

I, Evan R. Hoey, hereby declare as follows:

1.      I am an associate at the law firm of Kessler, Topaz, Meltzer & Check, LLP, Court-appointed Counsel for Lead Plaintiff and Class Representative British Airways Pension Trustees Limited and Class Counsel in the above-captioned action. I am admitted to practice before this Court *pro hac vice*.

2.      I submit this supplemental declaration in support of Plaintiffs' Opposed Motion to Compel the Natera Defendants to Conduct Searches for Custodial Documents Responsive to Plaintiffs' Document Requests ("Motion")[1], and I have personal knowledge of or information bearing on the facts set forth herein.

---

[1]      Unless otherwise noted, capitalized terms used herein have the meanings ascribed to them in the Motion.

3.    During the parties' April 14, 2025 meet and confer, counsel for the Natera Defendants represented that, in light of the position Plaintiffs stated in their March 4, 2025 letter, the parties had reached impasse on the fundamental issue of the scope of Phase 2 discovery and would need to seek court intervention. The Natera Defendants stated that they were unable to negotiate to reach an agreement regarding the scope of document searches that the Natera Defendants should conduct (if any) in Phase 2 merits discovery. During the same meet and confer, counsel for the Natera Defendants and counsel for Plaintiffs discussed how the issue could be brought to the Court for resolution, and stated that Plaintiffs could either move to compel or the Natera Defendants could move for a protective order.

4.    During the parties' April 15, 2025 meet and confer, the parties discussed the Natera Defendants' position as to the completeness of their document production for each of Plaintiffs' RFPs.

*          *          *

I certify under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed on: June 11, 2025                 /s/ Evan R. Hoey
                                           Evan R. Hoey