**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**

| | |
|---|---|
| JOHN HARVEY SCHNEIDER, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>NATERA, INC., STEVE CHAPMAN, MICHAEL BROPHY, MATTHEW RABINOWITZ, and RAMESH HARIHARAN,<br><br>Defendants. | Case No. 1:22-cv-00398-DAE |

## PLAINTIFFS' UNOPPOSED MOTION TO VOLUNTARILY DISMISS SECTION 12(a)(2) CLAIMS

**TABLE OF CONTENTS**

                                                    **Page**

BACKGROUND .................................................................................................................1

ARGUMENT.....................................................................................................................2

I.   Legal Standard ........................................................................................................2

II.  Voluntary Dismissal of the Section 12(a)(2) Claims Is Warranted ...........................................4

III. Voluntary Dismissal of the Section 12(a)(2) Claims Will Not Prejudice Absent Class Members ................................................................................................................4

IV. Voluntary Dismissal of the Section 12(a)(2) Claims Will Not Prejudice Defendants ..............9

V.  Plaintiffs Will Provide Notice of the Dismissal in the Forthcoming Class Notice..................11

VI. Plaintiffs Are Available for a Hearing at the Court's Discretion.............................................13

CONCLUSION...................................................................................................................14

# TABLE OF AUTHORITIES

**Cases**                                                                                                    **Page(s)**

*Am. Pipe & Constr. Co. v. Utah*,
    414 U.S. 538 (1974)........................................................................................................2

*Bechuck v. Home Depot U.S.A., Inc.*,
    814 F.3d 287 (5th Cir. 2016) .........................................................................................9

*Blaize-Sampeur v. McDowell*,
    2007 WL 1958909 (E.D.N.Y. June 29, 2007) ...............................................................3

*Cal. Pub. Emps.' Ret. Sys. v. ANZ Sec., Inc.*,
    582 U.S. 497 (2017)......................................................................................................12

*CO Craft, LLC v. Grubhub, Inc.*,
    2023 WL 8555314 (D. Colo. Dec. 11, 2023).................................................................11

*In re Enron Corp. Sec., Derivative & "ERISA" Litig.*,
    2007 WL 209923 (S.D. Tex. Jan. 24, 2007) .................................................... *passim*

*Ginter v. Whirlpool Corp.*,
    671 F. Supp. 2d 1040 (S.D. Iowa 2009) .......................................................................11

*Jaramillo v. State Farm Mut. Auto. Ins. Co.*,
    2024 WL 3104335 (W.D. Tex. Mar. 22, 2024) ............................................................9

*Joseph v. Am. Modification Agency, Inc.*,
    2012 WL 3542189 (S.D.N.Y. Aug. 16, 2012)...........................................................3, 11

*Larkin Gen. Hosp., Ltd. v. Am. Tel. & Tel. Co.*,
    93 F.R.D. 497 (E.D. Pa. 1982)..................................................................................5, 11

*LaVigne v. First Cmty. Bancshares, Inc.*,
    2021 WL 4477921 (D.N.M. Sep. 30, 2021) .................................................... 2-3

*McGurn v. LeMire*,
    2024 WL 3165989 (N.D. Tex. May 6, 2024) ...............................................................9

*Okla. L. Enf't Ret. Sys. v. Adeptus Health Inc.*,
    2018 WL 4352836 (E.D. Tex. Sept. 12, 2018)............................................................5

*Paulson v. Two Rivers Water & Farming Co.*,
    2021 WL 2660789 (D. Colo. June 29, 2021)................................................................3

**Statutes**

15 U.S.C. § 77k(e) .................................................................................................................6

15 U.S.C. § 77*l*(a)(2)................................................................................................................6

15 U.S.C. § 77m.....................................................................................................................12

**Other Authorities**

Fed. R. Civ. P. 23 ............................................................................................... *passim*

Fed. R. Civ. P. 41 ............................................................................................... *passim*

Class Representatives British Airways Pension Trustees Limited ("BAPTL") and Key West Police and Fire Pension Fund ("Key West," together with BAPTL, "Plaintiffs") move pursuant to Federal Rule of Civil Procedure ("Rule") 41(a)(2) to voluntarily dismiss the Section 12(a)(2) claims against Defendant Natera, Inc. ("Natera" or the "Company") and Defendants Morgan Stanley & Co. LLC, Goldman Sachs & Co., LLC, Cowen and Company, LLC, SVB Leerink LLC, Robert W. Baird & Co., BTIG, LLC, and Craig-Hallum Capital Group LLC ("Underwriter Defendants") without prejudice, subject to provision of class notice under Rule 23(e).[1] Plaintiffs' motion for dismissal is unopposed.

## BACKGROUND

On October 7, 2022, Plaintiffs filed an Amended Complaint alleging: (i) violations of Sections 10(b), 20(a), and 20A of the Exchange Act, and Rule 10b-5 promulgated thereunder, against Natera and the Executive Defendants; (ii) violations of Section 11 of the Securities Act against Natera, the Executive Defendants, and the Director Defendants; (iii) violations of Section 12(a)(2) of the Securities Act against Natera and the Underwriter Defendants; and (iv) violations of Section 15 of the Securities Act against the Executive Defendants and the Director Defendants. Dkt. No. 60. Plaintiffs' Section 12(a)(2) claim is the only cause of action against the Underwriter Defendants and is based on their activities in connection with Natera's July 2021 Secondary Public Offering ("SPO"). *Id.* On December 16, 2022, Defendants moved to dismiss the Amended Complaint. Dkt. Nos. 78, 79. The Court granted in part and denied in part the motion to dismiss on September 11, 2023, in an order sustaining certain claims under each of the causes of action noted above. Dkt. No. 104.

---

[1]    In addition to Natera and the Underwriter Defendants, the other Defendants in this action are Steve Chapman, Michael Brophy, and Matthew Rabinowitz (the "Executive Defendants"), and Roy Baynes, Monica Bertagnolli, Roelof F. Botha, Rowan Chapman, Todd Cozzens, James I. Healy, Gail Marcus, Herm Rosenman, and Jonathan Sheena (the "Director Defendants").

Plaintiffs filed a motion for class certification on June 4, 2024 (Dkt. No. 136), which Defendants opposed (Dkt. No. 154). After a hearing, on January 28, 2025, Magistrate Judge Dustin M. Howell issued a Report and Recommendation ("R&R") that the District Court certify the Class. Dkt. No. 170. The Underwriter Defendants filed objections to the R&R on February 21, 2025, joined by the Natera Defendants, objecting solely to the certification of the Section 12(a)(2) claims. Dkt. Nos. 172, 173. In their objections, the Underwriter Defendants challenged the standing of Key West to bring the Section 12(a)(2) claims, arguing that Key West had not proffered sufficient evidence to establish standing at the class certification stage. Dkt. No. 172 at 5. The District Court overruled the objections and adopted the R&R in full on March 21, 2025. Dkt. No. 178. Thereafter, Natera and the Underwriter Defendants filed a petition for leave to appeal with the Fifth Circuit under Rule 23(f), arguing that appellate review was necessary to correct the District Court's purported error in certifying the Section 12(a)(2) claims "without requiring proof that the proposed lead plaintiffs had standing to pursue that claim." *Schneider v. Natera, Inc.*, No. 2025-90009, Dkt. No. 2, at 1 (5th Cir. Apr. 4, 2025). The Fifth Circuit granted the 23(f) petition on May 15, 2025. Dkt. No. 189.

After careful consideration, on July 22, 2025, Plaintiffs informed Defendants of their intention to voluntarily dismiss the Section 12(a)(2) claims. Plaintiffs conferred telephonically with the Natera Defendants on July 25, the Underwriter Defendants on July 28, and all Defendants on August 11, 2025. During the call on August 11, Defendants confirmed that they would not oppose Plaintiffs' motion for dismissal of the Section 12(a)(2) claims.

## ARGUMENT

### I.     Legal Standard

Under Rule 41(a)(2), "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). "Unless the order states

otherwise, a dismissal under [Rule 41(a)(2)] . . . is without prejudice." *Id.*; *LaVigne v. First Cmty. Bancshares, Inc.*, 2021 WL 4477921, at *1 (D.N.M. Sep. 30, 2021) (same).

Courts in this Circuit have acknowledged the "right of Lead Plaintiff to control its suit, [and] to streamline it for trial." *In re Enron Corp. Sec., Derivative & "ERISA" Litig.*, 2007 WL 209923, at *4 (S.D. Tex. Jan. 24, 2007). To this end, a party may elect under Rule 41 to dismiss only some defendants or certain claims, while keeping others in the case. *Paulson v. Two Rivers Water & Farming Co.*, 2021 WL 2660789, at *5 (D. Colo. June 29, 2021) (granting motion for voluntary dismissal of one defendant); *Blaize-Sampeur v. McDowell*, 2007 WL 1958909, at *3 (E.D.N.Y. June 29, 2007) ("[T]his Court holds that Rule 41 allows a plaintiff to withdraw an action as to fewer than all defendants.").

In the Fifth Circuit, "the general rule is that 'motions for voluntary dismissal should be freely granted unless the non-moving party will suffer some plain legal prejudice other than the mere prospect of a second lawsuit.'" *Enron*, 2007 WL 209923, at *3 (quoting *Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 317 (5th Cir. 2002)). In reviewing a motion for voluntary dismissal of a claim asserted on behalf of a certified class, "the Court should ensure that the interests of the absent class members have been adequately protected and that there is no collusion between the parties that are present to the detriment of the parties that are absent." *Joseph v. Am. Modification Agency, Inc.*, 2012 WL 3542189, at *3 (S.D.N.Y. Aug. 16, 2012).

Dismissal of a claim of a certified class under Rule 41 is subject to Rule 23(e), which provides that "[t]he claims, issues, or defenses of a certified class . . . may be settled, voluntarily dismissed, or compromised only with the court's approval." Fed. R. Civ. P. 23(e). Rule 23(e) further states that "[t]he parties must provide the court with information sufficient to enable it to determine whether to give notice of the proposal to the class." Fed. R. Civ. P. 23(e)(1)(A). If the

3

court determines that notice to the class is necessary, it "must direct notice in a reasonable manner to all class members who would be bound by the proposal if giving notice is justified by the parties' showing that the court will likely be able to . . . approve the proposal under Rule 23(e)(2)." Fed. R. Civ. P. 23(e)(1)(B). Finally, Rule 23(e) provides that "[i]f the proposal would bind class members, the court may approve it only after a hearing and only on finding that it is fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2).

## II.    Voluntary Dismissal of the Section 12(a)(2) Claims Is Warranted

Consistent with their with "right . . . to control [their] suit [and] to streamline it for trial," Plaintiffs seek dismissal of the Section 12(a)(2) claims to allow for the more efficient litigation of the Class's claims and to avoid the distraction and cost of litigating the pending appeal before the Fifth Circuit. *Enron*, 2007 WL 209923, at *4. As discussed below, the Section 12(a)(2) claims do not provide an additional material benefit beyond the Section 11 claims and the Exchange Act claims that Plaintiffs will continue to pursue. Litigation of the pending appeal regarding the Section 12(a)(2) claims will distract from Plaintiffs' prosecution of the remaining claims, and the considerable time and expense required to defend these claims on appeal and beyond will ultimately reduce any recovery obtained on behalf of the Class. Due process for absent class members will be adequately provided through the procedural steps Plaintiffs are prepared to take (as noted herein), in any form the Court may require. Dismissal of the Section 12(a)(2) claims thus aligns fully with the letter and spirit of Rule 41.

## III.    Voluntary Dismissal of the Section 12(a)(2) Claims Will Not Prejudice Absent Class Members

Dismissal of the Section 12(a)(2) claims here will not result in prejudice to absent class members. There is no improper dealing or basis for the instant motion, and the core claims in this action will go forward after the proposed dismissal, such that the dismissal does not run afoul of

4

Rule 23(e)'s aims "to discourage the use of the class action device to secure an unjust private settlement, and to protect the absent class members against prejudice from discontinuance." *Larkin Gen. Hosp., Ltd. v. Am. Tel. & Tel. Co.*, 93 F.R.D. 497, 500 (E.D. Pa. 1982) (quoting 3 H. Newberg, Class Actions §4910, at 402 (1977)); *see also Enron*, 2007 WL 209923, at *3 n.4 (Rule 23(e)'s "notice provision is aimed at protecting the interests of nonparty class members from unfair or collusive settlements and to discourage the assertion of a class action to secure an unjust private settlement for the named plaintiffs who then dismiss the putative class claims."). Here, there is no concern of collusive dealings because there is no settlement. Plaintiffs are dismissing only the Section 12(a)(2) claims and have not agreed to any form of payment in exchange. *Larkin*, 93 F.R.D. at 501-02 ("Because no funds are being paid to any member of the proposed class, absolutely no possibility of any collusive settlement exists."). Meanwhile, all other claims in the case will continue to be litigated.

In light of the claims and parties that will remain in this action following the proposed dismissal of the Section 12(a)(2) claims, and the fact that the dismissal will moot the pending appeal, there is no prejudice to absent class members. *First*, Plaintiffs will continue to pursue the Section 11 claims against Natera and the Director Defendants. Courts in this Circuit have suggested that standing under Section 12(a)(2) is "narrow[er]" than under Section 11. *See, e.g., Okla. L. Enf't Ret. Sys. v. Adeptus Health Inc.*, 2018 WL 4352836, at *5 (E.D. Tex. Sept. 12, 2018) ("[S]ection 12(a)(2) is more narrow than [S]ection 11 in that it is limited to shareholders who acquired securities directly in the initial offering; it is not sufficient to allege that the shares can be 'traced back' to the offering.") (quoting *Congregation of Ezra Sholom v. Blockbuster, Inc.*, 504 F. Supp. 2d 151, 159 (N.D. Tex. 2007)). Under this interpretation, any and all class members whose

Section 12(a)(2) claims are dismissed will still possess live and valuable Section 11 claims following the dismissal.

Moreover, in light of Natera's current stock price, class members stand to recover substantially the same or even greater damages in connection with the Section 11 claims as compared to the Section 12(a)(2) claims—and, double recovery for the two claims is not permissible. Specifically, under Section 12(a)(2), a class member who still holds their Natera common stock from the SPO would be entitled to rescission—i.e., recovery of the amount paid for the stock, plus interest, minus any dividends or other income received, upon tender of their shares, while a class member who has sold their Natera stock would be entitled to recover damages equal to the amount paid for the stock, plus interest, minus the sale price and any income received. *See* 15 U.S.C. § 77*l*(a)(2). Under Section 11, by contrast, a class member who still holds their Natera stock would be entitled to damages equal to the difference between the price they paid for their shares (not to exceed the offering price) and Natera's stock price on the date of suit, and would not be required to tender their shares. *See* 15 U.S.C. § 77k(e). A class member who sold their Natera stock would be entitled to either the same measure of damages as those who still hold, or the difference between the price they paid for their shares (not to exceed the offering price) and their sale price. *See id.*[2]

The recovery afforded under Sections 11 and 12(a)(2) is thus substantially the same for class members who have already sold their Natera shares. For class members who still hold their shares, rescission under Section 12(a)(2) does not make economic sense given that Natera's stock is currently trading significantly higher than the offering price of $113 (as it has for more than 11

---

[2]    Damages for class members who sold their shares after date of suit, but before judgment are capped at the difference between the purchase price and the price on the date of suit. *Id.*

6

months). In addition, these class members stand to recover potentially sizeable damages under Section 11, without tendering their shares. Accordingly, because class members cannot obtain a double recovery under both Sections 11 and 12(a)(2), and many class members stand to recover greater damages under Section 11, the continued litigation of the Section 12(a)(2) claims will not provide an additive benefit to absent class members with respect to damages.

*Second*, Plaintiffs will also continue to pursue the Exchange Act claims against Natera and the Executive Defendants, providing another significant avenue of recovery for the Class. Indeed, counsel for Natera and the Executive Defendants previously acknowledged that the Section 11 and 12(a)(2) claims were "trailing claims" that accounted for a "very small" portion of the overall damages, compared to the Exchange Act claims. February 27, 2024 Scheduling Hearing Tr., Dkt. No. 129 at 41:10-14.

*Third*, while dismissal of the Section 12(a)(2) claims will result in the dismissal of the Underwriter Defendants from this action, this will not deprive class members of a potential source of recovery given that the Underwriter Defendants are indemnified by Natera. Pursuant to the underwriting agreement entered into by Natera and the Underwriter Defendants in connection with the SPO, Natera agreed to indemnify and hold harmless each underwriter against any claims related to alleged misstatements in the registration statement, which would encompass the Section 12(a)(2) claims asserted against the Underwriter Defendants here.[3] Thus, any recovery obtained

---

[3]   *See, e.g.*, Natera, Inc. Underwriting Agreement, at p. 22   (July 21, 2021), https://www.sec.gov/ix?doc=/Archives/edgar/data/0001604821/000110465921094995/tm212279 0d2_8k.htm ("The Company agrees to indemnify and hold harmless each Underwriter . . . against any and all losses, claims, damages and liabilities (including, without limitation, any legal or other expenses reasonably incurred in connection with defending or investigating any such action or claim) caused by any untrue statement or alleged untrue statement of a material fact contained in the Registration Statement or any amendment thereof . . . ."); *see also* The Underwriter Defendants' Answer to the Amended Class Action Complaint for Violations of the Federal Securities Laws, Dkt. No. 112 at 109 ("The Underwriter Defendants are entitled to recover

for the Class under Section 12(a)(2) would ultimately be satisfied by Natera, not the Underwriter Defendants. Dismissal of the Section 12(a)(2) claims and the resulting dismissal of the Underwriter Defendants would therefore allow Plaintiffs to "control [their] suit, to streamline it for trial, and to pursue the 'deepest pockets' without expending further time and money on Defendants from which [they] [do] not expect to be able to collect substantial funds." *Enron*, 2007 WL 209923, at *4.

*Finally*, because the pending appeal before the Fifth Circuit relates only to the Section 12(a)(2) claims, the dismissal of these claims will also inure to the Class's benefit. With briefing now set to commence on September 10, 2025,[4] class counsel expects to devote significant time and resources to this appeal over the next several months (not to mention any subsequent litigation regarding the eventual ruling of the Fifth Circuit). Dismissal of the Section 12(a)(2) claims would moot the appeal, while the continued prosecution of these claims and litigation of the related appeal would not only reduce the proceeds of any recovery eventually obtained for the Class, but would also distract from the prosecution of the bulk of this case. *See, e.g.*, *Enron*, at *4 (allowing voluntary dismissal "to maximize recovery for the class and avoid unnecessary expenses for relatively minimal gain").

Considering the lack of material benefit derived from the Section 12(a)(2) claims, and the costs and risks associated with continuing to pursue these claims, Plaintiffs have determined that dismissal of the claims is in the best interests of the Class. *See id.* at *2 ("[N]o authority has been cited that precludes Lead Plaintiff from making practical and strategical decisions to request

---

contribution from others for any liability they incur as a result of any of the alleged misrepresentations, omissions, and conduct alleged in the Securities Act claims against the Underwriter Defendants.").

[4]    On July 31, 2025, Natera, the Underwriter Defendants, and Plaintiffs jointly requested an extension of the deadline for appellants' opening brief, which was granted on August 1, 2025.

permission from the Court to voluntarily dismiss Defendants that Lead Plaintiff finds uneconomical or inefficient to pursue.").

### IV.  Voluntary Dismissal of the Section 12(a)(2) Claims Will Not Prejudice Defendants

In evaluating a request for dismissal under Rule 41(a)(2), courts also consider prejudice to the other parties in the action. In the Fifth Circuit, the "traditional principle" is that "dismissal should be allowed unless the defendant will suffer some plain legal prejudice other than the mere prospect of a second lawsuit." *Bechuck v. Home Depot U.S.A., Inc.*, 814 F.3d 287, 298 (5th Cir. 2016); *see also McGurn v. LeMire*, 2024 WL 3165989, at *1 (N.D. Tex. May 6, 2024) ("Voluntary dismissals 'should be freely granted unless the non-moving party will suffer some plain legal prejudice.'") (quoting *Elbaor*, 279 F.3d at 317). Courts consider several factors in determining whether a defendant will be prejudiced by a proposed dismissal, including whether "(1) the plaintiff seeks dismissal to avoid an adverse ruling; (2) the plaintiff excessively delayed or lacked diligence in prosecuting the action; (3) the plaintiff inadequately explains the need for a dismissal; or (4) the parties have expended significant resources preparing for trial or moving for summary judgment." *Jaramillo v. State Farm Mut. Auto. Ins. Co.*, 2024 WL 3104335, at *2 (W.D. Tex. Mar. 22, 2024); *see also Enron*, 2007 WL 209923, at *3 ("The primary purpose of Rule 41(a)(2) is to prevent voluntary dismissals which unfairly affect the other side." (internal quotations omitted)). The "[c]ourt has the discretion to deny a voluntary dismissal where the plaintiff does not seek one until a late stage of the litigation and where defendants have spent significant time and effort." *Enron*, 2007 WL 209923, at *3. Although it is Defendants' burden to demonstrate "in a nonconclusory manner how [they] will be prejudiced," the voluntary dismissal of the Section 12(a)(2) claims will not prejudice Defendants. *Jaramillo*, 2024 WL 3104335, at *2.

9

Here, none of the relevant factors suggest that Defendants will be prejudiced by the dismissal. *First*, Plaintiffs have already secured multiple favorable rulings with respect to the Section 12(a)(2) claims at both the motion to dismiss and class certification stages. While dismissal of the Section 12(a)(2) claims would moot the pending appeal, Plaintiffs seek to avoid the cost and distraction of the continued litigation of the appeal, rather than a potential adverse ruling. And, if Natera and the Underwriter Defendants were to ultimately prevail on the appeal, the result would likely be dismissal of the Section 12(a)(2) claims—exactly what Plaintiffs are requesting here. *Second*, there is no dispute that Plaintiffs have diligently prosecuted the action, including the Section 12(a)(2) claims. *Third*, Plaintiffs have adequately explained herein the reasons for the dismissal. *Fourth*, due to the bifurcated discovery schedule, full discovery did not begin until the Court certified the Class, and no motions for summary judgment have been filed. Because Natera will remain a defendant following the dismissal, and the scope of relevant discovery will not be altered by the dismissal given the overlap between the Section 12(a)(2) claims and the remaining Section 11 claims, there is no prejudice resulting from Natera's production of documents and participation in discovery to date.[5] The deadline for summary judgment motions is still many months away.

In addition, as noted above, dismissal of the Section 12(a)(2) claims will result in the dismissal of the Underwriter Defendants from this action, but Plaintiffs' remaining claims against Natera, the Executive Defendants, and the Director Defendants will proceed. Because Defendants do not oppose this motion and have not requested any fees or expenses, there is no evidence of

---

[5]    Plaintiffs have agreed with the Underwriter Defendants to hold in abeyance their obligations to produce additional responsive documents, pending the determination of this Motion.

prejudice to them.[6] *See, e.g.*, *Enron*, 2007 WL 209923, at \*3 (no prejudice to defendant where defendant "joined in the request for the voluntary dismissal and has not requested an award of fees or expenses").

Finally, Plaintiffs do not believe that they will gain a tactical advantage against the remaining Defendants by dismissing the Section 12(a)(2) claims against Natera and the Underwriter Defendants. But any such advantage, if it did exist, would not constitute sufficient prejudice to preclude dismissal. *Enron*, 2007 WL 209923, at \*3 (that plaintiff may gain some strategic or tactical advantage from dismissal is not "a bar to a Rule 41(a)(2) dismissal").

**V.        Plaintiffs Will Provide Notice of the Dismissal in the Forthcoming Class Notice**

Given the lack of prejudice to absent class members discussed above, notice to the Class of the proposed dismissal is likely unnecessary. *See Larkin*, 93 F.R.D. 503 (no notice required where class members were not prejudiced by dismissal). This is especially true where, as here, notice of the Court's class certification order has not yet been provided.[7] *See CO Craft, LLC v. Grubhub, Inc.*, 2023 WL 8555314, at \*2 (D. Colo. Dec. 11, 2023) ("no substantial risk that class members will be relying on the filing of this action" where no class notice had been sent); *Joseph*, 2012 WL 3542189, at \*2 (no notice required where class had been certified but no notice published); *Ginter v. Whirlpool Corp.*, 671 F. Supp. 2d 1040, 1046 (S.D. Iowa 2009) (notice of dismissal unnecessary where no notice to putative class members had been published).[8]

---

[6]    Defendants have represented that they do not oppose this motion but may request that the Court dismiss the Section 12(a)(2) claims with prejudice.

[7]    Plaintiffs determined that it would be premature to issue class notice given the Rule 23(f) petition and the now-pending appeal before the Fifth Circuit.

[8]    The fact that Plaintiffs will continue to prosecute the Section 11 claims, as well as the Exchange Act claims, also militates against the provision of notice since these claims will provide a substantially similar and potentially greater recovery to class members. *See Ginter*, 671 F. Supp. 2d at 1046 (notice not necessary where "virtually identical" state action was pending, "undermining the likelihood of any actual prejudice to absent class members"); *Joseph*, 2012 WL

11

At the same time, Plaintiffs acknowledge that class members would likely be precluded from bringing an individual action to assert the Section 12(a)(2) claims because of the three-year statute of repose. *See* 15 U.S.C. § 77m.[9] Thus, in order to ensure that all class members are apprised of the dismissal of the Section 12(a)(2) claims, Plaintiffs propose to discuss the dismissal and class members' right to object in the forthcoming notice regarding class certification, which Plaintiffs will move to issue in short order. *See Enron*, 2007 WL 209923, at *3 (noting that "Lead Plaintiff has stated on the record that it will send out notice to the class informing all of the dismissals" in granting voluntary dismissal). In connection with their motion for issuance of class notice, Plaintiffs will provide specific language regarding the proposed dismissal of the Section 12(a)(2) claims and class members' right to object to the dismissal, including the manner and timing for submitting any such objections, for the Court's review and consideration.

To comply with Rule 23(e)(1), Plaintiffs respectfully submit that the Court should not finally approve the proposed voluntary dismissal until after the deadline for class members to object has passed. Once class notice has issued, and the deadline for objecting to the dismissal has expired, Plaintiffs will promptly file with the Court a status report informing the Court as to whether any class members have objected.[10]

---

3542189, at *4 (parallel state proceeding that class members could recover from "serve[d] to protect the rights of the class" and weighed against requiring notice).

[9] The three-year repose period prescribed by Section 13 of the Securities Act is not subject to equitable tolling under *Am. Pipe & Constr. Co. v. Utah*, 414 U.S. 538 (1974). *Cal. Pub. Emps.' Ret. Sys. v. ANZ Sec., Inc.*, 582 U.S. 497, 499 (2017).

[10] If any class member objects to the dismissal, Plaintiffs will file any such objection with the Court, together with Plaintiffs' response to such objection and a revised [Proposed] Order. Plaintiffs propose making such submissions within ten (10) days of the expiration of the deadline for class members to object to the proposed dismissal.

## VI.        Plaintiffs Are Available for a Hearing at the Court's Discretion

Under Rule 23(e)(2), if a proposal to voluntarily dismiss a certified class action "would bind class members, the court may approve it only after a hearing and on finding that it is fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2). Here, the dismissal of the Section 12(a)(2) claims will not resolve these claims on the merits and the proposed dismissal is without prejudice. But, as noted above, the dismissal may nevertheless bind class members because they would likely be precluded from bringing individual claims under Section 12(a)(2) by the statute of repose. In light of this consideration, Plaintiffs are available for a hearing on the proposed dismissal if the Court, in its discretion, deems it appropriate.

It is clear, however, that when considered in light of the Rule 23(e)(2) factors, the proposed dismissal is fair, reasonable, and adequate. *First*, Plaintiffs and class counsel have adequately represented the Class, as confirmed by the Court's class certification order. Fed. R. Civ. P. 23(e)(2)(A); *see also* R&R (Dkt. No. 170 at 13) ("Plaintiffs have demonstrated their willingness to serve and have served adequately thus far."); *id.* at n.5 ("Plaintiff's counsel . . . has experience in representing plaintiffs in collective class actions, has knowledge of the applicable law, and has spent considerable time investigating the claims in this lawsuit . . . ."). Plaintiffs and class counsel have diligently pursued the Class's claims since 2022, and have, among other things, defeated a motion to dismiss and a motion for judgment on the pleadings, obtained certification of the Class, and vigorously pursued discovery. *Second*, the proposal to voluntarily dismiss the Section 12(a)(2) claims was negotiated at arm's length by parties who have actively represented their interests throughout this litigation, and Defendants do not oppose the dismissal. Fed. R. Civ. P. 23(e)(2)(B). *Third*, there is no relief provided to the Class pursuant to this dismissal, rendering the third factor inapplicable. Fed. R. Civ. P. 23(e)(2)(C). *Finally*, the proposed voluntary dismissal treats all

13

members of the Class who have a Section 12(a)(2) claim equitably, and does not favor class members with or without a Section 12(a)(2) claim over the others. Fed. R. Civ. P. 23(e)(2)(D).

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court: (i) preliminarily grant Plaintiffs' Motion to Voluntarily Dismiss the Section 12(a)(2) Claims without prejudice; (ii) permit Plaintiffs to provide notice of the proposed voluntary dismissal and class members' right to object to this dismissal in the forthcoming class notice; and (iii) should the Court deem a hearing necessary, schedule such hearing at the Court's convenience after the submission of any class member objections and Plaintiffs' response thereto.

Dated: August 22, 2025

Respectfully submitted,

**NIX PATTERSON, LLP**

*/s/ Jessica Underwood*
Jessica Underwood (State Bar No. 24093291)
8701 Bee Cave Road
Building 1, Suite 500
Austin, TX 78746
Tel: (512) 328-5333
Fax: (512) 328-5335
junderwood@nixlaw.com

*Liaison Class Counsel*

**KESSLER TOPAZ**
**MELTZER & CHECK, LLP**
Gregory M. Castaldo (admitted *pro hac vice*)
Joshua E. D'Ancona (admitted *pro hac vice*)
Evan R. Hoey (admitted *pro hac vice*)
Vanessa M. Milan (admitted *pro hac vice*)
280 King of Prussia Road
Radnor, PA 19087
Tel: (610) 667-7706
Fax: (610) 667-7056
gcastaldo@ktmc.com
jdancona@ktmc.com
ehoey@ktmc.com

14

vmilan@ktmc.com

*Counsel for Lead Plaintiff and Class*
*Representative British Airways Pension*
*Trustees Limited and Class Counsel*

**BERNSTEIN LITOWITZ BERGER &**
**GROSSMANN LLP**
Salvatore J. Graziano (admitted *pro hac vice*)
James A. Harrod (admitted *pro hac vice*)
Matthew S. Goldstein (admitted *pro hac vice*)
1251 Avenue of the Americas, 44th Floor
New York, NY 10020
Tel: (212) 554-1400
Fax: (212) 554-1444
salvatore@blbglaw.com
jim.harrod@blbglaw.com
matthew.goldstein@blbglaw.com

*Counsel for Additional Plaintiff and*
*Class Representative Key West Police & Fire*
*Pension Fund and Class Counsel*

15

## CERTIFICATE OF CONFERENCE

I hereby certify that on August 11, 2025, Counsel for Plaintiffs conferred with Defendants' Counsel who are unopposed to the filing of Plaintiffs' Motion to Voluntarily Dismiss Section 12(a)(2) Claims without prejudice.

Dated: August 22, 2025                                          /s/ Joshua E. D'Ancona
                                                               Joshua E. D'Ancona

## CERTIFICATE OF SERVICE

I hereby certify that on August 22, 2025, I caused a true and correct copy of the foregoing Plaintiffs' Motion to Voluntarily Dismiss the Section 12(a)(2) Claims to be filed electronically with the Clerk of the Court using the ECF system. Notice of this filing will be sent to counsel of record by operation of the Court's electronic filing system.


Dated: August 22, 2025                                    */s/ Jessica Underwood*
                                                         Jessica Underwood

17