**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | |
|---|---|
| JOHN HARVEY SCHNEIDER, Individually and on Behalf of All Others Similarly Situated, *et al.* <br><br>    *Plaintiff*, <br><br> v. <br><br> NATERA INC., *et al.*, <br><br>    *Defendants*. | Case No. 1:22-cv-00398-DAE |

**UNDERWRITER DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION**
**TO VOLUNTARILY DISMISS THEIR SECTION 12(a)(2) CLAIM**

**O'MELVENY & MYERS LLP**

2501 North Harwood Street, Suite 1700
Dallas, TX 75201
Tel: (972) 360-190

1301 Avenue of the Americas, Suite 1700
New York, NY
10019
Tel: (212) 326-2000

*Counsel for Defendants Morgan Stanley & Co. LLC, Goldman Sachs & Co. LLC, Cowen and Company, LLC, SVB Leerink LLC, Robert W. Baird & Co., BTIG, LLC, and Craig-Hallum Capital Group LLC*

**TABLE OF CONTENTS**

**Page**

I.   INTRODUCTION .................................................................................................... 1

II.  ARGUMENT............................................................................................................ 2

III. CONCLUSION......................................................................................................... 5

**TABLE OF AUTHORITIES**

**Page**

**Cases**

*Chandler v. Indem. Ins. Co. of N. Am.*, 2023 WL 6065869 (E.D. Tex. Aug. 10, 2023)................. 5

*Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314 (5th Cir. 2002) ...................................................... 4

*Hyde v. Hoffmann-La Roche, Inc.*, 511 F.3d 506 (5th Cir. 2007)................................................... 6

*Phillips v. Illinois Cent. Gulf R.R.*, 874 F.2d 984 (5th Cir. 1989) .................................................. 6

*Schwarz v. Folloder*, 767 F.2d 125 (5th Cir. 1985) ........................................................................ 5

*Shanks v. City of Dallas*, 752 F.2d 1092 (5th Cir. 1985)................................................................ 6

*Southeastern Pa. Transp. Auth. v. Orrstown Fin. Servs. Inc.*, 12 F.4th 337 (3d Cir. 2021)........... 5

*Williams v. Seidenbach*, 958 F.3d 341 (5th Cir. 2020)................................................................... 5

**Other Authorities**

Judicial Workload Statistics: Clerk's Annual Report July 2023 – June 2024, Fifth Circuit Court of Appeals ................................................................................................................................. 6

Lammon, B., *An Emprical Study of Class-Action Appeals*, 22 J. OF APPELLATE PRACTICE AND PROCESS 283 (2022) ............................................................................................................... 6

Defendants Morgan Stanley & Co. LLC, Goldman Sachs & Co. LLC, Cowen and Company, LLC, SVB Leerink LLC, Robert W. Baird & Co., BTIG, LLC, and Craig-Hallum Capital Group, LLC (together, the "Underwriters") respectfully submit this response to Plaintiffs' motion to voluntarily dismiss their Securities Act Section 12(a)(2) claim without prejudice under Federal Rule of Civil Procedure 41(a)(2) (ECF No. 206, "Motion"), and request that the Court instead dismiss that claim with prejudice.

## I.    INTRODUCTION

The Underwriters have long maintained that Plaintiffs lack standing to bring their Section 12(a)(2) claim—the only claim against the Underwriters—and agree with Plaintiffs that the Court should dismiss that claim.  What the parties disagree about is whether the dismissal should be with prejudice.  In making this determination, the Court must evaluate whether the terms of dismissal would harm either the class or Defendants.  Because a with-prejudice dismissal would not harm the class, and a without-prejudice dismissal would entail potential harm to the Underwriters (and other Defendants), the Court should dismiss the Section 12(a)(2) claim with prejudice.

The parties agree that the class would not be affected by dismissal of the Section 12(a)(2) claim.  Indeed, each of the justifications Plaintiffs offer in support of a without-prejudice dismissal apply equally to a with-prejudice dismissal.  Plaintiffs acknowledge that the Section 12(a)(2) claim does "not provide an additional material benefit" to the class because "any and all class members whose Section 12(a)(2) claims are dismissed will still possess live and valuable Section 11 claims following the dismissal."  (Motion at 4–6.)  Plaintiffs also point out that "class members stand to recover substantially the same or even greater damages in connection with the Section 11 claims as compared to the Section 12(a)(2) claims—and, double recovery for the two claims is not permissible."  (*Id.* at 6.)  And Plaintiffs further acknowledge that dismissing the Underwriters from the case "will not deprive class members of a potential source of recovery given that the

Underwriter[s] are indemnified by Natera." (*Id.* at 7.)  Finally, class members will be given an opportunity to file any objections to a with-prejudice dismissal, which the Court could resolve now. (*Id.* at 12.)  On all these points, the Underwriters and Plaintiffs agree, and Plaintiffs have not identified any reason why the class would be harmed if the Section 12(a)(2) claim were dismissed with prejudice and could no longer be asserted.

On the other hand, Plaintiffs' proposed without-prejudice dismissal would harm the Underwriters in mooting their Fifth Circuit Rule 23(f) appeal, a discretionary grant of review in which the Fifth Circuit has found class certification improper more often than not.  Dismissal under any circumstance requires the Underwriters to relinquish their opportunity to obtain a decision from the Fifth Circuit that could decertify the Section 12(a)(2) class, leading to dismissal of the Section 12(a)(2) claim, and no "without prejudice" proviso.  Plaintiffs should not be allowed to avoid the prospect of an unfavorable appellate decision through a without-prejudice dismissal when doing so would permit Plaintiffs to reinstate the claim at any time in the future while this litigation is pending.  Nor should class members given notice of the dismissal be allowed to remain silent until some future time when they might opportunistically believe the circumstances warrant reinstating the Section 12(a)(2) claim (and the dismissed Underwriters), effectively extending their objection period indefinitely through a without-prejudice dismissal.

The Court should therefore dismiss the Section 12(a)(2) claim with prejudice.

## II.     ARGUMENT

In ruling on a Rule 41 motion to voluntarily dismiss a claim, courts are required to dismiss the claim "on terms that the court considers proper."  Fed. R. Civ. P. 41(a)(2).  That includes granting dismissal with prejudice even if the moving party requests a without-prejudice dismissal. *See Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 320 (5th Cir. 2002) (determining that district court, like "every Circuit addressing" same issue, could convert plaintiffs' motion to dismiss

without prejudice to one with prejudice). In making this decision for a claim asserted on behalf of a certified class, courts weigh two main factors—prejudice to class members and prejudice to the defendants. *See Schwarz v. Folloder*, 767 F.2d 125, 129 (5th Cir. 1985) (noting "the principal consideration is whether the dismissal would prejudice the defendant"); *Chandler v. Indem. Ins. Co. of N. Am.*, 2023 WL 6065869, at *2 (E.D. Tex. Aug. 10, 2023) ("To determine whether a motion for voluntary dismissal under Rule 41(a)(2) should be granted, the court first determines whether dismissal will cause the non-moving party to suffer plain legal prejudice." (citation and internal quotations omitted)).

Plaintiffs acknowledge that their Securities Act Section 11 claim, which allows recovery for a more inclusive set of class members than the Section 12(a)(2) claim they are jettisoning, is likely to negate any recovery under Section 12(a)(2). (Motion at 6.) There is thus no "additive benefit" to "continued litigation of the Section 12(a)(2) claim[]." (*Id.* at 7.) The only conceivable benefit to Plaintiffs from a without-prejudice dismissal would be their potential ability to reinstate the claim before entry of final judgment. But given Plaintiffs' indication in the Motion that they wish to "streamline [their suit] for trial" to allow for "more efficient litigation of the Class's claims"—and thus have no plan to reinstate the Section 12(a)(2) claim—there simply is no reason for the dismissal to be without prejudice. (*Id.* at 4.)

By contrast, a without-prejudice dismissal would harm the Underwriters because it could leave Plaintiffs with the potential ability to reassert the claim and drag the Underwriters back into this litigation somewhere down the line, so long as the underlying case remains pending. *See Williams v. Seidenbach*, 958 F.3d 341, 347 (5th Cir. 2020) ("A dismissed claim remains a part of the case, absent amendment of the complaint under Rule 15"); *Southeastern Pa. Transp. Auth. v. Orrstown Fin. Servs. Inc.*, 12 F.4th 337, 349 (3d Cir. 2021) (holding reinstatement of claim previously voluntarily dismissed without prejudice against underwriters who were removed entirely

3

from action permitted because "under Rule 54(b), reinstatement of dismissed claims cannot constitute the filing of a new action until a court has decided all claims against all parties to the initial action"). That would leave the Underwriters in the worst-of-all-worlds position—because dismissal of the Section 12(a)(2) claim would moot the pending appeal, the Underwriters would be back in the case, but deprived of the potential for a Fifth Circuit decision decertifying the Section 12(a)(2) claim and dismissing the claim for lack of standing. *See Shanks v. City of Dallas*, 752 F.2d 1092, 1095 (5th Cir. 1985) (finding "district court's order denying class certification had the practical effect of denying [claim] on its merits[, i.e., with prejudice,] because the basis for the denial was [plaintiffs'] lack of standing to obtain . . . relief [for that claim] whatsoever, either for themselves or for the class").

This is exactly the circumstance that warrants this Court determining that the proposed Rule 41 motion for voluntary dismissal should be with prejudice. *See Phillips v. Illinois Cent. Gulf R.R.*, 874 F.2d 984, 987 (5th Cir. 1989) (finding prejudice in dismissing claim without prejudice where the "second lawsuit [asserting the same claim] would differ in that the defendant would be stripped of an absolute defense to the suit" and affirming dismissal with prejudice); *see also Hyde v. Hoffmann-La Roche, Inc.*, 511 F.3d 506, 513 (5th Cir. 2007) (rejecting dismissal without prejudice where it would strip defendants of state-specific statute of repose and allow plaintiffs to reassert their claims against defendants in states where no such statute of repose applied). The Underwriters have litigated the Section 12(a)(2) claim—the sole claim against them in this case—for more than three years, engaged in extensive discovery, and stand a reasonable prospect of obtaining a favorable ruling from the Fifth Circuit disposing of Plaintiffs' Section 12(a)(2) claim for lack of standing.[1] Plaintiffs should not be allowed to avoid that potential adverse ruling—and force the

---

[1] In 2024, the Fifth Circuit heard only seven Rule 23(f) interlocutory appeals. *See* Judicial Workload Statistics: Clerk's Annual Report July 2023 – June 2024, Fifth Circuit Court of Appeals, https://www.ca5.uscourts.gov/docs/default-source/default-document-library/clerk's-annual-report-july-2023-to-june-2024.pdf at 32. And while the Fifth Circuit reversal rate overall is 8.2% (*id.* at 17), it finds class certification improper in 55% of Rule 23(f) appeals. *See* Lammon, B., *An Emprical Study of Class-Action Appeals*, 22 J. OF APPELLATE PRACTICE AND PROCESS 283, 327 (2022).

4

Underwriters to continue to monitor and be exposed to this litigation—when dismissal with prejudice would not harm class members.

## III.   CONCLUSION

For these reasons, the Underwriters respectfully request that the Court dismiss the Section 12(a)(2) claim with prejudice.

Dated: August 29, 2025

**O'MELVENY & MYERS LLP**

/s/ *Danny S. Ashby*
Danny S. Ashby
Texas State Bar No. 01370960
2501 North Harwood Street, Suite 1700
Dallas, TX 75201
Tel: (972) 360-1900
dashby@omm.com

Jonathan Rosenberg (admitted *pro hac vice*)
1301 Avenue of the Americas, Suite 1700
New York, NY 10019
Tel: (212) 326-2000
Fax: (212) 326-2061
jrosenberg@omm.com

*Counsel for Defendants Morgan Stanley & Co. LLC, Goldman Sachs & Co. LLC, Cowen and Company, LLC, SVB Leerink LLC, Robert W. Baird & Co., BTIG, LLC, and Craig-Hallum Capital Group LLC*

5

## **<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that a copy of the foregoing document was filed with the Court's electronic case filing (ECF) system on August 29, 2025, which caused an electronic copy of that document to be served on all counsel of record who have appeared in this matter.

*/s/ Danny S. Ashby*

DANNY S. ASHBY
