**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| JOHN HARVEY SCHNEIDER, Individually and on Behalf of All Others Similarly Situated, | § § § § | Case No. 1:22-cv-00398-DAE |
| Plaintiff, | § § § | |
| v. | § § | |
| NATERA, INC., STEVE CHAPMAN, MICHAEL BROPHY, MATTHEW RABINOWITZ, and RAMESH HARIHARAN, | § § § § § § | |
| Defendants. | § § § | |

**RESPONSE TO**
**SECTION 12(A)(2) CLAIM DISMISSAL**

The Natera Defendants join the Underwriter Defendants' Response to Plaintiffs' Motion to Voluntarily Dismiss Section 12(a)(2) Claims (the "Underwriters' Motion"). As further discussed in the Underwriters' Motion, the Natera Defendants do not oppose dismissal but share the Underwriters' view that a dismissal without prejudice would harm defendants while imposing no burden on the Class. *See* Fed. R. Civ. P. 41(a)(2).

Defendants would suffer clear prejudice if Plaintiffs were allowed to drop, and then later potentially revive, the Section 12(a)(2) claims. Plaintiffs notified Defendants that they intended to dismiss the Section 12(a)(2) claims on July 22, 2025, *three years* after bringing suit and *after* the parties, and this Court, expended significant energy briefing the validity of the 12(a)(2) claim and certification of the claim (including briefing a petition to the Fifth Circuit that was aimed *solely* at the Section 12(a)(2) claim). *See Blacks in Tech. Int'l v. Greenlee*, No. 3:20-CV-3008-X, 2025 WL 775821, at *3 (N.D. Tex. Mar. 11, 2025) (granting dismissal with prejudice to cure defendants' harm from "wasted work" done over the prior two years of litigation).

The only rationale Plaintiffs offer for dismissing, now, is their assertion that damages are essentially duplicative of the still pending Section 11 claim – a fact that has been true since Plaintiffs brought this case on March 10, 2022.    Realistically, the only circumstance that has changed recently in this case is the Fifth Circuit's May 15, 2025, decision to allow Defendants to appeal certification of the Section 12(a)(2) claim – a move that often signals that the decision being appealed will be overruled.    *See* Underwriters' Brief at 4.    This is a prototypical basis for a dismissal with prejudice.  *See Harris v. Devon Energy Prod. Co.*, 500 F. App'x 267, 269 (5th Cir. 2012) (per curiam) (district court should have dismissed the case with prejudice where, *inter alia*, the dismissal appeared aimed at avoiding an adverse ruling).

Plaintiffs, on the other hand, all but admit that the absent class members would not be harmed by a dismissal with prejudice.  *See* Mot. at 5-7 (concluding "there is no prejudice to absent class members" from dismissal without prejudice then detailing reasons that apply equally to a dismissal with prejudice).[1] In their Motion, Plaintiffs adopt Defendants' characterization of *both* the Section 11 and 12(a)(2) claims as "trailing claims", behind the Exchange Act claims that form the bulk of the Complaint. Plaintiffs also argue that the Section 12(a)(2) claims will confer no additional financial benefit to the class because: (1) they are "narrow[er]" than the Section 11 claims (which Plaintiffs are not dismissing); and (2) any damages under Section 12(a)(2) would essentially be mooted by recovery on the Section 11 claims "because class members cannot obtain a double recovery under both Sections 11 and 12(a)(2)." Mot. at 6.  As Plaintiffs explain, "given that Natera's stock is currently trading significantly higher than the offering price of $113 (as it has been for more than 11 months)", the remedy afforded by Section 12(a)(2) (recission) "does

---

[1] Plaintiffs acknowledge, in footnote 6 of their brief, that Defendants "have represented that they . . . may request that the Court dismiss the Section 12(a)(2) claims with prejudice."

not make economic sense" for class members who still hold stock and does not confer any greater benefit than the measure of damages under Section 11 for class members who have already sold stock.   Mot. at 6.   While these arguments all make a compelling argument *for* dismissal, none of them explains why that dismissal should be without prejudice.

Dated: September 3, 2025,

**KATTEN MUCHIN ROSENMAN LLP**

*/s/ Christina L. Costley*
Bruce G. Vanyo (admitted *pro hac vice*)
Christina L. Costley (admitted *pro hac vice*)
Paul S. Yong (admitted *pro hac vice*)
2121 Avenue of the Stars, Suite 1100
Los Angeles, CA 90067
Tel: (310) 788-4400
Fax: (310) 788-4471
bruce@katten.com
christina.costley@katten.com
paul.yong@katten.com

Eric R. Hail
State Bar No. 24047579
Ted A. Huffman
State Bar No. 24089015
2121 N. Pearl Street, Suite 1100
Dallas, TX 75201
Tel: (214) 765-3600
Fax: (214) 765-3602
eric.hail@katten.com
ted.huffman@katten.com

*Counsel for Defendants Natera, Inc., Steve Chapman, Michael Brophy, Matthew Rabinowitz, Roy Baynes, Monica Bertagnolli, Roelof F. Botha, Rowan Chapman, Todd Cozzens, James I. Healy, Gail Marcus, Herm Rosenman, and Jonathan Sheena*

## <u>CERTIFICATE OF SERVICE</u>

I, Christina L. Costley, hereby certify that a copy of the foregoing document was filed with the Court's electronic case filing (ECF) system on September 3, 2025, which caused an electronic copy of that document to be served on all counsel of record who have appeared in this matter.

*/s/ Christina L. Costley*
Christina L. Costley
