# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| JOHN HARVEY SCHNEIDER, Individually and on Behalf of All Others Similarly Situated,<br><br>        Plaintiff,<br><br>    v.<br><br>NATERA, INC., STEVE CHAPMAN, MICHAEL BROPHY, MATTHEW RABINOWITZ, and RAMESH HARIHARAN,<br><br>        Defendants. | Case No. 1:22-cv-00398-DAE |

## REPLY IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION TO VOLUNTARILY DISMISS SECTION 12(a)(2) CLAIMS

Class Representatives British Airways Pension Trustees Limited ("BAPTL") and Key West Police and Fire Pension Fund ("Key West," together with BAPTL, "Plaintiffs") respectfully submit this reply in further support of their Unopposed Motion to Voluntarily Dismiss Section 12(a)(2) Claims, Dkt. No. 206 ("Motion"), filed on August 22, 2025, which seeks dismissal without prejudice of the Section 12(a)(2) claims against Defendant Natera, Inc. ("Natera" or the "Company") and Defendants Morgan Stanley & Co. LLC, Goldman Sachs & Co., LLC, Cowen and Company, LLC, SVB Leerink LLC, Robert W. Baird & Co., BTIG, LLC, and Craig-Hallum Capital Group LLC ("Underwriter Defendants"), subject to provision of class notice under Federal Rule of Civil Procedure ("Rule") 23(e).

## **INTRODUCTION**

The parties all agree that the Section 12(a)(2) claims against Natera and the Underwriter Defendants should be dismissed. The only dispute is whether the claims should be dismissed with or without prejudice—while Plaintiffs moved for dismissal without prejudice, the Underwriter Defendants and Natera have requested a with-prejudice dismissal. *See* Underwriter Defendants' Response to Plaintiffs' Motion to Voluntarily Dismiss Their Section 12(a)(2) Claim, Dkt. No. 208 ("UW Response"); Response to Section 12(a)(2) Dismissal, Dkt. No. 209 ("Natera Response"). In arguing for a with-prejudice dismissal, Defendants contend primarily that they would suffer potential harm from a without-prejudice dismissal because their pending appeal before the Fifth Circuit would be mooted but Plaintiffs could reinstate the Section 12(a)(2) claims later. *See* UW Response at 2; Natera Response at 1. As discussed below, however, Plaintiffs have no intention to reassert these claims and therefore this speculative harm is insufficient to justify a dismissal with prejudice. Defendants' remaining arguments similarly fail to establish the necessary "plain legal prejudice" to warrant a with-prejudice dismissal.

## ARGUMENT

A voluntary dismissal under Rule 41(a)(2) is presumptively without prejudice, unless the dismissal order states otherwise. Fed. R. Civ. P. 41(a)(2). When "faced with a Rule 41(a)(2) motion[,] the district court should first ask whether an unconditional dismissal will cause the non-movant to suffer plain legal prejudice. If not, it should generally, absent some evidence of abuse by the movant, grant the motion." *Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 317 (5th Cir. 2002). If, however, "the district court concludes that granting the motion unconditionally will cause plain legal prejudice, . . . it can craft conditions that will cure the prejudice[,]" including by ordering that the dismissal be entered with prejudice. *Id.* The burden is on the non-moving party to demonstrate that it will suffer legal prejudice from a dismissal without prejudice. *See, e.g.*, *Sezgin v. James River Ins. Co.*, 2019 WL 13199714, at *2 (W.D. Tex. Oct. 7, 2019) ("When opposing . . . dismissal of an action without prejudice, the defendant has the burden to demonstrate in a nonconclusory manner how it will be prejudiced.").[1]

Here, Defendants contend that the Section 12(a)(2) claims should be dismissed with prejudice because a without-prejudice dismissal would moot their appeal before the Fifth Circuit, while allowing Plaintiffs to revive the claims later. UW Response at 3-5. But Plaintiffs are not going to reassert these claims at any stage in this litigation if their Motion is granted. As Defendants themselves acknowledge, Plaintiffs have already represented to the Court that they are seeking dismissal of the Section 12(a)(2) claims to streamline the case for trial, among other things, and

---

[1]   While Defendants appear to suggest that the purported benefits Plaintiffs will garner through dismissal of the claims and the "burden to the Class" are relevant to whether the dismissal should be entered with prejudice (UW Response at 3, Natera Response at 1), the only relevant consideration is the potential legal prejudice to the non-movants—i.e., Defendants. *See, e.g.*, *Elbaor*, 279 F.3d at 317; *see also* UW Response at 3 (quoting *Chandler v. Indemnity Ins. Co. of N. Am.*, 2023 WL 6065869, at *2 (E.D. Tex. Aug. 10, 2023) ("To determine whether a motion for voluntary dismissal under Rule 41(a)(2) should be granted, the court first determines whether dismissal will cause the non-moving party to suffer plain legal prejudice.").

have no intention of litigating the claims any further. *See* Motion at 4, 8; UW Response at 3. Moreover, in the theoretical scenario Defendants imagine, Plaintiffs would face essentially insurmountable obstacles in establishing before this Court that they should be permitted to amend the complaint to add these claims back in, after securing their dismissal and mooting the pending appeal. *See, e.g.*, *N. Cypress Med. Ctr. Operating Co., Ltd. v. Aetna Life Ins. Co.*, 898 F.3d 461, 477 (5th Cir. 2018) ("Leave to amend may be denied for 'undue delay, bad faith . . . on the part of the movant, . . . [or] undue prejudice to the opposing party . . . .'"); *see also LeCompte v. Mr. Chip, Inc.*, 528 F.2d 601, 603 (5th Cir. 1976) ("The effect of [a voluntary dismissal without prejudice] is to put the plaintiff in a legal position as if he had never brought the first suit.").[2] Because Plaintiffs will not reassert the Section 12(a)(2) claims at any point in this Action, Defendants' contention that Plaintiffs' hypothetical ability to revive the claims warrants a with-prejudice dismissal falls short.

In any event, the mere possibility that Defendants would have to litigate the Section 12(a)(2) claims in the future, however improbable, is not sufficient legal prejudice to warrant a with-prejudice dismissal. *See, e.g.*, *Elbaor*, 279 F.3d at 317 ("motions for voluntary dismissal should be freely granted unless the non-moving party will suffer some plain legal prejudice ***other than the mere prospect of a second lawsuit***") (emphasis added). The fact that the Underwriter Defendants' appeal with respect to Plaintiffs' standing to bring the Section 12(a)(2) claims will be mooted does not compel a different conclusion. Indeed, "even if the [Fifth Circuit] ultimately ruled against Plaintiff on that [standing] issue, it would result in dismissal without prejudice—which is the exact same result that would obtain if the Court unconditionally dismisses this case under Rule

---

[2]    *SEPTA v. Orrstown Fin. Servs. Inc.*, is inapposite. 12 F.4th 337, 343 (3d Cir. 2021) (cited at UW Response at 3-4). There, the Securities Act claims that were reasserted in the amended complaint had not been voluntarily dismissed and were instead dismissed when the district court granted the defendants' motion to dismiss. *Id.*

41(a)(2) right now." *Apac v. Garcia*, 2024 WL 3984039, at *5 (W.D. Tex. Aug. 23, 2024); *see also Denning v. Bond Pharm., Inc.*, 50 F.4th 445, 452 (5th Cir. 2022) ("Ordinarily, when a complaint is dismissed for . . . lack of standing, it should be ***without*** prejudice.") (emphasis added). Thus, "[p]retermitting a ruling on the . . . standing issue by dismissing . . . under Rule 41(a)(2) thus wouldn't prejudice Defendant in any significant way," and does not warrant a with-prejudice dismissal. *Apac*, 2024 WL 3984039, at * 5.[3]

The Underwriter Defendants also suggest that a with-prejudice dismissal is justified because otherwise class members would be allowed "to remain silent until some future time when they might opportunistically believe the circumstances warrant reinstating the Section 12(a)(2) claim." UW Response at 2. But, as Plaintiffs explained in their Motion, class members' Section 12(a)(2) claims are likely time-barred by the three-year statute of repose, eliminating the threat of future litigation by class members and rendering dismissal with prejudice unnecessary. *See* Motion at 12. Defendants do not dispute this.

Natera's other arguments for a with-prejudice dismissal also fall short. *First*, Natera suggests that the Section 12(a)(2) claims should be dismissed with prejudice because Plaintiffs filed their Motion "*three years* after bringing suit and *after* the parties, and this Court, expended significant energy briefing the validity of the 12(a)(2) claim and certification of the claim." Natera Response at 1 (emphasis in original). But Plaintiffs have not moved for dismissal at a "late stage" in the case such that Defendants will suffer legal prejudice—discovery only recently began in earnest and summary judgment motions have not been filed, let alone decided. *See, e.g.*, *Sezgin*,

---

[3]   In addition, in the counterfactual scenario where Plaintiffs seek to revive the Section 12(a)(2) claims at a future date, Defendants would not be stripped of any defense and could assert the same standing challenges that they asserted at class certification, further confirming that a without-prejudice dismissal is appropriate. *See, e.g.*, *id.* at *5 (noting, "[n]or is the Court aware of any meritorious defense that Defendant would lose if Plaintiff ultimately refiles this suit" and granting voluntary dismissal motion without prejudice).

2019 WL 13199714, at *2 ("Generally, late stages of a case exist only after several hearings have been conducted, significant discovery has occurred, and a defendant has been granted summary judgment.") (citing *John M. Crawley, LLC v. Trans-Net, Inc.*, 394 F. App'x 76, 79 (5th Cir. 2010)); *see also* Motion at 10.[4]

*Second*, Natera's claim that the Section 12(a)(2) claims should be dismissed with prejudice because the Fifth Circuit is likely to rule in their favor is purely speculative and ignores the fact that Plaintiffs have already secured three favorable rulings—one at the motion to dismiss stage and two at class certification—with respect to these claims. *See* Motion at 10. This argument also disregards the fact that Plaintiffs are seeking the same result that Defendants would obtain if they were to prevail on the appeal—dismissal of the Section 12(a)(2) claims without prejudice. *See supra* p. 3. And Plaintiffs are not, as Natera suggests, trying to avoid an adverse ruling—they are trying to avoid expending resources on an appeal that will provide no additive benefit for the Class, even if the Fifth Circuit affirms this Court's ruling, and to streamline the issues for discovery and trial. *See* Motion at 4, 8, 10.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court: (i) preliminarily grant Plaintiffs' Motion to Voluntarily Dismiss Section 12(a)(2) Claims without prejudice; (ii) permit Plaintiffs to provide notice of the proposed voluntary dismissal and class members' right to object to this dismissal in the forthcoming class notice; and (iii) should the Court deem a hearing

---

[4]    In *Blacks in Tech. Int'l v. Greenlee*, the dismissed claims would "proceed before the Trademark Board," prompting the court to find that "restarting this entire litigation after four-and-a-half years of work (and nearly two-and-a-half on these claims specifically) would constitute 'plain legal prejudice' to [the non-moving party]." 2025 WL 775821, at *3 (N.D. Tex. Mar. 11, 2025) (cited at Natera Response at 1). Here, by contrast, the litigation of the Section 12(a)(2) claims will not be restarted at any point.

necessary, schedule such hearing at the Court's convenience after the submission of any class member objections and Plaintiffs' response thereto.

Dated: September 5, 2025

Respectfully submitted,

**NIX PATTERSON, LLP**

*/s/ Jessica Underwood*
Jessica Underwood (State Bar No. 24093291)
8701 Bee Cave Road
Building 1, Suite 500
Austin, TX 78746
Tel: (512) 328-5333
Fax: (512) 328-5335
junderwood@nixlaw.com

*Liaison Class Counsel*

**KESSLER TOPAZ**
**MELTZER & CHECK, LLP**
Gregory M. Castaldo (admitted *pro hac vice*)
Joshua E. D'Ancona (admitted *pro hac vice*)
Evan R. Hoey (admitted *pro hac vice*)
Vanessa M. Milan (admitted *pro hac vice*)
280 King of Prussia Road
Radnor, PA 19087
Tel: (610) 667-7706
Fax: (610) 667-7056
gcastaldo@ktmc.com
jdancona@ktmc.com
ehoey@ktmc.com
vmilan@ktmc.com

*Counsel for Lead Plaintiff and Class*
*Representative British Airways Pension Trustees*
*Limited and Class Counsel*

**BERNSTEIN LITOWITZ BERGER &**
**GROSSMANN LLP**
Salvatore J. Graziano (admitted *pro hac vice*)
James A. Harrod (admitted *pro hac vice*)
Matthew S. Goldstein (admitted *pro hac vice*)
1251 Avenue of the Americas, 44th Floor
New York, NY 10020

6

Tel: (212) 554-1400
Fax: (212) 554-1444
salvatore@blbglaw.com
jim.harrod@blbglaw.com
matthew.goldstein@blbglaw.com

*Counsel for Additional Plaintiff and Class Representative Key West Police & Fire Pension Fund and Class Counsel*

7

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 5, 2025, I caused a true and correct copy of the foregoing to be filed electronically with the Clerk of the Court using the ECF system. Notice of this filing will be sent to counsel of record by operation of the Court's electronic filing system.

Dated: September 5, 2025

*/s/ Jessica Underwood*
Jessica Underwood

8