**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

|  |  |
|---|---|
| JOHN HARVEY SCHNEIDER, Individually and on Behalf of All Others Similarly Situated, *et al.*,<br><br>  *Plaintiffs*,<br><br>v.<br><br>NATERA INC., *et al.*,<br><br>  *Defendants*. | Case No. 1:22-cv-00398-DAE |

**UNDERWRITER DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION TO
<u>APPROVE THE FORM AND MANNER OF CLASS NOTICE</u>**

Defendants Morgan Stanley & Co. LLC, Goldman Sachs & Co. LLC, Cowen and Company, LLC, SVB Leerink LLC, Robert W. Baird & Co., BTIG, LLC, and Craig-Hallum Capital Group, LLC (together, the "Underwriters") respectfully submit this response to Plaintiffs' motion to approve the form and manner of class notice (ECF No. 210, "Notice Motion").

## ARGUMENT

On August 22, 2025, Plaintiffs filed a motion to voluntarily dismiss their Section 12(a)(2) Securities Act claim against the Underwriters and the Natera Defendants.  (ECF No. 206, the "Dismissal Motion").  The Underwriters filed a response to the Dismissal Motion on August 29, 2025, explaining that, while they do not object to dismissal of the Section 12(a)(2) claim, the dismissal should be with prejudice rather than without prejudice.  (ECF No. 208).  Natera filed a response joining the Underwriters' response on September 3, 2025.  (ECF No. 209).  The Court has not yet ruled on this motion.

Plaintiffs acknowledge that the content of their proposed Notices to the class must conform to the Court's preliminary determination as to whether the Dismissal Motion should be granted with prejudice or without prejudice.  (Notice Motion at 2).  Should the Court intend to dismiss the Section 12(a)(2) claim with prejudice (after notice is issued and the objection period expires), the content of the proposed Notices must accurately reflect that decision.

Because the parties agree the proposed Notices should accurately reflect the Court's preliminary determination on the Dismissal Motion, the Court should delay approval (and Plaintiffs' dissemination) of the proposed Notices to the class until the Court has made that determination. Beyond conforming the proposed Notices to the Court's preliminary determination dismissing the Section 12(a)(2) claim, the Underwriters otherwise do not object to Plaintiffs' motion to approve the form and manner of class notice.

## CONCLUSION

The Underwriters respectfully request that the Court delay approving Plaintiffs' proposed Notices to the class pending decision of the Dismissal Motion to ensure that the proposed Notices conform to the Court's preliminary determination as to whether the Section 12(a)(2) claim should be dismissed with or without prejudice.

Dated: September 17, 2025

**O'MELVENY & MYERS LLP**

/s/ *Danny S. Ashby*
Danny S. Ashby
Texas State Bar No. 01370960
2501 North Harwood Street, Suite 1700
Dallas, TX 75201
Tel: (972) 360-1900
dashby@omm.com

Jonathan Rosenberg (admitted *pro hac vice*)
1301 Avenue of the Americas, Suite 1700
New York, NY 10019
Tel: (212) 326-2000
Fax: (212) 326-2061
jrosenberg@omm.com

*Counsel for Defendants Morgan Stanley &
Co. LLC, Goldman Sachs & Co. LLC, Cowen
and Company, LLC, SVB Leerink LLC,
Robert W. Baird & Co., BTIG, LLC, and
Craig-Hallum Capital Group LLC*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was filed with the Court's electronic case filing (ECF) system on September 17, 2025, which caused an electronic copy of that document to be served on all counsel of record who have appeared in this matter.

/s/ Danny S. Ashby

DANNY S. ASHBY