**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**

| | |
|---|---|
| JOHN HARVEY SCHNEIDER, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> NATERA, INC., STEVE CHAPMAN, MICHAEL BROPHY, MATTHEW RABINOWITZ, and RAMESH HARIHARAN, <br><br> Defendants. | Case No. 1:22-cv-00398-DAE |

**PLAINTIFFS' OPPOSED MOTION TO COMPEL THE NATERA DEFENDANTS TO ANSWER PLAINTIFFS' INTERROGATORY NO. 6**

**TABLE OF CONTENTS**

**Page**

I.     INTRODUCTION ..................................................................................................1

II.    RELEVANT FACTUAL BACKGROUND.....................................................................2

III.   ARGUMENT......................................................................................................5

        A.    Legal Standard ...........................................................................................5

        B.    The Federal Rules Require that the Natera Defendants Provide a Complete Answer to Interrogatory No. 6 Now ...........................................................5

        C.    Plaintiffs Are Entitled to Test the Merits of the Natera Defendants' Defenses in Fact Discovery ........................................................................7

IV.   CONCLUSION..................................................................................................10

i

Class Representatives British Airways Pension Trustees Limited and Key West Police and Fire Pension Fund (collectively, "Plaintiffs") move pursuant to Federal Rule of Civil Procedure ("Rule") 37 and Local Civil Rule CV-7 for an order compelling Defendants Natera, Inc., Steve Chapman, Michael Brophy, Matthew Rabinowitz, Roy Baynes, Monica Bertagnolli, Roelof F. Botha, Rowan Chapman, Todd Cozzens, James I. Healy, Gail Marcus, Herm Rosenman, and Jonathan Sheena (collectively, the "Natera Defendants") to provide a complete, substantive response to Plaintiffs' Interrogatory No. 6. Plaintiffs certify that the parties met and conferred in an attempt to resolve the present dispute but were unable to do so.

## I.    INTRODUCTION

This motion to compel arises out of a timely and highly relevant interrogatory that the Natera Defendants have improperly refused to answer. Plaintiffs' Interrogatory No. 6 asks the Natera Defendants to state whether they will rely, explicitly or implicitly, on legal advice or opinions or the involvement of counsel in underlying events in their defense of this action. The Natera Defendants' response was due in late December, but they served only objections. In support, they claimed Interrogatory No. 6 is premature because they are still investigating the facts of this case, and, alternatively, that they cannot provide any substantive response because, after four years of litigation, they do not understand Plaintiffs' claims enough to provide any response at all. As a result, the Natera Defendants insist that they will not answer Interrogatory No. 6 unless and until they obtain further information from Plaintiffs, including answers to interrogatories they served on February 10, 2026.

The Natera Defendants' refusal to answer a duly-served interrogatory blatantly violates the Federal Rules of Civil Procedure. It is no excuse that discovery is ongoing, or that they might wish for more information—Rule 33 required the Natera Defendants to fully respond, based on their present understanding, within 30 days, and Rule 26(d)(3) forbids the Natera Defendants from

1

withholding a response until receiving answers to their own, subsequently-served discovery.

Interrogatory No. 6 is plainly relevant, and Plaintiffs require a response without further delay. It matters now, as merits discovery advances in earnest, because the Natera Defendants have repeatedly made arguments to this Court indicating that they will rely on legal advice or opinions or the involvement of counsel in their defense, and have asserted various Affirmative Defenses that apparently implicate such attorney involvement. Moreover, they already appear to be impermissibly using communications with counsel as both sword and shield—e.g., arguing their conduct was appropriate and reviewed by counsel, but withholding apparently related documents from discovery on privilege grounds. Plaintiffs are entitled to a substantive response to Interrogatory No. 6 now so that they can test the merits of the Natera Defendants' defenses, including any reliance on any purported blessing of counsel, during fact discovery.

Plaintiffs respectfully request that the Court order the Natera Defendants to answer Interrogatory No. 6 forthwith.

## II.    RELEVANT FACTUAL BACKGROUND

On November 25, 2025, Plaintiffs served Interrogatory No. 6 on the Natera Defendants, which states, in relevant part:

> State whether You will rely on any legal advice, opinions, or Communications from counsel in defending this Action with respect to any defense You have or will assert, including with respect to Your Thirteenth, Fourteenth, Sixteenth, or any other Affirmative Defenses, regardless as to whether that defense expressly references the reliance on legal advice, legal opinions, or Communications from counsel.

Ex. 1 at 6-7.[1]

---

[1]    References to "Ex. __" are exhibits to the Declaration of Evan R. Hoey, filed herewith. Interrogatory No. 6 requested additional information if the Natera Defendants' answer "[wa]s not an unequivocal and unqualified statement that [they] will not rely on any legal advice, opinions, or Communications from counsel in defending this Action." The full text of Interrogatory No. 6 is contained in Ex. 1 at 6-7.

Plaintiffs served Interrogatory No. 6 upon review of defenses and arguments the Natera Defendants have asserted indicating that they intend to rely on the opinions, involvement, or participation of counsel in defending against Plaintiffs' claims. For example, the Natera Defendants' Thirteenth, Fourteenth, and Sixteenth Affirmative Defenses assert, respectively, that they: (i) had "reasonable grounds to believe" their alleged misstatements were true, did not omit material facts, and were not misleading; (ii) acted in "good faith;" and (iii) "reasonably relied" on information, opinions, reports, and statements of others. Dkt. 113 at 78-79.

Moreover, in assertions that squarely implicate the involvement of counsel, the Natera Defendants have argued repeatedly to the Court that an investigation by a special committee of Natera's Board of Directors "acting through independent counsel" undermines Plaintiffs' claims because it purportedly reached a conclusion that Natera did nothing wrong. Dkt. 78 (Natera Defendants' motion to dismiss) at 8; *see also, e.g.*, Dkt. 133 (Natera Defendants' motion for judgment on the pleadings) at 1-2 (arguing special committee counsel's investigation shows non-culpability); Dkt. 154 (Natera Defendants' opposition to class certification) at 2 n.3 (same); Dkt. 169 (class certification hrg. tr.) at 56:10-22 (same).

Similarly, the Natera Defendants have argued repeatedly that an SEC investigation—a process that no doubt involved Natera counsel—"exonerated" them and thus undermines Plaintiffs' claims. *See, e.g.*, Dkt. 129 (Rule 26(f) hrg. tr.) at 20:4-21:8; Dkt. 154 at 2 n.3; Dkt. 169 at 56:10-22; Dkt. 133 at 1-2; Dkt. 190 (Natera Defendants' opposition to Plaintiffs' motion to compel custodial searches) at 2; Dkt. 199 (motion to compel custodial searches hrg. tr.) at 41.

The Natera Defendants have also argued that Plaintiffs will be unable to prove that they violated applicable laws, regulations, or industry guidance—contentions that clearly implicate legal advice or the involvement of counsel. *See, e.g.*, Dkt. 78 at 16 (arguing that Plaintiffs did not

explain how Natera's conduct "violat[ed] anti-kickback laws"); Dkt. 133 at 3, 12, 14-15 (raising arguments about whether Natera violated laws or regulations).

As these examples reflect, again and again, the Natera Defendants have invoked the apparent involvement of counsel in claiming that they violated no law, and that Plaintiffs' claims lack merit. Interrogatory No. 6 aims to elicit a verified answer from the Natera Defendants about their intention to continue to rely on the implicit or explicit involvement of counsel in their defense, so that fact discovery may proceed accordingly, including with respect to the Natera Defendants' document production, depositions, and privilege log.

Nevertheless, on December 26, 2025, the Natera Defendants refused to substantively respond to Interrogatory No. 6, and provided only objections. *See* Ex. 2 at 11. The parties telephonically conferred over the Natera Defendants' failure to respond on January 21, 2026.[2] *See* Ex. 3 at 1. On that call, the Natera Defendants asserted they would not answer Interrogatory No. 6 on the grounds that they (i) were still investigating the facts of this case, and (ii) purportedly do not understand Plaintiffs' claims. *Id.* The Natera Defendants also stated that they intended to serve their own interrogatories seeking disclosure of additional facts about Plaintiffs' claims, and would consider answering Interrogatory No. 6 only after receiving responses to those interrogatories. *Id.*

On January 22, 2026, Plaintiffs sent the Natera Defendants a letter reiterating that their response to Interrogatory No. 6 was improper and demanding they promptly provide an answer, or else state the legal basis for their refusal to do so. *Id.* at 1-2. On February 9, 2026, the Natera Defendants replied, again stating they would not respond to Interrogatory No. 6 because discovery

---

[2]    The parties' post-holiday efforts to convene a meet and confer were unsuccessful until January 21.

and their investigation were ongoing. Ex. 4 at 1.[3] They also restated their refusal to answer Interrogatory No. 6 until Plaintiffs responded to the Natera Defendants' own, forthcoming interrogatories. *Id.* at 1-2 (stating the Natera Defendants would "serve those interrogatories, and once Plaintiffs have answered them and we have had an opportunity to assess those answers, we will provide a substantive response to Rog 6").[4]

## III.    ARGUMENT

### A.    Legal Standard

An interrogatory "must, to the extent it is not objected to, be answered separately and fully in writing under oath." Fed. R. Civ. P. 33(b)(3). Rule 37(a)(3)(B)(iii) allows a party to move for an order compelling a response to an interrogatory when the responding party "fails to answer an interrogatory submitted under Rule 33." The party resisting discovery must show "specifically how each interrogatory is not relevant or how each question is overly broad, burdensome or oppressive." *Murphy Oil*, 2024 WL 677711, at *2 (quoting *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990)).

### B.    The Federal Rules Require that the Natera Defendants Provide a Complete Answer to Interrogatory No. 6 Now

The Natera Defendants have not disputed that Interrogatory No. 6 seeks relevant information. For good reason: whether they will rely on legal advice or opinions or the involvement or participation of counsel for their defense in this case, as suggested by their Affirmative Defenses and arguments to date, is plainly relevant. *United Servs. Auto. Ass'n v. Mitek Sys., Inc.*, 2013 WL

---

[3]    In their February 9, 2026 letter, the Natera Defendants claimed for the first time that Interrogatory No. 6 is a premature contention interrogatory. *Id.* That objection is waived because it was not raised by the deadline to respond to Interrogatory No. 6. *See Phillips v. Murphy Oil USA, Inc.*, 2024 WL 677711, at *1 (W.D. Tex. Feb. 12, 2024) ("Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure.") (quoting Fed. R. Civ. P. 33(b)(4)).

[4]    The Natera Defendants served those interrogatories on February 10, 2026. *See* Ex. 5.

12092408, at *3 (W.D. Tex. Oct. 8, 2013) (interrogatory "relevant" where it "specifically addresses the parties' claims or defenses").[5] Rather, the Natera Defendants refuse to answer Interrogatory No. 6 on the grounds that they do not to have sufficient information about the facts of the case, and that they do not fully understand Plaintiffs' claims. *See* Section II, *supra*. None of these grounds or stated objections excuse the Natera Defendants' failure to answer. *See Gabrielli v. Motorola Mobility LLC*, 2025 WL 3078832, at *1 (N.D. Cal. Nov. 4, 2025) ("[i]t is not acceptable to respond to a rog with a string of objections" and "fail to say what information it agrees to provide").

The Natera Defendants were "obligated to fully answer [Interrogatory No. 6] based on the information available to them at the time the response [wa]s required." *Abrego v. Budget Truck Rental, LLC*, 2018 WL 6220163, at *3 (W.D. Tex. Apr. 23, 2018); *see also Cognizant TriZetto Software Grp., Inc. v. Infosys Ltd.*, 2025 WL 1490364, at *5 (N.D. Tex. May 23, 2025) (party must answer interrogatories "based on the information currently reasonably available to it"); *Scott v. Cnty. of Kern*, 2025 WL 3651330, at *3 (E.D. Cal. Dec. 17, 2025) (party must answer interrogatory "to the fullest extent possible based on the information [they] had at the time the responses were due, even though [they] intend[] to supplement them later"); *see also* Fed. R. Civ. P. 33(b)(3). That is precisely the nature of the answer Plaintiffs seek.

The Natera Defendants cannot avoid providing an answer based on an objection that discovery is ongoing. *See, e.g.*, *Scott*, 2025 WL 3651330, at *3 (parties "may not resist responding to interrogatories on the grounds that discovery is ongoing"); *Kilby v. CVS Pharm., Inc.*, 2019 WL 977874, at *3-4 (S.D. Cal. Feb. 28, 2019) (rejecting objection that "interrogatory is premature in that factual discovery is not yet complete"); *Abrego*, 2018 WL 6220163, at *3 ("It is not a proper

---

[5]     The Natera Defendants have not argued—much less substantiated—that Interrogatory No. 6 is overbroad, burdensome, or oppressive.

objection that an interrogatory is 'premature'[.]"). Notably, the Natera Defendants' claimed inability to answer now due to ignorance about the case is not credible. They have asserted Affirmative Defenses and arguments that apparently implicate counsel's involvement for the past three years in this litigation. Consistent with Rule 11, they were required to have a basis for these arguments, assertions, and pleadings at the time—and that is what Plaintiffs aim to discover through Interrogatory No. 6. That the Natera Defendants lack a fully developed understanding of all the facts is also no excuse. If their understanding of the facts or the parties' claims or defenses changes during discovery, they can and must "supplement their answer as additional information becomes available to them." *Abrego*, 2018 WL 6220163, at *3; *Scott*, 2025 WL 3651330, at *3. But they must provide the information they do know in response, now.

Lastly, the Natera Defendants cannot hold off on answering Interrogatory No. 6 until they receive responses to the interrogatories they elected to serve on February 10. That tactic is ***expressly prohibited*** by Rule 26(d)(3), which states that "discovery by one party does not require any other party to delay its discovery." *See also Scott Env't Servs., Inc. v. Newfield Expl. Co.*, 2019 WL 13149925, at *1 (E.D. Tex. Dec. 17, 2019) (party may not "condition its compliance with its discovery obligations on receiving discovery from its opponent").

C.     **Plaintiffs Are Entitled to Test the Merits of the Natera Defendants' Defenses in Fact Discovery**

The Natera Defendants' various arguments and Affirmative Defenses appear to implicate, explicitly or implicitly, the involvement of counsel in underlying events and circumstances, and warrant full and fair discovery. Indeed, these arguments and defenses may have "inject[ed] into the case . . . issue[s] that in fairness require[] an examination of otherwise protected communications." *Cox v. Admin. U.S. Steel & Carnegie*, 17 F.3d 1386, 1419 (11th Cir. 1994). The Natera Defendants' Thirteenth, Fourteenth, and Sixteenth Affirmative Defenses assert "good

7

faith" and similar defenses that, courts recognize, typically depend on a belief that one acted within the bounds of the law and implicate the involvement of lawyers. *See Gales v. Leaf River Cellulose, LLC*, 2017 WL 11451203, at *2 (S.D. Miss. Nov. 8, 2017) (noting "longstanding recognition" that good faith defense "depends on a belief in the lawfulness of one's conduct," "including conversations with counsel") (citation and internal quotation marks omitted). Plaintiffs are entitled to know if the Natera Defendants' defenses implicate the involvement of counsel, and to obtain discovery on counsel's role, advice, and communications, if so. *See id.* (permitting discovery into legal advice to test "good faith" defense); *see also Edwards v. KB Home*, 2015 WL 4430998, at *3 (S.D. Tex. July 18, 2015) ("[defendant] has waived its privilege concerning those communications by injecting into the case its good faith belief").

Similarly, where a defendant relies on the results of an internal or governmental investigation to argue against liability—as the Natera Defendants have done repeatedly in this case—they put communications with counsel "at issue" and waive the attorney client privilege, permitting discovery about those facts, circumstances, and defenses. *See, e.g.*, *In re Anadarko Petrol. Corp. Sec. Litig.*, 2023 WL 2733401, at *4 (S.D. Tex. Mar. 31, 2023) (compelling production of privileged materials in securities fraud action where defendant argued that "allegations were unfounded or false" because certain information "resulted in [the SEC] choosing not to pursue an enforcement action") (emphasis omitted); *Doe 1 v. Baylor Univ.*, 335 F.R.D. 476, 490-92 (W.D. Tex. 2020) (defendants waived attorney client privilege and work product protections where they "repeatedly cited to [outside law firm's] investigation [] and subsequent implementation of reforms" to negate liability).

Accordingly, the Natera Defendants' answer to Interrogatory No. 6 may have wide-ranging implications for fact discovery in this case, including Plaintiffs' choice of deponents and areas of

inquiry, potential additional document requests and other written discovery, and disputes around the Natera Defendants' privilege log. Specifically as to the latter issue, an answer to Interrogatory No. 6 will shed light on whether the Natera Defendants are improperly using privileged information as a sword to defend against Plaintiffs' claims, while also shielding it from discovery on privilege grounds. *See Anadarko*, 2023 WL 2733401, at *3-5 ("when a party entitled to claim the attorney-client privilege uses confidential information against his adversary (the sword), he implicitly waives its use protectively (the shield) under that privilege") (quoting *Willy v Admin. Review Bd.*, 423 F3d 483, 497 (5th Cir. 2005)).

This concern is not theoretical. To date, the Natera Defendants have provided Plaintiffs with a privilege log containing over 4,700 entries in connection with their document production in the class certification phase of discovery (they will provide another log after they substantially complete their merits document production). The current log contains numerous entries suggesting that the Natera Defendants are withholding documents that reflect counsel's involvement related to the special committee and SEC investigations, which they have argued show their lack of culpability.[6] The Natera Defendants have also withheld as privileged documents concerning key topics in this case around which they insist they acted in a non-culpable manner, including Natera's use of a service called MGML to submit prior authorizations (*see, e.g.*, *id.* at entries 515, 538 (withholding July 2019 emails regarding "MGML PA [prior authorization] Form Signature" as "reflecting legal advice of Natera in-house counsel concerning compliance with healthcare regulations" and "contractual obligations"), an internal Natera investigation from December 2020 concerning MGML (*see, e.g.*, *id.* at entries 2139-41, 2143), compliance with healthcare regulations

---

[6]    *See, e.g.*, Ex. 6 at entries 4004-05, 4007-08 (withholding emails titled "Questions for discussion with Wilmerhale.docx" as "seeking legal advice from Natera outside counsel concerning an investigation into the company"), 4535, 4396 (withholding email titled "Re: SEC request"), 4470 (withholding email titled "Fwd: Natera - Notes from SEC Call").

and insurer contractual obligations related to Panorama (*id.* at entries 1763-64), and Natera's billing practices (*see, e.g.*, *id.* at entries 1146, 1153, 1158).

Accordingly, the Natera Defendants must answer Interrogatory No. 6 now, to allow Plaintiffs to explore and seek information regarding their defenses during fact discovery.

## IV.    CONCLUSION

The Natera Defendants must respond to Interrogatory No. 6 without further delay by disclosing whether they will rely, explicitly or implicitly, on counsel's advice, opinions, involvement, or participation in underlying events in defending against Plaintiffs' claims. If the Natera Defendants' defenses do not involve such reliance, they should declare it now. But if they do, the Natera Defendants must say so, and Plaintiffs must be permitted to fully explore the underlying facts through discovery. Plaintiffs respectfully request that the Court order the Natera Defendants to answer Interrogatory No. 6 within ten (10) days.

Dated: February 19, 2026                    Respectfully submitted,

                                            **NIX PATTERSON, LLP**

                                            */s/ Cody Hill*
                                            Cody Hill (Bar No. 24095836)
                                            Jeffrey J. Angelovich (Bar No. 00786988)
                                            Jessica Underwood (Bar No. 24093291)
                                            8701 Bee Cave Road
                                            Building 1, Suite 500
                                            Austin, TX 78746
                                            Tel: (512) 328-5333
                                            Fax: (512) 328-5335
                                            codyhill@nixlaw.com
                                            jangelovich@nixlaw.com
                                            junderwood@nixlaw.com

                                            *Liaison Class Counsel*

                                            **KESSLER TOPAZ**
                                            **MELTZER & CHECK, LLP**
                                            Gregory M. Castaldo (admitted *pro hac vice*)

10

Joshua E. D'Ancona (admitted *pro hac vice*)
Evan R. Hoey (admitted *pro hac vice*)
Vanessa M. Milan (admitted *pro hac vice*)
280 King of Prussia Road
Radnor, PA 19087
Tel: (610) 667-7706
Fax: (610) 667-7056
gcastaldo@ktmc.com
jdancona@ktmc.com
ehoey@ktmc.com
vmilan@ktmc.com

*Counsel for Lead Plaintiff and Class Representative British Airways Pension Trustees Limited and Class Counsel*

**BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP**

Salvatore J. Graziano (admitted *pro hac vice*)
James A. Harrod (admitted *pro hac vice*)
Matthew S. Goldstein (admitted *pro hac vice*)
1251 Avenue of the Americas, 44th Floor
New York, NY 10020
Tel: (212) 554-1400
Fax: (212) 554-1444
salvatore@blbglaw.com
jim.harrod@blbglaw.com
matthew.goldstein@blbglaw.com

*Counsel for Additional Plaintiff and Class Representative Key West Police & Fire Pension Fund and Class Counsel*

11

## CERTIFICATE OF CONFERENCE

The undersigned hereby certifies that counsel for Plaintiffs telephonically met and conferred in good faith with counsel for the Natera Defendants on January 21, 2026, and also exchanged related email and letter correspondence in an effort to resolve the dispute without court intervention. The parties were unable to reach resolution on the matters raised in this motion.

Dated: February 19, 2026

/s/ Evan R. Hoey
Evan R. Hoey

12

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 19, 2026, I caused a true and correct copy of the foregoing to be filed electronically with the Clerk of the Court using the ECF system. Notice of this filing will be sent to counsel of record by operation of the Court's electronic filing system.

Dated: February 19, 2026

*/s/ Cody Hill*     
Cody Hill
