**EXHIBIT 2**

**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

|  |  |  |
|---|---|---|
| JOHN HARVEY SCHNEIDER, Individually and on Behalf of All Others Similarly Situated, | § § § § § § § § § § § § § § § § § | Case No. 1:22-cv-00398-DAE |
| Plaintiff, | | |
| v. | | |
| NATERA, INC., STEVE CHAPMAN, MICHAEL BROPHY, MATTHEW RABINOWITZ, and RAMESH HARIHARAN, | | |
| Defendants. | | |

**THE NATERA DEFENDANTS' OBJECTIONS**
**TO PLAINTIFFS' SECOND SET OF INTERROGATORIES**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, the Local Rules of the Western District of Texas, and any other applicable rules or governing law (collectively, the "Applicable Rules"), Defendants Natera, Inc. ("Natera"), Steve Chapman, Michael Brophy, Matthew Rabinowitz, Roy Baynes, Monica Bertagnolli, Roelof F. Botha, Rowan Chapman, Todd Cozzens, James I. Healy, Gail Marcus, Herm Rosenman, and Jonathan Sheena (collectively, the "Natera Defendants") submit these objections (the "Objections") to the "Definitions" ("Definition" or "Definitions"), "Instructions" ("Instruction" or "Instructions"), and "Interrogatory No. 6" (the "Interrogatory") set forth in Plaintiffs' Second Set of Interrogatories to the Natera Defendants, without waiving any defenses that the Natera Defendants have or hereafter may assert in the above-captioned action (the "Action").

1

**RESERVATION OF RIGHTS**

The Natera Defendants have not yet completed their investigation of the facts relating to this Action, and discovery in this Action is still many months from completion. The Natera Defendants' Objections to this Interrogatory are based only on the documents and facts known and available to them at this time. Because the Natera Defendants' investigation, research and analysis is ongoing in this case, it is possible that facts will be disclosed or add meaning to already known documents or facts, or possibly lead to additions or changes to these Objections. Without obligating itself to do so, the Natera Defendants therefore reserve the right to: (a) amend, modify or supplement the Objections stated herein; (b) rely on any facts, documents or other evidence which may develop or come to the Natera Defendants' attention at a later date; and (c) assert additional objections or supplemental responses should the Natera Defendants discover additional information or grounds for objections.

These Objections are based on the Natera Defendants' understanding of the Interrogatory. To the extent Plaintiffs assert an interpretation of the Interrogatory that is inconsistent with the Natera Defendants' understanding, the Natera Defendants reserve the right to supplement their Objections. Further, by their Objections, the Natera Defendants do not intend to waive, but expressly preserve, all rights and privileges, including but not limited to the attorney-client privilege, work product protection and constitutional, statutory and/or common law rights to privacy and confidentiality.

**OBJECTIONS TO DEFINITIONS**

The Natera Defendants object to each of the Definitions, and to any Definition, Instruction, or Interrogatory that incorporates that definition, to the extent it purports to broaden the obligations imposed by the Applicable Rules or any discovery protocols hereafter agreed upon by the parties.

Subject to and without waiving any objections in responding to the Interrogatory, the Natera Defendants will comply, and construe the Definitions consistently, with the Applicable Rules and any discovery protocols hereafter agreed upon by the parties.

1.      The Natera Defendants object to the definitions of "all," "any," and "each" as vague and ambiguous to the extent that they attempt to define words beyond their ordinary meaning or conflate their meaning.  In responding to the Interrogatory, the Natera Defendants will interpret these words in accordance with their ordinary meanings.

2.      The Natera Defendants object to the definition of "Communication" and "Communications" to the extent that it purports to impose requirements beyond those set forth in the Applicable Rules.  The Natera Defendants further object to the definition of "Communication" and "Communications" as vague, ambiguous, overbroad, unduly burdensome, because it purports to impose burdens that are greater than, more burdensome than, or inconsistent with the obligations imposed by the Applicable Rules.  The Natera Defendants further object to the definition of "Communication" and "Communications" to the extent they require the disclosure of non-tangible, non-stored, or forgotten information.  In responding to the Interrogatory, the Natera Defendants will interpret these words in accordance with their ordinary meanings and the Applicable Rules.

3.      The Natera Defendants object to the definition of "Concern" and "Concerning" to the extent it purports to impose requirements beyond those set forth in the Applicable Rules.  The Natera Defendants further object to the definition of "Concern" and "Concerning" as vague and ambiguous to the extent that it attempts to define those words beyond their ordinary meaning.  In responding to the Interrogatory, the Natera Defendants will interpret these words in accordance with their ordinary meanings.

3

4.      The Natera Defendants object to the definition of "Document" to the extent it purports to impose requirements beyond those set forth in the Applicable Rules and the separately negotiated Confidentiality and Protective Order (the "Protective Order") and/or Stipulation and Order for the Production of Documents and ESI (the "ESI Protocol").  The Natera Defendants further object to the definition of "Document" to the extent that it incorporates the terms "Communications" and "Meetings" on the grounds objected to herein.  The Natera Defendants further object to the definition of "Document" as overbroad and unduly burdensome because it seeks a litany of categories of materials without regard to how the materials are stored nor any potential relation to the subject matter of this Action (for example, telegrams, microfilms, and check vouchers).  In responding to the Interrogatory, the Natera Defendants will interpret the term "Document" in accordance with its ordinary meaning and the Applicable Rules.

5.      The Natera Defendants object to the definition of "Employee" to the extent it purports to impose requirements beyond those set forth in the Applicable Rules.  The Natera Defendants further object to the definition of "Employee" as overbroad and unduly burdensome to the extent that it attempts to encompass individuals that are not legal employees.  The Natera Defendants further object to the definition of "Employee" to the extent that it incorporates the term "Person" on the grounds objected to herein.  In responding to the Interrogatory, the Natera Defendants will interpret "Employee" to apply to legal employees.

6.      The Natera Defendants object to the definition of "Identify" to the extent it purports to impose requirements beyond those set forth in the Applicable Rules.  The Natera Defendants further object to the definition of "Identify" with respect to "Persons" on the grounds that it is unduly burdensome, overbroad, oppressive, confusing, vague, and ambiguous to the extent it ascribes a meaning that is inconsistent with common usage.  The Natera Defendants further object

to the definition of "Identify" with respect to "Persons" on the grounds that it purports to require the Natera Defendants to respond on behalf of any other entities or individuals, including third parties. The Natera Defendants further object to the definition of "Identify" with respect to "Persons" on the grounds that they seek detailed, sensitive, and irrelevant personal information of current and former employees or other persons and violates the privacy and confidentiality of Natera's current or former employees or other individuals. The Natera Defendants further object to this definition on the grounds, and to the extent, that it contains subparts and/or is impermissibly compound.

7. The Natera Defendants object to the definition of "Identify" with respect to "Documents" on the grounds that it is unduly burdensome, overbroad, oppressive, confusing, vague, and ambiguous to the extent it ascribes a meaning that is inconsistent with common usage. The Natera Defendants further object to the definition of "Identify" with respect to "Documents" on the grounds that it purports to impose requirements beyond those set forth in the Applicable Rules and the separately negotiated Protective Order and/or ESI Protocol. The Natera Defendants further object to this definition on the grounds, and to the extent, that it contains subparts and/or is impermissibly compound.

8. The Natera Defendants object to the definition of "Identify" with respect to "Meetings" on the grounds that it is unduly burdensome, overbroad, oppressive, confusing, vague, and ambiguous to the extent it ascribes a meaning that is inconsistent with common usage. The Natera Defendants further object to the definition of "Identify" with respect to "Meetings" on the grounds that it purports to impose requirements beyond those set forth in the Applicable Rules and the separately negotiated Protective Order and/or ESI Protocol. The Natera Defendants further object to this definition on the grounds, and to the extent, that it would necessitate the preparation

5

of a compilation, abstract, narrative, and/or summary from documents either already in Plaintiffs' possession and/or that will be produced in the course of document discovery, and such preparation would be similarly burdensome and/or expensive to both the propounding and responding parties. The Natera Defendants further object to this definition on the grounds, and to the extent, that it contains subparts and/or is impermissibly compound.

9.    The Natera Defendants object to the definition of "Meeting(s)" as overbroad, unduly burdensome, and purporting to impose burdens that are greater than, more burdensome than, or inconsistent with the obligations imposed by the Applicable Rules.  The Natera Defendants further object to the definition as vague and ambiguous to the extent it attempts to encompass "the contemporaneous presence of any natural persons . . . for any purpose, whether such presence was by chance or prearranged, and whether the meeting was formal or informal, or occurred in connection with some other activity."  Any and all interactions between any human beings would conceivably fall within this definition.  The Natera Defendants further object to the definition as overbroad and unduly burdensome to the extent it calls for effectively every form of written and non-written communication, regardless of whether such interaction has any bearing on this Action. In responding to the Requests, the Natera Defendants will interpret "Meeting" in accordance with its ordinary meaning.

10.    The Natera Defendants object to the definition of "Natera" to the extent it purports to impose requirements beyond those set forth in the Applicable Rules.  The Natera Defendants further object to the definition of "Natera" on the grounds that it is overly broad and unduly burdensome to the extent it uses the phrase "any of its direct or indirect parent companies, subsidiaries, divisions, affiliates, predecessors, successors, present and former officers, directors, Employees, agents, accountants, auditors, attorneys, representatives, advisors, and all other

Persons (defined below) acting or purporting to act on its behalf." The Natera Defendants further object to the definition as vague and ambiguous and because it calls for legal conclusions with respect to the terms "predecessors," "successors," "subsidiaries," "divisions," "affiliates," "agents," and "other persons acting or purporting to act on its behalf." The Natera Defendants further object to the definition of "Natera" to the extent that it incorporates the terms "Employees" and "Persons" on the grounds objected to herein. In responding to the Interrogatory, the Natera Defendants will interpret the term "Natera" to refer to Natera, Inc. and its employees, officers, or directors acting in their official capacities.

11.     The Natera Defendants object to the definition of "Person" and "Persons" to the extent it purports to impose requirements beyond those set forth in the Applicable Rules. The Natera Defendants further object to the definition to the extent it encompasses categories of entities that are not typically understood to be natural or legal persons. In responding to the Interrogatory, the Natera Defendants will interpret these words in accordance with their ordinary meanings and the Applicable Rules.

12.     The Natera Defendants object to the definition of "You" and "Your" on the grounds that it incorporates the terms "Natera," "Employees," and "Persons," which, as defined in the Definitions, are objectionable for the reasons set forth above. The Natera Defendants further object to the definition to the extent it ascribes a meaning that is inconsistent with common usage of "you" and "your." The Natera Defendants further object to the definition to the extent it encompasses categories of entities that are not typically understood to be natural or legal persons. In responding to the Interrogatory, the Natera Defendants will interpret these words in accordance with their ordinary meanings and the Applicable Rules.

**OBJECTIONS TO INSTRUCTIONS**

The Natera Defendants object to the Instructions to the extent the Instructions purport to broaden the discovery obligations imposed by the Applicable Rules, including Federal Rules of Civil Procedure 26(b)(5) and 33(b).  Subject to and without waiving any objections in responding to the Interrogatory, the Natera Defendants will construe the Instructions consistently with the Applicable Rules and subject to the separately negotiated Protective Order and/or ESI Protocol. Any objection to the Instructions should also be construed as an objection to any Definition, Instruction, or Specific Interrogatory that incorporates that Instruction. Without in any way obligating themselves to do so, the Natera Defendants expressly reserve the right to supplement, amend, correct, clarify or modify their Objections as further information becomes available.

1.      The Natera Defendants object to Instruction No. 2 on the grounds, and to the extent, that it requires disclosure of information not known to the Natera Defendants.  The Natera Defendants will answer only information known to them after a reasonable investigation.

2.      The Natera Defendants further object to Instruction No. 4 on the grounds, and to the extent, that it is vague, ambiguous, overbroad, unduly burdensome, and nonsensical they attempt to define "any" and "all" beyond their ordinary meaning.  In responding to the Interrogatory, Defendants will interpret these words in accordance with their ordinary meanings.

3.      The Natera Defendants further object to Instruction No. 4 on the grounds, and to the extent, that it is vague, ambiguous, overbroad, unduly burdensome, and nonsensical because it eliminates the plain distinction between the singular and plural.  Eliminating this distinction is confusing and also materially impacts the scope of the information sought.  In responding to the Interrogatory, the Natera Defendants will construe any words and phrases consistent with the explicit number utilized.

4.      The Natera Defendants further object to Instruction No. 4 on the grounds, and to the extent, that it is vague, ambiguous, overbroad, unduly burdensome, and nonsensical because it eliminates the plain distinction between the past and present tense.  Eliminating this distinction is confusing and also materially impacts the scope of the information sought.  In responding to the Interrogatory, the Natera Defendants will construe any words and phrases consistent with the explicit tense utilized.

5.      The Natera Defendants object to Instruction No. 5 on the grounds, and to the extent, that it is vague, ambiguous, overbroad, unduly burdensome, and nonsensical, because it seeks to broaden the scope of each Interrogatory without any intelligible way to understand its breadth. The Natera Defendants will interpret the Interrogatory as having the scope a plain reading of the Interrogatory provides it.

6.      The Natera Defendants object to Instruction No. 6 on the grounds, and to the extent, that it contemplates a waiver of any defense, privilege, or other argument based on an omission.

7.      The Natera Defendants object to Instruction No. 7 on the grounds, and to the extent, that it requires the disclosure of information that may be validly withheld regardless of responsiveness, based on an applicable privilege, immunity, or other protection.

8.      The Natera Defendants object to Instruction No. 8 on the grounds, and to the extent, that it is overbroad and unduly burdensome because it calls for information outside of the possession, custody, or control of the Natera Defendants.

9.      The Natera Defendants object to Instruction No. 9 on the grounds, and to the extent, that it purports to impose requirements beyond those set forth in the Applicable Rules.  The Natera Defendants further object to Instruction No. 9 on the grounds, and to the extent it is overly

9

burdensome, because five business days is insufficient to properly evaluate whether an Interrogatory requires supplementation.

10.     The Natera Defendants object to the applicable time period on the grounds, and to the extent, that it is overbroad as it extends beyond the putative class period.

**SPECIFIC OBJECTIONS**

The Objections to Definitions and Objections to Instructions are incorporated into the Specific Objections to the Interrogatory, whether or not specifically repeated or identified by number in response to the Interrogatory.  Failure to incorporate an Objection to a Definition or an Objection to an Instruction into the Specific Objections is not intended to waive or limit the application of that objection.

**INTERROGATORY NO. 6:**

State whether You will rely on any legal advice, opinions, or Communications from counsel in defending this Action with respect to any defense You have or will assert, including with respect to Your Thirteenth, Fourteenth, Sixteenth, or any other Affirmative Defenses, regardless as to whether that defense expressly references the reliance on legal advice, legal opinions, or Communications from counsel.  If Your response is not an unequivocal and unqualified statement that You will not rely on any legal advice, opinions, or Communications from counsel in defending this Action (including, for example, a response that You do not presently intend to rely on any legal advice, opinions, or Communications from counsel in defending this Action), then Identify all such legal advice, opinions, or Communications from counsel that You received concerning the events at issue in this Action, including: (i) the date such advice, opinion, or Communication was received; (ii) the individual(s) providing such advice, opinion, or Communication and their affiliation; (iii) the substance of the advice, opinion,

10

Communication received; and (iv) any Documents which reflect or refer to any such advice, opinion, or Communication.

**OBJECTIONS TO INTERROGATORY NO. 6:**

The Natera Defendants object to this Interrogatory on the grounds that it is vague and ambiguous insofar as the terms "legal advice" and "legal opinions" are undefined. The Natera Defendants further object to this Interrogatory on the grounds that it expressly demands information subject to the attorney-client privilege, work product protection, joint-defense and/or common-interest privilege. The Natera Defendants further object to this Interrogatory on the grounds that it improperly purports to require the Natera Defendants to elect whether to advance a defense based on the advice of counsel at a time when (i) fact discovery in this Action is still many months from completion; (ii) the Natera Defendants' investigation of the claims and defenses is ongoing; and (iii) Plaintiffs have, so far in this litigation, provided vague and at times shifting theories as to what wrongful conduct Natera allegedly committed as the underlying basis for Plaintiffs' claims in this Action. The Natera Defendants reserve the right to amend their Objections to this Interrogatory if, at a later point in time, they determine to rely upon a defense based on the advice of counsel in this Action.

Dated: December 26, 2025

KATTEN MUCHIN ROSENMAN LLP

/s/ *Christina L. Costley*
Bruce G. Vanyo (admitted *pro hac vice*)
Christina L. Costley (admitted *pro hac vice*)
Paul S. Yong (admitted *pro hac vice*)
2121 Avenue of the Stars, STE 1100, Suite 1100
Los Angeles, CA 90067
Tel: (310) 788-4400
Fax: (310) 788-4471
bruce@katten.com
christina.costley@katten.com
paul.yong@katten.com

Eric R. Hail
State Bar No. 24047579
Ted A. Huffman
State Bar No. 24089015
Megan C. McKennon
Texas State Bar No. 24102184
2121 N. Pearl Street, Suite 1100
Dallas, TX 75201
Tel: (214) 765-3600
Fax: (214) 765-3602
eric.hail@katten.com
ted.huffman@katten.com
megan.mckennon@katten.com

*Counsel for Defendants Natera, Inc., Steve Chapman, Michael Brophy, Matthew Rabinowitz, Roy Baynes, Monica Bertagnolli, Roelof F. Botha, Rowan Chapman, Todd Cozzens, James I. Healy, Gail Marcus, Herm Rosenman, and Jonathan Sheena*

12

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on December 26, 2025, I served the foregoing document via email to

the following individuals:

**KESSLER TOPAZ MELTZER & CHECK, LLP**

Gregory M. Castaldo
Joshua E. D'Ancona
Evan R. Hoey
Vanessa M. Milan
280 King of Prussia Road
Radnor, PA 19087
(610) 667-7706
gcastaldo@ktmc.com
jdancona@ktmc.com
ehoey@ktmc.com
vmilan@ktmc.com

**BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP**

Salvatore J. Graziano
James A. Harrod
Matthew S. Goldstein
1251 Avenue of the Americas, 44th Floor
New York, NY 10020
(212) 554-1400
salvatore@blbglaw.com
jim.harrod@blbglaw.com
matthew.goldstein@blbglaw.com

**NIX PATTERSON, LLP**

Jessica Underwood
8701 Bee Cave Road
Building 1, Suite 500
Austin, TX 78746
(512) 328-5333
junderwood@nixlaw.com

Date:    December 26, 2025
         New York, New York.

*/s/ Thomas Artaki*
Thomas Artaki

13