# EXHIBIT 4

# Katten

**2121 Avenue of the Stars**
**Suite 1100**
**Los Angeles, CA  90067-5010**
**+1.310.788.4400 tel**
**katten.com**

**CHRISTINA L. COSTLEY**
christina.costley@katten.com
+1.310.788.4485 direct
+1.310.712.8235 fax

February 9, 2026

**VIA EMAIL**

Vanessa Milan
Kessler Topaz Meltzer & Check, LLP
280 King of Prussia Road
Radnor, PA 19087

Re: *Schneider v. Natera, Inc., et al.*, No. 1:22-cv-00398-DAE (W.D. Tex.)

Dear Vanessa:

We write to respond to your letter dated January 22, 2026 concerning the parties' January 21 meet-and-confer regarding the Natera Defendants' Objections (the "Objections") to Plaintiffs' Interrogatory No. 6 ("Rog 6"). While we will not respond to all of the assertions in your letter, we wish to respond briefly to correct certain mischaracterizations therein and reiterate both our Objections to, and our plan for responding to, Rog 6.

Rog 6, which asks the Natera Defendants to state whether it will advance an advice-of-counsel defense in this case, is a contention interrogatory that Plaintiffs propounded five months before the deadline to substantially complete document productions and 11 months before the close of fact discovery. (*See* Dkt. 224.) Courts routinely permit defendants to defer their answers to such interrogatories until a later point in time where, as here, the parties are in the middle of discovery and need to assess the facts emerging from that discovery before being capable of providing a substantive answer. *See, e.g., Stanton 4433 Owners Ass'n v. State Farm Lloyds*, 2022 WL 17752218, at *5 (W.D. Tex. Sept. 6, 2022) ("Defendant will not be compelled to respond … since 'answers to contention interrogatories may be postponed until the close of discovery'" (quoting Fed. R. Civ. P. 33(a)(2)); *Buchholz v. Crestbrook Ins. Co.*, 2021 WL 1221485, at *3 (W.D. Tex. Mar. 30, 2021) (declining to compel response to contention interrogatory where close of discovery was in six months).

As you are aware, the Natera Defendants are reviewing over a million documents pursuant to the search parameters the parties agreed to for this phase of discovery, and that process will not be substantially complete for another three months. Accordingly, and consistent with the case law, the Natera Defendants stated in their Objections, and reiterated during the meet-and-confer, that they were unable to take a position at a time when "(i) fact discovery in this Action is still many months from completion; [and] (ii) the Natera Defendants' investigation of the claims and defenses is ongoing." (Objections at 11.) At no point, whether during the meet-and-confer or in your letter, have Plaintiffs articulated any prejudice they would suffer from the Natera Defendants not taking a position, at this early point in discovery, as to any advice-of-counsel defense.

# Katten

February 9, 2026
Page 2


Further, as we stated in our Objections and reiterated during the meet-and-confer, the Natera Defendants are unable to determine whether it will rely upon an advice-of-counsel defense given that "Plaintiffs have, so far in this litigation, provided vague and at times shifting theories as to what wrongful conduct Natera allegedly committed as the underlying basis for Plaintiffs' claims in this Action." (Objections at 11.)  Indeed, it is not, as your letter insinuates, simply "aspects of this case that [we] are uncertain [on]."  Throughout this litigation, Plaintiffs have vacillated at different times through different vague allegations about MGML asserted by the Hindenburg Report, leaving the Natera Defendants at a loss to understand what Plaintiffs are claiming was the relevant "wrongdoing" effected by Natera's relationship with that entity.  (*See, e.g.*, Class Cert Hearing Tr. at 12:14-18 ("this is our claim, that it was the publication of the Hindenburg report disclosing myriad points of information about this MGML prior authorization entity").)  While the Court permitted Plaintiffs' Panorama-related allegations to proceed to discovery, its order on Defendants' motion to dismiss does not identify or describe the alleged "wrongdoing" that it found sufficient to plead a claim beyond, broadly, "deceptive practices – such as the inappropriate submission of prior authorizations by MGML."  (Dkt. 104 at 24.)

The Natera Defendants cannot determine what legal advice may be relevant in this case until they understand Plaintiffs' theory of wrongdoing underlying their claims.  Accordingly, we explained during the meet-and-confer that, to enable us to provide a substantive answer to Rog 6, we would serve interrogatories asking Plaintiffs to identify the specific practices that they allege Natera undertook and that serve as the basis for their claims.  *See Thompson v. United States*, No. 21-2082, 2023 WL 12148013, at *3 (C.D. Ill. Dec. 19, 2023) ("[b]efore [responding party] can answer the contention interrogatory regarding advice of counsel, the [seeking party] must first identify the" basis for the alleged violation to "properly frame the issues for litigation" and permit the party "to decide whether to knowingly waive the attorney client privilege").  And we did not, as your letter claims, assert that we would take these steps "at some indeterminate time of [our] choosing." Rather, we said that we would promptly serve those interrogatories, and once Plaintiffs have answered them and we have had an opportunity to assess those answers, we will provide a substantive response to Rog 6.

Accordingly, consistent with our representations during the meet-and-confer, we are serving the above-mentioned interrogatories tomorrow, and we will look forward to Plaintiffs' response.  The Natera Defendants reserve all rights, including with respect to any assertions contained in your January 22 letter that are not addressed herein and with which we disagree.

Sincerely,

*/s/ Christina L. Costley*

Christina L. Costley