**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**

| | |
|---|---|
| BRITISH AIRWAYS PENSION TRUSTEES LIMITED and KEY WEST POLICE & FIRE PENSION FUND, Individually and on Behalf of All Others Similarly Situated, | Case No. 1:22-cv-00398-DAE |
| *Plaintiffs*, | |
| v. | |
| NATERA, INC., et al., | |
| *Defendants*. | |

**PLAINTIFFS' REPLY IN FURTHER SUPPORT OF PLAINTIFFS' OPPOSED MOTION TO COMPEL THE NATERA DEFENDANTS TO ANSWER PLAINTIFFS' INTERROGATORY NO. 6**

Serving a timely, substantive response to an interrogatory under Rule 33 is not optional. However, courts often allow deferred responses to contention interrogatories, which call for a party's contentions as to the legal bases for its claims or defenses and all supporting facts. The Natera Defendants ("Natera") wrongly insist Plaintiffs' Interrogatory No. 6 seeks contentions, such that they need not answer it yet, and can instead demand answers to their own discovery and other information before responding at some future date they choose. Natera's position, resting on an objection it never timely lodged, lacks merit. Natera should be compelled to answer now.

Interrogatory No. 6 is not a contention interrogatory. It is more limited, asking only whether, as a component of its defenses, Natera intends to invoke facts indicating counsel's advice or blessing regarding its conduct—and if so, for it to identify the instances it has in mind. Natera's contrary arguments materially overstate the language and scope of Interrogatory No. 6.

Remove this faulty premise, and its other arguments fall away. In particular, Natera is not free to answer Interrogatory No. 6 when it pleases, once it is satisfied with Plaintiffs' answers to later-served discovery. Rather, it must comply with Rule 26(d)(3)—a Rule it ignores—which prohibits a party from requiring answers to new discovery before answering pending requests. Natera must answer now, based on its present understanding and the facts it had in mind when asserting its affirmative defenses and arguments to the Court suggesting counsel's involvement.

Natera also overstates Plaintiffs' Motion ("Mot."). Plaintiffs do not presently claim Natera waived privilege by relying on advice or involvement of counsel—just that Natera has put that question in play. If Natera will invoke blessings of counsel in its defense, related facts must be developed through party discussions. Disputes about waiver may arise and ripen from there. For now, Natera needs to answer the critical threshold question of Interrogatory No. 6, so that the necessary delineation of the related facts and issues can proceed without further delay.

***Interrogatory No. 6 Is Not a Contention Interrogatory.*** Natera argues that Interrogatory No. 6 is a contention interrogatory, such that no answer was required within Rule 33's deadline. Opp. at 1, 6-7. Natera is wrong. Interrogatory No. 6 asks Natera simply: (1) whether it "will rely on any legal advice, opinions, or Communications from counsel in defending this Action" with respect to any of its defenses, and (2) to the extent the answer is "Yes," to identify the instances of attorney involvement it has in mind. PX 1[1] at 6-7.[2] Consistent with its limited language, the purpose of the interrogatory is not to elicit all of the contentions and facts underpinning Natera's defenses; it is to ascertain whether (and to what extent) an important ***potential*** issue requires development while time remains for the parties to discuss and address it fairly in fact discovery.

In contrast, a contention interrogatory "asks a party to state what it contends, state whether it makes a specified contention, state all the facts upon which it bases a contention, take a position and explain or defend the position concerning how the law applies to facts, or state the legal or theoretical basis for a contention." *InternetAd Sys., LLC v. ESPN, Inc.*, 2004 WL 5181346, at *2 (N.D. Tex. Oct. 8, 2004) (Opp. at 7). Interrogatory No. 6 does none of this. Natera's argument that it asks Natera to "marshal and enumerate 'all' factual evidence" concerning its arguments or defenses overstates the actual language and limitations of the interrogatory. Opp. at 6-7. Indeed, Natera's cited authorities illustrate the critical features of a contention interrogatory, which

---

[1]    "PX" refers to Exhibits to the Hoey Declaration (Dkt. 227-1). "Opp." refers to Natera's Opposition (Dkt. 231).

[2]    The full text of the second clause states: "If Your response is not an unequivocal and unqualified statement that You will not rely on any legal advice, opinions, or Communications from counsel in defending this Action (including, for example, a response that You do not presently intend to rely on any legal advice, opinions, or Communications from counsel in defending this Action), then Identify all such legal advice, opinions, or Communications from counsel that You received concerning the events at issue in this Action, including: (i) the date such advice, opinion, or Communication was received; (ii) the individual(s) providing such advice, opinion, or Communication and their affiliation; (iii) the substance of the advice, opinion, or Communication received; and (iv) any Documents which reflect or refer to any such advice, opinion, or Communication." *Id.*

Interrogatory No. 6 lacks. *See* Opp. at 7-8 (citing, e.g., *Stanton 4433 Owners Ass'n v. State Farm Lloyds*, 2022 WL 17752218, at *3 (W.D. Tex. Sept. 6, 2022) (contention interrogatory asked party to "state the factual bases for" "legal assertion" about policy); *Trident Mgmt. Grp., LLC v. GLF Constr. Corp.*, 2017 WL 3011144, at *3 (E.D. La. July 14, 2017) (contention interrogatory sought "factual basis" for defenses and "all" related documents); *Gardner v. Huott*, 2015 WL 12733406, at *5 (W.D. Tex. Apr. 22, 2015) ("[s]tate your contention . . . and the general facts upon which you base" it); *InternetAd Sys.*, 2004 WL 5181346, at *1 ("explain the factual basis" for defense).

Because Interrogatory No. 6 is not a contention interrogatory, Natera's trailing arguments fail. For example, Natera cannot avoid Rule 33's normal timing requirements on that misplaced basis, or shift a burden onto Plaintiffs to justify why Interrogatory No. 6 must be answered now. *See* Opp. at 8 (citing *Trident*, 2017 WL 3011144, at *3 (requiring proponent to justify why response was needed to "early contention interrogatories").

Nor can Natera hold an answer hostage until a time of its choosing ("before depositions" but after it gets answers to its later-served interrogatories). Opp. at 4-5, 8-9. Natera tellingly ignores Plaintiffs' argument that **Rule 26(d)(3) expressly prohibits** this unfair tactic, which would inevitably spawn more disputes and delay (*see* Mot. at 1-2, 7). Natera's proffered authorities are readily distinguishable, not only because there is no contention interrogatory at issue here, but also because Plaintiffs' claims are nothing like the undifferentiated or generic claims those cases involved. *See* Opp. at 5 (citing *Thompson v. U.S.*, 2023 WL 12148013, at *3 (C.D. Ill. Dec. 19, 2023) (response to IRS contention interrogatory not required until IRS identified "provision, rule, or regulation" it claimed was violated); *Royal Park Invs. SA/NA v. HSBC Bank USA Nat'l Ass'n*, 2016 WL 11891678, at *1 (S.D.N.Y. Nov. 17, 2016) (holding defendant could defer interrogatory answer where plaintiff pled only "[g]eneric allegations" of misconduct)). Indeed, the Court has

3

already found Plaintiffs' Exchange Act and SEC Rule 10b-5 claims sufficiently particularized to satisfy the stringent pleading standards of Rule 9(b) and the PSLRA. *See* Dkt. 104 at 9-10, 31.[3]

***Interrogatory No. 6 Seeks Relevant Information About Natera's Defenses and Arguments That Natera Knows.*** Natera's claim that it does "not yet have sufficient information" to answer Interrogatory No. 6 (Opp. at 5-6), is incompatible with Rule 11's requirement that its affirmative defenses have a good-faith, factual basis. *See* Mot. at 7-8; *Microsoft Corp. v. Green Point Partners, Inc.*, 2011 WL 13237570, at *2 (W.D. Tex. Nov. 23, 2011) (defendant must have "some plausible, factual basis for" affirmative defense). Thus, it cannot claim ignorance, but must answer as to its affirmative defenses and arguments to the Court implicating counsel's involvement, now.[4] *See* Mot. at 6-7; *Stanton*, 2022 WL 17752218, at *3 (cited Opp. at 7) ("a responding party must nevertheless disclose that information which is clearly contemplated by the request or well within the proper scope"). "The mere fact that there may be additional information in the future is no reason to refuse provision of the information possessed in the present." *Janvey v. Greenberg Traurig, LLP*, 2019 WL 13175533, at *6 n.3 (N.D. Tex. Feb. 12, 2019) (citation omitted).

Similarly faulty is Natera's argument that it need not answer Interrogatory No. 6 unless it explicitly asserts a formal "advice of counsel" defense. Opp. at 4-6, 8-9. Natera's obligation to respond is not so limited. *See* PX 1 at 6-7. A party can implicitly invoke reliance on the involvement of counsel without using the magic words "advice of counsel." *See* Mot. at 7-9; *In re*

---

[3]    Further, Natera did not timely object to Interrogatory No. 6 as a contention interrogatory. *See* PX 2 at 10-11; *contra* Opp. at 5 n.3. That objection is thus waived. *See* Mot. at 5 n.3.

[4]    Natera's premature attempt to litigate factual and legal issues concerning executives' knowledge of concealed misconduct (e.g., Opp. at 6) has no bearing on whether it must answer Interrogatory No. 6 now. In any event, its claims cannot be squared with information in the case, including in Natera's privilege log, which indicates management awareness of internal reviews into the relationship with MGML as early as December 2020. *See, e.g.*, PX 6 at Nos. 2139-41, 2143.

*Anadarko Petrol. Corp. Sec. Litig.*, 2023 WL 2733401, at \*4 (S.D. Tex. Mar. 31, 2023) (party "put[s] a matter in issue such that a waiver of privilege may occur" where it "defends itself by relying upon an investigation" conducted by counsel).

Interrogatory No. 6 properly seeks to identify whether Natera intends to rely for its defense on purported facts regarding counsel communications or involvement in the underlying events—regardless of whether it formally asserts an advice of counsel defense—as its affirmative defenses and repeated arguments about the SEC and Special Committee investigations strongly imply.[5] To be clear, however, Plaintiffs do not currently claim Natera has waived privilege, or seek an order to that effect. That issue is not yet factually developed, let alone ripe. *Contra* Opp. at 1, 9. Interrogatory No. 6 simply asks the threshold question, in order to identify whether there is any such issue that bears development. It is a first step, asking Natera to declare whether its defenses will rely on the involvement of lawyers (and if so, to identify "who/what/when" information about the instances to allow the parties to parameterize the issue). A dispute about waiver triggered by Natera's reliance on counsel's involvement will only, possibly, come at a later step, if Natera's answer (and/or further back-and-forth by the parties) supports it. *See* Mot. at 7-8. Natera must first answer Interrogatory No. 6 to allow any issue to be identified and developed, as appropriate.[6]

Plaintiffs respectfully submit that the Motion should be granted.

---

[5] Accordingly, Interrogatory No. 6 does not seek information about "[u]nasserted" defenses, rendering Natera's authorities inapposite. Opp. at 4-5.

[6] Thus, *In re Schlumberger Technology Corp.*, 818 F. App'x 304 (5th Cir. 2020) (cited Opp. at 9-10), is inapposite, as it concerned whether defendants actually waived privilege. Notably, *Schlumberger* reflects that determining whether a good faith defense triggers waiver turns on fact-intensive inquiries into the extent and nature of lawyer communications, reinforcing why Natera must answer now. *Edwards v. KB Home*, 2015 WL 4430998 (S.D. Tex. July 18, 2015) does not conflict with *Schlumberger*. Opp. at 10 n.7. The Fifth Circuit explicitly recognized that the *Edwards* defendant affirmatively relied on legal advice. *See Schlumberger*, 818 F. App'x at 308.

Dated: March 19, 2026

Respectfully submitted,

**NIX PATTERSON, LLP**

/s/ Cody Hill
Cody Hill (Bar No. 24095836)
Jeffrey J. Angelovich (Bar No. 00786988)
Jessica Underwood (Bar No. 24093291)
8701 Bee Cave Road
Building 1, Suite 500
Austin, TX 78746
Tel: (512) 328-5333
Fax: (512) 328-5335
codyhill@nixlaw.com
jangelovich@nixlaw.com
junderwood@nixlaw.com

*Liaison Class Counsel*

**KESSLER TOPAZ
MELTZER & CHECK, LLP**
Gregory M. Castaldo (admitted *pro hac vice*)
Joshua E. D'Ancona (admitted *pro hac vice*)
Evan R. Hoey (admitted *pro hac vice*)
Vanessa M. Milan (admitted *pro hac vice*)
280 King of Prussia Road
Radnor, PA 19087
Tel: (610) 667-7706
Fax: (610) 667-7056
gcastaldo@ktmc.com
jdancona@ktmc.com
ehoey@ktmc.com
vmilan@ktmc.com

*Counsel for Lead Plaintiff and Class
Representative British Airways Pension Trustees
Limited and Class Counsel*

**BERNSTEIN LITOWITZ BERGER &
GROSSMANN LLP**
Salvatore J. Graziano (admitted *pro hac vice*)

6

James A. Harrod (admitted *pro hac vice*)
Matthew S. Goldstein (admitted *pro hac vice*)
1251 Avenue of the Americas, 44th Floor
New York, NY 10020
Tel: (212) 554-1400
Fax: (212) 554-1444
salvatore@blbglaw.com
jim.harrod@blbglaw.com
matthew.goldstein@blbglaw.com

*Counsel for Additional Plaintiff and Class
Representative Key West Police & Fire Pension
Fund and Class Counsel*

7

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 19, 2026, I caused a true and correct copy of the foregoing to be filed electronically with the Clerk of the Court using the ECF system. Notice of this filing will be sent to counsel of record by operation of the Court's electronic filing system.

Dated: March 19, 2026

*/s/ Cody Hill*
Cody Hill

8