**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **BRITISH AIRWAYS PENSION TRUSTEES LIMITED and KEY WEST POLICE & FIRE PENSION FUND, individually, and on behalf of all others similarly situated,** | § § § § § § | |
| ***Plaintiffs*,** | § | |
| **v.** | § | **Case No. 1:22-cv-00398-DAE** |
| | § | |
| **NATERA, INC., et al.,** | § § | |
| ***Defendants*.** | § | |

**DECLARATION OF THOMAS ARTAKI IN SUPPORT OF DEFENDANT NATERA, INC.'S OPPOSED MOTION TO COMPEL LEAD PLAINTIFF TO ANSWER INTERROGATORIES**

# DECLARATION OF THOMAS ARTAKI

I, Thomas Artaki, declare as follows:

1. I am an attorney at the law firm of Katten Muchin Rosenman LLP, counsel for Defendants Natera, Inc. ("Natera"), Steve Chapman, Michael Brophy, Matthew Rabinowitz, Roy Baynes, Monica Bertagnolli, Roelof F. Botha, Rowan Chapman, Todd Cozzens, James I. Healy, Gail Marcus, Herm Rosenman, and Jonathan Sheena (collectively, the "Natera Defendants") in the above-captioned action. I respectfully make this declaration in support of Defendant Natera, Inc.'s Motion to Compel Lead Plaintiff to Answer Interrogatories (the "Motion").

2. I submit this declaration to put before the Court true and correct copies of certain documents that are cited in the Motion and to describe the Parties' meet and confer efforts.

3. Attached hereto as **Exhibit 1** is a true and correct copy of the short seller report titled "Natera: Pioneers in Deceptive Medical Billing," published by Hindenburg Research LLC on March 9, 2022, and updated on March 11, 2022, as downloaded from https://hindenburgresearch.com/natera/.

4. Attached hereto as **Exhibit 2** is a true and correct copy of Natera, Inc.'s First Set of Interrogatories to Lead Plaintiff British Airways Pension Trustees Limited, dated February 10, 2026.

5. Attached hereto as **Exhibit 3** is a true and correct copy of Lead Plaintiff British Airways Pension Trustees Limited's Objections and Responses to Natera, Inc.'s First Set of Interrogatories, dated March 12, 2026 (the "Interrogatories").

6. Attached hereto as **Exhibit 4** is a true and correct copy of Lead Plaintiff British Airways Pension Trusteed Limited's Amended Objections and Responses to Natera, Inc.'s First Set of Interrogatories, dated April 23, 2026.

7. Attached hereto as **Exhibit 5** is a true and correct copy of an email chain including an email, dated April 1, 2026, from Vanessa Milan of Kessler Topaz Meltzer & Check, LLP to counsel for Natera.

8. Attached hereto as **Exhibit 6** is a true and correct copy of an email chain including an email, dated April 28, 2026, from Vanessa Milan of Kessler Topaz Meltzer & Check, LLP to counsel for Natera.

9. Attached hereto as **Exhibit 7** is a true and correct copy of an email, dated April 7, 2026, from Aubrie Kent of Kessler Topaz Meltzer & Check, LLP to counsel for Natera.

10. Attached hereto as **Exhibit 8** is a true and correct copy of the LinkedIn profile of Kara M. McVey, retrieved on May 9, 2026, which states that she is a "Seasoned Expert Witness in Healthcare Billing, Coding and Claim Submission."

11. As of May 11, 2026, the Natera Defendants have reviewed over 1,100,000 documents pursuant to the parties' agreed-upon search parameters and have produced 202,182 documents.

12. The parties met and conferred via Zoom on March 25, 2026 regarding Lead Plaintiff British Airways Pension Trustees Limited's ("Plaintiff") Objections and Responses to Natera, Inc.'s First Set of Interrogatories. *See* Ex. 3. During the meet and confer, counsel for Defendants indicated that Natera would file a motion to compel in the event Plaintiff continued to refuse to provide substantive responses to the Interrogatories.

13. On April 23, 2026, Plaintiff served Amended Objections and Responses to the Interrogatories. While Plaintiff provided amended responses to some of the Interrogatories, it did not provide substantive responses to Interrogatory Nos. 7 and 10. *See* Ex. 4.

14. On April 24, 2026, counsel for Natera advised counsel for Plaintiff that, in light of Plaintiff's continued refusal to provide substantive interrogatory responses, Natera would file a motion to compel. *See* Ex. 6 at 3-4. In response, on April 28, counsel for Plaintiff insisted that the parties were required to again meet and confer as to Plaintiff's amended responses. *See* Ex. 6 at 1. Although counsel for Natera disagreed that a second meet and confer was necessary, they proposed to Plaintiff's counsel, during a separate meet-and-confer held on Tuesday, May 5 concerning the parties' Joint Advisory to the Court relating to Plaintiffs' motion to compel on their Interrogatory No. 6 (the "Joint Advisory," Dkt 238), that the parties convene the requested meet and confer later that week. Specifically, counsel for Natera proposed that the parties do so as part of a follow-on conference on the Joint Advisory that the parties had scheduled for Thursday, May 7.

15. On May 7, 2026, counsel for Plaintiffs indicated by email that it would not be available to meet and confer as to Plaintiff's amended interrogatory responses that day or for the rest of the week. *See* Dkt. 238, App. B, Ex. D at 1-2.

16. On May 7, 2026, during the follow-on conference on the Joint Advisory, counsel for Plaintiffs indicated that, at the upcoming May 12 hearing on Plaintiffs' pending motion to compel as to their Interrogatory No. 6, they would ask the Court to order Defendants to elect, by June 15, 2026, whether they will rely upon advice of counsel as a defense in this case. *See* Dkt. 238, App. A. In response, counsel for Defendants stated that this request was not properly before the Court because it had not previously been raised or briefed by the parties.

17. In addition, during the May 7, 2026 conference, counsel for Defendants asked whether Plaintiffs are advancing claims premised on Natera's alleged violation of the anti-kickback laws. Notwithstanding that Natera's Interrogatory No. 7 asks whether Plaintiff contends

that Natera's alleged practices "violated any law [or] statute (including but not limited to the Anti-Kickback Statute)" (*see* Ex. 2 at 6), counsel for Plaintiffs would not say whether Plaintiffs are advancing such claim, and stated that Defendants should instead serve an interrogatory seeking that information.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 11, 2026 in New York, New York.

Thomas Artaki