**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | |
|---|---|
| BRITISH AIRWAYS PENSION TRUSTEES LIMITED and KEY WEST POLICE & FIRE PENSION FUND, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>NATERA, INC., et al.,<br><br>Defendants. | Case No. 1:22-cv-00398-DAE |

**PLAINTIFFS' OPPOSED MOTION TO AMEND THE SCHEDULING ORDER TO SET A DEADLINE FOR DEFENDANTS TO INVOKE OR DISCLAIM RELIANCE ON COUNSEL**

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ........ 1
II. RELEVANT FACTUAL BACKGROUND ........ 2
III. LEGAL STANDARD ........ 4
IV. ARGUMENT ........ 4
V. CONCLUSION ........ 9

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Allergan, Inc. Sec. Litig.*,
No. 14-cv-02004 (C.D. Cal.) ....................5, 6, 8

*In re Buspirone Patent Litig.*,
210 F.R.D. 43 (S.D.N.Y. 2002) ....................6, 8

*In re Dexilant Antitrust Litig.*,
No. 25-cv-02785 (N.D. Cal.) ....................6

*FTC v. Think All Pub., L.L.C.*,
2008 WL 687455 (E.D. Tex. Mar. 11, 2008) ....................9

*Fellowes, Inc. v. Aurora Corp. of Am.*,
2009 WL 1097063 (N.D. Ill. Apr. 1, 2009) ....................5

*In re HealthSouth Corp. Sec. Litig.*,
No. 2:03-cv-01500 (N.D. Ala.) ....................5, 6, 8

*Iron Workers Dist. Council of New Eng. Health & Welfare Fund v. Teva Pharm. Indus., Ltd.*,
No. 23-cv-11131 (D. Mass.) .................... 6

*Meaux Surface Protection, Inc. v. Fogleman*,
607 F.3d 161 (5th Cir. 2010) ....................4

*Okla. Firefighters Pension and Ret. Sys. v. Musk*,
807 F. Supp. 3d 255 (S.D.N.Y. 2025)....................5, 6, 7, 9

*Squyres v. Heico Co., LLC*,
782 F.3d 224 (5th Cir. 2015) ....................4

*United States v. Medicor Assocs., Inc.*,
2014 WL 12588331 (W.D. Pa. June 16, 2014), *R&R adopted sub nom. United States ex rel. Emanuele v. Medicor Assocs., Inc.*, 2014 WL 12587074 (W.D. Pa. July 25, 2014)....................6

*In re Valeant Pharms. Int'l, Inc. Sec. Litig.*,
2021 WL 5105774 (D.N.J. Nov. 3, 2021) ....................6, 7

*In re Worldcom, Inc. Sec. Litig.*,
2004 WL 936320 (S.D.N.Y. May 3, 2004) ....................5

**Other Authorities**

Fed. R. Civ. P. 16(b)(4)....................................................................................................................4

Class Representatives British Airways Pension Trustees Limited ("BAPTL") and Key West Police & Fire Pension Fund (collectively, "Plaintiffs"), move to pursuant to Federal Rule of Civil Procedure ("Rule") 16(b)(4) and Local Civil Rule CV-7 for an order modifying the Second Revised Scheduling Order ("Scheduling Order," Dkt. 224) to add an August 14, 2026 deadline for Defendants[1] to declare whether they will or will not reference advice, opinions, or communications from counsel in defending this action, with a negative response barring Defendants from relying on any aspect of their attorneys' legal advice, opinions, or communications at summary judgment and trial.

Plaintiffs certify that the parties met and conferred in an effort to resolve the present dispute but were unable to do so.

## I. INTRODUCTION

District courts routinely set deadlines for defendants in securities fraud class actions and other complex civil cases to make a binding decision on whether they will rely on lawyer advice, opinions, or communications as part of their defense. Those deadlines are set early enough to allow plaintiffs to conduct fair and necessary discovery into the underlying facts before the end of the fact discovery period.

There is good cause to order Defendants to make a binding decision on whether their defense will include references to attorney advice by August 14, 2026—over two and a half years after their Answer that asserted to Plaintiffs and the Court that they are not liable in this action because they acted in good faith and in reasonable reliance on the "opinions, reports, and statements" of others. A deadline is necessary for the orderly progression of this complex case, not

[1] "Defendants" refers collectively to Natera, Inc., Steve Chapman, Michael Brophy, Matthew Rabinowitz, Roy Baynes, Monica Bertagnolli, Roelof F. Botha, Rowan Chapman, Todd Cozzens, James I. Healy, Gail Marcus, Herm Rosenman, and Jonathan Sheena.

only because of implications of their asserted defenses, but also because of evidence that Defendants retained and relied on counsel on issues central to the case during the Class Period. The proposed date is balanced; it provides ample time for Defendants to make a considered decision, while allowing Plaintiffs to conduct the requisite discovery if Defendants do not disclaim reliance on counsel's communications or purported "blessing," during the fact discovery period set by the Court.

Plaintiffs request that the Court amend the Scheduling Order to add an August 14, 2026 binding election deadline.

## II. RELEVANT FACTUAL BACKGROUND

In November 2025, Plaintiffs served an interrogatory (Interrogatory No. 6) asking Defendants to state whether they would rely on opinions, communications, or involvement of counsel as part of their defense in this case and, if the answer was "Yes," to identify the relevant instances. After Defendants refused to answer, Plaintiffs moved to compel a response on February 19, 2026, and the Court set a hearing for May 12. *See* Dkts. 227, 234. On May 7, 2026, during the pre-hearing conference process, Defendants finally answered and stated they were not presently asserting reliance on counsel as a defense, but reserved the right to "amend, modify or supplement" their response later. *See* Dkt. 238 at App'x A (citing Ex. A thereto at 2, 11). After receiving Defendants' noncommittal answer, Plaintiffs asked Defendants to agree to provide a binding response by June 15, 2026, with a negative answer barring them from referencing counsel's involvement at summary judgment and trial, but Defendants refused. *See id.* In the parties' May 8 pre-hearing submission, this late-developing issue and request for a June 15 declaration deadline was presented to the Court. At the May 12 hearing, after hearing the parties, the Court declined to order Defendants to provide a binding response, in part because that relief had not been adequately raised in the briefing on Plaintiffs' February 19 motion to compel (*see* Dkt. 241; May 12 Hr'g Tr.

at 37:15-38:7) but stated that Plaintiffs could move to amend the case schedule to add such a deadline. *See* May 12 Hr'g Tr. at 29:6-9 (Court noting "there is nothing stopping Plaintiff[s] from filing a motion of their own to amend the Scheduling Order to impose some sort of deadline like what they're now asking for"); at 32:11-15 (Court stating: "the relief that Plaintiffs want either can come in the form of some agreed solution that you guys talk about afterwards or they move to amend the Scheduling Order to impose a deadline that's not currently in there").

Following the May 12 hearing, Plaintiffs sought Defendants' agreement to amend the schedule to add a binding election date. *See* Ex. 1 at 9-10.[2] Defendants stated that they would only agree to a binding election date if Plaintiffs first provided a plethora of detailed information regarding Plaintiffs' strategy and intended manner of proof, including, for each deceptive practice at issue in the case: "specific names" of who engaged in, witnessed, and was deceived by the practice; every date on which the practice occurred; when and how each Individual Defendant learned of the practice; and "how [the practice] is actionable." *Id.* at 2-5 (Defendants' June 3 email).[3] Defendants' demand ignored that BAPTL already described the core aspects of Plaintiffs' securities fraud claims and confirmed that various facts and practices formed a basis of them. Ex. 2 (excerpting the substantive portions of BAPTL's responses to six interrogatories). Given Defendants' position, the parties were unable to agree on a binding election date (*see* Ex. 1 at 1-2), prompting Plaintiffs to file this motion.

---

[2] References to "Ex. __" are to the exhibits attached to the accompanying Declaration of Evan R. Hoey. Unless otherwise stated, all emphasis is added and internal citations and quotation marks are omitted.

[3] The information Defendants stated they must receive before they would agree to a binding election deadline shifted during the parties' conferral; most recently they stated they first wanted Plaintiffs to identify "which specific laws were violated, when, and who knew." Ex. 1 at 1. But, as explained in BAPTL's opposition to Natera's pending motion to compel, Plaintiffs need not prove violations of any laws other than Section 10(b), Rule 10b-5, and Section 11 of the federal securities laws. Dkt. 244 at 7-8. Accordingly, the facts Defendants are requesting afford no basis for them to delay making a binding decision on whether they will rely on lawyer involvement in their defense.

## III. LEGAL STANDARD

A scheduling order may be modified for good cause, with the judge's consent. Fed. R. Civ. P. 16(b)(4). In the Fifth Circuit, courts consider four factors when determining if good cause exists to modify a scheduling order under Rule 16(b)(4): "(1) the explanation for the failure to timely [comply with the scheduling order]; (2) the importance of the [modification]; (3) potential prejudice in allowing the [modification]; and (4) the availability of a continuance to cure such prejudice." *Squyres v. Heico Co., LLC*, 782 F.3d 224, 237 (5th Cir. 2015) (alterations in original). "Because of the importance of the pre-trial order in achieving efficacy and expeditiousness upon trial in the district court," district courts have broad "discretion in creating, enforcing, and modifying such orders." *Meaux Surface Protection, Inc. v. Fogleman*, 607 F.3d 161, 167 (5th Cir. 2010).

## IV. ARGUMENT

Good cause exists to amend the Scheduling Order to include an August 14, 2026 deadline for Defendants to declare whether they will rely on lawyer involvement as part of their defense, with a negative answer barring them from referencing counsel's involvement at summary judgment and trial. Adding the deadline is important for orderly discovery and case management, and to prevent delay and unfair prejudice to Plaintiffs from a belated assertion of reliance on counsel. There is no prejudice to Defendants from adding a deadline: the proposed deadline is more than eight months from Plaintiffs' original request for an answer on this issue, giving them copious time to consider their decision, and Defendants have sufficient information about Plaintiffs' case and theory to allow them to provide a binding answer.[4]

[4] The other two factors are inapplicable: Plaintiffs have complied with the scheduling order in all regards, and a continuance has no bearing on this issue.

"[A] district court has the authority to set and enforce" a deadline by which a defendant must make a binding decision on whether it will rely on lawyer advice, communications, or involvement as part of its defense. *In re Allergan, Inc. Sec. Litig.*, No. 14-cv-02004 (C.D. Cal.), Dkt. 219 at 8 (collecting cases). Such deadlines are used "as a case-management tool in cases where the advice of counsel has been implicated as a possible component of the defense." *Id.* This is because a defendant's decision about whether it will rely on legal advice or communications with lawyers in its defense has "significant implications" for discovery, including impacting a plaintiff's "discovery requests, select[ion of] who to depose, and determin[ation of] the scope of deposition questioning." *Id.* at 6, 9.

Consistent with these principles, to allow plaintiffs sufficient time for related discovery, courts routinely set deadlines for defendants to make an "explicit[] and unambiguous[]," *In re Worldcom, Inc. Sec. Litig.*, 2004 WL 936320, at *1 (S.D.N.Y. May 3, 2004), declaration on whether they will rely on lawyer involvement as part of their defense a reasonable time before the end of fact discovery. *See Okla. Firefighters Pension and Ret. Sys. v. Musk*, 807 F. Supp. 3d 255, 259 (S.D.N.Y. 2025) ("[A] party must disclose during the discovery period whether it intends to rely on factual assertions or corresponding defenses that would require a waiver of the attorney-client privilege."); *Allergan*, No. 14-cv-02004, Dkt. 219 at 8, 10-11 (setting election deadline 90 days before fact discovery cutoff); *Fellowes, Inc. v. Aurora Corp. of Am.*, 2009 WL 1097063, at *4 (N.D. Ill. Apr. 1, 2009) (defendants "must make this disclosure-and produce any relevant opinion letters-no later than four months before the close of fact discovery to allow [p]laintiff adequate time to conduct any related discovery"); *In re HealthSouth Corp. Sec. Litig.*, No. 2:03-cv-01500, (N.D. Ala.), Dkt. 973 at 2-3 (setting deadline for defendant to declare "in writing, clearly and unambiguously" whether it was asserting advice-of-counsel defense five and a half months

before close of discovery); *In re Buspirone Patent Litig.*, 210 F.R.D. 43, 54-55 (S.D.N.Y. 2002) (requiring defendant to "clearly elect" whether it would rely on advice of counsel defense at least four months before fact discovery cutoff to provide sufficient "time to allow for such discovery").[5]

Courts also hold that a party that does not assert reliance on counsel by the deadline is precluded from later introducing evidence of legal advice or lawyer involvement. *See, e.g.*, *Musk*, 807 F. Supp. 3d at 262-63 (defendants "precluded from offering argument or evidence" they acted in good faith based on consultation with counsel after disclaiming reliance on defense); *In re Valeant Pharms. Int'l, Inc. Sec. Litig.*, 2021 WL 5105774, at *5, 7 (D.N.J. Nov. 3, 2021) (party that fails to "make clear definitive statements" about "reli[ance] upon communications from counsel" as part of defense during discovery must "face consequences," including "preclusion of such a defense"); *United States v. Medicor Assocs., Inc.*, 2014 WL 12588331 (W.D. Pa. June 16, 2014) (ordering defendant to declare if it would rely on advice of counsel, with negative answer "preclud[ing it] from introducing evidence or relying on any claim or defense of advice of counsel at trial"), *R.&R. adopted sub nom. United States ex rel. Emanuele v. Medicor Assocs., Inc.*, 2014 WL 12587074, at *6 (W.D. Pa. July 25, 2014); *HealthSouth*, No. 2:03-cv-01500, Dkt. 973 at 2-3 (defendant must decide "whether it wishes to invoke the defense and proceed with discovery of its consultations with Pillsbury Winthrop, or forego the advice-of counsel defense").

A binding deadline is necessary here because "advice of counsel has been implicated as a possible component of the defense." *Allergan*, No. 14-cv-02004, Dkt. 219 at 8. [redacted] Ex. 3 at -718. During Natera's next-day investor call in response to the Hindenburg report, Defendant

[5] *See also, e.g.*, *Iron Workers Dist. Council of New Eng. Health & Welfare Fund v. Teva Pharm. Indus., Ltd.*, No. 23-cv-11131 (D. Mass.), Dkt. 72 (seven months before fact cutoff); *In re Dexilant Antitrust Litig.*, No. 25-cv-02785 (N.D. Cal.), Dkt. 183 (five months).

Chapman stated: "I am confident from our discussions with experienced healthcare counsel that the Hindenburg report is a gross mischaracterization of" HHS-OIG anti-kickback guidance on using prior authorization companies, and added: "we believe that the prior authorization services furnished by MGML were structured in a manner to comply with these requirements." Dkt. 238 at App'x A. And, as noted, Defendants' affirmative defenses include "good faith" and that they "reasonably relied" on information, opinions, reports, and statements of others. Dkt. 227 at 3; Dkt. 113 at 78-79.

In light of these facts, and to allow for orderly and fair discovery, Defendants should be required to declare whether they will be pointing to the involvement of lawyers to defend this case. Absent a deadline reasonably before the close of fact discovery, Defendants could inject legal advice or the purported blessing of counsel into the litigation at any time—including during depositions, at summary judgment, or immediately prior to trial—severely prejudicing Plaintiffs by depriving them of sufficient time to test the assertion and, if necessary, litigate the scope of Defendants' reliance (and corresponding waiver of privilege). *See Musk*, 807 F. Supp. 3d at 261 ("It would be unfair for a party who has asserted facts that place privileged communications at issue to deprive the opposing party of the means to test those factual assertions through discovery of those communications."); *Valeant*, 2021 WL 5105774, at *10 ("fundamentally unfair" and "prejudicial to [p]laintiffs" "to indefinitely defer claiming an advice of counsel defense" because plaintiffs will "have been unable to explore the veracity of this assertion"). To cure that prejudice, fact discovery would have to be extended (or re-opened) to allow Plaintiffs to conduct significant additional discovery, including re-deposing witnesses, obtaining additional documents and written discovery, further challenging Defendants' privilege log, and likely subpoenaing and deposing additional witnesses. That would upend the case schedule and delay the resolution of this case.

A deadline of August 14, 2026, approximately two and a half months before the fact discovery cutoff, is reasonable and in line with or later than the deadlines set by other courts. *See Allergan*, No. 14-cv-02004 (C.D. Cal.), Dkt. 219 at 6, 8-10 ("good cause" to add binding declaration date after deadline to amend pleadings passed and three months before fact discovery cutoff); *see also* pp. 5-6, *supra* (citing, e.g., *Fellowes*, 2009 WL 1097063, at *4 (requiring election four months before the close of fact discovery); *HealthSouth*, No. 2:03-cv-01500, Dkt. 973 at 2-3 (five and a half months); *Buspirone*, 210 F.R.D. at 54-55 (at least four months)). Plaintiffs' requested August 14 deadline is after the current July 30 deadline to amend the pleadings, eliminating any concern that an amended pleading filed after Defendants' binding election would prejudice Defendants. *See Allergan*, No. 14-cv-02004 (C.D. Cal.), Dkt. 219 at 8, 11.

Defendants will not be prejudiced by an August 14 deadline to state whether the involvement of counsel will be a component of their defense. The proposed deadline is more than two and a half years after Defendants asserted affirmative defenses of good faith and reliance on opinions of others, and more than eight months after Plaintiffs served an Interrogatory seeking this information. That is more than sufficient time for Defendants to make a reasoned, strategic decision. Nor is there any merit to Defendants' argument that they are entitled to more information about Plaintiffs' claims before they can be required to make a binding election on whether they will rely on attorney involvement. Plaintiffs pled their claims with the requisite particularly to clear the high bars of the PSLRA and Federal Rule of Civil Procedure 9(b). *See* Dkt. 104 at 10, 31; Dkt. 177 at 11-12, 22 (Plaintiffs satisfied the "'who, what, when, where, and how' required under Rule 9(b) in our securities fraud jurisprudence and under the PSLRA"). BAPTL also responded to six Defense interrogatories in which it confirmed facts and practices that formed a basis of Plaintiffs' claims, and further described the core aspects of those claims. *See* Ex. 2 (excerpting the substantive

portions of BAPTL's responses to these interrogatories); *see also* Dkt. 242 at 2. Defendants have more than sufficient information about the nature of Plaintiffs' claims to know whether lawyers were involved in advising them on these issues, and whether they will point to facts indicating such involvement in defending this case. *See Musk*, 807 F. Supp. 3d at 259 ("[d]efendants have all the information they need to make an informed decision as to whether they will assert any advice of counsel or good faith defense" where "[d]ocument discovery is underway, and depositions are expected to happen soon").

The Court should reject Defendants' position that the binding deadline should be delayed until after Plaintiffs respond to Defendants' "all facts" contention interrogatory.[6] Parties typically do not need to respond to "all facts" contention interrogatories until the close of discovery because it is illogical to require disclosure of facts on which a party's claims are based before a party has reviewed produced documents or taken depositions. *See* Dkt. 244 at 3-5. In contrast, it is not just logical, but necessary, to set a binding deadline to assert a reliance on counsel communications or involvement months before the close of fact discovery so that Plaintiffs can take any resulting discovery ***during*** fact discovery.

## V. CONCLUSION

For the foregoing reasons, the Court should grant Plaintiffs' Motion to amend the scheduling order.

---

[6] Exactly what information Defendants are seeking is unclear and has been a moving target. Defendants may be entitled to some additional information at the close of discovery, but they are never entitled to Plaintiffs' counsels' mental impressions, conclusions, opinions, or legal theories. *See FTC v. Think All Pub., L.L.C.*, 2008 WL 687455, at *3 (E.D. Tex. Mar. 11, 2008) (counsel's "mental impressions, conclusions, opinions, or legal theories" "may not be the target of discovery" and responding party need not provide such information in response to contention interrogatory because it is protected work product) (citing *Nguyen v. Excel Corp.*, 197 F.3d 200, 210 (5th Cir. 1999) and Fed. R. Civ. P. 26(b)(3)).

Dated: June 12, 2026

Respectfully submitted,

**NIX PATTERSON, LLP**

/s/ Cody Hill
Cody Hill (Bar No. 24095836)
Jeffrey J. Angelovich (Bar No. 00786988)
Jessica Underwood (Bar No. 24093291)
8701 Bee Cave Road
Building 1, Suite 500
Austin, TX 78746
Tel: (512) 328-5333
Fax: (512) 328-5335
codyhill@nixlaw.com
jangelovich@nixlaw.com
junderwood@nixlaw.com

*Liaison Class Counsel*

**KESSLER TOPAZ**
**MELTZER & CHECK, LLP**
Joshua E. D'Ancona (admitted *pro hac vice*)
Daniel A. Friedman (admitted *pro hac vice*)
Evan R. Hoey (admitted *pro hac vice*)
Vanessa M. Milan (admitted *pro hac vice*)
280 King of Prussia Road
Radnor, PA 19087
Tel: (610) 667-7706
Fax: (610) 667-7056
jdancona@ktmc.com
dfriedman@ktmc.com
ehoey@ktmc.com
vmilan@ktmc.com

*Counsel for Lead Plaintiff and Class Representative British Airways Pension Trustees Limited and Class Counsel*

**BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP**
Salvatore J. Graziano (admitted *pro hac vice*)

James A. Harrod (admitted *pro hac vice*)
Matthew S. Goldstein (admitted *pro hac vice*)
1251 Avenue of the Americas, 44th Floor
New York, NY 10020
Tel: (212) 554-1400
Fax: (212) 554-1444
salvatore@blbglaw.com
jim.harrod@blbglaw.com
matthew.goldstein@blbglaw.com

*Counsel for Additional Plaintiff and Class Representative Key West Police & Fire Pension Fund and Class Counsel*

**CERTIFICATE OF CONFERENCE**

The undersigned hereby certifies that counsel for Plaintiffs telephonically met and conferred in good faith with counsel for Defendants on May 26, 2026 and June 4, 2026, and also exchanged related correspondence in an effort to resolve the dispute without court intervention. The parties were unable to reach resolution on the matters raised in this motion.

Dated: June 12, 2026

*/s/ Evan R. Hoey*
Evan R. Hoey

**CERTIFICATE OF SERVICE**

I hereby certify that on June 12, 2026, I caused a true and correct copy of the foregoing to be filed electronically with the Clerk of the Court using the ECF system. Notice of this filing will be sent to counsel of record by operation of the Court's electronic filing system.

Dated: June 12, 2026

*/s/ Cody Hill*
Cody Hill