# EXHIBIT 1

**From:** Artaki, Thomas <thomas.artaki@katten.com>
**Sent:** Monday, June 8, 2026 11:08 AM
**To:** Evan Hoey; Josh D'Ancona; Costley, Christina L.; Vanyo, Bruce G.; Huffman, Ted; Yong, Paul S.; McCusker, Patrick J
**Cc:** Daniel Friedman; Vanessa Milan; Aubrie Kent; Mary R. Swift; Cody Hill (codyhill@nixlaw.com) (codyhill@nixlaw.com)
**Subject:** RE: BAPTL, et al., v. Natera Inc., et al., No. 1:2022-cv-00398-DAE - Depositions

***External E-Mail***

Counsel:

We write in response to your proposed modification to the scheduling order. While we do not inherently oppose setting a deadline by which a party has to state whether it intends to raise advice of counsel as a defense, or to language stating the party will be bound by that election absent a showing of good cause, our position remains that it is premature to set such a deadline until Plaintiff has at least provided full, complete, and binding answers to the portions of Defendant's Interrogatory No. 7 that relate to advice of counsel (*i.e.*, which specific laws were violated, when, and who knew).

Thanks,
Tom

**Thomas Artaki**
Associate
**Katten**
Katten Muchin Rosenman LLP
50 Rockefeller Plaza | New York, NY 10020-1605
direct +1.212.940.6606
thomas.artaki@katten.com | katten.com
Bio | vCard

**From:** Evan Hoey <EHoey@ktmc.com>
**Sent:** Thursday, June 4, 2026 6:47 PM
**To:** Artaki, Thomas <thomas.artaki@katten.com>; Josh D'Ancona <jdancona@ktmc.com>; Costley, Christina L. <christina.costley@katten.com>; Vanyo, Bruce G. <bruce@katten.com>; Huffman, Ted <ted.huffman@katten.com>; Yong, Paul S. <paul.yong@katten.com>; McCusker, Patrick J <patrick.mccusker@katten.com>
**Cc:** Daniel Friedman <dfriedman@ktmc.com>; Vanessa Milan <VMilan@ktmc.com>; Aubrie Kent <akent@ktmc.com>; Mary R. Swift <mswift@ktmc.com>; Cody Hill (codyhill@nixlaw.com) (codyhill@nixlaw.com) <codyhill@nixlaw.com>
**Subject:** RE: BAPTL, et al., v. Natera Inc., et al., No. 1:2022-cv-00398-DAE - Depositions

*EXTERNAL EMAIL – EXERCISE CAUTION*

Counsel,

We write to follow up on our meet and confer this afternoon. Consistent with the Court's guidance from the May 12 hearing, Plaintiffs sought to confer on whether the parties could reach a compromise related to Plaintiffs' intent to request a deadline by which Defendants must make a binding declaration on whether they will rely on opinions, communications, or involvement of counsel as part of their defense, and Defendants' Interrogatory 7. We appreciate whatever efforts Defendants have made during this process, but as explained during today's call, we cannot accept your proposal (below), and it reflects that there is no realistic possibility that the parties will be able to reach an agreement on the points involved. Rather than offering a reasonable compromise, Defendants' proposal significantly *expanded* the information sought by Interrogatory 7 to include Plaintiffs' entire order of proof—information that is protected work product that Defendants are never entitled to receive, let alone in the middle of discovery before any depositions have occurred. Plaintiffs maintain their position that Defendants already have more than sufficient information regarding Plaintiffs' claims to determine whether Defendants will rely on counsel in their defense. Plaintiffs will continue to develop the proofs of their claims through the rest of discovery, consistent with its purpose.

As Judge Howell noted in the May 12 hearing, Plaintiffs' request for a binding declaration date and Natera's Interrogatory 7 concerns can be addressed in separate motions. Accordingly, we will await the Court's ruling on Natera's pending motion to compel. In the meantime, as stated during today's call, Plaintiffs intend to move the Court next week to add to the case schedule an August 14, 2026 deadline for Defendants to make a binding declaration on whether they will rely on the involvement of counsel in their defense. As explained, that date accounts for Defendants' prior argument that such deadline should follow the deadline to amend the pleadings. During the call, you stated that you do not have an inherent problem with Plaintiffs' proposed date but likely oppose any binding declaration deadline being untethered to an answer to Natera's Interrogatory 7. You agreed to let us know by mid-day on Monday, June 8, whether Defendants will join, oppose, or take no position on Plaintiffs' forthcoming request to amend the case schedule, but noted that you will likely oppose. Absent further response by Monday at Noon Eastern, we will designate the motion as opposed.

Finally, we note that in their emails below, Defendants have mischaracterized Plaintiffs' positions or attempts to explore whether a reasonable global compromise might be possible. We will not go through them all here, but note, for example, that BAPTL has not "requested" to provide a response to Natera's Interrogatory No. 7 in "two stages."

Best,
Evan

---

**From:** Artaki, Thomas <thomas.artaki@katten.com>
**Sent:** Wednesday, June 3, 2026 6:04 PM
**To:** Evan Hoey <EHoey@ktmc.com>; Josh D'Ancona <jdancona@ktmc.com>; Costley, Christina L. <christina.costley@katten.com>; Vanyo, Bruce G. <bruce@katten.com>; Huffman, Ted <ted.huffman@katten.com>; Yong, Paul S. <paul.yong@katten.com>; McCusker, Patrick J <patrick.mccusker@katten.com>
**Cc:** Daniel Friedman <dfriedman@ktmc.com>; Vanessa Milan <VMilan@ktmc.com>; Aubrie Kent <akent@ktmc.com>; Mary R. Swift <mswift@ktmc.com>; Cody Hill (codyhill@nixlaw.com) (codyhill@nixlaw.com) <codyhill@nixlaw.com>
**Subject:** RE: BAPTL, et al., v. Natera Inc., et al., No. 1:2022-cv-00398-DAE - Depositions

***External E-Mail***

---

Counsel:
As promised, we have considered Plaintiff's request to provide its response to Natera's Interrogatory No. 7 in two stages. Although we continue to believe that the law supports an "all facts" response to our interrogatory at this time, in an attempt to resolve this dispute without intervention by the Court, we have prepared a chart that identifies the most critical information that we would need to receive within the next 2-3 weeks (before responding to Plaintiffs' Interrogatory No. 6), while reserving the right to seek further answers later in discovery.

Please note that the first column quotes Plaintiff's responses to our interrogatories and is not intended to be an admission by Defendants that any of the conduct listed is deceptive or in any way improper. If Plaintiffs' claims are based on other conduct, beyond those listed, we would ask that Plaintiffs list that conduct in additional rows below.

| **All allegedly improper or deceptive practices at issue** | **Who Was Involved?** (specific names) | | | **Dates on which the Practice Occurred** | **Which Individual Defendants Knew, How Did they Find Out, and When?** | **Underlying Statute, Law, or Industry Guidance Violated and When** | **How is it Actionable Under 10(b)** (include total amount of revenue affected) | **How is it Actionable Under Section 11** | **Specific lines and pages in Hindenburg disclosing practice** |
|---|---|---|---|---|---|---|---|---|---|
| | Who did it | Who witnessed or otherwise knew | Who was deceived | | | | | | |
| "Natera maintained an inappropriate, inadequately disclosed relationship with MGML" | | | | | | | | | |
| "unbundling" - utilizing multiple CPT codes in connection with the claims and billing process for a single Panorama test" | | | | | | | | | |
| "double billing" - "seeking substantially duplicative payments from patients and insurance payors for the same Panorama test" | | | | | | | | | |
| Price Transparency Program ("PTP") -- allowing patients "who elected self-pay and paid within a particular time frame . . . to pay a | | | | | | | | | |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| preset cash price for Panorama." | | | | | | | | | |
| PTP - allowing "patients with copays Natera estimated to be higher than the [PTP] price to pay a preset cash price for Panorama" | | | | | | | | | |
| PTP - allowing patients "whose copay for the Panorama tests may not have been as expensive or may have been covered by their insurance had they opted out of the additional microdeletion screen" to pay a preset cash price. | | | | | | | | | |
| Resolving "complaints about surprise high bills . . . by offering to bill a lower price to patients in exchange for a cash payment, even after the patients' insurers were billed for the same Panorama test" | | | | | | | | | |
| "submission of prior authorizations after a test was run" | | | | | | | | | |
| "submission of claims for Panorama screens that were | | | | | | | | | |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| medically unnecessary” | | | | | | | | | |
| “submission of . . . claims without supporting medical documentation” | | | | | | | | | |
| “failure to collect on or zero-balancing patients’ cost-sharing payments like copays and deductibles” | | | | | | | | | |
| Panorama requisition form “automatically opted patients in to expensive microdeletion testing without regard for medical necessity” | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |

Thanks,
Tom

**Thomas Artaki**
Associate

**Katten**
Katten Muchin Rosenman LLP
50 Rockefeller Plaza | New York, NY 10020-1605
direct +1.212.940.6606
thomas.artaki@katten.com | katten.com
Bio | vCard

---

**From:** Evan Hoey <EHoey@ktmc.com>
**Sent:** Tuesday, June 2, 2026 12:22 PM
**To:** Artaki, Thomas <thomas.artaki@katten.com>; Josh D'Ancona <jdancona@ktmc.com>; Costley, Christina L. <christina.costley@katten.com>; Vanyo, Bruce G. <bruce@katten.com>; Huffman, Ted <ted.huffman@katten.com>; Yong, Paul S. <paul.yong@katten.com>; McCusker, Patrick J <patrick.mccusker@katten.com>
**Cc:** Daniel Friedman <dfriedman@ktmc.com>; Vanessa Milan <VMilan@ktmc.com>; Aubrie Kent <akent@ktmc.com>; Mary R. Swift <mswift@ktmc.com>; Cody Hill (codyhill@nixlaw.com) (codyhill@nixlaw.com) <codyhill@nixlaw.com>
**Subject:** RE: BAPTL, et al., v. Natera Inc., et al., No. 1:2022-cv-00398-DAE - Depositions

*EXTERNAL EMAIL – EXERCISE CAUTION*
Thanks, Tom. We're available on Thursday at 3pm ET. We'll send a dial in.

Thanks,
Evan

---

**From:** Artaki, Thomas <thomas.artaki@katten.com>
**Sent:** Friday, May 29, 2026 5:39 PM
**To:** Josh D'Ancona <jdancona@ktmc.com>; Costley, Christina L. <christina.costley@katten.com>; Vanyo, Bruce G. <bruce@katten.com>; Huffman, Ted <ted.huffman@katten.com>; Yong, Paul S. <paul.yong@katten.com>; McCusker, Patrick J <patrick.mccusker@katten.com>
**Cc:** Daniel Friedman <dfriedman@ktmc.com>; Evan Hoey <EHoey@ktmc.com>; Vanessa Milan <VMilan@ktmc.com>; Aubrie Kent <akent@ktmc.com>; Mary R. Swift <mswift@ktmc.com>; Cody Hill (codyhill@nixlaw.com) (codyhill@nixlaw.com) <codyhill@nixlaw.com>
**Subject:** RE: BAPTL, et al., v. Natera Inc., et al., No. 1:2022-cv-00398-DAE - Depositions

***External E-Mail***

---

Josh,

We write regarding our meet and confer on Tuesday, May 26.

We agree that the parties should attempt to minimize the outstanding disputes before the court. To that end, we are open to discussing modifying the case schedule to include dates by which: (1) Plaintiff will make a binding response to Natera's Interrogatory No. 7; and (2) Defendants will thereafter make a binding response to Plaintiffs' Interrogatory No. 6. Prior to our next call, Natera will circulate a draft chart that identifies the specific information that Natera will need Plaintiff to provide before Defendants responding to Plaintiffs' Interrogatory No. 6. Any deal

will also have to be expressly conditioned on Plaintiff providing a definitive answer about whether it is asserting an underlying violation of the anti-kickback statute (and, if so, based on what specific conduct) and confirmation that (as you indicated during our call, and notwithstanding language to the contrary in your opposition brief) Plaintiffs will not later attempt to add allegations that Natera violated some other underlying law or statute.

We are available to meet and confer on Thursday, June 4 from noon-4:00 ET.

Thanks,
Tom

**Thomas Artaki**
Associate

**Katten**
Katten Muchin Rosenman LLP
50 Rockefeller Plaza | New York, NY 10020-1605
direct +1.212.940.6606
thomas.artaki@katten.com | katten.com
Bio | vCard

---

**From:** Josh D'Ancona <jdancona@ktmc.com>
**Sent:** Thursday, May 28, 2026 12:14 PM
**To:** Costley, Christina L. <christina.costley@katten.com>; Vanyo, Bruce G. <bruce@katten.com>; Huffman, Ted <ted.huffman@katten.com>; Yong, Paul S. <paul.yong@katten.com>; Artaki, Thomas <thomas.artaki@katten.com>; McCusker, Patrick J <patrick.mccusker@katten.com>
**Cc:** Daniel Friedman <dfriedman@ktmc.com>; Evan Hoey <EHoey@ktmc.com>; Vanessa Milan <VMilan@ktmc.com>; Aubrie Kent <akent@ktmc.com>; Mary R. Swift <mswift@ktmc.com>; Cody Hill (codyhill@nixlaw.com) (codyhill@nixlaw.com) <codyhill@nixlaw.com>
**Subject:** RE: BAPTL, et al., v. Natera Inc., et al., No. 1:2022-cv-00398-DAE - Depositions

*EXTERNAL EMAIL – EXERCISE CAUTION*
Christina et al.,
At the end of Tuesday's M&C we agreed to have a follow up call within several business days. What is your availability today, tomorrow, or early next week? Thanks.
Josh

---

**From:** Josh D'Ancona <jdancona@ktmc.com>
**Sent:** Thursday, May 21, 2026 10:31 PM
**To:** Costley, Christina L. <christina.costley@katten.com>; Vanyo, Bruce G. <bruce@katten.com>; Huffman, Ted <ted.huffman@katten.com>; Yong, Paul S. <paul.yong@katten.com>; Artaki, Thomas <thomas.artaki@katten.com>; McCusker, Patrick J <patrick.mccusker@katten.com>
**Cc:** Daniel Friedman <dfriedman@ktmc.com>; Evan Hoey <EHoey@ktmc.com>; Vanessa Milan <VMilan@ktmc.com>; Aubrie Kent <akent@ktmc.com>; Mary R. Swift <mswift@ktmc.com>; Cody Hill (codyhill@nixlaw.com) (codyhill@nixlaw.com) <codyhill@nixlaw.com>
**Subject:** RE: BAPTL, et al., v. Natera Inc., et al., No. 1:2022-cv-00398-DAE - Depositions

Thanks, let's do May 26 at 2pm pt / 5pm et. If you have any points you'd like us to consider in advance, please send. We will circulate a dial-in.

Thanks,
Josh D'Ancona

---

**From:** Costley, Christina L. <christina.costley@katten.com>
**Sent:** Thursday, May 21, 2026 4:53 PM
**To:** Josh D'Ancona <jdancona@ktmc.com>; Vanyo, Bruce G. <bruce@katten.com>; Huffman, Ted <ted.huffman@katten.com>; Yong, Paul S. <paul.yong@katten.com>; Artaki, Thomas <thomas.artaki@katten.com>; McCusker, Patrick J <patrick.mccusker@katten.com>
**Cc:** Daniel Friedman <dfriedman@ktmc.com>; Evan Hoey <EHoey@ktmc.com>; Vanessa Milan <VMilan@ktmc.com>; Aubrie Kent <akent@ktmc.com>; Mary R. Swift <mswift@ktmc.com>
**Subject:** RE: BAPTL, et al., v. Natera Inc., et al., No. 1:2022-cv-00398-DAE - Depositions

***External E-Mail***

---

Josh:

I apologize, I have been travelling. We can do May 26 from 1-4 pt or May 28 from noon-3:00 pt.

Thanks,
Christina

**Christina L. Costley**
Partner
Chair, West Coast Securities Litigation
**Katten**
Katten Muchin Rosenman LLP
2121 Avenue of the Stars, Suite 1100 | Los Angeles, CA 90067-5010
direct +1.310.788.4485
christina.costley@katten.com | katten.com
Bio | vCard

---

**From:** Josh D'Ancona <jdancona@ktmc.com>
**Sent:** Wednesday, May 20, 2026 11:14 AM
**To:** Vanyo, Bruce G. <bruce@katten.com>; Costley, Christina L. <christina.costley@katten.com>; Huffman, Ted <ted.huffman@katten.com>; Yong, Paul S. <paul.yong@katten.com>; Artaki, Thomas <thomas.artaki@katten.com>; McCusker, Patrick J <patrick.mccusker@katten.com>

**Cc:** Daniel Friedman <dfriedman@ktmc.com>; Evan Hoey <EHoey@ktmc.com>; Vanessa Milan <VMilan@ktmc.com>; Aubrie Kent <akent@ktmc.com>; Mary R. Swift <mswift@ktmc.com>
**Subject:** RE: BAPTL, et al., v. Natera Inc., et al., No. 1:2022-cv-00398-DAE - Depositions

*EXTERNAL EMAIL – EXERCISE CAUTION*
Counsel,
We are following up again on our request for a meet and confer on the scheduling issue discussed at the courthouse last week and noted below. When are you available for a call? If your side is unavailable on all of the days we requested this week, please advise of upcoming dates/times when you are available.
Thanks,
Josh

---

**From:** Josh D'Ancona
**Sent:** Tuesday, May 19, 2026 11:57 AM
**To:** 'Vanyo, Bruce G.' <bruce@katten.com>; 'Costley, Christina L.' <christina.costley@katten.com>; 'Huffman, Ted' <ted.huffman@katten.com>; 'Yong, Paul S.' <paul.yong@katten.com>; 'Artaki, Thomas' <thomas.artaki@katten.com>; 'McCusker, Patrick J' <patrick.mccusker@katten.com>
**Cc:** Daniel Friedman <dfriedman@ktmc.com>; Evan Hoey <EHoey@ktmc.com>; Vanessa Milan <VMilan@ktmc.com>; Aubrie Kent <akent@ktmc.com>; Mary R. Swift <mswift@ktmc.com>
**Subject:** RE: BAPTL, et al., v. Natera Inc., et al., No. 1:2022-cv-00398-DAE - Depositions

Hi Christina,
I'm following up on our request for a meet and confer about the schedule amendment. Please respond and let us know your availability for a call this week.

Also, given your non-response about Ms. Cobb's representation, we understand you do not represent her for purposes of discovery. If that is wrong, and you do represent her, please advise by tomorrow. We will otherwise proceed as necessary to serve her with a deposition subpoena.

Thanks,
Josh D'Ancona

---

**From:** Josh D'Ancona <jdancona@ktmc.com>
**Sent:** Friday, May 15, 2026 1:05 PM
**To:** Vanyo, Bruce G. <bruce@katten.com>; Costley, Christina L. <christina.costley@katten.com>; Huffman, Ted <ted.huffman@katten.com>; Yong, Paul S. <paul.yong@katten.com>; Artaki, Thomas <thomas.artaki@katten.com>; McCusker, Patrick J <patrick.mccusker@katten.com>
**Cc:** Daniel Friedman <dfriedman@ktmc.com>; Evan Hoey <EHoey@ktmc.com>; Vanessa Milan <VMilan@ktmc.com>; Aubrie Kent <akent@ktmc.com>; Mary R. Swift <mswift@ktmc.com>
**Subject:** RE: BAPTL, et al., v. Natera Inc., et al., No. 1:2022-cv-00398-DAE - Depositions

Christina,

It was good to see you in Austin. I hope you had an easy trip home. We wanted to follow up on two things.

First, consistent with points we raised in connection with the May 12 hearing, the colloquy with the Court at the hearing, and our brief chat in the hallway afterwards, Plaintiffs believe an amendment to the current scheduling order is appropriate. Specifically, the schedule should be modified to add a deadline by which the Natera Defendants must make a binding declaration about their reliance on opinions, communications or involvement of counsel in their defense (e.g., Natera Defendants' Affirmative Defense Nos. 13, 14, 16). *See, e.g., Okla. Firefighters Pension & Ret. Sys. v. Musk*, 807 F. Supp. 3d 255, 259 (S.D.N.Y. 2025). That deadline should be a sufficient length of time before the end of fact discovery to allow the parties to reasonably work through any discovery ramifications of the Natera Defendants' election, while not otherwise affecting the broader pre-trial schedule. *See, e.g., In re Dexilant Antitrust Litig.*, No. 25-cv-02785 (N.D. Cal.) Dkt. 183 (setting declaration date five months before end of fact discovery).

We propose a deadline of July 1. Please advise if you would join in this request or oppose—or if you propose a different deadline that you contend would provide enough time to sort out any downstream effects within the October 27 fact discovery deadline.

We request a meet and confer on this request on Tuesday, Wednesday, or Thursday of next week. Please advise of workable times on those days.

Second, please respond to the requests regarding deposition dates in the email below by next week.

Thank you,
Josh D'Ancona

---

**From:** Aubrie Kent <AKent@ktmc.com>
**Sent:** Monday, May 11, 2026 8:12 AM
**To:** Vanyo, Bruce G. <bruce@katten.com>; Costley, Christina L. <christina.costley@katten.com>; Huffman, Ted <ted.huffman@katten.com>; Yong, Paul S. <paul.yong@katten.com>; Artaki, Thomas <thomas.artaki@katten.com>; McCusker, Patrick J <patrick.mccusker@katten.com>
**Cc:** Josh D'Ancona <jdancona@ktmc.com>; Daniel Friedman <dfriedman@ktmc.com>; Evan Hoey <EHoey@ktmc.com>; Vanessa Milan <VMilan@ktmc.com>
**Subject:** BAPTL, et al., v. Natera Inc., et al., No. 1:2022-cv-00398-DAE - Depositions

Counsel,

Plaintiffs intend to depose, inter alia, the following witnesses: Laura Cobb, Matthew Rabinowitz, Michael Brophy, and Steve Chapman. Please confirm whether you represent Ms. Cobb for purposes of discovery in this matter by Friday, May 15.

With regard to timing, please supply dates for the depositions of Messrs. Rabinowitz, Brophy, and Chapman within the following dates: **October 13, 14, 15, 16, 20, 21, 22, 23, 26, 27.** Further, insofar as you represent her, please provide a date for the deposition of Ms. Cobb in the week of **June 22**.

Best,
Aubrie

KESSLERTOPAZ MELTZERCHECK LLP

**AUBRIE KENT**
ASSOCIATE
(she/her)

Kessler Topaz Meltzer & Check, LLP
280 King of Prussia Road
Radnor, PA 19087

**Direct Phone** 267-948-2504
**Mobile** 970-939-4821
**Fax** 610-667-7056
**Email** akent@ktmc.com

PRIVILEGED ATTORNEY/CLIENT, ATTORNEY WORK PRODUCT
The information in this transmittal may include privileged and confidential material and is intended for the recipient(s) listed above. If you are neither the intended recipient(s) nor a person responsible for the delivery of this transmittal to the intended recipient(s), you are hereby notified that any distribution or copying of this transmittal is prohibited. If you have received this transmittal in error, please notify the sender immediately at Kessler Topaz Meltzer & Check, LLP at (610) 667-7706 or via return e-mail.

===========================================================
CONFIDENTIALITY NOTICE:
This electronic mail message and any attached files contain information intended for the exclusive use of the individual or entity to whom it is addressed and may contain information that is proprietary, privileged, confidential and/or exempt from disclosure under applicable law. If you are not the intended recipient, you are hereby notified that any viewing, copying, disclosure or distribution of this information may be subject to legal restriction or sanction. Please notify the sender, by electronic mail or telephone, of any unintended recipients and delete the original message without making any copies.
===========================================================
NOTIFICATION: Katten Muchin Rosenman LLP is an Illinois limited liability partnership that has elected to be governed by the Illinois Uniform Partnership Act (1997).
===========================================================