# EXHIBIT 4

ROBERT C. O'BRIEN (SBN 154372)
*robrien@larsonobrienlaw.com*
555 S. Flower Street
Suite 4400
Los Angeles, CA 90071
Tel: (213) 436-4888
Fax: (213) 623-2000

**DISCOVERY MASTER**

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SOUTHERN DIVISION**

| | |
|---|---|
| IN RE ALLERGAN, INC. SECURITIES LITIGATION | Case No. 14-cv-02004-DOC (KES)<br><br>**SPECIAL MASTER ORDER NO. 2 RE PLAINTIFFS' MOTION TO MODIFY THE SCHEDULING ORDER TO SET A DEADLINE FOR DEFENDANTS TO INVOKE OR DISCLAIM AN ADVICE OF COUNSEL DEFENSE**<br><br>Discovery Master: Robert C. O'Brien |

Lead Plaintiffs in this securities class action request an order amending the Scheduling Order of the District Court to add a September 6, 2016 deadline[1] by which the Pershing Square Defendants and the Valeant Defendants (collectively "Defendants") must decide whether or not they will rely on the advice of counsel in defending this action. Defendants respond that no such deadline is necessary, claiming that they have clearly and repeatedly informed Plaintiffs that they do not intend to rely on the advice of counsel as a component of their defense to this action. I heard oral argument from all parties on August 24, 2016.[2]

## Background

This lawsuit arises out of Valeant's attempted hostile takeover of Allergan, Inc. Plaintiffs allege that, as a part of that hostile takeover attempt, the Valeant Defendants and Pershing Square Defendants formed an agreement. Plaintiffs further allege that, pursuant to this agreement, a fund controlled by the Defendants and primarily funded by the Pershing Square Defendants acquired a significant stake in Allergan in order to facilitate Valeant's takeover bid. According to Plaintiffs, this arrangement violated Section 14(e) of the Exchange Act and Rule 14e-3 promulgated thereunder. Defendants contend, among other things, that all of

---

[1] This motion was originally scheduled to be heard by Judge Carter on July 25, 2016 and Plaintiffs' briefing requested an August 7, 2016 deadline. After the motion had been briefed, but before it was decided by the Court, the Hon. James L. Smith (Ret.) and I were appointed Special Discovery Masters in this case pursuant to Fed. R. Civ. P. 53(b)(2). Subsequently, Judge Carter instructed the Special Masters to issue an order on the motion. Due to these procedural changes, this motion was not heard until August 24, 2016. In light of this, Plaintiffs sent an email to me, with a copy to counsel for all parties, indicating that they were modifying their request and are now seeking a deadline of September 6, 2016. As a result, I will treat Plaintiffs' motion as requesting a deadline by September 6, 2016.

[2] Lee Rudy of Kessler, Topaz, Meltzer & Check, LLP presented argument for the Plaintiffs; Brian Frawley of Sullivan & Cromwell LLP presented argument for Defendant Valeant; and Mark Holscher of Kirkland & Ellis LLP presented argument for Defendant Pershing Square.

the transactions at issue were legal under the Exchange Act and the applicable rules.

Regardless of the ultimate merits of the Plaintiffs' claims, there is no doubt that lawyers played a significant role in the events underlying this lawsuit. Plaintiffs allege that one of the "substantial steps" taken toward a tender offer was Valeant's retention of outside counsel in preparation for the takeover attempt. ECF No. 102 at 18. Both U.S. and Canadian counsel structured and negotiated the relationship agreement between the Valeant Defendants and the Pershing Square Defendants. Additionally, in various media interviews, Defendant Ackman has cited the role specific attorneys played in approving the structure of the parties' relationship.

In the shadow of these facts, Plaintiffs have sought to clarify whether Defendants intend to rely on the advice of counsel as a component of their defense to this action. Plaintiffs first sought an answer to this question in a letter sent to the Defendants in November 2015. Greenstein Dec'l Ex. 5. Plaintiffs' inquiry followed the Defendants' motion to dismiss, in which Valeant noted its extensive consultations with various law firms in the lead-up to the transactions at issue. *See* ECF No. 71 at 39; ECF No. 90 at 29-30. Defendants later explained, however, that they were merely paraphrasing portions of the Complaint and did not intend to rely on the advice of counsel as a basis for their motion to dismiss. Greenstein Dec'l Ex. 9 at 2.

In December 2015, Defendants filed their Answers to Plaintiffs' Amended Complaint. Both groups of Defendants asserted good faith as an affirmative defense, but did not assert advice of counsel as an affirmative defense. ECF No. 114 at 33; ECF No. 115 at 41. Plaintiffs sent another letter to the Defendants on January 12, 2016, arguing that the Defendants had waived attorney-client privilege by relying on advice of counsel as a component of their defense. Greenstein Dec'l Ex. 6. Defendants responded with two separate letters clarifying that neither the

Valeant Defendants nor the Pershing Square Defendants had waived privilege and neither group of Defendants intended to rely on the advice of counsel as part of their defense. Greenstein Dec'l Ex. 7; Ex. 9.

The parties met and conferred regarding the advice of counsel issue multiple times, including at their Rule 26(f) conference. *See* Fed. R. Civ. P. 26(f); Greenstein Dec'l Ex. 10; Ex. 11. The Rule 26(f) report submitted by the parties contained two appendices. *See* ECF No. 126. In Appendix A, the Plaintiffs requested that the court impose a deadline for the Defendants to either affirmatively state that they were relying on the advice of counsel as part of their defense or disclaim their reliance on the advice of counsel. *Id.* at 11-14. In Appendix B, the Defendants argued that no such deadline was necessary and they clearly stated that they were not relying on the advice of counsel as part of their defense at this time and did not intend to do so in the future. *Id.* at 15-16.

The Court held a Rule 16 scheduling conference on February 22, 2016. During that conference, Plaintiffs' counsel raised the issue of a deadline regarding reliance on the advice of counsel. ECF No. 132 at 29:7-39:17. The Court recognized that whether the Defendants were going to rely on the advice of their counsel as a component of their defense would impact the discovery schedule. *Id.* at 32:4-32:7. However, the Court was skeptical of Plaintiffs' request for a deadline that was prior to the class certification hearing. In fact, the Court stated that:

> In other words, how does that apply to my class certification date? I have no problem probably in the long run with advice of counsel and forcing that issue, because it does affect my discovery. It affects who gets deposed. . . . But for class certification purposes, with the date that you've requested, I don't know that I really wanna force counsel into an advice-of-counsel representation.

*Id.* at 32:4-34:12.

In response to the Court's guidance on the advice of counsel point and various other issues, the parties decided to revise their proposed fact discovery deadline—extending it to March 31, 2017—while maintaining the

class certification date in November 2016. *See Id.* at 37:19-39:6. The Court noted that moving the fact-discovery cut-off to March 31, 2017:

> "[does not] prejudice [Plaintiffs], then. [Plaintiffs] want this early advice of counsel, and I don't know that it's relevant before . . . class cert. . . . I don't know that a court wants to push, unless it's got a really strong reason for that, before class cert because [Defendants'] client is still evolving."

*Id.* at 38:7-38:13.

The Court ultimately declined to decide the issue of a deadline based on the limited briefing it had before it in the Rule 26(f) report. *Id.* at 39:8-39:14. But the Court informed Plaintiffs that they could bring a formal motion on the issue if they felt that it still needed to be addressed. *Id.*

Plaintiffs subsequently served the Defendants with interrogatories. In their interrogatories, Plaintiffs specifically asked the Defendants to explain the basis for their "good faith" affirmative defense and further asked Defendants whether they intended to assert their reliance on the advice of counsel as a component of their defense to this action. *See* Greenstein Dec'l Ex. 12 at 1-3. Defendants answered Plaintiffs' interrogatories on April 25, 2016. *See* Greenstein Dec'l Ex. 12; Ex. 13. Although Defendants' initial descriptions of the basis for their good-faith defenses did mention that the relationship agreement was structured to comply with U.S. and Canadian law,[3] but Defendants specifically stated that they did not intend to rely on advice of counsel in this action at that time. Greenstein Dec'l Ex. 12 at 1-2; Ex. 13 at 8-12.

Following some correspondence regarding Defendants' interrogatory answers, *see* Greenstein Dec'l Ex. 14; Ex. 15; Ex. 16, Plaintiffs prepared to

---

[3] The Valeant Defendants note that they later amended their answers to Plaintiffs' interrogatories in order to remove the statements that Plaintiffs contend relied on the advice of counsel. *See* Greenstein Dec'l Ex. 15 at 2-3.

file this motion. Just before Plaintiffs filed the motion, Defendants offered a compromise solution. Greenstein Dec'l Ex. 30. Defendants offered to submit to a deadline of December 31, 2016—after the class certification date, but three months before the close of fact discovery—although they reserved the right to rely on advice of counsel after December 31 if the Court approved such reliance. *Id.* Plaintiffs rejected this compromise proposal as illusory and proceeded to file the instant motion. *Id.*

**Legal Standard**

Plaintiffs have moved to amend the scheduling order. In order to succeed, Plaintiffs must show "good cause" for the amendment. Fed. R. Civ. P. 16(b)(4). The focus of the good cause inquiry is on "the moving party's reasons for seeking a modification," although prejudice to the party opposing the modification may also be considered. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). Additionally, in order to show good cause, the moving party must demonstrate that it was diligent. *Id.*

**Discussion**

It is uncontested black-letter law that a party may not rely on the advice of counsel as a component of a claim or defense while simultaneously shielding its communications with its attorneys from discovery on the basis of the attorney-client-communication privilege and work-product doctrine. *Chevron Corp. v. Pennzoil Co.*, 974 F.2d 1156, 1162-63 (9th Cir. 1992). In fact, the Defendants concede that, if they relied on the advice of counsel in defending this action, Plaintiffs would be entitled to explore the parameters of that advice through discovery of otherwise privileged communications.

Thus, Defendants' decision whether to rely on the advice of counsel as part of their defense is clearly significant to both sides. The Defendants

must decide whether to waive, to some degree, the attorney-client-communication privilege and work-product doctrine and allow discovery into otherwise privileged matters—a weighty decision, to say the least. Plaintiffs, by contrast, need to know whether Defendants intend rely on the advice of counsel in order to craft their discovery requests, select who to depose, and determine the scope of deposition questioning. Clearly, then, Defendants' decision will impact the discovery process and schedule.

Plaintiffs argue that Defendants have equivocated and hedged regarding the advice of counsel issue. Plaintiffs concede that Defendants have stated that they are not *currently* asserting an advice of counsel defense or otherwise relying on the advice of counsel. But Plaintiffs express concern that Defendants have reserved the right to rely on the advice of counsel at a later date and could assert such a defense or begin relying on advice of counsel at any time in the future.

Defendants, on the other hand, contend that they have consistently and repeatedly told Plaintiffs that they do not intend to rely on the advice of counsel while defending this action. They argue that Plaintiffs' request for a deadline is not designed to protect the discovery schedule, but rather to obtain an unfair competitive advantage by forcing Defendants to either rely on the advice of counsel, thereby waiving privilege, or abandon forever certain lines of argument. Finally, Defendants claim that they could not "spring" a defense of advice of counsel on Plaintiffs because the deadline for amending pleadings has passed and Defendants would be required to show good cause in order to assert a new affirmative defense.

In support of their position, Plaintiffs advance two primary points. First, Plaintiffs detail what they view as the Defendants' systemic reliance on the advice of counsel in defending this action. Second, Plaintiffs cite several cases in which courts have set deadlines for the defendant to

announce whether the defendant intended to rely on advice of counsel as a component of its defense. I address each in turn.

With respect to the first issue, although they do not argue that Defendants have already waived privilege by relying on the advice of counsel, Plaintiffs contend that various statements make it reasonable to infer that Defendants may continue to rely on the advice of counsel as part of their defense. Defendants counter that many of the examples provided by Plaintiffs come from other legal matters or media reports. For instance, Plaintiffs rely on deposition testimony that key witnesses in this action gave during prior litigation, a letter from Valeant to the SEC regarding the SEC's inquiry into this matter, and various media interviews given by key witnesses describing their reliance on counsel. Plaintiffs do cite certain statements from the present litigation—for instance, Defendants' statements in their motion to dismiss, Defendants' assertion of an ambiguous good-faith defense in their Answers, Defendants' responses to Plaintiffs' interrogatories regarding the basis of their good-faith defense—but Defendants argue that those statements do not amount to reliance on the advice of counsel.

More importantly, however, Plaintiffs have not asserted that Defendants are currently relying on advice of counsel in this action or that Defendants have waived privilege by doing so. Although I take Plaintiffs' point that attorneys were clearly an integral part of the underlying facts of this case and it is certainly conceivable that Defendants might rely on the advice of their counsel as a component of their defense, the question of whether Defendants have *already* relied on the advice of counsel in this case is not before me.[4]

---

[4] Nothing from this order should be construed as a statement or ruling regarding whether Defendants are currently relying on the advice of counsel or have waived any privileges in this case.

With respect to the second point, Plaintiffs cite several cases in which courts have set deadlines for the defendant to announce whether the defendant intended to rely on the advice of counsel as a component of its defense. *See In re Healthsouth Corp. Sec. Litig.*, No. 03-cv-1500-BE, (N.D. Ala. Oct. 26, 2007), ECF No. 973; *SPX Corp. v. Bartec USA, LLC*, No. 06-cv-14888 (E.D. Mich. Aug. 13, 2007), ECF No. 89; *Trilegiant Loyalty Solutions, Inc. v. Martiz, Inc.*, No. 04-cv-1500-BE, (D. Del. June 9, 2005), ECF No. 50; *In re Worldcom, Inc. Sec. Litig.*, No. 02 CIV. 3288 (DLC), 2004 WL 936320, at *1 (S.D.N.Y. May 3, 2004). It is clear from these cases that a district court has the authority to set and enforce such a deadline. It is also clear that such a deadline has been used as a case-management tool in cases where the advice of counsel has been implicated as a possible component of the defense.[5]

Defendants respond that this case is distinguishable from those Plaintiffs cite because, unlike in those cases, the Defendants in this case have specifically stated that they are not currently relying on advice of counsel as a component of their defense and they do not intend to do so in the future. Further, Defendants claim that if they changed their minds regarding relying on the advice of counsel, they would not be able to "spring" that defense on Plaintiffs. Specifically, Defendants point out that the deadline for amending pleadings has passed. *See* ECF No. 131 at 2 (setting a deadline of April 22, 2016 for filing motions to amend the pleadings). As a result, if Defendants wished to assert a formal affirmative defense of advice of counsel, they would have to move to amend the

---

[5] Indeed, in patent cases, some districts include deadlines to disclose reliance on advice of counsel in their local rules. *See, e.g.*, *Protective Optics, Inc. v. Panoptx, Inc.*, 488 F. Supp. 2d 922 (N.D. Cal. 2007).

scheduling order and show "good cause" under Rule 16(b)(6).

Defendants are correct that none of the cases cited by the Plaintiffs involve a defendant who stated on the record that it did not intend to rely on the advice of counsel as a component of its defense. But the Defendants overstate the procedural barriers to their potential future reliance on the advice of counsel. Although Defendants did not assert advice of counsel as an affirmative defense, they did plead an affirmative defense of good faith. As Plaintiffs point out, Defendants could rely on the advice of counsel as a component of their good-faith defense. If, at a later date, Defendants decide they would like to rely on the advice of counsel, it is possible that they would be able to do so by simply amending their interrogatory answers regarding the good-faith defense.[6]

Because Defendants' decision regarding relying on advice of counsel has such significant implications for the discovery schedule of this case, and because Defendants could possibly assert the defense at a later date without significant procedural difficulty, I am persuaded that some deadline is necessary and that Plaintiffs have shown "good cause" for amending the

---

[6] Even Defendants recognize that it is possible that they could, hypothetically, rely on the advice of counsel by simply amending their interrogatory answers. Citing Fed. R. Civ. P. 37(c)(1), however, Defendants assert that they would have to demonstrate that their amended answers were either "substantially justified or harmless." But Defendants read Rule 37(c)(1) too narrowly. The rule does not require a showing that the amendment is "substantially justified or harmless;" and Defendants cite no authority for that proposition. Rather, the rule requires any party that does *not* include information in its initial disclosures or interrogatory answers to show that the *failure* to disclose was "substantially justified or harmless" in order to use that information at trial. Rather than erecting a barrier to supplementing interrogatory answers, Rule 37(c)(1) actually *requires* parties to supplement their answers. Additionally, in accordance with usual practice, both groups of Defendants reserved the right to amend their interrogatory answers. *See* Greenstein Dec'l Ex. 12 at 3; Ex. 13 at 1.

scheduling order to add such a date.[7] As Defendants note, though, Plaintiffs requested a deadline that is more than six months before the close of fact discovery in this case. Significantly, especially in light of the District Court's comments on February 22, the deadline is also more than two months prior to the class-certification hearing.

While Plaintiffs may have established that a district court has the ability to impose the deadline they seek, and have also demonstrated that such a deadline would be prudent, they have not made an adequate case for imposing a deadline so far in advance of the fact discovery cut-off. Indeed, several of the cases cited by Plaintiffs support a deadline much closer to the fact discovery cut-off. *See WorldCom, Inc. Sec. Litig*, 2004 WL 936320 at *1 (setting a deadline for the defendant to decide whether or not to rely on the advice of counsel 45 days before the discovery cut-off); *SPX Corp.*, No. 06-cv-14888, ECF No. 89 (setting a deadline for the defendant to decide whether or not to rely on the advice of counsel just over a month before the discovery cut-off); *Trilegiant Loyalty Solutions, Inc.*, No. 04-cv-1500-BE, ECF No. 50 (setting a deadline for the defendant to decide whether or not to rely on the advice of counsel two and a half months before the discovery cut-off).

As a result, I am persuaded that the Defendants alternative deadline of December 31, 2016—90 days before the close of fact discovery—is

---

[7] Defendants contend that Plaintiffs cannot show good cause because Plaintiffs were not diligent in pursuing this matter. Specifically, the Pershing Square Defendants note that Plaintiffs waited for 114 days to file this motion after the February 22 scheduling conference. I acknowledge that a significant period of time passed between the February 22 scheduling conference and Plaintiffs' motion. However, given Plaintiffs' intervening efforts to further develop or resolve this issue through the use of interrogatories, I do not believe that the delay was unreasonable. As a result, Plaintiffs have been diligent in pursuing this issue and have established good cause to amend the scheduling order.

appropriate in this case.[8] Plaintiffs' only major contention against this deadline is that it is too close to January 13, 2017, when initial expert reports are due. I am sensitive to Plaintiffs' concerns regarding expert discovery. But, at the moment, Plaintiffs concern is only hypothetical. If, consistent with their current position and repeated statements, Defendants elect not to rely on the advice of counsel as a component of their defense, a December 31 deadline will not impact expert discovery. Similarly, if Defendants make their election significantly in advance of the deadline, it is possible that scheduling problems can be avoided.

If, on the other hand, Plaintiffs' worst-case scenario becomes reality and Defendants elect to rely on advice of counsel at the stroke of midnight on December 31, the deadline is still three months prior to the close of fact discovery. Thus, a December 31 deadline presents no prejudice to either party.

## CONCLUSION

For these reasons, I GRANT Plaintiffs' Motion, as MODIFIED. The Scheduling Order shall be amended to reflect that Defendants shall inform Plaintiffs and the Court, in writing, by the close of business on December 31, 2016, or 90 days before the close of fact discovery, if they intend to rely on the advice of counsel as a component of any of their defenses to this action.

---

[8] During oral argument, there was significant discussion regarding the overall state of the schedule in this case. All parties indicated that the current schedule would likely be modified in the future. If the fact discovery cut-off and/or class certification date are modified after the issuance of this order, the deadline for Defendants to decide whether or not to rely on the advice of counsel as a component of their defense should move in conjunction with those dates.

Dated: August 24, 2016

Respectfully Submitted

By: ______________________
ROBERT C. O'BRIEN
Discovery Master