# EXHIBIT 6

FILED
2007 Oct-26 AM 10:14
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | | |
|---|---|---|---|
| In re HEALTHSOUTH CORPORATION | ) | | |
| SECURITIES LITIGATION, | ) | Master File No. | CV-03-BE-1500-S |
| | ) | Consolidated Cases | CV-03-BE-1501-S |
| | ) | | CV-03-BE-1502-S |

## DISCOVERY ORDER NO. 4

During a status conference with counsel on October 16, 2007, plaintiffs raised a concern about UBS's ambiguous invocation of an advice-of-counsel defense while also asserting the attorney-client privilege against discovery. Plaintiffs pointed out that affirmative defenses 16 and 24 in UBS's answer suggest that UBS is not liable under Section 11 of the Securities Act of 1933 because it engaged in due diligence and relied upon the advice and work "of others." UBS acknowledged that it may ultimately invoke the advice-of-counsel defense, but that it has not yet done so and, accordingly, it should not be required to surrender its attorney-client privilege until it does.

Some background is helpful. Plaintiffs have alleged a claim against UBS under Section 11 of the Securities Act of 1933, asserting that UBS acted as an underwriter when it "substantially participated" in an offering of registered securities by HealthSouth on four occasions. Initially, HealthSouth offered unregistered securities to a consortium of investment banks as "initial purchasers." The law firm of Pillsbury Winthrop represented the consortium and conducted due diligence in connection with the initial purchase. The "initial purchasers" in turn sold the unregistered securities to "qualified institutional buyers." To this point, Section 11 was not implicated. Thereafter, however, HealthSouth exchanged registered securities for the unregistered

securities bought by the "qualified institutional buyers," and it is alleged that UBS "substantially participated" in the offering of these registered securities by assisting HealthSouth with the registration process before they were exchanged for the original unregistered securities.

UBS argues that this is a novel and unprecedented Section 11 theory, and one not likely to survive discovery and summary judgment because it denies having assisted HealthSouth with the exchange of securities. For that reason, UBS contends that it should not be required to choose between its attorney-client privilege with Pillsbury Winthrop and its defense of reliance on the due diligence and advice of Pillsbury Winthrop, at least until later in the discovery process when the viability of the plaintiffs' claim can be better assessed. Plaintiffs point out that the district court has twice denied motions attacking the viability of this theory, once on UBS's motion to dismiss, and most recently on UBS's motion for reconsideration. Although the court has expressed doubts about the claim and has promised to revisit the theory on summary judgment, it remains a claim now in the case and subject to discovery at this time.

The court agrees that UBS must soon decide whether to invoke the advice-of-counsel defense and waive the attorney-client privilege, or retain the privilege by forfeiting the defense. Discovery is proceeding, and the court is determined to stay on scheduled to complete discovery by April 28, 2008. While UBS's decision between the two options may be delayed for a short time, the court will not all that delay to slow down discovery to point of risking the April 28 deadline. There can be no question, and even UBS does not dispute this, that if the advice-of-counsel defense is invoked, waiver of UBS's attorney-client privilege with respect to its consultations with Pillsbury Winthrop occurs and those consultations become discoverable. Thus, in order to give UBS a reasonable opportunity to assess its options, the court will allow UBS until November 15, 2007, to determine

whether it wishes to invoke the defense and proceed with discovery of its consultations with Pillsbury Winthrop, or forego the advice-of counsel defense.

It is therefore ORDERED that by not later than November 15, 2007, UBS shall inform all counsel, in writing, clearly and unambiguously, either that it waives its attorney-client privilege with Pillsbury Winthrop (and therefore invokes the advice-of-counsel defense), or that it knowingly elects to forego an advice-of-counsel defense (and thereby preserve its attorney-client privilege with respect to Pillsbury Winthrop). In the event UBS elects to invoke the advice-of-counsel defense, discovery relevant to that defense may proceed immediately.

DONE this 25th day of October, 2007.

T. MICHAEL PUTNAM
U.S. MAGISTRATE JUDGE