**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | |
|---|---|
| BRITISH AIRWAYS PENSION TRUSTEES LIMITED and KEY WEST POLICE & FIRE PENSION FUND, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>NATERA, INC., et al.,<br><br>Defendants. | Case No. 1:22-cv-00398-DAE |

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR JUDICIAL INTERVENTION PURSUANT TO FED. R. CIV. P. 16**

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ..... 1

II. FACTUAL BACKGROUND ..... 2

A. The Amended Complaint Reflects Defendants' Alleged Misconduct ..... 2

B. This Court Previously Ruled that Potential Violations of Law Are Part of the Case ..... 3

C. The Discovery Process Has Confirmed Defendants' Alleged Misconduct ..... 3

III. ARGUMENT ..... 5

A. Plaintiffs Have Not Added New Claims or Theories Through Interrogatory Responses ..... 5

B. Evidence that Defendants' Concealed Practices Implicated Laws, Regulations, Guidance, and Natera's Insurer Contracts Is Admissible to Establish Material Falsity ..... 6

C. Rule 16 Is Not the Proper Vehicle for Defendants' Desired Relief ..... 9

IV. CONCLUSION ..... 10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Basic Inc. v. Levinson*,
485 U.S. 224 (1988)....7

*Baskett v. United States*,
2 Cl. Ct. 356 (1983)....10

*City of Omaha Police & Fire Ret. Sys. v. LHC Grp., Inc.*,
2013 WL 1100819 (W.D. La. Mar. 15, 2013)....7

*Civelli v. Mulacek*,
2025 WL 3500679 (S.D. Tex. Oct. 20, 2025)....8

*Dexia Credit Loc. v. Rogan*,
624 F. Supp. 2d 970 (N.D. Ill. 2009)....10

*Elhannon LLC v. F.A. Bartlett Tree Expert Co.*,
2018 WL 6040687 (D. Vt. Nov. 19, 2018)....8

*In re Estee Lauder Co., Inc. Sec. Litig.*,
2025 WL 965686 (S.D.N.Y. Mar. 31, 2025)....7

*Fisher v. Metro. Life Ins. Co.*,
895 F.2d 1073 (5th Cir. 1990)....6

*Foote v. Holtan*,
2025 WL 3157701 (8th Cir. 2025)....8

*Gantt v. Circle K Stores*,
2009 WL 10669196 (W.D. Tex. June 10, 2009)....5

*Gilmour v. Gates, McDonald & Co.*,
382 F.3d 1312 (11th Cir. 2004)....6

*In re Hain Celestial Grp., Inc. Sec. Litig.*,
20 F.4th 131 (2d Cir. 2021)....7

*Hanak v. DynCorp, Inc.*,
2013 WL 12384985 (W.D. Tex. June 18, 2013)....9

*Hertz v. Graham*,
23 F.R.D. 17 (S.D.N.Y. 1958)....10

*Hunter v. Elanco Animal Health Inc.*,
2026 WL 2357739 (7th Cir. Aug. 14, 2026)....7

*Katz v. Belveron Real Est. Partners, LLC*,
28 F.4th 300 (1st Cir. 2022)....6

*Mid-Continent Cas. Co. v. Subterra, Inc.*,
2008 WL 11509217 (W.D. Wash. Sept. 23, 2008)....10

*Negrete v. Allianz Life Ins. Co. of N. Am.*,
2011 WL 2909246 (C.D. Cal. July 18, 2011)....10

*New Jersey & its Div. of Inv. v. Sprint Corp.*,
758 F. Supp. 2d 1186 (D. Kan. 2010)....6

*Pac. Indem. Co. v. Broward Cnty.*,
465 F.2d 99 (5th Cir. 1972)....10

*Pisony v. Commando Constrs., Inc.*,
2020 WL 4934463 (W.D. Tex. Aug. 24, 2020)....5

*Rosi v. Aclaris Therapeutics, Inc.*
2021 WL 1177505....7

*Russell v. Walmart Inc.*,
2023 WL 2628699 (C.D. Cal. Jan. 12, 2023)....10

*Sedona Corp. v. Ladenburg Thalmann*,
2005 WL 2647945 (S.D.N.Y. Oct. 14, 2005)....6

*Torch Liquidating Tr. ex rel. Bridge Assocs. L.L.C. v. Stockstill*,
561 F.3d 377 (5th Cir. 2009)....6

*U.S. v. Ramos*,
537 F.3d 439 (5th Cir. 2008)....8

*U.S. v. Thomas*,
294 F. App'x 124 (5th Cir. 2008)....8

*Wade v. Home Depot USA, Inc.*,
2016 WL 247583 (W.D. La. Jan. 19, 2016)....8

*Yellow Bayou Plantation, Inc. v. Shell Chem., Inc.*,
491 F.2d 1239 (5th Cir. 1974)....8

*Zamora v. GC Servs., LP*,
2017 WL 1861843 (W.D. Tex. Feb. 17, 2017)....6

**Other Authorities**

Fed. R. Civ. P. 16 ........ 9-10

Fed. R. Civ. P. 26(c)(1) ........ 10

Fed. R. Evid. 403 ........ 7

Fed. R. Evid. 404(b) ........ 8

Pattern Civ. Jury Instr. 5th Cir. § 7.1 (2024) ........ 6

## I. INTRODUCTION

As facts emerge in discovery confirming Plaintiffs' claims, and having declared, following a deadline imposed by the Magistrate Judge, that they will not rely on advice of counsel as a component of their defense, Defendants seek a lifeline from this Court. Though styled as a Rule 16 motion for a case management conference, Defendants' irregular motion ("Mot.") asks to exclude evidence; to prevent discovery into conduct underlying Plaintiffs' claims; and to effectively revisit this Court's prior order denying Defendants' motion to dismiss and sustaining Plaintiffs' claims about Natera's Panorama test. Defendants' current request to constrict Plaintiffs' claims and how they may be developed and proved is untethered to applicable law and procedural rules. It should be rejected.

*First*, the conduct and issues that Defendants argue entail "new theories" advanced "to reinvent" Plaintiffs' case (Mot. 1-2) have been part of Plaintiffs' claims since the pleading stage. Plaintiffs responded to contention interrogatories by providing further detail regarding the factual aspects of their sustained claims and the conduct they involve. This exercise was a standard part of fact discovery, not a revision of the sustained claims, and required no amended pleading.

*Next*, it has been plain from the start of this case that Defendants' concealed misconduct implicated the basic legal regime applicable to a clinical laboratory. Discovery has confirmed both the alleged conduct and that Natera ignored the legal perils its conduct risked. Such evidence is relevant and admissible to show why Defendants' practices were material and improper, but black-letter law establishes that Plaintiffs need not prove violations of these implicated laws to establish falsity under Section 10(b). All they need to prove is that Defendants' fraudulent misrepresentations concealed this improper, risky conduct that fed Natera's revenues and inflated its stock price.

*Finally*, the Motion is a flawed and improper vehicle for any relief. To the extent it is a motion in limine, it is premature, and Defendants do not come close to showing they are entitled to exclusion of any evidence under FRE 403. To the extent it is a motion for protective order under Rule 26, it makes no good cause showing to curtail any discovery. The Motion should be denied.

## II. FACTUAL BACKGROUND

### A. The Amended Complaint Reflects Defendants' Alleged Misconduct

As Defendants concede, Mot. at 7, the Amended Complaint ("AC") alleges that their material undisclosed deceptive practices "implicated potential anti-kickback law violations," AC ¶136, and were in "direct contravention" of U.S. Department of Health and Human Services, Office of Inspector General ("OIG") guidance "aimed at curbing kickbacks and other improper practices in medical billing." AC ¶¶13, 136-141.

The AC—including the Hindenburg Report (Friedman Decl., Ex. 1, the "H.R."), which the AC alleges disclosed facts about MGML and Natera's related business practices, and which Defendants have asserted to this Court is "central to the allegations in the Complaint," is "incorporated by reference in the Complaint" (Dkt. 80 at 5), and is the "premise[]" of Plaintiffs' claims (Mot. 2)—also alleges that the very practices Defendants now claim are new were aspects of Natera and MGML's misconduct. *See, e.g.*, AC ¶¶13, 123-24, 135 (prior authorizations submitted without regard for medical necessity); ¶¶13-14, 134, 149 (microdeletions padded Natera's revenue); ¶¶142-43, 172-76 (discussing H.R.); Ex. 1 at 24-28 ("Unbundl[ing]," and "Double Billing," "Aided" by MGML); 33-37 (describing billing practices of offering patients an upfront cash pay option even after the test was performed, and of effectively discounting co-payments and deductibles).

### B. This Court Previously Ruled that Potential Violations of Law Are Part of the Case

Defendants' motion to dismiss argued that Plaintiffs could not prove falsity without proving that Natera's misconduct violated anti-kickback laws and OIG guidance. *See* Dkt. 78 ("MTD") at 16. Plaintiffs countered that "they need not prove that Natera violated anti-kickback laws." Dkt. 83 (MTD Opp.) at 15 n.11. The Court upheld Plaintiffs' falsity claims predicated on deceptive business practices "such as the inappropriate submission of prior authorizations by MGML" that had inflated Panorama revenues. Dkt. 104 at 24.

When Defendants attempted "a second bite at the apple" by arguing that Plaintiffs had alleged that Panorama was inflated by "illegal practices" in a Rule 12(c) motion, the Court explicitly affirmed its MTD ruling, noting Plaintiffs' allegations regarding "***potential*** anti-kickback laws" violations. Dkt. 177 at 18-19 (emphasis added). Defendants acknowledge this prior ruling. Mot. 7 ("This Court allowed the case to proceed based on allegations that use of MGML 'contravened' or '***implicated***' OIG guidance.") (emphasis added).

### C. The Discovery Process Has Confirmed Defendants' Alleged Misconduct

Discovery has confirmed the deceptive practices as alleged in the AC, including:

- [redacted] (Ex. 2 239:6-18; 263:16-264:8; 265:20-24);
- [redacted] (*id.* 198:21-24; 238:23-239:5);
- [redacted] (*id.* 253:19-22; 258:3-259:1; 265:2-8);
- [redacted] (*id.* 264:19-265:1); and
- [redacted] (Ex. 3 65:2-66:1).

Discovery has also shown that Defendants' deceptive conduct, as alleged in the AC, implicated the AKS, OIG guidance, and other laws, including the federal health care fraud statute

(18 U.S.C. § 1347), and the False Claims Act. For example, Natera's [redacted] contravened OIG guidance. *See* Ex. 4 at 5-6. In addition, [redacted] Exs. 5-6.

Demanding more details about the deceptive conduct at issue before determining whether to rely on counsel as part of their defense, Defendants served interrogatories asking whether Plaintiffs' claims were based on certain of Natera's deceptive practices "as alleged in the Hindenburg Report." *See* Ex. 7 at 7.[1] Plaintiffs' responses confirmed that the practices Defendants identified (and which Defendants now characterize as new), among others, were part of the claims. Defendants then moved to require Plaintiffs to detail any "underlying law, statute, or industry standard each [identified] practice violated" and the link to Plaintiffs' securities fraud claims in a chart that Defendants designed. Dkt. 250 at 2. Pursuant to Magistrate Judge Howell's order, Plaintiffs complied on July 13, 2026. *See* Ex. 8.[2]

On July 28, 2026, Magistrate Judge Howell ordered Defendants to invoke or disclaim reliance on counsel as part of their defense. *See* Dkt. 265. He found that Defendants "know enough" about Plaintiffs' claims, *see* Tr. of July 28, 2026 Hr'g at 3-5, 31, Dkt. 277, after reviewing Plaintiffs' chart and evidence reflecting [redacted]

---

[1] *See* Ex. 7 (Plaintiffs' Amended Rog Responses) at Responses 1-6 (identifying Natera's alleged practices of, e.g., "unbundling" (Response 1), "double billing" (Response 3), billing patients via "Price Transparency Program" (Response 4), and offering "discounted" or "lower" cash payment rates "after patients' insurers were billed for the same . . . test" (Response 5)). Plaintiffs also confirmed that Natera's "submission of prior authorizations and insurance claims without supporting medical documentation" and failing to collect on "copays and deductibles" were part of their claims. *Id.* (Response 6).

[2] Exhibit A to the Motion purports to be an "abridged" version of Plaintiffs' completed chart but omits important information and context. The Court should instead review the complete version, attached as Defendants' Exhibit B.

[redacted]

[redacted], *see id.* at 10-11, and Ex. 9 at -722-724. Two weeks later, Defendants disavowed any defense based on advice, opinions, or communications with counsel.

## III. ARGUMENT

### A. Plaintiffs Have Not Added New Claims or Theories Through Interrogatory Responses

Plaintiffs have not added new claims or theories. Plaintiffs' claims center on Natera's use of MGML and its Panorama requisition form, which inflated and created misimpressions regarding Panorama revenues and demand. Defendants concealed deceptive business practices that substantially increased Natera's regulatory and legal risk and jeopardized its Panorama revenues. What Defendants decry as "new" claims are not new. All the practices that Defendants complain of are referenced in the AC, the H.R., or both, as demonstrated in the chart attached hereto as Exhibit 10. *See also* Factual Background, *supra*.

Defendants' argument conflates theories with facts. The details listed in the interrogatory responses are not new theories, but rather ***facts*** supporting Plaintiffs' claims. Defendants' apparent position that Plaintiffs may not develop and use facts and examples beyond those specifically enumerated in the AC finds no support in the law; indeed, that would render the entire discovery process moot. *Pisony v. Commando Constrs., Inc.*, 2020 WL 4934463, at *1 (W.D. Tex. Aug. 24, 2020) ("[D]iscovery is intended to develop details so that legal theories become more concrete as the litigation progresses.") (citation omitted).[3]

Plaintiffs' decision not to amend the AC was not a gambit to evade the PSLRA or to add claims while depriving Defendants of a chance to move to dismiss. Plaintiffs did not amend

[3] *See also Gantt v. Circle K Stores*, 2009 WL 10669196, at *2 (W.D. Tex. June 10, 2009) ("The purpose of discovery is to permit the parties . . . to develop fully and crystallize concise factual issues for trial.") (alteration in original) (citation modified).

because they have not added, changed, or narrowed their claims or the conduct on which they are based. Plaintiffs' detailed answers to Defendants' contention interrogatories did not alter Plaintiffs' claims; they fleshed out the nature and risks of Defendants' underlying misconduct based on facts developed in discovery.[4] The only claims in this case remain the "Panorama-related claims under Section 10(b) of the Exchange Act[,] 17 CFR § 240.10b-5[,] and . . . Section 20(a) and 20A of the Exchange Act" that were pled in the AC. Dkt. 104 at 31.

### B. Evidence that Defendants' Concealed Practices Implicated Laws, Regulations, Guidance, and Natera's Insurer Contracts Is Admissible to Establish Material Falsity

Evidence that Defendants' deceptive conduct potentially violated the AKS, OIG guidance, the federal health care fraud statute, the False Claims Act, and Natera's payor contracts, shows why Defendants' practices were material and problematic and is thus central to Plaintiffs' case. This conduct exposed Natera to increased risk of regulatory or prosecutorial action, and risk that insurers would refuse to pay Natera for claims or terminate their contracts if they found out.[5]

Plaintiffs do not need to prove Defendants' conduct violated every element of any underlying law or regulation. Proving a violation of Section 10(b)—including its falsity element—does not depend on proving a predicate illegality. *See* Pattern Civ. Jury Instr. 5th Cir. § 7.1 (2024).

[4] Defendants' cases are inapposite. *See Katz v. Belveron Real Est. Partners, LLC*, 28 F.4th 300, 310 (1st Cir. 2022) (attempt to amend pleadings by attaching a withdrawn complaint to interrogatory responses); *Gilmour v. Gates, McDonald & Co.*, 382 F.3d 1312, 1315 (11th Cir. 2004) (in a tort action, rejecting assertion of contract claim in summary judgment brief); *Fisher v. Metro. Life Ins. Co.*, 895 F.2d 1073, 1078 (5th Cir. 1990) (rejecting assertion of contract claim in summary judgment brief where complaint alleged only fraud); *Zamora v. GC Servs., LP*, 2017 WL 1861843, at *6 (W.D. Tex. Feb. 17, 2017) (quashing subpoena related to unasserted defense); *Torch Liquidating Tr. ex rel. Bridge Assocs. L.L.C. v. Stockstill*, 561 F.3d 377, 391 (5th Cir. 2009) (rejecting proposal to amend twice-dismissed complaint ); *New Jersey & its Div. of Inv. v. Sprint Corp.*, 758 F. Supp. 2d 1186, 1207-08 (D. Kan. 2010) (rejecting amendment that turned "plaintiff's initial theory on its head"); *Sedona Corp. v. Ladenburg Thalmann*, 2005 WL 2647945, at *3-4 (S.D.N.Y. Oct. 14, 2005) (denying motion to lift discovery stay).

[5] In fact, [redacted] Ex. 11.

Accordingly, courts routinely reject arguments that proof of an underlying violation of law is needed to establish falsity under Section 10(b). *See In re Hain Celestial Grp., Inc. Sec. Litig.*, 20 F.4th 131, 137 (2d Cir. 2021) (Rule 10b-5 violation "does not depend on whether the alleged [underlying practices] themselves were fraudulent or otherwise illegal"); *Hunter v. Elanco Animal Health Inc.*, 2026 WL 2357739, at *7 (7th Cir. Aug. 14, 2026) (adopting *Hain Celestial*).

The precedent applies in cases, like this one, involving claims of concealment of improper underlying business practices that impacted revenues. *See In re Estee Lauder Co., Inc. Sec. Litig.*, 2025 WL 965686, at *3 (S.D.N.Y. Mar. 31, 2025) ("omitted sources of revenue don't need to be fraudulent or otherwise illegal for a statement to be misleading under Rule 10b-5(b)" and "degree of impropriety" of undisclosed practices "under [other] law doesn't matter for Rule 10b-5(b)"); *City of Omaha Police & Fire Ret. Sys. v. LHC Grp., Inc.*, 2013 WL 1100819, at *3 (W.D. La. Mar. 15, 2013) (statements that revenues were driven by organic growth and acquisitions actionable where revenues partly resulted from Medicare abuse).

Here, truthful disclosure regarding Natera's practices would have "significantly altered the 'total mix' of information made available" to a reasonable investor, *Basic Inc. v. Levinson*, 485 U.S. 224, 231-32 (1988) (citation omitted), whether or not the underlying conduct would be found to have been illegal. *See Rosi v. Aclaris Therapeutics, Inc.* 2021 WL 1177505, at *17 (defendants' advertising while omitting FDA position that marketing information was misleading was "materially misleading, regardless of whether the FDA's position ultimately would prevail"). This is established by the acute market reaction when the practices were in fact revealed. AC ¶172.

While Plaintiffs need not prove underlying illegality, evidence that Defendants' undisclosed conduct implicated other laws in a way that increased the risk of an investigation, regulatory action, and contract termination, is plainly admissible under FRE 403. Such evidence

is critical proof that Defendants' concealed practices were deceptive and rendered their statements about Panorama revenue materially misleading. Defendants have not met their burden to exclude it—indeed, the only assertion offered in support of their request is that evidence of the risks their conduct entailed is "incredibly prejudicial." Mot. 8. But the test for excluding evidence is not whether it is "incredibly prejudicial"; it is whether the "probative value" of relevant evidence "is substantially outweighed by a danger of . . . unfair prejudice." Fed. R. Evid. 403.[6] Defendants do not substantiate any ***unfair*** prejudice from the evidence they seek to exclude or compare any prejudice to its tremendous probative value.[7] Any concern about mentioning "potential" illegality (Dkt. 177 at 19) without requiring proof of an actual violation of law can be mitigated through a limiting instruction that Defendants are not on trial for violating any non-securities fraud statute. *See U.S. v. Thomas*, 294 F. App'x 124, 131 (5th Cir. 2008) ("limiting instructions by the trial court mitigate the possibility of unfair prejudice").[8] And a single expert familiar with the regulatory regime governing clinical laboratories will be able to opine on the issues in this case. *See* Mot. 10.

---

[6] Nor is it unfairly prejudicial to offer evidence that Defendants' conduct risked violating more than one underlying law, as well as guidance and insurer contracts. Mot. 9. By answering Defendants' interrogatories completely and specifying obligations that Defendants' conduct implicated, Plaintiffs have not expanded the case but merely stated the known regulatory landscape that bears on why Defendants' conduct was improper and their statements were materially misleading. Reference to these other laws does not bring in unrelated ***conduct***; the same underlying conduct by Defendants is at issue (and has always been at issue) regardless.

[7] Defendants have also made no showing that their pre-Class Period conduct with MGML is extrinsic, let alone inadmissible under FRE 404(b). Mot. 10 n.5.

[8] All of Defendants' cases are inapposite because they involve ***motion in limine*** decisions excluding ***unrelated*** investigated or uncharged conduct. *See Civelli v. Mulacek*, 2025 WL 3500679, at *3 (S.D. Tex. Oct. 20, 2025) (granting motion in limine to bar evidence of unrelated investigation of party in contract action); *U.S. v. Ramos,* 537 F.3d 439, 456 (5th Cir. 2008) (excluding defendant's other drug activity in criminal case); *Wade v. Home Depot USA, Inc.*, 2016 WL 247583, at *4 (W.D. La. Jan. 19, 2016) (excluding plaintiff's coworkers' testimony of unasserted discrimination claims); *Yellow Bayou Plantation, Inc. v. Shell Chem., Inc.*, 491 F.2d 1239, 1242-43 (5th Cir. 1974) (affirming exclusion of prior lawsuits list); *Elhannon LLC v. F.A. Bartlett Tree Expert Co.*, 2018 WL 6040687, at *3-4 (D. Vt. Nov. 19, 2018) (barring evidence of unrelated fraud claims); *Foote v. Holtan*, 2025 WL 3157701, at *3 (8th Cir. 2025) (affirming exclusion of evidence of other "hotly disputed" arrests).

Here, Defendants' conduct is the reason why Defendants' public statements were false, and the explanation to the jury of why this conduct was improper and material would be woefully incomplete without discussing the healthcare laws, guidance and contracts that it implicated.[9]

### C. Rule 16 Is Not the Proper Vehicle for Defendants' Desired Relief

Defendants' Motion attempts to contort Rule 16 to obtain relief that must be sought through a motion in limine and a motion for protective order. *See* Mot. 2 (seeking "a ruling that Plaintiffs may not offer evidence of, arguments suggesting, or otherwise pursue as part of this case . . . ."). Labeling their filing a "Rule 16" motion does not free Defendants of the burdens and standards applicable to movants bringing a motion to exclude evidence pursuant to FRE 403 and a motion for protective order, which they cannot meet. Defendants' premature attempt to exclude evidence and arguments rests on faulty, undeveloped arguments, and fails. *Supra* 6-9. Moreover, courts normally assess whether evidence is unfairly prejudicial as part of their gatekeeping function for jury trials. *Hanak v. DynCorp, Inc.*, 2013 WL 12384985, at *5 (W.D. Tex. June 18, 2013) ("[T]he balancing process required by Rule 403 is more appropriately reserved for trial when the Court can engage in a proper weighing of the evidence presented."). Defendants offer no reason the Court must decide ***now*** whether Plaintiffs may "offer evidence of [or] arguments suggesting" certain facts, when two months remain in fact discovery and no trial date has been set. (Mot. 2)[10] The Court should summarily reject Defendants' unsubstantiated arguments; if not, it should defer ruling on Defendants' motion until pre-trial motions in limine, when a full record exists.

---

[9] Defendants' argument that their misconduct, even if proven, somehow would not support securities fraud because Defendants' revenue has grown in the four years since the Class Period is irrelevant to the Motion and to the claims in case generally. Mot. 9.

[10] Considering the time remaining in fact discovery, Defendants' accusation that Plaintiffs are pursuing "untimely discovery" (Mot. 10) is untenable.

Defendants' request for an order that Plaintiffs may not "otherwise pursue" certain conduct, is likewise fatally underdeveloped and should be rejected. Defendants seem to suggest that Plaintiffs should not be permitted to pursue some undefined discovery they believe is impermissible, but they fail to make a showing of "good cause" establishing need for a protective order. Fed. R. Civ. P. 26(c)(1). Nor could they. As discussed above (*see* Section III(A)), each practice Defendants wish to block Plaintiffs from "pursuing" (or discovering) is centrally relevant. Defendants have not shown why discovery, intended to be broad, should be curtailed.

The cases offered by Defendants came before the court in more advanced stages of litigation and sought clearly defined relief; they do not support their position that Rule 16 is the proper vehicle for the relief Defendants seek. *Negrete v. Allianz Life Ins. Co. of N. Am*., 2011 WL 2909246, at *3, *6 (C.D. Cal. July 18, 2011) (striking summary judgment motion); *Hertz v. Graham*, 23 F.R.D. 17, 22-23 (S.D.N.Y. 1958) (pre-trial ruling that depositions of prior action admissible); *Mid-Continent Cas. Co. v. Subterra, Inc*., 2008 WL 11509217, at *1-2 (W.D. Wash. Sept. 23, 2008) (continuing trial, setting conference); *Pac. Indem. Co. v. Broward Cnty*., 465 F.2d 99, 104 (5th Cir. 1972) (plaintiff failing to prove material element at trial). Nor do they support that the Court needs to grant the requested relief now, as opposed to with a more fulsome record post-discovery. *Baskett v. United States*, 2 Cl. Ct. 356, 359 (1983) (pre-trial motion in limine); *Russell v. Walmart Inc*., 2023 WL 2628699, at *4 (C.D. Cal. Jan. 12, 2023) (same); *Dexia Credit Loc. v. Rogan*, 624 F. Supp. 2d 970, 978 (N.D. Ill. 2009) (deciding "purely legal questions that the parties have already briefed" at summary judgment stage).

## IV. CONCLUSION

Plaintiffs respectfully request that the Court deny Defendants' Motion.

Dated: August 28, 2026

Respectfully submitted,

**NIX PATTERSON, LLP**

*/s/ Jessica Underwood*
Jessica Underwood (Bar No. 24093291)
Jeffrey J. Angelovich (Bar No. 00786988)
Cody Hill (Bar No. 24095836)
8701 Bee Cave Road
Building 1, Suite 500
Austin, TX 78746
Tel: (512) 328-5333
Fax: (512) 328-5335
junderwood@nixlaw.com
jangelovich@nixlaw.com
codyhill@nixlaw.com

*Liaison Class Counsel*

**KESSLER TOPAZ MELTZER & CHECK, LLP**
Joshua E. D'Ancona (admitted *pro hac vice*)
Daniel A. Friedman (admitted *pro hac vice*)
Vanessa M. Milan (admitted *pro hac vice*)
280 King of Prussia Road
Radnor, PA 19087
Tel: (610) 667-7706
Fax: (610) 667-7056
jdancona@ktmc.com
dfriedman@ktmc.com
vmilan@ktmc.com

*Counsel for Lead Plaintiff and Class Representative British Airways Pension Trustees Limited and Class Counsel*

**BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP**
Salvatore J. Graziano (admitted *pro hac vice*)
James A. Harrod (admitted *pro hac vice*)
Matthew S. Goldstein (admitted *pro hac vice*)
1251 Avenue of the Americas, 44th Floor
New York, NY 10020
Tel: (212) 554-1400
Fax: (212) 554-1400
salvatore@blbglaw.com
jim.harrod@blbglaw.com
matthew.goldstein@blbglaw.com

*Counsel for Additional Plaintiff and Class Representative Key West Police & Fire Pension Fund and Class Counsel*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 28, 2026, I caused a true and correct copy of the foregoing to be filed electronically with the Clerk of the Court using the ECF system. Notice of this filing will be sent to counsel of record by operation of the Court's electronic filing system.

Dated: August 28, 2026

*/s/ Jessica Underwood*
Jessica Underwood